# Exhibit 12

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

## AFFIDAVIT OF DONALD E. HAVILAND, JR., IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND TO M. JOYCE HOWE

I, Donald E. Haviland, Jr., pursuant to 28 U.S.C. §1746, depose and state as follows:

1.     I am the managing partner of the Haviland Hughes, LLC, counsel for Certain Named Plaintiffs in this matter.  I am submitting this Affidavit in support of a request for reimbursement from the Track 2 Settlement Fund for my client, Ms. M. Joyce Howe, individually and on behalf of the Estate of Robert Howe.

2.     Mrs. Howe has recently moved into a nursing home and therefore I have been unable to contact her directly to retrieve a signed Declaration regarding her time spent on the Track 2 litigation and settlement.  However, my office has spoken to Mrs. Howe's daughter, Nancy, several times who has spoken to her mother about our request for reimbursement from the Track 2 settlement for her mother's time.  The facts set forth below were discussed with Mrs. Howe's daughter, who verbally agreed, on behalf of her mother, that the same are true and accurate.

3.     Ms. Howe is entitled to reimbursement from the Track 2 settlement for the hours spent by both her and her late husband, Robert Howe, in service of Medicare beneficiaries.  The below information and instant request is based on my personal knowledge and understanding of

the time spent by Mr. and Mrs. Howe assisting the class effort, as described in detail below, and I will testify in court to the same if called upon to do so.

4.      With his consent, Robert Howe, of Tacoma, Washington was offered as a Class 1 representative in the Third Amended Master Consolidated Class Action Complaint, filed in October 2005.

5.      Mr. Howe was a Medicare beneficiary, with partial supplemental insurance coverage, who paid for a portion of the cost of the physician-administered prescription medications which he received.

6.      Mr. and Mrs. Howe actively participated in this litigation from the Fall of 2005. Among other things, each of them attended a deposition in this case and answered questions about Mr. Howe's treatment and involvement as a plaintiff in this lawsuit.  Mr. Howe was deposed in November of 2005 and after his death in December of 2005, Mrs. Howe was deposed in March of 2006. (A copy of the deposition transcript is attached to this declaration).

7.       The hours expended by Mr. and Mrs. Howe in furtherance of this litigation involve their time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending a deposition, preparing for trial, and reviewing the terms of settlement with counsel.

8.      From 2005, when Mr. and Mrs. Howe first learned of the suit and retained counsel for purposes of the suit, he handled various discovery-related tasks, including identifying and locating documents for production (including prescription records and records of payment), and preparing for and attending the deposition.

9.      In addition, Mr. and Mrs. Howe had regular communications with me and other attorneys, paralegals and staff in my office, including issues related to the case, discovery, class

certification, strategy, understanding the prescription and payment records, and the progress of the case.

10.     Mrs. Howe has already received reimbursement for the time spent by her and her husband from the AstraZeneca settlement fund.  This Affidavit relates only to her time spent regarding the Track 2 settlement.

11.     Based upon our discussions with Mrs. Howe and her daughter, my recollection of the events involved, and my review of time records of the lawyers and paralegals in my firm, we can make the following reasonable and conservative estimate of the hours involved concerning Mrs. Howe's involvement regarding the Track 2 settlement:

>     a.     Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: approximately **1 hour**; and
>
>     b.     Periodic update and transmittal of records and conferences with counsel regarding progress of the case: approximately **1 hour**.

12.     Based on all of the work Mr. and Mrs. Howe did, I estimate the total time spent by them on this litigation, specific to the Track 2 settlement, to be approximately **2 hours**.

13.     I understand that the Court indicated at the final approval hearing in another settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour.  Using those figures as a guide, I calculate the requested reimbursement from the Track 2 Settlement Fund for Mrs. Howe to be **$200.00.**

14.     Because Ms. Howe no longer receives mail directly from the firm, if the Court grants the instant request for reimbursement, I will provide the check in Ms. Howe's name to her son Nancy.

This declaration is made subject to the penalties of perjury.


Dated: September 15, 2011                    _____/s/_____
                                             Donald E. Haviland, Jr.