# Exhibit 13

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Judge Patti B. Saris |

### AFFIDAVIT OF DONALD E. HAVILAND, JR., IN SUPPORT OF REQUEST FOR REIMBURSEMENT FROM THE TRACK 2 SETTLEMENT FUND TO ETHEL WALTERS

I, Donald E. Haviland, Jr., pursuant to 28 U.S.C. §1746, depose and state as follows:

1.  I am the managing partner of the Haviland Hughes, LLC, counsel for Certain Named Plaintiffs in this matter. I am submitting this Affidavit in support of a request for reimbursement from the Track 2 Settlement Fund for my client, Ms. Ethel Walters, individually and on behalf of the Estate of Hunter Walters.

2.  Despite diligent attempts spanning the past two (2) weeks, my office has been unable to contact Ms. Walters directly to discuss her reimbursement for time spent regarding the AWP litigation and Track 2 settlement, likely due to her failing health. Most recently, on July 6, 2011, my office spoke to Ms. Walters' son, Roger Walters, who informed us that his mother Ethel no longer receives mail directly from the firm. Since that time, dozens of calls have been placed to Ms. Walters (and her son) in an effort to garner the requisite Declaration in support of our request of an incentive fee to be paid in recognition of the Walters' service to Class 1 consumers in Track 2.

3.  Ms. Walters is entitled to reimbursement from the Track 2 settlement for the hours spent by both her and her late husband, Hunter G. Walters, in service of Track 2 Medicare

beneficiaries. The below information and instant request is based on my personal knowledge and understanding of the time spent by Mr. and Mrs. Walters assisting the class effort, as described in detail below, and I will testify in court to the same if called upon to do so.

4. With his consent, Hunter G. Walters, of Bandalia, Michigan was offered as a Class 1 representative in the Fourth Amended Master Consolidated Class Action Complaint, filed in March 2009.

5. Mr. Walters was a Medicare beneficiary, with no supplemental insurance coverage, who paid for a portion of the cost of the physician-administered prescription medications which he received.

6. Mr. Walters actively participated in this litigation from the Fall of 2005. Among other things, Mr. Walters attended a deposition in this case and answered questions about his treatment and involvement as a plaintiff in this lawsuit. (A copy of the deposition transcript is attached to this declaration).

7. The hours expended by Mr. and Mrs. Walters in furtherance of this litigation involve their time in identifying and producing relevant documents in response to Defendants' discovery requests, reviewing and authorizing pleadings, preparing for and attending a deposition, preparing for trial, and reviewing the terms of settlement with counsel.

8. From 2005, when Mr. Walters first learned of the suit and retained counsel for purposes of the suit, he handled various discovery-related tasks, including identifying and locating documents for production (including prescription records and records of payment), and preparing for and attending the deposition.

9. In addition, Mr. Walters had regular communications with me and other attorneys, paralegals and staff in my office, up until his death, including issues related to the case,

discovery, class certification, strategy, understanding the prescription and payment records, and the progress of the case.

10. Based upon my recollection of the events involved, my review of time records of the lawyers and paralegals in my firm, and my experience with other clients who performed similar tasks and sought and received reimbursement from the Court for such tasks, I can make the following reasonable and conservative estimate of the hours involved concerning the Walters:

   a. Document retrieval, review and authorization of initial pleadings: approximately **20 hours**;

   b. Preparation for and attendance at one (1) deposition, post-deposition conferences with counsel and review of deposition transcripts: approximately **18 hours**;

   c. Preparation for class certification, including review and assembly of documents and conferences with counsel: approximately **3 hours;**

   d. Pre-trial preparations, document retrieval and review, conferences with counsel regarding trial testimony: approximately **10 hours**;

   e. Settlement discussions with counsel, review of documents pertaining to settlement, review and authorization of documents pertaining to settlement: approximately **1 hours**; and

   f. Periodic update and transmittal of records and conferences with counsel regarding progress of the case: approximately **5 hours**.

11. Based on all of the work Mr. and Mrs. Walters did, I estimate the total time spent by them on this litigation to be approximately **57 hours**.

12. I understand that the Court indicated at the final approval hearing in another

settlement that a fair rate for reimbursement for time spent on the litigation might be $100.00 per hour. Using those figures as a guide, I calculate the requested reimbursement from the Track 2 Settlement Fund for Mrs. Walters to be **$5,700.00.**

13. Because Ms. Walters no longer receives mail directly from the firm, if the Court grants the instant request for reimbursement, I will provide the check in Ms. Walter's name to her son Roger.

This declaration is made subject to the penalties of perjury.


Dated: September 15, 2011                             _____/s/_____
                                                      Donald E. Haviland, Jr.