## SETTLEMENT AGREEMENT AND RELEASE

I. PARTIES

This Settlement Agreement and Release (this "Agreement") is entered into as of the Effective Date, as defined in ¶ III.21 below, by and among: Ven-A-Care of the Florida Keys, Inc., for its own behalf and, with respect to such *qui tam* claims as the Relator has pled on their behalf, on behalf of the United States of America (in any of the foregoing capacities, the "Relator"); Zachary T. Bentley, T. Mark Jones, Luis E. Cobo, and John Lockwood, M.D., each of the foregoing individuals, for his own behalf and in all other capacities (the preceding four parties, the "Relator's Current and Former Officers and Directors" or "Individual Plaintiffs"); the State of Florida ("Florida") (all of the foregoing parties are collectively, "Plaintiffs"); and Baxter Healthcare Corporation and Baxter International Inc. (collectively referred to as "Baxter" or "the Baxter Parties") (collectively all of the above will be referred to as the "Parties"). The United States is not a party to this Agreement; however, this Agreement is conditioned upon the United States' written consent executed in the form attached as **Exhibit 1**.

II. PREAMBLE

As a preamble to this Agreement, the Parties state as follows:

A.      Baxter Healthcare Corporation is a corporation organized under the laws of Delaware. Baxter International Inc. is a corporation organized under the laws of Delaware. Both companies are engaged in the business of manufacturing and selling medical devices, products, and biological therapies, with their principal places of business in Deerfield, Illinois.

1

B.      On or about June 23, 1995, the Relator filed a *qui tam* action in the United States District Court for the Southern District of Florida, captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, et al.,* Civil Action No. 95-1354 (S.D. Fla.), asserting claims against one or more of the Baxter Parties as to one or more of the Baxter Parties' products. That complaint was amended under seal at various times, including on December 11, 2002, in part, based on the information that the Relator allegedly supplied to the United States about one or more of the Baxter Parties' products. That complaint was further amended and the claims against Baxter were unsealed on or about May 28, 2010. The case was then transferred to the MDL 1456 where it was assigned Case No. 10-cv-11186. These claims and proceedings are referred to collectively as the "Federal Qui Tam Proceedings."

C.      On or about June 1, 1998, the Relator filed a sealed state-court action in the Circuit Court of the Second Judicial District in and for Leon County, Florida, against one or more of the Baxter Parties, captioned *State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Baxter Healthcare Corp., et al.*, Civil Action No. 98-3032. This action was later severed and assigned a Case No. 98-3032C. (these claims and proceedings are referred to as the "Florida Proceedings").

D.      The claims and proceedings referenced in clauses B and C of these recitals, including the Florida Proceedings and the Federal Qui Tam Proceedings, are collectively referred to as the "Civil Actions."

E.      In one or more of the Civil Actions, the Plaintiffs contend that during the period beginning on or before June 23, 1989, and extending until the date of execution of this Agreement by all parties, one or more of the Baxter Parties submitted, or caused to be

2

submitted, false claims to the Medicaid and Medicare Programs, and/or, among other things, (i) one or more Baxter Parties knowingly set, reported, and/or maintained, or caused to be set, reported, and/or maintained, false, fraudulent, and/or inflated prices, including, without limitation, Average of Suggested Wholesale Price to Pharmacy, Average Wholesale Price, AWP, Suggested Wholesale Price, SWP, Price to Wholesaler and/or Distributor, Direct Price to Pharmacy, Central Purchase Price to Chain (such as Warehouse Price), Institutional or Other Contract Price (Nursing Home, Home Health Care), Other Price, Suggested List Price, List Price, Wholesale Acquisition Cost, WAC, Wholesale Net Price, Direct Price, DP, Wholesale Direct Price and/or Net Direct Price, and/or other prices reported by one or more of the Baxter Parties or published by any compendia (e.g., Redbook, First Databank) (any of the foregoing, collectively "Reported Prices"), for drugs manufactured, marketed, and/or sold by or on behalf of one or more Baxter Parties (any and all drugs manufactured, marketed and/or sold by or on behalf of any Baxter Party, a), including, without limitation, Baxter Covered Drugs with Labeler Codes 00338 and 00944 and the drug Claforan marketed under Labeler Code 00039) (the "Baxter Covered Drugs"); (ii) one or more Baxter Parties knowingly set, reported, and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated Reported Prices that were higher, and sometimes substantially higher, than the prices paid by customers for one or more of the Baxter Parties for certain Baxter Covered Drugs; (iii) one or more of the Baxter Parties used an artificially inflated spread between the Reported Prices and the actual selling prices for drugs in marketing, promoting, and/or selling certain Baxter Covered Drugs to existing and potential customers; and (iv) one or more of the Baxter Parties allegedly knew that the reporting of false, fraudulent,

