October 10, 2011

Clerk of the Court, John Joseph Moakley
U.S. Courthouse
1 Courthouse Way
Suite 2300
Boston, Massachusetts
                    02210

RE: Objections to Track Two Settlement Revision Notice
    (e.g., "Track Two Settlement Revision")

    Civil Action Number:  01-CV-12257-PBS, MDL No. 1456

Dear sir:

Please treat this correspondance as a formal objection to the
proposed settlement in referenced matter. My objection is based on
the following:

1) No adequate explanation is provided regarding how
   covered drugs were initially assigned to Class A or
   Class B.

   It follows, then, that the verbiage cited on Page 2
   (Item 3), of the September 16, 2011, "Notice of
   Revision to Proposed Class Action Settlement Involving
   Certain Drugs" does not adequately explain why Epogen
   was moved from Class A to Class B.

2) Paragraph 2, Page 2, of the "Notice" (referenced above)
   refers to ". . one exception described below". It is
   not clear (from a fair reading of the remainder of Page
   2) what this exception is.

3) Item 1, Page 2, of the "Notice" discusses "Classes 1 and 3", yet provides no definition or explanation of what these classes are or where they derive from. After a fair reading of the notice I can't determine whether I am in Class 1 or Class 3, or the significance of either; and, this discussion begs the question whether there is a "Class 2", a "Class 4", etc., and their significance.

   Indeed, the "Track Two Settlement" designation, itself, leads one to speculate whether there is a "Track One", a "Track Three", etc., and what such other tracks may cover.

4) The original notice for this settlement, as well as the revised notice, suggest that the lawsuit from which this settlement derives was filed, at least in part, under some theory of treble damages. Despite the significance of such a designation no explanation or discussion of this point is offered.

**FOLLOW-UP**

A call was placed to the toll-free number provided on the revised "Notice". All of the points listed, above, were posited to the representative. Despite a lengthy conversation, and a callback, no definitive answers were obtained. Incredibly, in response to Item 4, above, the representative stated that "there is no theory of treble damages because this is a settlement, not a lawsuit"!

**DISCUSSION**

For a prospective member of this class action to adequately assess whether it is better to "opt in" or "opt out" of this settlement, significantly more information is needed. For starters, a discussion of the various classes ["One", "Three", "Two(?)"] would be helpful. Similarly, a discussion of how the drugs were assigned to their respective classes is needed; as well as why Epogen's designation changed. Further, if treble damages were statutorily prescribed, why were they abandoned (for Epogen) and reduced to 2X for Class A drugs? Was this simply done for expediency in settling the suit and,

if so, are the lawyers for the plaintiffs adequately representing the Class?

**SUMMARY**

Given the deficiencies of information provided to Class members (and prospective Class members) I encourage the Court to stay any settlement in this matter until all members are provided with sufficient information to make an informed decision regarding whether to opt in or opt out of this settlement. Thank you.

Respectfully submitted,

*Cynthia Schubert* (signature)

Cynthia L. Schubert
P.O. Box 1602
Midland, Michigan
              48641

(989) 631-2236

                                            Dated: October 10, 2011

U.S. District Court

for the

District of Massachusetts

In re: Pharmaceutical Industry Average Wholesale Price Litigation

Docket No. 01-CV-12257-PBS, MDL No. 1456

A Class Action
_____/

| Counsel for the Class | Counsel for Track Two Defendants |
|---|---|
| Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1918 Eight Avenue<br>Suite 3300<br>Seattle, Washington  98101 | Steven F. Barley<br>Hogan Lovells US LLP<br>100 International Drive<br>Suite 2000<br>Baltimore, Maryland  21202<br><br>James P. Muehlberger<br>Shook, Hardy & Bacon, LLP<br>2555 Grand Boulevard<br>Kansas City, Missouri  64108 |

_____/

**PROOF OF SERVICE**

I, Cynthia L. Schubert, hereby state that on October 11, 2011,

I served true copies of:

    Objections to Track Two Settlement Revision Notice
    (e.g., "Track Two Settlement Revision")

upon the above named individuals by depositing same in a U.S. Postal Service receptacle, postage prepaid. I further served a true copy of the same document upon:

    Clerk of the Court, John Joseph Moakley
    U.S. Courthouse
    1 Courthouse Way
    Suite 2300
    Boston, Massachusetts 02210

I declare that the statements above are true to the best of my information, knowledge and belief.

Dated: October 11, 2011    By: _____
                                        Cynthia L. Schubert

Witnessed and Subscribed
Before Me This 11th Day
of October, 2011:

_____

Susan M. Sweebe
Notary Public, Midland County, Michigan
My Commission Expires May 23, 2014