October 12, 2011


Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2300
Boston, Massachusetts 02210

RE:   Civil Action Number: 01-CV-12257-PBS, MDL No. 1456
      Track Two Settlement Revision


On Behalf Of: Peggy O. Fairey, Claimant


Good Morning:

I am writing today to respectfully express my OBJECTION TO THE REVISION TO THE PROPOSED SETTLEMENT in the above-entitled case. I believe that the Revision is unreasonable, unfair, and inadequate and, if approved, would cause great harm to me (as an individual claimant) and the entire class. I object on the following grounds:

>   1. The Revision does not adequately reflect or encompass the tremendous expense that I incurred paying for the medications or drugs administered. The original Settlement, at least, offered some degree of equity and, while not completely reimbursing me for my out-of-pocket expenditures, provided a measure of fairness that I found acceptable.
> The original Settlement still does not, however, remotely approach the actual expense that I incurred. For example, if only 10 (ten) per cent of the claimants were similarly situated as me, the original settlement would still be inadequate to balance my total costs. I must assume that far more than 10 per cent of the claimants have incurred expenses equal to or greater than mine.

1

For this reason alone, I find the Settlement and, especially, the Revision, wholly inadequate.

2. A vast array of publicly available records provides overwhelming proof that the Insurers and the Pharmaceutical industry that are parties to this litigation BOTH enjoyed record profits during the time frame that this litigation encompasses.

The insurers who paid for the drugs or medications suffered little because they simply passed the increased Average Wholesale Price along to their insured in the form of increased premiums. This assured their continued record profits.

The Pharmaceutical industry enjoyed the fruits of this activity by continually raising prices to consumers and, as this litigation has shown, falsely stating the Average Wholesale Price of many lifesaving medications. I have found that, whenever I wish to discover someone's behavioral motivation, I need only follow the money. In this case, both parties stood to, and will continue to, gain substantially. This fact alone raises the specter of collusion and should be considered. The actions may also be proof of unjust enrichment by the parties.

For these reasons, I find the Settlement and the Revision unfair.

3. The original Settlement contained provisions for specific medications and divided those medications into particular "classes". A multiplier (3X) was attached to the Class A drugs, with no multiplier for the Class B drugs.

With the Revision, certain Class A drugs (no doubt the more expensive, most prescribed, claimant-indicated drugs) have been relegated to Class B status.

In addition, the claims for these drugs now require a standard of proof that was not originally indicated. This standard of proof has, in my case, proved almost impossible to obtain given the time that has elapsed since I was

administered the drugs. There has been a burden of time, money and aggravation that has not been, nor will ever be, recovered.

Also, some "types" of the drugs originally indicated have been deleted from the list entirely. A simple name change of a drug should not be a reason for denial of claim or benefits.

I find it remarkable that the Revision contained these requirements at the "last minute" and that the parties have attempted to mollify the claimants by offsetting these changes by raising the amount available for claims from $21,875,000 to $25,000,000. This amount represents are mere pittance to the parties. For the parties, this might mean that the corporate jet might not be available for all outings, or that bonuses will only be raised by 20 per cent instead of 25 per cent or that the company picnic might have to be held in Hawaii and not Tahiti.

For the claimants, an approved Settlement and Revision would mean that our sometimes having to choose between food and medication might be allayed for one month, maybe two. It means that our caregivers will be paid for more time this month than last, but only for this month.

For these reasons, I find the Settlement and the Revision, totally unreasonable.

For the reasons listed, I reaffirm my OBJECTION.

Per your instructions, I will be serving, via U.S. Mail, this OBJECTION TO THE REVISION TO THE PROPOSED SETTLEMENT on the following:

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

And

Steven F. Barley
Hogan Lovells US LLP
100 International Drive
Baltimore, MD 21202

And

James P. Muehlberger
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108

If you require additional information, please contact me at the address below.

Thank you for your time and consideration in this matter.

Respectfully,

_____                    _____

William S. Fairey, Jr.                                                    Date

Executor

On Behalf Of Peggy O. Fairey, Claimant

5629 Boulder Boulevard

Sarasota, Florida 34233

941-685-7674

941-377-6545 FAX

wsfairey@yahoo.com