UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Healthcare Corporation* | Judge Patti B. Saris |

**DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY PENDING RULINGS ON BAXTER'S PARTIAL MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Baxter Healthcare Corporation ("Baxter") respectfully requests that the Court stay all discovery pending resolution of Baxter's Partial Motion to Dismiss (Subcategory Case No. 1:08-cv-11200-PBS "Sun Sub-Docket" No. 125) and Motion for Partial Summary Judgment (Sun Sub-Docket No. 135). As set forth below, these motions completely dispose of all drug pricing manipulation claims under the False Claims Act ("FCA"). The only remaining counts – Counts IV through VI, XXII, and XXIII – all relate to Ms. Sun's employment-related claims. Discovery related to these counts is completely distinct from and substantially narrower than any discovery concerning the underlying drug pricing manipulation claims. Continuing discovery related to the alleged drug pricing manipulation fraud will cause Baxter and third parties such as state Medicaid agencies, CMS, Medicare carriers, and drug pricing publications, to be subject to significant undue burden and to incur substantial costs related to claims that, we respectfully suggest, should be dismissed. For these reasons, Baxter requests that this Court enter a temporary stay of discovery until resolution of Baxter's pending Partial Motion to Dismiss and

Motion for Partial Summary Judgment.  Because the arguments in both pending motions extinguish many of the same drug pricing manipulation claims under the False Claims Act at issue, Baxter also requests a continuance of the November 8, 2011 hearing on the Partial Motion to Dismiss until the Court is ready to consider oral arguments both motions.  An appropriate proposed Order is attached hereto.

**I.     Background**

    A.     The Ven-A-Care Settlement Agreement And Release

On October 5, 2011, Baxter entered into a Settlement Agreement and Release in the federal Ven-A-Care *qui tam* action that released all claims in that action, and that effectively releases all AWP, WAC and other drug reimbursement claims at issue in the Sun/Hamilton *qui tam* action.  *See* Subcategory Case No. 10-11186-PBS ("VAC Sub-Docket") No. 27-1 ("VAC Settlement Agreement").  The Ven-A-Care settlement covers all drugs under Baxter Labeler Code 00944, a labeler code that includes both Recombinate and Advate, the only two drugs remaining in this *qui tam* action.  *See id.*, ¶ II.E (p. 3); *see also* Sun Sub-Docket 136, at pp. 10-11.  The United States has consented to the Ven-A-Care settlement and subsequent dismissal with prejudice concluding "that the amount of $25,000,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances." Consent of the United States of America to the Relator's Dismissal with Prejudice of Claims Pursuant to 31 U.S.C. § 3730(b)(1), VAC Sub-Docket No. 26-1, at p. 1-2.  On October 17, 2011, the Court approved the Settlement after a "determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances. " VAC Sub-Docket No. 28

B.     Baxter's Partial Motion to Dismiss and Motion For Partial Summary Judgment

On July 29, 2011, Baxter filed its Partial Motion to Dismiss the Relators' Recombinate claim based on lack of jurisdiction pursuant to 31 U.S.C. § 3730(b)(5), the False Claims Act's "first-to-file" bar.  Sun Sub-Docket No. 125. Baxter argued that the Ven-A-Care Complaint, unsealed in May 2010, made the same drug pricing manipulation allegations regarding Recombinate as were made in the Sun/Hamilton Complaint.  Sun Sub-Docket 126.  Because the Ven-A-Care Complaint was originally filed under seal before the Sun/Hamilton Complaint was filed, the Recombinate-related claim in the Sun/Hamilton Complaint must be dismissed under the first-to-file bar.  Briefing on this motion was completed August 22, 2011.  The Court has scheduled a hearing on the motion for November 8, 2011.

