# EXHIBIT B

# EXHIBIT B

Case 1:01-cv-12257-PBS   Document 7850-3   Filed 10/19/11   Page 2 of 4



# STATE OF MINNESOTA

OFFICE OF THE ATTORNEY GENERAL

SUITE 900
445 MINNESOTA STREET
ST. PAUL, MN 55101-2127
TELEPHONE: (651) 297-1075

September 21, 2011

Tina D. Reynolds
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006-5403

    Re: ***United States ex rel. Linnette Sun and Greg Hamilton v. Baxter Healthcare Corporation***
          Court File No. 08-11200-PBS (D. Mass.)
          Subpoena addressed to Sarina Foreman, Minnesota Department of Human Services

Dear Ms. Reynolds:

    The Minnesota Department of Human Services objects to the subpoena defectively served on Sarina Foreman, the Department's Data Practices Officer, on behalf of your client, Baxter Healthcare Corporation. The subpoena, dated September 1, 2011, is both procedurally and substantively deficient.

    First, the subpoena violates Fed. R. Civ. P. 45, as it was not personally served on Ms. Foreman. Indeed, Ms. Foreman did not receive the document until September 13, 2011, after she returned from vacation.

    Second, the subpoena is overbroad, vague, and unduly burdensome. It contains around forty (40) document requests (including subparts) and requests extensive documents, some of which are either already in your client's possession or are easily obtained from other sources. It would be very costly for the Minnesota Department of Human Services, a non-party to the above litigation, to comply with the subpoena as currently drafted. For example, the Department estimates that it would cost over $41,000 and take 250 hours of mainframe technical staff time to produce the information sought by just one of the numbered document requests (request no. 21). Moreover, diverting staff resources and mainframe computer time from other critical tasks in order to produce the data sought by the subpoena increases both the cost your client is demanding the Department bear and the burden on the Department and Minnesotans that it serves.

    Third, some of the data the subpoena seeks originated more than a decade ago. It would take extensive staff time and resources to determine whether the information is still in the Department's possession. In addition, the amount of time the subpoena allows the Department to gather the documents (the subpoena's listed deadline is September 30, 2011) is unworkable and

TTY: (651) 296-1410 • Toll Free Lines: (800) 657-3787 (Voice), (800) 366-4812 (TTY) • www.ag.state.mn.us
An Equal Opportunity Employer Who Values Diversity        Printed on 50% recycled paper (15% post consumer content)

Tina D. Reynolds
September 21, 2011
Page 2


adds to the expense and burden on a state agency that is already short-staffed, overburdened, and underfunded. Moreover, the subpoena unreasonably requests that the Department produce the documents in Washington, DC.

As a result, the subpoena violates your client's obligations under Rule 45(c)(1) to take reasonable steps to avoid imposing undue burden and expense on the Minnesota Department of Human Services due, among other things, to the extensive data sought by the subpoena, dating back over a dozen years; the information sought that is already in the possession of your client, or available from other sources; the requirement that the data be sent to Washington in short order; and the significant costs your client is asking the Department to shoulder.

More formally, and pursuant to Fed. R. Civ. P. 45(c)(2)(B), Sarina Foreman and the Minnesota Department of Human Services, without waiving their right to raise additional objections, object to the subpoena for the following reasons:

1. The subpoena is overbroad;

2. The subpoena is vague;

3. The subpoena imposes an undue burden on the Minnesota Department of Human Services;

4. Service of the subpoena was defective;

5. The subpoena imposes an unrealistic, unreasonable, and overly burdensome timeframe for compliance;

6. The subpoena requests information already in the possession of Baxter Healthcare Corporation and/or its attorneys;

7. The subpoena requests information readily available from other sources;

8. The subpoena fails to compensate the Minnesota Department of Human Services for the costs it will incur in responding to the requests;

9. The subpoena requests the production of data and documents, some of which originated over twelve years ago, imposing an unreasonable and burdensome request on the Department; and

10. The subpoena requests information protected from disclosure under the Medicaid Act, HIPAA and the Minnesota Government Data Practices Act.

Tina D. Reynolds
September 21, 2011
Page 3

Due to these objections and your client's failure to comply with the requirements of Rule 45, Sarina Foreman and the Minnesota Department of Human Services will not comply with the subpoena at this time. More specifically, the Department will not produce the data and documents sought by the subpoena; nor will Department employees be identified and appear for a deposition. The Department is willing to comply with a request that is substantially more tailored and less burdensome, provided it is fully compensated in advance for its costs.

Feel free to call me to discuss a reasonable request.

Sincerely,

*Patricia A. Sonnenberg*

PATRICIA A. SONNENBERG
Assistant Attorney General

(651) 757-1342 (Voice)
(651) 297-4139 (Fax)

AG: #2887262-v1