October 18, 2011

Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   Objection to Revision to Proposed Settlement: Track Two Settlement Revision
      *In re: Pharmaceutical Industry Average Wholesale Price Litigation*
      Docket No. 01-CV-12257-PBS, MDL No. 1456

Dear Honorable Patti B. Saris:

I am the legal representative of Loretta Jane Iglesias, a potential Class 1 claimant in the *In re: Pharmaceutical Industry Average Wholesale Price Litigation*, Docket No. 01-CV-12257-PBS, MDL No. 1456. (If the court would like proof of my status as legal representative, I would be happy to provide it.) I am writing to inform the court that I object to certain provisions of the Revision to the Proposed Settlement.

As you know, the Revision to Proposed Settlement required potential claimants whose reimbursement claims include cash or co-payments for Epogen to provide documentary proof that: (1) the drug administered was Epogen (and not Procrit); and (2) the diagnosis for which the drug was administered was not kidney dialysis. The forms of documentary proof required by the Revision to Proposed Settlement were "the prescribing physician's notes in your medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider...."

The basis of my objection is that the restriction on acceptable forms of proof required for additional documentation related to Epogen is fundamentally unfair to members of the class whose claims derive from prescriptions administered before 2001 because of document retention policies of hospitals and physicians that make it impossible for these potential claimants to provide the required information.

As you know, all hospitals and physicians adopt and implement document retention policies that require destruction of records after a certain number of years. The types of records subject to these policies include the specific kinds of medical records required by the Revision to the Proposed Settlement. Federal and state laws regulate these policies, and they vary according to different types of records. However, limitations of between 5 - 10 years are very common.

Page 2
Michael T. Iglesias
Objection to Revision to Proposed Settlement: Track Two Settlement Revision
*In re: Pharmaceutical Industry Average Wholesale Price Litigation*

In my case, Loretta Jane Iglesias was treated with Epogen during 1999 - 2000 and died in early 2001. I have sought to obtain the records required by the Revision to the Proposed Settlement from both the hospital where the drug was administered (Glendale Adventist Medical Center), and from her physician who prescribed it (Dr. Samuel Carvajal, M.D.). The hospital has a ten (10) year records retention policy, and has informed me that her records have been destroyed. The physician informed me that his office does not generally keep the requested records, and, in any case, the office has a seven (7) year records retention policy. The physician is (understandably) unwilling to write a letter based solely on his memory of patient treatment that occurred more than a decade ago. Therefore, through no fault of my own, none of the specific forms of proof required by the Revision to the Proposed Settlement are available to me.

I suspect that since the lawsuit covers alleged violations dating back to 1997, many other potential claimants have run into the same problem as I did. Therefore, the broader effect of this requirement for specific forms of proof is to cut off the possibility for relief for many class members. I believe that in light of the ubiquity of these record retention policies the Revision to the Proposed Settlement's requirement for these specific forms of proof is fundamentally unfair to potential claimants.

I am personally certain that Loretta Jane Iglesias (who was my mother) received Epogen and not Procrit because I remember her speaking of it and using the name "Epogen." And I know from personal knowledge that the diagnosis for which she received the drug was lymphoma and not related in any way to kidney dialysis. I am prepared to swear under oath to these facts.

In light of the widespread negative and unfair consequences that hospital medical records retention policies have on relief available to potential claimants, I respectfully propose to the court that the Proposed Settlement be revised again to allow that in cases where good faith efforts to obtain the relevant information from hospitals or physicians are stymied by medical record retention policies the court would accept sworn declarations as sufficient proof *in lieu* of the official records.

Page 3
Michael T. Iglesias
Objection to Revision to Proposed Settlement: Track Two Settlement Revision
*In re: Pharmaceutical Industry Average Wholesale Price Litigation*

I appreciate the court's consideration of my objection to the Revision to Proposed Settlement.

Respectfully,

*[signature]*

Michael Timothy Iglesias
3428 Jordan Road
Oakland, California 94602
(415) 422-5870
Iglesias@usfca.edu

cc:   Steve W. Berman, Esq., Hagens Berman Sobol Shapiro LLP
    Steven F. Barley, Esq., Hogan Lovells US LLP
    James P. Muehlberger, Esq., Shook, Hardy & Bacon LLP