

Sean R. Matt
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**sean@hbsslaw.com**

T 206.623.7292   F 206.623.0594

October 20, 2011

Phyllis Granat
152 Pond View Drive
Port Washington, NY  11050

      Re:    <u>In re Pharmaceutical Industry Average Wholesale Price Litigation</u>

Dear Mrs. Granat:

    We write in response to your letter of October 11, 2011, that you submitted to the Court with regard to the Notice of Revision that you recently received describing changes to the proposed Track Two Class Action Settlement.  I am one of the attorneys representing the Class in this case.

    You have asked expressed frustration with the challenges that you have encountered in obtaining supporting documentation, in particular with respect to the drug Epogen, which may have been administered to your late father.

    The Court has required any class member claiming to have been administered Epogen to provide at least one piece of documentary evidence showing at least one administration of Epogen for non-dialysis treatment.  This is because Epogen, known chemically as "epotein alfa," is identical to Johnson & Johnson's Procrit.  A license agreement entered into in 1985 between Amgen and Johnson & Johnson, licensed to Johnson & Johnson the exclusive right to promote and sell Procrit for non-dialysis use in the United States.  As a result of this agreement, Epogen is promoted and marketed for dialysis use only in the United States, and Medicare did not reimburse on the basis of AWP for that use (meaning that no Medicare beneficiary administered Epogen for dialysis could have suffered any legal damage).

    It is possible that, notwithstanding the license agreement, some physicians administered Epogen instead of Procrit for non-dialysis use, even though both drugs are chemically equivalent.  However, this was not likely a frequent occurrence.

    So, this is why the Court is requiring that Class members who believe they were

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

001534-16  481138 V1

October 20, 2011
Page 2

administered Epogen – and not Procrit – for non-dialysis treatment submit just one form of written proof that the class member was administered Epogen at least once. That proof can be in the form of the prescribing physician's notes in the medical file, a letter from a prescribing physician, or some other documentary evidence from the prescribing physician, hospital or medical provider.

Thus, the Court has tried to ease the burden of proving eligible Epogen administrations, and the Court is not trying to make it difficult for eligible Class members to recover. However, if this additional information was not required, thousands of Medicare beneficiaries who did not take Epogen for non-dialysis use – and not many did – would receive payments from the settlement at the expense of the Class members who have valid claims.

We hope that, in light of this additional explanation, you will conclude that it is only fair and equitable that Class members provide the additional information requested.

With respect more specifically to the challenges you have encountered in obtaining the documentation, we are happy to try and help (and have been successful in helping other Class members who have faced similar challenges). At your convenience, please call Carrie Flexer in my office. She can be reached at 206-623-7292. And let us know if you any more questions.

Sincerely,

Sean R. Matt

cc: Honorable Patti B. Saris
    Counsel for Track Two Defendants

001534-16  481138 V1