UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 <br> ) Master File No. 1:01-CV-12257-PBS <br> ) Sub-Category Case No. 1:08-CV-11200 <br> ) <br> ) |
| THIS DOCUMENT RELATES TO <br> *United States ex rel. Linnette Sun and Greg Hamilton, Relators* <br> *v.* <br> *Baxter Healthcare Corporation* | ) Judge Patti B. Saris <br> ) <br> ) <br> ) <br> ) <br> ) |

**RELATORS' RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY PENDING RULINGS ON BAXTER'S PARTIAL MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF MARK KLEIMAN FILED CONCURRENTLY HEREWITH**

Relators Hamilton and Sun hereby reply to Defendant's Motion to Stay Discovery Pending Rulings on Baxter's Partial Motion to Dismiss and Motion for Partial Summary Judgment (Motion to Stay Discovery).

I.   **INTRODUCTION**

Defendant Baxter Healthcare Corporation ("Baxter) seeks to stay discovery pending rulings on its partial motion to dismiss and partial motion for partial summary judgment. Baxter claims that these motions, if granted, completely dispose of all drug pricing matters in this case

and therefore discovery on these matters would be rendered moot.  Furthermore, Baxter claims that proceeding with discovery at this stage would cause undue burden to itself and third parties such as state agencies, whilst not prejudicing relators in any way.  Finally, Baxter alleges that this will not prejudice the Relators.

None of these claims are true.  This reply, however, will focus on only the last of these three erroneous arguments.

## II.     ARGUMENT

### A.     A Stay of Discovery At This Point Will Result In Prejudice to Plaintiffs.

"Although [the] court has discretion to stay discovery in an appropriate case…such a stay is neither automatic or routine…Fairness to all parties involved as well as the possible prejudice to the plaintiff dictates that discovery proceed in an efficient and expeditious manner" *Digital Equipment Corp. v. Currie Enterprises*, 1992 US Dist. LEXIS 17718 (D. Mass, 1992).  Baxter's motion fails for exactly for both of these reasons.

Baxter's motion for summary judgment rests on two theories: One is that Ven-A-Care and the United States in fact intended, and actually did release claims about Advate which are nowhere in any of Ven-A-Care complaints.  The other is based upon a 'government knowledge' theory.

Although the idea that the Ven-A-Care release encompassed claims about drugs that were not even on the market, and were never mentioned in the complaint  is far-fetched, it at least has the virtue of requiring little or possibly no discovery to resolve the issue.   The "government

knowledge" theory thrown up by Baxter is quite different, as there is extensive fact discovery that is called for and will be more fully described in Relators' 56(f) declaration which will be filed as part of their forthcoming opposition.  There is no real prospect for a "what did they know and when did they know it" motion to be resolved without discovery into this question. Denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion." *Quair v. Bega* 2005 WL 552537 (ED Cal, 2005), (quoting *Pacific Lumber Co. V. Nat'l Union Fire Ins. Co*, 220 FRD 349 at 351 (ND Cal, 2003, quoting *Lowery v. FAA*, 1994 WL 912632 (ED Cal, 1994)).

### B. The Court Can and Should Achieve the Orderly Disposition of These Issues Without Prejudicing the Rights of the Relators.

We submit that the real problem is with Baxter's combining two very different theories and with two very different procedural implications into one motion.

Relators respectfully suggest that the court only halt discovery long enough to resolve the one aspect of Baxter's motion that can probably be resolved without discovery (the release theory), and then allow discovery to proceed on a modified schedule.

### III. CONCLUSION

Baxter's motion should be denied.

The court should enter an order which:

1. Bifurcates Baxter's motion for partial summary judgment and orders complete briefing only upon Baxter's "Release" theory;

2. Halts discovery only until the Court has ruled on the "Release" theory; and

3. Then lifts the stay on discovery so that Relators's may conduct whatever discovery is necessary to defeat the alleged "government knowledge" theory as a basis for partial summary judgment and may continue with their trial preparation.

Dated: November 2, 2011

/s/ Mark Allen Kleiman
Mark Allen Kleiman
2907 Stanford Avenue
Venice, California 90292
Telephone: (310) 306-8094

Counsel for Relators Linnette Sun and Greg Hamilton

**CERTIFICATION OF SERVICE**

      I hereby certify that I caused a true and correct copy of the foregoing **RELATORS' RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY PENDING RULINGS ON BAXTER'S PARTIAL MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF MARK KLEIMAN FILED CONCURRENTLY HEREWITH** to be delivered by electronic service via LexisNexis File & Serve on all counsel of record on November 2, 2011.

      /s/ Mark Allen Kleiman
      MARK ALLEN KLEIMAN