# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 <br><br> Master File No. 1:01-CV-12257-PBS <br><br> Sub-Category Case No. 1:08-CV-11200 <br><br> Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: <br> *United States ex rel. Linnette Sun and Greg Hamilton, Relators* <br> *v.* <br> *Baxter Healthcare Corporation* |   |

## [PROPOSED] ORDER

**November ___, 2011**

Saris, U.S.D.J.

    WHEREAS, Relator Linnette Sun ("Relator") has failed to meet her discovery obligations by failing to produce relevant information and documents responsive to the Defendant's requests;

    and, WHEREAS, Defendant Baxter Healthcare Corporation has requested that Ms. Sun comply with her obligations in an attempt to avoid this Motion;

    and, WHEREAS, Relator has not produced the relevant documents or responded to the relevant interrogatory or indicated a date certain by which it will do so;

    NOW THEREFORE, it is ORDERED, as follows:

1. By Friday November 11, 2011, Relator shall produce to Defendant Baxter Healthcare Corporation all attachments to the emails with the Bates numbers LS-DFP1-000114, 116,

117, 120, 121, 122, 126, 128, 129, 133-34, 136, 137, 145, 146, 148-49, 150, 151, 152, 156, 158, 159, 160, 162, 164, 166, 168, 172-73, 182, 217, 218-19, 240-42, 243, 347-48, 349-50, 375, 384, 392, 393, 449, 451, 459-60, 462, 465-66, 470, 475, 489, 491-92, 505, 536, 538, 555, 557, 563, 566, 567, 573-74, 577, 583-84, 585-87, 593, 606, 611, 634, 694, 695-96, as well as any other email attachments that were not included in Ms. Sun's production. The attachments shall be produced together with the email to which they correspond.

2. By Friday, November 11, 2011, Relator shall produce to Defendant Baxter Healthcare Corporation all pay stubs, invoices, tax records, and other documents demonstrating all income from employment or consulting work from the time of Ms. Sun's departure from Baxter through the present. In addition, Relator shall respond fully to Baxter's Interrogatory No. 4.

3. In the alternative, or in the event this Motion is heard too late for production by November 11, 2011 to be feasible, this Court orders production of the items addressed in Paragraphs 1 and 2 above by _____. Baxter shall be permitted to depose Ms. Sun regarding the new documents within a reasonable time from the date of production of the documents.

4. Relator shall be precluded in summary judgment or at trial for claiming damages from lost wages in connection with her retaliation claims if the production described above is not timely made.

So ordered.

_____
Judge Patti B. Saris