**EXHIBIT A**



Aug 9 2011
10:24AM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION ) ) ) ) ) ) | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Healthcare Corporation* ) ) ) ) ) ) ) ) ) | Judge Patti B. Saris |

## BAXTER HEALTHCARE CORPORATION'S FIRST SET
## OF INTERROGATORIES TO LINNETTE SUN

Baxter Healthcare Corporation ("Baxter"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby requests that Relator Linnette Sun respond in writing and under oath to the interrogatories set forth below, within thirty days from the date of service, and served upon J. Andrew Jackson, 1825 Eye Street NW, Washington, D.C. 20006-5403.

### I.      INSTRUCTIONS

1.      In responding to these requests, you must provide all information within your possession, custody, or control, whether in your actual possession or that of another, including your attorney.

2.      If the response to any interrogatory consists, in whole or in part, of any objection(s), state with specificity the full objections(s) and the particularized basis for each said objection.

3.      To the extent you object to any portion of an interrogatory, you must respond to the remaining portion of the request to which you do not object.

4. These interrogatories are continuing in nature through and including trial in this lawsuit. You are required to supplement your answers and correct previous answers as further Information, Documents, or things responsive to these interrogatories becomes available. Include in the supplemental response the date on and manner in which the additional or differing response became available to you.

5. The applicable timeframe for these requests is coextensive with the timeframe(s) during which the events specified in the Complaint transpired and for which you seek damages.

## II.  DEFINITIONS

As used in these Interrogatories, the following terms shall have the meanings set forth below:

1. The term "**Adverse Employment Action**" means any termination, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the employee's rights or interests and which is alleged in the Complaint.

2. The term "**Baxter**" includes Baxter Healthcare Corporation and any other Baxter entity you contend is the subject of the Complaint.

3. The term "**Communication**" means any form of written or oral communication, including, without limitation, letters, memoranda, electronic mail, voicemail, invoices, telephone conversations, face-to-face meetings, and other similar forms of communication or correspondence.

4. The term "**Complaint**" means the Amended Complaint for Damages Under the Federal and Various State False Claims Act, originally filed under seal in the United States

2

District Court for the District of Colorado by Relators Linnette Sun and Greg Hamilton on April 22, 2005, and as amended on June 14, 2005, and August 13, 2010.

5.    The term "**Document**" means any writing or recording of any kind, in any medium, whether written, graphic, pictorial, photographic, electronic, email, phonographic, mechanical, taped, several on computer disc, hard drives or data tapes or otherwise, and every non-identical copy. Different versions of the same document, such as different copies of a written record bearing different handwritten notations, are different documents within the meaning of this term.

6.    The term "**Employment**" means a relationship in which an employee provides services requested by or on behalf of an employer, and specifically includes consulting, independent contractor, or other similar arrangements.

7.    The term "**Healthcare Provider**" includes any Person referred to in California Code of Civil Procedure section 667.7(e)(3).

8.    The term "**Person**" means all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, or any other form of business organization, arrangement, or other form of public, private, or legal entity.

9.    The terms "**regarding**," "**relate to**," and "**relating to**" mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, in comparison to, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

10.    The terms "**you**" or "**your**" means Relator Linnette Sun, as well as the United States, and any State or other entity on whose behalf you purport to bring suit

11. All other terms are defined as used in the Complaint.

## II. INTERROGATORIES

1. Do you contend that any Adverse Employment Actions against you were discriminatory? If so:

   a. identify each Adverse Employment Action that involved unlawful discrimination;

   b. identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;

   c. state all facts upon which you base each claim of discrimination;

   d. state the name, address, and telephone number of each Person with knowledge of those facts; and

   e. identify all Documents evidencing those facts.

2. Do you contend that you were unlawfully harassed in your employment? If so:

   a. state the name, address, telephone number, and employment position of each Person whom you contend harassed you;

   b. for each Person whom you contend harassed you, describe the harassment;

   c. identify each characteristic (for example gender, race, age, etc.) on which you base your claim of harassment;

   d. state all facts upon which you base your contention that you were unlawfully harassed;

   e. state the name, address, and telephone number of each Person with knowledge of those facts; and

   f. identify all Documents evidencing those facts.

3. Do you attribute any loss of income, benefits, or earning capacity to any Adverse Employment Action? If so:

4

      a.    state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated; and

      b.    describe all attempts you have made to minimize the amount of your lost income.

4. Have you obtained other Employment since any Adverse Employment Action? If so, for each new employment:

      a.    state the name of the employer;

      b.    state when the new Employment commenced and terminated (if applicable);

      c.    state the hourly rate or monthly salary for the new Employment; and

      d.    state the benefits available from the new Employment.

