# EXHIBIT B



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200 |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Healthcare Corporation* | Judge Patti B. Saris |

### BAXTER HEALTHCARE CORPORATION'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO LINNETTE SUN[1]

Baxter Healthcare Corporation ("Baxter"), pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Case Management Order dated June 23, 2009, hereby requests that Relator Linnette Sun produce the documents and materials requested herein within sixty days from the date of service of these Requests, for inspection and copying, at the offices of Dickstein Shapiro LLP, 1825 Eye Street, N.W., Washington, D.C. 20006.

I.     INSTRUCTIONS

1.     Each document request shall be construed to include documents within the knowledge, possession or control of the noticed party, its attorneys, investigators, agents, owners, officers, employees, or other representatives of the noticed party and/or its attorneys, as of the date of the answers given to those document requests and any supplemental information, knowledge, data, Documents and Communications responsive to these document requests which is subsequently obtained or discovered.

---

[1] Baxter International Inc. previously served jurisdictional document requests upon Ms. Sun on October 19, 2009.

DSMDB-2961946v1

2. If production is requested of a document that is no longer in your possession, custody or control, your response should state when the document was most recently in your possession, custody or control, how the document was disposed of, and the identity of the person, if any, presently in position, custody or control of such document. If the document has been destroyed, state the reason for and the date of its destruction.

3. If you claim privilege or the existence of a confidentiality or non-disclosure agreement as the basis for not providing documents in response to any document request, describe the factual basis for said claim of privilege in sufficient detail so as to permit the Court to adjudicate the validity of the claim, including the date the document was prepared, its title, the author, the addresses, all recipients and the general subject matter.

4. Documents or data should be produced as they are kept in the normal course of business or organized and labeled to correspond to the categories in the request. Documents or data must be produced in the form in which they are ordinarily maintained or in a reasonably usable form. Moreover, to the extent a responsive document has been electronically scanned (for any purpose), that document must be produced in a readable and accessible electronic format.

5. Documents must be Bates stamped or otherwise have another form of document identifier.

6. If the response to any document request consists, in whole or in part, of any objection(s), state with specificity the full objections(s) and the particularized basis for each said objection.

7. To the extent you object to any portion of a document request, you must respond to the remaining portion of the request to which you do not object.

8. These requests are continuing in nature through and including trial in this lawsuit. You are required to supplement your answers and correct previous answers as further Information, Documents, or things responsive to these requests becomes available. Include in the supplemental response the date on and manner in which the additional or differing response became available to you.

9. The applicable timeframe for these requests is coextensive with the timeframe(s) during which the events specified in the Complaint transpired and for which you seek damages.

## II. DEFINITIONS

As used in these Document Requests, the following terms shall have the meanings set forth below:

1. The term "**Baxter**" includes Baxter Healthcare Corporation and any other Baxter entity you contend is the subject of the Complaint.

2. The term "**Communication**" means any form of written or oral communication, including, without limitation, letters, memoranda, electronic mail, voicemail, invoices, telephone conversations, face-to-face meetings, and other similar forms of communication or correspondence.

3. The term "**Complaint**" means the Amended Complaint for Damages Under the Federal and Various State False Claims Act, originally filed under seal in the United States District Court for the District of Colorado by Relators Linnette Sun and Greg Hamilton on April 22, 2005, and as amended on June 14, 2005, and August 13, 2010.

4. The term "**Document**" means any writing or recording of any kind, in any medium, whether written, graphic, pictorial, photographic, electronic, email, phonographic,

mechanical, taped, several on computer disc, hard drives or data tapes or otherwise, and every non-identical copy. Different versions of the same document, such as different copies of a written record bearing different handwritten notations, are different documents within the meaning of this term.

5.   The terms "**regarding**," "**relate to**," and "**relating to**" mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, in comparison to, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

6.   The term "**Subject therapies**" means Advate and Recombinate.

7.   The term "**Sun Declaration**" means the September 14, 2009 Declaration of Linnette Sun, filed on September 15, 2009 as part of the Memorandum in Opposition to Baxter International Inc.'s Motion to Dismiss Relators' Complaint.

8.   The term "**Sun Transcript**" means the transcript of the January 19, 2010 Deposition of Linnette Sun in this case.

9.   The terms "**you**" or "**your**" means Relator Linnette Sun, as well as the United States, and any State or other entity on whose behalf you purport to bring suit

10.   All other terms are defined as used in the Complaint.

### III.   DOCUMENT REQUESTS

1.   Baxter repeats and incorporates by reference the following requests, which were contained in Baxter International Inc.'s October 16, 2009 Document Requests to Linnette Sun.

   A.   All Documents and Communications related to your employment at Baxter, including:

      1.     All Documents and Communications in your possession from Baxter's offices.

      2.     All Documents and Communications related to Baxter drug and/or therapy prices, pricing decisions, and/or pricing strategy, including the pricing document in your possession referenced in Paragraph 10 of the Sun Declaration.

      3.     All Documents and Communications related to the pricing of Baxter drugs and/or therapies, including the allegations related to Advate pricing in Paragraph 43 of the Complaint and Paragraphs 6-14 of the Sun Declaration.

