**EXHIBIT C**



Sep 8 2011
6:22PM

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 1:01-CV-12257-PBS<br>) Sub-Category Case No. 1:08-CV-11200<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Healthcare Corporation* | ) Judge Patti B. Saris<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OBJECTIONS AND RESPONSES OF RELATOR LINNETTE SUN
TO BAXTER HEALTHCARE CORPORATION'S FIRST SET
OF INTERROGATORIES**

Relator Linnette Sun, pursuant to Rule 33 of the Federal Rules of Civil Procedure objects

and responds to Baxter International Inc.'s First Set of Interrogatories To Linnette Sun, as

follows:

The following general objections apply to each interrogatory in Baxter Healthcare

Corporation's First Set of Interrogatories in addition to any objections that are addressed to

particular interrogatories or subparts of particular interrogatories:

1. Plaintiff objects to each and every Interrogatory to the extent it seeks information

not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the

discovery of admissible evidence as required by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each and every Interrogatory herein insofar as it seeks the production of information and/or documents that are protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

3.      Plaintiff objects to each and every Interrogatory herein insofar as it is vague, ambiguous, overbroad, unduly burdensome or oppressive.

4.      Plaintiff objects to each and every Interrogatory herein insofar as Defendant purports to alter Plaintiff's obligations under the Federal Rules of Civil Procedure.  Plaintiff will comply with the Federal Rules of Civil Procedure.

5.      Plaintiff objects to each Interrogatory to the extent it seeks information not within the possession, custody or control of Plaintiff.

6.      Plaintiff objects to each and every Interrogatory herein insofar as it seeks to obtain the production of information or documents that are as readily available to Defendant and its counsel as to Plaintiff.

7.      Plaintiff objects to each and every Interrogatory herein insofar as it seeks disclosure of personal and confidential information protected by Plaintiff's constitutional right of privacy.

8.      Nothing herein shall be construed as an admission or waiver by Plaintiff of: (a) her rights respecting admissibility, competency, relevance, privilege, materiality and authenticity of the information provided in the Responses, documents identified in the Responses or the subject matter thereof; (b) her objections due to vagueness, ambiguity or undue burden; and (c) her rights to object to the use of information provided in the Responses, documents identified in

2

the responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

## INTERROGATORY NO. 1

Do you contend that any Adverse Employment Actions against you were discriminatory? If so:

      a. identify each Adverse Employment Action that involved unlawful discrimination;

      b. identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;

      c. state all facts upon which you base each claim of discrimination;

      d. state the name, address, and telephone number of each Person with knowledge of those facts; and

      e. identify all Documents evidencing those facts.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO 1

As discussions are pending to dismiss the discrimination claim, no response will be provided at this time other than the objections that have been asserted.

**INTERROGATORY NO. 2**

Do you contend that you were unlawfully harassed in your employment? If so:

a. state the name, address, telephone number, and employment

position of each Person whom you contend harassed you;

b. for each Person whom you contend harassed you, describe the

harassment;

c. identify each characteristic (for example gender, race, age, etc.)

on which you base your claim of harassment;

d. state all facts upon which you base your contention that you

were unlawfully harassed;

e. state the name, address, and telephone number of each Person

with knowledge of those facts; and

f. identify all Documents evidencing those facts.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO 2**

As discussions are pending to dismiss the harassment claim, no response will be provided

at this time other than the objections that have been asserted.


**INTERROGATORY NO. 3**

Do you attribute any loss of income, benefits, or earning capacity to any Adverse

Employment Action? If so:

a. state the total amount of income, benefits, or earning capacity

you expect to lose, and how the amount was calculated; and

b. describe all attempts you have made to minimize the amount of your lost income.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO 3

Yes.

a. Following the termination of her employment by Baxter, Linnette Sun made diligent efforts to find other comparable and suitable employment. However, her search proved to be difficult, in part because she had to explain to any prospective employer why her employment at Baxter lasted only one year, and required her to inform any such prospective employer that her employment had been involuntarily terminated and to explain the reason why this incurred. While Linnette Sun has no way of knowing the negative impact of disclosing this information, she believes it was certainly one of the reasons why she was unable to find suitable employment. Her daughter was only seven years old at the time and for that reason, relocation outside of Southern California was not a reasonable option. She engaged in as much consulting work as she could, but that only resulted in earnings of approximately $100,000.00 over the five years following her termination from Baxter.

