**EXHIBIT E**

**DICKSTEIN**SHAPIRO LLP

1825 Eye Street NW | Washington, DC 20006-5403
TEL (202) 420-2200 | FAX (202) 420-2201 | dicksteinshapiro.com

October 20, 2011

Via E-mail: markkleiman@earthlink.net; ludden@ljulaw.com

Mark A. Kleiman
2907 Stanford Avenue
Venice, CA 90292

Lauren John Udden
15 West Carillo St., Suite 209
Santa Barbara, CA 93101

Re:   *U.S. ex rel. Sun v. Baxter*; Relators' Objections and Responses to Interrogatories and Requests for Production of Documents

Dear Mark and Lauren:

    I write concerning gross deficiencies in Ms. Sun's[1] discovery responses. As further detailed below, if we do not receive a satisfactory response to this letter by next Tuesday, October 25, 2011, we will file an immediate motion to compel the missing information and documents.

    First, your document production from Ms. Sun contains a number of emails that reference attachments. No attachments were provided with your production. To provide just a few examples, *see* LS-DFP1-000114, 000116, 000136, 000148, 000151, 000152, 000168. We expect immediate production of these and all other emails referencing attachments, together with their corresponding attachments.

    Second, in response to Interrogatory No. 4, concerning all of Ms. Sun's employment since the time she was fired by Baxter in July 2003, you responded only that she obtained a position with Shire Pharmaceuticals in March 2009. Sun's document production (and her response to Interrogatory No. 3) demonstrate that this response is incomplete. In fact, Ms. Sun performed consulting work (in her own name and that of LSY Health Research) with the companies Connectics and Biogen Idec, and possibly with Medtronic, Amgen, and Genzyme as well, during the 2004 thorough 2009 timeframe. Documents indicate that at least one of the Connectics projects was invoiced for over $95,000. Information concerning Ms. Sun's

---

[1] We understand from the recent document production that Ms. Sun now goes by Ms. Yen.

October 20, 2011
Page 2

consulting work, and income therefrom, has obvious implications for her damages claims. We therefore request again the following:

- A complete response to Interrogatory No. 4, which asks for all of Ms. Sun's employment since her termination from Baxter. The definition of employment specifically includes any work performed as a consultant or independent contractor.

- The production of documents in response to Document Request No. 20, which seeks: "All Documents and Communications, including but not limited to W-2s and 1099s, that reflect any wages or other work-related income you received from the last day of your employment with Baxter to the present."

- The production of documents in response Document Request No. 22, which seeks: "All Documents and Communications that refer or relate to any compensation you received from any employer (other than Baxter) or for any consulting work or self-employment since the commencement of your employment at Baxter to the present."

W-2s and 1099s were not produced, nor were any other documents reflecting Ms. Sun's compensation from her consulting work. At the very least, Ms. Sun is required to produce all tax documents demonstrating her income for the years 2003-2009. This information will be specifically sought in a motion to compel if not produced by the date stated above.

Moreover, we have not yet received a privilege log from you for either the Sun or Hamilton productions, although you have indicated in your objections that you are withholding documents on the basis of privilege. Please provide a privilege log by no later than October 31, 2011.

Finally, you have not responded to my September 27, 2011 letter concerning the earlier deficiencies in your discovery responses. Baxter also considers the matters raised therein ripe for a motion to compel and will file as we deem appropriate.

I look forward to your prompt response to this letter.

Sincerely,
/s/

J. Andrew Jackson
JacksonA@dicksteinshapiro.com
202-420-2268