UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK 2 SETTLEMENT | Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**

## I.    INTRODUCTION

Plaintiffs, by Class Counsel, respectfully submit this Memorandum in Support of their Motion for Imposition of an Appeal Bond against objector Corinna Connick in the amount of $241,500.  Under Rule 7 of the Federal Rules of Appellate Procedure, the Court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Earlier in this litigation, the Court imposed an appeal bond when an objector appealed the GlaxoSmithKline nationwide settlement.[1]  In the GSK case, the Court recognized that in the class action settlement context, "costs under Rule 7 may also include administrative costs to the classes that will likely be caused by the delay."[2]  The Court therefore imposed an appeal bond that included administrative costs.

Furthermore, if the Court determines that an objector's appeal is frivolous, the Court can also include attorneys' fees in an appeal bond.  As this Court recognized in GSK, "[t]he First Circuit has held that when the district court determines that an appeal may be frivolous, it may

---

[1] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274 (D. Mass. 2007).

[2] *Id.* at 277 (citing *Barnes v. FleetBoston Fin. Corp.*, 2006 U.S. Dist. LEXIS 71072, at *8-9 (D. Mass. Aug. 22, 2006); *In re Compact Disc. Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252 (D. Me. Oct. 7, 2003); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 124, 128-129 (S.D.N.Y. 1999)).

require security for the costs, including appellate attorneys' fees . . ."[3]  The First Circuit continues to support the inclusion of attorneys' fees where appeals bear "the indicia of frivolousness" and in other appropriate circumstances, such as where an appellee would be eligible to recover attorneys' fees under a statutory fee-shifting provision.[4]  And 28 U.S.C. § 1927 provides that any person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The Court has already found that Corinna Connick is not a Class member and that, consequently, her legal rights remain unaffected by the proposed Settlement.[5]  Therefore, Connick's attempt to intervene and object to the Track Two Settlement are frivolous and will serve no purpose but to delay the distribution of benefits to a Class that includes old and sick people who have waited 10 years for relief.  In fact, to date, several named class representatives have already passed away during the course of this litigation.  Moreover, the vexatiousness of the appeal is highlighted by the fact that Connick purportedly *wants* to become a Class member and be bound by a judgment in the case, *even though she believes that the proposed Settlement is fatally flawed*.  The Court should order Ms. Connick to post the bond requested in Plaintiffs' motion.

## II.      BACKGROUND

### A.      Connick's Motion to Intervene And Object To The Track Two Settlement

On March 4, 2009, Corinna Connick, represented by professional objector's counsel Ed Cochran and John Pentz, filed a motion to intervene seeking an order appointing her and her

---

[3] *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d at 277 (citing *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987)).

[4] *International Floor Crafts, Inc. v. Dziemit*, Nos. 09-1555, 09-1556, 09-2349, 2011 WL 1519113, at *9-10 (1st Cir. Apr. 21, 2011).

[5] *See* Dkt. No. 7770.

counsel as representatives of the consumer plaintiffs.[6]  On March 9, 2009, Connick, along with John and Connie Pentz, objected to the proposed Track Two Settlement, contending, among other things, that the allocation to consumers was insufficient.[7]  Connick lodged an additional objection on May 16, 2011, errantly claiming that she took a Class drug.[8]

Connick is not a member of the Class and, therefore has no standing to intervene or object.[9]  Accordingly, the Court properly denied Connick's motion to intervene, finding:  "Ms. Connick is not a class member and her claims are not being released."[10]

At the August 8, 2011 fairness hearing, the Court requested briefing on whether it would be appropriate to impose an appeal bond if an objector appeals the Track Two Settlement after final approval.[11]  As discussed below, it is appropriate to impose an appeal bond against Ms. Connick, who has appealed the Court's order denying her motion to intervene.[12]

**B.      Additional Administrative Costs**

As outlined in the Declaration of Daniel Coggeshall Regarding Additional Administration Costs Related to Appeal of the Track Two Settlement ("Coggeshall Decl."), Connick's appeal will delay distribution to the Class, and that delay in and of itself will cost the Class money.  For each additional month that the Settlement Fund remains open, the Claims Administrator incurs significant costs and expenses, including such items as maintaining the post

---

[6] *See* Dkt. No. 5941.

