UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO *United States ex rel. Linnette Sun and Greg Hamilton, Relators* *v.* *Baxter Healthcare Corporation* | MDL # 1456  Master File No. 1:01-CV-12257-PBS  Sub-Category Case No. 1:08-CV-11200  Judge Patti B. Saris |

**DECLARATION OF MARK KLEIMAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f) REQUESTING TIME AND OPPORTUNITY TO CONDUCT DISCOVERY NECESSARY TO FULLY RESPOND TO BAXTER'S MOTION FOR SUMMARY JUDGMENT**

I, Mark Allen Kleiman, hereby declare as follows:

I am an attorney licensed to practice before all courts in the State of California and have been admitted *pro hac vice* for purposes of representing Relators Linnette Sun and Greg Hamilton in this matter. If called upon to do so, I could and would testify competently to the following based upon firsthand knowledge:

1. Baxter's motion for partial summary judgment asserts that government officials knew of and consented to Baxter's marketing of the spread by manipulating the Average Wholesale Price of its blood factor products, Advate and Recombinate. One of the purported justifications for this alleged acquiescence is that the providers needed to be paid so much money for selling these drugs that they could recoup the cost of storing and administering the products.

2.	As this Court has previously found the expected cost of storing and administering the drugs would require a margin of no greater than 20-25%.  (*In Re Pharmaceutical Industry Average Wholesale Price Litigation*; Trials of Class 2 and Class 3 Claims, 491 F.Supp. 2d 20, 37-38 (D. Mass. 2007).)   Moreover, to the extent that any manipulation of the Average Wholesale Price was to be "expected," that manipulation should have been no greater than 30% of the pharmacy acquisition cost.    Finally, since providers <u>did</u> get separately reimbursed for services associated with the provision of clotting factors after 2005 (the effective date of the Medicare Modernization Act), there would be no excuse for continued cross-subsidization from 2005 forward.

3.	This Court has also found that "[m]any pharmaceutical companies unscrupulously took advantage of that flawed AWP system by establishing secret mega-spreads between the fictitious reimbursement price they reported and the actual acquisition costs of doctors and pharmacies.  These spreads grossly exceeded the standard industry markup."  *Id.*, at 31.

4.	Relators intend to and expect to illustrate that there are triable issues of material fact around the following points:

> A)	Did the state Medicaid directors understand that the spread for Advate was 192%?
>
> B)	Did the state Medicaid directors understand that the spread for Recombinate was 186%?

        C)        To the extent that state Medicaid directors accepted that there would be some degree of AWP spread to subsidize providers for their costs associated with storing and administering the product, did the directors expect that the margin would be 20-25%, or 190%?

        D)        Did the state Medicaid directors expect that once providers were reimbursed for services associated with storing and administering clotting factor products, that there would be no further need for any such subsidization, so that the claimed AWP would more closely reflect the actual acquisition cost of the product?

5.        Relators in good faith did not anticipate Baxter's claim and did not have a prior opportunity to conduct discovery on this topic.

6.        Relators need to depose a number state Medicaid directors (or their designees) sufficient to rebut Baxter's claim that there is no triable issue of fact regarding government knowledge.   Relators expect that 6-10 such depositions should be sufficient, unless Baxter were to object and this Court were to find that triable issues of fact had to be established on a state-by-state basis, at which point more depositions would be required.

I declare under penalty of perjury under the laws of the State of California and the District of Columbia that the foregoing is true and correct.  Executed this 14th day of November, 2011, in Washington, D.C.

                                                                                /s/ Mark Allen Kleiman
                                                                                    Mark Allen Kleiman

**CERTIFICATION OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing **DECLARATION OF MARK KLEIMAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f) REQUESTING TIME AND OPPORTUNITY TO CONDUCT DISCOVERY NECESSARY TO FULLY RESPOND TO BAXTER'S MOTION FOR SUMMARY JUDGMENT** to be served on all counsel of record via electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties on November 14, 2011.

/s/ Mark Allen Kleiman
MARK ALLEN KLEIMAN