**Exhibit A**
**to STIPULATION OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST**
**SANDOZ PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE**

(Settlement Agreement and Release)

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES

This Settlement Agreement and Release (this "Agreement") is entered into as of the Effective Date, as defined in Paragraph III.21. below, by and among Ven-A-Care of the Florida Keys, Inc., on its own behalf and, to the fullest extent it is capable as a *qui tam* relator under the False Claims Act (31 U.S.C §§ 3729-3732) and other applicable law, on behalf of the United States of America (in any of the foregoing capacities, the "Relator"); Zachary T. Bentley, T. Mark Jones, Luis E. Cobo and John Lockwood, M.D., each of the foregoing individuals on his own behalf and in all other capacities (the preceding four parties, the "Relator's Current and Former Officers and Directors" or "Individual Plaintiffs"); the State of California ("California") and the State of Florida ("Florida") (California and Florida are collectively referred to as the "Settling States") (all of the foregoing parties are collectively "Plaintiffs"); and Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.) (collectively all of the above will be referred to as the "Parties"). The United States is not a party to this Agreement; however, this Agreement is conditioned upon the United States' written consent executed in the form attached as **Exhibit 1**.

### II. PREAMBLE

As a preamble to this Agreement, the Parties state as follows:

A.     Sandoz Inc. is a corporation organized under the laws of Colorado, engaged in the business of manufacturing and selling pharmaceuticals, with its principal place of

1

business in New Jersey. For the purposes of this Agreement the term "Sandoz" shall include Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.) and (for all times prior to the Effective Date of this Agreement) Eon Labs, Inc.; Lek Pharmaceuticals, Inc.; and EBEWE Parenta Pharmaceuticals, Inc., as well as the subsidiaries of all such companies; and

B.      Florida and the Relator are jointly pursuing relief in a state-court action in the Circuit Court of the Second Judicial District in and for Leon County, Florida, against Sandoz,c aptioned *State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Mylan Pharmaceuticals, Inc., et al.*, Civil Action No. 98-30302F, 03-1165A (these claims and proceedings, inclusive of any predecessor sealed case, are referred to as the "Florida Proceedings"); and

C.      On or about April 10, 2000, the Relator and one or more of the Individual Plaintiffs filed a *qui tam* action in the United States District Court for the District of Massachusetts, captioned *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Dey, et al.*, Civil Action No. 00-10698 (D. Mass.).  That complaint was amended under seal at various times, including on February 1, 2002, to add claims against Sandoz based on the information that the Relator supplied to the United States about Sandoz' products. The Relator's claims in the federal action included one or more pendent claims; however, the Relator never served the states and instead dismissed its pendent state claims, without prejudice, and elected not to pursue them.  That complaint was further amended and unsealed on May 21, 2008.  These claims and proceedings are referred to as the "Federal Qui Tam Proceedings"; and

2

D.     California and the Relator are jointly pursuing relief in an action against Sandoz

styled, *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott*

*Laboratories, Inc., et al.*, Civil Action No. 03-11226-PBS ( D. Mass.) (these claims and

proceedings are referred to as the "California Proceedings"); and

E.     The Florida Proceedings and the California Proceedings are collectively referred

to in this Agreement as the "State Proceedings," and the claims and proceedings

referenced in clauses B. through D. of this Preamble, including the State Proceedings and

the Federal Qui Tam Proceedings, are collectively referred to as the "Civil Actions"; and

F.     In one or more of the Civil Actions, the Plaintiffs contend that between January 1,

1991 and the Effective Date of this Agreement, Sandoz submitted, or caused to be

submitted, false claims to various state Medicaid Programs and/or, among other things,

(i) Sandoz knowingly set, reported and/or maintained, or caused to be set, reported and/or

maintained, false, fraudulent and/or inflated prices, including, without limitation,

Average of Suggested Wholesale Price to Pharmacy, Average Wholesale Price, AWP,

Suggested Wholesale Price, SWP, Price to Wholesaler and/or Distributor, Direct Price to

Pharmacy, Central Purchase Price to Chain (such as Warehouse Price), Institutional or

Other Contract Price (Nursing Home, Home Health Care), Other Price, Suggested List

Price, Wholesale Acquisition Cost, Wholesale Net Price, Direct Price, Wholesale Direct

Price and/or Net Direct Price, and/or other prices reported by Sandoz or published by

compendia (any of the foregoing, collectively "Reported Prices"), for drugs

manufactured, marketed, distributed, co-marketed and/or sold by or on behalf of Sandoz

(any and all such drugs, a "Sandoz Covered Drug"); (ii) Sandoz knowingly set, reported

and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent

3

and/or inflated Reported Prices that were higher, and sometimes substantially higher, than the prices paid by customers of Sandoz for certain of the Sandoz Covered Drugs; (iii) Sandoz used an artificially inflated spread between the Reported Prices and the actual selling prices for certain Sandoz Covered Drugs in marketing, promoting and/or selling Sandoz Covered Drugs to existing and potential customers; and (iv) Sandoz knew that the reporting of false, fraudulent and/or inflated Reported Prices in connection with certain Sandoz Covered Drugs and/or marketing those Sandoz Covered Drugs based on the artificially inflated spread between the Reported Prices and the actual selling prices would cause the customers and others to submit false, fraudulent and/or inflated claims for reimbursement to various state Medicaid Programs; and

G.     For purposes of this Agreement, the conduct described in clause F. of this Preamble and any action, omission or other conduct alleged in any of the Civil Actions is hereafter referred to as the "Covered Conduct"; and

