UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF MOTION FOR
MODIFICATION OF LEAD COUNSEL'S ALLOCATION
OF FEES TO INCLUDE TIME AND EXPENSE INCURRED
IN RELATED STATE COURT ACTIONS**

This Court entrusted Hagens Berman Sobol & Shapiro, Hoffman & Edelson, Spector, Roseman & Kodroff, and Wexler Toriseva Wallace & Terrell (collectively, "Lead Counsel") with the task of allocating attorneys fee and expense awards in connection with various settlements in this case. In making its allocation, Lead Counsel arbitrarily refused to include time and expense incurred by the undersigned firms Kline & Specter, P.C., Williams Law Firm, and Jennings Haug & Cunningham, LLP (collectively, "Movants") in litigating parallel, coordinated state court claims that were rolled up in favor of this MDL proceeding. As a result, Movants have been allocated less than their companion plaintiff firms for work they performed on behalf of the settling plaintiff classes. Court intervention is needed to address Lead Counsel's misallocation of the settlement funds.

**FACTUAL BACKGROUND**

Movants joined the MDL litigation in October of 2005. At that time, Lead Counsel needed to find representatives for Class 1; i.e., Medicare beneficiaries who had

paid for all or part of the cost of one or more drugs sold by Defendants.  Because Kline & Specter and the other Movants had spent years representing Medicare beneficiaries in related AWP actions brought in various state courts around the country, they had contacts with potential class representatives.  Kline & Specter agreed with Lead Counsel that in exchange for helping secure suitable class representatives, Kline & Specter would serve as one of the Lead Counsel, and the other Movants would be invited to participate as class counsel in the MDL litigation.

Part of the agreement was that Kline & Specter's time and expense incurred in litigating the related AWP claims in state court would be compensated. An October 15, 2005 email memorializing their agreement states that "Kline & Specter's time and costs to date, which total approximately 2-3 million dollars will be added to the already existing time and costs of current MDL co-lead counsel and be compensated along with other current MDL co-lead counsel upon recovery of attorneys' fees and costs in MDL 1456." *See* email exchange attached to the Declaration of Kent M. Williams ("Williams Decl.") as Exhibit A, at 2, ¶4.  The "time and costs to date" referred to AWP litigation brought in New Jersey state court (*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca et al.*, Case No. MON-L-3136-06), and Arizona state court (*Swanston v. Tap Pharmaceutical Products et al.*, Case No. CV 2002-004988).

After Movants joined the MDL, a "unified strategy" was adopted in which Movants continued to litigate the related AWP claims in state court.  Lead Counsel specifically authorized this work on the theory that the "[m]ore courts we have, the more pressure we can put on defendants."  *See* November 1, 2005 email from Jeffrey Kodroff,

2

Williams Decl. Exhibit B, at 3. The benefit to MDL class members was manifested in numerous ways. As Lead Counsel acknowledged, positions taken by Defendants in the state court litigation potentially exposed them to conflicting positions taken in the MDL; the state actions served as a backstop in the event class certification was denied in the MDL; and the state actions provided additional avenues for discovery that could be utilized in this case. *See generally id*; *see also* April 24, 2006 email, Williams Decl. Exhibit C; May 25-26, 2006 email exchange, Williams Decl. Exhibit D. Moreover, the New Jersey and Arizona state court cases were coordinated with the MDL, and depositions were cross-noticed between this case and the state cases. *See, e.g.,* Deposition Notice of Raytheon, Williams Decl. Exhibit I. The cross-noticed depositions were intended to be used in the trials in this matter, such as the AstraZeneca trial (which did not take place because AstraZeneca settled in May of 2007). *See* March 2007 email exchange, Williams Decl. Exhibit E.

Resolution of AWP claims was also coordinated between the MDL and the Arizona and New Jersey state court cases. For example, the settlement of claims against overlapping Defendant GSK was coordinated with the state court cases, and no additional fees were sought or awarded in either New Jersey or Arizona. Similarly, pursuant to a stipulation among counsel, settling Defendant AstraZeneca was dismissed *in toto* from the New Jersey litigation last fall, with no fees sought or awarded in that forum. *See generally* October 1, 2010 Stipulation and Order of Dismissal With Prejudice, Williams Decl. Exhibit J. Counsel for settling Defendant Dey explicitly conditioned settlement on resolution of the Arizona litigation along with the MDL. *See* email exchange, Williams Decl. Exhibit F. And, on September 11, 2007, this Court ordered that the coordinated

state court claims be dismissed to the extent they overlapped with the MDL claims. *See* email exchange, Williams Decl. Exhibit G. The overlapping claims were dismissed from the New Jersey and Arizona actions on November 5, 2007 and March 3, 2009, respectively, with no fees sought or awarded in those state courts on those claims.

