# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) <br> AVERAGE WHOLESALE ) <br> ) <br> ) <br> THIS LITIGATION RELATES TO: ) <br> ) <br> TRACK TWO SETTLEMENT ) <br> ) | MDL No. 1456 <br><br> CIVIL ACTION:   01-CV-12257-PBS <br><br> Judge Patti B. Saris |

### OBJECTOR CORINNA CONNICK'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR APPEAL BOND

Thomas J. Connick (0070527)
Dubyak Connick Thompson & Bloom LLC
3401 Enterprise Parkway, Suite 205
Cleveland, OH 44122
PH: 216-364-0500 | FX: 216-346-0505
Email: tconnick@dctblaw.com
*Attorney for Corinna Connick*

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge MA 02142
PH: 617-482-3700 | FX: 617-482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
PH: 206-623-7292 | FX: 206-623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW, Stuie 300
Washington, DC 20006
PH: 202-355-6435 | 202-355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2055
Philadelphia, PA 19103
PH: 215-496-0300 | FX: 216-496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA 18901
PH: 215-230-8043 | FX: 215-230-8735

**CLASS COUNSEL**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Background | 1 |
| II. | Introduction | 1 |
| III. | Rule 7 Limits Bond Amount To Costs | 2 |
| IV. | Costs of delay cannot be included in the Rule 7 bond | 3 |
| V. | There is no probative or admissible evidence supporting the $196,500.00 cost estimate | 6 |
| VI. | The appeal is not frivolous as a matter of law | 6 |
| VII. | Attorneys Fee Estimate Cannot Be Included In Setting Bond | 8 |
| VIII. | Conclusion | 9 |

**I.      Background**

The background facts to the instant appeal are quite simple:

1)  The non-Medicare consumer class ("Class 3") is defined, essentially, as any person who paid money (excluding flat co-pays) for any of the drugs on Exhibit B.

2)  One of the drugs on Exhibit B is estradiol, a chemical name. Connick purchased a "branded" version of that chemical called climara. Climara is nothing more than a commercial name attached to the chemical estradiol by Bayer Healthcare Pharmaceuticals. Climara is another name for the same chemical.

3)  Class counsel has asserted that Connick is not in the class because the estradiol that she purchased goes by the commercial name of climara. Apparently, the Court agreed (there was no explanation or opinion), and found that Connick is not a member of the class.

4)  Because estradiol is on Exhibit B, and Connick did purchase estradiol (under commercial name), she believes that she is literally within the definition of the class as contained in the settlement agreement. Therefore, she filed this appeal of the Order finding that she is not a member of the class.

5)  Reading class counsel's Motion for a Bond, one would believe that this Court has now approved the Class 3 settlement, and that Connick has appealed the approval Order. Class counsel claims that this appeal is holding up a settlement which, first, has not been approved by the Court, and second, is not on appeal.

**6)**  At such time as the settlement is approved, the effectuation of that settlement need not be delayed by Connick's claim for benefits (which are less than $50). If, after approval of the settlement, Connick does file a separate appeal of the Order approving the settlement, the subject of a cost (only) bond would be relevant for the Court's consideration. Such a cost bond is not relevant at this time.

**II.     Introduction**

Appellant, Ms. Corinna Connick, requests that the court deny the request for a Rule 7 cost bond that includes the alleged $196,500.00 for "administrative costs" and "costs of delay," for the following reasons, discussed more fully below:

•   The Motion is fatally flawed because the underlying premise, that class members will receive reduced payments based on the additional administration costs, is demonstrably false. Further, Plaintiffs incorrectly try to calculate the bond according to factors which are not permitted under Rules 7 and 39, Fed Rules. App. Proc.

- To date, there has been no final approval of the proposed settlement.

- The "costs of delay" are not costs that may be included in the Rule 7 bond.

- The conclusory and inadmissible evidence offered by Plaintiffs does not support the $196,500.00 estimate.

- The appeal is not frivolous because the Connick is simply appealing the denial of her claim to class benefits. Similarly, she is entitled to appeal such a denial.

**III.    Rule 7 Limits Bond Amount To Costs**

Rule 7 provides, in relevant part, "In a civil case, the district court may require an appellant to file a bond or provide for other security in any form and amount necessary to ensure payment of costs on appeal." Rule 39 specifies what costs may be considered in setting a bond amount:

> (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

Accordingly, even though a bond may be imposed for anticipated costs under Rule 7, costs are limited to those set forth in Rule 39. Plaintiff's Motion omits any reference to these proper factors in setting a bond amount. Instead, the Motion improperly urges that the bond be based upon Plaintiffs' claims (which Connick denies) that $45,000 in attorney fees and $196,500.00 in administrative and delay expenses will be incurred as a result of the appeal. None of these figures, even if they were accurate, can be considered in setting the bond amount.

