UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE PHARMACEUTICAL INDUSTRY )
AVERAGE WHOLESALE PRICE ) MDL No. 1456
LITIGATION )

CIVIL ACTION: 01-CV-12257-PBS

Judge Patti B. Saris

## OBJECTION TO TRACK TWO SETTLEMENT REVISION

1). The undersigned is the daughter of the late Robert P. Wildes, Sr. who died on November 13, 2001, and the undersigned was formerly the co-executor and attorney of his estate (now closed).

2). Robert P. Wildes, Sr. formerly of New London, Connecticut is a deceased class member in this action.

3). A timely claim on behalf of Robert P. Wildes, Sr was made in this action.

4). The undersigned, on behalf of the late Robert P. Wildes, Sr. objects to the proposed class action settlement insofar as the settlement requires documentary proof of use of the drug, Epogen.

5). The late Robert P. Wildes, Sr. was prescribed Epogen by his oncologists/ hematologists for use related to his myelodysplastic syndrome from 1996 through 2001. This usage was unrelated to dialysis.

6). The undersigned received notice of the revision of the proposed settlement with respect to Epogen and promptly undertook diligent efforts to obtain the documentary proof now required for Epogen. Specifically pharmacy, banking, tax, and other medical records of the deceased were reviewed.

7). As a result of those efforts, the undersigned learned that the drug, Epogen, was administered directly by the oncologists/hematologists who prescribed the same. The oncologist/hematology practice obtained this drug directly; Robert P. Wildes, Sr. was never involved in the purchase of Epogen. In the case of Report P. Wildes, Sr., all of the physical records were destroyed three years after his death. See Exhibit A. The only record available to him regarding the Epogen injections were statements from Medicare which did not reference the brand name of the drug used.

8). It is likely that other class members would have received their injections at a doctor's office as did the late Robert P. Wildes, Sr. and would never have possessed the documentary proof of the brand name for the injections of Epoetin used. To require this proof now necessarily means that the late Robert P. Wildes, Sr., and, most likely other class members, cannot make a claim and be reimbursed for overcharges relating to the drug, Epogen.

9). Such a requirement for documentary proof is clearly unfair under the circumstances and should not be included in the proposed settlement.

WHEREFORE, the undersigned requests that the settlement be approved only upon deletion of the documentary evidence requirement related to the drug, Epogen.

THE DECEASED CLASS MEMBER
ROBERT P. WILDES, SR.

BY /s/ Nancy E. Wildes
Nancy E. Wildes, Esq.
20 South Anguilla Road
Pawcatuck, CT 06379
(860) 599-8775

## CERTIFICATION

The undersigned certifies that a copy of the Objection To Track Two Settlement Revision was sent via overnight mail this 17th day of November 2011 to:

Counsel for the Class
Steve W. Berman, Esq.
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue
Suite 3300
Seattle, WA 98101

Counsel for Track Two Defendants
Steven F. Barley, Esq.
Hogan Lovells US LLP
100 International Drive
Suite 2000
Baltimore, MD 21202

James P. Muehlberger, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108

Nancy E. Wildes, Esq.