## Table 1

## AWP Track 2
## Status of Objections to Rebalanced Settlement

| Objector | Dkt. No. | Primary Substance of Objection | Class Counsel Response and Status |
|---|---|---|---|
| William Fairey | 7842 | Settlement should be based on out-of-pocket expenditures; recovery should be higher given defendants' record profits; no change should be made to Class A drug recovery calculation; too difficult to obtain documentation supporting Epogen administrations. | Explained by letter and by phone why recovery for Class A drugs was changed to be damage based; answered Mr. Fairey's other questions; and assisted Mr. Fairey in obtaining the documentation, which he submitted.<br><br>This objection is resolved. |
| Carol Geiselhart | 7854 | Too difficult to obtain documentation supporting Epogen administrations. | Spoke with Ms. Geiselhart by telephone and assisted her in obtaining the documentation, which she will submit.<br><br>This objection is resolved. |
| Phyllis Granat | 7840 | Too difficult to obtain documentation supporting Epogen administrations. | Explained by letter why the additional documentation was needed, spoke with her by phone and assisted Mrs. Granat in obtaining the documentation, which she submitted.<br><br>This objection is resolved. |

| Objector | Dkt. No. | Primary Substance of Objection | Class Counsel Response and Status |
|---|---|---|---|
| Juanita Bethune | n/a | Objects to attorneys' fees. | No response necessary.  Note:  This objection is not valid.  First, this class member did not follow proper procedure to object, as the letter was sent to Claims Administrator and not filed with the Court and mailed to Class Counsel as required.  Second, any new objections brought in response to the Supplemental Notice are limited to objections to the terms of the *revision* to the settlement terms (*see* Supplemental Notice at 5:  "If you have comments about, or disagree with, any aspect of the revision to the Proposed Settlement, you may express your views to the Court.").  The amount of attorneys' fees sought has not been revised, and fees simply are not part of the revision to the settlement terms. |
| Timothy Iglesias | 7852 | Too difficult to obtain documentation supporting Epogen administrations. | Spoke with Mr. Iglesias by phone and assisted him in obtaining the documentation, which he submitted.<br><br>This objection is resolved. |
| Todd Ivey | n/a | Asked why the original co-pay based method for calculating Class A drug recovery was replaced with the damage-based method. | Provided letter explaining why this change was made to the settlement, to wit, to tie the Class A recovery to actual damages.  Note:  objection not valid, as it was not filed with the Court as required.<br><br>We do not know whether the explanation satisfied this class member. |

| Objector | Dkt. No. | Primary Substance of Objection | Class Counsel Response and Status |
|---|---|---|---|
| Cynthia Schubert | 7883 7841 | Classification of drugs confusing; Epogen should not have been moved to Class B; questioned why recovery not based on treble damages; difficult to determine whether she is a Class 1 or Class 3 member; could not make an informed decision of whether to opt out. | Provided lengthy letter explaining settlement and answering questions and had conference by telephone. Assisted Ms. Schubert in determining that she is member of Class 1 and in obtaining the documentation, which she submitted.<br><br>Ms. Schubert is still considering whether to submit a request for exclusion. |
| Margaret Wild | 7830 | Did not want to provide documentation supporting administration of drugs assigned the unclassified J-Code. | Explained by letter why the additional documentation was needed (Dkt. No. 7837) and left voice mail.<br><br>We do not know whether the explanation satisfied this class member. |