UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br><br>Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

**NOTICE OF JOINDER IN MOTION FOR MODIFICATION OF LEAD
COUNSEL'S ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE
INCURRED IN RELATED STATE COURT ACTIONS**

The undersigned firm, Law Office of Adam S. Levy, LLC ("Levy"), hereby gives notice of its joinder in the Motion for Modification of Lead Counsel's Allocation of Fees to Include Time and Expense Incurred in Related State Court Actions [Dkt. No. 7908] filed with the Court on November 17, 2011, by Kline & Specter, P.C., Williams Law Firm and Jennings, Haug, & Cunningham, LLP ("Movants").

Levy is in the same position, has the same claims, and seeks the same relief as Movants.  Levy was co-counsel with Movants and together with them litigated on behalf of plaintiffs in the parallel, coordinated state court cases in New Jersey [*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca et al.*, Case No. MON-L-3136-06] and Arizona [*Swanston v. Tap Pharmaceutical Products et al.*, Case No. CV 2002-004988] as discussed in Movants' papers.  As with Movants, Lead Counsel, in making its allocation, has arbitrarily refused to include Levy's time and expense incurred in litigating the parallel, coordinated state court claims that rolled up in favor of this MDL proceeding.  As a result, Levy, like Movants, has been allocated less than its companion plaintiff firms for work it performed on behalf of the settling plaintiff

classes.  Therefore, like Movants, Court intervention is needed to address Lead Counsel's misallocation of the settlement funds with respect to Levy.

As with Movants, Levy has submitted to Lead Counsel its time and expense incurred in the coordinated New Jersey and Arizona actions, from inception through the dates that the overlapping claims were dismissed in those actions, for payment in connection with the various settlements in the MDL.  Lead Counsel refuses to count any of Levy's state court time and expense.  Specifically, Levy incurred state court lodestar of $398,455.00 and expense of $13,354.83.

Accordingly, notice is hereby given of Levy's Joinder in the Movants' Motion [Dkt. No. 7908], of its reliance upon Movants' Memorandum in Support of the Motion [Dkt. No. 7909], the supporting Declaration of Kent M. Williams and Exhibits A-J thereto [Dkt. No. 7910], and all other supporting papers filed with Movants' Motion, and of its request that the Court order Levy's time and expense incurred in the New Jersey and Arizona cases to be included in any allocation of attorney fees undertaken by Lead Counsel in this case.

Dated:  November 18, 2011

/s/Adam S. Levy_____
Adam S. Levy
Law Office of Adam S. Levy, LLC
P.O. Box 88
Oreland, PA 19075
(267) 994-6952 (Telephone)
(215) 233-2992 (Facsimile)

ONE OF THE COUNSEL
 FOR CLASS   PLAINTIFFS

## RULE 7.1 CERTIFICATION

The undersigned certifies, pursuant to Local Rule 7.1, that he has conferred with Lead Counsel on the issues raised in this Notice, or has attempted to do so, and has been unable to resolve the issues without Court intervention.

Dated: November 18, 2011

        /s/ Adam S. Levy_____
        Adam S. Levy
        Law Office of Adam S. Levy, LLC
        P.O. Box 88
        Oreland, PA 19075
        (267) 994-6952 (Telephone)
        (215) 233-2992 (Facsimile)

        ONE OF THE COUNSEL FOR
        CLASS PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2011, I caused an electronic copy of the foregoing **NOTICE OF JOINDER IN MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE INCURRED IN RELATED STATE COURT ACTIONS** to be filed of record and served on all interested counsel via the Court's CM/ECF system.

/s/ Adam S. Levy