UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456<br>) Master File No. 1:01-CV-12257-PBS<br>) Sub-Category Case No. 1:08-CV-11200<br>)<br>)<br>) |
| THIS DOCUMENT RELATES TO<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br>*v.*<br>*Baxter Healthcare Corporation,* | ) Judge Patti B. Saris<br>)<br>)<br>)<br>)<br>)<br>) |

## RELATOR LINNETTE SUN'S OPPOSITION TO BAXTER HEALTHCARE CORPORATION'S MOTION TO COMPEL RESPONSE TO INTERROGATORY AND PRODUCTION OF DOCUMENTS

Relator Linnette Sun opposes Baxter Healthcare Corporation's motion to compel a further response to an interrogatory and the production of documents on the following grounds;

    a.    Relator has provided a supplemental response to Special Interrogatory No. 4 which provides all responsive information Relator has with respect to that interrogatory;

    b.    Relator has produced all of the email attachments that are the subject of the motion with the exception of those email attachments which constitute confidential proprietary information from third parties and which come within an agreement between Relator and those third parties to keep such

1

          information confidential and to not disclose it; a privilege log identifying the documents being withheld is being provided concurrently with this Opposition;

  c.  Relator has made a diligent, thorough and reasonable search of all documents and records within her possession, custody and control and/or available to her, and has produced all responsive documents that she has with respect to her employment since Baxter.

Based on a letter recently received from defense counsel **[Exhibit A hereto]** relator is hopeful that this motion will be taken off calendar in light of these responses, but if it is not, she respectfully requests this court to deny the motion in its entirety, as Relator has complied with her discovery obligations to the best of her ability based on the information available to her.

## I. INTRODUCTION

On August 9, 2011, Baxter served its First Set of Interrogatories (Ex. A to the Baxter Motion) and its First Set of Requests for Production of Documents (Ex. B to the Baxter Motion) on Relator Sun.  On September 8, 2011, Ms. Sun provided her responses to Baxter's First Set of Interrogatories. (Ex. C to the Baxter Motion) and her written responses to the Requests for Production **[Exhibit B hereto]**.  On October 13, 2011, Ms. Sun produced documents in response to Baxter's First Set of Requests for Production of Documents.( Ex. D to the Baxter Motion).

Counsel for Relator and counsel for Baxter engaged in meet and confer discussions, but due to the upcoming discovery deadline, and Baxter's perceived need to have these responses in advance of Sun's deposition, Baxter proceeded to file the motion while the meet and confer

efforts were still ongoing.  However, Baxter indicated, both in the motion and in subsequent correspondence that it would take the motion off calendar upon receipt of the information it is seeking.

Relator and her counsel, on their part, have been diligently working to provide counsel for Baxter with the requested information, but due to the deadline for filing opposition to the motion, have proceeded to file this opposition in the event the motion is not taken off calendar.

## II. ARGUMENT

The Baxter motion seek three categories of further discovery responses:

    a.    a supplemental response to Special Interrogatory No. 4;

    b.    the attachments to emails that were produced by Relator in her document production;

    c.    documents regarding relator's employment subsequent to her employment with Baxter.

A supplemental response to Interrogatory No. 4 has been provided **[Exhibit C hereto]**, and that response includes all information that is within relator's knowledge, including all information from all documents within relator's possession, custody and control **[Declaration of Linnette Sun, ¶2)**.

All attachments to the emails have been produced with the exception of the following emails as referenced by their document production numbers:  LS -DFP1-00114, 116, 117, 120, 121, 122, 128, 136-137, 168, 172-173, 182, 240, 241, 242, 243, 375, 384, 392, 393, 451, 459, 463, 466, 505, 538, 555,  563, 566, 567, 573, 574, 577, 593 and 694.**[Declaration of Linnette Sun, ¶3]**

Confidentiality is obviously extremely important in the pharmaceutical industry. Baxter clearly believes that as it designated over 90% of the documents it produced in its document production as "HIGHLY CONFIDENTIAL". Baxter should therefore appreciate the fact that its competitors, which are not even parties to this litigation, have a strong desire to maintain the confidentiality of their own business documents, and accordingly, Relator Sun, in withholding these documents, is doing exactly what Baxter would expect from any of its outside consultants.

It should also be apparent from the description of the documents in the Privilege Log filed concurrently herewith that the documents being withheld have nothing to do with the wage loss issues which are Baxter's alleged basis for seeking these documents. Nor are these documents essential to, or detrimental to Relator's claims. Relator accordingly has no personal motive for withholding these documents and is doing so only because she firmly believes that she is obligated to do so to protect the business interests of the companies she was a consultant for.

As to documents regarding her employment since Baxter, Relator has made an exhaustive search of all of her records and any other records reasonably available to her(such as records in the possession of her tax preparer) and has produced any and all such documents that are responsive to Baxter's document requests. **[Declaration of Linnette Sun, ¶4]**

Given that Relator has complied with her discovery obligations to the best of her ability, based on the information reasonably available to her, the motion to compel should be denied.

## III. CONCLUSION

Because Relator has responded to Baxter's discovery fully to the best of her ability, the motion should be denied.

November 18, 2011                                          Respectfully submitted,

                                                               /s/ Lauren John Udden
Lauren John Udden
15 West Carrillo Street
Suite 101
Santa Barbara, California 93101
Telephone: (805) 879-7544
Facsimile: (805) 560-0506


/s/ Mark Allen Kleiman
Mark Allen Kleiman
2907 Stanford Avenue
Venice, California 90292
Telephone: (310) 306-8094


Counsel for Relators Linnette Sun and Greg Hamilton

**CERTIFICATION OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing **RELATOR LINNETTE SUN'S OPPOSITION TO BAXTER HEALTHCARE CORPORATION'S MOTION TO COMPEL RESPONSE TO INTERROGATORY AND PRODUCTION OF DOCUMENTS** to be served on all counsel of record by electronic service by sending a copy to LexisNexis File & Serve for posting and notification to all parties on November 18, 2011.

/s/ Mark Allen Kleiman
MARK ALLEN KLEIMAN