# EXHIBIT "B"



39724492

Sep  8 2011
6:25PM

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION** | ) **MDL No. 1456** <br> ) **Master File No. 1:01-CV-12257-PBS** <br> ) **Sub-Category Case No.  1:08-CV-11200** <br> ) <br> ) <br> ) |
| **THIS DOCUMENT RELATES TO** <br> *United States ex rel. Linnette Sun and Greg Hamilton, Relators* <br> *v.* <br> **Baxter** *Healthcare Corporation* | ) **Judge Patti B. Saris** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### OBJECTIONS AND RESPONSES OF RELATOR LINNETTE SUN TO BAXTER HEALTHCARE CORPORATION'S FIRST SET REQUESTS FOR PRODUCTION OF DOCUMENTS

Relator Linnette Sun, pursuant to Rule 34 of the Federal Rules of Civil Procedure objects and responds to Baxter International Inc.'s First Set of Requests For The Production of Documents To Linnette Sun, as follows:

The following general objections apply to each Request in Defendant's First Set of Requests For Production in addition to any objections that are addressed to particular Requests or subparts of particular Requests:

1.     Plaintiff objects to each and every Request to the extent it seeks information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence as required by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each and every Request herein insofar as it seeks the production of documents that are protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

3.      Plaintiff objects to each and every Request herein insofar as it is vague, ambiguous, overbroad, unduly burdensome or oppressive.

4.      Plaintiff objects to each and every Request herein insofar as Defendant purports to alter Plaintiff's obligations under the Federal Rules of Civil Procedure.  Plaintiff will comply with the Federal Rules of Civil Procedure.

5.      Plaintiff objects to each Request to the extent it seeks information not within the possession, custody or control of Plaintiff.

6.      Plaintiff objects to each and every Request herein insofar as it seeks to obtain the production of information or documents that are as readily available to Defendant and its counsel as to Plaintiff.

7.      Plaintiff objects to each and every Request herein insofar as it seeks disclosure of personal and confidential information protected by Plaintiff's constitutional right of privacy.

8.      Nothing herein shall be construed as an admission or waiver by Plaintiff of: (a) her rights respecting admissibility, competency, relevance, privilege, materiality and authenticity of the information provided in the Responses, documents identified in the Responses or the subject matter thereof; (b) her objections due to vagueness, ambiguity or undue burden; and (c) her rights to object to the use of information provided in the Responses, documents identified in the responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

**DOCUMENT REQUEST NO. 1**

Baxter repeats and incorporates by reference the following requests, which were contained in Baxter International Inc.'s October 16, 2009 Document Requests to Linnette Sun.

A.     All Documents and Communications related to your employment at Baxter, including:

1.     All Documents and Communications in your possession from Baxter's offices.

2.     All Documents and Communications related to Baxter drug and/or therapy prices, pricing decisions, and/or pricing strategy, including the pricing document in your possession referenced in Paragraph 10 of the Sun Declaration.

3.     All Documents and Communications related to the pricing of Baxter drugs and/or therapies, including the allegations related to Advate pricing in Paragraph 43 of the Complaint and Paragraphs 6-14 of the Sun Declaration.

B.     All Documents and Communications relating to the allegation in Paragraph 2 of the Complaint that "Baxter controlled the published AWP by misreporting the WAC."

C.     All Documents and Communications relating to the allegations in Paragraph 4 of the Complaint that "Baxter refused to report an accurate WAC" and instead reported an inflated "list sales price."

D.     All Documents and Communications relating to the allegations in Paragraph 5 of the Complaint that Baxter "manipulated the AWP" to "maximize its revenue" and that Baxter's spread was "larger than its competitors."

3

E.      All Documents and Communications relating to the allegation in Paragraph 6 of the Complaint that Baxter "falsely reported WAC to inflate the AWP and the spread" and that Baxter therefore "deceived" state governments.

F.      All Documents and Communications relating to the allegations in Paragraphs 31 and 35 of the Complaint that Baxter reported to First DataBank that the biologics price for charge-back wholesalers was its WAC and that Baxter did so to "directly control and fabricate the AWP."

G.      All Documents and Communications relating to the allegation in Paragraph 32 of the Complaint that Baxter's false reporting "increased the profitability" of certain drugs to health care providers and pharmacies.

H.      All Documents and Communications relating to the Recombinate pricing allegations in Paragraph 36 of the Complaint.

