# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257 |
| | MDL No. 1456 |
| THIS DOCUMENT RELATES TO TRACK 2 SETTLEMENT | Judge Patti B. Saris |

**DECLARATION OF KENNETH A. WEXLER IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**

I, Kenneth A. Wexler, declare under penalty of perjury as follows:

1. I am a partner at Wexler Wallace LLP ("Wexler Wallace") and am Co-Lead Counsel for Plaintiffs and the Class in the above-captioned matter. I submit this declaration under penalty of perjury in support of Plaintiffs' Supplemental Memorandum in Support of their Motion for Imposition of Appeal Bond Against Corinna Connick under Federal Rule of Appellate Procedure 7.

2. On November 17, 2011, Ms. Connick filed a Verified Complaint for Declaratory Judgment and Injunctive Relief ("*Connick v. Wexler*"), and an accompanying Motion for Protective Order, against me personally, as well as my firm, Wexler Wallace, in the United States District Court for the Northern District of Ohio. True and correct copies of the Complaint and its exhibits, which were received by Wexler Wallace on November 21, 2011, is attached hereto as Exhibit 1.

3. Also on November 17, 2011, Ms. Connick filed a Motion for Protective Order in the *Connick v. Wexler* matter. True and correct copies of the Motion and its exhibits, which were received by Wexler Wallace on November 21, 2011, are attached hereto as Exhibit 2.

4. On November 16, 2011, I spoke with Corinna Connick's husband Tom Connick, who said he was representing her for purposes of responding to my inquiry regarding whether she would appear for her deposition, which was noticed for November 18, 2011. Mr. Connick later filed a notice of appearance on Ms. Connick's behalf on November 18, 2011.

5. With regard to the deposition, Mr. Connick told me that he and his wife had plans and would not be available on November 18th. I told Mr. Connick that I would be willing to travel to Cleveland to take Ms. Connick's deposition any day before the scheduled November 22, 2011 final approval hearing, including over the weekend. Mr. Connick responded that Ms. Connick would not appear for her deposition at any time. He also said the notice of deposition was harassment because Ms. Connick's deposition had been taken previously, in 2009, in connection with the objection she had filed. I explained that, at the time of her initial deposition, the Court had not yet determined that Ms. Connick was not a member of the Class and, therefore, was not releasing any rights through the Track 2 settlement. Nor had Ms. Connick filed a notice of appeal for which Plaintiffs were seeking the imposition of a bond. I said that, having Ms. Connick's answers regarding her willingness and ability to post the bond, as well as the basis for her *pro se* appeal, would likely assist the Court when deciding whether to impose a bond. Mr. Connick responded that he didn't see how Ms. Connick's $20 claim could possibly hold up distribution of the settlement funds, but I explained that it would because, assuming the settlement is approved, it will delay the Effective Date as defined in the Settlement Agreement.

I asked Mr. Connick to articulate what Ms. Connick hoped to accomplish through her appeal beside the possible recovery of $20. He refused to say.

6. Mr. Cochran is known in the class action community as a serial objector. He has filed objections to settlements and appeals in other lawsuits in which Class Counsel and others they know have been involved around the country, and has offered to drop those objections and appeals in exchange for money.

7. On information and belief, while Ms. Connick filed her notice of appeal *pro se*, it has been Mr. Cochran's plan to appear during the briefing of the appeal before the First Circuit Court of Appeals. On information and belief, this has been Mr. Cochran's strategy to avoid exposure to Rule 11 in this Court.

Executed this 21st day of November in Chicago, Illinois.

                                                              /s/ Kenneth A. Wexler
                                                              Kenneth A. Wexler