**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ASTRAZENECA MASSACHUSETTS AND NON-MASSACHUSETTS CLASS 2 AND CLASS 3 SETTLEMENTS | Judge Patti B. Saris |

**PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND TO CONSUMER CLAIMANTS AND THIRD-PARTY PAYORS IN THE MASSACHUSETTS AND NON-MASSACHUSETTS CLASS 2 AND CLASS 3 SETTLEMENTS**

Class Plaintiffs hereby move for entry of an Order to disburse funds to all eligible consumer and Third Party Payor ("TPP") claimants in both the Massachusetts and Non-Massachusetts Class 2 and Class 3 settlements with Defendant AstraZeneca. Class Counsel has conferred with counsel for AstraZeneca, who do not oppose this motion. In support, thereof, Class Plaintiffs state as follows:

1. On February 22, 2011, the Court granted final approval to the class action settlement embodied in the parties' Revised Settlement Agreement and Release of AstraZeneca Related to Non-Massachusetts Classes Two and Three (the "National Settlement") [Docket No. 7433]. On the same date the Court granted final approval to the class action settlement embodied in the parties' Revised Settlement Agreement and Release of AstraZeneca Related to Massachusetts Classes Two and Three (the "Massachusetts Settlement") [Docket No. 7432].

2. No appeals were taken from the Court's orders finally approving the National and Massachusetts Settlements. As such, the Settlement Agreements became effective on or about March 22, 2011.

3. The Court appointed Rust Consulting, Inc. ("Rust") as the Claims Administrator with responsibilities for implementing the distribution of the settlement proceeds. Immediately after the effective date of the Settlement Agreements, Rust began processing all claims of would-be Class members. As set forth in the Declaration of Robin M. Neimiec Regarding Allocation and Distribution of the Net Settlement Fund to Consumer Claimants and Third Party Payors attached hereto as Exhibit A (the "*Neimiec Aff'd*"), Rust has now completed its review and processing of all class claims and stands ready to distribute the net settlement proceeds to all consumer and Third Party Payor Class members in both the National and Massachusetts settlements.

**A. Consumer Claims**

4. The Claims Administrator has calculated the Recognized Claim Amount for eligible consumer claimants as follows:

**National Settlement**

a. ***Eligible Consumer Claims***. Rust received a total of 4,850 claims in the National Settlement of which 3,861 were deemed eligible. These eligible claims have a total Recognized Claim Amount of $4,701,292.55. This figure includes 8 claims for which the claimant failed to provide a signature on the claim form but are otherwise eligible. *Neimiec Aff'd* ¶16. Class Counsel recommend that the Court approve each of the eligible consumer claims, including those that were late or failed to provide a signature.

b. ***Ineligible or Deficient Consumer Claims.*** As referenced in the Neimiec Affidavit, Rust sent more than 2015 letters to consumer claimants in both the Nationwide and

- 2 -

Massachusetts Settlements in an attempt to clarify information provided by the consumer or to request that they take action to resolve a deficient or ineligible condition in their claim. *Neimiec Aff'd* at ¶ 13. Despite these efforts 988 consumer claimants in the Nationwide Settlement remain deficient in some way. *Neimiec Aff'd* ¶ 14.

### Massachusetts Settlement

a.   ***Eligible Consumer Claims***. Rust received a total of 213 consumer claims in the Massachusetts Settlement of which 162 were deemed eligible. These eligible claims have a total Recognized Claim Amount of $310,995.05.

b.   ***Ineligible or Deficient Consumer Claims.*** As referenced in the Neimiec Affidavit, Rust sent more than 2065 letters to consumer claimants in both the Nationwide and Massachusetts Settlements in an attempt to clarify information provided by the consumer or to request that they take action to resolve a deficient or ineligible condition in their claim. *Neimiec Aff'd* at ¶ 13. Despite these efforts 51 consumer claimants in the Massachusetts Settlement remain deficient in some way. *Neimiec Aff'd* ¶ 14.

**B.   Consumer Settlement Funds**

### National Settlement

Rust estimates the Nationwide Net Consumer Settlement Fund to be $6,785,768.58. All eligible consumer claims have a total recognized claim amount of $4,714,642.55. As such all eligible consumer claimants will receive 100% of their recognized claim amount. Those consumers with a recognized claim amount of less than $400 or who elected the Easy Refund payment will receive a payment of $400. In accordance with Paragraph II.L of the Nationwide Settlement Agreement the consumer overage of $2,071,126.03 will be applied to the TPP and ISHP Settlement Pools. *Neimiec Aff'd* ¶ 18.

**Massachusetts Settlement**

Rust estimates the Massachusetts Net Consumer Settlement Fund to be $979,710.46. All eligible consumer claims have a total recognized claim amount of $310,995.05. As such all eligible consumer claimants will receive 100% of their recognized claim amount. Those consumers with a recognized claim amount of less than $400 or who elected the Easy Refund payment will receive a payment of $400. In accordance with Paragraph II.L of the Massachusetts Settlement Agreement the consumer overage of $668,715.41 will be applied to the TPP and ISHP Settlement Pools. *Neimiec Aff'd* ¶ 19.

