UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | Master Civil No. 01-cv-12257 |
| | MDL No. 1456 |
| THIS DOCUMENT RELATES TO TRACK 2 SETTLEMENT | Judge Patti B. Saris |
| | **Leave to File Granted on 11/22/11** |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**

In the short time since Plaintiffs filed their motion for an appeal bond against Corinna Connick ("Ms. Connick") pursuant to Federal Rule of Appellate Procedure 7 ("Appeal Bond Motion"), Ms. Connick has continued to engage in vexatious, unreasonable, and frivolous conduct, further supporting Class Counsel's request for the bond. Specifically, rather than appear for her deposition, which was noticed for November 18, 2011, or seek relief from this Court, Ms. Connick *sued* Class Counsel Kenneth A. Wexler and his firm, Wexler Wallace LLP ("Wexler Wallace") in the United States District Court for the Northern District of Ohio ("*Connick v. Wexler*"). The Complaint ("Connick Complaint," attached as Exhibit 1 to the Declaration of Kenneth A. Wexler ("Wexler Decl."), attached hereto as Exhibit A) seeks:

(1) A declaration that pursuant to Fed. R. Civ. Pro. 30 and 45, because Plaintiff is not a party to the Class Action, and because Plaintiff has already been deposed in the Class Action, the Notice of Deposition is ineffective as to compelling Plaintiffs' attendance at the Deposition, has no power under law, and is null and void *ab initio*;
(2) A Temporary Restraining Order and Preliminary Injunction restraining, enjoining, and preventing Defendants from taking or attempting to take Plaintiffs' deposition in the Class Action;
(3) Reasonable Attorney's fees; Pre and Post-Judgment Interest;
(4) Costs; and
(5) All such other and further relief as is just and proper.

Ms. Connick also filed a Motion for Protective Order in the *Connick v. Wexler* matter. In that motion, Ms. Connick seeks an order "preventing [Wexler Wallace] from conducting the Plaintiff's deposition noticed for November 18, 2011." Motion for Protective Order (attached as Ex. 2 to the Wexler Declaration), at p. 4. In short, Ms. Connick's arguments can be fairly summarized as follows: she was already deposed by Class Counsel in March 2009 concerning her objection to the Track 2 settlement and should not be required to be deposed again regarding her ability to post the appellate bond as Class Counsel has requested, and she has been declared not to be a member of the Track 2 Class (which is the order she has appealed) so cannot be served with a notice of deposition. She makes these claims in an Ohio federal district court even though her objection is still on file in this proceeding and she filed a notice of appeal in this Court *pro se*.

On their face, Ms. Connicks' Complaint and Motion may appear reasonable to a judge who is entirely unfamiliar with the fact that she has availed herself of the jurisdiction of this Court, as well as her conduct and the history of this litigation, but the chronology of events and circumstances surrounding her objection and appeal tell a very different story. On March 4, 2009, Ms. Connick filed an objection concerning the Track 2 settlement which was signed by attorney John Pentz. *See* Dkt. No. 5941. While attorney Ed Cochran was listed on the signature block, he did not enter an appearance with this Court although he did submit a declaration in support of Connick and other individuals' Objections to Final Approval of Track Two Settlement. Dkt. No. 6021-2 (declaration identifying Connick as Cochran's client). On March 24, 2009, Class Counsel Jennifer Fountain Connolly took Ms. Connick's deposition on issues related to her standing as an objector and the grounds for her filings. *See* Connick Complaint ¶5.

2

The Court heard argument on August 8, 2011, and Ms. Connick's then-attorney Mr. Pentz acknowledged that Ms. Connick paid for Climara, which is not on the Class drug list and was thus not part of the litigation:

> MR. PENTZ:  Your Honor, I said I was finished, but I had one more issue that I would like to raise just because I'd like to get an answer for it today.  It's the issue of the inclusion of Climara, or the actual exclusion --
> THE COURT:  It's not in there.
> MR. PENTZ:  But why not?  We've now --
> THE COURT:  Excuse me.  I'm done, I'm done.  You can bring whatever lawsuit you want on Climara.  Who even manufacturers it?
> MR. PENTZ:  It's Bayer.
> THE COURT:  Good, have fun.
> MR. PENTZ:  But it's chemically equivalent to Estradiol.
>                    ***
> THE COURT:  No, you can do what -- I can't force them to add drugs.  I'm just --
> thank you.

August 8, 2011 Hearing Transcript at 81-82.  On August 29, 2011, after considering the facts, briefs and oral argument, this Court determined *inter alia* that the drug Ms. Connick allegedly took was not a part of the Track 2 settlement and, therefore, she was and is not part of the Class.  As such, Ms. Connick is not releasing any claims as a result of the settlement.  *See* Dkt. No. 7770.  On September 23, 2011, John Pentz withdrew as Ms. Connick's attorney, indicating that she would proceed on a *pro se* basis.  Dkt. No. 7806.  On September 27, 2011, Ms. Connick filed a notice of appeal *pro se*.  *See* Dkt. No. 7822.

