# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORINNA CONNICK<br>12545 Ashton Trail<br>Chardon, Ohio 44024<br><br>         Plaintiff,<br>v.<br><br>KENNETH A. WEXLER<br>55 West Monroe, Suite 3300<br>Chicago, Illinois 60603<br><br>    and<br><br>WEXLER WALLACE, LLP,<br>55 West Monroe, Suite 3300<br>Chicago, Illinois 60603<br><br>         Defendants. | Case No. 1:11-cv-2499<br><br>Judge:<br><br><br>VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

Now comes Plaintiff, Corinna Connick ("Plaintiff"), by and through undersigned counsel, for her *Verified Complaint for Declaratory Judgment and Injunctive Relief* against Defendants Kenneth A. Wexler and Wexler Wallace, LLP, states as follows:

1. Plaintiff is an individual residing in Geauga County, in the Northern District of Ohio.

2. Defendant Kenneth A. Wexler ("Wexler") is an attorney in Chicago, Illinois. Wexler is one of the class counsel in the case captioned *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, before Judge Patti B. Saris in the United States District Court for the District of Massachusetts, MDL No. 1456, Civil Action 01-CV-12257-PBS ("the Class Action").

3. Defendant Wexler Wallace, LLP is a limited liability partnership with its principal place of business in Chicago, Illinois. Wexler is an attorney at Wexler Wallace, LLP.

4. On or about March, 2009, after the Class Action reached a settlement, Plaintiff objected to the settlement, and filed a Motion to Intervene as a Plaintiff in the Class Action, claiming that she represents a part of the class not represented in the Class Action.

5. Thereafter, on or about March 24, 2009, Wexler Wallace deposed Plaintiff as an objector to the Class Action settlement.

6. In early 2011, Judge Saris of the District of Massachusetts denied Plaintiff's Motion to Intervene, stating that Plaintiff was not a member of the class. Plaintiff believes and asserts that she is a member of the class as defined in the class action settlement.

7. On or about October 3, 2011, Plaintiff filed a Notice of Appeal of the denial of Plaintiff's Motion to Intervene and the finding that she is not a member of the class, appealing Judge Saris' decision to the 1st Circuit Court of Appeals.

8. Thereafter, Wexler filed a Motion to Post Bond in the amount of Two Hundred Thousand Dollars ($200,000).

9. On or about November 14, 2011, Wexler's assistant, Julianne Yun, served Plaintiff with a Notice of Deposition, stating that Steve W. Berman will take Plaintiff's deposition on November 18, 2011 at 9:30 am at the offices of Squire, Sanders & Dempsey LLP, 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114-1304 ("the Deposition"). A true and accurate copy of the Notice of Deposition is attached hereto as Exhibit "A".

10. Upon information and belief, the Deposition is to be regarding Plaintiff's ability to post the bond Wexler requested.

11. On or about November 14, 2011, undersigned counsel responded to Defendant Wexler's facsimile letter dated that same date requesting confirmation that the deposition of Corinna Connick would be going forward. Not only was Ms. Connick's deposition unilaterally scheduled without consultation either with Ms. Connick or undersigned counsel, but it was further noticed in

contravention of the applicable Federal Rules of Civil Procedure. Additionally, both undersigned counsel and Corinna Connick are not available for Ms. Connick's depositions as improperly noticed on November 18, 2011. As a result, undersigned counsel emailed Mr. Wexler objecting to the deposition going forward for the aforementioned stated reasons, as well as indicating that Mr. Wexler does not nor has shown any good cause to depose Ms. Connick yet a second time.[1]

12. In response to Attorney Connick's November 14, 2011, correspondence, Attorney Wexler responded by threatening that unless Ms. Connick "seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and time and place stated in the notice of deposition will lead to our seeking sanctions against her." This threat, cause undersigned counsel to yet again email Attorney Wexler and advise that although Attorney Wexler's intimidating, harassing, and meritless attempt to re-depose Ms. Connick was unacceptable, undersigned counsel would be willing to speak to Mr. Wexler regarding any issues involving this matter.

13. On November 16, 2011, I spoke with Mr. Wexler both about Ms. Connick's improperly noticed deposition for November 18, 2011 and other matters. Mr. Wexler maintained that Ms. Connick e deposed on November 18, 2011, or some other date. Mr. Wexler did not withdraw the improperly noticed deposition of Ms. Connick despite undersigned counsel's objections.

## COUNT I
### (Declaratory Judgment)

14. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 12 as if fully rewritten herein.

---

[1] See November 14, 2011, emails from Attorney Connick to Attorney Wexler attached hereto as Exhibit B.

15. Pursuant to Fed. R. Civ. P. 30(a)(1), Plaintiff's attendance at the Deposition can only be compelled by subpoena under Rule 45, and not a notice of deposition, because Plaintiff herein is not a "party" in MDL #1456.

