# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORINNA CONNICK<br><br>  Plaintiff,<br><br>v.<br><br>KENNETH A. WEXLER, et al.<br><br>  Defendants. | Case No.  1:11-cv-2499<br><br>Judge:<br><br>**MOTION FOR PROTECTIVE ORDER** |

Now comes Plaintiff, Corinna Connick ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 26(c), seeks a Protective Order to prevent Defendant Kenneth A. Wexler and Defendant Wexler Wallace, LLP (collectively referred to as "Defendants") from taking her deposition on November 18, 2011. The reasons for this Motion are as follows:

Today, contemporaneously with the filing of this Motion, the undersigned counsel filed a *Complaint for Declaratory Judgment and Injunctive Relief,* because Defendants have served Plaintiff with an improper Notice of Deposition in the case captioned *In Re Pharmaceutical Industry Average Wholesale Price Litigation,* before Judge Patti B. Saris in the United States District Court for the District of Massachusetts, MDL No. 1456, Civil Action 01-CV-12257-PBS ("the Class Action").

On or about March, 2009, after the Class Action reached a settlement, Plaintiff objected to the settlement, and filed a Motion to Intervene as a Plaintiff in the Class Action, claiming that she represents a part of the class not represented in the Class Action. Thereafter, on or about March 24, 2009, Defendant Wexler Wallace, LLP, through Attorney Jennifer Connolly deposed Plaintiff as an objector to the Class Action settlement. In early 2011, Judge Saris of the District of Massachusetts denied Plaintiff's Motion to Intervene, simply stating that Plaintiff was not a member of the class.

As a result of Plaintiff's Motion being denied, Plaintiff is not a party to the Class Action. On or about October 3, 2011, Plaintiff filed a Notice of Appeal of the denial of Plaintiff's Motion to Intervene, appealing Judge Saris' decision to the 1st Circuit Court of Appeals. Thereafter, Wexler filed a Motion to Post Bond in the amount of Two Hundred Thousand Dollars ($200,000).

On or about November 14, 2011, Wexler's assistant, Julianne Yun, served Plaintiff with a Notice of Deposition, stating that Steve W. Berman will take Plaintiff's deposition on November 18, 2011 at 9:30 am at the offices of Squire, Sanders & Dempsey LLP, 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114-1304 ("the Deposition"). A true and accurate copy of the Notice of Deposition is attached hereto as Exhibit "A". Wexler seeks to depose Plaintiff regarding her ability to post the bond Wexler requested. On or about November 14, 2011, undersigned counsel informed Wexler that Plaintiff will not attend the Deposition.[1]

Pursuant to Fed. R. Civ. P. 26(c), "[a] party or any person from whom discovery is sought may move for a protective order […] in the court for the district where the deposition will be taken." Moreover, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery […]". Fed. R. Civ. P. 26(c). In the case at bar, Plaintiff has good cause for this Court to issue a protective order preventing Defendants from conducting the Deposition, and Plaintiff, in good faith, attempted to resolve their discovery dispute with Attorney Wexler.[2]

Plaintiff is not a party to the Class Action, nor is she even a member of the class – Judge Saris of the District of Massachusetts stated as much when denying Plaintiff's Motion to Intervene. Even if Plaintiff were a class member, she would still not be considered a party for purposes of the

---

[1] See string of emails between Attorney Connick and Attorney Wexler attached hereto as Exhibit B.

Federal Rules regarding discovery. Therefore, because Plaintiff is not a party, Defendants' Notice of Deposition is inoperative.

Pursuant to Fed. R. Civ. P. 30(a)(1), Plaintiff's attendance at the Deposition is to be compelled by subpoena under Rule 45. Moreover, because the Deposition is scheduled to take place in Cleveland, Ohio, the subpoena needed to compel Plaintiff's attendance at the Deposition must be issued from the United States District Court for the Northern District of Ohio, Eastern Division. See Fed. R. Civ. P. 45(a)(2)(B). However, Plaintiff has not been served with a subpoena to attend the Deposition.

In addition, Plaintiff has already been deposed in the Class Action by Jennifer Connolly -- an attorney in Mr. Wexler's firm, and no party may take Plaintiff's deposition without first obtaining leave of court to do so. See Fed. R. Civ. P. 30(a)(2)(A)(ii). In the case at bar, no party to the Class Action has obtained leave of court to take Plaintiff's deposition a second time. Therefore, even if Plaintiff were served with a subpoena issued by this Court, which she has not, Defendants would still not be permitted to depose Plaintiff a second time.

Plaintiff has appealed the denial of her Motion for Leave to Intervene, and the only issue on appeal is whether Plaintiff is a member of the class as defined in the Class Action Settlement Agreement. Defendants, however, seek a Two Hundred Thousand Dollar ($200,000) bond, and now seek to depose Plaintiff on whether or not she could post the bond. Clearly, Defendants actions in attempting to depose Plaintiff on November 18, 2011 only serve to annoy and harass Plaintiff in an effort to dissuade her appeal.

