UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )   MDL No. 1456
IN RE: PHARMACEUTICAL INDUSTRY          )   Master File No. 1:01-CV-12257-PBS
AVERAGE WHOLESALE PRICE                  )   Sub-Category Case No.  1:08-CV-11200
LITIGATION                               )
                                         )
_____ )
                                         )   Judge Patti B. Saris
THIS DOCUMENT RELATES TO                 )
United States ex rel. Linnette Sun and Greg )
Hamilton, Relators                       )
v.                                       )
Baxter Healthcare Corporation,           )
_____ )

**RELATORS' MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO EXTEND DISCOVERY FOR FOUR MONTHS**

Pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7.1 and 16.1(G), Relators Linnette Sun

and Greg Hamilton move to extend fact discovery and modify the scheduling order for the

reasons set forth below.  Relators respectfully request that fact discovery be extended four

months to Friday, March 30, 2012, expert discovery be extended to Friday, June 29, 2012 and

dispositive motion deadlines extended to Monday, August 13, 2012.  An appropriate proposed

Order will be filed forthwith.

I.      **BACKGROUND**

This *qui tam* case was filed in early 2005.  It was maintained under seal before the United

States District Court for the District of Colorado until the United States chose not to intervene,

and it was transferred to this Court and swept into the AWP MDL on July 15, 2008.  Master File

No. 1:01-cv-12257-PBS Docket ("Docket") No. 1456.  Baxter filed a motion to dismiss on

public-disclosure grounds, which the Court resolved in Relators' favor by Memorandum and

Order dated March 25, 2010.  Docket No. 7008.

The parties then worked to settle the case.  Throughout this process, both Relators and

Baxter anticipated that the Ven-A-Care claims against Baxter, which were inching toward

resolution, would be settled first; with concerted efforts to resolve the claims of Relators Sun and

Hamilton to follow.

On June 28, the Court rejected an unopposed proposed Scheduling Order by Relators

which contemplated commencement of discovery in this matter only after continuing settlement

discussions through October 2011.  Docket No. 7630.  The Court ordered immediate

commencement of discovery and required that fact discovery be completed in five months, with a

December 1, 2011 discovery cutoff.  This was the first time a discovery cutoff was set.  There is

no trial date set for this matter; the only dates which are set is a March 1, 2012 expert-discovery

cutoff and April 15, 2012 date for dispositive motions.

## II.    ARGUMENT

### 1.    The Parties Have Engaged in Significant Motion Practice During the Discovery Period

On the heels of the Court's Scheduling Order, Baxter served a second motion to dismiss.

After another three months, it served a motion for summary judgment, and a motion to stay

discovery.  Like all dispositive motions, these required considerable effort on the part of

Relators' counsel.

2. **The Parties and Court Contemplated Third Party Discovery Would Continue Following the Discovery Period**

At the November 8, 2011 hearing on Baxter's motion to dismiss Mr. Hamilton, the parties agreed, in open court and at the request of the United States, to defer all third-party discovery until after the Court resolved Baxter's motions to dismiss and for summary judgment. The Court noted: "Can I ask you this so he doesn't have to waste the taxpayer dollar: Will we agree to stay the subpoenas to the carriers, and I will give you additional time in discovery if such is necessary?"  November 8, 2011 Transcript of Motion Hearing ("Transcript") at 30.[1]  As of this week, both parties have served a large number of third-party subpoenas, and it is anticipated that such discovery will be addressed following the Court's ruling on the pending dispositive motions.

3. **The Parties Have Issued Most Anticipated Discovery During the Discovery Period But Relators Require Additional Time to Complete It**

Relators have not been able to complete the discovery they seek within the five-month period afforded by the Court.   At the November 8, 2011 hearing, the Court also advised on the importance that parties should have placeholder discovery issued within the discovery period. Transcript at 31.   As discussed at the hearing on November 8, Relators' primary counsel has experienced severe personal circumstances during the discovery period.[2]  While these issues worked against a fast start to the discovery period, counsel are making every effort to rectify this,

---

[1]There is no docket reference for this Transcript.  Docket No. 7898 references that the Transcript will be released 2/13/2012; Relators can file attachment of Transcript upon request.

