# Exhibit 5

Michael K. Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
06/10/2009 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                          06/08/2009

                                                   CLERK OF THE COURT
HONORABLE JOHN A. BUTTRICK                          K. Sinclair/C. Castro
                                                        Deputy


ROBERT J SWANSTON                       HARRY J MILLER III

v.

TAP PHARMACEUTICAL PRODUCTS INC, et
al.


                                        ANDREW ABRAHAM
                                        JOSEPH G ADAMS
                                        MARTIN A ARONSON
                                        DONALD W BIVENS
                                        GEORGE I BRANDON
                                        ELISSA F BURGESS
                                        OBER KALER PC
                                        120 E BALTIMORE STREET, 11TH
                                        FLOOR
                                        BALTIMORE MD  21202-1634
                                        TIMOTHY BURKE
                                        PATRICK G BYRNE
                                        BRIAN A CABIANCA
                                        ROBERT M CASALE
                                        250 WEST MAIN STREET
                                        BRANFORD CT  06405
                                        DALE SAMUEL COFFMAN
                                        CURTIS COLEMAN
                                        916 SOUTH EVANS STREET
                                        PO BOX 588
                                        GREENEVILLE NC  27835-0588
                                        CHRISTOPHER COLEMAN
                                        PO BOX 588
                                        GREENVILLE NC  27835-0588
                                        PAUL J COVAL

103033/3-1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                                06/08/2009

                               52 EAST GAY STREET
                               PO BOX 1008
                               COLUMBUS OH  43216-1008
                               DAWN L DAUPHINE
                               JOHN E DEWULF
                               EDWARD C DUCKERS
                               HOGAN AND HARTSON
                               555 13TH ST, NW - SUITE 13-W
                               WASHINGTON DC  20004
                               KIMBERLY A DUNNE
                               SIDLEY AUSTIN BROWN & WOOD
                               555 W. 5TH STREET 40TH FLOOR
                               LOS ANGELES CA  90013
                               STEVEN EDWARDS
                               HOGAN AND HARTSON
                               875 THIRD AVENUE
                               NEW YORK NY  10022
                               ANDREW S GORDON
                               ANDREW F HALABY
                               BARRY D HALPERN
                               S CRAIG HOLDEN
                               OBER KALER GRIME AND SHRIVER
                               120 EAST BALTIMORE STREET
                               BALTIMORE MD  21202
                               CURTIS A JENNINGS
                               LYDIA A JONES
                               MICHAEL K KENNEDY
                               JEFFREY S LEONARD
                               WILLIAM J MALEDON
                               KATHLEEN H MCGUAN
                               1301 K STREET NW
                               SUITE 1100  EAST TOWER
                               WASHINGTON DC  20005
                               VINCENT J MONTELL
                               CHANDLER M MULLER
                               1150 LOUISIANA AVE, SUITE 2
                               PO BOX 2128
                               WINTER PARK FL  32789
                               MICHAEL J O'CONNOR
                               BRIEN T O'CONNOR

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                        06/08/2009

ROPES AND GRAY
ONE INTERNATIONAL PLACE
BOSTON MA  02110
JOHN M O'NEAL
RODNEY W OTT
PAMELA M OVERTON
RANDALL S PAPETTI
ETHAN M POSNER
COVINGTON AND BURLING
1201 PENNSYLVANIA AVE. NW
WASHINGTON DC  20044-7566
MARY G PRYOR
JANIS POSNER RAYNAK
JOHN RILEY
VAIRA & RILEY
1600 MARKET ST. - SUITE 2650
PHILADELPHIA PA  19103-7226
PHILLIP ROBBIN
KELLEY DRYE AND WARREN
101 PARK AVENUE
NEW YORK NY  10178
CHARLENE ROBERTSON
MICHAEL T SCOTT
25 ONE LIBERTY PLACE
1650 MARKET STREET
PHILADELPHIA PA  19103-7301
SCOTT SEMPLE
MORGAN LEWIS AND BOCKUIS
1111 PENNSYLVANIA AVE. NW
WASHINGTON DC  20004
JONATHAN SHUB
SHELLER LUNDWIG AND BADEY
1528 WALNUT ST, 3RD FLOOR
PHILADELPHIA PA  19102
ROBERT R STAUFFER
JENNER AND BLOCK
ONE IBM PLACE, 45TH FLOOR
CHICAGO IL  60611
JAY TODD STEWART
PAUL L STOLLER

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                                              06/08/2009

PHILIP C TOWER
LAUREN J WEINZWEIG
JOHN C WEST
D SCOTT WISE
DAVID POL WARDWELL
450 LEXINGTON AVE
NEW YORK NY 10017
JOSEPH H YOUNG
HOGAN AND HARTSON
111 S CALVERT ST, SUITE 1600
BALTIMORE MD 21202

RULING

Defendants' Motion for Summary Judgment, filed August 6, 2008, was fully briefed and argued orally on May 29, 2009. The Motion was taken under advisement at that time.

