UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Civil Action No. 01-12257-PBS<br>Subcategory Case No. 03-10643-PBS |
| THIS DOCUMENT RELATES TO:<br><br>*The City of New York, et al.,*<br><br>*v.*<br><br>*Abbott Laboratories, et al.* | Judge Patti B. Saris |

**SECOND JOINT MOTION TO EXTEND THE 90-DAY ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS**

Plaintiffs The City of New York and New York Counties in MDL 1456 ( collectively "NY Counties") and defendants Alpharma Inc. and Purepac Pharmaceutical Co. (collectively "Alpharma Group"); Mylan Inc., formerly known as Mylan Laboratories Inc., Mylan Pharmaceuticals Inc. and Mylan Institutional Inc., formerly known as UDL Laboratories, Inc. (collectively "Mylan Group"); Par Pharmaceutical Companies, Inc. and Par Pharmaceutical Inc. (collectively "Par Group"); and, Roche Laboratories Inc. and Hoffman-La Roche Inc. (collectively "Roche Group")(all defendant groups collectively referred to as "Remaining Defendants"), hereby move the Court to extend the 90-day Order of Dismissal of July 7, 2011(Doc. # 7656, Sub-Doc. # 296) a second time, to allow an additional 60 days to conclude settlement discussions, obtain requisite signatures and file the necessary papers with the Court before the Order of Dismissal becomes final.[1]

---

[1] NY Counties also move the Court for additional time as to defendants TAP Pharmaceutical Products Inc. ("TAP") and King Pharmaceuticals Inc., King Research and Development and Monarch Pharmaceuticals Inc. (collectively "King/Monarch Group"). Defendants TAP and the King/Monarch Group do not oppose or object to the further extension of the 90-day Order of Dismissal of July 7, 2011 (Doc. # 7656, Sub-Doc. # 296).

At a hearing on June 23, 2011, NY Counties reported to the Court that, except for one defendant,[2] it had settled or reached agreements in principle to resolve all claims against all other defendants in this action, including the Remaining Defendants, TAP and King/Monarch Group.  NY Counties further reported that it would take some time to draft and negotiate the details of the settlement documents, obtain the requisite signatures and file formal dismissal papers.  Thereafter the Court entered an Order of Dismissal on July 7, 2011 allowing the parties 90 days to finalize the settlement.  Doc. # 7656, Sub-Doc. # 296.  At the request of NY Counties and various settling defendants, including the Remaining Defendants, the 90-day period was extended to December 5, 2011 by Electronic Court Order on October 6, 2011.

In the time since July 7, counsel for NY Counties and all the settling defendants, including the Remaining Defendants, TAP and King/Monarch Group, have negotiated diligently and in good faith on the terms of each respective settlement agreement and related documents. NY Counties has finalized settlements and submitted formal dismissals for all defendants covered by the Court's 90-day Order of Dismissal of July 7, 2011(Doc. # 7657, Sub-Doc. # 122), except for the Remaining Defendants, TAP and King/Monarch Group.  Despite their efforts, NY Counties and the Remaining Defendants need additional time to finalize negotiations, obtain requisite signatures and submit all necessary documents with the Court.  NY Counties and the Remaining Defendants do not anticipate problems finalizing their respective settlements and filing all necessary documents with the Court by February 3, 2012.

For the foregoing reasons, it is respectfully requested that the Court modify its 90-day Order of Dismissal of July 7, 2011 to allow NY Counties, the Remaining Defendants, TAP and King/Monarch Group up to and including February 3, 2012 to file the requisite documents with

---

[2] NY Counties and the last defendant have since reached a settlement in principle, which is subject to a separate extended order dismissal and time frame.

2

the Court seeking dismissals with prejudice pursuant to their settlements.

Dated: December 3, 2011

                                                Respectfully submitted,

**KIRBY McINERNEY LLP**

By: _____/s/_____
    Joanne M. Cicala (*pro hac vice*)
    James P. Carroll Jr. (*pro hac vice*)
    Kathryn B. Allen (*pro hac vice*)
    825 Third Avenue
    New York, New York 10022
    (212) 371-6600

*Counsel for The City of New York and various New York Counties*


HYMAN, PHELPS & McNAMARA, P.C.
John R. Fleder (*pro hac vice*)
Riëtte L. van Laack (*pro hac vice*)
J.P. Ellison (*pro hac vice*)
700 13th Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 737-5600

*Counsel for Alpharma Inc. and Purepac Pharmaceutical Co.*


KELLEY DRYE & WARREN LLP
William A. Escobar (*pro hac vice*)
Neil Merkl (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
101 Park Avenue
New York, NY 10178
(212) 808-7800

*Counsel for Mylan Inc., f/k/a Mylan Laboratories Inc., Mylan Pharmaceuticals Inc. and Mylan Institutional Inc., f/k/a UDL Laboratories, Inc.*

3

        WILLIAMS & CONNOLLY LLP
        Paul K. Dueffert (*pro hac vice*)
        725 12th Street, N. W.
        Washington, D.C. 20005
        (202) 434-5097

        *Counsel for Par Pharmaceutical*
        *Companies, Inc., Par Pharmaceutical Inc.*

        KING & SPALDING LLP
        Grace Rodriguez (*pro hac vice*)
        Kevin Sullivan (*pro hac vice*)
        1700 Pennsylvania Avenue NW
        Washington DC 20006
        (202) 737-0500

        *Counsel for Roche Laboratories Inc. and*
        *Hoffman-La Roche Inc.*

## **CERTIFICATE OF SERVICE**

I, James P Carroll Jr, hereby certify that I caused a true and correct copy of the foregoing **SECOND JOINT MOTION TO EXTEND THE 90-DAY ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by submitting a copy to Lexis/Nexis File & Serve for posting and notification to all parties.

Dated: December 3, 2011                        ___/s/ James P. Carroll Jr_____
                                                       James P. Carroll Jr.