# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE | ) ) ) )  MDL No. 1456 |
| THIS LITIGATION RELARTES TO: | )  CIVIL ACTION:  1:01-CV-12257-PBS ) ) ) Judge Patti B. Saris |
| TRACK TWO SETTLEMENT | ) ) |

**APPELLANT CORINNA CONNICK'S RESPONSE TO SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK**

Thomas J. Connick (1149757)
Dubyak Connick Thompson & Bloom LLC
3401 Enterprise Parkway, Suite 205
Cleveland, OH 44122
PH: 216-364-0500 | FX: 216-346-0505
Email: tconnick@dctblaw.com
*Attorney for Corinna Connick*

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge MA 02142
PH: 617-482-3700 | FX: 617-482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
PH: 206-623-7292 | FX: 206-623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW, Suite 300
Washington, DC 20006
PH: 202-355-6435 | 202-355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2055
Philadelphia, PA 19103
PH: 215-496-0300 | FX: 216-496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA 18901
PH: 215-230-8043 | FX: 215-230-8735

**CLASS COUNSEL**

## RESPONSE

Plaintiffs raise three (3) "new" issues in an attempt to persuade this Honorable Court that Ms. Connick should be required to post a $200,000 bond pending her appeal of this Honorable Court's ruling denying her Motion to Intervene as a class member:

(1)     Ms. Connick as engaged in vexatious, unreasonable and frivolous conduct by filing a Verified Complaint For Declaratory Judgment and a Protective Order in Federal District Court, Northern District of Ohio, to protect herself against Plaintiffs' abusive litigation and discovery tactics;

(2)     Ms. Connick's appeal of this Honorable Court's Order denying her Motion to Intervene as a class member will "inevitably delay distribution of settlement proceeds;" and

(3)     That Attorney Edward W. Cochran acted as a "ghost writer" for Ms. Connick's Brief in Opposition to Plaintiffs' Request for Bond.

For the following reasons, as well as those reasons and arguments set forth in Ms. Connick's Brief in Opposition to Motion to Compel her deposition, which are incorporated by reference as if fully rewritten herein, this Honorable Court should <u>deny</u> Plaintiffs' Motion as it is specious and entirely without merit.

**I.**      As outlined in Ms. Connick's Brief in Opposition to Motion to Compel her deposition:

Plaintiffs failed to comply with Fed. Civ. R. Proc. 30 by issuing a Notice of Deposition to Ms. Connick – who is a non-party. As such, Plaintiffs were required – at a minimum – to subpoena Ms. Connick via Fed. R. Civ. P. 45, which provides, in pertinent part:

**(a)**      **In General**

**(1)**      ***Form and Contents.***

**(A)**      *Requirements – In General*. Every subpoena must:

**(i)**      state the court from which it is issued;

**(ii)**      state the title of the action, the court in which it is pending, and its civil action number;

**(iii)**      command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

**(iv)**      set out the text of Rule 45(c) and (d);

* * *

**(2)**      ***Issued from Which Court***. A subpoena must issue as follows:

* * *

**(B)**      for attendance at a deposition, from the court for the district where the deposition is to be taken;

Because Ms. Connick is not a "Party"  to the underlying action, as defined by this Honorable Court's Local Rule 26.5(a)(5) and/or as contemplated by the Federal Rules of Civil Procedure, the Notice of Deposition issued upon Ms. Connick under Fed. R. Civ. P. 30 is/was inoperable. Nonetheless, Plaintiffs' counsel refused to withdraw the notice, and instead threatened to use his entire "arsenal" to burden and harass Ms. Connick over her refusal to

appear for the deposition. This spurred the need to have Ms. Connick seek the protection of the Northern District of Ohio, the district court with jurisdiction the venue of where Ms. Connick's deposition was to take place. Ms. Connick did not choose this course of action. She was forced to undertake said action due to the actions of Plaintiffs' counsel, and in doing so Ms. Connick followed the spirit and letter of the Federal Rules of Civil Procedure – something Plaintiffs failed to do.

**II.** Assuming for the purpose of this argument that Ms. Connick was a "Party" (which she is not) she was already deposed – at length – by Plaintiffs' counsel's (Mr. Wexler's) firm on March 24, 2009.[1] As such, and pursuant to Fed. Civ. R. Proc. 30(a)(2)(A)(ii), Plaintiffs, were required to seek leave of Court to depose Ms. Connick a <u>second</u> time. Plaintiffs failed to comply with the Rules of Procedure which, again, required Ms. Connick to seek the protection of her home district – the Northern District of Ohio. Again, Plaintiffs ignored and/or failed to follow the Federal Rules of Civil Procedure. Plaintiffs have neither sought nor ever been granted leave of Court to depose Ms. Connick a second time.

**III.** Although undersigned counsel and attorney Wexler had a brief telephone conference regarding the issue of deposing Ms. Connick a second time, Plaintiffs failed to comply with this Honorable Court's Local Rule 37.1(b)(3)(1) by stating, with particularity, each deposition question **….** Raising an issue to be decided by the court. Instead, undersigned counsel was not provided any good/cause reason why Appellant should undergo a second deposition, especially in light of the fact that Plaintiffs inquired of Ms. Connick, or at minimum had the opportunity to inquire – at length – the very issues that Plaintiffs purportedly desire to inquire of Ms. Connick at her second deposition.

---

[1] See Appellant Corinna Connick's Brief in Opposition to Plaintiffs' Motion to Compel the Deposition of Corinna Connick and for Protective Order for a fully developed summary of Ms. Connick deposition taken on March 24, 2009.

