IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE ) ) ) ) THIS LITIGATION RELARTES TO: ) ) TRACK TWO SETTLEMENT ) ) | MDL No. 1456 CIVIL ACTION:  1:01-CV-12257-PBS Judge Patti B. Saris |

**APPELLANT CORINNA CONNICK'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF CORINNA CONNICK AND FOR PROTECTIVE ORDER**

Thomas J. Connick (1149757)
Dubyak Connick Thompson & Bloom LLC
3401 Enterprise Parkway, Suite 205
Cleveland, OH 44122
PH: 216-364-0500 | FX: 216-346-0505
Email: tconnick@dctblaw.com
*Attorney for Corinna Connick*

Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge MA 02142
PH: 617-482-3700 | FX: 617-482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
PH: 206-623-7292 | FX: 206-623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW, Suite 300
Washington, DC 20006
PH: 202-355-6435 | 202-355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2055
Philadelphia, PA 19103
PH: 215-496-0300 | FX: 216-496-6611

1

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA 18901
PH: 215-230-8043 | FX: 215-230-8735

**CLASS COUNSEL**

**MOTION**

Appellant, Corinna Connick (hereinafter to referred to as "Ms. Connick" or "Appellant"), by and through undersigned counsel, hereby requests that this Honorable Court <u>deny</u> Plaintiffs' Motion to Compel the deposition of Ms. Connick and, further, <u>grant</u> Ms. Connick's request for Protective Order.

**I.** *This Honorable Court Does Not Have Jurisdiction to Hear, Consider or Rule Upon Plaintiffs' Motion to Compel.*

As this Honorable Court is aware, Ms. Connick is not appealing the Proposed Settlement in this case – which has yet to be approved by this Honorable Court. Instead, Ms. Connick is appealing this Honorable Court's August 29, 2011, Order denying her motion to intervene and finding that she is not a class member.

It is axiomatic that, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Intergen N.V. v. Grina, et al.*, 2003 WL 1562200 (D.Mass.), <u>quoting</u> *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982).

The *Intergen* Court further expounded that:

> The First Circuit has explained the general circumstances in which a district court may retain jurisdiction even while an appeal is pending:
>
> The black-letter rule that filing the notice of appeal transfers authority over the case from the trial court to the court of appeals derives from a desire to prevent clashes between institutions that occupy different tiers within the federal judicial system. Thus, the trial court may continue to exercise a modicum of power over a case that is before the appellate court – but this power exists only in those few situations in which the risk of intramural collision is small.
>
> [Citing] *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998). Thus, the district court might retain jurisdiction regarding motions for attorneys' fees, actions in aid of execution of judgment, and 'orders relating to procedures in aid of appeal." *Id*. (internal quotation marks omitted). Ongoing discovery pending a § 16(1) appeal, unlike these matters, raises the specter of "intramural collision" resulting in unnecessary, duplicated efforts…

Although the *Intergen* case involves an arbitration proceeding, the proposition to avoid "intramural collision" applies equally to this case. First, Plaintiffs' request to conduct additional discovery by way of deposing Appellant a second time, purportedly to determine her ability to post bond, is both unnecessary and superfluous. A bond is not required under the circumstances of Appellant's Appeal, because she is not appealing the Proposed Settlement. Second, because Appellant is appealing this Honorable Court's Order denying her the right to Intervene in this matter, any discovery on that issue will necessarily result in the "intramural collision" between institutions that that occupy different tiers within the federal judiciary. And, third, as discussed further below, Plaintiffs already deposed Appellant and had every opportunity at that time to seek information on the issue(s) that Plaintiffs allegedly want to inquire of Appellant now.

Accordingly, this Honorable Court should <u>deny</u> Plaintiffs Motion to Compel the <u>second</u> deposition of Ms. Connick.

**II.     *Plaintiffs Have Failed to Comply With The Federal Rules of Civil Procedure and This Honorable Court's Local Rules in Attempting to Compel Ms. Connick's Deposition.***

Plaintiffs improperly issued a Notice of Deposition to Ms. Connick pursuant to Fed. R. Civ. P. 30. Fed. R. Civ. P. 30 provides, in relevant part, as follows:

3

**RULE 30. Depositions by Oral Examination**

**(a)    When a deposition May Be Taken**

**(1)**  *Without Leave of Court.* A party may, by oral questions, depose any person, including a *Party*, without leave of court except as provided in Rule 30(a)(2). *The deponent's attendance may be compelled by subpoena under Rule 45.*

**(2)**  *With Leave.* A party *must obtain leave of court*, and the court must grant leave to the extent consistent with Rule 26(b)(2):

**(A)**  if the parties have not stipulated to the deposition and:
**(ii)**  the deponent has already been deposed in the case; or

This Honorable Court's Local Rule 26.5(c)(5) defines *Parties* as the

> "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affilitaes. *This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation*. (Emphasis added.)

