# Tom Connick

**From:** Tom Connick
**Sent:** Monday, November 14, 2011 4:44 PM
**To:** kaw@wexlerwallace.com
**Cc:** jy@wexlerwallace.com
**Subject:** Deposition of Corinna Connick
**Importance:** High

Dear Mr. Wexler:

I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,

-Tom Connick-

Thomas J. Connick, Esq.
***Dubyak Connick Thompson & Bloom, LLC.***
3401 Enterprise Parkway -- Suite 205
Cleveland, Ohio 44122
Office: 216-364-0500
Direct: 216-364-0502
Cell:   440-724-6895
Fax:   216-364-0505
E-Mail: tconnick@dctblaw.com

*************************************************************

*This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*



**EXHIBIT C**

11/16/2011

## Tom Connick

**From:** Kenneth A. Wexler [KAW@wexlerwallace.com]
**Sent:** Monday, November 14, 2011 6:35 PM
**To:** Tom Connick
**Cc:** Sean R. Matt
**Subject:** Re: Deposition of Corinna Connick

Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit. As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. <u>I am cancelling that deposition</u>. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has

11/16/2011

already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,

-Tom Connick-

Thomas J. Connick, Esq.
**Dubyak Connick Thompson & Bloom, LLC.**
3401 Enterprise Parkway -- Suite 205
Cleveland, Ohio 44122
Office: 216-364-0500
Direct: 216-364-0502
Cell:    440-724-6895
Fax:    216-364-0505
E-Mail: tconnick@dctblaw.com

****************************************************************

*This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011

# Tom Connick

**From:** Kenneth A. Wexler [KAW@wexlerwallace.com]
**Sent:** Monday, November 14, 2011 8:08 PM
**To:** Tom Connick
**Cc:** Sean Matt
**Subject:** RE: Deposition of Corinna Connick

Thank you for your prompt response, in which you express a blanket disagreement with my email without specifying any basis for doing so. If I understand the balance of your communication correctly, Ms. Connick is simply going to ignore the deposition notice and refuse to be deposed. If that is the case, there is nothing to discuss. Again, however, please confirm whether or not you (or anyone else for that matter) are representing Ms. Connick in this matter. Your general disagreement with my email does not respond to that inquiry.

Ken Wexler

---

**From:** Tom Connick [mailto:tconnick@dctblaw.com]
**Sent:** Monday, November 14, 2011 6:48 PM
**To:** Kenneth A. Wexler
**Subject:** Re: Deposition of Corinna Connick

Mr. Wexler:

I don't agree with anything you have asserted about burdening Corinna with ano

Tom Connick

Sent from my Verizon Wireless Phone
"Kenneth A. Wexler" wrote:
Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit. As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,
>
> -Tom Connick-
>
> Thomas J. Connick, Esq.
> **Dubyak Connick Thompson & Bloom, LLC.**
> 3401 Enterprise Parkway -- Suite 205
> Cleveland, Ohio 44122
> Office: 216-364-0500
> Direct: 216-364-0502
> Cell:    440-724-6895
> Fax:    216-364-0505
> E-Mail: tconnick@dctblaw.com
>
> ****************************************************************
> *This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011

## Tom Connick

**From:** Tom Connick
**Sent:** Monday, November 14, 2011 10:24 PM
**To:** Kenneth A. Wexler
**Subject:** RE: Deposition of Corinna Connick

Mr. Wexler:
I am representing my wife here in Ohio against what I believe to be an
intimidating, harrassing and meritless attempt to re-depose her. But again, I
stress, I am willing to discuss any issue with you on Wednesday, and
encourage you to contact me so that we can come to an understanding on any
issue(s). And, again, in that regard I look forward to speaking with you in
the event you choose to accept my invitation to talk. Thank you,
Tom Connick
Sent from my Verizon Wireless Phone
"Kenneth A. Wexler" wrote:
Thank you for your prompt response, in which you express a blanket disagreement with my email without specifying any basis for doing so. If I understand the balance of your communication correctly, Ms. Connick is simply going to ignore the deposition notice and refuse to be deposed. If that is the case, there is nothing to discuss. Again, however, please confirm whether or not you (or anyone else for that matter) are representing Ms. Connick in this matter. Your general disagreement with my email does not respond to that inquiry.

