## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| TRACK TWO SETTLEMENT | Judge Patti B. Saris |

## PLAINTIFFS' REPONSE TO THE KLINE & SPECTER GROUP'S DKT. NO. 7975 FILING

Even though they do not represent any clients relating to the Track Two Settlement, on December 7, 2011, the four law firms of Kline & Specter, P.C., the Williams Law Firm, the Law Office of Adam Levy and Jennings Haug & Cunningham, LLP (the "K&S Group") filed a Response to Proposed Final Order and Judgment Granting Final Approval to Proposed Track Two Class Action Settlements, Approving Proposed Allocation of Settlement Funds, and Approving Class Counsel's Application for Attorneys' Fees, Reimbursement of Litigation Expenses and Compensation for Class Representatives (Dkt. No. 7975, the "K&S Group Response").  The K&S Group Response objects to the following sentence contained in the Proposed Final Approval Order:  "The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel at their discretion."  *See* Proposed Order at 13.  The sole reason for the objection is that the K&S Group has a motion pending asking the Court to pay it for time and expenses incurred in non-MDL cases that did not benefit the MDL.

The Court should deny the objection.  First, as should be obvious, the K&S Group motion is already pending, and the Court will consider it in due course and, presumably, issue a ruling. Thus, there is no risk that the K&S Group demand, however unsupported, will go unaddressed by the Court.  And, as contemplated by the Court and discussed at the last hearing, if the Track Two Settlement receives final approval and achieves finality, and if this dispute remains unresolved by that time, Lead Class Counsel can simply escrow the disputed amount of fees until final resolution of the issue.

Second, the K&S Group should not be permitted to otherwise interfere with Lead Class Counsel's ability to allocate attorneys' fees, *as this Court has already expressly authorized*.  A similar provision authorizing Lead Class Counsel to allocate attorneys' fees was included in *all* prior approval orders.  *See* Dkt. No. 7674 at 9 (BMS Settlement) ("The attorneys' fees and expenses awarded by the Court shall be allocated among present and former Class Counsel by Lead Class Counsel at their discretion."); Dkt. No. 7432 at 9 and Dkt. No. 7433 at 9-10 (AstraZeneca National Settlements) ("The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel pursuant to the Agreement and shall, upon petition, be reviewed on an abuse of discretion standard."); Dkt. No. 5802 at 7 (AstraZeneca Class 1 Settlement) ("The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel at their discretion subject to review by the Court if there is an objection.  Class counsel shall file in Court an explanation of the methods of allocating the attorneys' fees and expenses among the firms."); Dkt. No. 4619 at 9 (GSK Settlement) ("Co-Lead Settlement Class Counsel shall allocate fees to themselves and other Plaintiffs Class Counsel in their sole discretion as appropriate.").  And the Court has also made clear that it will review any objections to Lead Class Counsel fee allocations on an abuse of

discretion standard.  *See* Dec. 10, 2008 Electronic Order.  There is no reason to break with the prior practice, specifically and repeatedly authorized by the Court, of having Lead Class Counsel make their fee allocations subject to the Court's review for abuse of discretion if a firm objects to their allocation.

In any event, the K&S Group Response does not relate to the merits of the Track Two Settlement and should not in any way delay the Court's entry of an order granting final approval of the Track Two Settlement.


DATED: December 8, 2011

By____/s/ Steve W. Berman_____
   Thomas M. Sobol (BBO#471770)
   Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, DC  20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

001534-16  490936 V1

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **PLAINTIFFS' REPONSE TO THE KLINE & SPECTER GROUP'S DKT. NO. 7975 FILING**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 8, 2011, a copy to LexisNexis File & Serve for posting and notification to all parties.

 /s/ Steve W. Berman
Steve W. Berman

001534-16  490936 V1