**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) ) ) |
| | ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| *United States ex rel. Linnette Sun and Greg Hamilton, Relators* | ) ) ) |
| *v.* | ) ) |
| *Baxter Healthcare Corporation* | ) |

MDL No. 1456
Master File No. 1:01-CV-12257-PBS
Sub-Category Case No. 1:08-CV-11200

Judge Patti B. Saris

**BAXTER HEALTHCARE CORPORATION'S OPPOSITION TO RELATORS'
MOTION TO EXTEND DISCOVERY FOR FOUR MONTHS**

On November 30, 2011, one day before the fact discovery deadline, Relators asked this Court to extend the discovery period for an additional four months.  The record makes clear that this discovery extension is not warranted.  An extension would merely be a means by which Relators could make up for their dilatory conduct during the now-expired discovery period.  Granting such an extension, and giving Relators a discovery "mulligan," would unfairly prejudice Baxter, which has proceeded with discovery notwithstanding the pendency of motions that it believes are dispositive of all FCA claims in the case.

**I.        BACKGROUND**

As Relators' brief makes clear, the parties have known since this Court's June 28, 2011 Order that fact discovery would close on December 1.  Relators' Motion [MDL Master Docket No. 7940; not filed on Sun Docket] at 2.  Notwithstanding this clear Order, Relators waited until November 28, 2011 to serve any third-party discovery.[1]  They waited until that same day to notice any depositions of current or former Baxter employees.  And they waited until

---

[1] Notably, Relators have served third-party discovery on 27 states, including at least nine with which Baxter has already settled all AWP claims.

December 1, 2011 – the very day of the discovery deadline – to add associate counsel (Messrs. Moritz and Chizewer from Goldberg Kohn) to assist them with discovery efforts.

## II.     BAXTER AGREES TO A STAY OF DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS AND A SUBSEQUENT PERIOD FOR COMPLETION OF EXISTING DISCOVERY

As set forth previously in Baxter's Partial Motion to Dismiss [Sun Sub-Docket No. 125], Motion for Partial Summary Judgment [Sun Sub-Docket No. 135], and Emergency Motion to Stay Discovery [Sun Sub-Docket No. 139], Relators' False Claims Act counts against Baxter have been resolved either through the Ven-A-Care Settlement Agreement and Release, which covers both Recombinate and Advate, or are jurisdictionally barred under the FCA's first-to-file rule (as to Recombinate).  Baxter therefore agrees that proceeding with depositions of current and former Baxter employees, and with third-party discovery related to the FCA issues, would be an inefficient waste of resources.

Once this Court rules on the dispositive motions, Baxter does not take issue with Relators' ability to pursue whatever third-party discovery and/or Baxter depositions are still relevant, provided Relators served the discovery and/or noticed the depositions prior to the December 1 discovery deadline.  Indeed, Baxter itself, at the direction of this Court, has put its third-party discovery of Medicare Carriers and various State Medicaid Programs on hold until a ruling on its Partial Motion to Dismiss and Motion for Partial Summary Judgment.  Of course, if the Court rules in Baxter's favor, then the only relevant discovery will be that related to Ms. Sun's retaliation claims.  Given the uncertainties, it seems premature at this time to guess when a decision will be issued, and how long it will take thereafter to complete whatever relevant discovery remains.  Baxter therefore respectfully suggests that the issue of timing for completion

of remaining discovery be tabled until after a ruling on Baxter's outstanding dispositive

motions.[2]

## III.   THE COURT SHOULD NOT GIVE RELATORS ANY TIME TO CONDUCT NEW DISCOVERY

What Relators actually seem to be asking for in their Motion is the ability to conduct

additional discovery, discovery that they did not initiate prior to the December 1 deadline.  But it

would be patently unfair, either now or once dispositive motions are resolved, for the Court to

give Relators an additional four months during which they can notice additional depositions,

serve interrogatories (Relators have opted not to serve any to date), request production of

additional documents, subpoena additional third parties, etc.  First, at this juncture it is not even

clear what issues will remain in the case.  If, as Baxter expects, only Ms. Sun's retaliation claims

remain, then there is absolutely no need for any additional discovery.  Even assuming some other

issues remain for discovery purposes, Relators are not entitled to any extra time for the reasons

described below.

### A.   Relators Do Not Have A Valid Excuse For Their Failure To Conduct Discovery

Relators have known about the issues in this case for years, and have known since

June that discovery needed to be completed by December 1.  Relators offer a number of excuses

as to why they have not engaged in discovery.  First, Relators claim that they had to expend

significant resources engaging in motions practice.  Motion at 2.  However, as Relators

themselves note, Baxter served a second motion to dismiss and then "[a]fter another three

---

[2]  The date for completion of expert discovery is currently slated for March 1, 2012.  Depending on when third party discovery resumes, the parties will need relief from this date, as experts will need to rely upon the data and documents produced by CMS and the States in order to complete their expert reports.

months, it served a motion for summary judgment." Motion at 2. Relators do not explain why they did not conduct any discovery during this intervening three month period.[3]

Counsel Mark Kleiman alluded at an earlier oral argument to some personal problems that kept him from paying attention to this case, and repeats this argument in the Motion. Motion at 3. But during the discovery period Relators have had at least three counsel of record capable of engaging in discovery: Mr. Kleiman, Lauren John Udden, and Mr. Kleiman's associate, Pooja Rajaram. Relators offer no excuses for Mr. Udden's or Ms. Rajaram's inattention to this matter.

