# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL CLASS ACTIONS | Judge Patti B. Saris |

### RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION
### TO RESPOND TO DKT. NO. 7941 ON JANUARY 15, 2011

Adam S. Levy and his firm Law Office of Adam S. Levy, LLC (collectively "Levy") hereby file this Response and Opposition to Plaintiffs' Motion to Respond to Dkt. No. 7941 on January 15, 2011. (Plaintiff's Motion appears at Dkt. No. 7988.)

Putting aside Lead Counsel's factual misstatement that Mr. Levy was Don Haviland's former "employee,"[1] and refusing Lead Counsel's invitation to delve into the substance of Levy's pending motions for modification, the only proper matter to be addressed at this juncture is that of Lead Counsel's request for permission to respond to Levy's pending motion at Dkt. No. 7941 (Motion for Modification of Lead Counsel's Allocation of Fees and Reimbursement of Expenses to Include Uncounted Time and Expense Incurred Directly in this MDL) not under the timing set forth in the Local Rules, or even within a reasonable extension of the time to respond as offered by Mr. Levy to Lead Counsel, but rather on the day of this Court's January 15 deadline for presenting unresolved issues to the Court. In filing its Motion to Respond, Lead Counsel has failed to inform the Court that Mr. Levy attempted in good faith to come to a

---

[1] Mr. Levy, over the post-August 2006 period as discussed in Levy's motion at Dkt. No. 7941and the papers supporting that motion, was formerly Of Counsel to the Haviland firm. He was never an employee of Don Haviland or the Haviland firm.

reasonable and fair accommodation with Lead Counsel regarding the timing of their response to Levy's pending motion at Dkt. No. 7941.

In the evening of December 13, 2011, Mr. Levy received from Lead Counsel attorney Sean Matt an email informing that Lead Counsel thought it neither needed to nor should respond to Levy's motion until January 15, 2012 – the deadline set by this Court for presentation to the Court of any unresolved issues regarding attorney fees – rather than on the ordinary response date of December 15, 2011 as provided under the Local Rules.  Despite the passage of nearly the entirety of the ordinary response time, this was the first time that Lead Counsel raised this issue.

As part of their discussions by email, Mr. Levy offered to provide Lead Counsel a two-week extension of time (*i.e.* until December 29, 2011) to respond to Levy's motion.  As Lead Counsel knows, Mr. Levy is a sole practitioner.  And as Mr. Levy explained to Mr. Matt, Lead Counsel's response coming on the day of the January 15 deadline would render Levy unable on January 15 to determine and make a proper presentation to the Court of any unresolved issues that might still exist.  Further, as Mr. Levy explained, it would render Levy unable to seek the Court's permission to file a reply in support of Levy's motion (including all necessary supporting documents) until sometime after the January 15 deadline.  Mr. Levy explained to Mr. Matt that the offered two-week extension would reasonably accommodate both parties as it would permit them to attempt to resolve Levy's motions while also providing Levy the time necessary to properly present unresolved issues to the Court and seek permission to file a reply if attempts to resolve the dispute were to fail.  It would also give Lead Counsel the additional time they seek to prepare their response to the motion.  Lead Counsel would only come so far as a January 6 response time, but Mr. Levy explained that his schedule is very tight the week following January 6 and that he is spending time away with his family the latter part of that week through January

15. Instead of accepting Levy's offer of a two-week extension until December 29, Lead Counsel filed its Motion.

Mr. Levy suggested to Mr. Matt that the parties use the period between now and December 29, 2011, to attempt to resolve their dispute as the Court has ordered.  Stating that he is too busy this week, Mr. Matt declined Mr. Levy's first suggestion that they use any day this week for such purpose.  Mr. Levy then suggested using days next week to attempt a resolution, but Mr. Matt did not respond directly to this suggestion.  Instead, Lead Counsel filed their current Motion.  To date, Lead Counsel have not suggested any date to Mr. Levy to do as the Court has ordered.

Despite Lead Counsel's claim that they have "communicated [to Levy] the totality of [Lead Counsel's] position … in telephone calls and emails" regarding Levy's motion (which calls and emails occurred prior to this Court's Order requiring the parties to attempt to resolve their disputes), reality and common sense say otherwise.  Undoubtedly, their response will be much more detailed and raise more, other or different issues that will require analysis and addressing after their response is filed.  It would be unfair not to provide Levy with a reasonable amount of time to seek this Court's permission to file a reply (including all necessary supporting papers) to Lead Counsel's response.  Using the January 15 deadline as the same date for Lead Counsel's response jeopardizes Levy's ability to so proceed.

In sum, Mr. Levy offered a reasonable extension of time for Lead Counsel's response that would have been fair to **both** Levy and Lead Counsel.  Levy therefore requests that this Court either require Lead Counsel to file its response by December 29, 2011(if no resolution of Levy's motions by then) so that Levy can make its presentation of unresolved issues and file its motion seeking permission to file a reply by January 15, 2012, or permit Lead Counsel to file its

response by January 15 (if no resolution by then) and provide Levy with a reasonable period of time thereafter to make its presentation to the Court and seek permission to file a reply.

Dated:  December 14, 2011                          /s/ Adam S. Levy
                                                   Adam S. Levy
                                                          AND
                                                   Law Office of Adam S. Levy, LLC

                                                   P.O. Box 88
                                                   Oreland, PA 19075
                                                   (267) 994-6952

                                                   CERTAIN OF THE REPORTING
                                                   COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I hereby certify that on December 14, 2011, I caused an electronic copy of the foregoing **RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION TO RESPOND TO DKT. NO. 7941 ON JANUARY 15, 2011** to be filed of record and served on all interested counsel via the Court's CM/ECF system.

                                              /s/ Adam S. Levy_____