UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE PHARMACEUTICAL INDUSTRY | ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Master File No. 01-cv-12257-PBS |
| | ) | |
| | ) | Subcategory No. 06-11337-PBS |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *State of California, ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc. v. Abbott* | ) | |
| *Laboratories, Inc., et al.* | ) | |
| Case No. 03-cv-11226-PBS | ) | |

**SECOND JOINT MOTION TO EXTEND ORDER OF DISMISSAL
AS TO DEFENDANTS MYLAN INC AND MYLAN PHARMACEUTICALS INC.**

Plaintiffs, the State of California ("California"), and Relator, Ven-a-Care of the Florida

Keys, Inc. (California and Relator collectively, "Plaintiffs"), and Defendants Mylan Inc., f/k/a

Mylan Laboratories Inc. and Mylan Pharmaceuticals Inc. (collectively "Mylan"), (Plaintiffs and

Mylan collectively, "the Parties") hereby move the Court to extend the Order of Dismissal of

July 8, 2011 (Doc. #s 870 and 7659) a second time, to allow the Parties an additional 63 days

(from to December 16, 2011 to and including February 17, 2012) to finalize the settlement and

obtain the United States' consent to the settlement before the Order of Dismissal becomes final.

The Parties previously reported to the Court that they had reached agreements in

principle on settlement of this remaining action against Mylan.  However, the Parties reported it

would take some time to draft and negotiate the details of the settlement documents, to secure the

written consent of the United States and to seek the Court's written consent as required by 31

U.S.C § 3730(b).  Thereupon the Court entered Orders of Dismissal on July 8, 2011 allowing the

parties 120 days to finalize the settlements.  At the request of the Parties, on November 1, 2011

the 120-day period was extended to December 16, 2011 by Electronic Court Order.

Since that time counsel for the Parties have negotiated diligently and in good faith on the terms of the settlement agreement and related documents and counsel for Relator has worked closely with the United States to obtain the United States' consent to the settlement.  Mylan and the Relator previously concluded settlements of all aspects of the Ven-A-Care/Mylan litigation previously pending in the MDL, except for claims relating to the California Medicaid Program. In addition, Mylan and the Relator previously concluded settlements of companion Texas and Florida state court cases.

In addition, Relator's counsel has been working diligently to conclude pending settlements in the remaining Ven-A-Care litigation and the only other pending matters are those against Watson and Actavis.  On December 13, 2011, Relator and Watson filed an Agreed Motion for Approval of Settlement of False Claims Act Case as to Watson Defendants along with a proposed Agreed Order.  Regarding Actavis, the settlement documents relating to the pending settlement among the Relator, Actavis, and various states are currently being circulated for signature.

Plaintiffs and Mylan are making good faith efforts to resolve the final drafting issues relating to their pending settlement and counsel for the Parties anticipate completing the documents by December 31, 2011.  Upon completion, the settlement documents will then have to be submitted for final review, approval and signature by the responsible Mylan corporate and California state officials.  Although counsel do not anticipate any issues with the final review, approval and execution of the settlement documents, the process is likely to take at least three to four weeks and possibly longer to obtain all the necessary approvals and signatures.  The time required for the completion of this process is due, at least in part, to the schedules of senior officials and the review processes required by Mylan and the California Medicaid Agency.

Accordingly, the Parties request that the Court modify its Order of Dismissal to allow the

Parties an additional 63 days (until February 17, 2012) to file the requisite documents with the

Court seeking dismissals with prejudice pursuant to their settlement.

Dated:  December 15, 2011.

Respectfully submitted,

KAMALA D. HARRIS
Attorney General for the
State of California

*/s/ Nicholas N. Paul*
By:  _____

ALISON W. SIMON, P.A.
Alison W. Simon
Florida Bar No. 0109568
P. O. Box 430457
MIAMI, FL 33243
Phone: 305-663-2433
Fax: 305-665-1508

THE BREEN LAW FIRM, P.A.
James J. Breen
Florida Bar No. 0297178
5755 Northpoint Parkway
Suite 260
Alpharetta, GA 30022
Phone: 770-740-0008
Fax: 770-740-9109

*/s/ Rand J. Riklin*
_____

Rand J. Riklin
Texas State Bar No. 16924275
John E. Clark
Texas State Bar No. 04287000
GOODE CASSEB JONES
RIKLIN CHOATE & WATSON, PC
2122 N. Main Ave.
San Antonio, Texas 78212
Telephone:  (210) 733-6030
Facsimile:  (210) 733-0330

Attorneys for Relator, Ven-A-Care of the
Florida Keys, Inc.


*/s/ Christopher C. Palermo*
_____
William A. Escobar (*pro hac vice*) (NY Bar
# 1820620)
Neil Merkl (*pro hac vice*) (NY Bar #
1929058)
Christopher C. Palermo (*pro hac vice*) (NY
Bar # 2197614)
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800

Attorneys for Mylan Inc., f/k/a Mylan
Laboratories Inc., and Mylan
Pharmaceuticals Inc.


## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of December, 2011 caused an electronic copy of
the above Second Joint Motion to Extend the Order of Dismissals as to Defendants Mylan Inc.
and Mylan Pharmaceuticals Inc., to be served on all counsel of record via electronic service
pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File
& Serve for posting and notification to all parties.


/s/ Rand J. Riklin
_____
Rand J. Riklin