**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ASTRAZENECA MASSACHUSETTS AND NON-MASSACHUSETTS CLASS 2 AND CLASS 3 SETTLEMENTS | Judge Patti B. Saris |

**PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT**
**FUND TO CONSUMER CLAIMANTS AND THIRD-PARTY PAYORS**
**IN THE BMS SETTLEMENT**

1. Class Plaintiffs hereby move for entry of an Order to disburse funds to all eligible consumer and Third Party Payor ("TPP") claimants in the settlement with Defendant Bristol-Myers Squibb ("BMS"). Class Counsel has conferred with counsel for BMS, who do not oppose this motion but who wish it noted that BMS has no knowledge of or involvement in the Claims Administration process. In support, thereof, Class Plaintiffs state as follows:

2. On July 19, 2011, the Court granted final approval to the class action settlement embodied in the parties' Settlement Agreement and Release of the BMS Group (Dkt. No. 7674).

3. No appeals were taken from the Court's order. As such, the Settlement Agreement became effective as of August 19, 2011.

4. The Court appointed Rust Consulting, Inc. ("Rust") as the Claims Administrator with responsibilities for implementing the distribution of the settlement proceeds. Immediately after the effective date of the Settlement Agreement, Rust began processing all claims of would-be Class members. As set forth in the Declaration of Daniel Coggeshall Regarding Allocation

and Distribution of the Net Settlement Fund to Class 1 and Class 3 Consumers and Class 2 and

Class 3 Third Party Payors, attached hereto as Exhibit A (the "Coggeshall Decl."), Rust has now

completed its review and processing of all class claims and stands ready to distribute the net

settlement proceeds to all consumer and Third Party Payor Class members.

**A.      Consumer Class 1 Claims Processing**

5.      The Claims Administrator has calculated the Recognized Claim Amount for

eligible consumer Class 1 claimants as follows:

a.      ***Eligible Consumer Claims***.  Rust received a total of 18,057 Class 1 claims in the

Settlement, of which 14,804 were deemed eligible.  Coggeshall Decl, ¶ 9.  These eligible claims

have a total Recognized Claim Amount of $2,850,473.86.  *Id.*, ¶ 18.  This figure includes 1,354

claims that were received after the claim deadline but are otherwise eligible.  *Id.*, ¶ 18.  Class

Counsel recommend that the Court approve each of the eligible consumer claims, including those

that were late.

b.      ***Ineligible or Deficient Consumer Claims.***  Rust sent more than 9,026 letters to

Class 1 consumer claimants in an attempt to clarify information provided by the consumer or to

request that they take action to resolve a deficient or ineligible condition in their claim.

Coggeshall Decl, ¶¶ 13-16.  Despite these efforts, 3,253 consumer claimants remain deficient in

some way.  *Id.*, ¶ 17.

c.      ***Recognized Claim Amounts***.  Rust estimates the Net Class 1 Consumer

Settlement Fund for distribution to be $3,265,220.75.  Coggeshall Decl., ¶ 20.  All eligible

consumer claims have a Total Recognized Claim amount of $2,850,473.86.  *Id.*, ¶ 18.  As such,

all eligible Class 1 consumer claimants will receive 114.6% of their recognized claim amount.

*Id.*, ¶ 20.  Thus, the eligible Class 1 recovery exceeds the estimates provided earlier in support of

the rebalancing.  Class Counsel believe that is proper to pay these claimants more than their

Total Recognized Claim amounts because the distribution plan approved by the Court provides

that no consumer monies are to revert to BMS or be used to satisfy TPP claims.  *See* Distribution

Plan and Claims Process, Dkt. No. 6349-2 at 3, ¶ 10.

**B.      Consumer Class 3 Claims Processing**

5.        The Claims Administrator has calculated the Recognized Claim Amount for

eligible consumer Class 3 claimants as follows:

a.        *Eligible Consumer Claims*.  Rust received a total of 109 Class 3 consumer claims

in the Settlement, of which 92 were deemed eligible.  Coggeshall Decl, ¶¶ 25, 35.  These eligible

claims have a total Recognized Claim Amount of $60,683.59.  *Id.*, ¶ 35.  This figure includes 26

claims that were received after the claim deadline but are otherwise eligible.  *Id.*  Class Counsel

recommend that the Court approve each of the eligible consumer claims, including those that

were late.

b.        *Ineligible or Deficient Consumer Claims.*  Rust sent more than 53 letters to Class

3 consumer claimants in an attempt to clarify information provided by the consumer or to request

that they take action to resolve a deficient or ineligible condition in their claim.  Coggeshall

Decl, ¶¶ 27-31.  Despite these efforts, 16 consumer claimants remain deficient in some way.  *Id.*,

¶ 32.

c.        *Recognized Claim Amounts*.  Rust estimates the Net Class 3 Consumer

Settlement Fund for distribution to be $69,546.56.  Coggeshall Decl., ¶ 36.  All eligible

consumer claims have a Total Recognized Claim amount of $60,683.59.  *Id.*, ¶ 35.

Consequently, all eligible consumer claimants will receive 114.6% of their recognized claim

amount.  *Id.*, ¶ 36.

## C.      TPP Claims Processing

5.       The Claims Administrator has calculated the Recognized Claim Amount for

eligible TPP claimants as follows:

a.       ***Eligible TPP Claims***.  The Claims Administrator received 646 eligible TPP

claims with a total Recognized Claim Amount of $768,293,633.05.  Coggeshall Decl., ¶ 50.

This figure includes 20 claims, with a total Recognized Claim Amount of $1,035,384.02, that

were received after the filing deadline but are otherwise eligible.  *Id.*, ¶ 51.  Class Counsel

recommend that the Court approve each of the eligible TPP claims, including the late TPP

claims.

b.       ***Ineligible or Deficient TPP Claims.***  Rust sent letters to TPP claimants and made

phone calls in an attempt to clarify information provided by TPP claimants or to request that they

take action to resolve a deficient or ineligible condition in their claim.  Coggeshall Decl., ¶¶ 42-

48.  Despite these efforts, 82 TPP claims remain deficient in some way.  *Id.*, ¶ 49.

c.       ***Recognized Claim Amounts***.  Pursuant to the Settlement Agreement, if the total

amount of claims filed by TPP class members exceeds the amount of settlement proceeds

available to distribute to TPP class members, each eligible TPP claimant will share pro-rata in

the distributable settlement proceeds.  All eligible TPP claims have a total Recognized Claim

Amount of $768,293,633.05.  Coggeshall Decl., ¶ 50.  This exceeds the amount available for

distribution to TPPs which totals approximately $9,011,082.97 and means each TPP will share

proportionately in the remaining settlement proceeds.  Rust estimates that each TPP will receive

a pro rata share of their claimed amount of 1.17%.  There will be no residual funds remaining in

the TPP Settlement pool once the TPP distribution is complete.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion and order the distribution of funds to eligible consumer and TPP claimants as determined by the Claims Administrator.

DATED:  December 22, 2011

By_____/s/ Steve W. Berman_____
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

- 6 -

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND TO CONSUMER CLAIMANTS AND THIRD-PARTY PAYORS IN THE BMS SETTLEMENT** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on December 22, 2011, a copy to LexisNexis File and Serve for Posting and notification to all parties

By_____ /s/ **Steve W. Berman**_____

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292