3

and/or inflated Reported Prices in connection with certain Baxter Covered Drugs and/or marketing those Baxter Covered Drugs based on the artificially inflated spread between the Reported Prices and the actual selling prices would cause the customers and others to submit false, fraudulent, and/or inflated claims for reimbursement to the Medicaid and Medicare Programs.

F.    For purposes of this Agreement, the conduct described in Subparagraph II.E. of this Agreement and any action, omission, or other conduct alleged in any of the Civil Actions, is hereafter referred to as the "Covered Conduct."

G.    The Plaintiffs contend that, as a result of the Covered Conduct, the Medicaid and Medicare Programs, the United States, and the State of Florida were damaged.

H.    Each of the Baxter Parties denies any and all wrongdoing, and denies that it has any liability relating to the Covered Conduct.

I.    To avoid the delay, expense, inconvenience, and uncertainty of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties wish to resolve their differences arising from the Civil Actions and the Covered Conduct, and have reached a full, fair, and final settlement, which the Parties acknowledge and agree is not punitive in purpose or effect, and which is set forth in this Agreement.

J.    This Agreement is intended to fully, finally, and forever resolve any and all claims against, and liability of, any of the Baxter Released Parties (as defined below) arising under the Florida Proceedings and the Federal Qui Tam Proceedings, for or arising from the Covered Conduct, including, without limitation, all of the claims that were brought, could have been brought, or could be brought in the future by or on behalf

4

of any of the Plaintiffs related to the Medicare Program, the "Federal-Share," which is defined to mean the United States' portion of any Medicaid reimbursement (except for that arising from the United States' interest in any settlements with or recoveries from Baxter by any state, terroitory or the District of Columbia prior to the date of this Agreement, ("the Federal Share of Prior Settlements")) or the "Florida State-Share" (defined to mean Florida's portion of any Medicaid reimbursement) arising from any of the Covered Conduct for any Baxter Covered Drug.

K.      This Agreement is the result of a compromise of disputed issues of law and fact, and the execution and delivery of this Agreement shall not constitute or be construed as an admission of fault, liability, or wrongdoing by any of the Parties, nor does it constitute evidence of any liability or unlawful conduct on the part of the Parties; and this Agreement shall not be admissible as evidence of any fault or liability of the Parties in any investigation, administrative claim, action, suit, or proceeding, or federal or state court or arbitration proceeding.

III.      TERMS AND CONDITIONS

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The foregoing Preamble is incorporated herein.

2.      In full and final settlement of all of the Released Claims (as defined below), Baxter shall pay, or shall cause to be paid on its behalf, the sum of twenty-nine million seven hundred and fifty thousand United States dollars ($29,750,000) (the

5

"Settlement Amount") for the benefit of the Plaintiffs and the United States on the terms and subject to the conditions set forth herein. The Plaintiffs have agreed among themselves that, from the Settlement Amount, the sum of twenty-five million dollars ($25,000,000) shall be paid to the United States ("the United States Settlement Portion"). The Parties agree that the payment of the Settlement Amount shall resolve, fully and finally, all of the Released Claims. The Parties further agree that all amounts payable to the Relator or any of its (or any other Plaintiff's) attorneys or other representatives or advisors shall be paid out of the Settlement Amount without further liability of any Baxter Party. The allocation of the Settlement Amount among the United States, the State of Florida, the Relator, the Individual Plaintiffs, and their respective counsel is a matter that shall be and has been handled separately by and among the Relator, the Individual Plaintiffs, the State of Florida, the United States, and their advisors, without any involvement by or input from any of the Baxter Parties. None of the Baxter Parties were consulted about the allocation of the Settlement Amount among the Plaintiffs and the United States, nor has any Baxter Party had any input into the allocation. For this reason, none of the Baxter Parties are in a position to agree to the allocation and, as a part of the settlement, will not contest such allocation or be deemed to have endorsed or been responsible for any such allocation. Also for this reason, the allocation of the Settlement Amount shall not be deemed material to this Settlement Agreement, and therefore no dispute among or between one or more of the State of Florida, the Relator, the Individual Plaintiffs (or any individual Individual Plaintiff), and/or the United States concerning the allocation of the Settlement Amount shall be grounds for termination of this Settlement

6

Agreement, nor shall any such dispute give any Plaintiff who is a party to this Settlement Agreement the right to fail to perform its obligations under this Settlement Agreement.