On October 19, 2011, Baxter filed another Motion for Partial Summary Judgment.  Sun Sub-Docket 135.  The October 19 motion demonstrates that the Relators' claims should be dismissed based on three grounds:  (1) the Recombinate and Advate claims were settled by the Ven-A-Care Settlement Agreement and Release; (2) the Recombinate and Advate claims are barred by the doctrine of *res judicata* as a result of this Court's dismissal with prejudice of the Ven-A-Care complaint; and (3) Baxter did not begin selling Advate until August 2003, long after the Government had investigated and acquiesced to the use of AWPs in the reimbursement of blood-clotting therapies.  Relators' opposition brief is due November 9, 2011.

C.     Status Of Discovery In The Sun/Hamilton *Qui Tam* Case

On June 28, 2011, the Court denied the parties' Motion for Entry of Scheduling Order and ordered that "all fact discovery shall be completed by 12/1/2011."  Master File No. 1:01-cv-12257-PBS Docket No. 7630.  Since then Baxter has been actively pursuing discovery.  Baxter served Interrogatories and Requests for Production of Documents on Relators.  Baxter has subpoenaed eleven State Medicaid Agencies, the Centers for Medicare and Medicaid Services

("CMS"), and three publishers of prescription drug pricing information, requesting production of documents and depositions of witnesses. While various states, CMS, and the drug pricing publishers have responded to discovery in prior AWP cases, prior discovery effort have not focused on the hemophilia therapies at issue in this case.

With near uniformity, each subpoenaed State and CMS has objected to Baxter's discovery based on the cost and burden associated with compiling and producing the requested documents and claims data. For instance, the State of Indiana stated that prior requests in other AWP cases for similar claims data had an estimated cost of over $150,000 and has objected to producing any claims data absent a court order compelling production. *See* Exhibit A. The State of Minnesota estimates that it would cost over $41,000 and take 250 hours of staff time to produce information and claims data related to this case. *See* Exhibit B. The subpoenaed States (and CMS) also have demanded that Baxter pay for any costs associated with production of claims data. Baxter is certainly entitled to this discovery if the drug pricing manipulation claims proceed; however, if the claims are dismissed, the discovery is completely unnecessary.

In addition to this third-party discovery, Baxter also has been collecting documents responsive to document requests served by Relators. While Baxter previously collected extensive documentation relating to other state and federal AWP matters, sorting through this documentation in order to cull documents responsive to Relators' requests is a time consuming process and is resulting in significant costs to Baxter.

## II.   Argument

### A.   It Would Be Inefficient And A Waste of Resources To Proceed With Discovery While The Current Motions Are Pending

Proceeding with discovery risks substantial waste of time and resources by this Court and by the parties to this litigation. Merely obtaining Medicaid claims data necessary to assess

and litigate damages will costs hundreds of thousands of dollars since each subpoenaed State would have to compile and produce data going back over 10 years.  Many states have archived this data so it is not readily accessible.  Many states have also outsourced their claims data administration to contractors and have used multiple vendors during the time period relevant to this litigation.  The States and their Medicaid Agencies have repeatedly cited their limited budgets, and have objected to the costs associated with providing this essential data.  They also have objected to the burden placed on their staffs to divert limited resources to answering a subpoena where they have no interest in the litigation.  Finally, multiple states (and CMS) have refused to provide certain documents without a court order.  Therefore, Baxter will be forced to file motions to compel in order to get this essential information, burdening not only Baxter with the excessive costs associated with motions practice, but also this Court (and other federal district courts) with resolving motions that ultimately will prove unnecessary if the pending motions are resolved in Baxter's favor.