5. Do you attribute any physical, mental, or emotional injuries to the Adverse Employment Action? If so:

      a.    describe each physical, mental or emotional injury;

      b.    state the date(s) during which each injury occurred and, if ongoing, indicate whether the complaint is subsiding, remaining the same, or becoming worse;

      c.    describe the frequency and duration of the injury, and

      d.    If you consulted with or were examined or treated by any Healthcare Provider for any injury you attribute to the Adverse Employment Action state for each Healthcare Provider:

          i.    the name, address, and telephone number;

          ii.    the type of consultation, examination, or treatment provided;

          iii.    the dates you received consultation, examination, or treatment; and

          iv.    the charges to date.

DSMDB-2963308v1

6. Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the Adverse Employment Action? If so, for each medication state:

    a. the name of the medication;

    b. the name, address and telephone number of the PERSON who prescribed or furnished;

    c. the dates prescribed or furnished;

    d. the dates you began and stopped taking it; and

    e. the cost to date.

7. State the name, address, and telephone number of each Healthcare Provider with whom you consulted or visited or by whom you were treated from five years prior to the start of your employment with Baxter to the present and, for each, execute one of the attached Authorization to Release Medical Information forms.

## AUTHORIZATION TO RELEASE MEDICAL INFORMATION

TO THE CUSTODIAN OF RECORDS FOR: Linnette Sun

This Authorization To Release Medical Information is made pursuant to the terms of the Confidentiality of Medical Information Act of 1980, Section 56 et seq. of the Cal. Civil Code.

I hereby authorize you to furnish to an agent, designee or representative of DICKSTEIN SHAPIRO LLP, any and all records, including, but not limited to the following:

1. The entire medical file of LINNETTE SUN.

2. Medical chart, including nurses notes of LINNETTE SUN.

3. All correspondence with or concerning LINNETTE SUN.

4. All reports, memos, and office notes concerning the above-named health care provider's care, treatment, and examination of LINNETTE SUN.

5. All medical reports and consultation reports concerning the above-named health care provider's care, treatment, or examination of LINNETTE SUN.

6. All records concerning the date of your first contact by LINNETTE SUN and appointment records of all office appointments (including records concerning scheduled but canceled appointments or recommended appointments not made) and telephone conferences with LINNETTE SUN.

7. All records concerning any medications prescribed for use by LINNETTE SUN.

8. All billing records concerning the above-named health care provider's care, treatment, and examination of LINNETTE SUN.

9. Any other records in your possession concerning LINNETTE SUN not specifically requested above.

This medical or psychological information is being released for use in the litigation entitled *IN RE PHARMACEUTICAL INDUSTRY AVERAGE*

*WHOLESALE PRICE LITIGATION,* United States District Court, District of Massachusetts, and shall not be further released or used for any other purpose.

    This authorization shall be effective immediately and shall terminate one year from the date of its execution, or at the conclusion of the litigation, whichever occurs earlier. Copies of this release, if used, shall have the same force and effect as the original.

    I have carefully read and understand the foregoing. I consent to the release of the above-specified information and/or medical and psychological records of my condition and the treatment, services and diagnoses I have received, which may include psychiatric illness, alcohol abuse and/or drug abuse. I understand that I have a right to receive a copy of this authorization at my request.

    I further release my health care and mental health care providers, their agents and employees, from any liability arising from the release of this information or records to such designated persons or agencies.

_____        _____

Date Signed

Soc. Sec. No.:        _____

| | |
|---|---|
| August 9, 2011 | /s/ J. Andrew Jackson<br>J. Andrew Jackson<br>Merle M. DeLancey<br>Tina D. Reynolds<br><br>**DICKSTEIN SHAPIRO LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br>*Admitted pro hac vice*<br><br>Peter E. Gelhaar (BBO #188310)<br>**DONNELLY, CONROY & GELHAAR, LLP**<br>One Beacon Street, 33rd Floor<br>Boston, MA 02108<br>Telephone: (617) 720-2880<br>Facsimile: (617) 720-3554<br><br>Counsel for Defendant Baxter Healthcare Corporation |

## CERTIFICATE OF SERVICE

I, Tina Reynolds, hereby certify that on August 9, 2011, I caused a true and correct copy of the foregoing Baxter Healthcare Corporation's First Set of Interrogatories to Linnette Sun to be served on all counsel of record by electronic service by sending a copy to Lexis/Nexis for posting and notification to all parties.

/s/ **Tina D. Reynolds**
Tina D. Reynolds
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201