B.    All Documents and Communications relating to the allegation in Paragraph 2 of the Complaint that "Baxter controlled the published AWP by misreporting the WAC."

C.    All Documents and Communications relating to the allegations in Paragraph 4 of the Complaint that "Baxter refused to report an accurate WAC" and instead reported an inflated "list sales price."

D.    All Documents and Communications relating to the allegations in Paragraph 5 of the Complaint that Baxter "manipulated the AWP" to "maximize its revenue" and that Baxter's spread was "larger than its competitors."

E.    All Documents and Communications relating to the allegation in Paragraph 6 of the Complaint that Baxter "falsely reported WAC to inflate the AWP and the spread" and that Baxter therefore "deceived" state governments.

F.    All Documents and Communications relating to the allegations in Paragraphs 31 and 35 of the Complaint that Baxter reported to First DataBank that the biologics price for charge-back wholesalers was its WAC and that Baxter did so to "directly control and fabricate the AWP."

G.    All Documents and Communications relating to the allegation in Paragraph 32 of the Complaint that Baxter's false reporting "increased the profitability" of certain drugs to health care providers and pharmacies.

H.    All Documents and Communications relating to the Recombinate pricing allegations in Paragraph 36 of the Complaint.

I.    All Documents and Communications relating to the allegations in Paragraph 38 of the Complaint that Mike Bradley told Ms. Sun that Baxter knowingly, repeatedly, and falsely reported a "list sales price" as its WAC to First DataBank, that Baxter expected to blame First DataBank, and that this practice was necessary to meet Baxter's sales targets.

J.    All Documents and Communications relating to the allegations in Paragraphs 39 and 40 of the Complaint that First DataBank "refused to accept" Baxter's

price and threatened not to publish the information, and that Baxter "refused to provide any other number than 'list sales price'" to First DataBank.

K.  All Documents and Communications relating to the allegations in Paragraph 41 of the Complaint that Mike Bradley "acknowledged" to Ms. Sun that Baxter was reporting inflated AWPs for financial gain.

L.  All Documents and Communications relating to the allegations in Paragraph 43 and 44 of the Complaint and Paragraph 15 of the Sun Declaration that Ms. Sun "voiced her concerns" regarding the published AWPs to John Park and Nick Poulios.

M.  All Documents and Communications relating to the allegations in Paragraph 45 of the Complaint that Ms. Sun reported her concerns to Larry Guiheen and that Mr. Guiheen "forbade Ms. Sun from doing any further research" or contacting First DataBank.

N.  All Documents and Communications relating to the allegations in Paragraphs 46 and 63 of the Complaint that Nick Poulios "silenced" Ms. Sun at a pricing meeting and that Larry Guiheen and John Park commented that "Baxter Management would go to jail if the government ever discovered" material such as the margin analysis report.

O.  All Documents and Communications relating to the allegation in Paragraph 48 of the Complaint that Baxter "engaged in similar falsification of WAC with respect to its other pharmaceutical, hematological, and biological products."

P.  All Documents and Communications relating to the Volume Committed Contracts allegations in Paragraphs 49-51 of the Complaint.

Q.  All Documents and Communications, including any complaints, pleadings, reports, and/or news articles, regarding Average Wholesale Price, Wholesale Acquisition Cost, and/or other pharmaceutical litigation, including the "extensive" materials regarding the TAP prosecution and AstraZeneca settlement referenced in Paragraph 64 of the Complaint.

R.  All Documents and Communications relating to the allegation in Paragraph 12 of the Sun Declaration that Baxter deliberately encouraged "overdosing" of patients by home health care agencies.

S.  All Documents and Communications, including affidavits, declarations, statements, preparation materials, complaints, drafts, and/or notes, related to other pharmaceutical cases with which you have been involved.

T.  All Documents and Communications that demonstrate that you have direct and independent knowledge of the allegations in the Complaint.

U.  All Documents and Communications that demonstrate that you are the original source of the allegations in the Complaint.

2.      All logs, diaries, notes, memoranda or other Documents and Communications referring to, memorializing or discussing in any way your employment with Baxter.

3.      All correspondence, notes, memoranda or other Documents and Communications constituting, recording, memorializing or referring to any oral or written communications between you and any representative or current or former employee of Baxter concerning the events alleged in your claim.

4.      All correspondence, notes, memoranda or other Documents and Communications concerning your job performance with Baxter, including, but not limited to documents relating to or constituting performance reviews, evaluations, counseling sessions, memos, letters, warnings or criticisms concerning your job performance with Baxter.

5.      All documents relating to your performance of duties at Baxter, or your failure to perform your duties while working for Baxter.

6.      All Documents and Communications that refer or relate to your efforts to obtain employment or consulting work at any time you were employed by, or subsequent to your termination by, Baxter, including but not limited to any applications; cover letters; resumes; interview notes; offer letters; any correspondence to or from prospective employers; and any and all emails generated or received by you concerning your efforts to obtain subsequent employment or consulting work.