Linnette Sun finally determined that her only reasonable option was to relocate in spite of the fact that it would mean geographical separation from her daughter and her husband. She was finally successful in securing employment with Shire Pharmaceuticals on March 23, 2009 at a base salary of $172,000.00. Her current base salary at Shire is $202,078. Of course, the relocation has resulted in incurring significant expenses that would not have been necessary if Linnette Sun had been able to remain in Southern California.

5

Linnette Sun calculates the relocation-caused expenses she has incurred at around $50,000.00 to $60,000.00 er year, in the following forms: (a) living expenses for Linnette Sun for her job on the East Coast while her husband and daughter continue to live in and maintain their West Coast residence; (b) numerous airplane flights between the East Coast and West Coast for Linnette Sun and her family members; (3) expenses for their daughter with a different family.

The compensation losses on Exhibit A were arrived at by taking Linnette Sun's compensation at Baxter when she was last employed there, and factoring in any and all increases that were likely to occur between her termination from Baxter in 2003 and the start of her employment with Shire Pharmaceuticals on March 23, 2009.   The total base salary lost was $1,004,967.  The loss in bonuses was $200,993.00.

The loss in benefits was $354,497.   The losses in options was $595,350.  This totals $2,155,807.00.  It should be noted that no interest has been included in these calculations and these figures have not been reduced to present value.  Tho interest and present value factors will be part of the expert testimony on this subject.

b.      I contacted the following recruiters in an effort to find another position:

Kelly D. Scott
Los Angeles
Edwards Search Group

2. kelly@edwardssearch.com
714-962-5240 Office
714-200-0275 Fax

Matt Davio
Oregon
JemSearch
541-388-2228

6

Gary Desgrosellier
Spokane
509-326-8880
gary@puinc.net

David Coad
Fay Nash
San Francisco
650-347-1770
(C)415-871-9052
david_e_coad@yahoo.com

Tom Ruff
Sharon Patrick
Susie Kenner
Los Angeles
Thomas Ruff & Associates, Inc.
310-802-1496
(f) 310-802-1396
Jobs@tomruff.com
sharon@tomruff.com
susan@tomruff.com

Jean Killacky
San Francisco
415-305-0685
http://www.firstinterview.com
jkillackyassoc@comcast.net

John Monsuer
Oregon
888-786-1984
JOHN@JEMSEARCH.COM

Scott Platoff
San Francisco
Medical Recruiters
415-618-0010
scott@medicalrecruiters.com

Mark Cannistraro
Los Angeles
Apex executive recruiting
310-265-9996
(f) 310 265 9997
MARK@APEX-CAREERS.COM

Leslie Geier
Los Angeles
951-694-5059
(F) 951-694-5119
leslie@hitekdynamics.com

Judy Stiles
Colorado
303-790-2010
judystiles@aol.com

Ken Almberg
Idaho
Sales Management Resource
208-938-9001
kalmberg@smrinc.org

John Liberstein
Utah
435-333-2312
jlib@allwest.net

John Bohan
Pat Clark
Marilyn Crouse
Renee Ortez
Colorado
Omniquest
866-841-0193
resume@omniquestinc.com

Ed Adolfson
Colorado
303-290-0240
eadolfson@qwest.net

Susan Mackey
Colorado
Executive Personnel
303-758-4602
susanmackey@msn.com

Liz Schrieber
Colorado
719-488-5707
Lizschreiber@hotmail.com

Rich Moore
Colorado
Healthcare recruiters
303-779-8570
rmoore@hcrrockies.com

Roger Scheer
Colorado
303-757-7357
rascheer@aol.com

Julie West
Colorado
303-759-1622
(F) 303-691-8069
(H) 303-321-1960
jwestassoc@aol.com