[7] *See* Dkt. No. 5947.

[8] *See* Dkt. No. 7542.

[9] Connick took the drug Climara.  As Class Counsel have demonstrated, Climara, a branded drug, is not a Class drug, even though the generic drug Estradiol is covered by the class definition.  Climara is not on the Class drug list, was not part of the litigation and was not included in the release.  *See* Dkt. No. 7573 at 44-45; *see also* Fifth Amended Master Consolidated Class Action Complaint (Dkt. No. 5902), ¶ 299 (specifying the precise Bayer drugs for which relief is sought in the case and omitting Climara).

[10] Dkt. No. 7770.

[11] Aug 8, 2011 Hearing Tr. at 135-36.

[12] *See* Dkt. No. 7814.

office box and the toll-free number, updating the website and responding to an ever increased number of Class member inquiries (which become more and more numerous as time passes, as Class members call for updates as to when they will receive their money).

Based on the Claims Administrator's own experience in *In re Warfarin Sodium Antitrust Litig.*, a settlement administration similar to this one, there were additional incremental administrative costs of $7,500 to $10,500 per month caused by the delay associated with the appeal.[13]  Similar costs will be borne by the Settlement Fund here and will be paid out of the monies that would otherwise be distributed to the Class.  Optimistically assuming that the appeal can be resolved in twelve months, delay costs are estimated at $196,500.[14]  Class Counsel will aggressively pursue the recoupment of these costs from Connick once her appeal is denied.

In addition, as this Court has repeatedly observed, members of the Class include people who are elderly, sick and have already waited 10 years to receive any type of payment.  Connick should not be permitted to engage in an exercise of futility at the expense of these people.

**C.**     **Attorneys' Fees and Costs**

In addition, it is estimated that Connick's appeal will cause Class Counsel to accrue approximately $45,000 in attorneys' fees and expenses in compiling the record on appeal, preparing the appellate brief and preparing for and attending a hearing before the First Circuit.[15]  Class Counsel will be equally zealous in pursuing the recoupment of these costs from Connick once her appeal is denied.

---

[13] *See* Coggeshall Decl., ¶¶ 4-7.

[14] *Id.*, ¶ 10; *Cf. In re Cardizem CD Antitrust Litig.*, No. 99-md-1278, 2005 WL 2179383 (E.D. Mich. Sept. 9, 2005) (appeal dismissed 14 months after final approval; administration costs attributable to delay amounted to $255,683.10).

[15] *See* Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Imposition of Appeal Bond Against Corinna Connick under Federal Rule of Appellate Procedure 7, ¶ 2.

- 4 -

### III.     ARGUMENT

**A.     The Court Is Authorized To Require an Appeal Bond**

Rule 7 of the Federal Rules of Appellate Procedure provides in pertinent part as follows: "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  "[T]he nature and amount of the bond is a matter left to the sound discretion of the district court."[16]  Costs on appeal include those costs itemized in Rule 39 of the Federal Rules of Appellate Procedure, such as the costs to prepare and reproduce the briefs and appendices.

Earlier in this litigation, the Court imposed an appeal bond when an objector appealed the GlaxoSmithKline nationwide settlement.[17]  In the GSK case, the Court recognized that in the class action settlement context, "costs under Rule 7 may also include administrative costs to the classes that will likely be caused by the delay."[18]  The Court therefore imposed an appeal bond that included administrative costs.

Furthermore, if the Court determines that an objector's appeal is frivolous, the Court can also include attorneys' fees in an appeal bond.  "The First Circuit has held that when the district court determines that an appeal may be frivolous, it may require security for the costs, including appellate attorneys' fees . . ."[19]  The First Circuit continues to support the inclusion of attorneys' fees where appeals bear "the indicia of frivolousness" and in other appropriate circumstances, such as where an appellee would be eligible to recover attorneys' fees under a statutory fee-

---

[16] *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987); *see also Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) ("A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal.").