H.     The Plaintiffs have made various decisions and elections in the Civil Actions as to which Sandoz Covered Drugs should be included, excluded, added or dropped, based on the manner in which the Plaintiffs chose to prosecute the Civil Actions. Notwithstanding such decisions and elections by Plaintiffs, this Agreeement, including its Covered Conduct and Release provisions, shall encompass and apply to all of the Sandoz Covered Drugs throughout the timeframe up to the Effective Date of this Agreement; and

I.     The Plaintiffs contend that, as a result of the Covered Conduct, the United States and the Settling States were damaged; and

4

J.      Sandoz denies the Covered Conduct, denies any and all wrongdoing by itself or any of its affiliates, and denies that it or any of its affiliates has any liability relating to the Covered Conduct; and

K.      To avoid the delay, expense, inconvenience, and uncertainty of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties wish to resolve their differences arising from the Civil Actions and the Covered Conduct and have reached a full, fair, and final settlement as set forth in this Agreement, which settlement the Parties acknowledge and agree is not punitive in purpose or effect; and

L.      This Agreement is intended to fully, finally, and forever resolve any and all claims against, and liability of, any of the Sandoz Released Parties (as defined below) arising under the State Proceedings and/or the Federal Qui Tam Proceedings, or from the Covered Conduct, including, without limitation, all of the claims that were brought, could have been brought, or could be brought in the future by or on behalf of any of the Plaintiffs related to the "Federal-Share" (defined to mean the United States' portion of any Medicaid reimbursement (except for that arising from Medicaid payments by the States of Illinois, Kentucky, Alaska, Idaho, Hawaii, Mississippi, Texas or Alabama (the "Federal Share Carve-Out States"))of any Medicaid reimbursement arising from any of the Covered Conduct for any Sandoz Covered Drug, or the "State-Share" (defined to mean a state's portion of any Medicaid reimbursement in any of the Settling States) of any Medicaid reimbursement by any of the Settling States arising from any of the Covered Conduct for any Sandoz Covered Drug; and

5

M.    This Agreement is the result of a compromise of disputed issues of law and fact, and the execution and delivery of this Agreement shall not constitute or be construed as an admission of fault, liability, or wrongdoing by any of the Parties, nor does it constitute evidence of any liability or unlawful conduct on the part of the Parties, and this Agreement shall not be admissible as evidence of any fault or liability of the Parties in any investigation, administrative claim, action, suit, arbitration, or proceeding.

III.    <u>TERMS AND CONDITIONS</u>

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    The foregoing Preamble is incorporated herein.

2.    In full and final settlement of all of the Released Claims (as defined below), Sandoz shall pay, or shall cause to be paid on its behalf, the sum of one hundred and fifty million United States dollars ($150,000,000.00) (the "Settlement Amount") for the benefit of the Plaintiffs and the United States on the terms and subject to the conditions set forth herein. The Plaintiffs have agreed among themselves that, from the Settlement Amount, the sum of eighty-six million five hundred thousand dollars ($86,500,000.00) shall be paid to the United States ("the United States Settlement Portion"). The Parties agree that the payment of the Settlement Amount shall resolve, fully and finally, all of the Released Claims. The Parties further agree that all amounts payable to the Relator or any of its (or any other Plaintiff's) attorneys or other

representatives or advisors shall be paid out of the Settlement Amount without further liability of Sandoz. The allocation of the Settlement Amount among the United States, each of the Settling States, the Relator, the Individual Plaintiffs and their respective counsel is a matter that shall be and has been handled separately by and among the Relator, the Individual Plaintiffs, the Settling States, the United States, and their advisors without any involvement of or input from Sandoz. Sandoz was not consulted about the allocation of the Settlement Amount among the Plaintiffs and the United States, nor has Sandoz had any input into the allocation. For this reason, Sandoz is not in a position to agree to the allocation and, as a part of the settlement, will not contest such allocation or be deemed to have endorsed or been responsible for any such allocation. Also for this reason, the allocation of the Settlement Amount shall not be deemed material to this Settlement Agreement and therefore no dispute among or between one or more of the individual Settling States, the Relator, the Individual Plaintiffs (or any individual Individual Plaintiff), and/or the United States concerning the allocation of the Settlement Amount shall be grounds for termination of this Settlement Agreement, nor shall any such dispute give any Plaintiff who is a party to this Settlement Agreement the right to fail to perform its obligations under this Settlement Agreement. The Plaintiffs have agreed among themselves that i.) the portion of the Settlement Amount allocable to California Medicaid Program related recoveries in the California Proceedings and the Federal Qui Tam Proceedings shall be seventy-five million dollars ($75,000,000.00); ii.) the portion of the Settlement Amount allocable to Florida Medicaid Program related recoveries in the Florida Proceedings and the Federal Qui Tam Proceedings shall be thirty-eight million eight hundred eighty-eight thousand eight hundred eighty-eight

dollars ($38,888,888.00); (iii.) the portion of the Settlement Amount allocable to other United States recoveries in the Federal Qui Tam Proceedings shall be thirty-five million one hundred eleven thousand one hundred eleven dollars ($35,111,111.00); and (iv.) the portion of the Settlement Amount allocable to reimbursement of Relator's attorney's fees and costs shall be one million dollars ($1,000,000.00).

3.      Within ten (10) business days following the Effective Date of this Agreement, Sandoz shall pay the Settlement Amount by wire transfers to the Plaintiffs and the United States in the amounts, and pursuant to the instructions, set forth in Paragraph III.4. below and in the Settlement Amount Allocation Schedule, attached hereto as **Exhibit 2**.