Accordingly, each of the Movants has submitted to Lead Counsel the time and expense incurred in the coordinated New Jersey and Arizona actions, from inception through the dates that the overlapping claims were dismissed in those actions, for payment in connection with the various settlements in the MDL. Movants incurred state court lodestar and expense as follows:

|  | Lodestar | Expense |
|---|---|---|
| Kline & Specter, PLC | $1,356,636.07 | $164,390.90 |
| Williams Law Firm | 709,846.25 | 20,092.96 |
| Jennings Haug & Cunningham, LLP | 269,093.57 | 10,726.93 |

Lead Counsel has reported at least some state court lodestar and expense to this Court in seeking attorneys fees and expenses in connection with one or more settlements in this case. Specifically, in response to a challenge by Former Class Counsel and Objector Attorney Donald Haviland, Lead Counsel explained that the time and expense incurred by Kline & Specter in the New Jersey and Arizona actions involved "relevant work… all of which benefited the class in this case," and should be compensated. *See* Class Plaintiffs' January 6, 2010 Opposition to Don Haviland's Motion to Stay Distribution of AstraZeneca Fee Award and for Court Review of Lead Counsel's Allocation of Fees and Reimbursement of Costs, Document No. 6820, Williams Decl. Exhibit H, at 6 and Exhibit 3 thereto. Because Lead Counsel's prior submission had

failed to include Kline & Specter's state court time and expense, they provided a new declaration adding $1,521,979.55 in time and expense incurred by Kline & Specter in litigating the Arizona and New Jersey actions. Lead Counsel stated that the new declaration "accurately reflected all of the work performed and expenses paid by Kline & Specter in all of the cases that benefitted [sic] the class and were consolidated in the MDL." *Id*.

Having represented to this Court in 2010 that Kline & Specter's state court time and expense should be compensated, Lead Counsel should not be permitted to now not compensate Kline & Specter and the other Movants for this very same time and expense. Indeed, despite the above agreements, understandings, and concessions, Lead Counsel now refuses to reimburse any of the state court time and expense incurred by Movants. Lead Counsel has subtracted state court time and expense from Movant's submissions and has ignored Movants' requests that the time and expense be included. Accordingly, Movants request that this Court order that Movants' state court time and expense be counted in any allocation undertaken by Lead Counsel.

## ARGUMENT

"In a class action settlement, the district court has an independent duty under Federal Rule of Civil Procedure 23 to the class and the public to ensure that attorneys fees are reasonable and divided up fairly among plaintiffs' counsel." *In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220, 227 (5th Cir. 2008). While the district court may delegate the task of allocating a fee award among attorneys, the court should not simply defer to attorneys who have a direct interest in how the funds are to be distributed. *Id*. at 234-35 (holding that "such a direct conflict of interest strongly

5

suggests that affording substantial deference is inappropriate"). Rather, the district court must utilize procedures that comport with "traditional judicial standards of transparency, impartiality, procedural fairness, and ultimate judicial oversight" over the allocation. *Id.* at 234. *See also In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation*, 982 F.2d 603, 611 (1st Cir. 1992) (holding that an attorney with an interest in a common fund has a due process right to be heard on how the fund is to be distributed).

Movants and Lead Counsel agreed and understood that time and expense incurred in the Arizona and New Jersey state court actions benefited MDL class members and should be compensated.  Kline & Specter's agreement with Lead Counsel specifically provided for payment of Kline & Specter's state court time and expense, and Lead Counsel previously explained to this Court that the New Jersey and Arizona actions involved "relevant work… **all of which** benefited the class in this case." *See* Exhibit H at 6 (emphasis added).  Lead Counsel specifically authorized state court work on the theory that the "[m]ore courts we have, the more pressure we can put on defendants," they acknowledged specific benefits to MDL class members from this additional leverage, and proceedings such as depositions and settlements were coordinated between the MDL and the New Jersey and Arizona state court cases.  As such, the time and expense incurred in those cases should be compensated.

The state court time and expense should also be compensated as a matter of equity and fairness.  This Court ordered that the overlapping, coordinated claims be dismissed in favor of the MDL.  This order was followed, and the state court claims were dismissed.  As such, Movants have not sought payment of their time and expense in the state court

actions, and have no forum other than this one in which to seek payment for the work they did in state court prosecuting overlapping claims against the settling Defendants. It would be inequitable to disallow state court time and expense after the related state court claims were resolved in favor of this forum, per this Court's mandate.

## CONCLUSION

For the foregoing reasons, Movants request that their motion be granted in its entirety.

Dated:  November 17, 2011

/s/ Shanin Specter
Shanin Specter
Kila Baldwin
Kline & Specter, PLC
1525 Locust Street, 19th Floor
Philadelphia, PA 19102-3712
215-772-1000 telephone
215-735-0937 facsimile


/s/ Kent M. Williams
Kent M. Williams
WILLIAMS LAW FIRM
1632 Homestead Trail
Long Lake, MN  55356
(763) 473-0314


/s/ Larry Crown
Larry Crown
Jorge Franco
Jennings, Haug & Cunningham, LLP
2800 N. Central Avenue, Suite 1800
Phoenix, AZ 85004-1049
(602) 234-7822
(602) 277-5595 (Fax)

CERTAIN CLASS COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the **MEMORANDUM IN SUPPORT OF MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE INCURRED IN RELATED STATE COURT ACTIONS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

Dated:  November 17, 2011                               /s/ Kent M. Williams
                                                                           Kent M. Williams, Esq.