With its enormous and improperly calculated appeal-bond request, Plaintiffs obviously hope to stifle Ms. Connick's rightful appeal, and thereby avoid confronting the merits. Such an

attempt to render the appeal process irrelevant is an improper purpose for a bond. The pending appeal, as explained below, is unlikely to be found frivolous. But even if it were frivolous (which it is not), the speculative prospect of such a finding by the Appeals Court is not the proper subject of a bond ordered by this Honorable Court. Rule 38 provides that the Appeals Court, not the District Court – and certainly not Class Counsel – shall determine whether an appeal is frivolous, and what the remedy may be.

Moreover, administrative costs are not within Rule 7 costs subject to bonding. Rule 8 of the Fed. R. App. Proc. Relating to supersedias bonds allows for administrative costs to be included in a bond. But Rule 8 of the Fed. R. App. Proc. Does not apply here because Connick has not sought to stay the Final Judgment of this Honorable Court – indeed, this Honorable Court has not yet issued Final Approval of the Settlement Agreement in this matter. And, furthermore, Connick is not challenging and/or appealing the proposed Settlement Agreement in this matter.

An appeals court relied upon this important distinction when reducing the District Court's $150,000.00 bond Order to $1,000.00: "We have held that 'the appellate court generally is better qualified to determine whether an appeal lacks merit.' The District Court could not use Rule 7 in conjunction with Rule 38 as a vehicle to erect a barrier to [objector's] appeal." *Vaughn v. American Honda Motor Co. Inc.*, (5th Cir., 07-41-56, Oct. 2007, quoting *Connor v. Travis County*, 209 F.3d 794, 801 (5th Cir. 2000).

**IV.    Costs of delay cannot be included in the Rule 7 bond**

Even assuming the alleged extra administrative costs would reduce payments to class members, a bond would not be permitted. Class Counsel argues that the Rule 7 bond should include $196,500.00 in estimated claims administrator expenses because "the bond should include the costs of delay." The Supreme Court has held that the costs of delay may *not* be included as a "cost:"

3

> Indeed, the term "costs" has never been understood to include any interest component. … Interest ***and a delay factor*** share an identical function. They are designed to compensate for the belated receipt of money. … [I]nterest and ***compensation for delay*** are functionally equivalent … .

*Library of Congress v. Shaw*, 478 U.S. 310, 321-322 (1986) (emphasis added). Thus, the court may not include "the costs of delay" in the Rule 7 cost bond.

The Fifth Circuit has held that, even when a class member does appeal the approval of a settlement (which has not yet happened in this case), the district court may *not* include the "costs of delay" in the Rule 7 bond amount:

> The first reason given by the district court for requiring a bond in the amount of $150,000 is to provide security for the "detrimental impact of an appeal as to the entire class." To the extent the district court had in mind securing the benefits that would inure to the class members under the settlement agreement, the court was essentially using a bond for costs on appeal as a surrogate for a supersedeas bond. Bonds to supersede a judgment must be set under Rule 8, not Rule 7.

*Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 298-99 (5th Cir. 2007). Similarly here, the Rule 7 bond cannot include the "costs of delay" and "detrimental impact of an appeal as to the entire class."

The circuits are split on the issue of whether Rule 7 "costs" are limited to Rule 39 "costs." The D.C. and Third Circuits, and endorsed by the Wright, Miller & Cooper treatise, hold that the costs referred to in Rule 7 are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39. *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985); *Hirschensohn v. Lawyers Title Insurance Corp.,* No. 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997); see also 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3953 (3d ed.2006). Class Counsel relies on other circuits that disagree. The First Circuit has not ruled on this dispute.

However, even under those other circuit's decisions, the administrative costs here would not be included in the bond. The circuits that permit non-Rule 39 "costs" to be included in the

4

Rule 7 cost bond permit those costs only if the statute for the underlying cause of action includes the "cost" as a recoverable cost:

> We agree with the Second, Sixth, and Eleventh Circuits and hold that the term "costs on appeal" in Rule 7 includes all expenses defined as "costs" by an applicable fee-shifting statute.

*Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Here no underlying statute permits consumers to collect costs from a fellow class member – and Class Counsel has not identified any such statute. First, the applicable consumer statutes allow for recovery of costs against Defendants, but not against the consumers. In that case, the non-Rule 39 costs may not be included in the Rule 7 cost bond:

> [U]nlike some other fee-shifting provisions, Section 4 [the underlying statute in that case, like the consumer protection statutes in this case] is asymmetrical [and] attorney's fees awards are "available only to plaintiffs who prove an antitrust injury." … Thus, a district court can order only a losing defendant-the party that has violated antitrust laws-to pay attorney's fees under Section 4. The asymmetry of Section 4 is consistent with the purpose of the Clayton Act as well as settled precedent. While the interests of an antitrust settlement class member who challenges the settlement on appeal may well be adverse to the interests of a class member who supports it, both remain the alleged victims, rather than perpetrators, of the claimed antitrust injury. Ordering one class member to pay other class members' appellate attorney's fees because of a disagreement about the propriety of settlement would not serve the purpose of Section 4 to penalize and deter those who have violated the antitrust laws. Thus, even assuming, arguendo, that Plaintiffs-Appellees are otherwise eligible to collect fees under Section 4, they could not collect them from [the objector].

*Id*. at 960 (citations omitted). Similarly here, no underlying statute permits consumers to recover their costs *from other consumers*. Second, none of the underlying statutes include the costs of administration for a class action as costs. Third, even if the underlying statute permitted the recovery of costs by some consumers against other consumers, as shown above there are no costs that the class members will incur. Thus, there is no basis for a bond here even under the cases cited by Class Counsel.

## V. There is no probative or admissible evidence supporting the $196,500.00 cost estimate

The sole evidence offered regarding the $196,500.00 alleged costs of administration is the Declaration of Daniel Coggeshall, Doc. 7890 (Coggeshall Decl.). Mr. Coggeshall states that he estimates that "the unanticipated costs … to be approximately $196,500.00." *Id*. at 10. Connick objects to consideration of that estimate, for several reasons.

First, the Declaration fails to provide a foundation for the estimate. It merely refers to costs incurred in another case, but wholly fails to provide the actual costs that will be incurred in this case. While Mr. Coggeshall identifies costs components, he fails to provide any foundation for the dollar cost of each of those components. Without that foundation, he dollar cost estimate is inadmissible.

Second, the Declaration fails to establish his expertise. It merely establishes that his employer was appointed as the Claims Administrator. It wholly fails to establish his knowledge, skill, experience, training, or education in making cost estimates. Thus, the cost estimate is inadmissible under FED. R. EVID. 702.

Third, Connick requests the right to see the underlying data on which the estimate is based and, if Connick deems it necessary after reviewing that data, the right to depose Mr. Coggeshall. It would deny Connick's due process rights for the court to consider Mr. Coggeshall's declaration without permitting Connick to cross examine him.

## VI. The appeal is not frivolous as a matter of law

Class counsel argues that Connick's appeal is frivolous within the meaning of Rule 38 of the Federal Rules of Appellate Procedure and is unreasonable and vexatious under 28 U.S.C. § 1927, because "As a non-class member whose legal rights remain wholly unaffected by the Settlement, Connick lacks standing to object and appeal." (Pg. 6 of Motion) Class counsel goes

on to rely heavily on the argument that "Courts have held that non-class members do not have standing to object to class settlements." (Id.). Class counsel might be correct if Connick was, in fact, challenging and/or objecting to the Class Settlement in this case – which, by the way has not received Final Approval. But Connick *is not appealing or objecting to the Class Settlement*. Connick is appealing this Honorable Court's ruling that she is not a member of the class that she believes she is a member of.

This Honorable Court held on August 29, 2011 that "Motion to Intervene. 'DENIED as Ms. Connick is not a class member and her claims are not being released." [Doc. No. 7770]. It is that single Order that Ms. Connick is appealing, as she believes that she is a class member. As such, Ms. Connick is **NOT** appealing anything related to the non-final and non-approved Settlement Agreement, nor will Ms. Connick's appeal retard, in any way, the disbursement of the Settlement Fund, if and/or when this Honorable Court approves of said Settlement.