I.      All Documents and Communications relating to the allegations in Paragraph 38 of the Complaint that Mike Bradley told Ms. Sun that Baxter knowingly, repeatedly, and falsely reported a "list sales price" as its WAC to First DataBank, that Baxter expected to blame First DataBank, and that this practice was necessary to meet Baxter's sales targets.

J.      All Documents and Communications relating to the allegations in Paragraphs 39 and 40 of the Complaint that First DataBank "refused to accept" Baxter's price and threatened not to publish the information, and that Baxter "refused to provide any other number than 'list sales price'" to First DataBank.

K.       All Documents and Communications relating to the allegations in Paragraph 41 of the Complaint that Mike Bradley "acknowledged" to Ms. Sun that Baxter was reporting inflated AWPs for financial gain.

L.       All Documents and Communications relating to the allegations in Paragraph 43 and 44 of the Complaint and Paragraph 15 of the Sun Declaration that Ms. Sun "voiced her concerns" regarding the published AWPs to John Park and Nick Poulios.

M.       All Documents and Communications relating to the allegations in Paragraph 45 of the Complaint that Ms. Sun reported her concerns to Larry Guiheen and that Mr. Guiheen "forbade Ms. Sun from doing any further research" or contacting First DataBank.

N.       All Documents and Communications relating to the allegations in Paragraphs 46 and 63 of the Complaint that Nick Poulios "silenced" Ms. Sun at a pricing meeting and that Larry Guiheen and John Park commented that "Baxter Management would go to jail if the government ever discovered" material such as the margin analysis report.

O.       All Documents and Communications relating to the allegation in Paragraph 48 of the Complaint that Baxter "engaged in similar falsification of WAC with respect to its other pharmaceutical, hematological, and biological products."

P.       All Documents and Communications relating to the Volume Committed Contracts allegations in Paragraphs 49-51 of the Complaint.

Q.       All Documents and Communications, including any complaints, pleadings, reports, and/or news articles, regarding Average Wholesale Price, Wholesale Acquisition Cost, and/or other pharmaceutical litigation, including the "extensive" materials regarding the TAP prosecution and AstraZeneca settlement referenced in Paragraph 64 of the Complaint.

5

R.    All Documents and Communications relating to the allegation in Paragraph 12 of the Sun Declaration that Baxter deliberately encouraged "overdosing" of patients by home health care agencies.

S.    All Documents and Communications, including affidavits, declarations, statements, preparation materials, complaints, drafts, and/or notes, related to other pharmaceutical cases with which you have been involved.

T.    All Documents and Communications that demonstrate that you have direct and independent knowledge of the allegations in the Complaint.

U.    All Documents and Communications that demonstrate that you are the original source of the allegations in the Complaint.

## OBJECTIONS AND RESPONSES TO REQUEST NO 1

**A.**  Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.    All attorney notes, drafts and memoranda;

B.    All attorney research;

6

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter. However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**B.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter. However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**C.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

C.    All attorney investigations;

D.    All correspondence and communications between attorney and client;

E.    All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.    All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**D.**    Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.    All attorney notes, drafts and memoranda;

B.    All attorney research;

9

     C.     All attorney investigations;

     D.     All correspondence and communications between attorney and client;

     E.     All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

     F.     All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or

received,  documents that she saw or had possession of during meetings, and volume committed

contracts that she saw during her employment at Baxter.  However, she was not permitted to

retain any of those documents, and therefore none of them are within her possession or control.

Those documents would be within the possession, custody and control of Baxter International,

Inc.

     **E.**     Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D.

655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad

and unduly burdensome on their face: discovery requests that essentially seek every document

relating to a subject matter fail to describe the documents with particularity and place an undue

burden of searching innumerable files to see what it can find to fit the defendant's definitions,

instructions and categories.

Responding party identifies the following as kept in the files and records of the

responding party, and the attorneys for the responding party, and objects to the production of

same on the grounds of attorney-client privilege and work product doctrine:

     A.     All attorney notes, drafts and memoranda;

     B.     All attorney research;

    C.      All attorney investigations;

    D.      All correspondence and communications between attorney and client;

    E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

    F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

    **F.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

    A.      All attorney notes, drafts and memoranda;

    B.      All attorney research;

11

C.     All attorney investigations;

D.     All correspondence and communications between attorney and client;

E.     All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.     All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter. However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**G.**     Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.     All attorney notes, drafts and memoranda;

B.     All attorney research;

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**H.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

C. All attorney investigations;

D. All correspondence and communications between attorney and client;

E. All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F. All materials reflecting items A through E, above.

Responding party identifies the Disclosure Statement submitted to the United States Government and the exhibits attached to the Disclosure Statement.  Responding party is willing to produce the exhibits to the Disclosure Statement. She is also willing to make the Disclosure Statement available to counsel for Baxter International, Inc. provided counsel agrees that making this Disclosure Statement available to them does not waive the joint prosecution privilege.