**C.    TPP Claims**

5.    The Claims Administrator has calculated the Recognized Claim Amount for eligible TPP claimants.

**National Settlement**

a.    *Eligible TPP Claims*. The Claims Administrator received 317 eligible TPP claims with a total Recognized Claim Amount of $35,310,132.75. *Neimiec Aff'd* ¶37 This figure includes 23 claims, with a total Recognized Claim Amount of $6,773,470.23, that were received after the filing deadline of October 26, 2010 but are otherwise eligible. *Niemiec Aff'd* ¶ 35. Class Counsel recommend that the Court approve each of the eligible TPP claims, including the late TPP claims.

b.    *Ineligible or Deficient TPP Claims.* As referenced in the Neimiec Affidavit, Rust sent letters and made phone calls to TPP Claimants in an attempt to clarify information provided by TPP or to request that they take action to resolve a deficient or ineligible condition in their claim. *Neimiec Aff'd* ¶¶ 27-31. Despite these efforts 87 TPP claims remain deficient in some way. *Neimiec Aff'd* at ¶32.

**Massachusetts Settlement**

a. ***Eligible TPP Claims***.  The Claims Administrator received 35 eligible TPP claims with a total Recognized Claim Amount of $12,706,725.45.  This figure includes one claim, with a total Recognized Claim Amount of $2,071.91, that was received after the filing deadline of October 26, 2010 but is otherwise eligible.  *Niemiec Aff'd* ¶35.  Class Counsel recommend that the Court approve each of the eligible TPP claims, including the late TPP claims.

b. ***Ineligible or Deficient TPP Claims.***  As referenced in the Neimiec Affidavit, Rust sent letters and made phone calls to TPP Claimants in an attempt to clarify information provided by TPP or to request that they take action to resolve a deficient or ineligible condition in their claim.  *Neimiec Aff'd* ¶¶27-31.  As a result of these efforts, only one TPP claim remains deficient in the Massachusetts Settlement.  *Neimiec Aff'd* ¶32.

**D.   TPP Settlement Funds**

**National Settlement**

6.   Pursuant to Section G.2.i of the National Settlement Agreement, if the total amount of claims filed by TPP class members exceeds the amount of settlement proceeds available to distribute to TPP class members, each eligible TPP claimant will share pro-rata in the distributable settlement proceeds.  As set forth in the Neimiec Affidavit, TPPs have submitted 317 eligible claims totaling $35,310,132.75.  This exceeds the amount available for distribution to TPPs which totals approximately $14,612,264.22 and means each TPP will share proportionately in the remaining settlement proceeds.  Rust estimates that each TPP will receive a pro rata share of their claimed amount of 41.38%.  *Neimiec Aff'd* ¶37.  There will be no residual funds remaining in the TPP Settlement pool once the TPP distribution is complete.

**Massachusetts Settlement**

7. Pursuant to Section G.2.i of the National Settlement Agreement, if the total amount of claims filed by TPP class members exceeds the amount of settlement proceeds available to distribute to TPP class members, each eligible TPP claimant will share pro-rata in the distributable settlement proceeds. As set forth in the Neimiec Affidavit, TPPs have submitted 35 eligible claims totaling $12,706,725.45. This exceeds the amount available for distribution to TPPs which total approximately $8,501,695.33 and means each will share proportionately in the remaining settlement proceeds. Rust estimated that each TPP will receive a pro rata share of their claimed amount of 69.9%. *Neimiec Aff'd* ¶37. There will be no residual funds remaining in the TPP Settlement pool once the TPP distribution is complete.

WHEREFORE, Plaintiffs respectfully requests that this Court grant their Motion and order the distribution of funds to eligible consumer and TPP claimants as determined by the Claims Administrator.

DATED: November 22, 2011            By     /s/ **Steve W. Berman**
                                       Thomas M. Sobol (BBO#471770)
                                       Edward Notargiacomo (BBO#567636)
                                    Hagens Berman Sobol Shapiro LLP
                                    55 Cambridge Parkway, Suite 301
                                    Cambridge, MA  02142
                                    Telephone: (617) 482-3700
                                    Facsimile: (617) 482-3003

                                    **LIAISON COUNSEL**

                                    Steve W. Berman
                                    Sean R. Matt
                                    Hagens Berman Sobol Shapiro LLP
                                    1918 8th Avenue, Suite 3300
                                    Seattle, WA  98101
                                    Telephone: (206) 623-7292
                                    Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND TO CONSUMER CLAIMANTS AND THIRD-PARTY PAYORES IN THE MASSACHUSETTS AND NON-MASSACHUSETTS CLASS 2 AND CLASS 3 SETTLEMENTS**, to be served on all parties by filing with the Court's ECF system.

                                           **/s/ Steve W. Berman**
                                           Steve W. Berman