The Settlement Agreement, which has been publicly available on the Track 2 settlement website and was filed with the Court, provides that there will be no distribution of the Settlement fund until the order approving the settlement becomes final and no further avenues of appeal exist.  *See e.g.,* Sections II.Q; III.K.[1]  Should this Court finally approve the Track 2 settlement,

---

[1] Section III.K. of the Settlement Agreement sets the "Effective Date" of the Settlement as:

> This Agreement shall be effective on the first date after all of the following events have occurred:

3

Ms. Connick's appeal will inevitably delay distribution of settlement proceeds to what this Court has repeatedly characterized as an elderly, sick and dying class.

Recognizing the gravity of Ms. Connick's appeal of this settlement, on November 4, 2011, Class Counsel moved pursuant to Fed. Rule of App. Proc. 7 that Ms. Connick be ordered to post a bond pending her appeal. Dkt. Nos. 7887, 7888.  On November 4, 2011, Plaintiffs served Ms. Connick through the LexisNexis File & Serve System with a notice of deposition. *See* Ex. A to Connick Complaint.  As reflected in the email of Mr. Wexler to Tom Connick, an attorney and Ms. Connick's husband, the purpose of the deposition was to determine Ms. Connick's willingness and ability to post the bond requested, as well as to explore the basis of the notice of appeal which would hold up distribution to a class of which Ms. Connick is not a member.  *See* emails attached as Ex. B to Connick Complaint.  Plaintiffs believe that both these issues are relevant to the pending motion for the imposition of a bond.

In a telephone conversation with Mr. Connick on Wednesday, November 16, 2011 (Wexler Decl., ¶4),  Mr. Wexler said, among other things, that he was willing to go to Cleveland take the deposition on any day, including the weekend, before the final approval hearing scheduled for November 22, 2011 hearing.  *See* Wexler Decl., ¶5.  Mr. Connick, however, said that Ms. Connick would not appear at any time.  *Id.* Mr. Wexler further explained – to no avail –

---

      1.  Entry of the Preliminary Approval Order, substantially in the form attached as Exhibit H, or entry of a Preliminary Approval Order in an alternative form with respect to which all Parties consent in writing;
      2.  Final Approval of this Agreement by the MDL Court, following notice to Settlement Class Members and a Final Fairness Hearing, in accordance with Fed. R. Civ. P. 23;
      3. Entry of the Final Approval Order, substantially in the form attached as Exhibit J, or entry of a Final Approval Order in an alternative form with respect to which all Parties consent in writing; and
      4. The Final Approval Order becomes Final.

"Final" and "Final Approval" "means that the time has run for any appeals from a final approval order of the MDL Court, or any such appeals have been resolved in favor of this Agreement." Section II.Q.

that the Court should have access to Ms. Connick's responses to questions on these issues when considering whether to impose a bond. *Id.* Mr. Connick said he didn't see how Ms. Connick's $20 claim could possibly hold up distribution of the settlement funds. *Id.* Mr. Wexler's explanation that the appeal would prevent a judgment giving approval to the settlement from becoming final and thus delay distribution pursuant to the terms of the settlement agreement did not change his view. *Id.* When asked, Mr. Connick could not articulate what Ms. Connick hoped to accomplish through her appeal other than the possible recovery of $20. *Id.*

Plaintiffs have a good idea about what Ms. Connick hopes to accomplish but what she is unwilling to say openly or under oath. Ms. Connick may have filed a notice of appeal *pro se*, but it appears to have been ghost-written by a lawyer. Her Opposition to Plaintiffs' Request for Appeal Bond [Dkt. No. 7916] is even more informative. The filing is signed by her husband, Tom Connick, who filed his appearance on her behalf on Friday, November 18 [Dkt. No. 7915]. However, the footer reveals that the opposition is a document prepared by attorney Ed Cochran, who appeared on the signature block of Ms. Connick's initial objection in March 4, 2009:

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 18, 2011, a copy of foregoing ***OBJECTOR CORINNA CONNICK'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' REQUEST FOR APPEAL BOND*** was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Undersigned counsel further certifies that, on this date, the above filing was sent by regular U.S. Mail, postage prepaid, to all counsel not registered with the Court to receive electronic filings.