16. Pursuant to Fed. R. Civ. P. 45(a)(2)(B), the subpoena compelling Plaintiff's attendance at the Deposition must be issued from the United States District Court for the Northern District of Ohio, Eastern Division.

17. Plaintiff has not been served with a subpoena to attend the Deposition.

18. Furthermore, because Plaintiff has already been deposed in the Class Action, no party may take Plaintiff's deposition without first obtaining leave of court to do so. Fed. R. Civ. P. 30(a)(2)(A)(ii).

19. Upon information and belief, no party to the Class Action has obtained leave of court to take Plaintiff's deposition a second time.

20. Plaintiff seeks a judicial determination that because Plaintiff is not a party to the Class Action, and because Plaintiff has already been deposed in the Class Action, the Notice of Deposition is ineffective as to compelling Plaintiff's attendance at the Deposition, has no power under law, and is null and void ab initio.

## COUNT II
### (Injunctive Relief)

21. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 19 as if fully rewritten herein.

22. Plaintiff seeks the issuance of a temporary restraining order and a preliminary injunction restraining Defendants from taking or attempting to take Plaintiff's deposition in the Class Action.

23. Pursuant to Fed. R. Civ. P. 30 and 45, which govern depositions and subpoenas to compel a person's attendance at a deposition, Plaintiff has a strong likelihood of success on the merits.

24. A substantial threat exists that Plaintiff will suffer irreparable injury without injunctive relief as Plaintiff will have no defense against Defendants' continued harassment and further attempts to compel her attendance at the Deposition or future depositions.

25. The threatened injury to Plaintiff outweighs the threat of harm that injunctive relief might cause Defendants, i.e. a delay in taking Plaintiff's Deposition until the appropriate steps are taken to do so.

26. The grant of injunctive relief preventing, restraining, and enjoining Defendants from taking or attempting to take Plaintiff's deposition in the Class Action will not disserve the public interest under the circumstances.

27. Plaintiff has no adequate remedy at law and Plaintiff will suffer and continue to suffer injury in the event that Defendants are not enjoined from taking or attempting to take Plaintiff's deposition in the Class Action.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

A. As to Count I, a declaration that pursuant to Fed. R. Civ. Pro. 30 and 45, because Plaintiff is not a party to the Class Action, and because Plaintiff has already been deposed in the Class Action, the Notice of Deposition is ineffective as to compelling Plaintiff's attendance at the Deposition, has no power under law, and is null and void ab initio;

B. As to Count II, a Temporary Restraining Order and Preliminary Injunction restraining, enjoining, and preventing Defendants from taking or attempting to take Plaintiff's deposition in the Class Action;

C. Reasonable Attorney's fees;

D. Pre and Post-Judgment Interest;

E. Costs; and

F.  All such other and further relief as is just and proper.

Respectfully submitted,

*[signature]*

THOMAS J. CONNICK (0070527)
DUBYAK, CONNICK, THOMPSON & BLOOM, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, Ohio 44122
Tel:  (216) 364-0500
Fax:  (216) 364-0505
Email: tconnick@dctblaw.com
*Attorney for Plaintiff Corinna Connick*

## VERIFICATION

| | |
|---|---|
| **STATE OF OHIO** | : |
|  | : SS. |
| **COUNTY OF CUYAHOGA** | : |

Corinna Connick, being duly sworn according to law, states that the foregoing facts contained in this *Verified Complaint for Declaratory Judgment and Injunctive Relief* are accurate and true as she verily believes.

*[signature]*
Corinna Connick

**SWORN TO BEFORE ME** and subscribed in my presence this _16th_ day of November, 2011.

*[signature]*
NOTARY PUBLIC
My Commission expires
April 6, 2013

-6-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) MDL No. 1456<br>CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>TRACK TWO SETTLEMENT | ) ) ) Judge Patti B. Saris |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of Corinna Connick on November 18, 2011 at 9:30 a.m. The deposition will be recorded by stenographic and/or sound and visual means and will take place at the offices of Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114-1304.

You are invited to attend and participate.

DATED: November 4, 2011

By /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

- 1 -

001534-16 484045 V1

EXHIBIT A

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITION**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 4, 2011 a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman

- 3 -

001534-16 484045 V1

## Tom Connick

| | |
|---|---|
| **From:** | Tom Connick |
| **Sent:** | Monday, November 14, 2011 4:44 PM |
| **To:** | kaw@wexlerwallace.com |
| **Cc:** | jy@wexlerwallace.com |
| **Subject:** | Deposition of Corinna Connick |

**Importance:** High

Dear Mr. Wexler:

I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,

-Tom Connick-

Thomas J. Connick, Esq.
***Dubyak Connick Thompson & Bloom, LLC.***
3401 Enterprise Parkway -- Suite 205
Cleveland, Ohio 44122
Office: 216-364-0500
Direct: 216-364-0502
Cell:    440-724-6895
Fax:    216-364-0505
E-Mail: tconnick@dctblaw.com