Because Defendants' oppressive tactics have no basis in the Federal Rule of Civil Procedure, Plaintiff has good cause for this Court to issue a protective order preventing Defendants from

---

[2] See Affidavit of Thomas J. Connick, attached as Exhibit C, certifying that the movant has, in good faith, conferred or attempted to confer with Wexler in an effort to resolve the dispute without court action.

conducting the Deposition. Accordingly, Plaintiff respectfully requests that this Court issue an Order pursuant to Fed. R. Civ. P. 26 preventing Defendants from conducting the Plaintiff's deposition noticed for November 18, 2011.

Respectfully submitted,

THOMAS J. CONNICK (0070527)
DUBYAK, CONNICK, THOMPSON & BLOOM, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, Ohio 44122
Tel: (216) 364-0500
Fax: (216) 364-0505
Email: tconnick@dctblaw.com
*Attorney for Plaintiff Corinna Connick*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2011, a copy of foregoing *MOTION FOR PROTECTIVE ORDER* was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Undersigned counsel further certifies that, on this date, the above filing was sent by regular U.S. Mail, postage prepaid, to all counsel not registered with the Court to receive electronic filings.

THOMAS J. CONNICK (0070527)
*Attorney for Plaintiff Corinna Connick*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION )<br><br>THIS DOCUMENT RELATES TO:<br><br>TRACK TWO SETTLEMENT | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, the undersigned counsel will take the deposition of Corinna Connick on November 18, 2011 at 9:30 a.m. The deposition will be recorded by stenographic and/or sound and visual means and will take place at the offices of Squire, Sanders & Dempsey L.L.P., 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114-1304.

You are invited to attend and participate.

DATED: November 4, 2011

By   /s/ Steve W. Berman
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

LIAISON COUNSEL

- 1 -

EXHIBIT A

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF DEPOSITION**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on November 4, 2011 a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman

- 3 -

## Tom Connick

| | |
|---|---|
| **From:** | Tom Connick |
| **Sent:** | Monday, November 14, 2011 4:44 PM |
| **To:** | kaw@wexlerwallace.com |
| **Cc:** | jy@wexlerwallace.com |
| **Subject:** | Deposition of Corinna Connick |

**Importance:** High

Dear Mr. Wexler:

I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,

-Tom Connick-

Thomas J. Connick, Esq.
***Dubyak Connick Thompson & Bloom, LLC.***
3401 Enterprise Parkway -- Suite 205
Cleveland, Ohio 44122
Office: 216-364-0500
Direct: 216-364-0502
Cell:   440-724-6895
Fax:   216-364-0505
E-Mail: tconnick@dctblaw.com

*****************************************************

*This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*


EXHIBIT B

11/16/2011

**Tom Connick**

**From:** Kenneth A. Wexler [KAW@wexlerwallace.com]
**Sent:** Monday, November 14, 2011 6:35 PM
**To:** Tom Connick
**Cc:** Sean R. Matt
**Subject:** Re: Deposition of Corinna Connick

Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit. As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has

11/16/2011

already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,

-Tom Connick-

Thomas J. Connick, Esq.
**Dubyak Connick Thompson & Bloom, LLC.**
3401 Enterprise Parkway -- Suite 205
Cleveland, Ohio 44122
Office: 216-364-0500
Direct: 216-364-0502
Cell:   440-724-6895
Fax:   216-364-0505
E-Mail: tconnick@dctblaw.com

*****************************************************************
*This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011

**Tom Connick**

| | |
|---|---|
| **From:** | Kenneth A. Wexler [KAW@wexlerwallace.com] |
| **Sent:** | Monday, November 14, 2011 8:08 PM |
| **To:** | Tom Connick |
| **Cc:** | Sean Matt |

**Subject:** RE: Deposition of Corinna Connick

Thank you for your prompt response, in which you express a blanket disagreement with my email without specifying any basis for doing so. If I understand the balance of your communication correctly, Ms. Connick is simply going to ignore the deposition notice and refuse to be deposed. If that is the case, there is nothing to discuss. Again, however, please confirm whether or not you (or anyone else for that matter) are representing Ms. Connick in this matter. Your general disagreement with my email does not respond to that inquiry.

Ken Wexler

---

**From:** Tom Connick [mailto:tconnick@dctblaw.com]
**Sent:** Monday, November 14, 2011 6:48 PM
**To:** Kenneth A. Wexler
**Subject:** Re: Deposition of Corinna Connick

Mr. Wexler:

I don't agree with anything you have asserted about burdening Corinna with ano

Tom Connick

Sent from my Verizon Wireless Phone
"Kenneth A. Wexler" wrote:
Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit. As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

11/16/2011

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, Civil Action: 01-CV-12257-PBS. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,
>
> -Tom Connick-
>
> Thomas J. Connick, Esq.
> **Dubyak Connick Thompson & Bloom, LLC.**
> 3401 Enterprise Parkway – Suite 205
> Cleveland, Ohio 44122
> Office: 216-364-0500
> Direct: 216-364-0502
> Cell:    440-724-6895
> Fax:    216-364-0505
> E-Mail: tconnick@dctblaw.com
>
> ****************************************************************
> *This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011