[2]These circumstances were relayed to the Court in hearing on November 8, 2011.  While the Court graciously directed these comments to be removed from the record (Transcript at 32-33), counsel can submit additional information if helpful to the Court's consideration of this issue.

having issued what is believed to be most remaining discovery, in third party subpoenas and deposition notices, and by working to bring in two experienced *qui tam* firms to assist in discovery and trial.

Moreover, Relators' counsel has spent considerable time addressing Baxter's voluminous and detailed discovery requests, preparing both Relators (until November 28th when the notice for Relator Hamilton's deposition was withdrawn) for their depositions, and is working to assess Baxter's document production. Regarding its own responsibilities to produce documents to Relators, Baxter acknowledged in its Emergency Motion to Stay Discovery that "sorting through this documentation in order to cull documents responsive to Relators' requests is a time consuming process." Docket No. 7850, at 4. Baxter made its documentation available in electronic form on November 14, 2011 via a vendor database. As is common with any large electronic production, there are administrative challenges that require resolution and which the parties are working in good faith to resolve. For instance, counsel for the parties have recently negotiated a particularized confidentiality order so that the Relators themselves can review the documents (over eighty percent are designated "HIGHLY CONFIDENTIAL"). Counsel are also in the process of conferring on the best manner in which to receive full production of the documentation Baxter has made available. Further, Baxter's responses to Relators' production requests are subject to various objections. In addition to the administrative process of obtaining the documents, Relators will need to assess the production in light of those objections, and confer in good faith with Baxter if necessary. Because of these challenges, Relators have not yet been able to cull through the document production in order to make choices regarding the necessity of additional discovery. In an effort at expediency, however, Relators have recently issued

subpoenas to twenty-seven states, four former employees and will shortly issue subpoenas to the

Medicare carriers.  Relators have noticed the depositions of a number of Baxter employees which

like the subpoenas to third parties, cannot be completed before the present period for conclusion

of fact discovery.    While Baxter opposes Relators' motion, it has itself moved to stay discovery;

is still working through the logistics of producing documents to Relators; and will have deposed

only Relator Sun.

    **4.**      **The Additional Time Requested Will Allow for Completion of Discovery**

 Relators respectfully submit that they have laid out a clear and focused picture of why

the additional time is necessary, and how Relators will use this time in a manner that will allow

this case to proceed to a determination on the merits.    While counsel entirely appreciate the

interest of the Court in the orderly and timely administration of its docket, Relators respectfully

submit that there can be no credible claim of cognizable prejudice by Baxter, and that the Court

should exercise its discretion to permit the relief sought by Relators

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Relators respectfully request that fact discovery be extended

four months to Friday, March 30, 2012, expert discovery be extended to Friday, June 29, 2012

and dispositive motion deadlines extended to Monday, August 13, 2012.

An appropriate proposed Order will be filed forthwith.

Dated: November 30, 2011                /s/ Mark Allen Kleiman
                                       Mark Allen Kleiman
                                       2907 Stanford Avenue
                                       Venice, California 90292
                                       Telephone: (310) 306-8094
                                       Counsel for Relators Linnette Sun and
                                       Greg Hamilton

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that the moving party has communicated with counsel for Defendant in an effort to resolve the dispute referred to in this Motion, and that the parties have not been able to reach agreement with respect thereto.

/s/ Mark Allen Kleiman
Mark Allen Kleiman

## CERTIFICATION OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **RELATOR'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY FOR FOUR MONTHS** to be delivered by electronic service via LexisNexis File & Serve on all counsel of record on November 30, 2011.

/s/ Mark Allen Kleiman
Mark Allen Kleiman