The Plaintiff in this putative class action, Robert J. Swanston ("Swanston"), seeks damages for alleged overpayments made for Lupron and other prescription drugs. The Second Amended Complaint ("SAC"), filed December 20, 2002, alleges that Swanston purchased only Lupron at the Average Wholesale Price ("AWP"), the price Swanston maintains was fraudulently inflated. SAC at para. 44.

Defendants' Motion asserts that Swanston lacks standing to bring this claim on behalf of himself or the putative class.

Of course "persons seeking redress in Arizona courts must first establish standing to sue." Bennett v. Brownlow, 211 Ariz. 193, 195 (2005). To achieve standing it is required that Plaintiffs "show a particularized injury to themselves." Id. at 196.

These precepts apply in putative class actions. "A putative class representative who does not have standing cannot maintain a class action on behalf of others who could allege standing." Karbal v. Arizona Dep't of Revenue, 215 Ariz 114, 116 (App. 2007) (affirming dismissal of class action for lack of subject matter jurisdiction). Key to a showing of standing is the existence of "injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversy's outcome." Id.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                               06/08/2009

Here the injury requirement could be met by Swanston if there is evidence supporting the allegations of paragraph 44 of the SAC. More specifically, Swanston would have standing if he could show injury through his purchase of Lupron at the AWP as alleged. However, the evidence adduced to date fails to establish such a purchase. In fact, as set forth in detail in Defendants' Statement of Facts supporting the instant motion, Swanston's Lupron purchases fall into two categories, those for which the price charged was not AWP and those for which the cost of Lupron was paid for completely by a combination of Medicare and secondary insurance. As to that second category, Swanston never paid any AWP amounts out of pocket which were not reimbursed to him in their entirety.[1]

Since he did not suffer any "distinct and palpable injury" (or any injury at all), Swanston does not have standing to bring this suit as class representative or otherwise.

Defendants' Motion is granted.

On May 28, 2009, the day before the scheduled oral argument on this Motion, Swanston filed Plaintiff's Motion to File an Amended Controverting Statement of Facts and to Supplement the Record, or in the Alternative, for Rule 56 (f) Continuance ("Swanston Motion"). That Motion seeks to change Swanston's position on the key issue of what relevant drugs he purchased. Both the SAC and Swanston's Statement of Facts submitted in response to Defendants' Motion for Summary Judgment take the position that only Lupron was purchased by Swanston during the defined putative class period. Swanston asserts that since the group of drugs at issue in the case have recently narrowed, he should be permitted to change positions and recant his prior admission despite the fact that the documents he relies upon to support this assertion were admittedly in his possession years ago and were disclosed in this action. This argument is unpersuasive. If the range of drugs at issue had unexpectedly expanded or if the SAC had been amended to include other drugs then his position might have merit, but neither of those events occurred.

Similarly, the Swanston Motion's alternative request, that Defendants' Motion should remain undecided while additional discovery is conducted, is not well taken. To obtain relief under Ariz. R. Civ. P. 56 (f) a party must present an affidavit informing the Court of "the particular evidence beyond the party's control." Magellan S. Mountain Ltd. P'ship v. Maricopa County, 192 Ariz. 499, 502 (App. 1998) (citing Lewis v. Oliver, 178 Ariz. 330, 338 (App. 1993)) (emphasis added). Here no serious showing has been made that Swanston was unaware of which medications he was taking and purchasing. Instead, counsel candidly admit they began to "re-

---

[1] Swanston attempts to argue that the collateral source rule bars consideration of the insurance payments. But his expansive interpretation of that rule is unsupported by citation to any authority applicable to this set of facts.

Docket Code 019                               Form V000A                               Page 5

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                            06/08/2009

examine" the issue of what drugs Swanston purportedly took only during the pendency of Defendants' Motion for Summary Judgment when the number of drugs at issue decreased due to other rulings. [Swanston Motion at para. 11]

Swanston's Motion is denied.

Plaintiff's Motion for Determination that Action May Proceed as Class Action, filed December 20, 2009, and taken under advisement May 7, 2009, is now denied as moot in light of the above ruling.

Defendants shall prepare and submit a form of judgment on or before June 30, 2009.