IV.    Plaintiffs have failed to show how Ms. Connick's appeal will "inevitably delay distribution of settlement proceeds." First, this Honorable Court has not even held the Final Fairness Hearing to approve the Proposed Settlement. Second, Ms. Connick is not appealing the Proposed Settlement Agreement. Instead, she is appealing this Honorable Court's ruling denying her the right to intervene in this action as a class member. Third, "Final Approval" as defined in the Settlement Agreement "means that the time has run for any appeals from a final approval of the MDL Court, or any such appeals have been resolved in favor of this agreement. Here, "Final Approval" solely relates to the final approval by the MDL Court related to the Settlement Agreement. Ms. Connick is not appealing – nor can she – the approval of the Settlement Agreement by the MDL Court. Ms. Connick's appeal goes directly to the right she believes she has to intervene as a class member. Although that right has been denied by this Honorable Court – and is being challenged by Ms. Connick – the appeal surrounding Ms. Connick's right to intervene does not, should not, and will not preclude this Honorable Court from Ordering Final Approval of the Settlement Agreement and allowing the disbursement of settlement funds. Plaintiffs' argument in this regard is simply illusory.

V.    Plaintiffs mistakenly allege that attorney Edward Cochran is "ghost writing" Ms. Connick's brief in this matter, solely based upon the fact that Ms. Connick's briefs contain the tagline – *F:\Clients - Connick\Cochran, Ed (6008)\AWP Litigation\Pleadings\AWP Litigation\Response to Pltf Mtn for Appeal Bond 11-29-2011.doc* – at the bottom of each pleading. That tagline is a computer generated file identification that is solely controlled by and derives from undersigned counsel's law firm – Dubyak Connick Thompson & Bloom, LLC. That tagline was put in the computer system in 2009 when undersigned counsel worked at the law offices of Webster Dubyak & Weyls so a file could be maintained for Ms. Connick's pleadings

which, at that time, were being prepared by attorneys Edward Cochran and John Pentz.[2] Undersigned counsel merely continued using this tagline after the name change and formation of undersigned counsel's new law firm. Notably, when attorney Cochran (and attorney John Pentz) were counsel of record for Ms. Connick, none of Ms. Connick's pleadings and/or briefings contained the aforementioned tagline. In fact, those pleadings could not contain that tagline, because it can only be generated by undersigned counsel's Legal Assistant when she types undersigned counsel's dictation. Thus, contrary to Plaintiff counsel's assertion, the appearance of the aforementioned tagline on Ms. Connick's briefs, etc. filed *after* undersigned counsel became counsel of record for the Appellant is actual proof that attorney Cochran *is not* ghost writing Ms. Connick's briefs.

**VI.**    Finally, it cannot be stressed enough that Ms. Connick is, in fact, <u>not</u> appealing the proposed settlement in this case as an Objector. Instead, she is appealing her right to intervene in this matter as a class member, based upon the fact that although she did purchase a Class B drug (Estradial), she has been refused the ability to intervene in this matter because she purchased Estradial under its branded name of Climara – which "branded" name is not included in the Class B list of drugs. Ms. Connick believes that is a distinction without a difference, and she and other similarly situated to her have been unfairly locked out from being included in the class. Thus, Ms. Connick's appeal is not frivolous, as alleged by Plaintiffs. Instead, the issue on which she appeals is not only unique, but may, indeed, result in the *inclusion* of many potential class members where, heretofore, they have been *excluded.*

Furthermore, Plaintiffs attempt to argue that Ms. Connick has acted in a vexatious manner, because she has been represented by "professional objector" Edward W. Cochran. This

---

[2] In fact, undersigned counsel originally set this computer file up as a "dummy file" so that a file could be kept to maintain a record of all pleadings, etc. that attorneys Cochran and Pentz were filing on behalf of Ms. Connick.

is a red-herring. Merely because Ms. Connick has been associated with what Plaintiffs term a "professional objector" does not *ipso facto* mean she is exhibiting vexatious conduct and/or bad faith in filing her appeal, nor warrants the imposition of posting a bond. See, *Carl Blessing et al. v. Sirius XM Radio, Inc.* (09-CV-10035 [HB]), attached as Exhibit A. Indeed, Ms. Connick's appeal is not even raised in the capacity of an "objector." Instead, Ms. Connick's appeal is raised in the capacity of a person who has been denied her right to intervene in action as a class member, for a class of consumers that she feels was improperly excluded from class consideration. Thus, Ms. Connick's appeal is not frivolous, because it is asking the First Circuit to consider whether a group of consumers, excluded from class membership on a technical distinction with no difference, should in fact be recognized as class members who, in fact, have been heretofore either unrepresented and/or underrepresented by existing class counsel.

Accordingly, for the foregoing reasons, this Honorable Court should deny Plaintiffs' request to have Ms. Connick post a bond in order to continue with her rightful appeal.

Respectfully submitted,

_____/s/Thomas J. Connick_____
Thomas J. Connick, Esq. (0070527)
**DUBYAK CONNICK THOMPSON & BLOOM LLC**
3401 Enterprise Pkwy. Ste. 205
Cleveland OH 44122
PH: 216-364-0500 | FX: 216-364-0505
*Attorney for Corinna Connick*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2011, a copy of foregoing ***APPELLANT CORINNA CONNICK'S RESPONSE TO SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST CORINNA CONNICK*** was filed electronically.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Undersigned counsel further certifies that, on this date, the above filing was sent by regular U.S. Mail, postage prepaid, to all counsel not registered with the Court to receive electronic filings.

*/s/Thomas J. Connick*
Thomas J. Connick, Esq. (0070527)
*Attorney for Corinna Connick*

F:\Clients - Connick\Cochran, Ed (6008)\AWP Litigation (also-- Connick v. Wexler) (0693)\Pleadings\AWP Litigation\Response to Plhf Mtn for Appeal Bond 12-06-2011.doc

8