On March 4, 2009, Ms. Connick – a non-party to the subject litigation -- attempted to intervene in the Track 2 Settlement, in order to represent a class of consumers that she is similarly situated with. On August 29, 2001, this Honorable Court denied Ms. Connick's Motion to Intervene. As such, Ms. Connick is not a *Party* as that term is interpreted under the Federal Rules of Civil Procedure and this Honorable Court's Local Rules of Court. Accordingly, Plaintiffs have no authority and/or right to seek and/or compel Ms. Connick's deposition pursuant to Fed. R. Civ. Proc. 30 or 37.

Even if Ms. Connick were a *party* to this litigation – which she currently is not (that issue, in fact, is the basis of Ms. Connick's appeal, i.e. she believes she should have been allowed to intervene in this action and *become* a party), Plaintiffs were *required* under Fed. R. Civ. P. 30(a)(2)(A)(ii) to seek and be granted leave of court to depose Ms. Connick, because she has already been deposed in this matter. As admitted by Plaintiffs at paragraph 1 of their Motion to Compel, Ms. Connick was already deposed in this matter on March 24, 2009 by attorney

Wexler's Partner, Jennifer Fountain Connolly. At that time, Plaintiffs, through Ms. Connolly, had every opportunity to ask Ms. Connick questions regarding her ability to post bond in this matter, if necessary. But they chose not to. Contrary to Plaintiffs' assertion in their Motion to Compel, Ms. Connolly did not contain her questioning of Ms. Connick to her then Objector status. Ms. Connolly went much further, directly related to the instant appeal and Plaintiffs apparent concern over the alleged delay in the distribution of the Settlement Funds:

> Q: If the District Court ultimately rejects your objection on any grounds, do you have plans to appeal it?
>
> A: I'd have to talk to my attorneys about that.
>
> Q: Do you have any understanding that when an objector appeals a settlement, that it delays the distribution of those funds for possibly years to the class members who are waiting for them?[1]
>
> A: Sure.
>
> Q: Have you realized in looking over the documents in this case that many of the consumers that you're seeking to represent are sick and elderly and have been waiting for payments in this case for seven years.
>
> A: I'm aware of that.
>
> Q: So you realize that the filing of your objection may have the effect of delaying payments to some of those people who are so sick?
>
> MR. COCHRAN: Objection. You're referring to the appeal, not the objection.
>
> MS. FOUNTAIN CONNOLLY: Well, the objection could delay it too.
>
> MR. COCHRAN: All right. Go ahead and answer. You were talking about the appeal before. I think its confusing her.
>
> THE WITNESS: Can you repeat the question, please?
>
> BY MS. FOUNTAIN CONNOLLY:

---

[1] Ms. Connick in not appealing the yet to be approved settlement as an objector. Instead, she is appealing the Court's denial to allow her to intervene as a party, *i.e.*, potential Class Member.

> Q: Sure. Do you have any understanding that your filing of this objection and the resolution of it may delay the payments to people who are very sick and elderly?
>
> A: I believe it's possible. I would discuss that with my attorneys.[2]

Additionally, even though Ms. Connick's Notice of Appeal to the First Circuit Court of Appeals divests this Honorable Court of its jurisdiction over the issue of Ms. Connick's ability to intervene as a class member in the subject litigation, Plaintiffs contend on page 2 of their Motion that one of the purposes for Ms. Connick's re-deposition is to "explore the basis of the *pro se* notice of appeal." But that issue, too, was also already thoroughly explored by Plaintiffs' counsel at Ms. Connick's March 24, 2009 deposition:

> Q: I've handed you what's been marked as Connick Exhibit 4. Can you tell me what that is, please?
>
> A: I want to intervene in this class action. I feel that the designated counsel has not done an adequate job in representing consumer plaintiffs.
>
> Q: So what is your understanding of what you would actually be doing in intervening?
>
> A: Repeat that for me, please?
>
> Q: You've moved to intervene. What's your understanding of what that means?
>
> A: I'm – I do not feel that the designated counsel has done a good job in representing the consumers in this case. And I'm not sure I finished. Repeat it again.
>
> Q: Do you have any understanding – let me rephrase the question. Do you have an understanding the difference between objecting to a class action settlement and moving to intervene in a case?[3]
>
> A: Yes. Intervening means I want to basically, with the help of my attorneys, take over the consumer portion of the claim because the

---

[2] See deposition transcript of Ms. Corinna Connick, taken March 24, 2009 at pp.41-43, attached as Exhibit A.
[3] Note, even Plaintiffs' counsel acknowledges the distinction between appealing the settlement which Ms. Connick is not – and appealing the denial of her right to intervene in the action.

6

>                      designated counsel did not do an adequate job representing the
>                      consumer plaintiffs.
>
> Q:      And when you say take over the consumer portion, are you
>         referring to the percentage co-pay portion and the cash pay portion,
>         or just the cash pay portion?
>
> A:      Both. Or one. Or the whole, one.

Second, Ms. Connick filed her Notice of Appeal with this Honorable Court on September 27, 2011. Fed. R. Civ. P. 27 provides, in relevant part:

> **RULE 27. Depositions to Perpetuate Testimony**
>
> **(b)   Pending Appeal.**
>
> **(1)**   The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose *witnesses* to perpetuate their testimony *for use in the event of further proceedings in that court*.
>
> **(2)**   *Motion*. The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:
>
> **(A)**   the name, address, and expected substance of the testimony of each deponent; and
>
> **(B)**   the reasons for perpetuating the testimony.

In the instant case, even assuming that Ms. Connick is a *witness* (which she is not) pending an appeal, Plaintiffs have failed to properly provide notice under Fed. R. Civ. Proc. 27.

Accordingly, this Honorable Court should <u>deny</u> Plaintiffs' Motion to Compel the <u>second</u> deposition of Ms. Connick.

III.   ***Plaintiffs' Attempt to Compel The Second Deposition of Ms. Connick is Made in an Attempt to Harass, Intimidate and Overburden Ms. Connick, and, Therefore, This Honorable Court should <u>grant</u> Ms. Connick a Protective Order.***

On or about March, 2009, after the Class Action reached a settlement, Appellant objected to the settlement, and filed a Motion to Intervene[4] as a Plaintiff in the Class Action, claiming that

---

[4] Ms. Connick's present appeal involves only the denial of her right to intervene.

she represents a part of the class not represented in the Class Action. Thereafter, on or about March 24, 2009, Plaintiffs, through Wexler Wallace, LLP, and Attorney Jennifer Connolly deposed Appellant as an [then] objector to the Class Action settlement. In early 2011, Judge Saris of the District of Massachusetts denied Appellant's Motion to Intervene, simply stating that Ms. Connick was not a member of the class.

As a result of Appellant's Motion being denied, Ms. Connick is not a party to the Class Action. On or about October 3, 2011, Ms. Connick filed a Notice of Appeal of the denial of her Motion to Intervene, appealing Judge Saris' decision to the 1st Circuit Court of Appeals. Thereafter, Plaintiffs filed a Motion to Post Bond in the amount of Two Hundred Thousand Dollars ($200,000).

On or about November 14, 2011, Attorney Wexler's assistant, Julianne Yun, served Ms. Connick with a Notice of Deposition, stating that Steve W. Berman will take her deposition on November 18, 2011 at 9:30 am at the offices of Squire, Sanders & Dempsey LLP, 4900 Key Tower, 127 Public Square, Cleveland, Ohio 44114-1304 ("the Deposition"). A true and accurate copy of the Notice of Deposition is attached hereto as Exhibit "B." Attorney Wexler seeks to depose Ms. Connick regarding her ability to post the bond Plaintiffs requested. On or about November 14, 2011, undersigned counsel informed Attorney Wexler that Ms. Connick will not attend the Deposition.[5]

Pursuant to Fed. R. Civ. P. 26(c), "[a] party or any person from whom discovery is sought may move for a protective order […] in the court for the district where the deposition will be taken." Moreover, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more

---

[5] See string of emails between Attorney Connick and Attorney Wexler attached hereto as Exhibit C.

of the following: (A) forbidding the disclosure or discovery […]." Fed. R. Civ. P. 26(c).[6] In the case at bar, Ms. Connick has good cause for this Court to issue a protective order preventing Plaintiffs from conducting the Deposition, and Appellant, in good faith, attempted to resolve their discovery dispute with Attorney Wexler.[7]

Appellant is not a party to the Class Action, nor is she even a member of the class – Judge Saris of the District of Massachusetts stated as much when denying Appellant's Motion to Intervene. Even if Appellant were a class member, she would still not be considered a party for purposes of the Federal Rules regarding discovery. Therefore, because Appellant is not a party, Plaintiffs' Notice of Deposition is inoperative.