Ken Wexler

---

**From:** Tom Connick [mailto:tconnick@dctblaw.com]
**Sent:** Monday, November 14, 2011 6:48 PM
**To:** Kenneth A. Wexler
**Subject:** Re: Deposition of Corinna Connick

Mr. Wexler:

I don't agree with anything you have asserted about burdening Corinna with ano

Tom Connick

Sent from my Verizon Wireless Phone
"Kenneth A. Wexler" wrote:
Dear Mr. Connick:

I am en route cross country. I will try calling you tomorrow.

In the meantime, if Ms. Connick wishes to reschedule the deposition for any time before the final approval hearing, we will make an effort to accommodate her. Unless she seeks and obtains an appropriate order from the Court quashing the deposition, her failure to reschedule or appear on the date and at the time and place stated in the notice of deposition will lead to our seeking sanctions against her.

As for Ms. Connick's previous deposition, that was taken before the Court's determination that she is not a member of the class and before she filed a pro se notice of appeal to the First Circuit.

As you and she both know, we have moved the Court to impose an appeal bond. Ms. Connick's ability and willingness to post that bond is certainly something Judge Saris has the right to take into account when considering our motion. In addition, it seems to us highly improbable that Ms. Connick understands that, by not being a member of the Class, which you apparently acknowledge is the case, she has no right to maintain any objection to the Track 2 settlement, much less assert an interest that would give her the right under any circumstances to intervene. None of these issues were the subject of Ms. Connick's initial deposition; they arose well after it was taken.

Two final points. One, there is nothing improper about noticing the deposition of someone -- Ms. Connick -- who has appeared in the litigation by filing a pro se objection to the settlement, as well as a notice of appeal. This leads to the second point: please clarify whether you are representing Ms. Connick in this matter and, if so, when you will be filing your appearance.

Unless you advise me that the issues raised in your email have been resolved, I'll look forward to speaking with you tomorrow.

Regards,

Ken Wexler


Sent from my iPad

On Nov 14, 2011, at 1:44 PM, "Tom Connick" <tconnick@dctblaw.com> wrote:

> Dear Mr. Wexler:
>
> I am in receipt of your fax requesting confirmation for the November 18, 2011 deposition of my wife, Corinna Connick, which you unilaterally issued an inoperative Notice of Deposition for on November 4, 2011. I am cancelling that deposition. Aside from the fact that both Corinna and I are unavailable on the unilateral date chosen by your office, your office has already deposed my wife – at length – on March 24, 2009. I see no good reason or, indeed, any good cause, which entitles your client to depose Corinna a second time. Furthermore, Corinna Connick is not a "party" to the referenced litigation, i.e. *In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL No. 1456, Civil Action: 01-CV-12257-PBS*. Therefore, the Notice of Deposition in which you purport to compel her deposition is ineffective. If you would like to discuss this matter further, you can contact me directly at the below address and/or phone number. Thank you,
>
> -Tom Connick-
>
> Thomas J. Connick, Esq.
> **Dubyak Connick Thompson & Bloom, LLC.**
> 3401 Enterprise Parkway – Suite 205
> Cleveland, Ohio 44122
> Office: 216-364-0500
> Direct: 216-364-0502
> Cell:   440-724-6895
> Fax:   216-364-0505
> E-Mail: tconnick@dctblaw.com
>
> ************************************************************************
> *This transmission is: (i) subject to attorney-client privilege, (ii) contains attorney work-product, and/or (iii) is confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this e-mail or any portion of it. If you have recieved this in error, please reply and notify the sender (only) and completely delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender*

11/16/2011

*or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.*

11/16/2011