Also, since this Court's June 28 Order setting discovery deadlines, Mr. Kleiman took vacations out of the country in both July and August and apparently had some medical issues. Mr. Udden was out of the country in October. Baxter is not unsympathetic to illness and other personal matters. However, attorneys are ultimately responsible to their clients, and to the Court, and are required to abide by Court-imposed deadlines or to timely seek relief therefrom. This did not happen here and Relators should not be able, at the eleventh hour, to get additional time to conduct the discovery they failed to conduct as required.

> **B.    Relators Did Not Indicate In Any Way During The Discovery Period That They Would Need More Time**

If completion of discovery was proving difficult, then Relators could have sought relief from the December 1 deadline, or could have elicited help from another law firm (as they now have done), far in advance. Instead they waited until the day before the discovery period expired to seek relief from this Court, and waited to join counsel until the very day of expiration.

---

[3] Relators also refer to an expectation that efforts to resolve the Sun/Hamilton claim would follow the Ven-A-Care negotiations. Motion at 2. Relators were given an opportunity to participate in the discussions between Ven-A-Care and Baxter during the negotiations with Professor Eric Green. Relators ultimately chose not to participate in the Green mediation that resulted in the Ven-A-Care release and settlement. Baxter at no time made any representations that it planned a subsequent "concerted effort" to resolve the Relators' claims.

Significantly, when counsel for Baxter asked Relators' counsel on October 18 to consent to a stay of discovery while Baxter's Motion for Summary Judgment was pending[4], Relators' counsel rejected the idea outright, saying:

> We will vigorously oppose all other motions, including the discovery stay. Suffice to say I find it more than irksome that you raise this issue now after our clients expended significant time and effort responding to discovery. . .

Exhibit 6. At this juncture, Mr. Kleiman very easily could have stated that his personal problems and limited resources were making discovery difficult. He could have agreed to the stay that Baxter suggested, which would have given him additional time to conduct discovery. He chose instead to "vigorously oppose" the idea. Further, Relators filed their response to Baxter's Emergency Motion for Stay on November 2 [MDL Master Docket No. 7881; not filed on Sun Docket], again making no mention of Relators' concerns about meeting the December 1 discovery cutoff.

Finally, Mr. Kleiman could have requested an extension at oral argument before this Court on November 8, or at any point between then and November 30. Again, he did not do so. In fact, Mr. Kleiman asked counsel for Baxter immediately after the hearing if Baxter would agree to a stay with the ability to conduct an additional 60-90 days of discovery thereafter. *See* Exhibit 7. Baxter's counsel told Mr. Kleiman that Baxter would not so agree on November 9. *Id*. Relators then waited another three weeks to file their extension request with the Court.

## IV.    CONCLUSION

Baxter agrees that it makes no sense to go forward with FCA-related discovery while dispositive motions are pending. Once dispositive motions are ruled upon, the parties should be

---

[4] This Motion for Stay is now essentially moot given that, in the absence of a ruling, Baxter undertook tremendous effort to finish depositions of Relators and to issue all other discovery prior to the December 1 deadline.

given a discrete period of time during which to complete whatever of the currently-served discovery remains viable.  At that time, dates should also be set for exchange of expert reports and for expert depositions.

However, for the reasons described above Baxter respectfully submits that this Court should not permit any additional discovery to be served when discovery resumes.  Relators have not offered any credible excuse for their failure to conduct discovery prior to December 1, nor for their failure to seek relief from the deadline well in advance of that date.  Baxter undertook tremendous efforts to issue all discovery prior to that deadline, and Relators should be held to the same standard.  Baxter therefore respectfully requests that Relators' Motion to Extend Discovery be denied.  A proposed order is attached.

 DATED this 13th day of DECEMBER 2011.

Respectfully submitted,


/s/ Tina D. Reynolds
Tina D. Reynolds
Merle DeLancey
J. Andrew Jackson
Shamir Patel
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street, NW
Washington, DC  20006
Telephone:  (202) 420-2200
Facsimile:   (202) 420-2201

Counsel for Defendant Baxter Healthcare
Corporation

## CERTIFICATE OF SERVICE

    I hereby certify that I, Tina D. Reynolds, an attorney, caused a true and correct copy of the foregoing, Baxter Healthcare Corporation's Opposition to Relators' Motion to Extend, to be delivered to all counsel of record by electronic service via LexisNexis File & Serve, on December 13, 2011, for posting and notification to all parties.


              **/s/ Tina D. Reynolds**

              **DICKSTEIN SHAPIRO LLP**
              1825 Eye Street NW
              Washington, DC  20006
              Telephone:  (202) 420-2200
              Facsimile:   (202) 420-2201

DSMDB-3006706v2