3.　　On October 5, 2011, or within five (5) business days following the Effective Date of this agreement or receipt of wiring instructions, whichever is later, as defined in Paragraph III.21 below, Baxter shall pay the Settlement Amount by wire transfers to the Plaintiffs and the United States in the amounts, and pursuant to the instructions, set forth in Paragraph 4 below and in the Settlement Amount Allocation Schedule, attached hereto as **Exhibit 2**.

4.　　**THIS PARAGRAPH CONTAINS AN INDEMNITY AND HAS BEEN READ CAREFULLY BY RELATOR.** Florida's net share of the Settlement Amount ("the Florida Net Amount") shall be $1,580,000, which amount shall be inclusive of attorneys' fees and costs payable to the State of Florida and net of the Florida relator share of $420,000. The Florida Net Amount shall be delivered to Florida by Baxter in accordance with instructions from Senior Assistant Attorney General Diana Shumans, at the Office of the Attorney General of Florida. The full amount of the $25,000,000 United States Settlement Portion shall be delivered to the United States by Baxter in accordance with instructions from United States Department of Justice Senior Trial Attorney Laurie Oberembt, and the federal relator share shall be paid by the United States pursuant to the United States False Claims Act (31 U.S.C. § 3730) in such amount as may be agreed to between the United States and the Relator or as ordered by the Court. The payment of the amounts of the Florida relator's share and the Relator's attorney fees and costs reimbursement from the Settlement Amount, totaling $3,170,000, shall be delivered in accordance with instructions from Relator's counsel James J. Breen.  The

Parties will cooperate to exchange wiring and routing instructions so that such payments can be promptly made. **The Relator expressly INDEMNIFIES and holds the Baxter Released Parties (hereinafter defined) harmless from and against any and all claims by persons or entities who have represented the Relator in connection with the claims released herein for: (1) attorneys' fees, costs, and expenses; or (2) any portion of the Settlement Amount.**

      5.     Within three (3) business days following Baxter's payment of the full Settlement Amount, the Parties shall file the following in the appropriate court or courts: (1) Joint Stipulations of Dismissal with Prejudice and the proposed Order of Dismissal with Prejudice in the Florida Proceedings and the Federal Qui Tam Proceedings in the form attached hereto as **Exhibits 3 and 4** respectively; (2) the Consent of the United States in the Federal Qui Tam Proceedings in the form attached hereto as **Exhibit 1;** and (3) any necessary motions se eking entry of the proposed Orders of Dismissal with Prejudice in the Florida Proceedings and the Federal Qui Tam Proceedings. Each Party shall use its reasonable best efforts to obtain entry of such proposed Orders of Dismissal with Prejudice and seek to cause each such Order of Dismissal with Prejudice to become a final and non-appealable order, without amendment or modification thereto or limitations thereof (a "Final Order"), as soon as possible.

      6.     In consideration of the obligations of Baxter set forth in this Agreement, conditioned upon Baxter's payment in full of the Settlement Amount specified herein, the State of Florida releases and agrees to refrain from instituting, directing, or maintaining any action seeking exclusion from the State Medicaid Program against any of the Baxter

8

Parties for the Covered Conduct, or seeking to impose a Corporate Integrity Agreement on any of the Baxter Parties based on the Covered Conduct.