       This investment of resources could easily be mooted in full or in part by this Court's rulings on the outstanding motions.  With respect to Baxter's Partial Motion to Dismiss, if this Court finds Relators' Recombinate claim barred under the first-to-file rule, discovery will be greatly narrowed since the only remaining drug, Advate, was not sold until 2003.  This would substantially narrow the discovery time period and dismiss Relator Hamilton from the case entirely, eliminating the need for his deposition and for the deposition of Ms. Kay Morgan of First DataBank, whom Hamilton has cited as a source of information.  If the Court rules in Baxter's favor on its Motion for Partial Summary Judgment based on the Ven-A-Care settlement, all claims

as to both Recombinate and Advate will be dismissed.[1]  The only remaining claims will be Sun's employment and retaliation claims, which will not require any third-party discovery as to State Medicaid Agencies, CMS, or publishers of pricing compendia, and which will require a very limited and focused document production by Baxter.[2]

      B.      <u>The Requested Stay Is Short, And Will Not Prejudice Plaintiffs</u>

Baxter only requests a stay until this Court rules on the outstanding motions.  The Court has already set a hearing date for the Partial Motion to Dismiss.  We anticipate briefing on the Motion for Partial Summary Judgment to conclude by November 23, 2011.  Plaintiff will not be prejudiced in any way by a relatively minor delay.  In fact, Plaintiff has only recently served a second set of document production requests on Baxter.  Under this Court's prior Case Management Order, Baxter is not required to produce documents responsive to these second set of requests to Relators until *after* the existing discovery deadline.  Relators have not requested any dates for deposition of Baxter employees, and have not served any third party discovery of their own.  In the face of these actions, it is unclear how Relators could demonstrate any prejudice associated with a stay; arguably, the stay would assist Relators by providing them more time to engage in discovery.

Baxter recognizes and appreciates this Court's desire that pending AWP cases be resolved after years of litigation.  Baxter believes that its outstanding motions will resolve all of the drug pricing manipulation claims in this case, and by this motion merely is attempting to avoid

---

[1] The Court could also rule solely in favor of Baxter's Partial Motion for Summary Judgment as to Advate, leaving only the Recombinate claim.  If the Court rules in Baxter's favor on its Partial Motion to Dismiss, then only Advate will remain in the case.

[2] If no drug pricing manipulation claims remain, this case can be returned to the District of Colorado for resolution of the employment-related claims.

undue costs and burden to itself, the Court, and non-parties, many of which are governmental entities operating under budgetary restraints.

## III. Conclusion

Wherefore, Baxter respectfully requests that this Court grant this motion and stay all discovery pending resolution of Baxter's Partial Motion to Dismiss and Motion for Partial Summary Judgment. Baxter further requests that the Court continue the November 8, 2011 hearing on the Partial Motion to Dismiss until the Court is ready to consider oral arguments both motions.

## REQUEST FOR EXPEDITED ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Baxter believes oral argument may assist the court in resolving these issues and therefore requests an expedited hearing at the Court's earliest convenience.

A proposed order is attached for the Court's convenience.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 19, 2011 | /s/ Shamir Patel |
|  | J. Andrew Jackson |
|  | Merle M. DeLancey |
|  | Shamir Patel |
|  | **DICKSTEIN SHAPIRO LLP** |
|  | 1825 Eye Street NW |
|  | Washington, DC 20006 |
|  | Telephone: (202) 420-2200 |
|  | Facsimile: (202) 420-2201 |
|  | *Admitted pro hac* |
|  | Peter E. Gelhaar (BBO #188310) |
|  | DONNELLY, CONROY & GELHAAR, LLP |
|  | One Beacon Street, 33rd Floor |
|  | Boston, MA 02108 |
|  | Telephone: (617) 720-2880 |
|  | Facsimile: (617) 720-3554 |
|  | Counsel for Defendant Baxter Healthcare Corporation |

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that the moving party has communicated with counsel for Relators in an effort to resolve the dispute referred to in this Motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ Shamir Patel
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

### CERTIFICATE OF SERVICE

I hereby certify that I, Shamir Patel, an attorney, electronically filed the foregoing DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY PENDING RULINGS ON BAXTER'S PARTIAL MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court for the District of Massachusetts using the Court's CM/ECF system on October 19, 2011. I also caused a true and correct copy of the foregoing document to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, for posting and notification to all parties.

/s/ Shamir Patel
Shamir Patel
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

DSMDB-2983865v2