7.      All Documents and Communications generated during the term of your employment with Baxter that related to presentations, training, guidance, or opinions offered to third parties (including other pharmaceutical companies) regarding any drug or therapy, or relating to drug pricing or reimbursement.

8. All correspondence, notes, memoranda or other Documents and Communications concerning any efforts made by you while employed by Baxter to seek employment or a consulting relationship with any other company or entity, including but not limited to Abbott Laboratories, Amgen, and Connetics.

9. All handbooks, policy statements and other Documents and Communications referring to or setting forth the personnel policies, rules, regulations, practices and procedures of Baxter.

10. All Documents and Communications related to any training that you received as an employee at Baxter.

11. All Documents and Communications referring to or evidencing any physical or emotional injury you claim to have incurred by reason of the actions of Baxter (including without limitation the severe emotional and mental suffering alleged in the Complaint), including, but not limited to:

  a. medical, psychological or counseling reports, notes, tests or other Documents and Communications that refer to or reflect the nature or extent of your injury or illness; and,

  b. bills, insurance claims or other Documents and Communications setting forth or reflecting the date or nature of any counseling, medical or psychological treatment you received, any diagnosis made concerning any such injury or condition or the amount you paid or charged for such services.

12. All declarations, affidavits, and/or other statements signed by individuals that refer or relate to any of the facts alleged in the Complaint.

13. All notes, memoranda or other records of any oral statements made by any person concerning the facts alleged in the Complaint.

14.     All Documents and Communications that refer or relate to internal grievances or complaints filed by you during your employment with Baxter.

15.     All Documents and Communications that refer or relate to every charge, complaint, or claim submitted by you, or on your behalf, to any federal, state or local agency concerning your employment with Baxter, including but not limited to, an Equal Employment Opportunity Commission charge, a California Department of Fair Employment and Housing complaint, an unemployment insurance claim, a state disability income claim, a workers' compensation claim, and/or a police complaint, including communications with any person or agency, regarding any such charge, complaint or claim.

16.     All Documents and Communications that refer or relate to any oral or written communications between you and anyone not employed by Baxter concerning the allegations in the Complaint.

17.     All Documents and Communications that refer or relate to any oral or written communications between you and any current or former employee, officer, director, or agent of Baxter concerning the allegations of the Complaint.

18.     All Documents and Communications that you obtained from any current or former employee, officer, director or agent of Baxter concerning the allegations of the Complaint.

19.     All Documents and Communications that refer or relate to the amount of wages or other employment benefits that you contend you have lost as a result of the actions of Baxter.

20.     All Documents and Communications, including but not limited to W-2s and 1099s, that reflect any wages or other work-related income you received from the last day of your employment with Baxter to the present.

21.     All Documents and Communications that refer or relate to any promotion, salary increase, or bonus you received from Baxter.

22.     All Documents and Communications that refer or relate to any compensation you received from any employer (other than Baxter) or for any consulting work or self-employment since the commencement of your employment at Baxter to the present.

23.     All Documents and Communications that refer or relate to your claim for discrimination as alleged in paragraphs 253-259 of the Complaint.

24.     All Documents and Communications that refer or relate to your claim for harassment as alleged in paragraphs 260-265 of the Complaint.

25.     The agreement between you and Mr. Greg Hamilton to split proceeds in this case as discussed in the Sun Transcript at pp. 19-20.

26.     All agreements, understandings, and fee or cost arrangements with Your counsel and/or with any other party Concerning this case.

27.     All research or Documents generated in connection with or used to draft the Complaint.

28.     All drug costs models, pricing models, drug utilization reviews, experience and actuarial analyses, assessments, studies, analyses, reviews, and reports relating or referring to the Subject therapies.

29. All Documents relating to the computation or calculation of False Claims Act damages under Count 1 of the Complaint.

30. All Documents supporting, rebutting, or otherwise relating in any way to the allegations in the Complaint, including but not limited to all Documents reviewed in advance of, or relied on in, drafting the Complaint.

31. Any other Documents in your possession concerning in any way the Subject therapies, or Baxter drug pricing generally.

32. All Documents relating to or relied on by You in Your responses to Baxter Healthcare Corporation's First Set of Interrogatories To Linnette Sun.

August 9, 2011

/s/ J. Andrew Jackson
J. Andrew Jackson
Merle M. DeLancey
Tina D. Reynolds

**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
*Admitted pro hac vice*

Peter E. Gelhaar (BBO #188310)
**DONNELLY, CONROY & GELHAAR, LLP**
One Beacon Street, 33rd Floor
Boston, MA 02108
Telephone: (617) 720-2880
Facsimile: (617) 720-3554

Counsel for Defendant Baxter Healthcare Corporation

DSMDB-2961946v1

## CERTIFICATE OF SERVICE

I, Tina Reynolds, hereby certify that on August 9, 2011, I caused a true and correct copy of the foregoing Baxter Healthcare Corporation's First Set of Requests for the Production of Documents to Linnette Sun to be served on all counsel of record by electronic service by sending a copy to Lexis/Nexis for posting and notification to all parties.

/s/ **Tina D. Reynolds**
Tina D. Reynolds
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201