Tom Boyer
Colorado
Princeton Assoc.
303-766-7222
800-699-4230
tboyerpa@aol.com

John Deline
Laurie Johnson
Colorado
Hunter Group
303-861-0405

Joe Grosso
Kylene Swonguer
Ohio
Buchman & Enochs
614-825-6215 ext 105
jgrosso@becsearch.com
kswonguer@becsearch.com

Celeste Sollars
Pam Honor
Kansas City
celeste@netexecsearch.com

Karen Wonderly
Kansas City
HCR
816-891-7272
Karen.wonderly@hcrnetwork.com

Natalie Skyberg
Sr. Louis (CST)
314-222-4200
Natalie@medrecinc.com

Mike Zuliani
Tennessee (CST)
615-771-9594
myzuli@aol.com

Jerry Paulette
Austin , TX (CST)
512-402-9691
JNJP@AOL.COM

Dan Dorr
St. Louis
636-591-3833
dodoor@aol.com

10

Don Springate
Kansas City
Sales Careers & Consulting
816-358-3103
springate@earthlink.net

Christopher S. Ward (not the same as Chris Ward)
Minneapolis
Ward & Associates, Inc
952-854-7040
(f) 952-854-7112
cward@cward.com

Kurt Van Dyk & Associates
St. Louis
314-432-4494
800-961-8130
(F) 314-432-5523
healthcaresales@sbcglobal.net

Kay Hall
Dallas
972-985-1291
kay@thekgroup.net

Lisa Root
Iowa
Career Search
515-440-5604
lisa@careersearchassoc.com

Eric Koehler
Iowa
515-462-4897
eric@theinfinigroup.com

Stuart McGhee
St. Louis
( O ) 636-405-2654
( C ) 314-805-8312
slmcghee@att.net

Kay Daniels
Wisconsin
920-261-8490
888-397-5372
888-397-5374
kaydaniels@jefnet.com

Eddy Hatcher
Tennessee
MRI
901-432-1674
http://www.mricordova.com/pages/contactinfo.html
ehatcher@mricordova.com

Bob Moore
Dallas
Moore & Associates
972-960-1010
mma6@earthlink.net

Robin Holder
St. Louis
636-273-1600
robin@topsalesreps.com

Steve Paster
New Orleans
504-486-7080
http://www.stevepaster.com/
sdpaster@aol.com

Mike Shuster
Dallas
972-484-9675
texasjobs100@hotmail.com

Kari Sampson
Houston
800-460-4148
(F)1-800-460-4143
(C)713 201 6853
Kari@ksampson.com

Matt Tenley
Wisconsin
Nationwide search group
414-258-2409
mtenley@tds.net

Guy Wilson
Dallas
(C) 817-689-0972
guy@carepros.net

Brad Wigdale
Chicago
Skillbridge
847-441-0744
brad@theskillbridge.com

Vic Palazotta
New Orleans
Health care recruiters
504-838-8875
vic.palazola@hcrnetwork.com

Michelle Hall
Dallas
972-612-1312
michelle@thekgroup.net

Jeff Pepper
San Antonio , TX
210-647-7101
(f) 210 647 7997
jpepper@wt.net

Laura Jacobs
Kim Gross
Pensylvania
Jacobs Management Group
215-732-6437
215-732-4042 (f)
kgross@jacobsmgt.com

Bob Gillespie
Karen Gillespie
Connecticut
203-454-1841
Rmgsearch@AOL.com

Linda Bailey
Misty Doonis
South Florida
Medical Recruiters
305-365-7890
305-365-6116
Lauren 305 365 7890 x15
Linda@medicalrecruiters.com
lauren@medicalrecruiters.com
shawn@medicalrecruiters.com

Dave Troy
Eric Whitmer
Joe Odak
Joe Morely
Tina
Pennsylvania
Troy and Assoc.
412-343-5550
dtroy@thejobman.net
tina@thejobman.net
troyandassociates@thejobman.net