[17] *See In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274 (D. Mass. 2007).

[18] *Id.* at 277 (citing *Barnes v. FleetBoston Fin. Corp.*, 2006 U.S. Dist. LEXIS 71072, at *8-9 (D. Mass. Aug. 22, 2006); *In re Compact Disc. Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252 (D. Me. Oct. 7, 2003); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 124, 128-129 (S.D.N.Y. 1999)).

[19] *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d at 277 (citing *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987)).

shifting provision.[20]  In addition, 28 U.S.C. § 1927 provides that any person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

**B.      Connick's Appeal is Frivolous, Unreasonable and Vexatious And Will Likely Subject Her to Sanctions Under Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1927**

Connick's appeal is frivolous within the meaning of Rule 38 of the Federal Rules of Appellate Procedure and is unreasonable and vexatious under 28 U.S.C. § 1927.  As a non-class member whose legal rights remain wholly unaffected by the Settlement, Connick lacks standing to object and appeal.

Courts have held that non-class members do not have standing to object to class settlements.[21]  As Judge O'Toole held in *Root*:

> Doe lacks any interest in the matter sufficient to give her standing to object to the settlement.  She . . . is unaffected by the settlement. Doe remains in the same position with respect to Ames as before the settlement agreement was entered.  If she has any claims against Ames, she may assert them in her own civil action under the FLSA.  The settlement does not, as it could not, deprive her of any cause of action.[22]

And so it is here:  Connick remains in the same position with respect to her potential claim as before the proposed Settlement was entered and can assert her own civil action if she wishes.

---

[20] *International Floor Crafts, Inc. v. Dziemit*, 2011 WL 1519113, at *9-10.

[21] *See, e.g., Root v. Ames Dep't Stores, Inc.*, 989 F. Supp. 274, 275 (D. Mass. 1997); *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 923 (S.D.N.Y. 1991), *aff'd*, 960 F.2d 285 (2d Cir. 1992); *In re Union Carbide Corp. Consumer Prods. Secs. Litig.*, 718 F. Supp. 1099, 1108 (S.D.N.Y. 1989); *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 754 (S.D.N.Y. 1985), *aff'd*, 798 F.2d 35 (2d Cir. 1986); *Cf. In Re Fine Paper Litig.*, 632 F.2d 1081, 1087 (3d Cir. 1980) (a nonsettling party may not object to the terms of a settlement which do not affect its own rights); *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979) (non-settling defendants do not have standing to object to class settlement because they are not class members) (citing cases).

[22] 989 F. Supp. at 275.

In *Vladmir v. United States Bank Note Corp.*,[23] the Court approved a settlement of a securities fraud class action that provided for a jury verdict to be vacated, even though a third party who had another action against the settling defendant wanted to use collateral estoppel to bar relitigation of the jury's findings.  In rejecting the intervenor third party's arguments, the Court held that the third party "was not a member of the plaintiff class and has **no cognizable interest** in the judgment in this case."[24]  Likewise here, Connick, who the Court has already found is not bound by any release in the Settlement, has no interest in this case.  She is simply free to pursue her own case.  Indeed, at least at one point, Connick had lawyers who signed an intervention motion and complaint and argued that Connick and counsel both were purportedly fully prepared to represent a Class and pursue relief.

Connick's appeal is also frivolous because she lacks standing to pursue her appeal given that she has not suffered an injury-in-fact.  "The burden of stating facts sufficient to support standing rests with the party seeking to assert federal jurisdiction.  This burden applies to a party seeking to assert federal jurisdiction on appeal."[25]  To satisfy the "case" or "controversy" requirement of Article III, which is the irreducible constitutional minimum of standing, Connick must demonstrate that she has suffered "(1) an 'injury-in-fact'; (2) that is 'fairly traceable' to the proceeding below; and (3) is 'likely' to be redressed by a favorable decision.'"[26]  "The aim is to determine whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the

---

[23] 976 F. Supp. 266 (S.D.N.Y. 1997).