4.      **THIS PARAGRAPH CONTAINS AN INDEMNITY AND HAS BEEN READ CAREFULLY BY RELATOR.** California's net share of the Settlement Amount (the "California Net Amount") shall be $40,000,000.00, which amount shall be inclusive of attorneys' fees and costs payable to the State of California and net of the California relator share of $5,000,000.  The California Net Amount of $40,000,000.00 shall be delivered to California by Sandoz in accordance with instructions from Supervising Deputy Attorney General Nicholas Paul, at the Office of the Attorney General of California.  Florida's net share of the Settlement Amount (the "Florida Net Amount") shall be $15,225,000.00, which amount shall be inclusive of attorneys' fees and costs payable to the State of Florida and net of the Florida relator share of $2,275,000.00.  The Florida Net Amount of $15,225,000.00 shall be delivered to Florida by Sandoz in accordance with instructions from Senior Assistant Attorney General Diana Shumans, at the Office of the Attorney General of Florida.   The full amount of the

8

$86,500,000.00 United States Settlement Portion shall be delivered to the United States by Sandoz in accordance with instructions from United States Department of Justice Senior Trial Attorney Laurie Oberembt, and the federal relator share shall be paid by the United States pursuant to the United States False Claims Act (31 U.S.C. § 3730) in such amount as may be agreed to between the United States and the Relator or as ordered by the Court. The payment of the amounts of the California and Florida relator's share and the Relator's attorney fees and costs reimbursement from the Settlement Amount, totaling $8,275,000.00, shall be delivered by Sandoz in accordance with instructions from Relator's counsel James J. Breen. The Parties will cooperate to exchange wiring and routing instructions so that such payments can be promptly made. **The Relator expressly INDEMNIFIES and holds the Sandoz Released Parties (hereinafter defined) harmless from and against any and all claims by persons or entities who have represented the Relator in connection with the claims released herein for: (1) attorneys' fees, costs, and expenses; or (2) any portion of the Settlement Amount.**

5.      Within three (3) business days following Sandoz' payment of the full Settlement Amount, the Parties shall file the following in the appropriate court or courts: (1) Joint Stipulations of Dismissal with Prejudice and proposed Orders of Dismissal with Prejudice in the Florida Proceedings, the California Proceedings, and the Federal Qui Tam Proceedings in the form attached hereto as **Exhibits 3, 4, and 5** respectively, (2) the Consent of the United States in the Federal Qui Tam Proceedings in the form attached hereto as **Exhibit 1**, and (3) motions seeking entry of the proposed Orders of Dismissal with Prejudice in the Florida Proceedings, the California Proceedings and the Federal Qui Tam Proceedings. Each Party shall use its reasonable best efforts to obtain entry of such

9

proposed Orders of Dismissal with Prejudice and to seek to cause each such Order of Dismissal with Prejudice to become a final and non-appealable order without amendment or modification thereto or limitations thereof (a "Final Order") as soon as possible.

6.     In consideration of the obligations of Sandoz set forth in this Agreement, conditioned upon Sandoz' payment in full of the Settlement Amount specified herein, the Settling States release and agree to refrain from instituting, directing or maintaining any action seeking exclusion from the State Medicaid Programs against any of the Sandoz Released Parties for the Covered Conduct, or seeking to impose a Corporate Integrity Agreement on any of the Sandoz Released Parties based on the Covered Conduct.

7.     In consideration of the obligations of Sandoz in this Agreement, and conditioned on Sandoz' payment in full of the Settlement Amount in accordance with Paragraphs III.2. through III.4. above, each Plaintiff, on behalf of itself (including, with respect to the Relator, to the fullest extent it is capable as a *qui tam* relator under the False Claims Act (31 U.S.C §§ 3729-3732) and other applicable law, on behalf of the United States), and each of its and their predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, and divisions and any current or former shareholders, directors, officers, agents, agencies, departments, employees, managers, partners, servants, attorneys, advisors and other representatives of any of the foregoing, fully and finally releases, acquits, and forever discharges Sandoz and each of its present and former predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, divisions and each of the current and former shareholders, officers, directors, employees, managers, partners, agents, agencies, departments, servants, attorneys, advisors and other representatives of any of the foregoing (collectively, the "Sandoz Released Parties") from any and all civil,

regulatory and/or administrative claim, action, suit, demand, right, cause of action, liability, judgment, damage or proceeding, whether sealed or unsealed (including attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated) (collectively, "Claims"), which has been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, based on or arising from any of the Covered Conduct (collectively, the "Released Claims"), including but not limited to Claims with respect to the State-Share for any of the Settling States and the Federal-Share for all states except the Federal Share Carve-Out States based on or arising from the Covered Conduct, and including, but not limited to, Claims based on or arising from the marketing or sale by Sandoz Released Parties of drugs under labeler codes issued by the FDA to parties other than the Sandoz Released Parties; however, in no event shall this release extend to parties other than the Sandoz Released Parties.  Without limiting the generality of the foregoing, and to the fullest extent that the Plaintiffs (and in the case of the Relator including on behalf of the United States) are capable under applicable law of releasing and discharging claims, this release fully discharges and releases each Sandoz Released Party from (i) any obligation to pay Medicaid-related damages, restitution, fines and/or penalties based on or arising from any Covered Conduct; (ii) any civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs associated with the Civil Actions to which Relator or its attorneys may be entitled; (iii) any obligation to pay the State-Share of any Settling State of any claim asserted in the Civil Actions based on or arising from any Covered Conduct; and (iv) any obligation to pay the Federal-Share of any state, except the Federal Share Carve-Out States, of any claim asserted in the Civil

11

Actions or for any Covered Conduct.  The Plaintiffs shall not initiate or prosecute (directly or indirectly) litigation or proceedings of any kind based on the Covered Conduct against any of the Sandoz Released Parties on behalf of any person or entity.