Fed. R. App. P. 38 rule provides:

> If a ***court of appeals determines that an appeal is frivolous***, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

FED. R. APP. P. 38 (emphasis added). The rule gives the *court of appeals*, not the district court, the power to (1) determine whether the appeal is frivolous and (2) award just damages. Other circuits have held that attorneys' fees may not be included in the bond even if the district court deems the appeal frivolous:

> Moreover, the challenged bond fails as a legitimate means of protecting [appellee] against the possibility that [appellant's] appeal might turn out to be frivolous. The traditional countermeasure for an appeal thought to be frivolous is a motion in the appellate court to dismiss, which is available at the outset of the appeal and before expenses thereon begin to mount. Additionally, a monetary remedy is afforded by Federal Appellate Rule 38, which authorizes an assessment of damages and single or double costs, including reasonable attorneys' fees, "[i]f [the] court of appeals shall determine that [the] appeal is frivolous." It is, however, for the court of

7

appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case.

*In re American President Lines, Inc.*, 779 F.2d at 717 (footnotes omitted). Similarly, the Ninth Circuit in *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) held that potential fees under Rule 38 may not be included in a Rule 7 bond:

> Even if we were to conclude that her appeal was frivolous, however, we would reverse the district court's inclusion of appellate attorney's fees on that basis. … [O]nly the court of appeals may order the sanction of appellate attorney's fees under Rule 38. We agree with the D.C. Circuit that the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. Allowing district courts to impose high Rule 7 bonds on where the appeals *might* be found frivolous risks 'impermissibly encumber[ing]' appellants' right to appeal and 'effectively preempt[ing] this court's prerogative' to make its own frivolousness determination.

*Id.* at 960 -961 (citations omitted).

Finally, it is well-established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990); *In Re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *In Re Vasseli*, 5 F.3d 351, 353 (9th Cir. 1993) citing *In Re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985). There is simply no provision for a District Court to make an advance determination that an appeal violates Rule 38, much less authority for imposing a bond to include the anticipated damages and sanctions, if any, that the appeals court may, or may not, ultimately determine.

### VII. <u>Attorneys Fee Estimate Cannot Be Included In Setting Bond</u>

Plaintiffs' Motion suggests that this Honorable Court has authority to include prospective attorneys' fees as items of Rule 7 costs. The majority position among most courts considering the

8

matter is that Rule 7 costs on appeal are strictly limited to costs listed in Rule 39. *See, e.g. In Re American President Lines, Inc.* 779 F.2d 714, 716 (DC Cir. 1985) (Rule 7 costs on appeal are only Rule 39 cost items; reduce bond to $450.00). Those costs under the *American* rule do not include attorneys' fees.

Cases in which courts have departed from the norm and have permitted attorneys' fees to be bonded are cases wherein the courts found a statutory basis for awarding fees in the statute underlying the relief sought in the case. That is, attorneys' fees are bondable on appeal only where the underlying statute contained both a "prevailing party" type fee-shifting provision and the statute expressly holds those attorney fees to be category costs. *Arencibia v. Miami Shores, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) (statute in issue must define "costs" to include attorneys' fees for the District Court to have jurisdiction to award fees under procedural rules relating to costs). Conversely, when a statute expressly separates "attorneys' fees and expenses," or when a statute awards "attorneys fees and costs" – as opposed to attorneys' fees, including costs" – the attorneys' fees are not considered part of costs and are not subject to bond. *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1445 (11th Cir. 1997); *Baynham v. PMI Mortgage Ins. Co.* 313 F.3d 1337 (11th Cir. 2002); *Arencibia*, 113 F.3d at 1214.

## VIII. Conclusion

For all of the foregoing reasons, 1) a bond is not justified at all, and 2) if a bond is nonetheless imposed, it must be limited to actual costs, such as filing fees and printing costs.

Respectfully submitted,

/s/Thomas J. Connick
Thomas J. Connick, Esq. (0070527)
**DUBYAK CONNICK THOMPSON & BLOOM LLC**
3401 Enterprise Pkwy. Ste. 205
Cleveland OH 44122
PH: 216-364-0500 | FX: 216-364-0505
*Attorney for Corinna Connick*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2011, a copy of foregoing *OBJECTOR CORINNA CONNICK'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR APPEAL BOND* was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Undersigned counsel further certifies that, on this date, the above filing was sent by regular U.S. Mail, postage prepaid, to all counsel not registered with the Court to receive electronic filings.

                                                                         */s/ Thomas J. Connick*
                                                             Thomas J. Connick, Esq. (0070527)
                                                             *Attorney for Corinna Connick*

F:\Clients - Connick\Cochran, Ed (6008)\AWP Litigation\Pleadings\AWP Litigation\Brief in Opposition to Motion to Post Bond 11-18-2011.doc