**I.** Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A. All attorney notes, drafts and memoranda;

B. All attorney research;

C. All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter International, Inc.

**J.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

15

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**K.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.     All correspondence and communications between attorney and client;

E.     All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.     All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter. However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**L.**     Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.     All attorney notes, drafts and memoranda;

B.     All attorney research;

C.     All attorney investigations;

17

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter. However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**M.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

18

      D.     All correspondence and communications between attorney and client;

      E.     All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.     All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

    **N.**     Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.     All attorney notes, drafts and memoranda;

      B.     All attorney research;

      C.     All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter. However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**O.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

20

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**P.**  Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed

contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**Q.**      Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**R.**      Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad

and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

     A.    All attorney notes, drafts and memoranda;

     B.    All attorney research;

     C.    All attorney investigations;

     D.    All correspondence and communications between attorney and client;

     E.    All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

     F.    All materials reflecting items A through E, above.

**S**.    Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.    All attorney notes, drafts and memoranda;

      B.    All attorney research;

      C.    All attorney investigations;

      D.    All correspondence and communications between attorney and client;

      E.    All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.    All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter International, Inc.

**T.**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.    All attorney notes, drafts and memoranda;

      B.    All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**U.**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and volume committed contracts that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control. Those documents would be within the possession, custody and control of Baxter International, Inc.

**DOCUMENT REQUEST NO. 2**

All logs, diaries, notes, memoranda or other Documents and Communications referring to, memorializing or discussing in any way your employment with Baxter

**OBJECTIONS AND RESPONSES TO REQUEST NO 2**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

     A.    All attorney notes, drafts and memoranda;

     B.    All attorney research;

     C.    All attorney investigations;

     D.    All correspondence and communications between attorney and client;

     E.    All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

     F.    All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or

26

received,  documents that she saw or had possession of during meetings, and other documents

that she saw during her employment at Baxter.  However, she was not permitted to retain any of

those documents, and therefore none of them are within her possession or control.  Those

documents would be within the possession, custody and control of Baxter Healthcare

Corporation.

## DOCUMENT REQUEST NO. 3

All correspondence, notes, memoranda or other Documents and Communications

constituting, recording, memorializing or referring to any oral or written communications

between you and any representative or current or former employee of Baxter concerning the

events alleged in your claim.

## OBJECTIONS AND RESPONSES TO REQUEST NO 3

Responding party identifies the following as kept in the files and records of the

responding party, and the attorneys for the responding party, and objects to the production of

same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter Healthcare Corporation.

## DOCUMENT REQUEST NO. 4

All correspondence, notes, memoranda or other Documents and Communications concerning your job performance with Baxter, including, but not limited to documents relating to or constituting performance reviews, evaluations, counseling sessions, memos, letters, warnings or criticisms concerning your job performance with Baxter.

## OBJECTIONS AND RESPONSES TO REQUEST NO 4

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter Healthcare Corporation.

It should be noted that Performance Reviews for Linnette Sun were produced by Baxter's counsel at the deposition of Linnette Sun which occurred on January 19, 2010, and Linnette Sun therefore has possession of copies of those documents.


**DOCUMENT REQUEST NO. 5**

All documents relating to your performance of duties at Baxter, or your failure to perform your duties while working for Baxter.

**OBJECTIONS AND RESPONSES TO REQUEST NO 5**

Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue

burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

     A.    All attorney notes, drafts and memoranda;

     B.    All attorney research;

     C.    All attorney investigations;

     D.    All correspondence and communications between attorney and client;

     E.    All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

     F.    All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter Healthcare Corporation.

**DOCUMENT REQUEST NO. 6**

All Documents and Communications that refer or relate to your efforts to obtain

employment or consulting work at any time you were employed by, or subsequent to your

termination by, Baxter, including but not limited to any applications; cover letters; resumes;

interview notes; offer letters; any correspondence to or from prospective employers; and any and

all emails generated or received by you concerning your efforts to obtain subsequent

employment or consulting work.