                  /s/ *Thomas J. Connick*
                  Thomas J. Connick, Esq. (0070527)
                  *Attorney for Corinna Connick*

F:\Clients - Connick\Cochran, Ed (6008)\AWP Litigation\Pleadings\AWP Litigation\Brief in Opposition to Motion to Post Bond 11-18-2011.doc

F:\Clients - Connick\Cochran, Ed (6008)\AWP Litigation\Pleadings\AWP Litigation\Brief in Opposition to Motion to Post Bond 11-18-2011.doc

Mr. Cochran is a renowned serial objector, who has tried to shake down Class Counsel and others in various lawsuits across the country in exchange for dropping objections and appeals he has filed on behalf of purported clients. Wexler Decl., ¶6; *see also, Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 575 (D.N.J. 2010) (noting plaintiff's counsel's characterization of Edward Cochran as a "professional objector" and compiling cases re: same); *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, MDL 1735, 2010 U.S. Dist. LEXIS 21466, at **17-18 (D. Nev. Mar. 8, 2010) (ordering Cochran's clients to pay an appellate bond of $1 million because "[i]n sum, this Court finds that the Appeals taken by [Ed Cochran's clients] Objectors…are frivolous and are tantamount to a stay of the Judgment entered by this Court … approving the comprehensive class settlement in this case which provides fair compensation to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated.").

On information and belief, Mr. Cochran did not appear to file Ms. Connick's notice of appeal himself in order to avoid exposure to Rule 11.[2]  Wexler Decl., ¶7.  On further information and belief, it has been Mr. Cochran's plan to first appear during the briefing of Ms. Connick's appeal before the First Circuit.  *Id.*  This information, taken together with Ms. Connick's lawsuit filed against Mr. Wexler and his firm in Ohio, where Mr. Cochran is located, and her vehement refusal to be deposed and testify under oath on issues relating to the appeal bond and the basis for her *pro se* appeal, confirms that the pending appeal is nothing more than an attempt to shake down Class Counsel at the expense of the Class to which Ms. Connick does not belong.  Accordingly, Plaintiffs believe the latest vexatious, unreasonable, and frivolous actions taken by Ms. Connick, both *pro se* and through her attorneys, provides further justification for imposition of an appellate bond.

WHEREFORE, Class Counsel respectfully request that this Court grant their Motion for Imposition of Appellate Bond, and all other relief that this Court deems just and proper.

---

[2] *See Ellis v. State of Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) ("In a growing number of petitions, of which this is one, the petitioner appears pro se, asserts complete ignorance of the law, and then presents a brief which, however insufficient, was manifestly written by someone with some legal knowledge….What we fear is that in some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by F.R.Civ.P. 11, but which exists in all cases, criminal as well as civil, of representing to the court that there is good ground to support the assertions made. We cannot approve of such a practice. If a brief is prepared in any substantial part by a member of the bar, it must be signed by him. We reserve the right, where a brief gives occasion to believe that the petitioner has had legal assistance, to require such signature, if such, indeed, is the fact."); *Gordon v. Dadante*, No. 05-cv-2726, 2009 U.S. Dist. LEXIS 54147 (N.D. Ohio. June 26, 2009) ("It is well-established that a litigant may not hold himself out as pro se if he is receiving help from attorneys in preparing his briefs. *See, e.g., Duran v. Carris*, 238 F.3d 1268, 1272-1273 (10th Cir. 2001) (collecting cases).  A ghostwritten submission is "inconsistent with the intent of procedural, ethical and substantive rules of the Court." *Ostevoll v. Ostevoll*, No. C-1-99-961, 2000 U.S. Dist. LEXIS 16178, at *30 (S.D. Ohio August 16, 2000)."). *See also,* Mass. Bar Ethics Opinion No. 98-1 ("Because pro se pleadings have been held to "less stringent standards" (see. e.g., *Haines V. Kerner*, 404 US 520, 520 (1971)), attorney ghostwriting has been viewed as, consciously or not, an attempt to gain an unfair advantage, a possible violation of obligations under Rule 3.3, Candor Toward the Tribunal, and Rule 4.1,Truthfulness in Statements to Others. (See also Fed. R. Civ. Proc.11)"). Available online at: http://www.massbar.org/publications/ethics-opinions/1990-1999/1998/opinion-no-98-1

Respectfully submitted,

DATED:  November 22, 2011         /s/ Kenneth A. Wexler
                                           Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

***LIAISON COUNSEL***

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455


Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Marc H. Edelson
Hoffman & Edelson LLC
45 W. Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735
***CLASS COUNSEL***

## CERTIFICATE OF SERVICE

I hereby certify that I, Kenneth A. Wexler, caused a true and correct copy of the foregoing *SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7* be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 22, 2011 a copy to LexisNexis File and Serve for Posting and notification to all parties.

                By: **/s/ Kenneth A. Wexler**
                      Kenneth A. Wexler
                      Wexler Wallace LLP
                      55 W. Monroe, Suite 3300
                      Chicago, IL  60603
                      Telephone:  (312) 346-2222
                      Facsimile:  (312) 346-0022