*****************************************************************

*This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*



11/16/2011

## Tom Connick

**From:** Kenneth A. Wexler [KAW@wexlerwallace.com]
**Sent:** Monday, November 14, 2011 6:35 PM
**To:** Tom Connick
**Cc:** Sean R. Matt
**Subject:** Re: Deposition of Corinna Connick

Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit. As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has

11/16/2011

already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,

-Tom Connick-

Thomas J. Connick, Esq.
**Dubyak Connick Thompson & Bloom, LLC.**
3401 Enterprise Parkway -- Suite 205
Cleveland, Ohio 44122
Office: 216-364-0500
Direct: 216-364-0502
Cell:    440-724-6895
Fax:    216-364-0505
E-Mail: tconnick@dctblaw.com

*****************************************************************

*This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011

## Tom Connick

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAW@wexlerwallace.com] |
| **Sent:** | Monday, November 14, 2011 8:08 PM |
| **To:** | Tom Connick |
| **Cc:** | Sean Matt |
| **Subject:** | RE: Deposition of Corinna Connick |

Thank you for your prompt response, in which you express a blanket disagreement with my email without specifying any basis for doing so. If I understand the balance of your communication correctly, Ms. Connick is simply going to ignore the deposition notice and refuse to be deposed. If that is the case, there is nothing to discuss. Again, however, please confirm whether or not you (or anyone else for that matter) are representing Ms. Connick in this matter. Your general disagreement with my email does not respond to that inquiry.

Ken Wexler

---

**From:** Tom Connick [mailto:tconnick@dctblaw.com]
**Sent:** Monday, November 14, 2011 6:48 PM
**To:** Kenneth A. Wexler
**Subject:** Re: Deposition of Corinna Connick

Mr. Wexler:

I don't agree with anything you have asserted about burdening Corinna with ano

Tom Connick

Sent from my Verizon Wireless Phone
"Kenneth A. Wexler" wrote:
Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit. As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

11/16/2011

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,
>
> -Tom Connick-
>
> Thomas J. Connick, Esq.
> **Dubyak Connick Thompson & Bloom, LLC.**
> 3401 Enterprise Parkway -- Suite 205
> Cleveland, Ohio 44122
> Office: 216-364-0500
> Direct: 216-364-0502
> Cell:   440-724-6895
> Fax:   216-364-0505
> E-Mail: tconnick@dctblaw.com
>
> ***************************************************************
> *This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011

Case 1:01-cv-12257-PBS   Document 7929-2   Filed 11/22/11   Page 16 of 18
Case: 1:11-cv-02499-JG  Doc #: 1-2  Filed: 11/17/11  6 of 8.  PageID #: 15

Page 1 of 3

## Tom Connick

**From:** Tom Connick
**Sent:** Monday, November 14, 2011 10:24 PM
**To:** Kenneth A. Wexler
**Subject:** RE: Deposition of Corinna Connick

Mr. Wexler:

```
I am representing my wife here in Ohio against what I believe to be an
intimidating, harrassing and meritless attempt to re-depose her. But again, I
stress, I am willing to discuss any issue with you on Wednesday, and
encourage you to contact me so that we can come to an understanding on any
issue(s). And, again, in that regard I look forward to speaking with you in
the event you choose to accept my invitation to talk. Thank you,
Tom Connick
Sent from my Verizon Wireless Phone
```

"Kenneth A. Wexler" wrote:

Thank you for your prompt response, in which you express a blanket disagreement with my email without specifying any basis for doing so. If I understand the balance of your communication correctly, Ms. Connick is simply going to ignore the deposition notice and refuse to be deposed. If that is the case, there is nothing to discuss. Again, however, please confirm whether or not you (or anyone else for that matter) are representing Ms. Connick in this matter. Your general disagreement with my email does not respond to that inquiry.

Ken Wexler

---

**From:** Tom Connick [mailto:tconnick@dctblaw.com]
**Sent:** Monday, November 14, 2011 6:48 PM
**To:** Kenneth A. Wexler
**Subject:** Re: Deposition of Corinna Connick

Mr. Wexler:

```
I don't agree with anything you have asserted about burdening Corinna with ano


Tom Connick



Sent from my Verizon Wireless Phone
```

"Kenneth A. Wexler" wrote:

Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit.

11/16/2011

As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action: 01-CV-12257-PBS. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,
>
> -Tom Connick-
>
> Thomas J. Connick, Esq.
> **Dubyak Connick Thompson & Bloom, LLC.**
> 3401 Enterprise Parkway -- Suite 205
> Cleveland, Ohio 44122
> Office: 216-364-0500
> Direct: 216-364-0502
> Cell:   440-724-6895
> Fax:   216-364-0505
> E-Mail: tconnick@dctblaw.com
>
> ******************************************************************
> *This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender*

11/16/2011

*or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011