# Tom Connick

**From:** Tom Connick
**Sent:** Monday, November 14, 2011 10:24 PM
**To:** Kenneth A. Wexler
**Subject:** RE: Deposition of Corinna Connick

```
Mr. Wexler:
I am representing my wife here in Ohio against what I believe to be an
intimidating, harrassing and meritless attempt to re-depose her. But again, I
stress, I am willing to discuss any issue with you on Wednesday, and
encourage you to contact me so that we can come to an understanding on any
issue(s). And, again, in that regard I look forward to speaking with you in
the event you choose to accept my invitation to talk. Thank you,
Tom Connick
Sent from my Verizon Wireless Phone
```

"Kenneth A. Wexler" wrote:

Thank you for your prompt response, in which you express a blanket disagreement with my email without specifying any basis for doing so. If I understand the balance of your communication correctly, Ms. Connick is simply going to ignore the deposition notice and refuse to be deposed. If that is the case, there is nothing to discuss. Again, however, please confirm whether or not you (or anyone else for that matter) are representing Ms. Connick in this matter. Your general disagreement with my email does not respond to that inquiry.

Ken Wexler

**From:** Tom Connick [mailto:tconnick@dctblaw.com]
**Sent:** Monday, November 14, 2011 6:48 PM
**To:** Kenneth A. Wexler
**Subject:** Re: Deposition of Corinna Connick

```
Mr. Wexler:


I don't agree with anything you have asserted about burdening Corinna with ano


Tom Connick


Sent from my Verizon Wireless Phone
```

"Kenneth A. Wexler" wrote:

Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit.

11/16/2011

As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,
>
> -Tom Connick-
>
> Thomas J. Connick, Esq.
> **Dubyak Connick Thompson & Bloom, LLC.**
> 3401 Enterprise Parkway -- Suite 205
> Cleveland, Ohio 44122
> Office: 216-364-0500
> Direct: 216-364-0502
> Cell:    440-724-6895
> Fax:    216-364-0505
> E-Mail: tconnick@dctblaw.com
>
> ******************************************************************
> *This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender*

11/16/2011

or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

11/16/2011

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORINNA CONNICK<br><br>               Plaintiff,<br>v.<br><br>KENNETH A. WEXLER, et al.<br><br>               Defendants. | Case No. 1:11-cv-2499<br><br>Judge:<br><br>**AFFIDAVIT OF THOMAS J. CONNICK** |

**STATE OF OHIO**      ) <br>
                            ) SS:<br>
**COUNTY OF CUYAHOGA** )

I, Thomas J. Connick, with personal knowledge deposes and states that:

1. I am Thomas J. Connick, with the firm of Dubyak Connick Thompson & Bloom, LLC, located at 3401 Enterprise Parkway, Suite 205, Cleveland, Ohio 44122, and currently represent Corinna Connick in the above captioned matter.

2. On November 14, 2011, I conferred with Attorney Wexler to discuss the alleged discovery dispute. In response, Attorney Wexler threatened sanctions in the event Ms. Connick was not to appear for her deposition on November 18, 2011. I invited Attorney Wexler to call me and speak directly about these issues.

3. On November 16, 2011, I spoke with Mr. Wexler both about Ms. Connick's improperly noticed deposition for November 18, 2011 and other matters. Mr. Wexler maintained that Ms. Connick e deposed on November 18, 2011, or some other date. Mr. Wexler did not withdraw the improperly noticed deposition of Ms. Connick despite undersigned counsel's objections.

FURTHER AFFIANT SAYETH NAUGHT.

                                                              Thomas J. Connick

SWORN TO BEFORE ME and subscribed in my presence this _16th_ day of November, 2011.

                                                        Notary Public   my Commission expires April 6, 2013

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CORINNA CONNICK<br><br>                      Plaintiff,<br>v.<br><br>KENNETH A. WEXLER<br><br>       and<br><br>WEXLER WALLACE, LLP,<br><br>                      Defendants. | Case No. 1:11-cv-2499<br><br>Judge:<br><br>**[PROPOSED]**<br>**ORDER OF PROTECTION** |

This Court, having considered the Motion for Protective Order filed by Plaintiff Corinna Connick, finds that there is good cause to grant Plaintiff's Motion. Specifically, this Court finds that Plaintiff has demonstrated, through her Motion and the documents attached thereto, that Defendants improperly noticed Plaintiff for the Deposition in the case captioned *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, before Judge Patti B. Saris in the United States District Court for the District of Massachusetts, MDL No. 1456, Civil Action 01-CV-12257-PBS ("the Class Action"), for the following reasons:

    (a) Plaintiff is not a member of the class in the Class Action;

    (b) Fed. R. Civ. P. 30 and 45 require Plaintiff's attendance at the Deposition is to be compelled by subpoena issued by this Court

    (c) Defendants have not shown good cause to depose Plaintiff a second time, nor requested leave to do so, as required under the Federal Rules of Civil Procedure; and

    (d) Good cause therefore exists for this Court to issue an Order forbidding Plaintiff's deposition.

It is therefore ORDERED that Defendants Kenneth A. Wexler and Wexler Wallace, LLP are forbidden to conduct the Plaintiff's deposition noticed for November 18, 2011.

DATE: November _____, 2011

_____
Judge