This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp

*** Granted ***
See eSignature Page

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Angela Walker
Filing ID 386849
7/17/2009 11:50:39 AM

1  William J. Maledon, Atty. No. 003670
2  Dawn L. Dauphine, Atty. No. 010833
   OSBORN MALEDON, P.A.
3  2929 North Central Avenue, Suite 2100
   Phoenix, Arizona 85012-2794
4  Telephone: (602) 640-9000
   Facsimile: (602) 640-9050
5  wmaledon@omlaw.com
   ddauphine@omlaw.com

6  D. Scott Wise
   DAVIS POLK & WARDWELL
7  450 Lexington Avenue
   New York, New York 10017
8  Telephone: (212) 450-4000
   Facsimile: (212) 450-3800
9  d.wise@dpw.com

10 **As Liaison Counsel for Defendants**

11              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12                    IN AND FOR THE COUNTY OF MARICOPA

13 ROBERT J. SWANSTON, individually and )   CV2002-004988
   on behalf of himself and all others similarly )
14 situated,                                    )
                                                )
15            Plaintiff,                        )
                                                )   **JUDGMENT OF DISMISSAL**
16 vs.                                          )   **WITH PREJUDICE**
                                                )
17 TAP PHARMACEUTICAL PRODUCTS                  )   (Assigned to the Honorable
   INC.; ABBOTT LABORATORIES;                   )   John A. Buttrick)
18 TAKEDA CHEMICAL INDUSTRIES,                  )
   LTD.; ZENECA, INC.; ASTRAZENECA              )
19 PHARMACEUTICALS LP;                          )
   ASTRAZENECA LP; ASTRAZENECA                  )
20 PLC; PHARMACIA CORPORATION;                  )
   PHARMACIA & UPJOHN, INC.;                    )
21 MONSANTO COMPANY; G.D. SEARLE;               )
   JOHNSON & JOHNSON; ETHICON                   )
22 ENDO-SURGERY, INC.; INDIGO LASER             )
   CORPORATION; ALZA CORPORATION;               )
23 CENTOCOR, INC.; ORTHO BIOTECH;               )
   BAYER CORPORATION; WYETH;                    )
24 WYETH PHARMACEUTICALS; AMGEN,                )
   INC.; IMMUNEX CORPORATION;                   )
25 AVENTIS PHARMACEUTICALS, INC.;               )
   AVENTIS BEHRING L.L.C.; HOECHST              )
26 MARION ROUSSEL, INC.; BAXTER                 )
   INTERNATIONAL INC.; BAXTER                   )
27 HEALTHCARE CORPORATION;                      )
   BOEHRINGER INGELHEIM                         )
28

2619389

| | |
|---|---|
| 1 | CORPORATION; BEN VENUE LABORATORIES, INC.; BEDFORD ) |
| 2 | LABORATORIES; ROXANE LABORATORIES, INC.; BRISTOL- ) |
| 3 | MYERS SQUIBB COMPANY; ONCOLOGY THERAPEUTICS NETWORK ) |
| 4 | CORPORATION; APOTHECON, INC.; FUJISAWA HEALTHCARE, INC.; ) |
| 5 | FUJISAWA USA, INC.; GLAXOSMITHKLINE, P.L.C.; ) |
| 6 | SMITHKLINE BEECHAM CORPORATION; GLAXO WELLCOME, ) |
| 7 | INC.; SCHERING-PLOUGH CORPORATION; WARRICK ) |
| 8 | PHARMACEUTICALS CORPORATION; SICOR, INC.; GENSIA SICOR ) |
| 9 | PHARMACEUTICALS, INC.; DEY, INC.; DAVID JETT AND JANE DOE JETT; ) |
| 10 | CHRISTOPHER COLEMAN AND JANE DOE COLEMAN; SCOTT HIDALGO AND ) |
| 11 | AMANDA HIDALGO; MICHAEL GENDELMAN AND JANE DOE ) |
| 12 | GENDELMAN; EDDY JAMES HACK AND JANE DOE HACK; KIMBERLEE ) |
| 13 | CHASE AND JOHN DOE CHASE; JANICE M. SWIRSKI AND JOHN DOE ) |
| 14 | SWIRSKI; DONNA TOM AND JOHN DOE TOM; DAVID GUIDO AND JANE DOE ) |
| 15 | GUIDO; HENRY VAN MOURIK AND JANE DOE VAN MOURIK; AND ALAN ) |
| 16 | MACKENZIE AND JANE DOE MACKENZIE; DOES 1-50; ABC ) |
| 17 | CORPORATIONS 1-50; AND XYZ PARTNERSHIPS AND ) |
| 18 | ASSOCIATIONS 1-50, ) |
| 19 | Defendants. ) |

    This matter having come before the Court on Defendants' Motion for Summary Judgment; the Court having reviewed the papers, having heard oral argument, and having granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion to File an Amended Controverting Statement of Facts and to Supplement the Record, or In the Alternative, for Rule 56(f) Continuance,

    For good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of all Defendants and against Plaintiff

1  on all claims, with each party to bear its own attorney fees.  Costs are awarded to
2  Defendants in accordance with the Arizona law.
3     Any and all pending motions are hereby denied as moot.

5     **DATED** this ___ day of _____, 2009.

_____
THE HONORABLE JOHN A. BUTTRICK
Judge, Maricopa County Superior Court

eSignature Page -- 20090611148086_Form_of_Judgment.pdf

Granted

Signed on this day, July 17, 2009



/S/ John Buttrick
Judicial Officer of Superior Court