Pursuant to Fed. R. Civ. P. 30(a)(1), Appellant's attendance at the Deposition is to be compelled by subpoena under Rule 45. Moreover, because the Deposition is scheduled to take place in Cleveland, Ohio, the subpoena needed to compel Appellant's attendance at the Deposition must be issued from the United States District Court for the Northern District of Ohio, Eastern Division. See Fed. R. Civ. P. 45(a)(2)(B). However, Plaintiff has not been served with a subpoena to attend the Deposition.

In addition, Appellant has already been deposed in the Class Action by Jennifer Connolly -- an attorney in Mr. Wexler's firm, and no party may take Appellant's deposition without first obtaining leave of court to do so. See Fed. R. Civ. P. 30(a)(2)(A)(ii). In the case at bar, no party to the Class Action has obtained leave of court to take Appellant's deposition a second time. Therefore, even if Appellant were served with a subpoena issued by this Court, which she has

---

[6] As discussed in Appellant's response to Plaintiffs' Supplemental Motion in Support to Post Bond the requested Protective Order is required under the Federal Civil Rules of Procedure to issue from the Court in the district where the deposition will be taken. Hence, the filing of the Verified Complaint and Protective Order in the Federal Court for the Northern District of Ohio. However, since Plaintiffs are attempting to invoke this Honorable Court's jurisdiction on this issue in contravention of the Federal Rules of Civil Procedure, Appellant is, in kind, conforming her Rule 26 Request for Protective Order for this Honorable Court's consideration, with her objection noted.

[7] See Affidavit of Thomas J. Connick, attached as Exhibit D, certifying that the movant has, in good faith, conferred or attempted to confer with Wexler in an effort to resolve the dispute without court action.

not (and technically cannot), Plaintiffs would still not be permitted to depose Appellant a second time.

Appellant has appealed the denial of her Motion for Leave to Intervene, and the only issue on appeal is whether Appellant is a member of the class as defined in the Class Action Settlement Agreement. Plaintiffs, however, seek a Two Hundred Thousand Dollar ($200,000) bond, and now seek to depose Appellant on whether or not she could post the bond. Clearly, Plaintiffs' actions in attempting to depose Appellant on November 18, 2011 only serve to annoy and harass Plaintiff in an effort to dissuade her appeal.

Because Plaintiffs' oppressive tactics have no basis in the Federal Rule of Civil Procedure, Appellant has good cause for this Court to issue a protective order preventing Plaintiffs from conducting the Deposition. Accordingly, Appellant respectfully requests that this Court issue an Order pursuant to Fed. R. Civ. P. 26 preventing Plaintiffs from conducting Ms. Connick's deposition.

Respectfully submitted,

/s/Thomas J. Connick
Thomas J. Connick, Esq. (0070527)
**DUBYAK CONNICK THOMPSON & BLOOM LLC**
3401 Enterprise Pkwy. Ste. 205
Cleveland OH 44122
PH: 216-364-0500 | FX: 216-364-0505
*Attorney for Corinna Connick*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 6, 2011, a copy of foregoing ***APPELLANT CORINNA CONNICK'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF CORINNA CONNICK AND FOR PROTECTIVE ORDER*** was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Undersigned counsel further certifies that, on this date, the above filing was sent by regular U.S. Mail, postage prepaid, to all counsel not registered with the Court to receive electronic filings.

                                                    */s/Thomas J. Connick*
                                                  Thomas J. Connick, Esq. (0070527)
                                                  *Attorney for Corinna Connick*

F:\Clients - Connick\Cochran, Ed (6008)\AWP Litigation (also-- Connick v. Wexler) (0693)\Pleadings\AWP Litigation\Brief in Opposition to Motion to Compel and for Protective Order 12-06-2011.doc