7.     In consideration of the obligations of the Baxter Parties in this Agreement, and conditioned on the Baxter Parties' payment in full of the Settlement Amount in accordance with Paragraphs III.2 through III.4 above and receipt of the Orders of Dismissal with Prejudice, each Plaintiff, on behalf of itself (including, with respect to the Relator, to the extent it is capable under the law all *qui tam* claims brought on behalf of the United States in the Federal Qui Tam proceedings), and each of its and their predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, and divisions, and any current or former shareholders, directors, officers, agents, agencies, departments, employees, managers, partners, servants, attorneys, advisors, and other representatives of any of the foregoing, fully and finally releases, acquits, and forever discharges each of the Baxter Parties and each of their respective present and former predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, divisions, and affiliates, and each of the current and former shareholders, officers, directors, employees, managers, partners, agents, agencies, departments, servants, attorneys, advisors, and other representatives of any of the foregoing (collectively, the "Baxter Released Parties"), from any and all civil, regulatory, and/or administrative claim, action, suit, demand, right, cause of action, liability, judgment, damage, or proceeding, whether sealed or unsealed (including attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), which has been asserted, could have been asserted, or could be asserted in the future under any source of law, contract, in equity or other right for or arising from any of the Covered Conduct (collectively, the "Released Claims"), including

9

but not limited to, the Florida State Share and the Federal-Share for all states, except for the Federal Share of Prior Settlements. Without limiting the generality of the foregoing, and to the fullest extent that the Relator and the State of Florida are capable under applicable law, this release fully discharges and releases each Baxter Released Parties from (i) any obligation to pay Medicare and Medicaid related damages, restitution, fines and/or penalties arising from the Covered Conduct; (ii) any civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs, associated with the Civil Actions to which Relator or its attorneys may be entitled; and (iii) any obligation to pay the Florida State Share of any claim asserted in the Civil Actions or for any Covered Conduct.

8.    In consideration of the obligations of the Plaintiffs set forth in this Agreement, each Baxter Party, on behalf of itself and its predecessors, successors, subsidiaries, parents, assigns, divisions and affiliates and any current or former shareholders, directors, officers, agents, employees, managers, partners, servants, attorneys, advisors, and other representatives of any of the foregoing fully and finally releases the United States of America, the State of Florida, any of their agencies, agents, employees, servants, attorneys, and departments, the Individual Plaintiffs and the Relator, in its own capacity and in its capacity as *qui tam* representative of the United States of America, and Relator's predecessors, successors, and present and former, heirs, trustees, parents, subsidiaries, assigns, divisions, and affiliates, and each of the current and former officers, directors, employees, managers, partners, agents, servants, attorneys, advisors, and other representatives of any of the foregoing from any claims or liabilities arising

10

from the Covered Conduct, or the investigation or litigation of claims arising from the Covered Conduct, which any of the Baxter Parties has or could have asserted.

9.       Nothing in this Agreement shall be construed to create a waiver of the Sovereign Immunity of the United States of America or the State of Florida.

10.      Notwithstanding any other term of this Agreement, including the release provisions in Paragraphs III.7 and III.8 above, any and all of the following are specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including the Parties):

(a)      Any claims based upon such obligations as are created by this Agreement;

(b)      The United States' right to recover from States, or state agencies or departments, the Federal Share of Prior Settlements;

(c)      The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant in the Medicaid Program of any of the Baxter Covered Drugs covered thereunder;

(d)      Any claims based on a failure to deliver products or services due;

(e)      Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

(f)      Any express or implied warranty claims or other claims for defective or deficient products and services provided by any Baxter Party;

(g)      Any claims based on or arising out of conduct occurring after the Effective Date of this Agreement;

11

(h)     Any liability to the United States or the State of Florida for any conduct other than the Covered Conduct;

(i)     Any civil or administrative liability that the Baxter Parties have or may have under any state statute, regulation, or rule not covered by the release provisions in Paragraphs 6 and 7 above; and/or

(j)     Any claims arising from the Baxter  Parties' obligations to report prices and/or pay rebates to the States under any law or contract, including, but not limited to, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto.

11.     The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

12.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.     This Agreement shall be governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement relating to the Federal Qui Tam Proceedings shall be the United States District Court for the District of Massachusetts and that the United States District Court for the District of Massachusetts shall retain continuing jurisdiction over the enforcement of this Agreement and all releases relating to the Federal Qui Tam Proceedings provided for herein, including for purposes of issuing an injunction in protection of any court's jurisdiction to enforce the terms, conditions, and releases provided for in this Agreement.  In as much as any provision of this Agreement relates to the parties' rights in the Florida Proceedings, including contractual rights,

12

releases, or enforcement remedies, the exclusive jurisdiction and venue shall be the Second Circuit in and for Leon County, Florida.

14.     This Agreement, together with all Exhibits and attachments constitute the complete agreement between the Parties with regard to the subject matter hereof. This Agreement may not be amended except by written consent of all of the Parties. The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

15.     The individuals signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

16     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17.     This Agreement is binding on each of the Baxter Parties and their respective successors, transferees, and assigns.