Bill Downing
Ohio (EST)
Downing Search
440-352-7599
bill@downingsearch.com

Clay Ward
New York
518-877-6706
800-229-3093
clayw@salessource.net

14

Diane Cleary
Dan Cleary
North Carolina
Blue Sky Group
352-205-8765
redhotrecruiter@carolina.rr.com

Linda Mende
Georgia
Executive Sales Search, Inc.
770-889-9665
lindamende@earthlink.net

Bob Hutchison
Detroit (EST)
248-814-6884
bobhutch@bigplanet.com

Mary Baysinger
Florida
Basinger Search
772-223-7147
mary@baysingersearch.com
sales@baysingersearch.com

Ed Rosenstein
Virginia
Ed Rosenstein & Assoc.
800-624-2495
rosensteinassoc@aol.com

Bill Fowles
North Carolina
Carter McKay
919-380-1200
bfowles@cartermackay.com
ahertz@cartermackay.com

Susan Hill
Ohio (EST)
Hill & Associates
513-893-4455
susan.haa@netzero.com

15

Suzette Wood
South Carolina
( O )919-858-7017
( C ) 919-614-7807
suzette.wood@hcrnetwork.com

Mike Peskosky(sp)
South Carolina
704-846-5204
primesearch@carolina.rr.com

Tom Stevens
New Jersey
732-741-1163
tasrecruiter@yahoo.com

Ryan Harris
Jacksonville , FL
Bales Co.
904 398 9080 ext 213
(c) 904 422 6040
rharris@balescompany.com

Tom Jayroe
Atlanta
404-221-1021
pcr@mriatl.com
Elaine@mriatl.com

Tom Johansky
South Florida
Management recruiters
954-958-0255
tjohasky@mdrsource.com

Phil Hunkler
North Carolina
704-814-9683
phil@hunklersearch.com

16

Richard Moorhead
Orlando , FL
407-677-7706
www.rmamedicalsales.com
Richard@rmamedicalsales.com

Ronith Dunn (rowneeth)
Baltimore
410-444-9924
ronithd@comcast.net

Bob Berkholtz
Mike Starich
Jacksonville , FL
Orion International
904-998-2211 ext 312
bberkholtz@orioninternational.com
mstarich@orioninternational.com

Terry Jemison
Virginia
Career Development
800-942-6385
tjemison@cdc-va.com

Jim Cosgrove
Jacksonville , FL
GTW Ltd
904-662-1113
904-534-7672
jcosgrove13@comcast.net

Tom & Sheryl Quinn
Steve Jones
Jacksonville , FL
800-359-5323
360 954 5055
(c) 904 607 6932
sheryl@leadersinc.com

Following the termination of my employment by Baxter, I made diligent efforts to find

other comparable and suitable employment.  However, my search proved to be difficult, in part

17

because I had to explain to any prospective employer why my employment at Baxter lasted only one year, and required me to inform any such prospective employer that my employment had been involuntarily terminated and to explain the reason why this incurred.  While I have no way of knowing the negative impact of disclosing this information, I believe it was certainly one of the reasons why I was unable to find suitable employment.  My daughter was only seven years old at the time and for that reason, relocation outside of Southern California was not a reasonable option.  I engaged in as much consulting work as I could, but that only resulted in earnings of approximately $100,000.00 over the five years following my termination from Baxter.

I finally concluded that my only reasonable option was to relocate in spite of the fact that it would mean geographical separation from my daughter and my husband.  I was finally successful in securing employment with Shire Pharmaceuticals on March 23, 2009 at a base salary of $172,000.00.  My current base salary at Shire is $202,078.

## INTERROGATORY NO. 4

Have you obtained other Employment since any Adverse Employment Action? If so, for each new employment:

a. state the name of the employer;

b. state when the new Employment commenced and terminated (if applicable);

c. state the hourly rate or monthly salary for the new Employment; and

d. state the benefits available from the new Employment.