[24] *Id.* at 267 (emphasis added).

[25] *Sea Shore Corp. v. Sullivan*, 158 F.3d 51, 54-55 (1st Cir. 1998) (citations omitted).

[26] *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

court's remedial powers on his behalf.  The standing issue must therefore be resolved irrespective of the merits of the substantive claims."[27]

Here, Connick lacks standing to pursue her appeal because she has suffered no injury. The Court has held that she is not a Class member and that her claims are not released.  The Court has thus saved Connick from suffering the alleged dignity of having her legal rights abridged by being bound by a settlement that Connick believes is defective because, among other things, it does not pay enough.  Having no personal stake in the outcome of the appeal, she has no Article III standing.[28]

Connick's brazen attempt to hold up the orderly disposition of this case and badly needed relief to the Class is also unreasonable and vexatious under 28 U.S.C. §1927.  It is difficult to imagine a more frivolous, unreasonable and vexatious appeal than that pursued by Connick here – *a non-class member whose legal rights are wholly unaffected by a proposed Settlement and who wishes to be included in the Class even though she believes that the Settlement that will bind that Class is fatally defective*.  Connick's appeal is ridiculous and will succeed only in denying tens-of-thousands of Class members, all of whom are elderly and some who are sick and dying, timely and substantial relief.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court enter an order under Federal Rule of Appellate Procedure 7 to require Connick to post an appeal bond in an amount sufficient to cover costs for her frivolous appeal, including the damages likely to result from the

---

[27] *United States v. Vasquez*, 145 F.3d 74, 80-81 (2d Cir. 1998) (internal quotations and citations omitted).

[28] *See Osediacz v. City of Cranston*, 414 F.3d 136, 142 (1st Cir. 2005) ("The plaintiff's plight falls squarely within the compass of this admonition.  Although offended by the Policy, she has sustained no injury in fact.  Thus, she has no sufficient personal stake in this litigation to ground a determination that she has standing to sue.").

delay in settlement administration and reasonable attorneys' fees.  The amount of such bond

should be $241,500.

DATED:  November 4, 2011          By____/s/ Steve W. Berman_____
                                      Thomas M. Sobol (BBO#471770)
                                      Edward Notargiacomo (BBO#567636)
                                  Hagens Berman Sobol Shapiro LLP
                                  55 Cambridge Parkway, Suite 301
                                  Cambridge, MA  02142
                                  Telephone: (617) 482-3700
                                  Facsimile: (617) 482-3003

                                  **LIAISON COUNSEL**

                                  Steve W. Berman
                                  Sean R. Matt
                                  Hagens Berman Sobol Shapiro LLP
                                  1918 8th Avenue, Suite 3300
                                  Seattle, WA  98101
                                  Telephone: (206) 623-7292
                                  Facsimile: (206) 623-0594

                                  Jennifer Fountain Connolly
                                  Hagens Berman Sobol Shapiro LLP
                                  1629 K Street, NW
                                  Suite 300
                                  Washington, D.C. 20006
                                  Telephone:  (202) 355-6435
                                  Facsimile:  (202) 355-6455

                                  Jeffrey Kodroff
                                  John Macoretta
                                  Spector, Roseman Kodroff & Willis, P.C.
                                  1818 Market Street, Suite 2500
                                  Philadelphia, PA  19103
                                  Telephone: (215) 496-0300
                                  Facsimile: (215) 496-6611

                                  Kenneth A. Wexler
                                  Wexler Wallace LLP
                                  55 W. Monroe, Suite 3300
                                  Chicago, IL  60603
                                  Telephone: (312) 346-2222
                                  Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

001534-16  484150 V1

## CERTIFICATE OF SERVICE BY LEXISNEXIS FILE & SERVE

Docket No. MDL 1456

I, Steve W. Berman, hereby certify that I am one of plaintiffs' attorneys and that, on November 4, 2011, I caused copies of **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7** to be served on all counsel of record by causing same to be posted electronically via Lexis-Nexis File & Serve.


 **/s/ Steve W. Berman**

Steve W. Berman

001534-16  484150 V1