8.      In consideration of the obligations of the Plaintiffs set forth in this Agreement, Sandoz, on behalf of itself and its predecessors, successors, subsidiaries, parents, assigns, divisions and any current or former shareholders, directors, officers, agents, employees, managers, partners, servants, attorneys, advisors and other representatives of any of the foregoing fully and finally releases the United States of America, the State of California, the State of Florida, any of their agencies, agents, employees, servants, attorneys and departments, the Individual Plaintiffs and the Relator, in its own capacity and in its capacity as *qui tam* representative of the United States of America, and Relator's present and former predecessors, successors, heirs, trustees, parents, subsidiaries, assigns, divisions and each of the current and former officers, directors, employees, managers, partners, agents, servants, attorneys, advisors and other representatives of any of the foregoing from any claims or liabilities arising from the Covered Conduct, or the investigation or litigation of claims arising from the Covered Conduct, which Sandoz has or could have asserted.

9.      Nothing in this Agreement shall be construed to create a waiver of the Sovereign Immunity of the United States of America, the State of California, or the State of Florida.

10.      Notwithstanding any other term of this Agreement, including the release provisions in Paragraphs III.7. and III.8. above, any and all of the following are

12

specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including the Parties):

(a)  Any claims based upon such obligations as are created by this Agreement;

(b)  The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant in the Medicaid Program of any of the Sandoz Covered Drugs covered thereunder;

(c)  Any claims based on a failure to deliver products or services due;

(d)  Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

(e)  Any express or implied warranty claims or other claims for defective or deficient products and services provided by Sandoz;

(f)  Any claims based on or arising out of conduct occurring after the Effective Date of this Agreement;

(g)  Any liability to the United States or a Settling State for any conduct other than the Covered Conduct; and/or

(h)  Any claims arising from Sandoz' obligations to report Average Manufacturer Prices ("AMPs") and/or Best Prices, and/or pay rebates under any Rebate Agreement, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto.

11.  The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

12.  Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.     This Agreement shall be governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute arising between or among the Parties under this Agreement relating to the Federal Qui Tam Proceedings and/or the California Proceedings shall be the United States District Court for the District of Massachusetts, and that the United States District Court for the District of Massachusetts shall retain continuing jurisdiction over the enforcement of this Agreement and all releases relating to the Federal Qui Tam Proceedings or the California Proceedings provided for herein, including for purposes of issuing an injunction in protection of any court's jurisdiction to enforce the terms, conditions, and releases provided for in this Agreement.  Inasmuch as any provision of this Agreement relates to the parties' rights in the Florida Proceedings, including contractual rights, releases or enforcement remedies, the exclusive jurisdiction and venue shall be the Second Circuit in and for Leon County, Florida.

14.     This Agreement, including all Exhibits and attachments constitute the complete agreement between the Parties with regard to the subject matter hereof.  This Agreement may not be amended except by written consent of all of the Parties.  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

15.     The individual(s) signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

14

16.    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

17.    This Agreement is binding on Sandoz and its successors, transferees, and assigns.

18.    This Agreement is binding on each of the Plaintiffs, their attorneys, successors, transferees, heirs, and assigns.

19.    This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement.  In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties.  Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purposes of the Parties and this Agreement.

20.    If any provision of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provision to other circumstances, shall remain in effect and be interpreted so as best reasonably to affect the intent of the Parties.  Notwithstanding the foregoing, if either the payment or any of the release provisions hereof are found to be unenforceable or invalid by a court of competent jurisdiction, then such invalidity or unenforceability shall be cause for voiding the entirety of this Agreement at the election of the Party the interests of which are injured by the finding of invalidity or unenforceability; however, the Plaintiffs shall be

15

entitled to re-file, reinstate and continue to litigate their claims against Sandoz without regard to any statute of limitations or other time barred defense which may be asserted by Sandoz for the time period commencing upon the Effective Date of this Agreement and ending thirty (30) days after the date that the Agreement is voided pursuant to the terms of this Paragraph III.20. and any applicable statute of limitations shall be deemed tolled for the time period described herein.

21.     The Effective Date of this Agreement shall be the later of the date of signature of the last signatory to this Agreement or the date upon which Sandoz receives a fully executed copy of the Agreement from Plaintiffs.  Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

22.     The Parties represent and acknowledge that in entering into this Agreement they are not relying on any promises or representations other than those expressly set forth in this Agreement and its Exhibits.

23.     Each Party agrees to perform such further acts and to execute and to deliver such further documents as may reasonably be necessary to carry out this Agreement.

24.     The Parties understand, acknowledge and agree that (i) they have each performed an independent investigation of the allegations of fact and law made in connection with the Civil Actions and (ii) they each may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of this Agreement.   Nevertheless, it is the Parties' intention to resolve their disputes pursuant to the terms of this Agreement and, thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the

discovery of any additional facts or law, or changes in law, and the Agreement shall not be subject to recission or modification by reason of any change or difference in facts or law.

[Remainder of this page is intentionally left blank]

IN WITNESS WHEREOF, the Parties have executed this Agreement:


**SANDOZ INC. (f/k/a GENEVA PHARMACEUTICALS, INC.)**

BY: _David D. Halpin_ .          Date: _10/20/2011_

Title: _PRESIDENT_


**RELATOR AND ITS ATTORNEY,**
**THE BREEN LAW FIRM, P.A.**

BY: _____          Date: _____
    James J. Breen
    The Breen Law Firm, P.A.
    Suite 260
    5755 North Point Parkway
    Alpharetta, Georgia 30022
    Counsel to Ven-A-Care of the Florida Keys, Inc.


    VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____          Date: _____
    T. Mark Jones, President


**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

    ZACHARY T. BENTLEY

    _____          Date: _____
    Zachary T. Bentley


    T. MARK JONES

    _____          Date: _____
    T. Mark Jones


    JOHN M. LOCKWOOD

    _____          Date: _____
    John M. Lockwood

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**SANDOZ INC. (*f/k/a* GENEVA PHARMACEUTICALS, INC.)**

BY: _____ Date: _____

Title: _____

**RELATOR AND ITS ATTORNEY,
THE BREEN LAW FIRM, P.A.**

BY: _____ Date: 10/20/2011
  James J. Breen
  The Breen Law Firm, P.A.
  Suite 260
  5755 North Point Parkway
  Alpharetta, Georgia 30022
  Counsel to Ven-A-Care of the Florida Keys, Inc.

**VEN-A-CARE OF THE FLORIDA KEYS, INC.**

BY: _____ Date: 10/20/2011
  T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

ZACHARY T. BENTLEY

_____ Date: 10/20/2011
Zachary T. Bentley

T. MARK JONES

_____ Date: _____
T. Mark Jones

JOHN M. LOCKWOOD

_____ Date: _____
John M. Lockwood

18

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**SANDOZ INC. (*f/k/a* GENEVA PHARMACEUTICALS, INC.)**

BY: _____ Date: _____

Title: _____

**RELATOR AND ITS ATTORNEY,
THE BREEN LAW FIRM, P.A.**

BY: _____ Date: _____

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Counsel to Ven-A-Care of the Florida Keys, Inc.

VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____ Date: 10/20/2011

T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

ZACHARY T. BENTLEY

_____ Date: 10/20/2011

Zachary T. Bentley

T. MARK JONES

_____ Date: 10/20/2011

T. Mark Jones

JOHN M. LOCKWOOD

_____ Date: _____

John M. Lockwood

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**SANDOZ INC. (*f/k/a* GENEVA PHARMACEUTICALS, INC.)**

BY: _____     Date: _____

Title: _____

**RELATOR AND ITS ATTORNEY,
THE BREEN LAW FIRM, P.A.**

BY: _____     Date: _____
    James J. Breen
    The Breen Law Firm, P.A.
    Suite 260
    5755 North Point Parkway
    Alpharetta, Georgia 30022
    Counsel to Ven-A-Care of the Florida Keys, Inc.

    VEN-A-CARE OF THE FLORIDA KEYS, INC.

BY: _____     Date: _____
    T. Mark Jones, President

**RELATOR'S CURRENT AND FORMER OFFICERS AND DIRECTORS**

    ZACHARY T. BENTLEY

    _____     Date: _____
    Zachary T. Bentley

    T. MARK JONES

    _____     Date: _____
    T. Mark Jones

    JOHN M. LOCKWOOD

    _____     Date: 10/17/11
    John M. Lockwood

18

LUIS E. COBO

_____  Date: 10/17/2011

Luis E. Cobo

## CALIFORNIA

State of California
Office of the Attorney General

BY: _____  Date: _____

Nicholas N. Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse California Department of Justice
1455 Frazee Rd, Ste 315
San Diego, CA 92108

By: _____  Date: _____

Toby Douglas
Chief Deputy Director
CA Department of Health Care Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA 95814

## FLORIDA

State of Florida
Office of the Attorney General

BY: _____  Date: _____

Deputy Attorney General and Chief Counsel,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

LUIS E. COBO

_____          Date: _____
Luis E. Cobo

**CALIFORNIA**

State of California
Office of the Attorney General

BY: _____   Date: _____
Nicholas N. Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse California Department of Justice
1455 Frazee Rd, Ste 315
San Diego, CA 92108

BY: _____   Date: _____
Toby Douglas
Director
CA Department of Health Care Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA 95814

**FLORIDA**

State of Florida
Office of the Attorney General

BY: _____   Date: _____

Deputy Attorney General and Chief Counsel,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

19

LUIS E. COBO

_____   Date: _____
Luis E. Cobo

## CALIFORNIA

State of California
Office of the Attorney General

BY: _____   Date: _____
Nicholas N. Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse California Department of Justice
1455 Frazee Rd, Ste 315
San Diego, CA 92108

By: _____   Date: _____
Toby Douglas
Chief Deputy Director
CA Department of Health Care Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA 95814

## FLORIDA

State of Florida
Office of the Attorney General

BY: _____   Date: ll /2 / ll

Deputy Attorney General and Chief Counsel,
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399

19

EXHIBIT  1
To
SETTLEMENT  AGREEMENT  AND RELEASE

(CONSENT  OF THE UNITED  STATES)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-12257-PBS<br><br>Subcategory No. 06-11337-PBS<br>Civil Action No. 08-cv-10852 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones  v. Actavis Mid Atlantic LLC, et al.* | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**CONSENT OF THE UNITED STATES OF AMERICA TO
THE RELATOR'S DISMISSAL WITH PREJUDICE
OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)**

Pursuant to 31 U.S.C. § 3730(b)(1), the United States hereby consents to:

(1)     The dismissal with prejudice of claims with respect to Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals Inc.) ("Sandoz") in the above-captioned action pursuant to, and as limited by, the Settlement Agreement and Release between Sandoz and the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), the State of California and the State of Florida (attached hereto as Exhibit A); and

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form attached to the Settlement Agreement and Release as Exhibit 5 and attached hereto as Exhibit B.

The United States has concluded that the amount of $86,500,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,

_____
TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

Dated: _____, 2011

**Exhibit A**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO**
**31 U.S.C § 3730 (b) (1)**
(Settlement Agreement and Release)

**Exhibit B**
**To**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO**
**31 U.S.C § 3730 (b) (1)**
(Order of Dismissal With Prejudice)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-12257-PBS<br><br>Subcategory No. 06-11337-PBS<br>Civil Action No. 08-cv-10852 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones  v. Actavis Mid Atlantic LLC, et al.* | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

**ORDER OF DISMISSAL WITH PREJUDICE OF CLAIMS
AGAINST SANDOZ DEFENDANTS**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam*

provisions of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc.