**OBJECTIONS AND RESPONSES TO REQUEST NO 6**

Responding party identifies the following as kept in the files and records of the

responding party, and the attorneys for the responding party, and objects to the production of

same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Subject to all of the objections asserted, either in general to this set of requests for

production of documents, or specifically to this request, plaintiff will produce all responsive non

privileged documents within her possession, custody or control.

**DOCUMENT REQUEST NO. 7**

All Documents and Communications generated during the term of your

employment with Baxter that related to presentations, training, guidance, or opinions offered to

third parties (including other pharmaceutical companies) regarding any drug or therapy, or

relating to drug pricing or reimbursement.

**OBJECTIONS AND RESPONSES TO REQUEST NO 7**

Responding party identifies the following as kept in the files and records of the

responding party, and the attorneys for the responding party, and objects to the production of

same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or

received,  documents that she saw or had possession of during meetings, and other documents

that she saw during her employment at Baxter.  However, she was not permitted to retain any of

those documents, and therefore none of them are within her possession or control.  Those

documents would be within the possession, custody and control of Baxter Healthcare

Corporation.

## DOCUMENT REQUEST NO. 8

All correspondence, notes, memoranda or other Documents and Communications concerning any efforts made by you while employed by Baxter to seek employment or a consulting relationship with any other company or entity, including but not limited to Abbott Laboratories, Amgen, and Connetics.

## OBJECTIONS AND RESPONSES TO REQUEST NO 8

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

> A.      All attorney notes, drafts and memoranda;
>
> B.      All attorney research;
>
> C.      All attorney investigations;
>
> D.      All correspondence and communications between attorney and client;
>
> E.      All correspondence and communications between any counsel who is
acting or who has acted on plaintiff's behalf;
>
> F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter Healthcare Corporation.

33

## DOCUMENT REQUEST NO. 9

All handbooks, policy statements and other Documents and Communications referring to or setting forth the personnel policies, rules, regulations, practices and procedures of Baxter.

## OBJECTIONS AND RESPONSES TO REQUEST NO 9

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received,  documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter Healthcare Corporation.

## DOCUMENT REQUEST NO. 10

All Documents and Communications related to any training that you received as

an employee at Baxter.

## OBJECTIONS AND RESPONSES TO REQUEST NO 10

Responding party identifies the following as kept in the files and records of the

responding party, and the attorneys for the responding party, and objects to the production of

same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or

received,  documents that she saw or had possession of during meetings, and other documents

that she saw during her employment at Baxter.  However, she was not permitted to retain any of

those documents, and therefore none of them are within her possession or control.  Those

documents would be within the possession, custody and control of Baxter Healthcare

Corporation.

**DOCUMENT REQUEST NO. 11**

All Documents and Communications referring to or evidencing any physical or emotional injury you claim to have incurred by reason of the actions of Baxter (including without limitation the severe emotional and mental suffering alleged in the Complaint), including, but not limited to:

> a. medical, psychological or counseling reports, notes, tests or other Documents and Communications that refer to or reflect the nature or extent of your injury or illness; and,
>
> b. bills, insurance claims or other Documents and Communications setting forth or reflecting the date or nature of any counseling, medical or psychological treatment you received, any diagnosis made concerning any such injury or condition or the amount you paid or charged for such services.

**OBJECTIONS AND RESPONSES TO REQUEST NO 11**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

> A.    All attorney notes, drafts and memoranda;
>
> B.    All attorney research;
>
> C.    All attorney investigations;
>
> D.    All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

This request is also objected to on the grounds that it invades the physician-patient privilege,  the psychotherapist-patient privilege, invades other privileges that exist between patients and their health care providers, violates HIPPA, violates the constitutional right to privacy, and violates plaintiff's rights to the confidentiality of her medical records and medical information.

Plaintiff further objects on the grounds that the documents sought are irrelevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 12**

All declarations, affidavits, and/or other statements signed by individuals that refer or relate to any of the facts alleged in the Complaint.

**OBJECTIONS AND RESPONSES TO REQUEST NO 12**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

37

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.


## DOCUMENT REQUEST NO. 13

All notes, memoranda or other records of any oral statements made by any person concerning the facts alleged in the Complaint.

## OBJECTIONS AND RESPONSES TO REQUEST NO 13

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

**DOCUMENT REQUEST NO. 14**

All Documents and Communications that refer or relate to internal grievances or complaints filed by you during your employment with Baxter.