18.     This Agreement is binding on each of the Plaintiffs, their attorneys, successors, transferees, heirs, and assigns.

19.     This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement. In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties. Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this

Agreement.   The provisions of this Agreement shall be interpreted in a reasonable manner to affect the purposes of the Parties and this Agreement.

20.     If any provision of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provision to other circumstances, shall remain in effect and be interpreted so as best reasonably to effect the intent of the Parties.   Notwithstanding the foregoing, if either the payment or any of the release provisions hereof are found to be unenforceable or invalid by a court of competent jurisdiction, then such invalidity or unenforceability shall be cause for voiding the entirety of this Agreement at the election of the Party the interests of which are injured by the finding of invalidity or unenforceability; however, the  Plaintiffs shall be entitled to re-file, reinstate, and continue to litigate their claims against the Defendants without regard to any statute of limitations or other time barred defense which may be asserted by the Defendants for the time period commencing upon the Effective Date of this Settlement Agreement and ending 30 days after the date that the Settlement Agreement is voided pursuant to the terms of this Paragraph and any applicable statute of limitations shall be deemed tolled for the time period described herein.

21.     This Agreement is effective (the "Effective Date") on the date of signature of the last signatory to this Agreement upon execution and delivery hereof by all of the Parties.   Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

14

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**BAXTER PARTIES**

BY: _____     Date: _S Oct 2011_

Title: _____
**David Scharf**
**General Counsel**


**RELATOR AND ITS ATTORNEY,**
**THE BREEN LAW FIRM, P.A.**

BY: _____     Date: _____
James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Counsel to Ven-A-Care of the Florida Keys, Inc.

VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____     Date: _____
T. Mark Jones, President


**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

ZACHARY T. BENTLEY

_____     Date: _____
Zachary T. Bentley


T. MARK JONES

_____     Date: _____
T. Mark Jones

15

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**BAXTER PARTIES**

BY: _____   Date: _____

Title: _____

**RELATOR AND ITS ATTORNEY,**
**THE BREEN LAW FIRM, P.A.**

BY: _____   Date: 9/30/11

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Counsel to Ven-A-Care of the Florida Keys, Inc.

**VEN-A-CARE OF THE FLORIDA KEYS, INC.**

BY: _____   Date: 9/19/2011

T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

**ZACHARY T. BENTLEY**

_____   Date: 9/19/2011

Zachary T. Bentley

**T. MARK JONES**

_____   Date: 9/19/2011

T. Mark Jones

15

JOHN M. LOCKWOOD

_____   Date: 9/19/11
John M. Lockwood


LUIS E. COBO

_____   Date: _____
Luis E. Cobo


**FLORIDA**

State of Florida
Office of the Attorney General

BY: _____   Date: _____


Deputy Attorney General and Chief Counsel,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

16

JOHN M. LOCKWOOD

_____   Date: _____
John M. Lockwood

LUIS E. COBO

_____   Date: 9/17/11
Luis E. Cobo

**FLORIDA**

State of Florida
Office of the Attorney General

BY: _____   Date: _____

Deputy Attorney General and Chief Counsel,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

JOHN M. LOCKWOOD

_____   Date: _____
John M. Lockwood

LUIS E. COBO

_____   Date: _____
Luis E. Cobo

**FLORIDA**

State of Florida
Office of the Attorney General

BY: _____   Date: 9/3o/11
        Carlos   Muñiz

Deputy Attorney General and Chief Counsel,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

EXHIBIT 1
To
SETTLEMENT AGREEMENT AND RELEASE

(CONSENT OF THE UNITED STATES)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel.* | ) | |
| *Ven-A-Care of the Florida Keys, Inc* | ) | Judge Patti B. Saris |
| *v. Baxter Healthcare Corporation and* | ) | |
| *Baxter International, Inc.,* | ) | |
| Case No. 10-cv-11186 | ) | |

### CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of claims in the above-captioned action with respect to Baxter Healthcare Corp. and Baxter International, Inc. (collectively "Baxter"); pursuant to, and as limited by, the Settlement Agreement and Release between Baxter and the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator") and the State of Florida (attached hereto as Exhibit A); and

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form attached to the Settlement Agreement and Release as Exhibit 4 and attached hereto as Exhibit B.