18

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO 4

Yes.

a.    Shire Pharamceuticals

b.    March 23, 2009

c.    Base salary of $172,000.00.

d.    Benefits include medical, dental, vision, employee stock incentive program(purchase discounted stocks), 401k match and paid vacations.


## INTERROGATORY NO. 5

Do you attribute any physical, mental, or emotional injuries to the Adverse Employment Action? If so:

a. describe each physical, mental or emotional injury;

b. state the date(s) during which each injury occurred and, if ongoing, indicate whether the complaint is subsiding, remaining the same, or becoming worse;

c. describe the frequency and duration of the injury, and

d. If you consulted with or were examined or treated by any Healthcare Provider for any injury you attribute to the Adverse Employment Action state for each Healthcare Provider:

I. the name, address, and telephone number;

ii. the type of consultation, examination, or treatment provided;

iii. the dates you received consultation, examination, or

treatment; and

iv. the charges to date.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO 5**

No.

**INTERROGATORY NO. 6**

Have you taken any medication, prescribed or not, as a result of injuries that you

attribute to the Adverse Employment Action? If so, for each medication state:

a. the name of the medication;

b. the name, address and telephone number of the PERSON who

prescribed or furnished;

c. the dates prescribed or furnished;

d. the dates you began and stopped taking it; and

e. the cost to date.

**OBJECTIONS AND RESPONSES TO INTERROGATORY NO 6**

No.

**INTERROGATORY NO. 7**

State the name, address, and telephone number of each Healthcare Provider with

whom you consulted or visited or by whom you were treated from five years prior to the start of

your employment with Baxter to the present and, for each, execute one of the attached

Authorization to Release Medical Information forms.

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO 7

This interrogatory is objected to on the grounds that it seeks information which is

irrelevant to the subject matter of this action, is information protected from disclosure by Ms.

Sun's constitutional rights to privacy, and is information that is privileged by virtue of the

physician patient privilege, psychotherapist patient privilege, any other potentially applicable

legal privilege that exists between an individual and a health care provider, and also is

information protected from disclosure by Ms. Sun's rights to the confidentiality of her medical

information and her medical records.


                                                     Respectfully submitted.


Dated: September 8, 2011                             /s/  Lauren John Udden
                                                     Lauren John Udden
                                                     15 West Carrillo Street
                                                     Suite 101
                                                     Santa Barbara, California 93101
                                                     Telephone: (805) 879-7544
                                                     Facsimile: (805) 560-0506

                                                     Mark Allen Kleiman
                                                     2907 Stanford Avenue
                                                     Venice, California 90292
                                                     Telephone: (310) 306-8094

                                                     Counsel for Relator Linnette Sun

21

## **VERIFICATION**

STATE OF PENNSYLVANIA   )
                             )
COUNTY OF _____)

I the undersigned say:  I am a plaintiff in the above entitled matter.

I have read the foregoing **OBJECTIONS AND RESPONSES OF LINNETTE SUN TO BAXTER HEALTCARE CORPORATION'S  FIRST SET OF INTERROGATORIES** and know the contents thereof.  The information stated therein is true and correct to the best of my knowledge except for statements based on information and belief and as to those responses I believe them to be true and correct.

I declare under penalty of perjury in accordance with the laws of the State of Pennsylvania that the foregoing is true and correct.

Executed this _____ day of September, 2011, at Wayne, Pennsylvania.

_____
LINNETTE SUN

## CERTIFICATION OF SERVICE

I hereby certify that on September 8, 2011, I caused a true and correct copy of the

foregoing **OBJECTIONS AND RESPONSES OF RELATOR LINNETTE SUN**

**TO BAXTER HEALTHCARE CORPORATION'S FIRST SET OF**

**INTERROGATORIES** to be served on all counsel of record by electronic service by

sending a copy to  LexisNexis File & Serve for posting and notification to all parties.


/s/ Mark Allen Kleiman
MARK ALLEN KLEIMAN

22