(the "Relator") and Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.) ("Sandoz") (Sandoz

together with Relator collectively the "Parties") filed with this Court a Stipulation of

Dismissal and Motion for Order of Dismissal with Prejudice as to Claims Against

Sandoz.   Upon due consideration of the Stipulation and the Parties' Settlement

Agreement and Release, the United States' Consent, the lack of objection to the proposed

Settlement, and the Court's determination that the Settlement Amount appears to the

Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby

approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1. Consistent with the terms of, and as limited by, the Settlement Agreement and Release attached hereto as Exhibit A, the above captioned Civil Action is dismissed with prejudice as to Sandoz.

2. This Order resolves all claims against Sandoz for the federal share of Medicaid program payments encompassed by the above-captioned Civil Action, except for those arising from payments by the States of Illinois, Kentucky, Alaska, Idaho, Hawaii, Mississippi, Texas or Alabama. This Order shall in no way prejudice or limit any claims for a state's share of Medicaid program payments.

3. Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4. The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release, as provided therein, to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011

_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 2
To
SETTLEMENT AGREEMENT AND RELEASE

(SETTLEMENT AMOUNT ALLOCATION SCHEDULE)

## Settlement Amount Allocation Schedule

| | |
|---|---|
| **Total Settlement Amount** | **$150,000,000** |
| **Allocations from Gross Settlement Amount** | |
| **U.S. Share of Settlement Amount** | $86,500,000 |
| **Ven-A-Care U.S. Relator Share** | Amount to be determined by agreement of the United States or as ordered by the United States Court. This amount shall be distributed to the Relator by the United States |
| **Portion of Settlement Relating to the State of Florida** | $38,888,888 |
| United States Share for Florida | $21,388,889 |
| Ven-A-Care Florida Relator Share | $2,275,000 |
| Florida Net | $15,225,000 |
| **Portion of Settlement Relating to the State of California** | $75,000,000 |
| United States Share for California | $30,000,000 |
| Ven-A-Care California Relator Share | $5,000,000 |
| California Net | $40,000,000 |
| **Ven-A-Care Fees and Costs** | $1,000,000 |
| | |
| **Amounts to be Distributed by Sandoz** | |
| **To the United States** | $86,500,000 |
| **To the State of Florida** | $15,225,000 |
| **To the State of California** | $40,000,000 |
| **To Ven-A-Care** | $8,275,000 |

9

EXHIBIT 3
To
SETTLEMENT AGREEMENT AND RELEASE

(FLORIDA PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH
PREJUDICE AND PROPOSED ORDER OF DISMISSAL WITH PREJUDICE)

IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

THE STATE OF FLORIDA )
)
**ex rel.** )
)
VEN-A-CARE OF THE ) CIVIL ACTION NO.          03-CA1165-A
FLORIDA KEYS, INC., )
a Florida Corporation, by and ) FILED IN CAMERA AND UNDER SEAL
through its principal )
officers and directors, ) Judge Jackie L. Fulford
ZACHARY T. BENTLEY and )
T. MARK JONES, )
)
Plaintiffs )
)
▮▮▮▮▮▮▮▮▮▮▮▮▮▮ )
▮▮▮▮▮▮▮▮▮▮ )
▮▮▮▮▮▮▮▮▮▮▮▮▮ )
▮▮▮▮▮▮▮▮▮▮▮ )
▮▮▮▮ SANDOZ, INC.; )
f/k/a GENEVA PHARMACEUTICALS, )
INC.; NOVARTIS, AG; ▮▮▮▮▮▮ )
▮▮▮▮▮▮▮▮▮▮▮ )
▮▮▮▮▮▮▮▮▮▮ )
)
Defendants. )
————————————————— )

## STIPULATION OF DISMISSAL AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF SANDOZ INC. f/k/a GENEVA PHARMACEUTICALS, INC. AND NOVARTIS AG

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and

Defendant Sandoz Inc., f/k/a Geneva Pharmaceuticals, Inc. and Novartis AG ("Sandoz Parties")

having settled all matters in dispute between them in this cause, jointly move this Court to

dismiss with prejudice all of the Plaintiffs' claims asserted herein against the Sandoz Parties,

provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement and Release attached as Exhibit "A."

Dated: October _____ 2011.         Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL
STATE OF FLORIDA

_____

DIANA SHUMANS
Florida Bar No. 675822
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600
(850) 487-9475 (FAX)

_____

JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008
(770) 740-9109 (FAX)
*Attorney for the Plaintiff,*
*Ven-A-Care of the Florida Keys, Inc*

2

TIMOTHY M. CERIO
Florida Bar No. 0076589
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Post Office Box 11189
Tallahassee, FL 32302-3189
(850) 577-9090
(850) 577-3311 (FAX)
*Attorney for Sandoz Inc. and Novartis AG*

PAUL B. CARBERRY
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
(212) 354-8113
*Attorney for Sandoz Inc. f/k/a Geneva
Pharmaceuticals, Inc.*

IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

THE STATE OF FLORIDA    )
            )
<u>ex rel.</u>         )
            )
VEN-A-CARE OF THE   )  CIVIL ACTION NO.  03-CA1165-A
FLORIDA KEYS, INC.,   )
a Florida Corporation, by and  )  <u>FILED IN CAMERA AND UNDER SEAL</u>
through its principal    )
officers and directors,    )  Judge Jackie L. Fulford
ZACHARY T. BENTLEY and  )
T. MARK JONES,     )
            )
    Plaintiffs    )
            )
            )
██████████████████████ )
██████████████████   )
██████████████████████ )
███████████████████  )
██████████ SANDOZ, INC.; )
f/k/a GENEVA PHARMACEUTICALS, )
INC.; NOVARTIS, AG; █████████ )
█████████████████████ )
█████████████████████ )
            )
    Defendants.  )