**OBJECTIONS AND RESPONSES TO REQUEST NO 14**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.     All attorney notes, drafts and memoranda;

      B.     All attorney research;

      C.     All attorney investigations;

      D.     All correspondence and communications between attorney and client;

      E.     All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.     All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents, if any exist,  would be within the possession, custody and control of Baxter Healthcare Corporation.

**DOCUMENT REQUEST NO. 15**

All Documents and Communications that refer or relate to every charge,

complaint, or claim submitted by you, or on your behalf, to any federal, state or local agency

concerning your employment with Baxter, including but not limited to, an Equal Employment

Opportunity Commission charge, a California Department of Fair Employment and Housing

complaint, an unemployment insurance claim, a state disability income claim, a workers'

compensation claim, and/or a police complaint, including communications with any person or

agency, regarding any such charge, complaint or claim.

**OBJECTIONS AND RESPONSES TO REQUEST NO 15**

Responding party identifies the following as kept in the files and records of the responding

party, and the attorneys for the responding party, and objects to the production of same on the

grounds of attorney-client privilege and work product doctrine:

      A.     All attorney notes, drafts and memoranda;

      B.     All attorney research;

      C.     All attorney investigations;

      D.     All correspondence and communications between attorney and client;

      E.     All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

      F.     All materials reflecting items A through E, above.

Subject to all of the objections asserted, either in general to this set of requests for

production of documents, or specifically to this request, plaintiff will produce all responsive non

privileged documents within her possession, custody or control.

**DOCUMENT REQUEST NO. 16**

All Documents and Communications that refer or relate to any oral or written communications between you and anyone not employed by Baxter concerning the allegations in the Complaint.

**OBJECTIONS AND RESPONSES TO REQUEST NO 16**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

**DOCUMENT REQUEST NO. 17**

All Documents and Communications that refer or relate to any oral or written communications between you and any current or former employee, officer, director, or agent of Baxter concerning the allegations of the Complaint.

41

**OBJECTIONS AND RESPONSES TO REQUEST NO 17**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.     All attorney notes, drafts and memoranda;

      B.     All attorney research;

      C.     All attorney investigations;

      D.     All correspondence and communications between attorney and client;

      E.     All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.     All materials reflecting items A through E, above.

**DOCUMENT REQUEST NO. 18**

All Documents and Communications that you obtained from any current or former employee, officer, director or agent of Baxter concerning the allegations of the Complaint.

**OBJECTIONS AND RESPONSES TO REQUEST NO 18**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.     All attorney notes, drafts and memoranda;

      B.     All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

**DOCUMENT REQUEST NO. 19**

All Documents and Communications that refer or relate to the amount of wages or other employment benefits that you contend you have lost as a result of the actions of Baxter.

**OBJECTIONS AND RESPONSES TO REQUEST NO 19**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Subject to all of the objections asserted, either in general to this set of requests for production of documents, or specifically to this request, plaintiff will produce all responsive non privileged documents within her possession, custody or control.

## DOCUMENT REQUEST NO. 20

All Documents and Communications, including but not limited to W-2s and 1099s, that reflect any wages or other work-related income you received from the last day of your employment with Baxter to the present.

## OBJECTIONS AND RESPONSES TO REQUEST NO 20

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.      All attorney notes, drafts and memoranda;

      B.      All attorney research;

      C.      All attorney investigations;

      D.      All correspondence and communications between attorney and client;

      E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

      F.      All materials reflecting items A through E, above.

Subject to all of the objections asserted, either in general to this set of requests for production of documents, or specifically to this request, plaintiff will produce all responsive non privileged documents within her possession, custody or control.

44

**DOCUMENT REQUEST NO. 21**

All Documents and Communications that refer or relate to any promotion, salary increase, or bonus you received from Baxter.

**OBJECTIONS AND RESPONSES TO REQUEST NO 21**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

    A.    All attorney notes, drafts and memoranda;

    B.    All attorney research;

    C.    All attorney investigations;

    D.    All correspondence and communications between attorney and client;

    E.    All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

    F.    All materials reflecting items A through E, above.

Responding party identifies various documents, including emails that she sent or received, documents that she saw or had possession of during meetings, and other documents that she saw during her employment at Baxter.  However, she was not permitted to retain any of those documents, and therefore none of them are within her possession or control.  Those documents would be within the possession, custody and control of Baxter Healthcare Corporation.