The United States has concluded that the amount of $25,000,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,

_____

TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice,
Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

Dated: September ___, 2011

**Exhibit A**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO**
**31 U.S.C. § 3730 (b) (1)**

(Settlement Agreement and Release)

**Exhibit B**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO**
**31 U.S.C. § 3730 (b) (1)**

(Order of Dismissal With Prejudice)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel.* | ) | |
| *Ven-A-Care of the Florida Keys, Inc* | ) | Judge Patti B. Saris |
| *v. Baxter Healthcare Corporation and* | ) | |
| *Baxter International, Inc.,* | ) | |
| Case No. 10-cv-11186 | ) | |

**ORDER OF DISMISSAL WITH PREJUDICE OF CLAIMS**
**AGAINST BAXTER DEFENDANTS**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam*

provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc.

(the "Relator") and Baxter Healthcare Corp. and Baxter International, Inc. (collectively

"Baxter") (Baxter together with Relator collectively the "Parties") filed with this Court, a

Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice as to Claims

Against Baxter.  Upon due consideration of the Stipulation and the Parties' Settlement

Agreement and Release, the United States' Consent, the lack of objection to the proposed

Settlement, and the Court's determination that the Settlement Amount appears to the

Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby

approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of, and as limited by, the Settlement Agreement and Release attached hereto as Exhibit A, the above captioned Civil Action is dismissed with prejudice as to Baxter.

2.     This Order resolves all claims against Baxter for the federal share of Medicaid program payments encompassed by the above-captioned Civil Action. This Order shall in no way prejudice or limit any claims for a State's share or the United States' right to recover from States, or state agencies or departments, the Federal Share of Prior Settlements as defined by the Settlement Agreement.

3.     Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.     The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

23

EXHIBIT 2
To
SETTLEMENT AGREEMENT AND RELEASE

(SETTLEMENT AMOUNT ALLOCATION SCHEDULE)

**Settlement Amount Allocation Schedule**

| | |
|---|---|
| **Total  Settlement Amount** | **$29,750,000** |
| **Allocations from Gross Settlement Amount** | |
| **U.S. Share of Settlement Amount** | $25,000,000 |
| **Ven-A-Care U.S. Relator Share** | Amount to be determined by agreement of the United States or as ordered by the United States Court.  This amount shall be distributed to the Relator by the United States |
| **Portion of Settlement Relating to the State of Florida** | $4,444,444 |
| United States Share for Florida | $2,444,444 |
| Ven-A-Care Florida Relator Share | $420,000 |
| Florida Net | $1,580,000 |
| **Ven-A-Care Fees and Costs** | $2,750,000 |
| | |
| **Amounts to be Distributed by Baxter** | |
| **To the United States** | $25,000,000 |
| **To the State of Florida** | $1,580,000 |
| **To Ven-A-Care** | $3,170,000 |

EXHIBIT 3
To
SETTLEMENT AGREEMENT AND RELEASE

(FLORIDA PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH
PREJUDICE AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE)

IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION



THE STATE OF FLORIDA )
)
**ex rel.** )
)
VEN-A-CARE OF THE )
FLORIDA KEYS, INC., )
a Florida Corporation, by and )
through its principal )
officers and directors, )
ZACHARY T. BENTLEY and )
T. MARK JONES, )
)
Plaintiffs )
)
)
)
)
)
)
BAXTER HEALTHCARE CORP.; )
BAXTER INTERNATIONAL, INC.; )
)
)
)
)
)
)
)
)
)
Defendants. )
_____ )

CIVIL ACTION NO.       98-CA3032 C

FILED IN CAMERA AND UNDER SEAL

Judge Jackie L. Fulford

## STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF BAXTER HEALTHCARE CORP. AND BAXTER INTERNATIONAL, INC.

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and

Defendants Baxter Healthcare Corp. and Baxter International, Inc. ("Baxter Parties") having

settled all matters in dispute between them in this cause, jointly move this Court to dismiss with

prejudice all of the Plaintiffs' claims asserted herein against Baxter, provided that the dismissal

shall not affect the rights and duties of such parties as expressed in their Settlement Agreement attached as Exhibit "A."