## ORDER OF DISMISSAL WITH PREJUDICE OF SANDOZ INC.
## f/k/a GENEVEA PHARMACEUTICALS, INC. AND NOVARTIS AG

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam*

provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.*, the State of Florida, the

Relator, Ven-A-Care of the Florida Keys, Inc. (collectively, the "Plaintiffs"), and Sandoz Inc.

f/k/a Geneva Pharmaceuticals, Inc., and Novartis AG ("Sandoz Parties") (all of the forgoing

parties collectively, the "Parties") filed with this Court a Stipulation of Dismissal and Motion for

Order of Dismissal with Prejudice of Sandoz I nc. f/k/a Geneva Pharmaceuticals, Inc., a nd Novartis AG. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit "A" to the Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice of Sandoz, Inc., f/k/a Geneva Pharmaceuticals, Inc., and Novartis AG all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action arising from the "Covered Conduct" are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2011.

_____
Circuit Judge Jackie L. Fulford

Copies to:
See attached service list

2

**SERVICE LIST**

DIANA SHUMANS
Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

JAMES J. BREEN
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

TIMOTHY M. CERIO
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Post Office Box 11189
Tallahassee, FL 32302-3189

PAUL B. CARBERRY
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

3

IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

| | | |
|---|---|---|
| THE STATE OF FLORIDA | ) | |
| | ) | |
| **ex rel.** | ) | |
| | ) | |
| VEN-A-CARE OF THE | ) | CIVIL ACTION NO.     98-3032F |
| FLORIDA KEYS, INC., | ) | |
| a Florida Corporation, by and | ) | |
| through its principal | ) | |
| officers and directors, | ) | Judge Jackie L. Fulford |
| ZACHARY T. BENTLEY and | ) | |
| T. MARK JONES, | ) | |
| | ) | |
|      Plaintiffs | ) | |
| | ) | |
| ALPHARMA, INC.; ALPHARMA | ) | |
| USPD, INC. f/k/a BARRE-NATIONAL, | ) | |
| INC.; BARRE PARENT | ) | |
| CORPORATION; FAULDING, INC.; | ) | |
| IVAX CORPORATION; IVAX | ) | |
| PHARMACEUTICALS, INC.; MAYNE | ) | |
| GROUP, LTD.; SANDOZ, INC.; | ) | |
| f/k/a GENEVA PHARMACEUTICALS, | ) | |
| INC.; NOVARTIS, AG; PUREPAC | ) | |
| PHARMACEUTICAL CO.; ACTAVIS, | ) | |
| INC.; ACTAVIS ELIZABETH LLC.; | ) | |
| and ACTAVIS MID ATLANTIC LLC | ) | |
| | ) | |
|      Defendants. | ) | |
| | ) | |

## STIPULATION OF DISMISSAL AND MOTION FOR ORDER
## OF DISMISSAL WITH PREJUDICE OF SANDOZ INC.
## f/k/a GENEVA PHARMACEUTICALS, INC. AND NOVARTIS AG

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and

Defendant Sandoz Inc., f/k/a Geneva Pharmaceuticals, Inc. and Novartis AG ("Sandoz Parties")

having settled all matters in dispute between them in this cause, jointly move this Court to

dismiss with prejudice all of the Plaintiffs' claims asserted herein against the Sandoz Parties,

provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement and Release attached as Exhibit "A."

Dated: October _____ 2011.                Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL
STATE OF FLORIDA

_____
DIANA SHUMANS
Florida Bar No. 675822
Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3600
(850) 487-9475 (FAX)

_____
JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008
(770) 740-9109 (FAX)
*Attorney for the Plaintiff,*
*Ven-A-Care of the Florida Keys, Inc*

TIMOTHY M. CERIO
Florida Bar No. 0076589
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Post Office Box 11189
Tallahassee, FL 32302-3189
(850) 577-9090
(850) 577-3311 (FAX)
*Attorney for Sandoz Inc. and Novartis AG*

PAUL B. CARBERRY
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
(212) 354-8113
*Attorney for Sandoz Inc. f/k/a Geneva*
*Pharmaceuticals, Inc.*

3

IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

THE STATE OF FLORIDA          )
                              )
ex rel.                       )
                              )
    VEN-A-CARE OF THE         )          CIVIL ACTION NO.        98-3032F
    FLORIDA KEYS, INC.,       )
    a Florida Corporation, by and   )
    through its principal     )
    officers and directors,   )          Judge Jackie L. Fulford
    ZACHARY T. BENTLEY and    )
    T. MARK JONES,            )
                              )
            Plaintiffs        )
                              )
ALPHARMA, INC.; ALPHARMA      )
USPD, INC. f/k/a BARRE-NATIONAL,   )
INC.; BARRE PARENT            )
CORPORATION; FAULDING, INC.;   )
IVAX CORPORATION; IVAX        )
PHARMACEUTICALS, INC.; MAYNE   )
GROUP, LTD.; SANDOZ, INC.;    )
f/k/a GENEVA PHARMACEUTICALS,   )
INC.; NOVARTIS, AG; PUREPAC   )
PHARMACEUTICAL CO.; ACTAVIS,   )
INC.; ACTAVIS ELIZABETH LLC.;   )
and ACTAVIS MID ATLANTIC LLC   )
                              )
            Defendants.       )
_____    )

## ORDER OF DISMISSAL WITH PREJUDICE OF SANDOZ INC.
## f/k/a GENEVEA PHARMACEUTICALS, INC. AND NOVARTIS AG

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam*

provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.*, the State of Florida, the

Relator, Ven-A-Care of the Florida Keys, Inc. (collectively, the "Plaintiffs"), and Sandoz Inc.

f/k/a Geneva Pharmaceuticals, Inc., and Novartis AG ("Sandoz Parties") (all of the forgoing

parties collectively, the "Parties") filed with this Court a Stipulation of Dismissal and Motion for

Order of Dismissal with Prejudice of Sandoz Inc. f/k/a Geneva Pharmaceuticals, Inc. and Novartis AG. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

      WHEREFORE, IT IS ORDERED, that

      1.    Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit "A" to the Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice of Sandoz, Inc., f/k/a Geneva Pharmaceuticals, Inc. and Novartis AG all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action arising from the "Covered Conduct" are dismissed with prejudice.