**DOCUMENT REQUEST NO. 22**

All Documents and Communications that refer or relate to any compensation you received from any employer (other than Baxter) or for any consulting work or self-employment since the commencement of your employment at Baxter to the present.

**OBJECTIONS AND RESPONSES TO REQUEST NO 22**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

> A.      All attorney notes, drafts and memoranda;

> B.      All attorney research;

> C.      All attorney investigations;

> D.      All correspondence and communications between attorney and client;

> E.      All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

> F.      All materials reflecting items A through E, above.

Subject to all of the objections asserted, either in general to this set of requests for production of documents, or specifically to this request, plaintiff will produce all responsive non privileged documents within her possession, custody or control.

**DOCUMENT REQUEST NO. 23**

All Documents and Communications that refer or relate to your claim for discrimination as alleged in paragraphs 253-259 of the Complaint.

46

**OBJECTIONS AND RESPONSES TO REQUEST NO 23**

As discussions are pending to dismiss the discrimination claim, no response will be provided at this time other than the objections that have been asserted.

**DOCUMENT REQUEST NO. 24**

All Documents and Communications that refer or relate to your claim for harassment as alleged in paragraphs 260-265 of the Complaint.

**OBJECTIONS AND RESPONSES TO REQUEST NO 24**

As discussions are pending to dismiss the harassment claim, no response will be provided at this time other than the objections that have been asserted.

**DOCUMENT REQUEST NO. 25**

The agreement between you and Mr. Greg Hamilton to split proceeds in this case as discussed in the Sun Transcript at pp. 19-20.

**OBJECTIONS AND RESPONSES TO REQUEST NO 25**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

      A.     All attorney notes, drafts and memoranda;

      B.     All attorney research;

      C.     All attorney investigations;

      D.     All correspondence and communications between attorney and client;

47

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Plaintiff is not aware of any documents responsive to this request.

## DOCUMENT REQUEST NO. 26

All agreements, understandings, and fee or cost arrangements with Your counsel and/or with any other party Concerning this case.

## OBJECTIONS AND RESPONSES TO REQUEST NO 26

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

**DOCUMENT REQUEST NO. 27**

All research or Documents generated in connection with or used to draft the

Complaint.

**OBJECTIONS AND RESPONSES TO REQUEST NO 27**

Responding party identifies the following as kept in the files and records of the responding

party, and the attorneys for the responding party, and objects to the production of same on the

grounds of attorney-client privilege and work product doctrine:

> A.     All attorney notes, drafts and memoranda;
>
> B.     All attorney research;
>
> C.     All attorney investigations;
>
> D.     All correspondence and communications between attorney and client;
>
> E.     All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

> F.     All materials reflecting items A through E, above.

**DOCUMENT REQUEST NO. 28**

All drug costs models, pricing models, drug utilization reviews, experience and

actuarial analyses, assessments, studies, analyses, reviews, and reports relating or referring to the

Subject therapies.

**OBJECTIONS AND RESPONSES TO REQUEST NO 28**

Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D. 655, 665

(D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad and

49

unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

> A.   All attorney notes, drafts and memoranda;
>
> B.   All attorney research;
>
> C.   All attorney investigations;
>
> D.   All correspondence and communications between attorney and client;
>
> E.   All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

> F.   All materials reflecting items A through E, above.

Subject to and without waiving said privileges and protections, responding party identifies various documents produced by co-Relator Greg Hamilton in conjunction with the deposition taken of him by Baxter on January 21, 2010.

## DOCUMENT REQUEST NO. 29

All Documents relating to the computation or calculation of False Claims Act damages under Count 1 of the Complaint.

**<u>OBJECTIONS AND RESPONSES TO REQUEST NO 29</u>**

Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D.

655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad

and unduly burdensome on their face: discovery requests that essentially seek every document

relating to a subject matter fail to describe the documents with particularity and place an undue

burden of searching innumerable files to see what it can find to fit the defendant's definitions,

instructions and categories.

Responding party identifies the following as kept in the files and records of the responding

party, and the attorneys for the responding party, and objects to the production of same on the

grounds of attorney-client privilege and work product doctrine:

A.    All attorney notes, drafts and memoranda;

B.    All attorney research;

C.    All attorney investigations;

D.    All correspondence and communications between attorney and client;

E.    All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

F.    All materials reflecting items A through E, above.

Subject to and without waiving said privileges and protections, responding party identifies

the documents previously identified in or produced as Exhibit A to Relators' supplemental Rule

26 Disclosure.

**DOCUMENT REQUEST NO. 30**

All Documents supporting, rebutting, or otherwise relating in any way to the

allegations in the Complaint, including but not limited to all Documents reviewed in advance of,

or relied on in, drafting the Complaint.