Dated: _____, 2011.                Respectfully submitted,

                                              PAMELA JO BONDI
                                              ATTORNEY GENERAL
                                              STATE OF FLORIDA


                                              _____
                                              DIANA SHUMANS
                                              Florida Bar No. 675822
                                              Assistant Attorney General
                                              Office of the Attorney General
                                              Medicaid Fraud Control Unit
                                              PL-01, The Capitol
                                              Tallahassee, Florida 32399-1050
                                              (850) 414-3600
                                              (850) 487-9475 (FAX)


                                              _____
                                              JAMES J. BREEN
                                              Florida Bar No. 297178
                                              The Breen Law Firm, P.A.
                                              P.O. Box 297470
                                              Pembroke Pines, Florida 33029-7470
                                              (954) 874-1635
                                              (954) 874-1705 (FAX)

                                              Attorney for the Plaintiff,
                                              Ven-A-Care of the Florida Keys, Inc.


                                              _____
                                              MERLE M. DELANCEY
                                              Dickstein Shapiro, LLP
                                              1825 Eye Street, NW
                                              Washington, DC 20006-5403
                                              (202) 420-2282
                                              (202) 420-2201 (FAX)

                                              Attorney for the Defendants,
                                              Baxter Healthcare Corp. and
                                              Baxter International, Inc.

# ATTACHMENT "A"

IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION



THE STATE OF FLORIDA                    )
                                        )
ex rel.                                 )
                                        )
    VEN-A-CARE OF THE                 )     CIVIL ACTION NO.        98-CA3032 C
    FLORIDA KEYS, INC.,               )
    a Florida Corporation, by and     )     FILED IN CAMERA AND UNDER SEAL
    through its principal             )
    officers and directors,           )     Judge Jackie L. Fulford
    ZACHARY T. BENTLEY and            )
    T. MARK JONES,                    )
                                        )
        Plaintiffs                )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
BAXTER HEALTHCARE CORP.;                )
BAXTER INTERNATIONAL, INC.;             )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
                                        )
        Defendants.                )
_____)

## ORDER OF DISMISSAL WITH PREJUDICE OF BAXTER HEALTHCARE CORP. AND BAXTER INTERNATIONAL, INC.

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.* ("FFCA"), the State of Florida ("Florida"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator")(collectively, the "Plaintiffs"), and Baxter Healthcare Corp. and Baxter International, Inc. (the foregoing three parties collectively, "Baxter Parties") (all of the forgoing parties

collectively, the "Parties") filed with this Court, a Stipulation of Dismissal with Prejudice of the

Baxter Parties and Motion for Order of Dismissal with Prejudice of the Baxter Parties.  Upon due

consideration of the Stipulation and the Parties' Settlement Agreement and Release and the

Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and

reasonable under all the circumstances, the Court hereby approves the Settlement.

     WHEREFORE, IT IS ORDERED, that

     1.     Consistent with the terms of the Settlement Agreement and Release, attached as

Exhibit "A" to the Stipulation of Dismissal with Prejudice of the Baxter Parties and Motion for

Order of Dismissal with Prejudice of the Baxter Parties, all claims asserted or that could have

been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims")

arising from the "Covered Conduct" are dismissed with prejudice.

     2.     Each party shall be responsible for its own expenses, attorneys' fees, and costs.

     3.     The Court shall retain jurisdiction to enforce the terms, conditions, and releases of

the Parties' Settlement Agreement and Release to the extent reasonably necessary and

appropriate with respect to this Order.

     IT IS SO ORDERED this ___ day of _____, 2011.


                    _____

                    Circuit Judge Jackie L. Fulford


Copies to:
See attached service list

**SERVICE LIST**

DIANA SHUMANS
Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

JAMES J. BREEN
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

MERLE M. DELANCEY
Dickstein Shapiro, LLP
1825 Eye Street, NW
Washington, DC 20006-5403

EXHIBIT 4
To
SETTLEMENT AGREEMENT AND RELEASE

(FEDERAL QUI TAM PROCEEDINGS JOINT STIPULATION OF DISMISSAL
WITH PREJUDICE AND  ORDER OF DISMISSAL WITH PREJUDICE)

stipulate that, except as specified in the Settlement Agreement and Release, any claim the Relator or its counsel has to a Relator's share or for expenses, attorneys' fees, and costs shall not be the responsibility of Baxter.

WHEREFORE, to permit them to effectuate the terms of their partial settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Respectfully submitted,

_/s/ James J. Breen_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator

Counsel for Baxter

Dated: _____ ___, 2011