      2.    Each party shall be responsible for its own expenses, attorneys' fees, and costs.

      3.    The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

      IT IS SO ORDERED this ___ day of _____, 2011.


_____
Circuit Judge Jackie L. Fulford


Copies to:
See attached service lis

2

## SERVICE LIST

DIANA SHUMANS
Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

JAMES J. BREEN
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

TIMOTHY M. CERIO
Gray Robinson, P.A.
301 South Bronough Street, Suite 600
Post Office Box 11189
Tallahassee, FL 32302-3189

PAUL B. CARBERRY
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

EXHIBIT 4
To
SETTLEMENT AGREEMENT AND RELEASE

(CALIFORNIA PROCEEDINGS JOINT STIPULATION OF DISMISSAL WITH
PREJUDICE AND ORDER OF DISMISSAL WITH PREJUDICE)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Master File No. 01-12257-PBS |
| | Subcategory No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO: *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.* Civil Action No: 03-11226-PBS | Judge Patti B. Saris |
| | Magistrate Judge Marianne B. Bowler |

## STIPULATION OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST SANDOZ PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the California False Claims Act, (Government Code §§12650 – 12656), by Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and joined by the State of California, against Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.) ("Sandoz") (Sandoz together with California and the Relator collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the California False Claims Act, Government Code §12652 (c)(1), and in accordance with, and as limited by, the terms of the Settlement Agreement and Release, the Parties hereby stipulate to the entry of an order dismissing all "Released Claims" for the "Covered Conduct" against Sandoz (as the terms in quotations are defined in the Settlement Agreement and Release attached hereto as Exhibit A.) The Parties further stipulate that, except as specified in the Settlement Agreement and Release, any claim the

Relator or its counsel has to a Relator's share or for expenses, attorneys' fees, and costs shall not be the responsibility of Sandoz.

WHEREFORE, to permit them to effectuate the terms of their settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the California False Claims Act, Government Code §12652 (c)(1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Respectfully submitted,


/s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008
Counsel for Relator


/s/ Joseph Angland
JOSEPH ANGLAND
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200
Counsel for Sandoz


/s/ Nicholas N. Paul
Nicholas N. Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud and Elder Abuse
Office of the Attorney General
California Department of Justice
(619) 688-6099


Dated: _____ ___, 2011

**Exhibit A**
to STIPULATION OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST
SANDOZ PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH
PREJUDICE

(Settlement Agreement and Release)

**Exhibit B**
**to STIPULATION  OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST
SANDOZ PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH
PREJUDICE**

**(ORDER OF DISMISSAL WITH PREJUDICE OF CLAIMS
AGAINST SANDOZ DEFENDANTS)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-12257-PBS<br><br>Subcategory No. 06-11337-PBS |
| THIS DOCUMENT RELATES TO:<br>*State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc., et al.*<br>*Civil Action No: 03-11226-PBS* | Judge Patti B. Saris<br>Judge Patti B. Saris<br>Magistrate Judge Marianne B. Bowler<br>Magistrate Judge Marianne B. Bowler |

## ORDER OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST SANDOZ DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the California False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator"), the State of California and Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.) ("Sandoz") (Sandoz together with Relator and the State of California collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice as to Claims Against Sandoz. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

16

WHEREFORE, IT IS ORDERED, that

1.) Consistent with the terms of, and as limited by, the Settlement Agreement and Release attached hereto as Exhibit A, the above captioned Civil Action is dismissed with prejudice as to Sandoz.

2.) Except as specified in the Settlement Agreement and Release, each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.) The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release as provided therein to the extent reasonably necessary and appropriate.


IT IS SO ORDERED this ___ day of _____, 2011

_____

THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

17

EXHIBIT 5
To
SETTLEMENT AGREEMENT AND RELEASE

(FEDERAL QUI TAM PROCEEDINGS JOINT STIPULATION OF DISMISSAL
WITH PREJUDICE AND ORDER OF DISMISSAL WITH PREJUDICE)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Master File No. 01-12257-PBS<br><br>Subcategory No. 06-11337-PBS<br>Civil Action No. 08-cv-10852 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones  v. Actavis Mid Atlantic LLC, et al.* | Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |

## STIPULATION OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST SANDOZ PARTIES AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§3729-3733, by Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") against Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.) ("Sandoz") (Sandoz together with Relator collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with, and as limited by, the terms of the Settlement Agreement and Release, the Parties hereby stipulate to the entry of an order dismissing all "Released Claims" for the "Covered Conduct" against Sandoz (as the terms in quotations are defined in the Settlement Agreement and Release attached hereto as Exhibit A.)  The Parties further stipulate that, except as specified in the Settlement Agreement and Release, any claim the

19

Relator or its counsel has to a Relator's share or for expenses, attorneys' fees, and costs shall not be the responsibility of Sandoz.

WHEREFORE, to permit them to effectuate the terms of their settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit B.

Respectfully submitted,


 /s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator


 /s/ Joseph Angland
White & Case LLP
1155 Avenue of the Americas
New York, N.Y. 10036
(212) 819-8200
Counsel for Sandoz

Dated: _____ ___, 2011