**OBJECTIONS AND RESPONSES TO REQUEST NO 30**

Responding party identifies the following as kept in the files and records of the responding

party, and the attorneys for the responding party, and objects to the production of same on the

grounds of attorney-client privilege and work product doctrine:

> A.     All attorney notes, drafts and memoranda;

> B.     All attorney research;

> C.     All attorney investigations;

> D.     All correspondence and communications between attorney and client;

> E.     All correspondence and communications between any counsel who is

acting or who has acted on plaintiff's behalf;

> F.     All materials reflecting items A through E, above.


**DOCUMENT REQUEST NO. 31**

Any other Documents in your possession concerning in any way the Subject

therapies, or Baxter drug pricing generally.

**OBJECTIONS AND RESPONSES TO REQUEST NO 31**

Objection: Cotracon Commodity Trading Corp. v. Seaboard Surety, 189 F.R.D.

655, 665 (D. Kan. 1999): use of the omnibus phrase "relating to" rendered requests, overly broad

and unduly burdensome on their face: discovery requests that essentially seek every document relating to a subject matter fail to describe the documents with particularity and place an undue burden of searching innumerable files to see what it can find to fit the defendant's definitions, instructions and categories.  The phrase "concerning in any way" is surely no better.

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

        A.      All attorney notes, drafts and memoranda;

        B.      All attorney research;

        C.      All attorney investigations;

        D.      All correspondence and communications between attorney and client;

        E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

        F.      All materials reflecting items A through E, above.

Subject to and without waiving said privileges and protections, responding party identifies the documents previously identified in or produced in conjunction with co-Relator Hamilton's deposition of January 21, 2010.

## DOCUMENT REQUEST NO. 32

All Documents relating to or relied on by You in Your responses to Baxter Healthcare Corporation's First Set of Interrogatories To Linnette Sun.

**OBJECTIONS AND RESPONSES TO REQUEST NO 32**

Responding party identifies the following as kept in the files and records of the responding party, and the attorneys for the responding party, and objects to the production of same on the grounds of attorney-client privilege and work product doctrine:

A.      All attorney notes, drafts and memoranda;

B.      All attorney research;

C.      All attorney investigations;

D.      All correspondence and communications between attorney and client;

E.      All correspondence and communications between any counsel who is acting or who has acted on plaintiff's behalf;

F.      All materials reflecting items A through E, above.

Respectfully submitted.

/s/   Lauren John Udden

Dated: September 8, 2011

Lauren John Udden
15 West Carrillo Street
Suite 101
Santa Barbara, California 93101
Telephone: (805) 879-7544
Facsimile: (805) 560-0506

Mark Allen Kleiman
2907 Stanford Avenue
Venice, California 90292
Telephone: (310) 306-8094

Counsel for Relator Linnette Sun

## **VERIFICATION**

STATE OF PENNSYLVANIA   )
                                )
COUNTY OF _____)

I the undersigned say:  I am a plaintiff in the above entitled matter.

I have read the foregoing **OBJECTIONS AND RESPONSES OF LINNETTE SUN TO BAXTER HEALTHCARE CORPORIATION'S FIRST SET REQUESTS FOR PRODUCTION OF DOCUMENTS** and know the contents thereof.  The information stated therein is true and correct to the best of my knowledge except for statements based on information and belief and as to those responses I believe them to be true and correct.

I declare under penalty of perjury in accordance with the laws of the State of Pennsylvania that the foregoing is true and correct.

Executed this _____ day of September, 2011, at Wayne, Pennsylvania.


_____
LINNETTE SUN

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on September 8, 2011, I caused a true and correct copy of the

foregoing **OBJECTIONS AND RESPONSES OF RELATOR LINNETTE SUN TO**

**BAXTER HEALTHCARE CORPORATION'S FIRST SET REQUESTS FOR**

**PRODUCTION OF DOCUMENTS**  to be served on all counsel of record by electronic service

by sending a copy to  LexisNexis File & Serve for posting and notification to all parties.


/s/ Mark Allen Kleiman
MARK ALLEN KLEIMAN

55