EXHIBIT 1

U.S. WRITTEN CONSENT

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 08-cv-10852 |
| | ) | |
| _____ | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)      The dismissal with prejudice only of claims in the above-captioned action with respect to Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and Actavis Mid Atlantic LLC (together referred to herein as "the Actavis Defendants"); pursuant to, and as limited by, the Settlement Agreement and Release between the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), the State of Florida, the State of Iowa, the State of South Carolina, the New York Plaintiffs and the Actavis Defendants ("the Multi-State Settlement Agreement") (attached hereto as Exhibit A) and the Settlement Agreement and

Release between the Relator, the State of Texas and the Actavis Defendants ("the Texas Settlement Agreement") (attached hereto as Exhibit B); and

(2)     The entry of the proposed Order of Dismissal with Prejudice in the form attached to the Multi-State Settlement Agreement as Exhibit 5B and attached hereto as Exhibit C.

The United States has concluded that the combined amount of $108,098,844 that it will receive in connection with the settlements is fair, adequate, and reasonable as to the United States under all the circumstances.

12/28/11

Respectfully submitted,

*Laurie A. Oberembt*

TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

# EXHIBIT A TO
# CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S
# DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO
# 31 U.S.C. § 3730 (b) (1)

### (Multi-State Settlement Agreement)

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES AND GUARANTORS

This Settlement Agreement and Release ("Agreement") is entered into as of the Effective Date, as defined in ¶ III(27) below, by and among:  Ven-A-Care of the Florida Keys, Inc., for its own behalf and, with respect to such qui tam claims as the Relator has pled on their behalf, on behalf of the United States of America (in any of the foregoing capacities, the "Relator"); Zachary T. Bentley, T. Mark Jones, Luis E. Cobo and John Lockwood, M.D., each of the foregoing individuals, for his own behalf and in all other capacities (the preceding four Parties, the "Relator's Current and Former Officers and Directors" or "Individual Plaintiffs"); the State of Florida ("Florida"), the State of Iowa ("Iowa"), the State of South Carolina ("South Carolina") and the City of New York, all New York counties who are plaintiffs in MDL 1456, and Erie, Oswego, and Schenectady counties (the "New York Plaintiffs") and the State of New York (collectively the New York Plaintiffs and the State of New York are referred to herein as "New York") (Florida, Iowa, South Carolina and New York are collectively referred to as the "Settling States") (all of the foregoing Parties are collectively, "Plaintiffs"); and Actavis Inc., Actavis Elizabeth LLC, f/k/a Purepac Pharmaceutical Co., and Actavis Mid Atlantic LLC, f/k/a Alpharma USPD Inc.  Actavis Inc., Actavis Elizabeth LLC, and Actavis Mid Atlantic LLC are collectively referred to as "Actavis" or the "Actavis Defendants".  Alpharma Inc. is not a party to this agreement.  Alpharma Inc. is a defendant in certain actions brought by the Plaintiffs and certain claims against Alpharma Inc. are released in this Agreement.  For purposes of the releases provided in Section III below, references to "Actavis" or the "Actavis Defendants" shall include Alpharma Inc. subject to the qualifications set forth below.  Collectively, all of the above will be referred to as the "Parties."  The United States is not a party to this Agreement; however,

this Agreement is conditioned upon the United States' written consent in the form attached as **Exhibit 1**. Actavis Group hf. and Actavis Group PTC ehf., which are not parties to this Agreement, are collectively to referred to as the "Actavis Guarantors." Although the Actavis Guarantors are not signatories to this Agreement, this settlement is conditioned upon the Plaintiffs' receipt of the Actavis Guarantors' Guaranty referenced in ¶ III(4)(d) below.

## II. <u>PREAMBLE</u>

As a preamble to this Agreement, the Parties agree to the following:

A.      Actavis Mid Atlantic LLC is a limited liability company organized under the laws of Delaware, with its principal offices in Lincolnton, North Carolina.

B.      Actavis Elizabeth LLC is a limited liability company organized under the laws of Delaware, with its principal offices in Elizabeth, New Jersey.

C.      Alpharma Inc. was a Delaware corporation with its principal offices in Fort Lee, New Jersey. Alpharma Inc. was a holding company.

D.      Actavis Inc. is a Delaware corporation with its principal place of business in Morristown, New Jersey. Actavis Inc. is the parent corporation of Actavis Mid Atlantic LLC and Actavis Elizabeth LLC.

E.      Actavis Group hf. is an Icelandic corporation with its principal place of business in Zug, Switzerland. Actavis Group hf. is the indirect parent of Actavis Inc. Actavis Group PTC ehf. is an Icelandic corporation with its principal place of business in Reykjavik, Iceland. Actavis Group PTC ehf. is the direct parent of Actavis Inc.

F.      On or about April 10, 2000, the Relator and one or more of the Individual Plaintiffs filed a *qui tam* action in the United States District Court for the District of Massachusetts captioned, *United States ex rel. Ven-A-Care of the Florida Keys, Inc.* v. *Dey, et*

2

*al.*, Civil Action No. 00-CV-10698 MEL (D. Mass.).  The complaint was amended under seal on February 15, 2001, and again on February 1, 2002.  The complaint was amended a third time under seal on February 15, 2005, to, among other things, add claims against certain of the Actavis Defendants seeking recovery under the federal False Claims Act, 31 U.S.C. § 3728-3733, based upon the Federal Covered Conduct (defined below).  The complaint was further amended and unsealed on May 21, 2008.  These claims and proceedings are referred to collectively as the "Federal *Qui Tam* Proceedings."

G.     Florida and the Relator are jointly pursuing a state court action against certain of the Actavis Defendants in the Circuit Court of the Second Judicial District in and for Leon County, Florida, styled *State of Florida, ex rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma Inc. et al,* Civil Action Nos. 98-3032F and 03-CA 1165A.  These claims and proceedings are referred to as the "Florida Proceedings."

H.     South Carolina is pursuing two state court actions against certain of the Actavis Defendants in the Court of Common Pleas for the Fifth Judicial Circuit, styled *State of South Carolina, et al. v. Alpharma, Inc.*, No. 06-CP-40-7157 and *State of South Carolina, et al. v. Alpharma, Inc.*, No. 06-CP-40-7158, respectively.  These claims and proceedings are referred to as the "South Carolina Proceedings."

I.      New York has alleged various violations of law with respect to Medicaid drug reimbursement and price reporting for the years 1991 to the present, as more particularly described in the Revised First Amended Consolidated Complaint dated October 4, 2007, and other complaints filed by the New York MDL 1456 Plaintiffs against certain of the Actavis Defendants in the cases listed at **Exhibit 2A** attached hereto, consolidated in the United States District Court for the District of Massachusetts under Multi-District Litigation number 1456,

Civil Action No. 01-12257 (PBS) (the "New York MDL Proceedings"). Additional complaints were filed by the counties of Erie, Oswego, and Schenectady in state courts (the "New York State Court Actions") in the cases listed in **Exhibit 2B.** Collectively, all the foregoing are the "New York Proceedings."

J.       The State of Iowa has alleged various violations of law against certain of the Actavis Defendants with respect to Medicaid drug reimbursement and price reporting for the years 1991 to the present, as more particularly described in *State of Iowa v. Abbott Laboratories, Inc., et al.,* consolidated in the United States District Court for the District of Massachusetts under Multi-District Litigation number 1456, Civil Action No. 01-12257 (PBS) (the "Iowa Proceedings").

K.       The Florida Proceedings, the South Carolina Proceedings, the New York Proceedings, and the Iowa Proceedings are collectively referred to in this Agreement as the "State Proceedings." The Federal *Qui Tam* Proceedings and the State Proceedings are collectively referred to as the "Civil Actions."

L.       Any and all of the pharmaceutical products manufactured, marketed, distributed, and/or sold by or on behalf of one or more of the Actavis Defendants and/or any of the entities identified in the Schedule of Actavis Affiliates attached as **Exhibit 12** ("Actavis Entities") are collectively referred to herein as the "Covered Drugs", including, without limitation Covered Drugs with the Labeler Codes 00472, 00228, 23317, 52152, 67767, 62037, and 59417. Attached hereto as **Exhibit 3,** for illustrative purposes only, is a list of NDCs assigned to drug products marketed under the Actavis Labeler Codes.

M.       In the Federal *Qui Tam* Proceedings, the Relator contends that between on or before April 1, 1995, and the Effective Date of this Agreement, the Actavis Defendants set,

reported and/or maintained, or caused to be set, reported, and/or maintained, false, fraudulent, and/or inflated prices for certain of the Covered Drugs, including prices (such as Average Wholesale Price or AWP and Wholesale Acquisition Cost or WAC) reported to, or published by, price publishing services ("Reported Prices") used by State Medicaid Programs to establish reimbursement rates, and that the Actavis Defendants submitted, or caused to be submitted, false claims to the State Medicaid Programs based on the Reported Prices. The conduct described in this paragraph, together with the allegations set forth in the Federal *Qui Tam* Proceedings and the complaint filed therein, is hereinafter referred to as the "Federal Covered Conduct;" however, the Federal Covered Conduct shall not include the United States' portion, or claims based on the United States' portion, of any Medicaid reimbursement arising from Medicaid payments by the State of Texas.

N.      In the South Carolina Proceedings, South Carolina contends that between January 1, 1991, and the Effective Date of this Agreement, certain of the Actavis Defendants set, reported, and/or maintained, or caused to be set, reported, and/or maintained, false, fraudulent, and/or inflated prices for Covered Drugs, including Reported Prices used by South Carolina's State Medicaid Program to establish reimbursement rates, and that the Actavis Defendants submitted, or caused to be submitted, false claims to South Carolina's State Medicaid Program and State Health Plan based on the Reported Prices. The conduct described in this Paragraph, together with the allegations set forth in the South Carolina Proceedings and the complaint filed therein, and the allegations that could have been asserted against Actavis in the Federal *Qui Tam* Proceedings or the South Carolina Proceedings relating to the pricing and price reporting practices of the Actavis Entities with respect to the Covered Drugs, are hereinafter referred to as the "South Carolina Covered Conduct."

5

O.     In the New York Proceedings, New York contends that between January 1, 1991, and the Effective Date of this Agreement, certain of the Actavis Defendants set, reported, and/or maintained, or caused to be set, reported, and/or maintained, false, fraudulent, and/or inflated prices for Covered Drugs, including Reported Prices used by New York's State Medicaid Program to establish reimbursement rates, and that the Actavis Defendants submitted, or caused to be submitted, false claims to New York's State Medicaid Program based on the Reported Prices. The conduct described in this paragraph, together with the allegations set forth in the New York Proceedings and the complaints filed therein, and the allegations that could have been asserted in the Federal *Qui Tam* Proceedings or the New York Proceedings relating to the pricing and price reporting practices of the Actavis Entities with respect to the Covered Drugs, are hereinafter referred to as the "New York Covered Conduct."

P.     Regarding the Iowa Proceedings, Iowa contends that between January 1, 1991, and the Effective Date of this Agreement, certain of the Actavis Defendants set, reported and/or maintained, or caused to be set, reported, and/or maintained, false, fraudulent, and/or inflated prices for Covered Drugs, including Reported Prices used by Iowa's State Medicaid Program to establish reimbursement rates, and that the Actavis Defendants submitted, or caused to be submitted, false claims to Iowa's State Medicaid Program based on the Reported Prices. The conduct described in this paragraph, together with the allegations set forth in the Iowa Proceedings and the complaint filed therein, and the allegations that could have been asserted in the Federal *Qui Tam* proceedings or the Iowa Proceedings relating to the pricing and price reporting practices of the Actavis Entities with respect to the Covered Drugs, are hereinafter referred to as the "Iowa Covered Conduct."

6

Q.      Regarding the Florida Proceedings, Florida and the Relator contend that between January 1, 1991, and the Effective Date of this Agreement, certain of the Actavis Defendants set, reported and/or maintained, or caused to be set, reported, and/or maintained, false, fraudulent, and/or inflated prices for the Covered Drugs, including Reported Prices used by Florida's State Medicaid Program to establish reimbursement rates, and that the Actavis Defendants submitted, or caused to be submitted, false claims to Florida's State Medicaid Program based on the Reported Prices. The conduct described in this paragraph, together with the allegations set forth in the Florida Proceedings and the complaint filed therein, and the allegations that could have been asserted in the Federal *Qui Tam* Proceedings or the Florida Proceedings relating to the pricing and price reporting practices of the Actavis Entities with respect to the Covered Drugs, are hereinafter referred to as the "Florida Covered Conduct."

R.      Plaintiffs seek various forms of relief against the Actavis Defendants, including compensatory and punitive damages, civil penalties, injunctive relief, costs, and attorneys' fees. Plaintiffs each represent that no interest in their claims as set forth in the Civil Actions has been assigned or otherwise transferred by Plaintiffs to any other person or entity.

S.      The Actavis Defendants have asserted a number of defenses to the Civil Actions and deny any and all wrongdoing, and deny that they have liability, relating to the Federal Covered Conduct, the South Carolina Covered Conduct, the New York Covered Conduct, the Florida Covered Conduct, or the Iowa Covered Conduct (collectively the "Covered Conduct" and as to each Settling State, the "State's Covered Conduct"). This Agreement does not constitute an admission of fault or liability by the Actavis Defendants, nor does it constitute evidence of any liability or unlawful conduct on the part of the Actavis Defendants.

T.        In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of Plaintiffs' claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement, which the Parties acknowledge and agree is not punitive in purpose or effect, and which is set forth in this Agreement.

U.        This Agreement is intended to fully and finally resolve any and all claims against, and the liability of the Actavis Defendants, as defined below, arising under each of the State Proceedings, for each State's Covered Conduct, including, without limitation, all claims, known or unknown, for or arising from the Covered Conduct that were brought or could have been brought by, or on behalf of, each of the Settling States related to the "Federal Share" for each Settling State (defined to mean the United States' portion of any Medicaid reimbursement in each of the Settling States) of any Medicaid reimbursement arising from each State's Covered Conduct, and/or the "State Share" for each Settling State (defined to mean each Settling State's portion of any Medicaid reimbursement) of any Medicaid reimbursement arising from each State's Covered Conduct.

V.        This Agreement is intended to fully and finally resolve any and all claims against, and the liability of Actavis, arising under the Federal *Qui Tam* Proceedings, for the Federal Covered Conduct, except for claims relating to the Texas Medicaid Program, with respect to the Covered Drugs, including, without limitation, all claims, known or unknown for or arising from the Covered Conduct, that were brought or could have been brought by or on behalf of the Relator or by the Relator on behalf of the United States.

W.        The Plaintiffs have concluded that this Agreement is in the public interest.

X.        This Agreement is the result of a compromise of disputed issues of law and fact, and the Released Parties, as defined below, do not admit to any violation of any statute,

regulation, or law, or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in the Civil Actions, or waive any defenses thereto.  Plaintiffs each agree that they will not urge or seek to admit this Agreement as evidence of any fault or wrongdoing on the part of the Released Parties in any investigation, administrative claim, action, suit, or proceeding, or federal or state court or arbitration proceeding unless ordered to do so by a state court, federal court, or arbitration panel.

Y.     The Parties understand, acknowledge and agree that (i) they have each performed an independent investigation of the allegations of fact and law made in connection with the Civil Actions and (ii) they each may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Civil Actions and the Covered Conduct.  Nevertheless, it is the Parties' intention to resolve their disputes pursuant to the terms of this Agreement and, thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and the Agreement shall not be subject to rescission or modification by reason of any change or difference in the facts or law with respect to the subject matter of the Civil Actions and the Covered Conduct.  The Parties further understand, acknowledge and agree that discovery was ongoing in the Civil Actions and was the subject of discovery disputes.  Notwithstanding such disputes and that discovery was ongoing, it is the Parties' intention to resolve their disputes pursuant to the terms of the Agreement.

### III. TERMS AND CONDITIONS

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below in this

9

Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The foregoing Preamble is incorporated herein.

2.      In full and final settlement of all of the Federal Released Claims, South Carolina Released Claims, New York Released Claims, Iowa Released Claims, and Florida Released Claims (each defined below and referred to collectively as the "Released Claims"), the Actavis Defendants shall pay, or shall cause to be paid on their behalf, the sum of one hundred eighteen million, six hundred fourteen thousand United States dollars ($118,614,000) (the "Settlement Amount") for the benefit of the United States and the Plaintiffs on the terms, and subject to, the conditions set forth herein.  The Parties agree that the Settlement Amount shall resolve, fully and finally, all of the Released Claims and that the amounts payable to the Settling States shall be net of any amount payable by them to the United States for the federal share of the recoveries.  The Parties further agree that all amounts payable to any of the Relator's (or any other Plaintiff's) attorneys or other representatives or advisors shall be paid out of the Settlement Amount without further liability of Actavis.

3.      Within five (5) business days following the Effective Date, the Actavis Defendants shall (a) pay, or shall cause to be paid on their behalf, fifty-four million, three hundred sixty-four thousand, seven hundred fifty United States dollars ($54,364,750) of the Settlement Amount by wire transfers in the amounts set forth and as further specified in the "Settlement Amount Allocation Schedule" attached hereto as **Exhibit 4** ("Initial Settlement Payment"); and (b) deliver to (i) Relator's attorney, James J. Breen ("Breen") an original executed copy of the Stipulation of Dismissal with Prejudice of Certain Claims Against Actavis Defendants and Motion for Order of Dismissal with Prejudice in substantially the form attached

hereto as **Exhibit 5A**; (ii) deliver to Florida an original executed copy of the Joint Motion to Dismiss with Prejudice in substantially the forms attached hereto as **Exhibit 6A** and **6B**; (iii) deliver to Iowa an original executed copy of the Notice of Voluntary Dismissal with Prejudice of Plaintiff's Claims Against Defendant Purepac Pharmaceutical Co. in substantially the form attached hereto as **Exhibit 7A**; (iv) deliver to New York an original executed copy of the Notice of Voluntary Dismissal with Prejudice of Plaintiffs' Claims Against Defendant Purepac Pharmaceutical Co. in substantially the form attached hereto as **Exhibit 8A** and the Stipulations Discontinuing Action in substantially the forms attached hereto as **Exhibits 8B**, **8C**, and **8D** and (v) deliver to South Carolina an original executed copy of the Consent Order of Dismissal with Prejudice for Alpharma Inc. in substantially the form attached hereto as **Exhibit 9**.

4. The Actavis Defendants shall further make the following payments:

a. On or before the first anniversary of the Effective Date, the Actavis Defendants shall pay, or shall cause to be paid on their behalf, $26,340,000 plus simple interest at the rate of 1.875% per annum (equal to $493,875 if the payment is made on the first anniversary date as scheduled) of the Settlement Amount by wire transfers in the amounts set forth and as further specified in the Settlement Amount Allocation Schedule attached hereto as **Exhibit 4**.

b. On or before the second anniversary of the Effective Date, the Actavis Defendants shall pay, or shall cause to be paid on their behalf, $20,450,000 plus simple interest at the rate of 1.875% per annum (equal to $766,875 if the payment is made on the second anniversary date as scheduled) of the Settlement Amount by wire transfers in the amounts set forth and as further

specified in the Settlement Amount Allocation Schedule attached hereto as **Exhibit 4**.

      c.     On or before the third anniversary of the Effective Date, the Actavis Defendants shall pay, or shall cause to be paid on their behalf, $17,459,250 plus simple interest at the rate of 1.875% per annum (equal to $982,082.81 if the payment is made on the third anniversary date as scheduled) of the Settlement Amount by wire transfers in the amounts set forth and as further specified in the Settlement Amount Allocation Schedule attached hereto as **Exhibit 4**.

      d.     To secure payment of the Settlement Amount, the Actavis Guarantors shall each execute and deliver to Plaintiffs an Unconditional Guaranty in the form attached as **Exhibit 10**, unconditionally guaranteeing payment of the Settlement Amount in accordance with the terms of this Agreement ("Guaranty").

      e.     In the event of a failure by Actavis to timely make any payment provided for in this Agreement, and the failure by Actavis, the Actavis Guarantors, or any third party to timely cure the default within 15 days after receipt of notice of the default in accordance with the Notice provision set forth in Paragraph III(16) below, the entire unpaid balance of the Settlement Amount shall immediately and without further notice to Actavis become due with 10% annual interest accruing on the entire unpaid balance from the date of default.

      f.     If within 91 days of the Effective Date of this Agreement or of any payment made under this Agreement, any of the Actavis Defendants commences, or a third party commences, any case, proceeding, or other action under any law

relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of any of the Actavis Defendants' debts, or seeking to adjudicate any of the Actavis Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for any of the Actavis Defendants or for all or any substantial part of any of the Actavis Defendants' assets, Actavis agrees as follows:

      i.      Actavis's obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and Actavis shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Actavis's obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Actavis was insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States, a Settling State or the Relator; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Actavis.

      ii.      If Actavis's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Plaintiffs may rescind the releases in this Agreement and Relator, a Settling State, and/or the United States may bring any civil and/or administrative claim, action, or proceeding against Actavis for the claims that would otherwise be covered by the releases provided in this Agreement, including at Paragraph III (7), below.  Actavis agrees that (i) any such claims, actions,

13

or proceedings brought by the Relator, a Settling State, and/or the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, III(4)(f) and Actavis shall not argue or otherwise contend that the Relator's, the Settling States', and/or the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Actavis shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by the Relator, a Settling State and/or the United States within 90 calendar days of written notification to Actavis that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date of this Agreement and (iii) the Settling States, the Relator and the United States have valid claims against Actavis in the full amount of their claims in the Civil Actions, and the Settling States, the Relator and/or the United States may pursue their claims in Civil Actions, as well as in any other case, action, or proceeding.

g.      Actavis acknowledges that its agreements in this Paragraph III(4) are provided in exchange for valuable consideration provided in this Agreement.

5.      Actavis was not consulted about the allocation of the Settlement Amount among the Plaintiffs and the United States, nor has Actavis had any input into this allocation.  For this reason, Actavis is not in a position to agree or disagree to the allocation among the Plaintiffs and the United States and, as such, will not contest such allocation, or be deemed to have endorsed or

14

been responsible for, any such allocation or the use of the proceeds by any ultimate recipient. The Plaintiffs represent and warrant that the Plaintiffs and the United States have agreed among themselves to share in the Settlement Amount as set forth in the Settlement Amount Allocation Schedule.

6.      Within three (3) business days following Actavis's payment of the Initial Settlement Payment pursuant to Paragraph III(3) above, or, if later and as applicable, promptly following receipt of the relevant document(s) signed by Actavis:  (i) Breen shall (A) sign, or cause to be signed, and shall file with the court for the Federal *Qui Tam* Proceedings a fully executed original of the Stipulation of Dismissal with Prejudice of Certain Claims Against Actavis Defendants and Motion for Order of Dismissal with Prejudice in substantially the form attached hereto as **Exhibit 5A**; and (B) file with the court for the Federal *Qui Tam* Proceedings (1) the proposed Order of Dismissal with Prejudice of Certain Claims Against Actavis Defendants in substantially the form attached hereto as **Exhibit 5B** (the "Federal Order"); and (2) the signed U.S. Written Consent in the form attached hereto as **Exhibit 1**; (ii) Florida shall sign, or cause to be signed, and Florida shall file with the court for the Florida Proceedings a fully executed original of (A) the Joint Motions for Order of Dismissal with Prejudice of Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic in substantially the form attached hereto as **Exhibit 6A** and **6B** and (B) the proposed Orders of Dismissal with Prejudice of Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic in substantially the form attached hereto as **Exhibit 6C** and **6D** (the "Florida Orders"); (iii) Iowa shall sign, or cause to be signed, and Iowa shall file with the court for the Iowa Proceedings a fully executed original of the Notice of Voluntary Dismissal with Prejudice of Plaintiff's Claims Against Defendant Purepac

15

Pharmaceutical Co. in substantially the form attached hereto as **Exhibit 7** (the "Iowa Order"); (iv) New York shall sign, or cause to be signed, and New York shall file with the court for the New York Proceedings a fully executed original of (A) the Notice of Voluntary Dismissal with Prejudice of Plaintiffs' Claims Against Defendant Purepac Pharmaceutical Co. in substantially the form attached hereto as **Exhibit 8A** and (B) the Stipulations Discontinuing Action in substantially the form attached hereto as **Exhibits 8B, 8C,** and **8D** (the "New York Orders"); (v) South Carolina shall file with the court for the South Carolina Proceedings the Order of Dismissal with Prejudice in substantially the form attached hereto as **Exhibit 9** (the "South Carolina Order"). (The Federal Order, the Florida Orders, the Iowa Order, the New York Orders and the South Carolina Order are referred to collectively as the "Orders of Dismissal").

7.       In consideration of the obligations of Actavis in this Agreement, and conditioned on Actavis's satisfaction of the Release Conditions (as hereinafter defined) and upon each of the Orders of Dismissal becoming a final and non-appealable order without amendment or modification thereto or limitations thereof, each Plaintiff, on behalf of itself (including, with respect to the Relator, to the extent it is capable under the law, all *qui tam* claims brought on behalf of the United States in the Federal *Qui Tam* proceedings), and each of its and their predecessors, successors, heirs, trustees, subsidiaries, parents, assigns, and divisions and any current or former shareholders, directors, officers, agents, agencies, departments, employees, managers, partners, servants, attorneys, advisors, and other representatives of any of the foregoing, fully and finally releases, acquits, and forever discharges each of the Actavis Defendants, each of the Actavis Entities, and each of their respective present and former predecessors, successors, heirs, trustees, subsidiaries, parents, assigns and divisions and each of the current and former shareholders, officers, directors, employees, managers, partners, agents,

agencies, departments, servants, attorneys, advisors, and other representatives of any of the foregoing (collectively, the "Actavis Released Parties") from any and all civil, regulatory and/or administrative claim, action, suit, demand, right, cause of action, liability, judgment, damage, or proceeding, whether known or unknown, sealed or unsealed (including attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), which has been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right for or arising from any of the Covered Conduct encompassing any or all of the Covered Drugs (collectively, the "Released Claims"), including but not limited to the State Share and the Federal Share for any of the Settling States for or arising out of the Covered Conduct. Without limiting the generality of the foregoing, and to the fullest extent that the Relator and the Settling States are capable under applicable law, this release fully discharges and releases each Actavis Released Party from (i) any obligation to pay Medicaid-related damages, restitution, fines, and/or penalties arising from the Covered Conduct; (ii) any civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs associated with the Civil Actions to which Relator or its attorneys may be entitled; (iii) any obligation to pay the State Share of any Settling State of any claim asserted in the Civil Actions or for any Covered Conduct; and (iv) any obligation to pay the Federal Share of any claim asserted in the Civil Actions or for any Covered Conduct. The Parties expressly agree that to the extent that the Plaintiffs have claims against Alpharma Inc. for Covered Drugs, Alpharma Inc. is included in the definition of Actavis Released Parties and any such claims against Alpharma Inc. for Covered Drugs are Released Claims. The release contained in this Paragraph shall become effective only after the occurrence of the last of the following three events (which are referred to herein, collectively, as the "Release Conditions"):  (a) timely payment of the

17

Initial Settlement Payment; (b) the execution and delivery of the Guaranty by the Actavis Guarantors; and (c) delivery of the fully executed Deutsche Bank Consent Letter (as hereinafter defined).

8.     In consideration of the obligations of the Plaintiffs set forth in this Agreement and conditioned upon the filing of the signed U.S. Written Consent in accordance with the terms hereof and upon each of the Orders of Dismissal becoming a final and non-appealable order without amendment or modification thereto or limitations thereof, Actavis, for itself and each of its predecessors, successors, and assigns, and its and their current and former direct and indirect parents, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, agents, employees, managers, departments, servants, attorneys, advisors, and other representatives (collectively, the "Actavis Releasors") fully and finally, irrevocably, and unconditionally release, acquit and forever discharge the United States and the Plaintiffs (specifically, with respect to the Relator, in its own capacity and in its capacity as *qui tam* representative of the United States of America) from any and all claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages, or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right against any of the Plaintiffs for or arising from any of the Covered Conduct or the investigation, or litigation of claims arising from, such Covered Conduct which Actavis has or could have asserted.

18

9.      In the event of any uncured default by Actavis, the Actavis Guarantors, or any third parties of the payment obligations contained in Paragraph III(4) of this Agreement (the "Default Event"), the Plaintiffs may within ninety (90) days after the Default Event rescind the releases in this Agreement and Relator, a Settling State and/or the United States may bring any civil and/or administrative claim, action, or proceeding against Actavis for the claims that would otherwise be covered by the releases provided in this Agreement, including at Paragraph III(7), above.  Actavis agrees that (i) Actavis shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by the Relator, a Settling State and/or the United States within 90 calendar days of written notification to Actavis that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date of this Agreement and (ii) the Settling States, the Relator, and the United States have valid claims against Actavis in the full amount of their claims in the Civil Actions (subject to a set off of any payments already made under the Settlement Agreement), and the Settling States, the Relator, and/or the United States may pursue their claims in Civil Actions, as well as in any other case, action, or proceeding.

10.     Nothing in this Agreement shall be construed to create a waiver of the Sovereign Immunity of the United States of America, New York, Florida, South Carolina, or Iowa.

11.     Notwithstanding any other term of this Agreement, including the release provisions in Paragraphs III(7) and III(8) above, each of the following is specifically reserved and excluded from the scope and terms of the releases, or is beyond the scope of and is not covered by this Agreement, as applicable:

a)      Any claims based upon such obligations as are created by this Agreement;

b)      Any claims the United States may have relating to the Texas Medicaid Program;

c)      Any right or claim the United States may have to recover from the State of Kentucky or any of its agencies based on any prior settlement between Actavis and the State of Kentucky;

d)      The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant or beneficiary in the Medicaid Program of any of the Covered Drugs covered thereunder;

e)      Any claims based on a failure to deliver products or services due;

f)      Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

g)      Any criminal liability;

h)      Any express or implied warranty claims or other claims for defective or deficient products and services provided by Actavis;

i)      Any claims based on or arising out of conduct occurring or circumstances existing after the Effective Date of this Agreement, except as provided in Paragraph III(15) below;

j)      Liability to the United States for any conduct other than the Federal Covered Conduct, and liability to any Settling State for any conduct other than Released Claims;

k)      Any claims against Alpharma Inc. other than the Released Claims;

l)      Any civil or administrative liability that Actavis has or may have under any state statute, regulation, or rule not covered by the release provisions in Paragraph III(7) above; and

m)      Any claims arising from Actavis's obligations to pay rebates to any Plaintiff under any law or contract, including, but not limited to, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto.

12.      The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

13.      Except as set forth in Paragraphs III(2-4) above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

14.      In consideration of the obligations of Actavis in this Agreement, and conditioned on Actavis's satisfaction of the Release Conditions, each Settling State agrees to release and refrain from instituting, directing, or maintaining any administrative claim or any action seeking exclusion of any Actavis Released Party from any of the Settling States' Medicaid Programs, based upon the Covered Conduct.  Each Settling State, and any agencies and administrative bodies thereof, agrees to refrain from recommending, causing, or attempting to cause any administrative action or sanction, including debarment, exclusion, or suspension, by any other government agency of the Settling States for the Covered Conduct.  Notwithstanding the above, nothing in this Agreement precludes any Settling State from taking action against Actavis in the event that any Actavis Released Party is excluded or suspended from the Medicaid program by the federal government or for conduct other than the Covered Conduct.

15.     Following the Effective Date of this Agreement, the Actavis Entities and the Settling States shall, in good faith, endeavor to agree to separate Letter Agreements setting forth specific terms and conditions whereby the Actavis Entities will provide confidential market pricing information directly to the Settling States, or their designees, for a period of five (5) years ("the Five Year Reporting Period"). If such Letter Agreements are entered, the Settling States agree that substantial compliance by the Actavis Entities with these price reporting obligations shall satisfy in full any legal obligation the Actavis Entities may have during the Five Year Reporting Period to disclose, directly or indirectly, to the State or any agencies, departments, or representatives thereof market pricing for the pharmaceutical products to which that reporting pertains. However, this paragraph does not relieve the Actavis Entities of any new disclosure obligations that may arise from changes in or pursuant to state or federal law enacted after the Effective Date of this Agreement so long as such changes are generally applicable to the pharmaceutical industry. This Agreement shall not be conditioned on the completion of the Letter Agreements and the failure or inability of Actavis or the Settling States to agree to the terms and conditions of or to enter into the Letter Agreements shall have no effect on any of the other rights or obligations provided for in this Agreement.

16.     Notice.  Any notice, request, demand, or other communication required or permitted hereunder shall be given or made in writing, delivered personally, by facsimile transmission or by certified, registered or express mail, return receipt requested, and addressed as set forth below (or to such other person or address as the applicable Party may from time to time furnish to each other Party in accordance with the terms of this Paragraph):

In case of Actavis, to:

Scott L. Winkelman
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Fax:  (202) 628-5116

With a copy not constituting notice to:

Legal Department
Actavis
60 Columbia Rd., Bldg B
Morristown, NJ  07960
Fax:  (973) 993-4306

In the case of Florida, to:

Deputy Attorney General and Chief Counsel
State of Florida Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL  32399
Fax: (850) 410-0179

In the case of South Carolina, to:

C. Havird Jones, Jr.
Assistant Deputy Attorney General
Post Office Box 11549
Columbia, South Carolina  29211
Fax: (803) 734-3970

In the case of New York:

For the New York MDL 1456 Plaintiffs, except for the Counties of Nassau and Orange, for all purposes:

Joanne M. Cicala
Daniel Hume
Kirby McInerney LLP
825 Third Avenue
New York, New York  10022
Fax:  (512) 858-1801

For the State of New York, for all purposes:

Carolyn T. Ellis
Special Assistant Attorney General
Office of the New York Attorney General
Medicaid Fraud Control Unit
120 Broadway
New York, New York  10271
Fax:  (212) 417-5335

In the case the County of Nassau, New York, for all purposes, to:

Ross Brooks
Millberg LLP
One Pennsylvania Plaza
New York, NY  10119-0165
Fax:  (212) 868-1229

In the case of the County of Orange, New York, for all purposes, to:

Stanley J. Levy
Theresa A. Vitello
Levy Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY  10007
Fax:  (212) 605-6290

In the case of the Counties of Erie, Oswego and Schenectady, New York, for all purposes
to:

Michael E. Pederson
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY  10003
Fax:  (212) 344-5461

In the case of Iowa, to:

Joanne M. Cicala
Daniel Hume
Kirby McInerney LLP
825 Third Avenue
New York, New York  10022
Fax:  (512) 858-1801

24

In the case of the Relator and/or Breen, to:

> James J. Breen
> The Breen Law Firm, P.A.
> Suite 260
> 5755 North Point Parkway
> Alpharetta, Georgia  30022
> Fax:  (678) 252-5545

In the case of any of the Individual Plaintiffs, to:

> James J. Breen
> The Breen Law Firm, P.A.
> Suite 260
> 5755 North Point Parkway
> Alpharetta, Georgia  30022
> Fax:  (678) 252-5545

Such notices, requests, demands, or other communications shall be deemed received upon personal delivery, on the business day following the date of the facsimile transmission or on the third business day following the date of sending if sent by registered, certified or express mail.

17.    Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations in the Civil Actions or in any other complaint or proceeding against Actavis.  Actavis expressly denies any liability for any claim asserted in the Civil Actions.  The Agreement shall not be admissible in evidence for any such purpose in any proceeding, except for purposes of enforcement of its terms.

18.    Notwithstanding the preceding Paragraph, this Agreement may be used by any party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted by any party to this Agreement against any other party to this Agreement (and also any of the Released Parties), and may be filed, offered, and received into evidence, and otherwise used for such defense.

19.     Governing Law; Jurisdiction; Venue.

a)     Any dispute between Actavis and a Plaintiff concerning the Released Claims of such Plaintiff shall be governed by the laws of the United States and the respective Settling State of such Plaintiff.

b)     The exclusive jurisdiction and venue for any dispute arising under this Agreement relating to the Federal *Qui Tam* Proceedings, the New York MDL Proceedings, or the Iowa Proceedings shall be the United States District Court for the District of Massachusetts, and the United States District Court for the District of Massachusetts shall retain continuing jurisdiction over the Federal *Qui Tam* Proceedings, the New York MDL Proceedings, and the Iowa Proceedings in all respects including (but not limited to) all releases pertaining thereto provided for herein and any injunctive relief in protection of any court's jurisdiction to enforce the terms, conditions and releases provided for in this Agreement. For any dispute under any provision of this Agreement that relates to any of the New York State Court Actions and all releases pertaining thereto provided for herein, the exclusive jurisdiction and venue shall be the respective New York state courts in which each of those actions was pending. For any dispute under any provision of this Agreement that relates to the Florida Proceedings and all releases pertaining thereto provided for herein, the exclusive jurisdiction and venue shall be the Second Circuit in and for Leon County, Florida. For any dispute under any provision of this Agreement that relates to any of the South Carolina Proceedings and all releases pertaining thereto provided for herein, the exclusive jurisdiction and venue shall be the South Carolina Court of Common Pleas for the Fifth Judicial District. The exclusive

jurisdiction and venue for any other proceedings related to this Agreement shall be the United States District Court for the District of Massachusetts.

c)      Nothing in this Paragraph III(19) shall limit or impair any Plaintiff's right to initiate proceedings in any jurisdiction or venue as may be appropriate for the enforcement of this Agreement or the collection of amounts required to be paid pursuant to this Agreement.

20.      Distinct Proceedings.  The Parties recognize and confirm that each of the Federal *Qui Tam* Proceedings, the Florida Proceedings, the South Carolina Proceedings, the New York Proceedings, and the Iowa Proceedings are separate pending legal actions.  The disposition of any action undertaken in any such Proceeding with respect to this Agreement shall not affect or impair any similar action undertaken in any other Proceeding, or the finality or enforceability of this Agreement as to any other Settling State.

21.      This Agreement, together with all attachments hereto, constitutes the complete agreement between and among the Parties with regard to the subject matter hereof.  This Agreement may not be amended except by written consent of all of the Parties.  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

22.      The individuals signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

23.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.   Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

24.     This Agreement is binding and shall inure to the benefit of each of the Actavis Defendants and their respective successors, transferees, and assigns.

25.     This Agreement is binding on and shall inure to the benefit of each of the Plaintiffs, their successors, transferees, heirs, and assigns.

26.     This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement.   In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties.   Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.   The provisions of this Agreement shall be interpreted in a reasonable manner to effectuate the purposes of the Parties and this Agreement.

27.     This Agreement is effective (the "Effective Date") on the date of signature of the last signatory to this Agreement and delivery of signed copies of the Agreement to all of the Parties (the "Execution Date").

28.     In connection with the provisions, covenants, conditions, and restrictions in Actavis's financing facilities and agreements with Deutsche Bank, Actavis represents that (a) Deutsche Bank has waived any provisions, covenants, conditions, and restrictions (i) relating to, prohibiting, or restricting Actavis from entering into and performing this Agreement or (ii) relating to, prohibiting, or restricting the Actavis Guarantors from entering into or performing the

Guaranty, and Actavis agrees to provide Plaintiffs with a letter signed by Deutsche Bank, substantially in the form attached as **Exhibit 11** ("Deutsche Bank Consent Letter"); and (b) other than the waived covenants, conditions, and restrictions, neither the execution nor performance of this Agreement or the Guaranty would constitute a breach of any provision, covenant, condition, or restriction contained in Actavis's financing facilities and agreements with Deutsche Bank. Actavis represents that the Deutsche Bank Consent Letter will be effective in accordance with its terms.

29.    Other than the waived covenants, conditions, and restrictions referenced in Paragraph III(28), Actavis represents and warrants that there is no restriction on its entering into this Agreement.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**ACTAVIS**

Actavis Inc.

BY

_(signature)_ Date: 12/26/11

Title: Vice President and CLO

Actavis Elizabeth LLC

BY

_(signature)_ Date: 12/26/11

Title: Vice President and CLO

Actavis Mid Atlantic LLC

BY

_(signature)_ Date: 12/26/11

Title: Vice President and CLO

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____  Date: 12/14/2011

James J. Breen
The Breen Law Firm, P.A.
*Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____  Date: 12/14/2011

T. Mark Jones, President

**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____  Date: _____
Zachary T. Bentley

T. MARK JONES

_____  Date: 12/14/2011
T. Mark Jones

JOHN M. LOCKWOOD

_____  Date: _____
John M. Lockwood

LUIS E. COBO

_____  Date: _____
Luis E. Cobo

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.

By: _____   Date: _____
        James J. Breen
        The Breen Law Firm, P.A.
        *Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____   Date: _____
        T. Mark Jones, President

**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____   Date: 12/14/11
Zachary T. Bentley

T. MARK JONES

_____   Date: _____
T. Mark Jones

JOHN M. LOCKWOOD

_____   Date: _____
John M. Lockwood

LUIS E. COBO

_____   Date: _____
Luis E. Cobo

31

**RELATOR AND ITS ATTORNEY**

THE BREEN LAW FIRM, P.A.


By: _____   Date: _____

James J. Breen
The Breen Law Firm, P.A.
*Counsel to Ven-A-Care of the Florida Keys, Inc.*


VEN-A-CARE OF THE FLORIDA KEYS, INC.


By: _____   Date: _____

T. Mark Jones, President


**INDIVIDUAL PLAINTIFFS**

ZACHARY T. BENTLEY

_____   Date: _____
Zachary T. Bentley


T. MARK JONES

_____   Date: _____
T. Mark Jones


JOHN M. LOCKWOOD

_____   Date: _____
John M. Lockwood


LUIS E. COBO

_____   Date: 12/14/11
Luis E. Cobo


31

## RELATOR AND ITS ATTORNEY

THE BREEN LAW FIRM, P.A.

By: _____   Date: _____
    James J. Breen
    The Breen Law Firm, P.A.
    *Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____   Date: _____
    T. Mark Jones, President

## INDIVIDUAL PLAINTIFFS

ZACHARY T. BENTLEY

_____   Date: _____
Zachary T. Bentley

T. MARK JONES

_____   Date: _____
T. Mark Jones

JOHN M. LOCKWOOD

_____   Date: 12/14/11
John M. Lockwood

LUIS E. COBO

_____   Date: _____
Luis E. Cobo

31

**FLORIDA**

State of Florida
Office of the Attorney General

By: _C. Muñz_    (Carlos Muñiz)
Title:
    Deputy Attorney General
    and Chief Counsel,
    State of Florida Office
    of the Attorney General

Date: _12/16/11_


**SOUTH CAROLINA**

State of South Carolina
Office of the Attorney General

By: _____
Title: _____

Date: _____


**CITY of NEW YORK, the NEW YORK PLAINTIFFS, and the STATE OF NEW YORK**

By: _____    Date: _____

On behalf of The State of New York
Eric B. Schneiderman, Attorney General
Of the State of New York
By:  Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY  10271

**FLORIDA**

State of Florida
Office of the Attorney General

By: _____
Title: _____
     Deputy Attorney General
     and Chief Counsel,
     State of Florida Office
     of the Attorney General

Date: _____

**SOUTH CAROLINA**

State of South Carolina
Office of the Attorney General

By: _____
Title: _____
Date: _____

**CITY of NEW YORK, the NEW YORK PLAINTIFFS, and the STATE OF NEW YORK**

By: _____    Date: _____

On behalf of The State of New York
Eric B. Schneiderman, Attorney General
Of the State of New York
By:   Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY  10271

32

**FLORIDA**

**State of Florida**
**Office of the Attorney General**

By: _____
Title: _____
      Deputy Attorney General
      and Chief Counsel,
      State of Florida Office
      of the Attorney General

Date: _____


**SOUTH CAROLINA**

**State of South Carolina**
**Office of the Attorney General**

By: _____
Title: _____

Date: _____


**CITY of NEW YORK, the NEW YORK PLAINTIFFS, and the STATE OF NEW YORK**

By: _Carolyn T. Ellis_     Date: _12/20/11_
On behalf of The State of New York
Eric B. Schneiderman, Attorney General
Of the State of New York
By:  Carolyn T. Ellis
Special Assistant Attorney General
OFFICE OF THE NEW YORK
ATTORNEY GENERAL
Medicaid Fraud Control Unit
120 Broadway
New York, NY  10271

By: _____   Date: _____

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange

By: _____   Date: _____

Ross Brooks
MILLBERG LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Counsel for the County of Nassau

By: _____   Date: _Dec. 14, 2011_

On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK
Attorney for Plaintiff the City of New York
100 Church Street
New York, New York 10007
By: John R. Low-Beer
Senior Counsel
Affirmative Litigation Division

By: _____   Date: _____

Joanne M. Cicala
Daniel Hume
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

Counsel for the New York MDL 1456 Plaintiffs, except for the County of Nassau and the
County of Orange

By: _____   Date: 12/14/11

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange

By: _____   Date: _____

Ross Brooks
MILLBERG LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Counsel for the County of Nassau

By: _____   Date: _____

On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK
Attorney for Plaintiff the City of New York
100 Church Street
New York, New York 10007
By: John R. Low-Beer
Senior Counsel
Affirmative Litigation Division

By: _____   Date: _____

Joanne M. Cicala
Daniel Hume
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

Counsel for the New York MDL 1456 Plaintiffs, except for the County of Nassau and the
County of Orange

33

By: _____     Date: _____

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Counsel for the County of Orange


By: _____     Date: _____

Ross Brooks
MILLBERG LLP
One Pennsylvania Plaza
New York, NY 10119-0165

Counsel for the County of Nassau

By: _____     Date: 12/14/11

On behalf of Michael A. Cardozo
CORPORATION COUNSEL
OF THE CITY OF NEW YORK
Attorney for Plaintiff the City of New York
100 Church Street
New York, New York 10007
By: John R. Low-Beer
Senior Counsel
Affirmative Litigation Division


By: _____     Date: 12|14|11

Joanne M. Cicala
Daniel Hume
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

Counsel for the New York MDL 1456 Plaintiffs, except for the County of Nassau and the County of Orange

By: _____ Date: _____

Michael E. Pederson
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003


Counsel for the County of Oswego, New York
Pursuant to the County of Oswego Resolution attached as Exhibit A to Exhibit 8B hereto

By: _____ Date: 12/16/11

Jeremy Colby,
    *Erie County Attorney*
Erie County Department of Law
95 Franklin Street, Room 1634
Buffalo, New York 14202


On behalf of The County of Erie, New York

By: _____ Date: 12/15/11

Kathleen Rooney,
    *Schenectady County Manager*
Schenectady County
County Office Building
620 State Street
Schenectady, New York 12305

    On behalf of The County of Schenectady, New York *k*

By: _____ Date: 12/16/11

Christopher H. Gardner,
    *Schenectady County Attorney*
Schenectady County
County Office Building
620 State Street
Schenectady, New York 12305

Approved as to Form and Content

_____ Dated: 12-16-2011

34

**IOWA**

Tom Miller, Attorney General
for the State of Iowa Office

By: _____   Date: 12/19/11

Eric Tabor
Iowa Department of Justice
1305 E. Walnut St.
Hoover Bldg., 2nd Floor
Des Moines, IA 50319
Tel: (515) 281-4055

By: _____   Date: 12/19/11

Joanne M. Cicala
Daniel Hume
Kirby McInerney  LLP
825 Third Avenue
New York, NY  10022

Special Counsel for the State of Iowa

35

## EXHIBITS

Exhibit 1:      U.S. Written Consent

Exhibit 2A:     List of Consolidated New York Actions

Exhibit 2B:     Complaints Filed By Counties of Erie, Oswego, and Schenectady

Exhibit 3:      NDC List

Exhibit 4:      Settlement Allocation Schedule

Exhibit 5A:     Federal *Qui Tam* Proceedings, Stipulation of Dismissal with Prejudice of Action
                Against Actavis Defendants and Motion for Order of Dismissal with Prejudice

Exhibit 5B:     Federal *Qui Tam* Proceedings, Order of Dismissal with Prejudice Against Actavis
                Defendants

Exhibit 6A:     Florida Proceedings, Joint Motion for Order of Dismissal with Prejudice of
                Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and
                Actavis Mid Atlantic

Exhibit 6B:     Florida Proceedings, Joint Motion for Order of Dismissal with Prejudice of
                Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and
                Actavis Mid Atlantic

Exhibit 6C:     Florida Proceedings, Order of Dismissal with Prejudice of Alpharma USPD Inc.,
                Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic

Exhibit 6D:     Florida Proceedings, Order of Dismissal with Prejudice of Alpharma USPD Inc.,
                Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic

Exhibit 7:      Iowa Proceedings, Notice of Voluntary Dismissal with Prejudice of Plaintiff's
                Claims Against Defendant Purepac Pharmaceutical Co.

Exhibit 8A:     New York Proceedings, Notice of Voluntary Dismissal with Prejudice of
                Plaintiffs' Claims Against Defendant Purepac Pharmaceutical Co.

Exhibit 8B:     New York Proceedings, Stipulation Discontinuing Action

Exhibit 8C:     New York Proceedings, Stipulation Discontinuing Action

Exhibit 8D:     New York Proceedings, Stipulation Discontinuing Action

Exhibit 9:      South Carolina Proceedings, Proposed Order of Dismissal with Prejudice

Exhibit 10:     Unconditional Guaranty

Exhibit 11:    Lender Consent Letter Request

Exhibit 12:    Schedule of Actavis Affiliates

EXHIBIT 1

U.S. WRITTEN CONSENT

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | Civil Action No. 08-cv-10852 |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

### CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice only of claims in the above-captioned action with respect to Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and Actavis Mid Atlantic LLC (together referred to herein as "the Actavis Defendants"); pursuant to, and as limited by, the Settlement Agreement and Release between the Relator, Ven-A-Care of the Florida Keys, Inc. ("the Relator"), the State of Florida, the State of Iowa, the State of South Carolina, the New York Plaintiffs and the Actavis Defendants ("the Multi-State Settlement Agreement") (attached hereto as Exhibit A) and the Settlement Agreement and

38

Release between the Relator, the State of Texas and the Actavis Defendants ("the Texas Settlement Agreement") (attached hereto as Exhibit B); and

(2)    The entry of the proposed Order of Dismissal with Prejudice in the form attached to the Multi-State Settlement Agreement as Exhibit 5B and attached hereto as Exhibit C.

The United States has concluded that the combined amount of $108,098,844 that it will receive in connection with the settlements is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,

_____

TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345

EXHIBIT 2A

LIST OF CONSOLIDATED NEW YORK ACTIONS

*The City of New York v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 04-CV-06054)

*County of Albany v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00425)

*County of Allegany v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06231)

*County of Broome v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00456)

*County of Cattaraugus v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06242)

*County of Cayuga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00423)

*County of Chautauqua v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06204)

*County of Chemung v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06744)

*County of Chenango v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00354)

*County of Columbia v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00867)

*County of Cortland v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00881)

*County of Dutchess v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-06458)

*County of Essex County v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00878)

*County of Fulton v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00519)

*County of Genesee v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06206)

*County of Greene v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00474)

*County of Herkimer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00415)

*County of Jefferson v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00715)

*County of Lewis v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00839)

*County of Madison v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00714)

*County of Monroe v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06148)

*County of Niagara v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06296)

*County of Oneida v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00489)

*County of Onondaga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00088)

*County of Ontario v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06373)

*County of Orange v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 07-CV-2777)

*County of Orleans v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06371)

*County of Putnam v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 05-CV-04740)

*County of Rensselaer v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00422)

*County of Rockland v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-7055)

*County of Saratoga v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00478)

*County of Schuyler v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06387)

*County of Seneca v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06370)

*County of St. Lawrence v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00479)

*County of Steuben v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06223)

*County of Suffolk v. Abbott Laboratories, Inc., et al.*
(E.D.N.Y. No. CV-03-229)

*County of Tompkins v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00397)

*County of Ulster v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 06-CV-0123)

*County of Warren v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00468)

*County of Washington v. Abbott Laboratories, Inc., et al.*
(N.D.N.Y. No. 05-CV-00408)

*County of Wayne v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06138)

*County of Westchester v. Abbott Laboratories, Inc., et al.*
(S.D.N.Y. No. 03-CV-6178)

*County of Wyoming v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-6379)

*County of Yates v. Abbott Laboratories, Inc., et al.*
(W.D.N.Y. No. 05-CV-06172)

## EXHIBIT 2B

COMPLAINTS FILED BY COUNTIES OF ERIE, OSWEGO, AND SCHENECTADY

*The County of Oswego v. Abbot Laboratories, Inc., et al.*, Index No. 2006-0697 (New York Supreme Court, County of Oswego)

*The County of Schenectady v. Abbot Laboratories, Inc., et al.*, Index No. 2006-0886 (New York Supreme Court, County of Schenectady)

*The County of Erie v. Abbot Laboratories, Inc., et al.*, Index No. 2005-2439 (New York Supreme Court, County of Erie)

## EXHIBIT 3

Illustrative List of NDCs Assigned to Drug Products Marketed Under Actavis Labeler Codes

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00228 | ACETAMINOPHEN | 00228110610 | 00228 | ALPRAZOLAM | 00228202996 |
| 00228 | ACETAMINOPHEN | 00228110310 | 00228 | ALPRAZOLAM | 00228202750 |
| 00228 | ACETAMINOPHEN | 00228110396 | 00228 | ALPRAZOLAM | 00228202950 |
| 00228 | ACETAMINOPHEN | 00228110210 | 00228 | ALPRAZOLAM | 00228202910 |
| 00228 | ACETAMINOPHEN | 00228110804 | 00228 | ALPRAZOLAM | 00228203910 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228305850 | 00228 | ALPRAZOLAM | 00228203150 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228200310 | 00228 | ALPRAZOLAM | 00228202796 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228302150 | 00228 | ALPRAZOLAM | 00228203110 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228305811 | 00228 | ALPRAZOLAM | 00228203950 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228305611 | 00228 | ALUM | 00228111902 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228200110 | 00228 | ALUM | 00228111935 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228305696 | 00228 | ALUM | 00228111916 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228302096 | 00228 | AMANTADINE HCL | 00228229110 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228200350 | 00228 | AMINOPHYLLINE | 00228210710 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228200196 | 00228 | AMINOPHYLLINE | 00228210510 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228302010 | 00228 | AMINOPHYLLINE | 00228210612 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228200210 | 00228 | AMINOPHYLLINE | 00228210796 |
| 00228 | ACETAMINOPHEN W/CODEINE | 00228302110 | 00228 | AMINOPHYLLINE | 00228210596 |
| 00228 | ACETAZOLAMIDE | 00228210110 | 00228 | AMITRIPTYLINE HCL | 00228213296 |
| 00228 | ACETONE | 00228110516 | 00228 | AMITRIPTYLINE HCL | 00228213210 |
| 00228 | ACETONE | 00228110502 | 00228 | AMITRIPTYLINE HCL | 00228213410 |
| 00228 | ACYCLOVIR | 00228260650 | 00228 | AMITRIPTYLINE HCL | 00228213396 |
| 00228 | ACYCLOVIR | 00228260750 | 00228 | AMITRIPTYLINE HCL | 00228213310 |
| 00228 | ACYCLOVIR | 00228260711 | 00228 | AMITRIPTYLINE HCL | 00228213110 |
| 00228 | ACYCLOVIR | 00228260511 | 00228 | AMITRIPTYLINE HCL | 00228213196 |
| 00228 | ACYCLOVIR | 00228260550 | 00228 | AMITRIPTYLINE HCL | 00228213510 |
| 00228 | ACYCLOVIR | 00228260611 | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230510 |
| 00228 | ALLOPURINOL | 00228210310 | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230210 |
| 00228 | ALLOPURINOL | 00228210350 | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230250 |
| 00228 | ALLOPURINOL | 00228210210 | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230550 |
| 00228 | ALPRAZOLAM | 00228202710 | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230110 |
| 00228 | ALPRAZOLAM | 00228203196 | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230150 |
| | | | 00228 | AMITRIPTYLINE W/PERPHENAZINE | 00228230310 |
| | | | 00228 | AMMONIA AROMATIC | 00228112301 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | AMMONIA AROMATIC | 00228112302 |
| 00228 | AMOXICILLIN | 00228268911 |
| 00228 | AMOXICILLIN | 00228211710 |
| 00228 | AMOXICILLIN | 00228263911 |
| 00228 | AMOXICILLIN | 00228211905 |
| 00228 | AMOXICILLIN | 00228268811 |
| 00228 | AMOXICILLIN | 00228268951 |
| 00228 | AMOXICILLIN | 00228268851 |
| 00228 | AMOXICILLIN | 00228211581 |
| 00228 | AMOXICILLIN | 00228211750 |
| 00228 | AMOXICILLIN | 00228211681 |
| 00228 | AMOXICILLIN | 00228264025 |
| 00228 | AMOXICILLIN | 00228264011 |
| 00228 | AMPICILLIN TRIHYDRATE | 00228211210 |
| 00228 | AMPICILLIN TRIHYDRATE | 00228211410 |
| 00228 | AMPICILLIN TRIHYDRATE | 00228211250 |
| 00228 | ANALGESIC | 00228113301 |
| 00228 | ANTIBIOTIC EAR SOLUTION | 00228212060 |
| 00228 | ASPIRIN | 00228114712 |
| 00228 | ASPIRIN | 00228113896 |
| 00228 | ASPIRIN | 00228114110 |
| 00228 | ASPIRIN | 00228114912 |
| 00228 | ASPIRIN | 00228115112 |
| 00228 | ASPIRIN | 00228113810 |
| 00228 | ASPIRIN | 00228114196 |
| 00228 | ASPIRIN | 00228114210 |
| 00228 | ASPIRIN W/CAFFEINE | 00228114096 |
| 00228 | ASPIRIN W/CAFFEINE | 00228114010 |
| 00228 | ASPIRIN W/CODEINE | 00228201110 |
| 00228 | ASPIRIN W/CODEINE | 00228200596 |
| 00228 | ASPIRIN W/CODEINE | 00228200550 |
| 00228 | ASPIRIN W/CODEINE | 00228200510 |
| 00228 | AZMA-AID | 00228115325 |
| 00228 | AZMA-AID | 00228115310 |
| 00228 | AZO-SULFISOXAZOLE | 00228238710 |
| 00228 | BACITRACIN | 00228115772 |
| 00228 | BACITRACIN | 00228115701 |
| 00228 | BAY RUM | 00228115908 |
| 00228 | BAY RUM | 00228115916 |
| 00228 | BEEF,IRON & WINE | 00228116116 |
| 00228 | BELLADONNA W/PHENOBARBITAL | 00228211810 |
| 00228 | BELLADONNA W/PHENOBARBITAL | 00228212216 |
| 00228 | BELLADONNA W/PHENOBARBITAL | 00228211896 |
| 00228 | BENZOIN COMPOUND | 00228116702 |
| 00228 | BENZOIN COMPOUND | 00228116716 |
| 00228 | BENZOIN COMPOUND | 00228116701 |
| 00228 | BENZTROPINE MESYLATE | 00228213610 |
| 00228 | BENZTROPINE MESYLATE | 00228213810 |
| 00228 | BETHANECHOL CHLORIDE | 00228213910 |
| 00228 | BISACODYL | 00228118212 |
| 00228 | BISACODYL | 00228118610 |
| 00228 | BISACODYL | 00228118210 |
| 00228 | BISOPROLOL FUMARATE/HCTZ | 00228265203 |
| 00228 | BISOPROLOL FUMARATE/HCTZ | 00228265010 |
| 00228 | BISOPROLOL FUMARATE/HCTZ | 00228265110 |
| 00228 | BORIC ACID | 00228118104 |
| 00228 | BORIC ACID | 00228118102 |
| 00228 | BORIC ACID | 00228117901 |
| 00228 | BORIC ACID | 00228118116 |
| 00228 | BORIC ACID | 00228117502 |
| 00228 | BORIC ACID | 00228117504 |
| 00228 | BORIC ACID | 00228118108 |
| 00228 | BROWN MIXTURE | 00228105304 |
| 00228 | BROWN MIXTURE | 00228105316 |
| 00228 | BUROW'S SOLUTION | 00228118916 |
| 00228 | BUTALBITAL COMPOUND | 00228202510 |
| 00228 | BUTALBITAL COMPOUND | 00228202396 |
| 00228 | BUTALBITAL COMPOUND | 00228202310 |
| 00228 | BUTALBITAL COMPOUND W/CODEINE | 00228209510 |
| 00228 | CALAMINE | 00228119316 |
| 00228 | CALAMINE | 00228119308 |
| 00228 | CALAMINE | 00228119304 |
| 00228 | CALAMINE PHENOLATED | 00228119504 |
| 00228 | CALAMINE PHENOLATED | 00228119508 |
| 00228 | CALCIUM LACTATE | 00228120510 |
| 00228 | CAMPHOR | 00228120102 |
| 00228 | CAMPHOR | 00228120101 |
| 00228 | CARBAMAZEPINE | 00228214310 |
| 00228 | CARBAMAZEPINE | 00228214350 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00228 | CARBAMAZEPINE | 00228214396 | 00228 | CHLOROTHIAZIDE | 00228214710 |
| 00228 | CARBIDOPA/LEVODOPA | 00228234096 | 00228 | CHLOROTHIAZIDE | 00228214810 |
| 00228 | CARBIDOPA/LEVODOPA | 00228253850 | 00228 | CHLORPHENIRAMINE MALEATE | 00228215210 |
| 00228 | CARBIDOPA/LEVODOPA | 00228254010 | 00228 | CHLORPHENIRAMINE MALEATE | 00228215696 |
| 00228 | CARBIDOPA/LEVODOPA | 00228253996 | 00228 | CHLORPHENIRAMINE MALEATE | 00228123496 |
| 00228 | CARBIDOPA/LEVODOPA | 00228234050 | 00228 | CHLORPHENIRAMINE MALEATE | 00228215610 |
| 00228 | CARBIDOPA/LEVODOPA | 00228254050 | 00228 | CHLORPHENIRAMINE MALEATE | 00228215296 |
| 00228 | CARBIDOPA/LEVODOPA | 00228253810 | 00228 | CHLORPHENIRAMINE MALEATE | 00228123410 |
| 00228 | CARBIDOPA/LEVODOPA | 00228254096 | 00228 | CHLORPHENIRAMINE MALEATE | 00228123110 |
| 00228 | CARBIDOPA/LEVODOPA | 00228234010 | 00228 | CHLORPHENIRAMINE MALEATE | 00228123196 |
| 00228 | CARBIDOPA/LEVODOPA | 00228253950 | 00228 | CHLORPROMAZINE HCL | 00228216210 |
| 00228 | CARBIDOPA/LEVODOPA | 00228253910 | 00228 | CHLORPROMAZINE HCL | 00228216810 |
| 00228 | CARISOPRODOL | 00228214996 | 00228 | CHLORPROMAZINE HCL | 00228216496 |
| 00228 | CARISOPRODOL | 00228214910 | 00228 | CHLORPROMAZINE HCL | 00228216610 |
| 00228 | CASCARA SAGRADA | 00228120904 | 00228 | CHLORPROMAZINE HCL | 00228216410 |
| 00228 | CASCARA SAGRADA | 00228120916 | 00228 | CHLORPROMAZINE HCL | 00228216296 |
| 00228 | CASCARA SAGRADA | 00228121310 | 00228 | CHLORPROMAZINE HCL | 00228216010 |
| 00228 | CASTOR OIL | 00228121902 | 00228 | CHLORPROPAMIDE | 00228215396 |
| 00228 | CASTOR OIL | 00228121904 | 00228 | CHLORPROPAMIDE | 00228215350 |
| 00228 | CASTOR OIL | 00228121916 | 00228 | CHLORPROPAMIDE | 00228215550 |
| 00228 | CATNIP & FENNEL | 00228122304 | 00228 | CHLORPROPAMIDE | 00228215510 |
| 00228 | CATNIP HERB | 00228122501 | 00228 | CHLORPROPAMIDE | 00228215310 |
| 00228 | CEFADROXIL | 00228252410 | 00228 | CHLORTHALIDONE | 00228216396 |
| 00228 | CEFADROXIL MONOHYDRATE | 00228252442 | 00228 | CHLORTHALIDONE | 00228216110 |
| 00228 | CEPHALEXIN | 00228241850 | 00228 | CHLORTHALIDONE | 00228216310 |
| 00228 | CEPHALEXIN | 00228240950 | 00228 | CHLORTHALIDONE | 00228215710 |
| 00228 | CEPHALEXIN | 00228241810 | 00228 | CHLORTHALIDONE | 00228215796 |
| 00228 | CEPHALEXIN | 00228240910 | 00228 | CHLORZOXAZONE W/ACETAMINOPHEN | 00228216510 |
| 00228 | CEPHRADINE | 00228248210 | | | |
| 00228 | CEPHRADINE | 00228248110 | 00228 | CHLORZOXAZONE W/ACETAMINOPHEN | 00228216550 |
| 00228 | CHAMOMILE FLOWERS | 00228122901 | 00228 | CITALOPRAM HBR | 00228275711 |
| 00228 | CHERRY SYRUP | 00228123316 | 00228 | CITALOPRAM HBR | 00228275511 |
| 00228 | CHLORAL HYDRATE | 00228201010 | 00228 | CITALOPRAM HBR | 00228275750 |
| 00228 | CHLORAL HYDRATE | 00228201416 | 00228 | CITALOPRAM HBR | 00228275650 |
| 00228 | CHLORAL HYDRATE | 00228201210 | 00228 | CITALOPRAM HBR | 00228275611 |
| 00228 | CHLORDIAZEPOXIDE HCL | 00228206410 | 00228 | CITRATE OF MAGNESIA | 00228140907 |
| 00228 | CHLORDIAZEPOXIDE HCL | 00228206150 | | | |
| 00228 | CHLORDIAZEPOXIDE HCL | 00228206450 | | | |
| 00228 | CHLORDIAZEPOXIDE HCL | 00228206050 | | | |
| 00228 | CHLORDIAZEPOXIDE HCL | 00228206110 | | | |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | CITRONELLA OIL | 00228123901 |
| 00228 | CLIDINIUM W/CHLORDIAZEPOXIDE | 00228215010 |
| 00228 | CLIDINIUM W/CHLORDIAZEPOXIDE | 00228215050 |
| 00228 | CLOFIBRATE | 00228229510 |
| 00228 | CLONAZEPAM | 00228300350 |
| 00228 | CLONAZEPAM | 00228300450 |
| 00228 | CLONAZEPAM | 00228300550 |
| 00228 | CLONAZEPAM | 00228300311 |
| 00228 | CLONAZEPAM | 00228300411 |
| 00228 | CLONAZEPAM | 00228300511 |
| 00228 | CLONIDINE HCL | 00228212950 |
| 00228 | CLONIDINE HCL | 00228212710 |
| 00228 | CLONIDINE HCL | 00228212896 |
| 00228 | CLONIDINE HCL | 00228212850 |
| 00228 | CLONIDINE HCL | 00228212810 |
| 00228 | CLONIDINE HCL | 00228212750 |
| 00228 | CLONIDINE HCL | 00228212910 |
| 00228 | CLONIDINE HCL | 00228212996 |
| 00228 | CLONIDINE HCL | 00228212796 |
| 00228 | Clonidine Hydrochloride | 00228212710 |
| 00228 | Clonidine Hydrochloride | 00228212750 |
| 00228 | Clonidine Hydrochloride | 00228212810 |
| 00228 | Clonidine Hydrochloride | 00228212850 |
| 00228 | Clonidine Hydrochloride | 00228212910 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228208110 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228306850 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228306811 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228208150 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228306750 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228306911 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228306711 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228207810 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228208310 |
| 00228 | CLORAZEPATE DIPOTASSIUM | 00228207850 |
| 00228 | CLOVE OIL | 00228124151 |
| 00228 | COAL TAR | 00228124516 |
| 00228 | COD LIVER OIL | 00228124916 |
| 00228 | COLCHICINE | 00228215410 |
| 00228 | COLCHICINE | 00228215496 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | COLD SORE LOTION | 00228125172 |
| 00228 | CONJUGATED ESTROGENS | 00228217496 |
| 00228 | CONJUGATED ESTROGENS | 00228217110 |
| 00228 | CONJUGATED ESTROGENS | 00228217410 |
| 00228 | CONJUGATED ESTROGENS | 00228217296 |
| 00228 | CONJUGATED ESTROGENS | 00228217210 |
| 00228 | CONJUGATED ESTROGENS | 00228216910 |
| 00228 | CORTISONE ACETATE | 00228215810 |
| 00228 | CREAM OF TARTAR | 00228125902 |
| 00228 | CYPROHEPTADINE HCL | 00228216710 |
| 00228 | DEXAMETHASONE | 00228218010 |
| 00228 | DEXBROMPHENIRAMINE/PSEUDOEPHED | 00228234510 |
| 00228 | DEXTROSE | 00228126916 |
| 00228 | DIAZEPAM | 00228205296 |
| 00228 | DIAZEPAM | 00228205196 |
| 00228 | DIAZEPAM | 00228205310 |
| 00228 | DIAZEPAM | 00228205250 |
| 00228 | DIAZEPAM | 00228205350 |
| 00228 | DIAZEPAM | 00228205026 |
| 00228 | DIAZEPAM | 00228205396 |
| 00228 | DIAZEPAM | 00228205110 |
| 00228 | DIAZEPAM | 00228205150 |
| 00228 | DICLOFENAC SODIUM | 00228274406 |
| 00228 | DICLOFENAC SODIUM | 00228274311 |
| 00228 | DICLOFENAC SODIUM | 00228255196 |
| 00228 | DICLOFENAC SODIUM | 00228255011 |
| 00228 | DICLOFENAC SODIUM | 00228274396 |
| 00228 | DICLOFENAC SODIUM | 00228255150 |
| 00228 | DICLOFENAC SODIUM | 00228255006 |
| 00228 | DICLOFENAC SODIUM | 00228274450 |
| 00228 | DICLOFENAC SODIUM | 00228274306 |
| 00228 | DICLOFENAC SODIUM | 00228274496 |
| 00228 | DICLOFENAC SODIUM | 00228255106 |
| 00228 | DICLOFENAC SODIUM | 00228255096 |
| 00228 | DICLOFENAC SODIUM | 00228255111 |
| 00228 | DICLOFENAC SODIUM | 00228274411 |
| 00228 | DICLOFENAC SODIUM | 00228271711 |
| 00228 | Diclofenac Sodium | 00228255006 |
| 00228 | Diclofenac Sodium | 00228255011 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00228 | Diclofenac Sodium | 00228255096 | 00228 | DIPHENHYDRAMINE HCL | 00228219196 |
| 00228 | Diclofenac Sodium | 00228255106 | 00228 | DIPHENHYDRAMINE HCL | 00228219296 |
| 00228 | Diclofenac Sodium | 00228255111 | 00228 | DIPHENHYDRAMINE HCL | 00228218816 |
| 00228 | Diclofenac Sodium | 00228255196 | 00228 | DIPHENHYDRAMINE HCL | 00228219210 |
| 00228 | DICLOXACILLIN SODIUM | 00228244310 | 00228 | DIPHENOXYLATE W/ATROPINE | 00228204910 |
| 00228 | DICLOXACILLIN SODIUM | 00228244410 | 00228 | DIPHENOXYLATE W/ATROPINE | 00228204996 |
| 00228 | DIETHYLPROPION HCL | 00228204710 | 00228 | DIPHENOXYLATE W/ATROPINE | 00228204950 |
| 00228 | DIETHYLPROPION HCL | 00228204725 | 00228 | DIPYRIDAMOLE | 00228219396 |
| 00228 | DIFLUNISAL | 00228254606 | 00228 | DIPYRIDAMOLE | 00228218510 |
| 00228 | DIFLUNISAL | 00228254610 | 00228 | DIPYRIDAMOLE | 00228218310 |
| 00228 | DIFLUNISAL | 00228254506 | 00228 | DIPYRIDAMOLE | 00228218396 |
| 00228 | DIGITOXIN | 00228217896 | 00228 | DIPYRIDAMOLE | 00228218596 |
| 00228 | DIGITOXIN | 00228217696 | 00228 | DIPYRIDAMOLE | 00228219310 |
| 00228 | DIGOXIN | 00228218298 | 00228 | DISOPYRAMIDE PHOSPHATE | 00228215150 |
| 00228 | DIGOXIN | 00228218296 | 00228 | DISOPYRAMIDE PHOSPHATE | 00228217950 |
| 00228 | DILTIAZEM HCL | 00228258850 | 00228 | DISOPYRAMIDE PHOSPHATE | 00228215110 |
| 00228 | DILTIAZEM HCL | 00228257809 | 00228 | DISOPYRAMIDE PHOSPHATE | 00228217910 |
| 00228 | DILTIAZEM HCL | 00228257750 | 00228 | DOCUSATE SODIUM | 00228127510 |
| 00228 | DILTIAZEM HCL | 00228257709 | 00228 | DOCUSATE SODIUM | 00228127310 |
| 00228 | DILTIAZEM HCL | 00228257909 | 00228 | DOCUSATE SODIUM W/CASANTHRANOL | 00228127110 |
| 00228 | DILTIAZEM HCL | 00228257950 | 00228 | DOXAZOSIN MESYLATE | 00228264550 |
| 00228 | DILTIAZEM HCL | 00228257850 | 00228 | DOXAZOSIN MESYLATE | 00228264450 |
| 00228 | DILTIAZEM HCL | 00228257703 | 00228 | DOXAZOSIN MESYLATE | 00228264350 |
| 00228 | DILTIAZEM HCL | 00228257803 | 00228 | DOXAZOSIN MESYLATE | 00228264211 |
| 00228 | DILTIAZEM HCL | 00228258809 | 00228 | DOXAZOSIN MESYLATE | 00228264511 |
| 00228 | DILTIAZEM HCL | 00228258803 | 00228 | DOXAZOSIN MESYLATE | 00228264411 |
| 00228 | DILTIAZEM HCL | 00228257903 | 00228 | DOXAZOSIN MESYLATE | 00228264250 |
| 00228 | Diltiazem Hydrochloride | 00228257703 | 00228 | DOXAZOSIN MESYLATE | 00228264311 |
| 00228 | Diltiazem Hydrochloride | 00228257709 | 00228 | DOXEPIN HCL | 00228238910 |
| 00228 | Diltiazem Hydrochloride | 00228257750 | 00228 | DOXEPIN HCL | 00228239610 |
| 00228 | Diltiazem Hydrochloride | 00228257803 | 00228 | DOXEPIN HCL | 00228239210 |
| 00228 | Diltiazem Hydrochloride | 00228257809 | 00228 | DOXEPIN HCL | 00228239810 |
| 00228 | Diltiazem Hydrochloride | 00228257850 | 00228 | DOXEPIN HCL | 00228239710 |
| 00228 | Diltiazem Hydrochloride | 00228257903 | 00228 | DOXYCYCLINE HYCLATE | 00228219550 |
| 00228 | Diltiazem Hydrochloride | 00228257909 | 00228 | DOXYCYCLINE HYCLATE | 00228219505 |
| 00228 | Diltiazem Hydrochloride | 00228257950 | 00228 | DOXYCYCLINE HYCLATE | 00228218705 |
| 00228 | Diltiazem Hydrochloride | 00228258803 | 00228 | DOXYCYCLINE HYCLATE | 00228259807 |
| 00228 | Diltiazem Hydrochloride | 00228258809 | 00228 | DOXYCYCLINE HYCLATE | 00228219405 |
| 00228 | Diltiazem Hydrochloride | 00228258850 | | | |
| 00228 | DIPHENHYDRAMINE HCL | 00228219110 | | | |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00228 | ENALAPRIL MALEATE | 00228266111 | 00228 | FAMOTIDINE | 00228264196 |
| 00228 | ENALAPRIL MALEATE | 00228265811 | 00228 | FAMOTIDINE | 00228264111 |
| 00228 | ENALAPRIL MALEATE | 00228266196 | 00228 | FAMOTIDINE | 00228267996 |
| 00228 | ENALAPRIL MALEATE | 00228265996 | 00228 | FAMOTIDINE | 00228264103 |
| 00228 | ENALAPRIL MALEATE | 00228265896 | 00228 | FENOPROFEN CALCIUM | 00228231710 |
| 00228 | ENALAPRIL MALEATE | 00228266096 | 00228 | FENOPROFEN CALCIUM | 00228231750 |
| 00228 | ENALAPRIL MALEATE | 00228266011 | 00228 | FENOPROFEN CALCIUM | 00228231796 |
| 00228 | ENALAPRIL MALEATE | 00228265911 | 00228 | FERROUS SULFATE | 00228130096 |
| 00228 | EPSOM SALT | 00228128517 | 00228 | FERROUS SULFATE | 00228129796 |
| 00228 | EPSOM SALT | 00228128515 | 00228 | FERROUS SULFATE | 00228129710 |
| 00228 | EPSOM SALT | 00228128564 | 00228 | FERROUS SULFATE | 00228130010 |
| 00228 | EPSOM SALT | 00228128508 | 00228 | FLUOXETINE HCL | 00228270311 |
| 00228 | EPSOM SALT | 00228128516 | 00228 | FLUOXETINE HCL | 00228270211 |
| 00228 | ERGOLOID MESYLATES | 00228220050 | 00228 | FLUOXYMESTERONE | 00228228410 |
| 00228 | ERGOLOID MESYLATES | 00228220010 | 00228 | FLURAZEPAM HCL | 00228202250 |
| 00228 | ERYTHROMYCIN BASE | 00228255350 | 00228 | FLURAZEPAM HCL | 00228202110 |
| 00228 | ERYTHROMYCIN BASE | 00228255310 | 00228 | FLURAZEPAM HCL | 00228202210 |
| 00228 | ERYTHROMYCIN ESTOLATE | 00228219710 | 00228 | FLURAZEPAM HCL | 00228202150 |
| 00228 | ERYTHROMYCIN ETHYLSUCCINATE | 00228218916 | 00228 | FLUVOXAMINE MALEATE | 00228265650 |
| 00228 | ERYTHROMYCIN ETHYLSUCCINATE | 00228218410 | 00228 | FLUVOXAMINE MALEATE | 00228270440 |
| 00228 | ERYTHROMYCIN ETHYLSUCCINATE | 00228218616 | 00228 | FLUVOXAMINE MALEATE | 00228265550 |
| 00228 | ERYTHROMYCIN STEARATE | 00228220450 | 00228 | FLUVOXAMINE MALEATE | 00228270411 |
| 00228 | ERYTHROMYCIN STEARATE | 00228220410 | 00228 | FLUVOXAMINE MALEATE | 00228265511 |
| 00228 | ERYTHROMYCIN STEARATE | 00228228310 | 00228 | FLUVOXAMINE MALEATE | 00228265611 |
| 00228 | ESTROGENIC SUBSTANCE | 00228247461 | 00228 | FOLIC ACID | 00228221096 |
| 00228 | ESTROGENIC SUBSTANCE | 00228247460 | 00228 | FOLIC ACID | 00228221010 |
| 00228 | ESTRONE | 00228248060 | 00228 | FULLER'S EARTH | 00228130502 |
| 00228 | ETODOLAC | 00228263211 | 00228 | FUROSEMIDE | 00228220850 |
| 00228 | ETODOLAC | 00228259950 | 00228 | FUROSEMIDE | 00228220910 |
| 00228 | ETODOLAC | 00228267111 | 00228 | FUROSEMIDE | 00228220950 |
| 00228 | ETODOLAC | 00228259911 | 00228 | FUROSEMIDE | 00228220796 |
| 00228 | ETODOLAC | 00228267150 | 00228 | FUROSEMIDE | 00228220810 |
| 00228 | Etodolac | 00228259911 | 00228 | FUROSEMIDE | 00228220896 |
| 00228 | Etodolac | 00228259950 | 00228 | FUROSEMIDE | 00228220750 |
| 00228 | Etodolac | 00228263211 | 00228 | FUROSEMIDE | 00228220710 |
| 00228 | EUCALYPTUS OIL | 00228128902 | 00228 | GABAPENTIN | 00228266511 |
| 00228 | EUCALYPTUS OIL | 00228128901 | 00228 | GABAPENTIN | 00228263611 |
| 00228 | FAMOTIDINE | 00228267903 | 00228 | GABAPENTIN | 00228263750 |
| 00228 | FAMOTIDINE | 00228267911 | 00228 | GABAPENTIN | 00228266611 |
| | | | 00228 | GABAPENTIN | 00228263711 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | GABAPENTIN | 00228263650 |
| 00228 | GABAPENTIN | 00228266550 |
| 00228 | GABAPENTIN | 00228266711 |
| 00228 | GABAPENTIN | 00228266750 |
| 00228 | GABAPENTIN | 00228266650 |
| 00228 | Gabapentin | 00228263611 |
| 00228 | Gabapentin | 00228263650 |
| 00228 | Gabapentin | 00228263711 |
| 00228 | Gabapentin | 00228263750 |
| 00228 | Gabapentin | 00228266511 |
| 00228 | Gabapentin | 00228266550 |
| 00228 | Gabapentin | 00228266611 |
| 00228 | Gabapentin | 00228266650 |
| 00228 | Gabapentin | 00228266711 |
| 00228 | Gabapentin | 00228266750 |
| 00228 | GEMFIBROZIL | 00228255296 |
| 00228 | GEMFIBROZIL | 00228255206 |
| 00228 | GEMFIBROZIL | 00228255250 |
| 00228 | GEMFIBROZIL | 00228255210 |
| 00228 | GENTIAN VIOLET | 00228131601 |
| 00228 | GENTIAN VIOLET | 00228131801 |
| 00228 | Glipizide (ER) | 00228289803 |
| 00228 | Glipizide (ER) | 00228289910 |
| 00228 | Glipizide (ER) | 00228289950 |
| 00228 | Glipizide (ER) | 00228289996 |
| 00228 | Glipizide (ER) | 00228290010 |
| 00228 | Glipizide (ER) | 00228290050 |
| 00228 | Glipizide (ER) | 00228290096 |
| 00228 | GLUTETHIMIDE | 00228201510 |
| 00228 | Glyburide and Metformin Hydrochloride | 00228275111 |
| 00228 | Glyburide and Metformin Hydrochloride | 00228275150 |
| 00228 | Glyburide and Metformin Hydrochloride | 00228275211 |
| 00228 | Glyburide and Metformin Hydrochloride | 00228275250 |
| 00228 | Glyburide and Metformin Hydrochloride | 00228275311 |
| 00228 | Glyburide and Metformin Hydrochloride | 00228275350 |
| 00228 | GLYBURIDE-METFORMIN HCL | 00228275350 |
| 00228 | GLYBURIDE-METFORMIN HCL | 00228275250 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | GLYBURIDE-METFORMIN HCL | 00228275311 |
| 00228 | GLYBURIDE-METFORMIN HCL | 00228275111 |
| 00228 | GLYBURIDE-METFORMIN HCL | 00228275211 |
| 00228 | GLYCERIN | 00228132116 |
| 00228 | GLYCERIN | 00228133569 |
| 00228 | GLYCERIN | 00228132101 |
| 00228 | GLYCERIN | 00228133545 |
| 00228 | GLYCERIN | 00228132102 |
| 00228 | GLYCERIN | 00228133769 |
| 00228 | GLYCERIN | 00228132104 |
| 00228 | GLYCERIN AND ROSEWATER | 00228132504 |
| 00228 | GREEN SOAP | 00228132904 |
| 00228 | GREEN SOAP | 00228132916 |
| 00228 | GREEN SOAP | 00228132928 |
| 00228 | HALOPERIDOL | 00228228010 |
| 00228 | HALOPERIDOL | 00228228750 |
| 00228 | HALOPERIDOL | 00228228710 |
| 00228 | HALOPERIDOL | 00228228150 |
| 00228 | HALOPERIDOL | 00228228296 |
| 00228 | HALOPERIDOL | 00228228110 |
| 00228 | HALOPERIDOL | 00228228210 |
| 00228 | HALOPERIDOL | 00228228910 |
| 00228 | HALOPERIDOL | 00228228196 |
| 00228 | HALOPERIDOL | 00228228050 |
| 00228 | HALOPERIDOL | 00228228610 |
| 00228 | HALOPERIDOL | 00228228096 |
| 00228 | HALOPERIDOL | 00228228250 |
| 00228 | HALOPERIDOL | 00228228996 |
| 00228 | HALOPERIDOL | 00228228050 |
| 00228 | HALOPERIDOL | 00228228650 |
| 00228 | HHR | 00228222710 |
| 00228 | HHR | 00228222796 |
| 00228 | HINKLE'S PILLS | 00228134510 |
| 00228 | HYDRALAZINE HCL | 00228221996 |
| 00228 | HYDRALAZINE HCL | 00228222096 |
| 00228 | HYDRALAZINE HCL | 00228222010 |
| 00228 | HYDRALAZINE HCL | 00228221910 |
| 00228 | HYDRALAZINE W/HCTZ | 00228219810 |
| 00228 | HYDRALAZINE W/HCTZ | 00228219610 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | HYDROCHLOROTHIAZIDE | 00228222296 |
| 00228 | HYDROCHLOROTHIAZIDE | 00228222210 |
| 00228 | HYDROCHLOROTHIAZIDE | 00228222196 |
| 00228 | HYDROCHLOROTHIAZIDE/RESERPINE | 00228222596 |
| 00228 | HYDROCHLOROTHIAZIDE/RESERPINE | 00228222510 |
| 00228 | HYDROCHLOROTHIAZIDE/RESERPINE | 00228222410 |
| 00228 | HYDROCORTISONE | 00228221410 |
| 00228 | HYDROCORTISONE | 00228221210 |
| 00228 | HYDROCORTISONE | 00228221601 |
| 00228 | HYDROCORTISONE | 00228221616 |
| 00228 | HYDROCORTISONE ACETATE | 00228221552 |
| 00228 | HYDROFLUMETHIAZIDE W/RESERPINE | 00228222610 |
| 00228 | HYDROFLUMETHIAZIDE W/RESERPINE | 00228222696 |
| 00228 | HYDROGEN PEROXIDE | 00228135116 |
| 00228 | HYDROGEN PEROXIDE | 00228135204 |
| 00228 | HYDROGEN PEROXIDE | 00228135216 |
| 00228 | HYDROGEN PEROXIDE | 00228135104 |
| 00228 | HYDROGEN PEROXIDE | 00228135128 |
| 00228 | HYDROGEN PEROXIDE | 00228135108 |
| 00228 | HYDROGEN PEROXIDE | 00228135132 |
| 00228 | HYDROGEN PEROXIDE | 00228135208 |
| 00228 | HYDROXYZINE HCL | 00228219910 |
| 00228 | HYDROXYZINE HCL | 00228219950 |
| 00228 | HYDROXYZINE HCL | 00228220350 |
| 00228 | HYDROXYZINE HCL | 00228220310 |
| 00228 | HYDROXYZINE HCL | 00228220610 |
| 00228 | HYDROXYZINE PAMOATE | 00228225910 |
| 00228 | HYDROXYZINE PAMOATE | 00228225950 |
| 00228 | HYDROXYZINE PAMOATE | 00228225710 |
| 00228 | HYDROXYZINE PAMOATE | 00228225750 |
| 00228 | IBUPROFEN | 00228212550 |
| 00228 | IBUPROFEN | 00228212510 |
| 00228 | IBUPROFEN | 00228211110 |
| 00228 | IBUPROFEN | 00228212450 |
| 00228 | IBUPROFEN | 00228211150 |
| 00228 | IBUPROFEN | 00228212410 |
| 00228 | ICHTHAMMOL | 00228136301 |
| 00228 | ICHTHAMMOL | 00228136101 |
| 00228 | IMIPRAMINE HCL | 00228223110 |
| 00228 | IMIPRAMINE HCL | 00228223310 |
| 00228 | IMIPRAMINE HCL | 00228223396 |
| 00228 | IMIPRAMINE HCL | 00228223296 |
| 00228 | IMIPRAMINE HCL | 00228223210 |
| 00228 | INDAPAMIDE | 00228259796 |
| 00228 | INDAPAMIDE | 00228257111 |
| 00228 | INDAPAMIDE | 00228259711 |
| 00228 | INDAPAMIDE | 00228257196 |
| 00228 | INDAPAMIDE | 00228259750 |
| 00228 | INDAPAMIDE | 00228257150 |
| 00228 | INDOMETHACIN | 00228224410 |
| 00228 | INDOMETHACIN | 00228224650 |
| 00228 | INDOMETHACIN | 00228224610 |
| 00228 | INDOMETHACIN | 00228224496 |
| 00228 | INDOMETHACIN | 00228224450 |
| 00228 | IODINE | 00228136701 |
| 00228 | IODINE | 00228136901 |
| 00228 | IODINE | 00228136716 |
| 00228 | IODINE | 00228136916 |
| 00228 | IODINE | 00228136972 |
| 00228 | IPECAC | 00228137701 |
| 00228 | ISONIAZID | 00228223696 |
| 00228 | ISOPROPYL ALCOHOL | 00228111132 |
| 00228 | ISOPROPYL ALCOHOL | 00228111128 |
| 00228 | ISOPROPYL ALCOHOL | 00228111308 |
| 00228 | ISOPROPYL ALCOHOL | 00228111116 |
| 00228 | ISOSORBIDE DINITRATE | 00228223410 |
| 00228 | ISOSORBIDE DINITRATE | 00228223710 |
| 00228 | ISOSORBIDE DINITRATE | 00228223550 |
| 00228 | ISOSORBIDE DINITRATE | 00228222850 |
| 00228 | ISOSORBIDE DINITRATE | 00228223796 |
| 00228 | ISOSORBIDE DINITRATE | 00228223510 |
| 00228 | ISOSORBIDE DINITRATE | 00228222810 |
| 00228 | ISOSORBIDE DINITRATE | 00228223850 |
| 00228 | ISOSORBIDE DINITRATE | 00228223596 |
| 00228 | ISOSORBIDE DINITRATE | 00228223810 |
| 00228 | ISOSORBIDE DINITRATE | 00228223896 |
| 00228 | ISOSORBIDE DINITRATE | 00228223910 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | ISOSORBIDE MONONITRATE | 00228271350 |
| 00228 | ISOSORBIDE MONONITRATE | 00228262011 |
| 00228 | ISOSORBIDE MONONITRATE | 00228263111 |
| 00228 | ISOSORBIDE MONONITRATE | 00228271311 |
| 00228 | ISOSORBIDE MONONITRATE | 00228271150 |
| 00228 | ISOSORBIDE MONONITRATE | 00228271111 |
| 00228 | ISOXSUPRINE HCL | 00228224596 |
| 00228 | ISOXSUPRINE HCL | 00228224510 |
| 00228 | ISOXSUPRINE HCL | 00228224396 |
| 00228 | ISOXSUPRINE HCL | 00228224310 |
| 00228 | LEVOTHYROXINE SODIUM | 00228249296 |
| 00228 | LEVOTHYROXINE SODIUM | 00228249196 |
| 00228 | LEVOTHYROXINE SODIUM | 00228249096 |
| 00228 | LEVOTHYROXINE SODIUM | 00228249396 |
| 00228 | LISINOPRIL-HCTZ | 00228270711 |
| 00228 | LISINOPRIL-HCTZ | 00228270703 |
| 00228 | LISINOPRIL-HCTZ | 00228270603 |
| 00228 | LISINOPRIL-HCTZ | 00228270803 |
| 00228 | LISINOPRIL-HCTZ | 00228270611 |
| 00228 | LISINOPRIL-HCTZ | 00228270811 |
| 00228 | LORAZEPAM | 00228206396 |
| 00228 | LORAZEPAM | 00228205750 |
| 00228 | LORAZEPAM | 00228205710 |
| 00228 | LORAZEPAM | 00228205910 |
| 00228 | LORAZEPAM | 00228205996 |
| 00228 | LORAZEPAM | 00228206310 |
| 00228 | LORAZEPAM | 00228206350 |
| 00228 | LORAZEPAM | 00228205950 |
| 00228 | LOVASTATIN | 00228263506 |
| 00228 | LOVASTATIN | 00228263550 |
| 00228 | LOVASTATIN | 00228263306 |
| 00228 | LOVASTATIN | 00228263350 |
| 00228 | LOVASTATIN | 00228263450 |
| 00228 | LOVASTATIN | 00228263406 |
| 00228 | MECLIZINE HCL | 00228257696 |
| 00228 | MECLIZINE HCL | 00228257610 |
| 00228 | MECLIZINE HCL | 00228145210 |
| 00228 | MECLIZINE HCL | 00228145010 |
| 00228 | MECLIZINE HCL | 00228257596 |
| 00228 | MECLIZINE HCL | 00228145096 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | MECLIZINE HCL | 00228145296 |
| 00228 | MECLIZINE HCL | 00228257510 |
| 00228 | MECLOFENAMATE SODIUM | 00228225610 |
| 00228 | MECLOFENAMATE SODIUM | 00228225410 |
| 00228 | MEDROXYPROGESTERONE ACETATE | 00228228505 |
| 00228 | MEPROBAMATE | 00228201696 |
| 00228 | MEPROBAMATE | 00228201896 |
| 00228 | MEPROBAMATE | 00228201810 |
| 00228 | MEPROBAMATE | 00228201610 |
| 00228 | MEPROBAMATE W/ASPIRIN | 00228205610 |
| 00228 | MERCUROCHROME | 00228141101 |
| 00228 | MERTHIOLATE | 00228141572 |
| 00228 | MERTHIOLATE | 00228141501 |
| 00228 | METFORMIN HCL | 00228271511 |
| 00228 | METFORMIN HCL | 00228265750 |
| 00228 | METFORMIN HCL | 00228271550 |
| 00228 | METFORMIN HCL | 00228272811 |
| 00228 | METFORMIN HCL | 00228271811 |
| 00228 | METFORMIN HCL | 00228271850 |
| 00228 | METFORMIN HCL | 00228265711 |
| 00228 | METFORMIN HCL ER | 00228274011 |
| 00228 | METHOCARBAMOL | 00228224750 |
| 00228 | METHOCARBAMOL | 00228224950 |
| 00228 | METHOCARBAMOL | 00228224910 |
| 00228 | METHOCARBAMOL | 00228224710 |
| 00228 | METHYCLOTHIAZIDE | 00228227296 |
| 00228 | METHYCLOTHIAZIDE | 00228227210 |
| 00228 | METHYLDOPA | 00228225550 |
| 00228 | METHYLDOPA | 00228225510 |
| 00228 | METHYLDOPA | 00228225396 |
| 00228 | METHYLDOPA | 00228225350 |
| 00228 | METHYLDOPA | 00228225310 |
| 00228 | METHYLDOPA/HYDROCHLOR OTHIAZIDE | 00228226310 |
| 00228 | METHYLDOPA/HYDROCHLOR OTHIAZIDE | 00228226510 |
| 00228 | METHYLDOPA/HYDROCHLOR OTHIAZIDE | 00228226550 |
| 00228 | METHYLDOPA/HYDROCHLOR OTHIAZIDE | 00228226350 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | METHYLDOPA/HYDROCHLOROTHIAZIDE | 00228226150 |
| 00228 | METHYLDOPA/HYDROCHLOROTHIAZIDE | 00228226750 |
| 00228 | METHYLDOPA/HYDROCHLOROTHIAZIDE | 00228226196 |
| 00228 | METHYLDOPA/HYDROCHLOROTHIAZIDE | 00228226110 |
| 00228 | METHYLDOPA/HYDROCHLOROTHIAZIDE | 00228226710 |
| 00228 | METHYLDOPA/HYDROCHLOROTHIAZIDE | 00228226396 |
| 00228 | METHYLPHENIDATE HCL | 00228209210 |
| 00228 | METHYLPHENIDATE HCL | 00228209310 |
| 00228 | METHYLPHENIDATE HCL | 00228209110 |
| 00228 | METHYLPHENIDATE HCL | 00228208910 |
| 00228 | METHYLPREDNISOLONE | 00228249410 |
| 00228 | METOCLOPRAMIDE HCL | 00228226910 |
| 00228 | METOCLOPRAMIDE HCL | 00228226950 |
| 00228 | Metoclopramide hydrochloride | 00228226910 |
| 00228 | Metoclopramide hydrochloride | 00228226950 |
| 00228 | METOPROLOL TARTRATE | 00228255450 |
| 00228 | METOPROLOL TARTRATE | 00228255550 |
| 00228 | METOPROLOL TARTRATE | 00228255510 |
| 00228 | METOPROLOL TARTRATE | 00228255410 |
| 00228 | METOPROLOL TARTRATE | 00228255496 |
| 00228 | METOPROLOL TARTRATE | 00228255596 |
| 00228 | METRONIDAZOLE | 00228226010 |
| 00228 | METRONIDAZOLE | 00228225810 |
| 00228 | METRONIDAZOLE | 00228225825 |
| 00228 | MILK OF MAGNESIA | 00228142128 |
| 00228 | MILK OF MAGNESIA | 00228142132 |
| 00228 | MILK OF MAGNESIA | 00228142116 |
| 00228 | MINERAL OIL | 00228142716 |
| 00228 | MINERAL OIL | 00228142928 |
| 00228 | MINERAL OIL | 00228142728 |
| 00228 | MINERAL OIL | 00228142916 |
| 00228 | MINERAL OIL | 00228143116 |
| 00228 | MINOXIDIL | 00228252610 |
| 00228 | MINOXIDIL | 00228252650 |
| 00228 | NAPROXEN | 00228252296 |
| 00228 | NAPROXEN | 00228252250 |
| 00228 | NAPROXEN | 00228252150 |
| 00228 | NAPROXEN | 00228252396 |
| 00228 | NAPROXEN | 00228261711 |
| 00228 | NAPROXEN | 00228274511 |
| 00228 | NAPROXEN | 00228252350 |
| 00228 | NAPROXEN | 00228252110 |
| 00228 | NAPROXEN | 00228252310 |
| 00228 | NAPROXEN | 00228261811 |
| 00228 | NAPROXEN | 00228274610 |
| 00228 | NAPROXEN | 00228252210 |
| 00228 | NAPROXEN | 00228252196 |
| 00228 | NAPROXEN SODIUM | 00228254810 |
| 00228 | NAPROXEN SODIUM | 00228254750 |
| 00228 | NAPROXEN SODIUM | 00228254850 |
| 00228 | NAPROXEN SODIUM | 00228254710 |
| 00228 | NIACIN | 00228186910 |
| 00228 | NIACIN | 00228186796 |
| 00228 | NIACIN | 00228186710 |
| 00228 | NIACIN | 00228284010 |
| 00228 | NIACIN | 00228186996 |
| 00228 | NIACINAMIDE | 00228188910 |
| 00228 | NIFEDIPINE | 00228249710 |
| 00228 | NIFEDIPINE | 00228253030 |
| 00228 | NIFEDIPINE | 00228249730 |
| 00228 | NIFEDIPINE | 00228253010 |
| 00228 | NITROFURANTOIN | 00228226410 |
| 00228 | NITROFURANTOIN | 00228226210 |
| 00228 | NITROGLYCERIN | 00228226810 |
| 00228 | NITROGLYCERIN | 00228226610 |
| 00228 | NUMZIDENT | 00228190572 |
| 00228 | NYSTATIN | 00228227614 |
| 00228 | NYSTATIN | 00228227710 |
| 00228 | NYSTATIN | 00228227963 |
| 00228 | NYSTATIN W/TRIAMCINOLONE | 00228246571 |
| 00228 | NYSTATIN W/TRIAMCINOLONE | 00228246570 |
| 00228 | OLIVE OIL | 00228146904 |
| 00228 | OLIVE OIL | 00228116904 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00228 | OLIVE OIL | 00228146902 | 00228 | PENTOXIFYLLINE | 00228276911 |
| 00228 | OLIVE OIL | 00228146916 | 00228 | PENTOXIFYLLINE | 00228261111 |
| 00228 | ORRIS ROOTS | 00228147323 | 00228 | PENTOXIFYLLINE | 00228276096 |
| 00228 | OXAPROZIN | 00228261450 | 00228 | PENTOXIFYLLINE | 00228274711 |
| 00228 | OXAPROZIN | 00228261411 | 00228 | PENTOXIFYLLINE | 00228261150 |
| 00228 | OXAZEPAM | 00228207310 | 00228 | PEPPERMINT | 00228148501 |
| 00228 | OXAZEPAM | 00228207350 | 00228 | PHARMACORT | 00228148975 |
| 00228 | OXAZEPAM | 00228206750 | 00228 | PHENAZOPYRIDINE HCL | 00228229310 |
| 00228 | OXAZEPAM | 00228206950 | 00228 | PHENAZOPYRIDINE HCL | 00228229410 |
| 00228 | OXAZEPAM | 00228206910 | 00228 | PHENOBARBITAL | 00228202810 |
| 00228 | OXAZEPAM | 00228206710 | 00228 | PHENOBARBITAL | 00228202696 |
| 00228 | OXYCODONE W/ACETAMINOPHEN | 00228201910 | 00228 | PHENOBARBITAL | 00228203096 |
| 00228 | OXYCODONE W/ACETAMINOPHEN | 00228201950 | 00228 | PHENOBARBITAL | 00228202416 |
| 00228 | OXYCODONE W/ASPIRIN | 00228206550 | 00228 | PHENOBARBITAL | 00228202428 |
| 00228 | OXYCODONE W/ASPIRIN | 00228206510 | 00228 | PHENOBARBITAL | 00228202896 |
| 00228 | OXYCODONE W/ASPIRIN | 00228206596 | 00228 | PHENTERMINE HCL | 00228301611 |
| 00228 | OXYTETRACYCLINE HCL | 00228227810 | 00228 | PHENTERMINE HCL | 00228301696 |
| 00228 | OXYTETRACYCLINE HCL | 00228227896 | 00228 | PHENTERMINE HCL | 00228209410 |
| 00228 | PAPAVERINE HCL | 00228229210 | 00228 | PHENYLPROPANOLAMINE W/CPM | 00228231396 |
| 00228 | PAPAVERINE HCL | 00228229296 | 00228 | PHENYLPROPANOLAMINE W/CPM | 00228231310 |
| 00228 | PAREGORIC | 00228202016 | 00228 | PHENYTOIN SODIUM,EXTENDED | 00228238410 |
| 00228 | PAREGORIC | 00228202028 | 00228 | PHENYTOIN SODIUM,EXTENDED | 00228238496 |
| 00228 | PENICILLIN G POTASSIUM | 00228230010 | 00228 | PILOCARPINE HCL | 00228283711 |
| 00228 | PENICILLIN G POTASSIUM | 00228230096 | 00228 | PILOCARPINE HCL | 00228280111 |
| 00228 | PENICILLIN G POTASSIUM | 00228229610 | 00228 | PINDOLOL | 00228253510 |
| 00228 | PENICILLIN G POTASSIUM | 00228230410 | 00228 | PINDOLOL | 00228253410 |
| 00228 | PENICILLIN G POTASSIUM | 00228230496 | 00228 | POTASSIUM CHLORIDE | 00228232016 |
| 00228 | PENICILLIN V POTASSIUM | 00228233096 | 00228 | POTASSIUM CHLORIDE | 00228231828 |
| 00228 | PENICILLIN V POTASSIUM | 00228232496 | 00228 | POTASSIUM CHLORIDE | 00228231816 |
| 00228 | PENICILLIN V POTASSIUM | 00228232883 | 00228 | POTASSIUM NITRATE | 00228155302 |
| 00228 | PENICILLIN V POTASSIUM | 00228232410 | 00228 | POTASSIUM NITRATE | 00228155316 |
| 00228 | PENICILLIN V POTASSIUM | 00228233010 | 00228 | PPA/PE/PHENYLTOLOX/CPM TD | 00228231910 |
| 00228 | PENTAERYTHRITOL TETRANITRATE | 00228231296 | 00228 | PPA/PE/PHENYLTOLOX/CPM TD | 00228231950 |
| 00228 | PENTAERYTHRITOL TETRANITRATE | 00228231196 | 00228 | PRAZOSIN HCL | 00228250110 |
| 00228 | PENTAERYTHRITOL TETRANITRATE | 00228231210 | 00228 | PRAZOSIN HCL | 00228250250 |
| 00228 | PENTOXIFYLLINE | 00228274750 | 00228 | PRAZOSIN HCL | 00228250096 |
| 00228 | PENTOXIFYLLINE | 00228261196 | 00228 | PRAZOSIN HCL | 00228250125 |
| 00228 | PENTOXIFYLLINE | 00228276950 | 00228 | PRAZOSIN HCL | 00228250025 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | PRAZOSIN HCL | 00228250196 |
| 00228 | PRAZOSIN HCL | 00228250210 |
| 00228 | PRAZOSIN HCL | 00228250010 |
| 00228 | PRAZOSIN HCL | 00228250225 |
| 00228 | PREDNISOLONE | 00228233296 |
| 00228 | PREDNISOLONE | 00228233210 |
| 00228 | PREDNISONE | 00228233610 |
| 00228 | PREDNISONE | 00228233696 |
| 00228 | PREDNISONE | 00228233850 |
| 00228 | PREDNISONE | 00228233750 |
| 00228 | PREDNISONE | 00228233710 |
| 00228 | PREDNISONE | 00228233810 |
| 00228 | PROBENECID | 00228234396 |
| 00228 | PROBENECID | 00228234310 |
| 00228 | PROBENECID W/COLCHICINE | 00228234110 |
| 00228 | PROCAINAMIDE HCL | 00228234296 |
| 00228 | PROCAINAMIDE HCL | 00228234610 |
| 00228 | PROCAINAMIDE HCL | 00228234210 |
| 00228 | PROCAINAMIDE HCL | 00228237310 |
| 00228 | PROCAINAMIDE HCL | 00228237110 |
| 00228 | PROCAINAMIDE HCL | 00228233510 |
| 00228 | PROCAINAMIDE HCL | 00228237210 |
| 00228 | PROCHLORPERAZINE/ISOPRO PAMIDE | 00228234750 |
| 00228 | PROCHLORPERAZINE/ISOPRO PAMIDE | 00228234710 |
| 00228 | PROMETHAZINE HCL | 00228235016 |
| 00228 | PROMETHAZINE VC W/CODEINE | 00228207228 |
| 00228 | PROMETHAZINE VC W/CODEINE | 00228207216 |
| 00228 | PROMETHAZINE W/CODEINE | 00228207516 |
| 00228 | PROMETHAZINE W/CODEINE | 00228207128 |
| 00228 | PROMETHAZINE W/CODEINE | 00228207116 |
| 00228 | PROMETHAZINE W/CODEINE | 00228207528 |
| 00228 | PROPANTHELINE BROMIDE | 00228235510 |
| 00228 | PROPOXYPHENE HCL | 00228208210 |
| 00228 | PROPOXYPHENE HCL | 00228208250 |
| 00228 | PROPOXYPHENE NAPSYLATE W/APAP | 00228208550 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | PROPOXYPHENE NAPSYLATE W/APAP | 00228208510 |
| 00228 | PROPRANOLOL HCL | 00228232996 |
| 00228 | PROPRANOLOL HCL | 00228232196 |
| 00228 | PROPRANOLOL HCL | 00228232796 |
| 00228 | PROPRANOLOL HCL | 00228232210 |
| 00228 | PROPRANOLOL HCL | 00228232750 |
| 00228 | PROPRANOLOL HCL | 00228232710 |
| 00228 | PROPRANOLOL HCL | 00228233310 |
| 00228 | PROPRANOLOL HCL | 00228232910 |
| 00228 | PROPRANOLOL HCL | 00228232950 |
| 00228 | PROPRANOLOL HCL | 00228232110 |
| 00228 | PROPRANOLOL HCL | 00228233196 |
| 00228 | PROPRANOLOL HCL | 00228233150 |
| 00228 | PROPRANOLOL HCL | 00228233110 |
| 00228 | PROPRANOLOL HCL | 00228233350 |
| 00228 | PROPRANOLOL HCL W/HCTZ | 00228235810 |
| 00228 | PROPRANOLOL HCL W/HCTZ | 00228236010 |
| 00228 | PROPRANOLOL HCL W/HCTZ | 00228235850 |
| 00228 | PROPRANOLOL HCL W/HCTZ | 00228236050 |
| 00228 | PROPRANOLOL HCL W/HCTZ | 00228236096 |
| 00228 | PROPRANOLOL HCL W/HCTZ | 00228235896 |
| 00228 | Propranolol Hydrochloride | 00228277811 |
| 00228 | Propranolol Hydrochloride | 00228277850 |
| 00228 | Propranolol Hydrochloride | 00228277911 |
| 00228 | Propranolol Hydrochloride | 00228277950 |
| 00228 | Propranolol Hydrochloride | 00228278011 |
| 00228 | Propranolol Hydrochloride | 00228278050 |
| 00228 | Propranolol Hydrochloride | 00228278111 |
| 00228 | Propranolol Hydrochloride | 00228278150 |
| 00228 | PROPYLTHIOURACIL | 00228234810 |
| 00228 | Propylthiouracil | 00228234810 |
| 00228 | PSEUDOEPHEDRINE HCL | 00228150410 |
| 00228 | PUREBROM | 00228150616 |
| 00228 | PUREBROM | 00228150628 |
| 00228 | PUREBROM COMPOUND | 00228236628 |
| 00228 | PUREBROM COMPOUND | 00228236496 |
| 00228 | PUREBROM COMPOUND | 00228236616 |
| 00228 | PUREBROM COMPOUND | 00228236410 |
| 00228 | PYRIDOXINE HCL | 00228287060 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | QUINIDINE GLUCONATE | 00228235710 |
| 00228 | QUINIDINE GLUCONATE | 00228235725 |
| 00228 | QUINIDINE SULFATE | 00228235696 |
| 00228 | QUINIDINE SULFATE | 00228235610 |
| 00228 | QUININE SULFATE | 00228151196 |
| 00228 | QUININE SULFATE | 00228151110 |
| 00228 | QUININE SULFATE | 00228150710 |
| 00228 | RAUWOLFIA SERPENTINA | 00228236896 |
| 00228 | RAUWOLFIA SERPENTINA | 00228237010 |
| 00228 | RAUWOLFIA SERPENTINA | 00228237096 |
| 00228 | RESERPINE | 00228237610 |
| 00228 | RESERPINE | 00228237696 |
| 00228 | RESERPINE | 00228237496 |
| 00228 | RHUBARB & SODA | 00228153116 |
| 00228 | RHUBARB & SODA | 00228153104 |
| 00228 | ROLOX | 00228154112 |
| 00228 | RUBBING ALCOHOL | 00228110916 |
| 00228 | SALTPETER (POTASSIUM NITRATE) | 00228155304 |
| 00228 | SENNA LEAVES | 00228156501 |
| 00228 | SODA MINT | 00228157301 |
| 00228 | SODA MINT | 00228157310 |
| 00228 | SODIUM BICARBONATE | 00228157904 |
| 00228 | SODIUM BICARBONATE | 00228158310 |
| 00228 | SODIUM BICARBONATE | 00228157916 |
| 00228 | SODIUM CHLORIDE | 00228158510 |
| 00228 | SODIUM CHLORIDE W/DEXTROSE | 00228158710 |
| 00228 | SPIRONOLACTONE | 00228280311 |
| 00228 | SPIRONOLACTONE | 00228280350 |
| 00228 | SPIRONOLACTONE | 00228238850 |
| 00228 | SPIRONOLACTONE | 00228238896 |
| 00228 | SPIRONOLACTONE | 00228267350 |
| 00228 | SPIRONOLACTONE | 00228267311 |
| 00228 | SPIRONOLACTONE | 00228238810 |
| 00228 | SPIRONOLACTONE | 00228267250 |
| 00228 | SPIRONOLACTONE | 00228267211 |
| 00228 | SPIRONOLACTONE W/HCTZ | 00228239010 |
| 00228 | SPIRONOLACTONE W/HCTZ | 00228239096 |
| 00228 | SPIRONOLACTONE W/HCTZ | 00228239050 |
| 00228 | SULFAMETHOXAZOLE | 00228238510 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | SULFAMETHOXAZOLE/TRIMETHOPRIM | 00228239416 |
| 00228 | SULFAMETHOXAZOLE/TRIMETHOPRIM | 00228239510 |
| 00228 | SULFAMETHOXAZOLE/TRIMETHOPRIM | 00228239550 |
| 00228 | SULFAMETHOXAZOLE/TRIMETHOPRIM | 00228240710 |
| 00228 | SULFAMETHOXAZOLE/TRIMETHOPRIM | 00228239316 |
| 00228 | SULFASALAZINE | 00228239910 |
| 00228 | SULFASALAZINE | 00228239950 |
| 00228 | SULFISOXAZOLE | 00228238610 |
| 00228 | SULFISOXAZOLE | 00228238696 |
| 00228 | SULFUR | 00228160304 |
| 00228 | SULFUR | 00228160316 |
| 00228 | SULFUR | 00228160302 |
| 00228 | SULFUR SUBLIMED | 00228160308 |
| 00228 | SWEET OIL | 00228161502 |
| 00228 | SWEET OIL | 00228161501 |
| 00228 | SWEETASTE | 00228195796 |
| 00228 | SWEETASTE | 00228195596 |
| 00228 | SWEETASTE | 00228195394 |
| 00228 | SWEETASTE | 00228195396 |
| 00228 | SWEETASTE SACCHARIN | 00228195395 |
| 00228 | TEMAZEPAM | 00228207610 |
| 00228 | TEMAZEPAM | 00228207650 |
| 00228 | TEMAZEPAM | 00228207710 |
| 00228 | TEMAZEPAM | 00228207750 |
| 00228 | TERPIN HYDRATE | 00228162528 |
| 00228 | TERPIN HYDRATE | 00228162516 |
| 00228 | TERPIN HYDRATE W/CODEINE | 00228106102 |
| 00228 | TERPIN HYDRATE W/CODEINE | 00228106104 |
| 00228 | TERPIN HYDRATE W/CODEINE | 00228106128 |
| 00228 | TERPIN HYDRATE W/CODEINE | 00228106116 |
| 00228 | TERPIN HYDRATE W/DM | 00228162704 |
| 00228 | TESTOSTERONE | 00228246260 |
| 00228 | TESTOSTERONE | 00228246460 |
| 00228 | TESTOSTERONE PROPIONATE | 00228246760 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00228 | TETRACYCLINE HCL | 00228240496 |
| 00228 | TETRACYCLINE HCL | 00228241016 |
| 00228 | TETRACYCLINE HCL | 00228240410 |
| 00228 | TETRACYCLINE HCL | 00228240650 |
| 00228 | TETRACYCLINE HCL | 00228240696 |
| 00228 | TETRACYCLINE HCL | 00228240610 |
| 00228 | THEOPHYLLINE ANHYDROUS | 00228242110 |
| 00228 | THEOPHYLLINE ANHYDROUS | 00228242510 |
| 00228 | THEOPHYLLINE ANHYDROUS | 00228242310 |
| 00228 | THIORIDAZINE HCL | 00228241196 |
| 00228 | THIORIDAZINE HCL | 00228241310 |
| 00228 | THIORIDAZINE HCL | 00228241710 |
| 00228 | THIORIDAZINE HCL | 00228241396 |
| 00228 | THIORIDAZINE HCL | 00228241510 |
| 00228 | THIORIDAZINE HCL | 00228241910 |
| 00228 | THIORIDAZINE HCL | 00228241796 |
| 00228 | THIORIDAZINE HCL | 00228241596 |
| 00228 | THIORIDAZINE HCL | 00228241110 |
| 00228 | THYROID | 00228243896 |
| 00228 | THYROID | 00228243496 |
| 00228 | TICLOPIDINE HCL | 00228261306 |
| 00228 | TICLOPIDINE HCL | 00228261303 |
| 00228 | TICLOPIDINE HCL | 00228261311 |
| 00228 | TIZANIDINE HCL | 00228274250 |
| 00228 | TIZANIDINE HCL | 00228274215 |
| 00228 | TIZANIDINE HCL | 00228274150 |
| 00228 | TIZANIDINE HCL | 00228274115 |
| 00228 | TOLAZAMIDE | 00228241610 |
| 00228 | TOLAZAMIDE | 00228241650 |
| 00228 | TOLAZAMIDE | 00228241210 |
| 00228 | TOLAZAMIDE | 00228241496 |
| 00228 | TOLAZAMIDE | 00228241410 |
| 00228 | TOLAZAMIDE | 00228241421 |
| 00228 | TOLAZAMIDE | 00228241450 |
| 00228 | TOLBUTAMIDE | 00228244010 |
| 00228 | TOLBUTAMIDE | 00228244050 |
| 00228 | TOLBUTAMIDE | 00228244096 |
| 00228 | TOLMETIN SODIUM | 00228248010 |
| 00228 | TOLMETIN SODIUM | 00228252010 |
| 00228 | TOLMETIN SODIUM | 00228252050 |
| 00228 | TOLMETIN SODIUM | 00228248050 |
| 00228 | TOLNAFTATE | 00228163272 |
| 00228 | TRAMADOL HCL | 00228271411 |
| 00228 | TRAMADOL HCL | 00228271450 |
| 00228 | TRAZODONE HCL | 00228243950 |
| 00228 | TRAZODONE HCL | 00228244110 |
| 00228 | TRAZODONE HCL | 00228243910 |
| 00228 | TRIAMCINOLONE | 00228245410 |
| 00228 | TRIAMCINOLONE ACETONIDE | 00228246684 |
| 00228 | TRIAMCINOLONE ACETONIDE | 00228246670 |
| 00228 | TRIAMTERENE W/HCTZ | 00228250310 |
| 00228 | TRIAMTERENE W/HCTZ | 00228250350 |
| 00228 | TRIFLUOPERAZINE HCL | 00228245910 |
| 00228 | TRIFLUOPERAZINE HCL | 00228246310 |
| 00228 | TRIFLUOPERAZINE HCL | 00228246110 |
| 00228 | TRIPROLIDINE W/PSEUDOEPHEDRINE | 00228164396 |
| 00228 | TRIPROLIDINE W/PSEUDOEPHEDRINE | 00228246816 |
| 00228 | TRIPROLIDINE W/PSEUDOEPHEDRINE | 00228164416 |
| 00228 | TRIPROLIDINE W/PSEUDOEPHEDRINE | 00228246996 |
| 00228 | TURPENTINE | 00228163502 |
| 00228 | TURPENTINE | 00228163504 |
| 00228 | VALPROIC ACID | 00228245510 |
| 00228 | VERAPAMIL HCL | 00228247550 |
| 00228 | VERAPAMIL HCL | 00228247510 |
| 00228 | VERAPAMIL HCL | 00228247396 |
| 00228 | VERAPAMIL HCL | 00228247350 |
| 00228 | VERAPAMIL HCL | 00228247596 |
| 00228 | VERAPAMIL HCL | 00228247310 |
| 00228 | VITAMIN B-1 | 00228182310 |
| 00228 | VITAMIN B-1 | 00228182110 |
| 00228 | VITAMIN B-12 | 00228286261 |
| 00228 | VITAMIN B-12 | 00228286260 |
| 00228 | VITAMIN B-6 | 00228187910 |
| 00228 | VITAMIN B-6 | 00228187996 |
| 00228 | VITAMIN B-6 | 00228188010 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00228 | VITAMIN C | 00228180310 | 00472 | ALBUTEROL | 00472126463 |
| 00228 | VITAMIN C | 00228180510 | 00472 | ALBUTEROL | 00472126478 |
| 00228 | VITAMIN C | 00228181110 | 00472 | ALBUTEROL SULFATE | 00472082516 |
| 00228 | VITAMIN C | 00228180910 | 00472 | ALBUTEROL SULFATE | 00472083130 |
| 00228 | VITAMIN C | 00228180796 | 00472 | ALBUTEROL SULFATE | 00472082504 |
| 00228 | VITAMIN C | 00228180710 | 00472 | ALBUTEROL SULFATE | 00472083220 |
| 00228 | VITAMIN E | 00228185310 | 00472 | ALBUTEROL SULFATE | 00472083123 |
| 00228 | WHITFIELD'S OINTMENT | 00228165301 | 00472 | ALBUTEROL SULFATE | 00472083160 |
| 00228 | WINTERGREEN | 00228165901 | 00472 | ALBUTEROL SULFATE | 00472082508 |
| 00228 | WINTERGREEN | 00228165904 | 00472 | ALLERGY | 00472052534 |
| 00228 | WINTERGREEN | 00228165902 | 00472 | ALLERGY | 00472052556 |
| 00228 | WITCH HAZEL | 00228166308 | 00472 | ALUM | 00472160102 |
| 00228 | WITCH HAZEL | 00228166316 | 00472 | ALUM | 00472160104 |
| 00228 | WITCH HAZEL | 00228166332 | 00472 | ALUMINUM HYDROXIDE | 00472009016 |
| 00228 | ZINC OXIDE | 00228166901 | 00472 | ALUMINUM HYDROXIDE | 00472090216 |
| 00228 | ZINC OXIDE | 00228166902 | 00472 | ALUMINUM HYDROXIDE | 00472089816 |
| 00228 | Zolpidem Tartrate | 00228348111 | 00472 | ALUMINUM HYDROXIDE | 00472090228 |
| 00228 | Zolpidem Tartrate | 00228348150 | 00472 | AMANTADINE HCL | 00472083316 |
| 00472 | ACETAMINOPHEN | 00472064794 | 00472 | AMINOPHYLLINE | 00472087308 |
| 00472 | ACETAMINOPHEN | 00472141816 | 00472 | AMMONIA AROMATIC | 00472070031 |
| 00472 | ACETAMINOPHEN | 00472141415 | 00472 | AMMONIA AROMATIC | 00472070016 |
| 00472 | ACETAMINOPHEN | 00472141504 | 00472 | AMMONIA AROMATIC | 00472070028 |
| 00472 | ACETAMINOPHEN | 00472141828 | 00472 | AMMONIA AROMATIC | 00472070002 |
| 00472 | ACETAMINOPHEN | 00472141594 | 00472 | AMMONIA AROMATIC | 00472070004 |
| 00472 | ACETAMINOPHEN | 00472141804 | 00472 | APAP | 00472141499 |
| 00472 | ACETAMINOPHEN | 00472141528 | 00472 | APAP | 00472141028 |
| 00472 | ACETAMINOPHEN | 00472141516 | 00472 | APAP | 00472141094 |
| 00472 | ACETAMINOPHEN W/CODEINE | 00472141916 | 00472 | APAP | 00472141004 |
| 00472 | ACETAMINOPHEN W/CODEINE | 00472141904 | 00472 | APAP | 00472141016 |
| 00472 | ACETAMINOPHEN W/CODEINE | 00472141928 | 00472 | APAP | 00472141799 |
| 00472 | ACETASOL | 00472088099 | 00472 | ARNICA | 00472070116 |
| 00472 | ACETASOL | 00472088015 | 00472 | ARNICA | 00472070131 |
| 00472 | ACETASOL | 00472088031 | 00472 | ARNICA | 00472070102 |
| 00472 | ACETASOL HC | 00472088282 | 00472 | AROMATIC ELIXIR | 00472091216 |
| 00472 | ACETONE | 00472090016 | 00472 | AROMATIC ELIXIR | 00472091228 |
| 00472 | ACETONE | 00472090028 | 00472 | ASCORBIC ACID | 00472090704 |
| 00472 | ACYCLOVIR | 00472008216 | 00472 | ASCORBIC ACID | 00472090716 |
| 00472 | ALAMAG | 00472000228 | 00472 | AURINOL | 00472000615 |
| 00472 | ALAMAG | 00472000212 | 00472 | AURINOL | 00472000699 |
| | | | 00472 | AUROTO | 00472001415 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | AUROTO | 00472001615 |
| 00472 | AUROTO | 00472001699 |
| 00472 | AVALGESIC | 00472000704 |
| 00472 | AVALGESIC | 00472000728 |
| 00472 | BACITRACIN ZINC | 00472110526 |
| 00472 | BACITRACIN ZINC | 00472110534 |
| 00472 | BACITRACIN ZINC | 00472110556 |
| 00472 | BACITRACIN ZINC | 00472110516 |
| 00472 | BANGESIC | 00472072028 |
| 00472 | BANGESIC | 00472072002 |
| 00472 | BARAHIST EC | 00472143228 |
| 00472 | BARAHIST EC | 00472143216 |
| 00472 | BAROPHEN | 00472098104 |
| 00472 | BAROPHEN | 00472098128 |
| 00472 | BAROPHEN | 00472098116 |
| 00472 | BELLADONNA ALKALOIDS EXTRACT | 00472091816 |
| 00472 | BENZALKONIUM CHLORIDE | 00472146216 |
| 00472 | BENZALKONIUM CHLORIDE | 00472146228 |
| 00472 | BENZOIN | 00472092216 |
| 00472 | BENZOIN COMPOUND | 00472070628 |
| 00472 | BENZOIN COMPOUND | 00472070602 |
| 00472 | BENZOIN COMPOUND | 00472070631 |
| 00472 | BENZOIN COMPOUND | 00472070616 |
| 00472 | BENZOIN COMPOUND | 00472070604 |
| 00472 | BETAMETHASONE DIPROPIONATE | 00472038045 |
| 00472 | BETAMETHASONE DIPROPIONATE | 00472038145 |
| 00472 | BETAMETHASONE DIPROPIONATE | 00472038015 |
| 00472 | BETAMETHASONE DIPROPIONATE | 00472070802 |
| 00472 | BETAMETHASONE DIPROPIONATE | 00472138202 |
| 00472 | BETAMETHASONE DIPROPIONATE | 00472038115 |
| 00472 | BETAMETHASONE DP AUGMENTED | 00472038250 |
| 00472 | BETAMETHASONE DP AUGMENTED | 00472038245 |
| 00472 | BETAMETHASONE DP AUGMENTED | 00472038215 |
| 00472 | BETAMETHASONE VALERATE | 00472070502 |
| 00472 | BETAMETHASONE VALERATE | 00472037202 |
| 00472 | BETAMETHASONE | 00472037145 |

| Labeler Code | Name | NDC |
|---|---|---|
| | VALERATE | |
| 00472 | BETAMETHASONE VALERATE | 00472037115 |
| 00472 | BETAMETHASONE VALERATE | 00472037045 |
| 00472 | BETAMETHASONE VALERATE | 00472037015 |
| 00472 | BISACODYL | 00472510012 |
| 00472 | BLUESTONE | 00472160402 |
| 00472 | BORAX | 00472160504 |
| 00472 | BORIC ACID | 00472160712 |
| 00472 | BORIC ACID | 00472160704 |
| 00472 | BORIC ACID | 00472160702 |
| 00472 | BROMANATE | 00472071428 |
| 00472 | BROMANATE | 00472071416 |
| 00472 | BROMANATE | 00472072498 |
| 00472 | BROMANATE | 00472011198 |
| 00472 | BROMANATE | 00472071128 |
| 00472 | BROMANATE | 00472072428 |
| 00472 | BROMANATE | 00472071198 |
| 00472 | BROMANATE | 00472011194 |
| 00472 | BROMANATE | 00472071104 |
| 00472 | BROMANATE | 00472072416 |
| 00472 | BROMANATE | 00472011104 |
| 00472 | BROMANATE | 00472071194 |
| 00472 | BROMANATE | 00472011116 |
| 00472 | BROMANATE | 00472071116 |
| 00472 | BROMANATE | 00472071404 |
| 00472 | BROMANATE | 00472072494 |
| 00472 | BROMANATE | 00472072404 |
| 00472 | BROMANATE DC | 00472071628 |
| 00472 | BROMANATE DC | 00472071616 |
| 00472 | BROMANATE DC | 00472071604 |
| 00472 | BROMANATE DM | 00472011298 |
| 00472 | BROMANATE DM | 00472071294 |
| 00472 | BROMANATE DM | 00472071298 |
| 00472 | BROMANATE DM | 00472142694 |
| 00472 | BROMANATE DM | 00472142698 |
| 00472 | BROMANATE DM | 00472011294 |
| 00472 | BROMANATE-DC | 00472164516 |
| 00472 | BROMANATE-DC | 00472163104 |
| 00472 | BROMANATE-DC | 00472163128 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | BROMANATE-DC | 00472164528 |
| 00472 | BROMANATE-DC | 00472163116 |
| 00472 | BROMANATE-DC | 00472164504 |
| 00472 | BROMANYL | 00472071728 |
| 00472 | BROMANYL | 00472071716 |
| 00472 | BROMANYL | 00472163416 |
| 00472 | BROMANYL | 00472163428 |
| 00472 | BROMANYL | 00472163404 |
| 00472 | BROMPHENIRAMINE MALEATE | 00472072128 |
| 00472 | BROMPHENIRAMINE MALEATE | 00472072116 |
| 00472 | BRONDELATE | 00472070928 |
| 00472 | BRONDELATE | 00472070916 |
| 00472 | BROWN'S MIXTURE,AMMONIATED | 00472071816 |
| 00472 | BROWN'S MIXTURE,AMMONIATED | 00472071828 |
| 00472 | BUROW'S SOLUTION | 00472093116 |
| 00472 | BUTABARBITAL SODIUM | 00472093316 |
| 00472 | BUTABARBITAL SODIUM | 00472093328 |
| 00472 | CALAHIST | 00472094706 |
| 00472 | CALAMINE | 00472072328 |
| 00472 | CALAMINE | 00472072308 |
| 00472 | CALAMINE | 00472072304 |
| 00472 | CALAMINE | 00472072316 |
| 00472 | CALAMINE PHENOLATED | 00472072504 |
| 00472 | CALAMINE PHENOLATED | 00472072508 |
| 00472 | CAPSAICIN | 00472010357 |
| 00472 | CAPSAICIN | 00472010242 |
| 00472 | CARAFATE | 00472500760 |
| 00472 | CARDAMOM COMPOUND | 00472094216 |
| 00472 | CARDEC-DM | 00472073116 |
| 00472 | CARDEC-DM | 00472073331 |
| 00472 | CARDEC-DM | 00472073128 |
| 00472 | CARDEC-DM | 00472073016 |
| 00472 | CARDEC-DM | 00472073028 |
| 00472 | CARDEC-DM | 00472073104 |
| 00472 | CARDEC-S | 00472072728 |
| 00472 | CARDEC-S | 00472072716 |
| 00472 | CASCARA SAGRADA | 00472073216 |
| 00472 | CASCARA SAGRADA | 00472073204 |
| 00472 | CASCARA SAGRADA | 00472073228 |
| 00472 | CASCARA SAGRADA | 00472073280 |
| 00472 | CASTOR OIL | 00472073704 |
| 00472 | CASTOR OIL | 00472073702 |
| 00472 | CATNIP | 00472160831 |
| 00472 | CATNIP & FENNEL | 00472073804 |
| 00472 | CHERRALEX W/CODEINE | 00472095228 |
| 00472 | CHERRY SYRUP | 00472094916 |
| 00472 | CHERRY SYRUP | 00472094928 |
| 00472 | CHLORAL HYDRATE | 00472130028 |
| 00472 | CHLORAL HYDRATE | 00472130016 |
| 00472 | CHLORHEXIDINE GLUCONATE | 00472003616 |
| 00472 | CHLORPHENIRAMINE MALEATE | 00472146428 |
| 00472 | CHLORPHENIRAMINE MALEATE | 00472146416 |
| 00472 | CHLORPROMAZINE HCL | 00472074298 |
| 00472 | CHOLINE MAG TRISALICYLATE | 00472014001 |
| 00472 | CHOLINE MAG TRISALICYLATE | 00472014010 |
| 00472 | CHOLINE MAG TRISALICYLATE | 00472014110 |
| 00472 | CHOLINE MAG TRISALICYLATE | 00472014210 |
| 00472 | CIMETIDINE HCL | 00472051416 |
| 00472 | CIMETIDINE HCL | 00472051408 |
| 00472 | CITRATE OF MAGNESIA | 00472074403 |
| 00472 | CITRONELLA OIL | 00472074502 |
| 00472 | CITRONELLA OIL | 00472074531 |
| 00472 | CLEMASTINE FUMARATE | 00472085704 |
| 00472 | CLINDAMYCIN PHOSPHATE | 00472098791 |
| 00472 | CLINDAMYCIN PHOSPHATE | 00472098792 |
| 00472 | CLOBETASOL PROPIONATE | 00472040115 |
| 00472 | CLOBETASOL PROPIONATE | 00472040130 |
| 00472 | CLOBETASOL PROPIONATE | 00472040160 |
| 00472 | CLOBETASOL PROPIONATE | 00472040145 |
| 00472 | CLOBETASOL PROPIONATE | 00472040015 |
| 00472 | CLOBETASOL PROPIONATE | 00472040030 |
| 00472 | CLOBETASOL PROPIONATE | 00472040225 |
| 00472 | CLOBETASOL PROPIONATE | 00472040060 |
| 00472 | CLOBETASOL PROPIONATE | 00472040045 |
| 00472 | CLOBETASOL PROPIONATE | 00472040250 |
| 00472 | CLORAZEPATE DIPOTASSIUM | 00472005110 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00472 | CLORAZEPATE DIPOTASSIUM | 00472004710 | 00472 | DECOFED | 00472151716 |
| 00472 | CLORAZEPATE DIPOTASSIUM | 00472004950 | 00472 | DECOHIST | 00472096416 |
| 00472 | CLORAZEPATE DIPOTASSIUM | 00472004750 | 00472 | DECOHIST | 00472096428 |
| 00472 | CLORAZEPATE DIPOTASSIUM | 00472004910 | 00472 | DENATURED ALCOHOL | 00472091716 |
| 00472 | CLOTRIMAZOLE | 00472022041 | 00472 | DENATURED ALCOHOL | 00472091728 |
| 00472 | CLOTRIMAZOLE | 00472000741 | 00472 | DETUSSIN | 00472095816 |
| 00472 | CLOTRIMAZOLE | 00472022063 | 00472 | DETUSSIN | 00472095728 |
| 00472 | CLOTRIMAZOLE | 00472000763 | 00472 | DETUSSIN | 00472095716 |
| 00472 | CLOTRIMAZOLE-BETAMETHASONE | 00472037945 | 00472 | DETUSSIN | 00472095828 |
| 00472 | CLOTRIMAZOLE-BETAMETHASONE | 00472037915 | 00472 | DETUSSIN | 00472095516 |
| 00472 | COAL TAR | 00472145316 | 00472 | DEXAMETHASONE | 00472097233 |
| 00472 | COAL TAR | 00472145328 | 00472 | DEXAMETHASONE | 00472097228 |
| 00472 | COCILLANA COMPOUND | 00472095928 | 00472 | DEXAMETHASONE | 00472097208 |
| 00472 | COCILLANA W/CODEINE | 00472096128 | 00472 | DIAPER RASH OINTMENT | 00472180204 |
| 00472 | COD LIVER OIL | 00472075028 | 00472 | DICYCLOMINE HCL | 00472093428 |
| 00472 | CODAMINE | 00472074916 | 00472 | DICYCLOMINE HCL | 00472093416 |
| 00472 | CODAMINE | 00472074928 | 00472 | DIHISTINE | 00472163816 |
| 00472 | CODAMINE PEDIATRIC | 00472074838 | 00472 | DIHISTINE | 00472164016 |
| 00472 | CODAMINE PEDIATRIC | 00472074816 | 00472 | DIHISTINE | 00472164028 |
| 00472 | CODAMINE PEDIATRIC | 00472074828 | 00472 | DIHISTINE | 00472164004 |
| 00472 | CONSTULOSE | 00472135832 | 00472 | DIHISTINE | 00472163828 |
| 00472 | CONSTULOSE | 00472135808 | 00472 | DIHISTINE DH | 00472163904 |
| 00472 | COUGH FORMULA | 00472134198 | 00472 | DIHISTINE DH | 00472163908 |
| 00472 | COUGH FORMULA | 00472134194 | 00472 | DIHISTINE DH | 00472163928 |
| 00472 | COUGH FORMULA W/DECONGESTANT | 00472134398 | 00472 | DIHISTINE DH | 00472163916 |
| 00472 | COUGH FORMULA W/DECONGESTANT | 00472134394 | 00472 | DIMENHYDRINATE | 00472145528 |
| 00472 | CROMOLYN SODIUM | 00472007536 | 00472 | DIMENHYDRINATE | 00472145516 |
| 00472 | CROMOLYN SODIUM | 00472075221 | 00472 | DIOCTO | 00472093628 |
| 00472 | CROMOLYN SODIUM | 00472075260 | 00472 | DIOCTO | 00472092428 |
| 00472 | CROMOLYN SODIUM | 00472075021 | 00472 | DIOCTO | 00472093616 |
| 00472 | CROMOLYN SODIUM | 00472007513 | 00472 | DIOCTO | 00472092416 |
| 00472 | CROMOLYN SODIUM | 00472075060 | 00472 | DIOCTO-C | 00472093016 |
| 00472 | CYPROHEPTADINE HCL | 00472075528 | 00472 | DIOCTO-C | 00472093028 |
| 00472 | CYPROHEPTADINE HCL | 00472075516 | 00472 | DIPHENHYDRAMINE HCL | 00472123004 |
| 00472 | DECOFED | 00472151794 | 00472 | DIPHENHYDRAMINE HCL | 00472123016 |
| 00472 | DECOFED | 00472151704 | 00472 | DIPHENHYDRAMINE HCL | 00472123028 |
| 00472 | DECOFED | 00472151728 | 00472 | DOBELL'S | 00472075716 |
| | | | 00472 | DOUBLE ANTIBIOTIC | 00472082256 |
| | | | 00472 | DOUBLE ANTIBIOTIC | 00472082234 |
| | | | 00472 | DUO-K | 00472096516 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00472 | DYPHYLLINE-GG | 00472123816 | 00472 | FEVERALL | 00472120150 |
| 00472 | EFF STR COUGH W/DECONGESTANT | 00472091998 | 00472 | FEVERALL | 00472120212 |
| 00472 | EFF. STR COUGH FORMULA/DECONG | 00472134296 | 00472 | FEVERALL | 00472120106 |
| 00472 | EFFECTIVE STR COUGH FORMULA | 00472163798 | 00472 | FLUOCINOLONE ACETONIDE | 00472115802 |
| 00472 | ENTAC | 00472065016 | 00472 | FLUOCINOLONE ACETONIDE | 00472115820 |
| 00472 | ENULOSE | 00472136064 | 00472 | FLUOCINONIDE | 00472039260 |
| 00472 | ENULOSE | 00472136016 | 00472 | FLUOCINONIDE | 00472390130 |
| 00472 | EPHEDRINE SULFATE | 00472096916 | 00472 | FLUOCINONIDE | 00472039230 |
| 00472 | EPHEDRINE SULFATE | 00472096928 | 00472 | FLUOCINONIDE | 00472390115 |
| 00472 | EPINEPHRINE MIST | 00472097015 | 00472 | FLUOCINONIDE | 00472390160 |
| 00472 | EPINEPHRINE MIST | 00472097099 | 00472 | FLUOCINONIDE | 00472039215 |
| 00472 | EPSOM SALT | 00472161104 | 00472 | FLUOCINONIDE | 00472082902 |
| 00472 | EPSOM SALT | 00472161116 | 00472 | FLUOXETINE HCL | 00472002104 |
| 00472 | EPSOM SALT | 00472161108 | 00472 | FLURANDRENOLIDE | 00472039302 |
| 00472 | ERYTHROMYCIN | 00472124292 | 00472 | FLURANDRENOLIDE | 00472039315 |
| 00472 | ERYTHROMYCIN | 00472124402 | 00472 | GENTIAN VIOLET | 00472075931 |
| 00472 | ERYTHROMYCIN | 00472124492 | 00472 | GENTIAN VIOLET | 00472076131 |
| 00472 | ERYTHROMYCIN | 00472124202 | 00472 | GLYCERIN | 00472076328 |
| 00472 | ERYTHROMYCIN ESTOLATE | 00472097916 | 00472 | GLYCERIN | 00472076316 |
| 00472 | ERYTHROMYCIN ESTOLATE | 00472097716 | 00472 | GLYCERIN | 00472076302 |
| 00472 | ERYTHROMYCIN ETHYLSUCCINATE | 00472097416 | 00472 | GLYCERIN | 00472076304 |
| 00472 | ERYTHROMYCIN ETHYLSUCCINATE | 00472097133 | 00472 | GLYCERIN AND ROSE WATER | 00472076404 |
| 00472 | ERYTHROMYCIN ETHYLSUCCINATE | 00472097116 | 00472 | GREEN SOAP | 00472077004 |
| 00472 | ERYTHROMYCIN ETHYLSUCCINATE | 00472097433 | 00472 | GREEN SOAP | 00472077016 |
| 00472 | FEDRINAL | 00472097528 | 00472 | GREEN SOAP | 00472077028 |
| 00472 | FEDRINAL | 00472097516 | 00472 | GUIAPHED | 00472125616 |
| 00472 | FERROUS SULFATE | 00472146516 | 00472 | GUIATUSS | 00472006198 |
| 00472 | FERROUS SULFATE | 00472146995 | 00472 | GUIATUSS | 00472006116 |
| 00472 | FERROUS SULFATE | 00472146528 | 00472 | GUIATUSS | 00472041994 |
| 00472 | FEVERALL | 00472120206 | 00472 | GUIATUSS | 00472006104 |
| 00472 | FEVERALL | 00472120250 | 00472 | GUIATUSS | 00472006128 |
| 00472 | FEVERALL | 00472120006 | 00472 | GUIATUSS | 00472041994 |
| 00472 | FEVERALL | 00472120350 | 00472 | GUIATUSS | 00472041928 |
| 00472 | FEVERALL | 00472120050 | 00472 | GUIATUSS | 00472041998 |
| 00472 | FEVERALL | 00472120312 | 00472 | GUIATUSS | 00472041916 |
| 00472 | FEVERALL | 00472120305 | 00472 | GUIATUSS | 00472006194 |
| 00472 | FEVERALL | 00472120112 | 00472 | GUIATUSS AC | 00472001204 |
| | | | 00472 | GUIATUSS AC | 00472005428 |
| | | | 00472 | GUIATUSS AC | 00472001216 |
| | | | 00472 | GUIATUSS AC | 00472001208 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | GUIATUSS AC | 00472001228 |
| 00472 | GUIATUSS AC | 00472005404 |
| 00472 | GUIATUSS AC | 00472005416 |
| 00472 | GUIATUSS CF | 00472001094 |
| 00472 | GUIATUSS CF | 00472042094 |
| 00472 | GUIATUSS DAC | 00472001116 |
| 00472 | GUIATUSS DAC | 00472126516 |
| 00472 | GUIATUSS DAC | 00472126216 |
| 00472 | GUIATUSS DM | 00472103198 |
| 00472 | GUIATUSS DM | 00472103128 |
| 00472 | GUIATUSS DM | 00472103116 |
| 00472 | GUIATUSS DM | 00472103194 |
| 00472 | GUIATUSS DM | 00472103104 |
| 00472 | GUIATUSS MAXIMUM STRENGTH | 00472004598 |
| 00472 | GUIATUSS MAXIMUM STRENGTH | 00472004594 |
| 00472 | GUIATUSS PE | 00472042194 |
| 00472 | GUIATUSS PEDIATRIC COUGH | 00472005094 |
| 00472 | GUIATUSS PEDIATRIC COUGH | 00472005098 |
| 00472 | GUIATUSS PEDIATRIC COUGH/COLD | 00472007098 |
| 00472 | GUIATUSS PEDIATRIC COUGH/COLD | 00472007094 |
| 00472 | GUIATUSS-CF | 00472041594 |
| 00472 | GUIATUSS-DM | 00472092716 |
| 00472 | GUIATUSS-DM | 00472092794 |
| 00472 | GUIATUSS-DM | 00472092728 |
| 00472 | GUIATUSS-DM | 00472092798 |
| 00472 | GUIATUSS-DM | 00472092704 |
| 00472 | GUIATUSS-PE | 00472003816 |
| 00472 | GUIATUSS-PE | 00472003894 |
| 00472 | GUIATUSS-PE | 00472003828 |
| 00472 | HALOBETASOL PROPIONATE | 00472026150 |
| 00472 | HALOBETASOL PROPIONATE | 00472026115 |
| 00472 | HALOPERIDOL LACTATE | 00472076694 |
| 00472 | HALOPERIDOL LACTATE | 00472076699 |
| 00472 | HEMORRHOIDAL HC | 00472051112 |
| 00472 | HEMORRHOIDAL HC | 00472051124 |
| 00472 | HYCOSIN | 00472007716 |
| 00472 | HYDRAMINE | 00472123204 |
| 00472 | HYDRAMINE | 00472122704 |
| 00472 | HYDRAMINE | 00472123216 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | HYDRAMINE | 00472123228 |
| 00472 | HYDRAMINE | 00472122716 |
| 00472 | HYDRAMINE | 00472122594 |
| 00472 | HYDRAMINE | 00472123298 |
| 00472 | HYDRAMINE | 00472122728 |
| 00472 | HYDRAMINE | 00472122394 |
| 00472 | HYDRAMINE | 00472123294 |
| 00472 | HYDRAMINE | 00472122494 |
| 00472 | HYDROCODONE | 00472077328 |
| 00472 | HYDROCODONE | 00472077316 |
| 00472 | HYDROCORTISONE | 00472041802 |
| 00472 | HYDROCORTISONE | 00472033716 |
| 00472 | HYDROCORTISONE | 00472034556 |
| 00472 | HYDROCORTISONE | 00472034356 |
| 00472 | HYDROCORTISONE | 00472033730 |
| 00472 | HYDROCORTISONE | 00472034326 |
| 00472 | HYDROCORTISONE | 00472034656 |
| 00472 | HYDROCORTISONE | 00472033720 |
| 00472 | HYDROCORTISONE | 00472033928 |
| 00472 | HYDROCORTISONE | 00472161575 |
| 00472 | HYDROCORTISONE | 00472033956 |
| 00472 | HYDROCORTISONE | 00472032126 |
| 00472 | HYDROCORTISONE | 00472034256 |
| 00472 | HYDROCORTISONE | 00472132626 |
| 00472 | HYDROCORTISONE W/ALOE | 00472033856 |
| 00472 | HYDROGEN PEROXIDE | 00472077228 |
| 00472 | HYDROGEN PEROXIDE | 00472077216 |
| 00472 | HYDROGEN PEROXIDE | 00472077208 |
| 00472 | HYDROMET | 00472103028 |
| 00472 | HYDROMET | 00472103016 |
| 00472 | HYDROXYZINE COMPOUND | 00472077428 |
| 00472 | HYDROXYZINE COMPOUND | 00472077416 |
| 00472 | HYDROXYZINE HCL | 00472077128 |
| 00472 | HYDROXYZINE HCL | 00472077116 |
| 00472 | IBUPROFEN | 00472127008 |
| 00472 | IBUPROFEN | 00472127016 |
| 00472 | IBUPROFEN | 00472127094 |
| 00472 | IBUPROFEN | 00472125594 |
| 00472 | IBUPROFEN | 00472125592 |
| 00472 | Ibuprofen | 00472125594 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | Ibuprofen | 00472126194 |
| 00472 | Ibuprofen | 00472126294 |
| 00472 | Ibuprofen | 00472126394 |
| 00472 | IODINE | 00472077616 |
| 00472 | IODINE | 00472077628 |
| 00472 | IODINE | 00472098816 |
| 00472 | IODINE | 00472098828 |
| 00472 | IODINE | 00472082631 |
| 00472 | IODINE | 00472142031 |
| 00472 | IODINE | 00472082616 |
| 00472 | IODINE | 00472142016 |
| 00472 | IODINE | 00472077631 |
| 00472 | IODINE | 00472142028 |
| 00472 | IOPHEN | 00472142316 |
| 00472 | IOPHEN | 00472142231 |
| 00472 | IOPHEN | 00472142304 |
| 00472 | IOPHEN DM | 00472142428 |
| 00472 | IOPHEN DM | 00472142404 |
| 00472 | IOPHEN DM | 00472142416 |
| 00472 | IOPHEN DM | 00472142408 |
| 00472 | IOPHEN-C | 00472142104 |
| 00472 | IOPHEN-C | 00472142116 |
| 00472 | IOPHEN-C | 00472142128 |
| 00472 | IOPHEN-C | 00472141216 |
| 00472 | IOPHYLLINE | 00472141616 |
| 00472 | IPECAC | 00472099131 |
| 00472 | IPECAC | 00472099116 |
| 00472 | IPECAC | 00472099128 |
| 00472 | IPRATROPIUM BROMIDE | 00472075123 |
| 00472 | IPRATROPIUM BROMIDE | 00472075160 |
| 00472 | IPRATROPIUM BROMIDE | 00472075360 |
| 00472 | IPRATROPIUM BROMIDE | 00472075330 |
| 00472 | IPRATROPIUM BROMIDE | 00472075323 |
| 00472 | IPRATROPIUM BROMIDE | 00472075130 |
| 00472 | ISOETHARINE HCL | 00472077882 |
| 00472 | ISOETHARINE HCL | 00472077831 |
| 00472 | ISOETHARINE MESYLATE | 00472098920 |
| 00472 | ISOLATE COMPOUND | 00472092928 |
| 00472 | ISOLATE COMPOUND | 00472092916 |
| 00472 | ISOPROPYL ALCOHOL | 00472078128 |
| 00472 | ISOPROPYL ALCOHOL | 00472078116 |
| 00472 | ISOPROPYL ALCOHOL | 00472077928 |
| 00472 | ISOPROPYL ALCOHOL | 00472077916 |
| 00472 | ISOPROPYL W/WINTERGREEN | 00472078016 |
| 00472 | ISOPROTERENOL HCL | 00472099499 |
| 00472 | ISOPROTERENOL HCL | 00472099415 |
| 00472 | ISOPROTERENOL HCL | 00472099450 |
| 00472 | KAOPEK | 00472243008 |
| 00472 | KAOPEK | 00472243028 |
| 00472 | KAOPEK | 00472243016 |
| 00472 | KAPECTOLIN | 00472002304 |
| 00472 | KAPECTOLIN | 00472002308 |
| 00472 | KAPECTOLIN | 00472002316 |
| 00472 | KAPECTOLIN | 00472002328 |
| 00472 | KAPECTOLIN PG | 00472002628 |
| 00472 | KAPECTOLIN PG | 00472002616 |
| 00472 | KAPECTOLIN PG | 00472002606 |
| 00472 | KAPECTOLIN W/BELLADONNA | 00472005528 |
| 00472 | KAPECTOLIN W/BELLADONNA | 00472005504 |
| 00472 | KAPECTOLIN W/BELLADONNA | 00472005516 |
| 00472 | KAPECTOLIN W/PAREGORIC | 00472002816 |
| 00472 | KAPECTOLIN W/PAREGORIC | 00472002804 |
| 00472 | LACTULOSE | 00472020816 |
| 00472 | LACTULOSE | 00472500159 |
| 00472 | LACTULOSE | 00472500060 |
| 00472 | LACTULOSE | 00472020832 |
| 00472 | LACTULOSE | 00472500160 |
| 00472 | LACTULOSE | 00472020808 |
| 00472 | LIDOCAINE HCL VISCOUS | 00472099633 |
| 00472 | LINDANE | 00472057028 |
| 00472 | LINDANE | 00472057228 |
| 00472 | LINDANE | 00472057216 |
| 00472 | LINDANE | 00472057016 |
| 00472 | LINDANE | 00472057002 |
| 00472 | LINDANE | 00472057202 |
| 00472 | LOMANATE | 00472099502 |
| 00472 | LOPERAMIDE HCL | 00472113794 |
| 00472 | LOPERAMIDE HCL | 00472113792 |
| 00472 | MEDICATED BLUE | 00472153407 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00472 | MERTHIOLATE | 00472078531 | 00472 | MULTIVITAMINS W/IRON | 00472080095 |
| 00472 | METAPROTERENOL SULFATE | 00472137748 | 00472 | M-ZOLE | 00472731003 |
| 00472 | METAPROTERENOL SULFATE | 00472137348 | 00472 | M-ZOLE | 00472072919 |
| 00472 | METHENAMINE MANDELATE | 00472078316 | 00472 | NALDELATE | 00472080128 |
| 00472 | METOCLOPRAMIDE HCL | 00472045416 | 00472 | NALDELATE | 00472080116 |
| 00472 | METOCLOPRAMIDE HCL | 00472500659 | 00472 | NALDELATE DX | 00472105216 |
| 00472 | METOCLOPRAMIDE HCL | 00472500660 | 00472 | NALDELATE DX | 00472105116 |
| 00472 | MICONAZOLE 3 | 00472173803 | 00472 | NALDELATE DX | 00472105031 |
| 00472 | MICONAZOLE 7 | 00472173607 | 00472 | NALDELATE DX | 00472105294 |
| 00472 | MICONAZOLE NITRATE | 00472073041 | 00472 | NALDELATE DX | 00472105194 |
| 00472 | MICONAZOLE NITRATE | 00472073063 | 00472 | NALDELATE PEDIATRIC | 00472080931 |
| 00472 | MICONAZOLE NITRATE | 00472073556 | 00472 | NALDELATE PEDIATRIC | 00472100704 |
| 00472 | MICONAZOLE NITRATE | 00472073514 | 00472 | NALDELATE PEDIATRIC | 00472100716 |
| 00472 | MICONAZOLE NITRATE | 00472073542 | 00472 | NALDELATE PEDIATRIC | 00472100728 |
| 00472 | MICONAZOLE NITRATE | 00472073526 | 00472 | NALDELATE SENIOR DX | 00472105394 |
| 00472 | MICONAZOLE NITRATE | 00472073052 | 00472 | NALDELATE SENIOR DX | 00472105316 |
| 00472 | MILK OF MAGNESIA | 00472078816 | 00472 | NAUSETROL | 00472004904 |
| 00472 | MILK OF MAGNESIA | 00472078828 | 00472 | NAUSETROL | 00472004928 |
| 00472 | MINERAL OIL | 00472079028 | 00472 | NAUSETROL | 00472004916 |
| 00472 | MINERAL OIL | 00472079316 | 00472 | NIGHT TIME COLD FORMULA | 00472148093 |
| 00472 | MINERAL OIL | 00472079328 | 00472 | NIGHT TIME COLD FORMULA | 00472147093 |
| 00472 | MINERAL OIL | 00472079016 | 00472 | NIGHT TIME COLD FORMULA | 00472147096 |
| 00472 | MINOXIDIL | 00472006672 | 00472 | NIGHT TIME COLD FORMULA | 00472148196 |
| 00472 | MINOXIDIL | 00472006677 | 00472 | NIGHT TIME COLD FORMULA | 00472148296 |
| 00472 | MINOXIDIL | 00472009475 | 00472 | NIGHT TIME COLD FORMULA | 00472148103 |
| 00472 | MINOXIDIL | 00472006675 | 00472 | NIGHT TIME COLD FORMULA | 00472147593 |
| 00472 | MINOXIDIL | 00472009473 | 00472 | NIGHT TIME COLD FORMULA | 00472147596 |
| 00472 | MINOXIDIL | 00472006673 | 00472 | NIGHT TIME COLD FORMULA | 00472148293 |
| 00472 | MINOXIDIL | 00472006674 | 00472 | NIGHT TIME COLD FORMULA | 00472148096 |
| 00472 | MINOXIDIL | 00472006676 | 00472 | NITE-TIME | 00472113994 |
| 00472 | minoxidil | 00472006673 | 00472 | NUCOTUSS | 00472124516 |
| 00472 | minoxidil | 00472006675 | 00472 | NUCOTUSS | 00472124016 |
| 00472 | minoxidil | 00472006677 | 00472 | NYSTATIN | 00472016315 |
| 00472 | minoxidil | 00472009473 | 00472 | NYSTATIN | 00472500359 |
| 00472 | minoxidil | 00472009475 | 00472 | NYSTATIN | 00472132016 |
| 00472 | MULTI-VIT W/IRON & FLUORIDE | 00472101695 | 00472 | NYSTATIN | 00472016615 |
| 00472 | MULTIVITAMINS | 00472009795 | 00472 | NYSTATIN | 00472016330 |
| 00472 | MULTIVITAMINS W/FLUORIDE | 00472079995 | 00472 | NYSTATIN | 00472132002 |
| 00472 | MULTIVITAMINS W/FLUORIDE | 00472079295 | 00472 | NYSTATIN | 00472016630 |
| | | | 00472 | NYSTATIN | 00472500360 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | NYSTATIN W/TRIAMCINOLONE | 00472015030 |
| 00472 | NYSTATIN W/TRIAMCINOLONE | 00472015515 |
| 00472 | NYSTATIN W/TRIAMCINOLONE | 00472015560 |
| 00472 | NYSTATIN W/TRIAMCINOLONE | 00472015530 |
| 00472 | NYSTATIN W/TRIAMCINOLONE | 00472015015 |
| 00472 | NYSTATIN W/TRIAMCINOLONE | 00472015060 |
| 00472 | OLIVE | 00472100631 |
| 00472 | OLIVE | 00472100616 |
| 00472 | OLIVE | 00472100604 |
| 00472 | OLIVE | 00472100602 |
| 00472 | ORATUSS | 00472149016 |
| 00472 | ORATUSS | 00472149028 |
| 00472 | ORATUSS | 00472148516 |
| 00472 | OXTRIPHYLLINE | 00472138616 |
| 00472 | OXYMETAZOLINE HCL | 00472159591 |
| 00472 | OXYMETAZOLINE HCL | 00472159515 |
| 00472 | OXYMETAZOLINE HCL | 00472159599 |
| 00472 | PAREGORIC | 00472080228 |
| 00472 | PAREGORIC | 00472080216 |
| 00472 | PEDIATRIC COUGH | 00472003004 |
| 00472 | PEDIATRIC COUGH | 00472033028 |
| 00472 | PEDIATRIC COUGH | 00472033004 |
| 00472 | PEPPERMINT | 00472101002 |
| 00472 | PEPPERMINT | 00472101031 |
| 00472 | PEPPERMINT WATER | 00472101116 |
| 00472 | PERMETHRIN | 00472524267 |
| 00472 | PERMETHRIN | 00472524269 |
| 00472 | PERMETHRIN | 00472024260 |
| 00472 | PHENADEX CHILDREN'S | 00472114394 |
| 00472 | PHENADEX PEDIATRIC | 00472114231 |
| 00472 | PHENADEX SENIOR | 00472114594 |
| 00472 | PHENASEPTIC MOUTHWASH & GARGLE | 00472102008 |
| 00472 | PHENAZOPYRIDINE HCL | 00472019610 |
| 00472 | PHENAZOPYRIDINE HCL | 00472019710 |
| 00472 | PHENOBARBITAL | 00472101516 |
| 00472 | PHENOBARBITAL | 00472101528 |
| 00472 | PHENYLEPHRINE HCL | 00472101316 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | PHENYLEPHRINE HCL | 00472101428 |
| 00472 | PHENYLEPHRINE HCL | 00472101416 |
| 00472 | PHENYTOIN | 00472006708 |
| 00472 | PHENYTOIN | 00472500259 |
| 00472 | PHENYTOIN | 00472500260 |
| 00472 | PILOCARPINE HCL | 00472130515 |
| 00472 | PILOCARPINE HCL | 00472130215 |
| 00472 | PILOCARPINE HCL | 00472130615 |
| 00472 | PILOCARPINE HCL | 00472130415 |
| 00472 | PINK BISMUTH | 00472149408 |
| 00472 | PIPERAZINE CITRATE | 00472101728 |
| 00472 | PIPERAZINE CITRATE | 00472101716 |
| 00472 | POTASSIUM CHLORIDE | 00472100016 |
| 00472 | POTASSIUM CHLORIDE | 00472100128 |
| 00472 | POTASSIUM CHLORIDE | 00472100516 |
| 00472 | POTASSIUM CHLORIDE | 00472100116 |
| 00472 | POTASSIUM CHLORIDE | 00472100028 |
| 00472 | POTASSIUM CHLORIDE | 00472100528 |
| 00472 | POTASSIUM GLUCONATE | 00472145928 |
| 00472 | POTASSIUM GLUCONATE | 00472145916 |
| 00472 | POTASSIUM IODIDE | 00472146116 |
| 00472 | POVIDONE-IODINE | 00472146728 |
| 00472 | POVIDONE-IODINE | 00472146808 |
| 00472 | POVIDONE-IODINE | 00472146616 |
| 00472 | POVIDONE-IODINE | 00472146716 |
| 00472 | POVIDONE-IODINE | 00472146628 |
| 00472 | PREDNISOLONE | 00472021208 |
| 00472 | PREDNISOLONE | 00472021216 |
| 00472 | PREDNISOLONE | 00472025008 |
| 00472 | PREDNISOLONE | 00472025016 |
| 00472 | PREGNANCY TEST | 00472318501 |
| 00472 | PROMETHAZINE HCL | 00472150616 |
| 00472 | PROMETHAZINE HCL | 00472150428 |
| 00472 | PROMETHAZINE HCL | 00472150408 |
| 00472 | PROMETHAZINE HCL | 00472150416 |
| 00472 | PROMETHAZINE HCL | 00472150628 |
| 00472 | PROMETHAZINE HCL | 00472150404 |
| 00472 | PROMETHAZINE HCL | 00472009612 |
| 00472 | PROMETHAZINE PEDIATRIC | 00472150504 |
| 00472 | PROMETHAZINE PEDIATRIC | 00472150528 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 00472 | PROMETHAZINE PEDIATRIC | 00472151328 | 00472 | SALSALATE | 00472013310 |
| 00472 | PROMETHAZINE PEDIATRIC | 00472151304 | 00472 | SELENIUM SULFIDE | 00472153408 |
| 00472 | PROMETHAZINE PEDIATRIC | 00472151316 | 00472 | SELENIUM SULFIDE | 00472152405 |
| 00472 | PROMETHAZINE PEDIATRIC | 00472150516 | 00472 | SELENIUM SULFIDE | 00472153304 |
| 00472 | PROMETHAZINE VC | 00472150916 | 00472 | SODIUM BICARBONATE | 00472160304 |
| 00472 | PROMETHAZINE VC | 00472150904 | 00472 | SODIUM BICARBONATE | 00472160316 |
| 00472 | PROMETHAZINE VC | 00472162828 | 00472 | STOKES | 00472102616 |
| 00472 | PROMETHAZINE VC | 00472162808 | 00472 | STOKES | 00472102628 |
| 00472 | PROMETHAZINE VC | 00472162804 | 00472 | SULFATRIM | 00472128509 |
| 00472 | PROMETHAZINE VC | 00472150928 | 00472 | SULFATRIM | 00472128416 |
| 00472 | PROMETHAZINE VC | 00472162816 | 00472 | SULFATRIM | 00472128516 |
| 00472 | PROMETHAZINE VC W/CODEINE | 00472162916 | 00472 | SULFATRIM | 00472128533 |
| 00472 | PROMETHAZINE VC W/CODEINE | 00472162904 | 00472 | SULFATRIM | 00472128506 |
| 00472 | PROMETHAZINE VC W/CODEINE | 00472162908 | 00472 | SWEET | 00472080531 |
| 00472 | PROMETHAZINE VC W/CODEINE | 00472162928 | 00472 | SWEET | 00472080502 |
| 00472 | PROMETHAZINE W/CODEINE | 00472162708 | 00472 | SYRVITE | 00472144016 |
| 00472 | PROMETHAZINE W/CODEINE | 00472162728 | 00472 | SYRVITE | 00472144028 |
| 00472 | PROMETHAZINE W/CODEINE | 00472162704 | 00472 | TERPIN HYDRATE | 00472102816 |
| 00472 | PROMETHAZINE W/CODEINE | 00472150716 | 00472 | TERPIN HYDRATE | 00472102828 |
| 00472 | PROMETHAZINE W/CODEINE | 00472150728 | 00472 | TERPIN HYDRATE W/CODEINE | 00472081102 |
| 00472 | PROMETHAZINE W/CODEINE | 00472162716 | 00472 | TERPIN HYDRATE W/CODEINE | 00472081116 |
| 00472 | PROMETHAZINE W/CODEINE | 00472150704 | 00472 | TERPIN HYDRATE W/CODEINE | 00472081128 |
| 00472 | PROMETHAZINE W/DM | 00472163028 | 00472 | TERPIN HYDRATE W/CODEINE | 00472081104 |
| 00472 | PROMETHAZINE W/DM | 00472163016 | 00472 | TERPIN HYDRATE W/DM | 00472082716 |
| 00472 | PROMETHAZINE W/DM | 00472163004 | 00472 | TERPIN HYDRATE W/DM | 00472082704 |
| 00472 | PROMETHAZINE W/DM | 00472163008 | 00472 | TERPIN HYDRATE W/DM | 00472082728 |
| 00472 | PYRINYL | 00472158394 | 00472 | TETRACYCLINE HCL | 00472022302 |
| 00472 | PYRINYL | 00472158554 | 00472 | TETRACYCLINE HCL | 00472022316 |
| 00472 | PYRINYL | 00472153594 | 00472 | THEOFED | 00472151828 |
| 00472 | PYRINYL | 00472158392 | 00472 | THEOFED | 00472151816 |
| 00472 | PYRINYL | 00472153502 | 00472 | THEOLATE | 00472151516 |
| 00472 | PYRINYL | 00472153504 | 00472 | THEOLATE | 00472154028 |
| 00472 | PYRINYL II | 00472102392 | 00472 | THEOLATE | 00472154016 |
| 00472 | PYRINYL II | 00472102394 | 00472 | THEOMAX DF | 00472155228 |
| 00472 | PYRINYL II | 00472106554 | 00472 | THEOMAX DF | 00472155216 |
| 00472 | PYRINYL II | 00472102398 | 00472 | THEOPHYLLINE | 00472144428 |
| 00472 | SALSALATE | 00472013350 | 00472 | THEOPHYLLINE | 00472144416 |
| 00472 | SALSALATE | 00472013250 | 00472 | THEOPHYLLINE KI | 00472144528 |
| 00472 | SALSALATE | 00472013210 | 00472 | THEOPHYLLINE KI | 00472144516 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | THERAVITE | 00472155504 |
| 00472 | THIMEROSAL | 00472147128 |
| 00472 | THIMEROSAL | 00472147116 |
| 00472 | THIORIDAZINE HCL | 00472145194 |
| 00472 | THIORIDAZINE HCL | 00472145094 |
| 00472 | THIOTHIXENE HCL | 00472145791 |
| 00472 | THIOTHIXENE HCL | 00472145794 |
| 00472 | THREAMINE | 00472156204 |
| 00472 | THREAMINE | 00472156208 |
| 00472 | THREAMINE | 00472156216 |
| 00472 | THREAMINE | 00472156228 |
| 00472 | THREAMINE DM | 00472156428 |
| 00472 | THREAMINE DM | 00472156416 |
| 00472 | THREE BROMIDES | 00472103616 |
| 00472 | THREE BROMIDES | 00472103628 |
| 00472 | TOLNAFTATE | 00472190015 |
| 00472 | TONAVITE-M | 00472019112 |
| 00472 | TONAVITE-M | 00472019128 |
| 00472 | TONAVITE-M | 00472019012 |
| 00472 | TONAVITE-M | 00472019028 |
| 00472 | TRETINOIN | 00472011745 |
| 00472 | TRETINOIN | 00472011720 |
| 00472 | TRIACIN | 00472152928 |
| 00472 | TRIACIN | 00472152916 |
| 00472 | TRIACIN | 00472152904 |
| 00472 | TRIACIN C | 00472163304 |
| 00472 | TRIACIN C | 00472157928 |
| 00472 | TRIACIN C | 00472163316 |
| 00472 | TRIACIN C | 00472157916 |
| 00472 | TRIACIN C | 00472163328 |
| 00472 | TRIACIN C | 00472157904 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030116 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472125002 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030105 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472124802 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030115 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030680 |
| 00472 | TRIAMCINOLONE | 00472030080 |

| Labeler Code | Name | NDC |
|---|---|---|
| | ACETONIDE | |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472125015 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030615 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030180 |
| 00472 | TRIAMCINOLONE ACETONIDE | 00472030015 |
| 00472 | TRIMEPRAZINE TARTRATE | 00472158204 |
| 00472 | TRIOFED | 00472154628 |
| 00472 | TRIOFED | 00472154604 |
| 00472 | TRIOFED | 00472154694 |
| 00472 | TRIOFED | 00472154616 |
| 00472 | TRIPALGEN | 00472082816 |
| 00472 | TRIPALGEN | 00472159008 |
| 00472 | TRIPALGEN | 00472159028 |
| 00472 | TRIPALGEN | 00472159016 |
| 00472 | TRIPALGEN | 00472159004 |
| 00472 | TRIPALGEN | 00472082828 |
| 00472 | TRIPLE ANTIBIOTIC | 00472017934 |
| 00472 | TRIPLE ANTIBIOTIC | 00472017956 |
| 00472 | TRIPLE ANTIBIOTIC | 00472017909 |
| 00472 | TRIPLE ANTIBIOTIC | 00472017916 |
| 00472 | TRIPLE ANTIBIOTIC PLUS | 00472082334 |
| 00472 | TRIPLE ANTIBIOTIC PLUS | 00472082356 |
| 00472 | TRIPLE SULFA VAGINAL | 00472070078 |
| 00472 | TRIPLE VITAMIN | 00472019395 |
| 00472 | TRIPROLIDINE W/PSEUDOEPHEDRINE | 00472157628 |
| 00472 | TRIPROLIDINE W/PSEUDOEPHEDRINE | 00472157616 |
| 00472 | TRI-VIT W/IRON AND FLUORIDE | 00472102195 |
| 00472 | TRI-VITAMIN W/FLUORIDE | 00472089095 |
| 00472 | TRI-VITAMIN W/FLUORIDE | 00472089495 |
| 00472 | TURPENTINE RECTIFIED OIL | 00472152704 |
| 00472 | TURPENTINE RECTIFIED OIL | 00472152702 |
| 00472 | TUSSEX COUGH | 00472104028 |
| 00472 | TUSSEX COUGH | 00472104004 |
| 00472 | VALPROIC ACID | 00472025116 |
| 00472 | VALPROIC ACID | 00472021016 |
| 00472 | VIMINATE | 00472156016 |

| Labeler Code | Name | NDC |
|---|---|---|
| 00472 | VIMINATE | 00472156028 |
| 00472 | VITAMIN B COMPLEX | 00472091428 |
| 00472 | VITAMIN B COMPLEX | 00472091416 |
| 00472 | VITAMIN E | 00472081431 |
| 00472 | WHITE PINE COMPOUND | 00472082128 |
| 00472 | WHITE PINE COMPOUND | 00472082028 |
| 00472 | WHITE PINE COMPOUND | 00472082016 |
| 00472 | WILD CHERRY | 00472104528 |
| 00472 | WILD CHERRY | 00472104516 |
| 00472 | WINTERGREEN | 00472104304 |
| 00472 | WINTERGREEN | 00472104331 |
| 00472 | WINTERGREEN | 00472104316 |
| 00472 | WINTERGREEN | 00472104302 |
| 00472 | WITCH HAZEL | 00472104416 |
| 00472 | WOOD ALCLHOL | 00472104616 |
| 00472 | WOOD ALCOHOL | 00472104628 |
| 00472 | XYLOMETAZOLINE | 00472100815 |
| 00472 | XYLOMETAZOLINE | 00472100899 |
| 00472 | ZINC OXIDE | 00472180056 |
| 00472 | ZINC OXIDE | 00472180057 |
| 00472 | ZINC OXIDE | 00472180016 |
| 00472 | ZOLINE M | 00472104716 |
| 00472 | ZOLINE S | 00472104816 |
| 23317 | ANALGESIC BALM | 23317080516 |
| 23317 | ANALGESIC BALM | 23317080528 |
| 23317 | ANALGESIC BALM | 23317080590 |
| 23317 | ANALGESIC BALM | 23317081090 |
| 23317 | BACITRACIN | 23317010014 |
| 23317 | BACITRACIN | 23317010015 |
| 23317 | BACITRACIN | 23317010016 |
| 23317 | BACITRACIN | 23317010028 |
| 23317 | BACITRACIN | 23317010029 |
| 23317 | BACITRACIN | 23317011009 |
| 23317 | BACITRACIN ZINC | 23317010509 |
| 23317 | BACITRACIN ZINC | 23317010514 |
| 23317 | BACITRACIN ZINC | 23317010516 |
| 23317 | BACITRACIN ZINC | 23317010528 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038015 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038045 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038115 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038145 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038220 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038260 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038315 |
| 23317 | BETAMETHASONE DIPROPIONATE | 23317038345 |
| 23317 | BETAMETHASONE VALERATE | 23317037015 |
| 23317 | BETAMETHASONE VALERATE | 23317037045 |
| 23317 | BETAMETHASONE VALERATE | 23317037115 |
| 23317 | BETAMETHASONE VALERATE | 23317037145 |
| 23317 | BETAMETHASONE VALERATE | 23317037260 |
| 23317 | BISACODYL | 23317051010 |
| 23317 | BISACODYL | 23317051012 |
| 23317 | BORIC ACID | 23317082028 |
| 23317 | BORIC ACID | 23317082057 |
| 23317 | BURN OINTMENT | 23317081516 |
| 23317 | CAPSAICIN | 23317010242 |
| 23317 | CAPSAICIN | 23317010357 |
| 23317 | CLOBETASOL PROPIONATE | 23317040015 |
| 23317 | CLOBETASOL PROPIONATE | 23317040030 |
| 23317 | CLOBETASOL PROPIONATE | 23317040045 |
| 23317 | CLOBETASOL PROPIONATE | 23317040115 |
| 23317 | CLOBETASOL PROPIONATE | 23317040130 |
| 23317 | CLOBETASOL PROPIONATE | 23317040145 |
| 23317 | CLOBETASOL PROPIONATE | 23317040225 |
| 23317 | CLOBETASOL PROPIONATE | 23317040250 |
| 23317 | CLOTRIMAZOLE | 23317071041 |
| 23317 | CLOTRIMAZOLE | 23317071063 |
| 23317 | DIAPER RASH OINTMENT | 23317080204 |
| 23317 | DIBUCAINE | 23317082528 |
| 23317 | FLUOCINOLONE ACETONIDE | 23317036015 |
| 23317 | FLUOCINOLONE ACETONIDE | 23317036060 |
| 23317 | FLUOCINOLONE ACETONIDE | 23317036115 |
| 23317 | FLUOCINOLONE ACETONIDE | 23317036160 |
| 23317 | FLUOCINONIDE | 23317039015 |
| 23317 | FLUOCINONIDE | 23317039030 |

| Labeler Code | Name | NDC | Labeler Code | Name | NDC |
|---|---|---|---|---|---|
| 23317 | FLUOCINONIDE | 23317039060 | 23317 | HYDROCORTISONE | 23317034316 |
| 23317 | FLUOCINONIDE | 23317039360 | 23317 | HYDROCORTISONE | 23317034328 |
| 23317 | FLUOCINONIDE-E | 23317039215 | 23317 | HYDROCORTISONE | 23317034329 |
| 23317 | FLUOCINONIDE-E | 23317039230 | 23317 | HYDROCORTISONE | 23317034428 |
| 23317 | FLUOCINONIDE-E | 23317039260 | 23317 | HYDROCORTISONE | 23317034429 |
| 23317 | GENTAMICIN SULFATE | 23317018015 | 23317 | HYDROCORTISONE W/ALOE | 23317032328 |
| 23317 | GENTAMICIN SULFATE | 23317018515 | 23317 | HYDROCORTISONE W/ALOE | 23317033828 |
| 23317 | HEMORRHOIDAL HC | 23317051112 | 23317 | ICHTHAMMOL | 23317083028 |
| 23317 | HEMORRHOIDAL HC | 23317051124 | 23317 | ICHTHAMMOL | 23317083528 |
| 23317 | HYDROCORTISONE | 23317032004 | 23317 | IODOCHLORHYDROXYQUIN W/HC | 23317034120 |
| 23317 | HYDROCORTISONE | 23317032014 | 23317 | KWIKACTIN | 23317088515 |
| 23317 | HYDROCORTISONE | 23317032015 | 23317 | KWIKACTIN | 23317089010 |
| 23317 | HYDROCORTISONE | 23317032016 | 23317 | LANOLIN ANHYDROUS | 23317085016 |
| 23317 | HYDROCORTISONE | 23317032028 | 23317 | LANOLIN ANHYDROUS | 23317085116 |
| 23317 | HYDROCORTISONE | 23317032029 | 23317 | LANOLIN HYDROUS | 23317084516 |
| 23317 | HYDROCORTISONE | 23317032104 | 23317 | LANOLIN HYDROUS | 23317084528 |
| 23317 | HYDROCORTISONE | 23317032116 | 23317 | LANOLIN HYDROUS | 23317084616 |
| 23317 | HYDROCORTISONE | 23317032128 | 23317 | LANOLIN HYDROUS | 23317084628 |
| 23317 | HYDROCORTISONE | 23317032157 | 23317 | MICONAZOLE 3 | 23317073803 |
| 23317 | HYDROCORTISONE | 23317032216 | 23317 | MICONAZOLE 7 | 23317073607 |
| 23317 | HYDROCORTISONE | 23317032220 | 23317 | MICONAZOLE NITRATE | 23317073052 |
| 23317 | HYDROCORTISONE | 23317032230 | 23317 | MICONAZOLE NITRATE | 23317073063 |
| 23317 | HYDROCORTISONE | 23317032528 | 23317 | MICONAZOLE NITRATE | 23317073514 |
| 23317 | HYDROCORTISONE | 23317032529 | 23317 | MICONAZOLE NITRATE | 23317073515 |
| 23317 | HYDROCORTISONE | 23317032616 | 23317 | MICONAZOLE NITRATE | 23317073528 |
| 23317 | HYDROCORTISONE | 23317032628 | 23317 | MICONAZOLE NITRATE | 23317073529 |
| 23317 | HYDROCORTISONE | 23317032928 | 23317 | MICONAZOLE NITRATE | 23317073542 |
| 23317 | HYDROCORTISONE | 23317033004 | 23317 | MULTI-ANTIBIOTIC | 23317017014 |
| 23317 | HYDROCORTISONE | 23317033014 | 23317 | MYKACET | 23317014515 |
| 23317 | HYDROCORTISONE | 23317033015 | 23317 | MYKACET | 23317014530 |
| 23317 | HYDROCORTISONE | 23317033016 | 23317 | MYKACET | 23317014560 |
| 23317 | HYDROCORTISONE | 23317033028 | 23317 | NYSTATIN | 23317016015 |
| 23317 | HYDROCORTISONE | 23317033043 | 23317 | NYSTATIN | 23317016030 |
| 23317 | HYDROCORTISONE | 23317033057 | 23317 | NYSTATIN | 23317016315 |
| 23317 | HYDROCORTISONE | 23317033104 | 23317 | NYSTATIN | 23317016330 |
| 23317 | HYDROCORTISONE | 23317033114 | 23317 | NYSTATIN | 23317016515 |
| 23317 | HYDROCORTISONE | 23317033116 | 23317 | NYSTATIN | 23317016530 |
| 23317 | HYDROCORTISONE | 23317033128 | 23317 | NYSTATIN | 23317016615 |
| 23317 | HYDROCORTISONE | 23317033129 | 23317 | NYSTATIN | 23317016630 |
| 23317 | HYDROCORTISONE | 23317033143 | 23317 | NYSTATIN | 23317014504 |

| Labeler Code | Name | NDC |
|---|---|---|
| | W/TRIAMCINOLONE | |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015004 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015015 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015030 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015060 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015504 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015515 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015530 |
| 23317 | NYSTATIN W/TRIAMCINOLONE | 23317015560 |
| 23317 | NYSTATIN/NEOMYCIN/GRAM/ TRIAM | 23317014015 |
| 23317 | NYSTATIN/NEOMYCIN/GRAM/ TRIAM | 23317014030 |
| 23317 | NYSTATIN/NEOMYCIN/GRAM/ TRIAM | 23317014060 |
| 23317 | PETROLATUM,WHITE | 23317091005 |
| 23317 | PETROLATUM,WHITE | 23317091016 |
| 23317 | PETROLATUM,WHITE | 23317091028 |
| 23317 | PETROLATUM,WHITE | 23317091029 |
| 23317 | POVIDONE-IODINE | 23317085516 |
| 23317 | POVIDONE-IODINE | 23317085528 |
| 23317 | POVIDONE-IODINE | 23317085609 |
| 23317 | TOLNAFTATE | 23317090015 |
| 23317 | TOLNAFTATE | 23317090115 |
| 23317 | TOLNAFTATE | 23317090510 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030015 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030016 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030080 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030105 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030115 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030116 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030180 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030615 |
| 23317 | TRIAMCINOLONE ACETONIDE | 23317030680 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012014 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012016 |

| Labeler Code | Name | NDC |
|---|---|---|
| 23317 | TRIPLE ANTIBIOTIC | 23317012028 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012514 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012515 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012516 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012528 |
| 23317 | TRIPLE ANTIBIOTIC | 23317012529 |
| 23317 | TRIPLE ANTIBIOTIC | 23317013009 |
| 23317 | TRIPLE ANTIBIOTIC PLUS | 23317012728 |
| 23317 | TRIPLE SULFA VAGINAL | 23317070078 |
| 23317 | VITAMIN A AND D | 23317084004 |
| 23317 | VITAMIN A AND D | 23317084005 |
| 23317 | VITAMIN A AND D | 23317084016 |
| 23317 | VITAMIN A AND D | 23317084057 |
| 23317 | VITAMIN A AND D | 23317084104 |
| 23317 | VITAMIN A AND D | 23317084116 |
| 23317 | VITAMIN A AND D | 23317084157 |
| 23317 | WHITFIELD'S OINTMENT | 23317087028 |
| 23317 | ZINC OXIDE | 23317080016 |
| 23317 | ZINC OXIDE | 23317080028 |
| 23317 | ZINC OXIDE | 23317080057 |
| 52152 | Desipramine Hydrochloride | 5215234102 |
| 52152 | Desipramine Hydrochloride | 5215234104 |
| 52152 | Desipramine Hydrochloride | 5215234105 |
| 52152 | Desipramine Hydrochloride | 5215234202 |
| 52152 | Desipramine Hydrochloride | 5215234204 |
| 52152 | Desipramine Hydrochloride | 5215234205 |
| 52152 | Desipramine Hydrochloride | 5215234302 |
| 52152 | Desipramine Hydrochloride | 5215234304 |
| 52152 | Desipramine Hydrochloride | 5215234305 |
| 52152 | Desipramine Hydrochloride | 5215234402 |
| 52152 | Desipramine Hydrochloride | 5215234404 |
| 52152 | Desipramine Hydrochloride | 5215234405 |
| 52152 | Desipramine Hydrochloride | 5215234502 |
| 52152 | Desipramine Hydrochloride | 5215234504 |
| 52152 | Desipramine Hydrochloride | 5215234505 |
| 52152 | Desipramine Hydrochloride | 5215234602 |
| 52152 | Desipramine Hydrochloride | 5215234604 |
| 52152 | Desipramine Hydrochloride | 5215234650 |
| 52152 | Finasteride | 5215250002 |
| 52152 | Finasteride | 5215250008 |

| Labeler Code | Name | NDC |
|---|---|---|
| 52152 | Finasteride | 5215250030 |
| 52152 | Oxycodone Hydrochloride | 5215221402 |
| 52152 | Oxycodone Hydrochloride | 5215221411 |
| 52152 | Oxycodone Hydrochloride | 5215221502 |
| 52152 | Oxycodone Hydrochloride | 5215221511 |
| 52152 | Oxycodone Hydrochloride | 5215240802 |
| 52152 | Oxycodone Hydrochloride | 5215240902 |
| 52152 | Oxycodone Hydrochloride | 5215241002 |
| 52152 | Oxycodone Hydrochloride | 5215241102 |
| 67767 | Bupropion hydrochloride | 6776711760 |
| 67767 | Bupropion Hydrochloride | 6776713305 |
| 67767 | Bupropion Hydrochloride | 6776713325 |
| 67767 | Bupropion Hydrochloride | 6776713360 |
| 67767 | Bupropion Hydrochloride | 6776713505 |
| 67767 | Bupropion Hydrochloride | 6776713560 |
| 67767 | Bupropion Hydrochloride | 6776714130 |
| 67767 | Bupropion Hydrochloride | 6776714190 |
| 67767 | Bupropion Hydrochloride | 6776714205 |
| 67767 | Bupropion Hydrochloride | 6776714230 |
| 67767 | Bupropion Hydrochloride | 6776714290 |
| 67767 | Bupropion Hydrochloride | 6776717105 |
| 67767 | Bupropion Hydrochloride | 6776717160 |
| 67767 | Fentanyl | 6776712018 |
| 67767 | Fentanyl | 6776712118 |
| 67767 | Fentanyl | 6776712218 |
| 67767 | Fentanyl | 6776712318 |
| 67767 | Nifedipine | 6776715101 |
| 67767 | Nifedipine | 6776715105 |
| 67767 | Nifedipine | 6776715301 |
| 67767 | Nifedipine | 6776715305 |

EXHIBIT 4

SETTLEMENT AMOUNT ALLOCATION SCHEDULE

| Allocations of Settlement Payments | Totals of Settlement Payments (Excluding Interest) | Allocation Percentages | First Installment (Principal and interest) | Second Installment (Principal and interest) | Third Installment (Principal and interest) | Fourth Installment (Principal and interest) |
|---|---|---|---|---|---|---|
| The State of Florida | $10,511,424.00 | 8.86% | $4,817,736.00 | $2,377,984.37 | $1,880,212.87 | $1,634,247.80 |
| The State of South Carolina | $6,184,636.00 | 5.21% | $2,834,624.83 | $1,399,141.33 | $1,106,266.11 | $961,546.96 |
| The State of Iowa | $1,228,920.00 | 1.04% | $563,255.00 | $278,016.81 | $219,820.95 | $191,064.48 |
| The New York Plaintiffs | $22,176,000.00 | 18.70% | $10,164,000.00 | $5,016,844.66 | $3,966,693.81 | $3,447,780.16 |
| The United States | $71,098,844.00 | 59.94% | $32,586,970.17 | $16,084,589.45 | $12,717,683.29 | $11,053,985.57 |
| Counsel for the New York and Iowa Plaintiffs, Fees and Costs | $4,620,000.00 | 3.89% | $2,117,500.00 | $1,045,175.97 | $826,394.54 | $718,287.53 |
| Ven-A-Care | $2,794,176.00 | 2.36% | $1,280,664.00 | $632,122.43 | $499,803.42 | $434,420.30 |
| Totals | $118,614,000.00 | 100.00% | $54,364,750.00 | $26,833,875.00 | $21,216,875.00 | $18,441,332.81 |

EXHIBIT 5A

FEDERAL *QUI TAM* PROCEEDINGS

STIPULATION OF DISMISSAL WITH PREJUDICE OF ACTION
AGAINST ACTAVIS DEFENDANTS AND
MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Master File No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | Civil Action No. |
| | ) | 08-cv-10852 |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

---

## STIPULATION OF DISMISSAL WITH PREJUDICE OF ACTION AGAINST ACTAVIS DEFENDANTS AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§ 3729-3733, by Relator Ven-A-Care of the Florida Keys,Inc. (the "Relator") against  Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and Actavis Mid Atlantic LLC (together referred to herein as the "Actavis Defendants") (Actavis Defendants together with Relator, collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with, and as limited by, the terms of the Settlement Agreement and Release between the Relator, the State of Florida,

the State of Iowa, the State of South Carolina, the New York Plaintiffs and the Actavis Defendants ("the Multi-State Settlement Agreement") (attached hereto as Exhibit A) and the Settlement Agreement and Release between the Relator, the State of Texas and the Actavis Defendants ("the Texas Settlement Agreement") (attached hereto as Exhibit B), the Parties hereby stipulate to the entry of an order dismissing the Relator's action against the Actavis Defendants.

The Parties further stipulate that, except as specified in the Multi-State Settlement Agreement and the Texas Settlement Agreement, any claim the Relator or its counsel has to a Relator's share or for expenses, attorneys' fees, and costs shall not be the responsibility of the Actavis Defendants.

WHEREFORE, to permit them to effectuate the terms of their settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit C.

Respectfully submitted,

 /s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator

/s/ Amy T. Tridgell by James J. Breen with permission

Amy T. Tridgell (*pro hac vice*)
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Tel.: 212-223-4000
Fax: 212-223-4134

Robert T. Rhoad (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Counsel for Alpharma Inc., Alpharma USPD Inc.,
f/k/a Barre-National, Inc., Barre Parent Corp., and
Actavis Mid Atlantic LLC

Dated: _____ ___, 2011

EXHIBIT 5B

FEDERAL *QUI TAM* PROCEEDINGS

ORDER OF DISMISSAL WITH PREJUDICE OF ACTION
AGAINST ACTAVIS DEFENDANTS

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Master File No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | Civil Action No. 08-cv-10852 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF ACTION
## AGAINST ACTAVIS DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator")

and Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and

Actavis Mid Atlantic LLC (together referred to herein as the "Actavis Defendants") (Actavis

Defendants together with Relator, collectively the "Parties") filed with this Court, a Stipulation

of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims against

Actavis.   The Parties have submitted with their Stipulation the Settlement Agreement and

Release between the Relator, the State of Florida, the State of Iowa, the State of South Carolina,

the New York Plaintiffs and the Actavis Defendants ("the Multi-State Settlement Agreement") (attached hereto as Exhibit A) and the Settlement Agreement and Release between the Relator, the State of Texas and the Actavis Defendants ("the Texas Settlement Agreement") (attached hereto as Exhibit B).  Upon due consideration of the Stipulation, the Multi-State Settlement Agreement and the Texas Settlement Agreement, the United States' Consent, the lack of objection to the proposed Settlements, and the Court's determination that the Settlement Amounts appear to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlements.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of, and as limited by, the Multi-State Settlement Agreement and the Texas Settlement Agreement, the above-captioned Civil Action is dismissed with prejudice as to the Actavis Defendants.

2.      This Order resolves all claims against the Actavis Defendants for the federal share of Medicaid program payments encompassed by the above-captioned Civil Action.  This Order shall in no way prejudice or limit any claims for a state's share and shall be without prejudice to the right of the United States to recover from the State of Kentucky or any of its agencies based on any prior settlement between Actavis and the State of Kentucky.

3.      Except as specified in the Multi-State Settlement Agreement and the Texas Settlement Agreement, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ____ day of _____, 2011.


_____ ____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 6A

FLORIDA PROCEEDINGS

JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC

---

### IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
### IN AND FOR LEON COUNTY, FLORIDA
### CIRCUIT CIVIL DIVISION

| | |
|---|---|
| **THE STATE OF FLORIDA** ) | |
| ) | |
| <u>ex rel.</u> ) | |
| ) | |
| **VEN-A-CARE OF THE** ) | **CIVIL ACTION NO.**   **98-3032-F** |
| **FLORIDA KEYS, INC.,** ) | |
| **a Florida Corporation, by and** ) | |
| **through its principal** ) | |
| **officers and directors,** ) | **Judge Kevin J. Carroll** |
| **ZACHARY T. BENTLEY and** ) | |
| **T. MARK JONES,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **ALPHARMA, INC.; ALPHARMA** ) | |
| **USPD, INC. f/k/a BARRE-NATIONAL,** ) | |
| **INC.; BARRE PARENT** ) | |
| **CORPORATION; FAULDING, INC.;** ) | |
| **IVAX CORPORATION; IVAX** ) | |
| **PHARMACEUTICALS, INC.; f/k/a** ) | |
| **ZENITH-GOLDLINE** ) | |
| **PHARMACEUTICALS, INC.; MAYNE** ) | |
| **GROUP, LTD.; SANDOZ, INC.;** ) | |
| **f/k/a GENEVA PHARMACEUTICALS,** ) | |
| **INC.; NOVARTIS, AG; PUREPAC** ) | |
| **PHARMACEUTICAL CO.; ACTAVIS,** ) | |
| **INC.; ACTAVIS ELIZABETH LLC.;** ) | |
| **and ACTAVIS MID ATLANTIC LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC LLC

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Defendants Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic ("Actavis Parties") having settled all matters in dispute between them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted herein against the Actavis Parties, provided that the dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement attached as Exhibit "A."

Dated: _____ 2011.                    Respectfully submitted,

                                                 PAMELA JO BONDI
                                                 ATTORNEY GENERAL
                                                 STATE OF FLORIDA


                                                 DIANA SHUMANS
                                                 Florida Bar No. 675822
                                                 Assistant Attorney General
                                                 Office of the Attorney General
                                                 Medicaid Fraud Control Unit
                                                 PL-01, The Capitol
                                                 Tallahassee, Florida 32399-1050
                                                 (850) 414-3600
                                                 (850) 487-9475 (FAX)


                                                 JAMES J. BREEN
                                                 Florida Bar No. 297178
                                                 The Breen Law Firm, P.A.
                                                 5755 North Point Parkway, Suite 260
                                                 Alpharetta, GA 30022
                                                 (770) 740-0008
                                                 (770) 740-9109 (FAX)
                                                 *Attorney for the Plaintiff.*

81

*Ven-A-Care of the Florida Keys, Inc*

STEPHEN ECENIA
Rutledge, Ecenia & Purnell, P.A.
119 South Monroe Street, Suite 202
Post Office Box 551
Tallahassee, FL 32301
(850) 681-6788
(850) 681-6515 (FAX)


JOHN R. FLEDER
CHRISTINE BUMP
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, NW
Suite 1200
Washington, DC 20005
(202) 737-5600
(202) 737-9329 (FAX)


KEITH J. HARRISON
Crowell & Moring LLP
1001 Pennsylvania Ave, NW
Washington, DC 20004
(202) 624-2560
(202) 628-5116 (FAX)

*Attorneys for Defendants Alpharma, Inc.,*
*Alpharma USPD Inc., Purepac*
*Pharmaceutical Co., Actavis, Inc., Actavis*
*Elizabeth LLC, and Actavis Mid Atlantic LLC*

# EXHIBIT "A"

EXHIBIT 6B

FLORIDA PROCEEDINGS

JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC

---

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

| | |
|---|---|
| **THE STATE OF FLORIDA** ) | |
| ) | |
| <u>ex rel.</u> ) | |
| ) | |
| **VEN-A-CARE OF THE** ) | **CIVIL ACTION NO.**   **03-CA1165-A** |
| **FLORIDA KEYS, INC.,** ) | |
| **a Florida Corporation, by and** ) | |
| **through its principal** ) | |
| **officers and directors,** ) | **Judge Kevin J. Carroll** |
| **ZACHARY T. BENTLEY and** ) | |
| **T. MARK JONES,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **ALPHARMA, INC.; ALPHARMA** ) | |
| **USPD, INC. f/k/a BARRE-NATIONAL,** ) | |
| **INC.; BARRE PARENT** ) | |
| **CORPORATION; FAULDING, INC.;** ) | |
| **IVAX CORPORATION; IVAX** ) | |
| **PHARMACEUTICALS, INC.; f/k/a** ) | |
| **ZENITH-GOLDLINE** ) | |
| **PHARMACEUTICALS, INC.; MAYNE** ) | |
| **GROUP, LTD.; SANDOZ, INC.;** ) | |
| **f/k/a GENEVA PHARMACEUTICALS,** ) | |
| **INC.; NOVARTIS, AG; PUREPAC** ) | |
| **PHARMACEUTICAL CO.; ACTAVIS,** ) | |
| **INC.; ACTAVIS ELIZABETH LLC.;** ) | |
| **and ACTAVIS MID ATLANTIC LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., and ACTAVIS MID ATLANTIC LLC

TO THE HONORABLE JUDGE:

The State of Florida and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and

Defendants  Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and

Actavis Mid Atlantic ("Actavis Parties") having settled all matters in dispute between them in

this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs' claims asserted

herein against the Actavis Parties, provided that the dismissal shall not affect the rights and

duties of such parties as expressed in their Settlement Agreement attached as Exhibit "A."

Dated: _____ 2011.                 Respectfully submitted,

                                              PAMELA JO BONDI
                                              ATTORNEY GENERAL
                                              STATE OF FLORIDA

                                              DIANA SHUMANS
                                              Florida Bar No. 675822
                                              Assistant Attorney General
                                              Office of the Attorney General
                                              Medicaid Fraud Control Unit
                                              PL-01, The Capitol
                                              Tallahassee, Florida 32399-1050
                                              (850) 414-3600
                                              (850) 487-9475 (FAX)

                                              JAMES J. BREEN
                                              Florida Bar No. 297178
                                              The Breen Law Firm, P.A.
                                              5755 North Point Parkway, Suite 260
                                              Alpharetta, GA 30022
                                              (770) 740-0008
                                              (770) 740-9109 (FAX)
                                              *Attorney for the Plaintiff,*
                                              *Ven-A-Care of the Florida Keys, Inc*

STEPHEN ECENIA
Rutledge, Ecenia & Purnell, P.A.
119 South Monroe Street, Suite 202
Post Office Box 551
Tallahassee, FL 32301
(850) 681-6788
(850) 681-6515 (FAX)

JOHN R. FLEDER
CHRISTINE BUMP
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, NW
Suite 1200
Washington, DC 20005
(202) 737-5600
(202) 737-9329 (FAX)

KEITH J. HARRISON
Crowell & Moring LLP
1001 Pennsylvania Ave, NW
Washington, DC 20004
(202) 624-2560
(202) 628-5116 (FAX)

*Attorneys for Defendants Alpharma, Inc.,
Alpharma USPD Inc., Purepac
Pharmaceutical Co., Actavis, Inc., Actavis
Elizabeth LLC, and Actavis Mid Atlantic LLC*

# EXHIBIT "A"

EXHIBIT 6C

FLORIDA PROCEEDINGS

ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC
PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC

---

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR LEON COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| <u>ex rel.</u> | ) | |
| | ) | |
| **VEN-A-CARE OF THE** | ) | **CIVIL ACTION NO.**       **98-3032-F** |
| **FLORIDA KEYS, INC.,** | ) | |
| **a Florida Corporation, by and** | ) | |
| **through its principal** | ) | |
| **officers and directors,** | ) | **Judge Kevin J. Carroll** |
| **ZACHARY T. BENTLEY and** | ) | |
| **T. MARK JONES,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **ALPHARMA, INC.; ALPHARMA** | ) | |
| **USPD, INC. f/k/a BARRE-NATIONAL,** | ) | |
| **INC.; BARRE PARENT** | ) | |
| **CORPORATION; FAULDING, INC.;** | ) | |
| **IVAX CORPORATION; IVAX** | ) | |
| **PHARMACEUTICALS, INC.; f/k/a** | ) | |
| **ZENITH-GOLDLINE** | ) | |
| **PHARMACEUTICALS, INC.; MAYNE** | ) | |
| **GROUP, LTD.; SANDOZ, INC.;** | ) | |
| **f/k/a GENEVA PHARMACEUTICALS,** | ) | |
| **INC.; NOVARTIS, AG; PUREPAC** | ) | |
| **PHARMACEUTICAL CO.; ACTAVIS,** | ) | |
| **INC.; ACTAVIS ELIZABETH LLC.;** | ) | |
| **and ACTAVIS MID ATLANTIC LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC LLC

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.*, the State of Florida ("Florida"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs"), and Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic ("Actavis Parties") (all of the forgoing parties collectively, the "Parties") filed with this Court, a Joint Motion for Order of Dismissal with Prejudice of all the Actavis Parties.

Upon due consideration of the Joint Motion and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.    Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit "A" to the Joint Motion for Order of Dismissal with Prejudice of the Actavis Parties, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action arising from the covered conduct are dismissed with prejudice.

2.    Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.    The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2011.

89

_____
Circuit Judge Kevin J. Carroll

Copies to:
See attached service list

## **SERVICE LIST**

DIANA SHUMANS
Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

JAMES J. BREEN
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

STEPHEN ECENIA
Rutledge, Ecenia & Purnell, P.A.
119 South Monroe Street, Suite 202
Post Office Box 551
Tallahassee, FL 3230

JOHN R. FLEDER
CHRISTINE BUMP
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, NW
Suite 1200
Washington, DC 20005

KEITH J. HARRISON
Crowell & Moring LLP
1001 Pennsylvania Ave, NW
Washington, DC 20004

EXHIBIT 6D

FLORIDA PROCEEDINGS

ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC
PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC

**IN THE COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

| | | |
|---|---|---|
| **THE STATE OF FLORIDA** | ) | |
| | ) | |
| <u>ex rel.</u> | ) | |
| | ) | |
|     **VEN-A-CARE OF THE** | ) | **CIVIL ACTION NO.**    **03-CA1165-A** |
|     **FLORIDA KEYS, INC.,** | ) | |
|     **a Florida Corporation, by and** | ) | |
|     **through its principal** | ) | |
|     **officers and directors,** | ) | **Judge Kevin J. Carroll** |
|     **ZACHARY T. BENTLEY and** | ) | |
|     **T. MARK JONES,** | ) | |
| | ) | |
|         **Plaintiffs** | ) | |
| | ) | |
| **ALPHARMA, INC.; ALPHARMA** | ) | |
| **USPD, INC. f/k/a BARRE-NATIONAL,** | ) | |
| **INC.; BARRE PARENT** | ) | |
| **CORPORATION; FAULDING, INC.;** | ) | |
| **IVAX CORPORATION; IVAX** | ) | |
| **PHARMACEUTICALS, INC.; f/k/a** | ) | |
| **ZENITH-GOLDLINE** | ) | |
| **PHARMACEUTICALS, INC.; MAYNE** | ) | |
| **GROUP, LTD.; SANDOZ, INC.;** | ) | |
| **f/k/a GENEVA PHARMACEUTICALS,** | ) | |
| **INC.; NOVARTIS, AG; PUREPAC** | ) | |
| **PHARMACEUTICAL CO.; ACTAVIS,** | ) | |
| **INC.; ACTAVIS ELIZABETH LLC.;** | ) | |
| **and ACTAVIS MID ATLANTIC LLC** | ) | |
| | ) | |
|         **Defendants.** | ) | |
| | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF ALPHARMA USPD INC., PUREPAC PHARMACEUTICAL CO., ACTAVIS ELIZABETH LLC., AND ACTAVIS MID ATLANTIC LLC

Pursuant to Rule 1.420(a) of the Florida Rules of Civil Procedure and the *qui tam* provisions of the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.*, the State of Florida ("Florida"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") (collectively, the "Plaintiffs"), and Alpharma USPD Inc., Purepac Pharmaceutical Co., Actavis Elizabeth LLC., and Actavis Mid Atlantic ("Actavis Parties") (all of the forgoing parties collectively, the "Parties") filed with this Court, a Joint Motion for Order of Dismissal with Prejudice of all the Actavis.

Upon due consideration of the Joint Motion and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.      Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit "A" to the Joint Motion for Order of Dismissal with Prejudice of the Actavis Parties, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action arising from the covered conduct are dismissed with prejudice.

2.      Each party shall be responsible for its own expenses, attorneys' fees, and costs.

3.      The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

IT IS SO ORDERED this ___ day of _____, 2011.

_____
Circuit Judge Kevin J. Carroll

Copies to:
See attached service list

## SERVICE LIST

DIANA SHUMANS
Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

JAMES J. BREEN
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470

STEPHEN ECENIA
Rutledge, Ecenia & Purnell, P.A.
119 South Monroe Street, Suite 202
Post Office Box 551
Tallahassee, FL 3230

JOHN R. FLEDER
CHRISTINE BUMP
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, NW
Suite 1200
Washington, DC 20005

KEITH J. HARRISON
Crowell & Moring LLP
1001 Pennsylvania Ave, NW
Washington, DC 20004

EXHIBIT 7

IOWA PROCEEDINGS

NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS
AGAINST DEFENDANT PUREPAC PHARMACEUTICAL CO.

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No.: 01-CV-12257-PBS<br>Subcategory Case No. 07-12141-PBS |
| THIS DOCUMENT RELATES TO:<br>*State of Iowa v. Abbott Laboratories, et al.* | Judge Patti B. Saris |

## NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT PUREPAC PHARMACEUTICAL CO.

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff, the State of

Iowa, and defendant Purepac Pharmaceutical Co. ("Settling Defendant") (Settling Defendant

together with the State of Iowa, collectively the "Parties"), by and through their respective

attorneys, pursuant to Fed. R. Civ. P. 41 and the terms of the Parties' Settlement Agreement and

Release, that all claims in this action against the Settling Defendant are dismissed with prejudice

and without costs to any party.

Dated:  December ___, 2011

Respectfully submitted,

By: /s/ Joanne M. Cicala
    Joanne M. Cicala

94

Daniel Hume
Kirby McInerney LLP
825 Third Avenue
New York, NY 10022
212-371-6600

*On Behalf of Plaintiffs the State of Iowa*

By: /s/ J.P. Ellison by Joanne M. Cicala with
    permission

James P. Ellison
Hyman, Phelps & McNamara, P.C.
700 13th Street N.W., Suite 1200
Washington D.C. 20005
Tel:  (202) 737-5600
Fax:  (202) 737-9329

*On Behalf of Purepac Pharmaceutical Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 02, 2011, I caused a true and correct copy of the

foregoing, Notice of Voluntary Dismissal With Prejudice of Plaintiff's Claims Against

Defendant Purepac Pharmaceutical Co. to be served on counsel of record for each party through

the Court's Electronic Case Filing System and via LexisNexis File & Serve.

/s/ James Carroll
KIRBY McINERNEY LLP

95

EXHIBIT 8A

NEW YORK PROCEEDINGS

NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE OF PLAINTIFFS' CLAIMS
AGAINST DEFENDANT PUREPAC PHARMACEUTICAL CO.

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br>Master File No.: 01-CV-12257-PBS<br>Sub-Category Case No. 03-10643-PBS |
| THIS DOCUMENT RELATES TO<br><br>*The City of New York, et al. v. Abbott Laboratories, Inc., et al.* | Judge Patti B. Saris |

### NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE OF PLAINTIFFS' CLAIMS AGAINST DEFENDANT PUREPAC PHARMACEUTICAL CO.

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiffs, the

Consolidated New York Counties, and defendant Purepac Pharmaceutical Co. (hereinafter the

"Settling Defendant") (Settling Defendant together with the Consolidated New York Counties,

collectively the "Parties"), by and through their respective attorneys, pursuant to Fed. R. Civ. P.

41 and the terms of the Parties' Settlement Agreement and Release, that all claims in this action

against the Settling Defendant are dismissed with prejudice and without costs to any party.

Dated:  December ___, 2011

Respectfully submitted,

By: /s/ Joanne M. Cicala
    Joanne M. Cicala
    Daniel Hume
    Kirby McInerney LLP
    825 Third Avenue
    New York, NY 10022
    212-371-6600

*On Behalf of Plaintiffs the Consolidated New York Counties*

By: /s/ David E. Bell by Joanne M. Cicala with
    permission

    Alex E. Sadler
    David E. Bell
    Crowell & Moring LLP
    1001 Pennsylvania Ave, NW
    Washington, DC  20004
    (202) 624-2500

*On Behalf of Defendant Purepac Pharmaceutical Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 02, 2011, I caused a true and correct copy of the foregoing, Notice of Voluntary Dismissal With Prejudice of Plaintiffs' Claims Against Defendant Purepac Pharmaceutical Co. to be served on counsel of record for each party through the Court's Electronic Case Filing System and via LexisNexis File & Serve.

    /s/ James Carroll
    KIRBY McINERNEY LLP

EXHIBIT 8B

NEW YORK PROCEEDINGS

STIPULATION DISCONTINUING ACTION

STATE OF NEW YORK
SUPREME COURT          COUNTY OF OSWEGO

IN RE: COORDINATED AWP

THE COUNTY OF OSWEGO,                    Index No. 2006-0697

                      Plaintiff,         **STIPULATION
                                         DISCONTINUING
    vs.                                  ACTION**

ABBOTT LABORATORIES, INC., *et al.*,

                      Defendants.

    Upon the stipulation of counsel for Plaintiff County Oswego ("County") and counsel

for Defendants Actavis Inc., Actavis Elizabeth LLC, f/k/a Purepac Pharmaceutical Co., and

Actavis Mid Atlantic LLC, f/k/a Alpharma USPD Inc (hereafter, "Actavis"), and pursuant to the

County of Oswego Resolution attached as Exhibit A hereto, it is hereby

    **ORDERED** that whereas no party hereto is an infant or incompetent person for whom

a committee has been appointed and no person not a party has an interest in the subject of the

action, that all claims in the action be, and same hereby are discontinued by the County as against

Actavis with prejudice and on the merits without costs to either party pursuant to CPLR

§ 3217(b).

DATED: _____, 2011

98

**WEITZ & LUXENBERG**                    **HARRIS BEACH PLLC**


By:_____            By:_____
   Michael E. Pederson, Esq.                Michael J. Masino
   *Attorney for Plaintiff,*                 *Attorney for Defendants Actavis Inc.,*
   *County of Oswego*                        *Actavis Elizabeth LLC, f/k/a Purepac*
   700 Broadway                             *Pharmaceutical Co., and Actavis Mid*
   New York, NY 10003                       *Atlantic LLC, f/k/a Alpharma USPD Inc.*
                                            99 Garnsey Road
                                            Pittsford, NY, 14534


**SO ORDERED:**

This _____ day of _____, 2011



                   _____
                   **HON. JOHN M CURRAN**
                   **JUSTICE OF THE SUPREME COURT**

EXHIBIT A to Exhibit 8B

County of Oswego Resolution

EXHIBIT 8C

NEW YORK PROCEEDINGS

STIPULATION DISCONTINUING ACTION

---

STATE OF NEW YORK
SUPREME COURT          COUNTY OF SCHENECTADY

---

IN RE: COORDINATED AWP

---

THE COUNTY OF SCHENECTADY,

               Plaintiff,

    vs.

ABBOTT LABORATORIES, INC., *et al.*,

               Defendants.

Index No. 2006-0886

**STIPULATION
DISCONTINUING
ACTION**

---

    Upon the stipulation of counsel for Plaintiff County of Schenectady ("County") and

counsel for Defendants Actavis Inc., Actavis Elizabeth LLC, f/k/a Purepac Pharmaceutical Co.,

and Actavis Mid Atlantic LLC, f/k/a Alpharma USPD Inc (hereafter, "Actavis") it is hereby

    **ORDERED** that whereas no party hereto is an infant or incompetent person for whom

a committee has been appointed and no person not a party has an interest in the subject of the

action, that all claims in the action be, and same hereby are discontinued by the County as against

Actavis with prejudice and on the merits without costs to either party pursuant to CPLR

§ 3217(b).

DATED: _____, 2011

**WEITZ & LUXENBERG, P.C.**          **HARRIS BEACH PLLC**


By:_____          By:_____
  Michael E. Pederson, Esq.            Michael J. Masino
  *Attorney for Plaintiff,*            Attorney for Defendant Actavis Inc.,
  *County of Schenectady*              Actavis Elizabeth LLC, f/k/a Purepac
  700 Broadway                         Pharmaceutical Co., and Actavis Mid
  New York, NY 10003                   Atlantic LLC, f/k/a Alpharma USPD Inc.
                                       99 Garnsey Road
                                       Pittsford, NY, 14534




**SO ORDERED:**

This ____ day of _____, 2011




                    _____
                    **HON. JOHN M CURRAN**
                    **JUSTICE OF THE SUPREME COURT**

EXHIBIT 8D

NEW YORK PROCEEDINGS

STIPULATION DISCONTINUING ACTION

---

STATE OF NEW YORK

SUPREME COURT        COUNTY
OF ERIE

IN RE: COORDINATED AWP

---

THE COUNTY OF ERIE,                Index No. 2005-2439

                    Plaintiff,           **STIPULATION**
                                         **DISCONTINUING**
  vs.                                    **ACTION**

ABBOTT LABORATORIES, INC., *et al.*,

                                    Defendants.

---

Upon the stipulation of counsel for Plaintiff County of Erie ("County") and counsel for Defendants Actavis Inc., Actavis Elizabeth LLC, f/k/a Purepac Pharmaceutical Co., and Actavis Mid Atlantic LLC, f/k/a Alpharma USPD Inc (hereafter, "Actavis") it is hereby

**ORDERED** that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject of the action, that all claims in the action be, and same hereby are discontinued by the County as against Actavis with prejudice and on the merits without costs to either party pursuant to CPLR § 3217(b).

DATED: _____, 2011

103

**WEITZ & LUXENBERG, P.C.**          **HARRIS BEACH PLLC**


By:_____          By:_____
　　Michael E. Pederson, Esq.          　　Michael J. Masino
　　*Attorney for Plaintiff,*          　　*Attorney for Defendant Actavis Inc.,*
　　*County of Erie*          　　*Actavis Elizabeth LLC, f/k/a Purepac*
　　700 Broadway          　　*Pharmaceutical Co., and Actavis Mid*
　　New York, NY 10003          　　*Atlantic LLC, f/k/a Alpharma USPD Inc.*
　　　　　　　　　　　　　　　　　　　　　 99 Garnsey Road
　　　　　　　　　　　　　　　　　　　　Pittsford, NY, 14534


**SO ORDERED:**

This _____ day of _____, 2011



　　　　　　　　　　_____
　　　　　　　　　　**HON. JOHN M CURRAN**
　　　　　　　　　　**JUSTICE OF THE SUPREME COURT**

EXHIBIT 9

SOUTH CAROLINA PROCEEDINGS

PROPOSED ORDER OF DISMISSAL WITH PREJUDICE

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| In re: South Carolina Pharmaceutical | ) | The Honorable J. Cordell Maddox, Jr. |
| Pricing Litigation | ) | |
| | ) | Master Case Number: 2006-CP-40-4394 |
| This document relates to: | ) | |
| | ) | |
| 06-CP-40-7157 and 06-CP-40-7158 | ) | |

These two actions were commenced by the State of South Carolina against Defendant, Alpharma, Inc., bearing caption numbers 06-CP-40-7157 and 06-CP-40-7158. By Order issued by the Supreme Court of South Carolina dated August 4, 2006, these actions were consolidated with other pending pharmaceutical pricing litigation actions for pre-trial matters before the Honorable J. Cordell Maddox, Jr.

It now appears that Plaintiffs and Defendant in the 06-CP-40-7157 and 06-CP-40-7158 matters have reached a settlement of all issues and Plaintiffs desire to dismiss these two actions with prejudice.

Therefore, with the consent of the parties, it is hereby ORDERED that the actions bearing caption numbers 06-CP-40-7157 and 06-CP-40-7158 are dismissed with prejudice pursuant to Rule 41(a)(2) of the South Carolina Rules of Civil Procedure.

IT IS SO ORDERED, this the _____ day of _____, 2011.

_____
The Honorable J. Cordell Maddox, Jr.
Circuit Court Judge

EXHIBIT 10

UNCONDITIONAL GUARANTY

THIS UNCONDITIONAL GUARANTY ("Guaranty") is made as of the Effective Date of the Settlement Agreement (as hereinafter defined), for the benefit of Benefitted Parties (as hereinafter defined).

i)    Definitions.  As used in this Guaranty, the following terms have the meanings indicated below:

"Benefitted Parties" means Ven-A-Care of the Florida Keys, Inc. ("Relator"), Zachary T. Bentley, T. Mark Jones, Luis E. Cobo, and John Lockwood, M.D. (collectively, "Individual Plaintiffs"), their successors and assigns, the United States, the State of Florida, the State of Iowa, the State of South Carolina, the State of New York, the City of New York, all New York Counties that are plaintiffs in MDL 1456 pending in the United States District Court for the District of Massachusetts, and Erie, Oswego, and Schenectady counties.

"Debtor Relief Laws" means Title 11 of the United States Code, as now or hereafter in effect, or any other applicable law, domestic or foreign, as now or hereafter in effect, relating to bankruptcy, insolvency, liquidation, receivership, reorganization, arrangement or composition, extension or adjustment of debts, or similar laws affecting the rights of creditors.

"Guaranteed Indebtedness" means (a) the Obligor's payment obligations contained in paragraphs III(2-4) of the Settlement Agreement (as hereinafter defined) and the Obligor's payment obligations to the United States contained in paragraph III(5) of the Texas Settlement Agreement (as hereinafter defined), (b) the reasonable costs and reasonable expenses incurred by Benefitted Parties in connection with the collection of all or any part of the indebtedness and obligations described in (a) above, including without limitation, all reasonable attorneys' fees, and (c) all renewals, extensions, modifications and rearrangements of the indebtedness and obligations described in (a) and (b), all as reduced on a dollar for dollar basis by any payment made by the Obligor or any other party in settlement of those obligations.

"Guarantor" (whether one or more) means Actavis Group hf., an Iceland corporation, and its successors and assigns; and Actavis Group PTC ehf., an Iceland corporation, and its successors and assigns, jointly and severally.

"Obligor" (whether one or more) means Actavis Mid Atlantic LLC, a Delaware limited liability company, Actavis Elizabeth LLC, a Delaware limited liability company, and Actavis Inc., a Delaware corporation, and their successors and assigns.

"Person" means any individual, corporation, partnership, joint venture, limited liability company or partnership (general or limited) association, trust, unincorporated association, joint stock company, government, municipality, political subdivision or agency, or other entity.

"Settlement Agreement" means the Settlement Agreement and Release to be entered into by and among the Benefitted Parties and the Obligor, a copy of which is attached to this Guaranty as Exhibit A and incorporated herein by such reference for all purposes.

"Texas Settlement Agreement" means the Settlement Agreement and Release by and among Ven-A-Care of the Florida Keys, Inc., the State of Texas, Thomas Suehs as Executive Director of the Texas Health and Human Services Commission, Actavis Mid Atlantic LLC, Actavis Elizabeth LLC and Actavis Inc., in the form attached to this Guaranty as Exhibit B and incorporated herein by such reference for all purposes.

ii)      Benefit to Guarantor.  Actavis Group hf. is a shareholder in Actavis Group PTC ehf.  Actavis Group PTC ehf. is the sole shareholder in Actavis Inc.  Actavis Inc. is the sole member in Actavis Mid Atlantic LLC and is the sole member in Actavis Elizabeth LLC.  The settlement and releases granted by the Benefitted Parties to the Obligor under the Settlement Agreement, in consideration of the Settlement Amount to be paid to the Benefitted Parties, is a substantial and direct or indirect benefit to each Guarantor.

3.       Guaranty.     As an inducement to Benefitted Parties to enter into the Settlement Agreement and to make the financial accommodations to Obligor therein set forth, Guarantor, for value received, jointly and severally, does hereby unconditionally and absolutely guarantee the prompt and full payment and performance of the Guaranteed Indebtedness when due or declared to be due and at all times thereafter.  Guarantor shall promptly pay the amount due thereon to Benefitted Parties following receipt of notice as provided in Paragraph 5, in lawful money of the United States of America.

4.       Character of Obligations.    This is an absolute, continuing and unconditional guaranty of payment and not of collection.  All Guaranteed Indebtedness shall be conclusively presumed to have been made in acceptance hereof.  Guarantor shall be liable, jointly and severally, with Obligor and any other guarantor of all or any part of the Guaranteed Indebtedness.  Notwithstanding the above, this Guaranty may not be invoked by any of the Benefitted Parties until the date falling 15 calendar days after the date on which the Guarantor received notice of the Obligor's failure to perform its obligations under the Settlement Agreement as described in paragraph 5 below.

5.       Notice of Default.   One or more of the Benefitted Parties shall provide notice to the Guarantor of any default by the Obligor in the payment of any settlement installment due under paragraphs III(3 & 4) of the Settlement Agreement and/or paragraph III(5) of the Texas Settlement Agreement in accordance with the Notice provision set forth in paragraph 27 below.

6.       No Right of Revocation.   Guarantor understands and agrees that Guarantor may not revoke its future obligations under this Guaranty at any time as long as any Guaranteed Indebtedness is outstanding.

7.       Representations and Warranties.   Guarantor hereby represents and warrants the following to Benefitted Parties:

(i)      This Guaranty benefits Guarantor directly or indirectly, and the Guarantor has determined that this Guaranty may reasonably be expected to benefit, directly or indirectly, Guarantor;

(ii)     Guarantor has adequate means to obtain from Obligor on a continuing basis information concerning the financial condition of Obligor, and Guarantor is not relying on Benefitted Parties to provide such information to Guarantor either now or in the future;

(iii)     Guarantor has the power and authority to execute, deliver and perform this Guaranty, and the execution, delivery and performance of this Guaranty does not and will not violate (i) any agreement or instrument to which Guarantor is a party, (ii) any law, rule, regulation or order of any governmental authority to which Guarantor is subject, or (iii) its organizational documents;

(iv)     Except as may be set forth in the Settlement Agreement, Benefitted Parties have made no representation or warranty to Guarantor in order to induce Guarantor to execute this Guaranty; and

(v)     As of the date hereof, and after giving effect to this Guaranty and the obligations evidenced hereby, (i) Guarantor is solvent, (ii) Guarantor is able to pay its debts as they mature, and (iii) Guarantor has sufficient capital to carry on its business and all businesses in which it is about to engage.

8.     <u>Consent and Waiver</u>.

(i)     Benefitted Parties may at any time, without the consent of or notice to Guarantor, without incurring responsibility to Guarantor and without impairing, releasing, reducing or affecting the obligations of Guarantor hereunder:  (i) change the manner, place or terms of payment of all or any part of the Guaranteed Indebtedness, or renew, extend, modify, rearrange or alter all or any part of the Guaranteed Indebtedness; (ii) change the post-maturity interest rate accruing on any of the Guaranteed Indebtedness; (iii) neglect, delay, omit, fail or refuse to take or prosecute any action for the collection of all or any part of the Guaranteed Indebtedness or this Guaranty; (iv) exercise or refrain from exercising any rights against Obligor or others, or otherwise act or refrain from acting; (v) settle or compromise all or any part of the Guaranteed Indebtedness and subordinate the payment of all or any part of the Guaranteed Indebtedness to the payment of any obligations, indebtedness or liabilities which may be due or become due to Benefitted Parties or others; (vi) apply any deposit balance, fund, payment, collections through process of law or otherwise or other collateral of Obligor to the satisfaction and liquidation of the indebtedness or obligations of Obligor to Benefitted Parties, if any, not guaranteed under this Guaranty; and (vii) apply any sums paid to Benefitted Parties by Guarantor, Obligor or others to the Guaranteed Indebtedness in such order and manner as Benefitted Parties, in their sole discretion, may determine, provided that such payments will be credited to the reduction of the Guaranteed Indebtedness on a dollar for dollar basis.

(ii)     Except as otherwise provided in the Settlement Agreement or this Guaranty, should any of the Benefitted Parties seek to enforce the obligations of Guarantor hereunder by action in any court or otherwise, Guarantor waives any requirement, substantive or procedural, that the Benefitted Party or Parties first enforce any rights or remedies against Obligor or any other person or entity liable to any of the Benefitted Parties for all or any part of the Guaranteed Indebtedness, including without limitation that a judgment first be rendered against Obligor or any other person or entity, or that Obligor or any other person or entity should be joined in such cause. Such waiver shall be without prejudice to any Benefitted Party's right, at its option, to proceed against Obligor or any other person or entity, whether by separate action or by joinder.

(iii)    In addition to any other waivers, agreements and covenants of Guarantor set forth herein, Guarantor hereby further waives and releases all claims, causes of action, defenses and offsets for any act or omission of Benefitted Parties, their directors, officers, employees, representatives or agents in connection with Benefitted Parties' collection of the Guaranteed Indebtedness, except for Benefitted Parties', their directors', officers', employees', representatives' or agents' willful misconduct, gross negligence, or violation of this Guaranty or the Settlement Agreement.

9.     <u>Obligations Not Impaired</u>.

(i)    Guarantor agrees that its obligations under this Guaranty shall not be released, diminished, impaired, reduced or affected by the occurrence of any one or more of the following events: (i) the lack of corporate power of Obligor, Guarantor or any other guarantor of all or any part of the Guaranteed Indebtedness, (ii) any receivership, insolvency, bankruptcy, disability or other proceedings affecting Obligor, Guarantor or any other guarantor of all or any part of the Guaranteed Indebtedness, or any of their respective property; (iii) the partial or total release or discharge of Obligor or any other guarantor of all or any part of the Guaranteed Indebtedness, or any other person or entity from the performance of any obligation contained in any instrument or agreement evidencing, governing or securing all or any part of the Guaranteed Indebtedness, whether occurring by reason of law or otherwise; (iv) the taking or accepting of any collateral for all or any part of the Guaranteed Indebtedness or this Guaranty; (v) the taking or accepting of any other guaranty for all or any part of the Guaranteed Indebtedness; (vi) any failure by Benefitted Parties to acquire, perfect or continue any lien or security interest on collateral securing all or any part of the Guaranteed Indebtedness or this Guaranty; (vii) the impairment of any collateral securing all or any part of the Guaranteed Indebtedness or this Guaranty; (viii) any failure by Benefitted Parties to sell any collateral securing all or any part of the Guaranteed Indebtedness or this Guaranty in a commercially reasonable manner or as otherwise required by law; (ix) any invalidity or unenforceability of or defect or deficiency in the Settlement Agreement or any of the documents referenced therein or executed or filed in accordance therewith; or (x) any other circumstance which might otherwise constitute a defense available to, or discharge of, Obligor, Guarantor or any other guarantor of all or any part of the Guaranteed Indebtedness other than the defense of payment in full.

(ii)    This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of all or any part of the Guaranteed Indebtedness is rescinded or must otherwise be returned by Benefitted Parties upon the insolvency, bankruptcy or reorganization of Obligor or Guarantor, or otherwise, all as though such payment had not been made.

(iii)    None of the following shall affect Guarantor's liability hereunder:  (i) the unenforceability of all or any part of the Guaranteed Indebtedness against Obligor by reason of the fact that the Guaranteed Indebtedness exceeds the amount permitted by law; (ii) the act of creating all or any part of the Guaranteed Indebtedness is ultra vires; or (iii) the officers, directors or members creating all or any part of the Guaranteed Indebtedness acted in excess of their authority.  Guarantor hereby acknowledges that withdrawal from, or termination of, any ownership interest in Obligor now or hereafter owned or held by Guarantor shall not alter, affect or in any way limit the obligations of Guarantor hereunder.

10.    Subrogation.    Until the Guaranteed Indebtedness has been paid, in full, Guarantor hereby covenants and agrees that it shall not assert, enforce, or otherwise exercise (a) any right of subrogation to any of the rights or liens of Benefitted Parties against Obligor or any other guarantor of the Guaranteed Indebtedness, unless such rights are expressly made subordinate to the Guaranteed Indebtedness (in form and upon terms acceptable to Benefitted Parties) and the rights of Benefitted Parties under this Guaranty and the Settlement Agreement, or (b) any right of recourse, reimbursement, contribution, indemnification, or similar right against Obligor or any other guarantor of all or any part of the Guaranteed Indebtedness.

11.    Subordinated Debt.    All principal of and interest on all indebtedness, liabilities, and obligations of Obligor to Guarantor (the "Subordinated Debt") now or hereafter existing, due or to become due to Guarantor, or held or to be held by Guarantor, whether created directly or acquired by assignment or otherwise, and whether evidenced by written instrument or not, shall be expressly subordinated to the Guaranteed Indebtedness. Until such time as the Guaranteed Indebtedness is paid and performed in full, Guarantor agrees not to receive or accept any payment from Obligor with respect to the Subordinated Debt at any time a default under the Settlement Agreement has occurred and is continuing; and, in the event Guarantor receives any payment on the Subordinated Debt in violation of the foregoing, Guarantor will hold any such payment in trust for Benefitted Parties and forthwith turn it over to Benefitted Parties in the form received, to be applied to the Guaranteed Indebtedness. If Guarantor has executed a separate subordination agreement ("Subordination Agreement") applicable to the Subordinated Debt, the Subordination Agreement shall control over any inconsistent provision in this paragraph.

12.    No Fraudulent Transfer.    It is the intention of Guarantor and Benefitted Parties that the amount of the Guaranteed Indebtedness guaranteed by Guarantor by this Guaranty shall be in, but not in excess of, the maximum amount permitted by fraudulent conveyance, fraudulent transfer, or similar laws applicable to Guarantor. Accordingly, notwithstanding anything to the contrary contained in this Guaranty, the amount of the Guaranteed Indebtedness guaranteed by Guarantor by this Guaranty shall be limited to that amount which after giving effect thereto would not (a) render Guarantor insolvent, (b) result in the fair saleable value of the assets of Guarantor being less than the amount required to pay its debts and other liabilities (including contingent liabilities) as they mature, or (c) leave Guarantor with unreasonably small capital to carry out its business as now conducted and as proposed to be conducted, including its capital needs, as such concepts described in clauses (a), (b) and (c) of this paragraph are determined under applicable law, if the obligations of Guarantor hereunder would otherwise be set aside, terminated, annulled or avoided for such reason by a court of competent jurisdiction in a proceeding actually pending before such court. For purposes of this Guaranty, the term "applicable law" means as to Guarantor each statute, law, ordinance, regulation, order, judgment, injunction or decree of the United States or any state or commonwealth, any municipality, any foreign country, or any territory, possession or tribunal applicable to Guarantor.

13.    Actions against Guarantor.    In the event of an uncured default in the payment or performance of all or any part of the Guaranteed Indebtedness, Guarantor shall, upon demand, promptly pay the amount due thereon to Benefitted Parties, in lawful money of the United States, at Benefitted Parties' addresses in accordance with the Settlement Agreement and/or the Texas Settlement Agreement. One or more successive or concurrent actions may be brought against Guarantor, either in the same action in which Obligor issued or in separate actions, as often as Benefitted Parties deem advisable. The exercise by Benefitted Parties of any right or remedy under this Guaranty or under any other agreement or instrument, at law, in

equity or otherwise, shall not preclude concurrent or subsequent exercise of any other right or remedy.

14.    <u>Waiver by Benefitted Parties</u>.   No delay on the part of any of the Benefitted Parties in exercising any right hereunder or failure to exercise the same shall operate as a waiver of such right.   In no event shall any waiver of the provisions of this Guaranty be effective as to any Benefitted Party unless the same be in writing and signed by an officer of that Benefitted Party, and then only in the specific instance and for the purpose given.

15.    <u>Successors and Assigns</u>.   This Guaranty is for the benefit of Benefitted Parties. The Benefitted Parties may not transfer or assign their rights under this Guaranty without the prior written consent of the Guarantors (such consent not to be unreasonably withheld).   This Guaranty is binding upon Guarantor and Guarantor's successors, including without limitation any person or entity obligated by operation of law upon the reorganization, merger, consolidation or other change in the organizational structure of Guarantor.

16.    <u>Costs and Expenses</u>.   Guarantor shall pay on demand by any of the Benefitted Parties all reasonable costs and reasonable expenses, including without limitation, all reasonable attorneys' fees incurred by the Benefitted Party or Parties in the enforcement and/or collection of this Guaranty.

17.    <u>Severability</u>.   If any provision of this Guaranty is held by a court of competent jurisdiction to be illegal, invalid or unenforceable under present or future laws, such provision shall be fully severable, shall not impair or invalidate the remainder of this Guaranty and the effect thereof shall be confined to the provision held to be illegal, invalid or unenforceable.

18.    <u>No Obligation</u>.   Nothing contained herein shall be construed as an obligation on the part of Benefitted Parties to modify, amend, or extend the obligations of Obligor under the Settlement Agreement.

19.    <u>Amendment</u>.   No modification or amendment of any provision of this Guaranty, nor consent to any departure by Guarantor therefrom, shall be effective unless the same shall be in writing and signed by all parties to this Guaranty.

20.    <u>Cumulative Rights</u>.   All rights and remedies of Benefitted Parties hereunder are cumulative of each other and of every other right or remedy which Benefitted Parties may otherwise have at law or in equity or under any instrument or agreement, and the exercise of one or more of such rights or remedies shall not prejudice or impair the concurrent or subsequent exercise of any other rights or remedies.

21.    <u>Compliance with Applicable Usury Laws</u>.   Notwithstanding any other provision of this Guaranty or of any instrument or agreement evidencing, governing or securing all or any part of the Guaranteed Indebtedness, Guarantor and Benefitted Parties by their acceptance hereof agree that Guarantor shall never be required or obligated to pay interest in excess of the maximum nonusurious interest rate as may be authorized by applicable law for the written contract which constitutes the Guaranteed Indebtedness.   It is the intention of Guarantor and Benefitted Parties to conform strictly to the applicable laws which limit interest rates, and any of the aforesaid contract for interest, if and to the extent payable by Guarantor, shall be held to be subject to reduction to the maximum nonusurious interest rate allowed under said law.

22.    <u>Descriptive Headings</u>.  The headings in this Guaranty are for convenience only and shall not define or limit the provisions hereof.

23.    <u>Gender</u>.  Within this Guaranty, words of any gender shall be held and construed to include the other gender.

24.    <u>Entire Agreement</u>.   This Guaranty contains the entire agreement between Guarantor and Benefitted Parties regarding the subject matter hereof and supersedes all prior written and oral agreements and understandings, if any, regarding same; <u>provided</u>, <u>however</u>, this Guaranty is in addition to and does not replace, cancel, modify or affect the Settlement Agreement or the Texas Settlement Agreement.

25.    <u>GOVERNING LAW, JURISDICTION AND VENUE</u>.

(a)    All issues between or among the Guarantor and any Benefitted Party concerning the construction, validity, enforcement, or interpretation of this Guaranty shall be governed by, and construed in accordance with, the laws of the State of Texas, without giving effect to any conflict of law rules (whether of the State of Texas or any other jurisdiction) that would impose or require the application of the laws of any other jurisdiction other than the State of Texas.

(b)    The exclusive jurisdiction and venue of any lawsuit concerning the construction, validity, enforcement, or interpretation of this Guaranty shall lie in the United States District Court for the District of Massachusetts.  Guarantor agrees to submit to the jurisdiction of the United States District Court for the District of Massachusetts in any proceeding concerning the construction, validity, enforcement, or interpretation of this Guaranty.

(c)    Guarantor further consents and agrees to service of any summons, citations, complaints or other legal process in any suit, action or proceeding by registered or certified U.S. Mail, return receipt requested, postage prepaid, to Crowell & Moring, LLP, 1001 Pennsylvania Avenue NW, Washington, D.C., 20004-2595 (the "<u>Process Agent</u>").  Guarantor hereby irrevocably appoints the Process Agent as its true and lawful agent and attorney-in-fact in its name, place and stead to accept such service of any and all writs, processes and summonses.  Guarantor agrees to maintain at all times an agent in Washington, D.C. for the purpose of acting as such agent and attorney-in-fact.  Guarantor further agrees that such failure of the Process Agent to give any notice of such service of process to Guarantor shall not impair or affect the validity of such service or of any judgment based upon such service.  Guarantor consents and agrees that such service shall constitute in every respect valid and effective service upon Guarantor but nothing herein shall affect the availability, validity or effectiveness of process served in any other manner permitted by law.

(d)    Guarantor stipulates to the admissibility of this Guaranty in any proceeding concerning the construction, validity, enforcement, or interpretation of this Guaranty, and waives any objection thereto.

26.    <u>NO ORAL AGREEMENTS</u>.    THIS GUARANTY REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE

OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS BY THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

      27.   <u>Notice</u>.  Any notice, request, demand or other communication required or permitted hereunder shall be given or made in writing and delivered by facsimile transmission, hand delivery, or by certified, registered or express mail, return receipt requested, and addressed as set forth below (or to such other person or address as the applicable party may from time to time furnish to each other party in accordance with the terms of this paragraph):

In the case of the Guarantor to:

> Scott L. Winkelman
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, NW
> Washington, DC 20004-2595
> Fax: (202) 628-5116

With a copy not constituting notice to:

> General Counsel
> Actavis Group hf.
> Reykjavikurvegi 76-78
> IS-220 Hafnarfjordur
> Iceland

In the case of Florida, to:

> Deputy Attorney General and Chief Counsel
> State of Florida Office of the Attorney General
> PL-01, The Capitol
> Tallahassee, FL 32399
> Fax: (850) 410-0179

In the case of South Carolina, to:

> C. Havird Jones, Jr.
> Assistant Deputy Attorney General
> Post Office Box 11549
> Columbia, South Carolina 29211
> Fax: (803) 734-3970

In the case of New York:

For the New York MDL 1456 Plaintiffs, except for the Counties of Nassau and Orange, for all purposes:

> Joanne M. Cicala, Esq.
> Daniel Hume, Esq.
> Kirby McInerney LLP
> 825 Third Avenue

113

New York, New York  10022
Fax:  (512) 858-1801

For the State of New York, for all purposes:

Carolyn T. Ellis
Special Assistant Attorney General
Office of the New York Attorney General
Medicaid Fraud Control Unit
120 Broadway
New York, New York 10271
Fax:  (212) 417-5335

In the case of the County of Nassau, New York, for all purposes, to:

Ross Brooks
MILLBERG  LLP
One Pennsylvania Plaza
New York, NY  10119-0165
Fax:  (212) 868-1229

In the case of the County of Orange, New York, for all purposes, to:

Stanley J. Levy
Theresa A. Vitello
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10007
Fax:  (212) 605-6290

In the case of the Counties of Erie, Oswego and Schenectady, New York, for all purposes to:

Michael E. Pederson
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY  10003
Fax:  (212) 344-5461

In the case of Iowa, to:

Joanne M. Cicala, Esq.
Daniel Hume, Esq.
Kirby McInerney LLP
825 Third Avenue
New York, New York  10022
Fax:  (512) 858-1801

In the case of the Relator and/or Breen, to:

James J. Breen

114

The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Fax: (678) 252-5545

In the case of any of the Individual Plaintiffs, to:

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Fax: (678) 252-5545

In the case of the United States, to:

Laurie A. Oberembt
U.S. Department of Justice, Civil Division
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004
Fax: (202) 616-3085

Such notices, requests, demands or other communications shall be deemed received upon personal delivery, on the first business day following the date of the facsimile transmission, or on the third business day following the date of mailing if sent by registered, certified or express mail.

28.     Rate of Exchange.     All references in this Guaranty (including without limitation in the Settlement Agreement and the Texas Settlement Agreement attached hereto) to sums denominated in dollars (or with the symbol "$") refer to lawful currency of the United States of America (the "Obligation Currency"). If, for the purposes of obtaining or enforcing judgment against Guarantor in any court in any jurisdiction in connection with this Guaranty, it becomes necessary to convert an amount due in the Obligation Currency into another currency (such other currency being referred to as the "Converted Currency"), the Guarantor shall pay such amount as may be necessary to ensure that the amount actually received in the Converted Currency, when converted at the rate of exchange prevailing on the date of payment, will produce the amount of the Obligation Currency stipulated in the judgment or judicial order. The term "rate of exchange" in this paragraph means the spot rate of exchange, on the relevant date at or about 12:00 noon, for the purchase of the Obligation Currency using the Converted Currency, in the New York foreign exchange market.

29.     Confirmation of Guarantor's Obligations Under Settlement Agreement.     Each Person comprising the Guarantor, by execution of this Guaranty:

(a)     Confirms to Benefitted Parties that any and all approvals or consents required of such Person, if any, to authorize the execution, delivery and performance of the Settlement Agreement by Actavis, Inc., Actavis Mid Atlantic LLC and Actavis Elizabeth LLC have been granted and given by such Person;

115

      (b)    Consents to and grants the release set out in ¶ III(8) of the Settlement Agreement; and

      (c)    Agrees to deliver the executed Deutsche Bank Consent Letter as defined in ¶ III (28) of the Settlement Agreement.

EXECUTED as of the date first above written.

[Remainder intentionally blank; signatures and acknowledgments appear on following pages.]

**ACTAVIS GROUP hf.**

Actavis Group hf.

BY: _____
Name: Claudio Albrecht
Title: Director

Date: __ December 2011


**ACTAVIS GROUP PTC ehf.**

Actavis Group PTC ehf.

BY: _____
Name: Peter Prock
Title: Director

Date: __ December 2011

117

EXHIBIT 11

LENDER CONSENT REQUEST LETTER

To:     Deutsche Bank AG, London Branch as agent under the Senior Facilities Agreement, the PIK
        Facility Agreement and the Subordinated Facility Agreement (each as defined below) (the
        "**Agent**")
        Winchester House
        1 Great Winchester Street
        London EC2N 2DB

[●] December 2011

Dear Sirs

**Actavis Equity S.à.r.l. (the "Obligors' Agent") – Consent Request relating to AWP Litigation
Settlement** (herein defined)

**PART A: INTRODUCTION**

1.      We refer to the senior facilities agreement dated 14 September 2007 (as amended, novated,
        supplemented, extended or restated from time to time (the "**Senior Facilities Agreement**")),
        the PIK facility agreement dated 20 July 2010 (as amended, novated, supplemented,
        extended or restated from time to time (the "**PIK Facility Agreement**")) and the original PIK
        loan credit agreement dated 14 September 2007 (as amended, novated, supplemented,
        extended or restated from time to time (the "**Subordinated Facility Agreement**" and together
        with the Senior Facilities Agreement and the PIK Facility Agreement, the "**Facility
        Agreements**")).

2.      We write to you in your capacity as Agent under each of the Facility Agreements and the other
        Finance Documents, in our role as agent to each Obligor (other than the Excluded Entities (as
        defined in the Intercreditor Agreement)) pursuant to clause 31 (*Appointment of Obligors'
        Agent*) of the Intercreditor Agreement.

3.      Each of LLC "Actavis" and Actavis İlaçlari A.Ş., as Excluded Entities, has executed this letter
        separately to confirm its agreement with the requests made by the Obligors' Agent and to
        confirm its agreement with the provisions set out in this letter.

**PART B: CONSENT REQUEST**

4.      We attach as Appendix 1 the proposed terms of a settlement and release agreement (the
        "**Settlement Agreement**") between certain members of the Group and each of Ven-A-Care of
        the Florida Keys, Inc. ("Relator"), Zachary T. Bentley, T. Mark Jones, Luis E. Cobo, and John

118

Lockwood, M.D., their successors and assigns, the United States, the State of Florida, the State of Iowa, the State of South Carolina, the State of New York, the City of New York, all New York Counties that are plaintiffs in MDL 1456 pending in the United States District Court for the District of Massachusetts, and Erie, Oswego, and Schenectady counties (together the "**Benefitted Parties**") relating to average wholesale pricing (the "**AWP Litigation Settlement**"). Pursuant to the terms of the Settlement Agreement, Actavis Inc. is party to the Settlement Agreement and therefore obligor of the payment obligations of other members of the Group who are parties to the Settlement Agreement. Finally, each of Actavis Group hf. and Actavis Group PTC ehf. is required to provide a guarantee for the performance of the payment obligations of other members of the Group in connection with the settlement payments due from time to time under the AWP Litigation Settlement (the "**AWP Settlement Guaranty**") and certain costs and expenses relating thereto. The AWP Settlement Guaranty is contained in a letter attached hereto as Appendix 2.

5.   Pursuant to Clause 27.19(a) (*No Guarantees or indemnities*) of each of the Facility Agreements, no member of the Group is permitted to incur or allow to remain outstanding any guarantee in respect of any obligation of any person unless it is a Permitted Guarantee. The AWP Settlement Guaranty is not a Permitted Guaranty.

6.   Accordingly, the Obligors' Agent requests that the Majority Lenders under each of the Facility Agreements consent to the following arrangements in connection with the AWP Litigation Settlement:

   (a)   Actavis Inc. being party to the Settlement Agreement in the form attached hereto and making payments described in paragraphs III(2) through III(4) of the Settlement Agreement and the granting of the AWP Settlement Guaranty by each of Actavis Group hf. and Actavis Group PTC ehf. on the terms set out in the AWP Settlement Guaranty in the form attached hereto;

   (b)   the drawing by any member of the Group of funds from any bank accounts which are secured pursuant to any Transaction Security Document for the purposes of funding the settlement payments in the amounts and on the terms described in paragraphs III(2) through III(4) of the Settlement Agreement in the form attached hereto; and

   (c)   the disclosure of this letter signed on behalf of the Majority Lenders to each of the Benefitted Parties.

**PART C: MISCELLANEOUS**

7.   The Obligors' Agent hereby undertakes to notify the Agent immediately if any notice of default by Actavis Inc. under the AWP Litigation Settlement is received by the parties to the AWP Settlement Guaranty.

8.   Each of the Agent and the Obligors' Agent designates this letter as a Finance Document for the purposes of the Facility Agreements.

119

9.   This letter and any non-contractual obligations arising out of or in connection with it shall be governed by and construed in accordance with English law.

10.  Save as expressly provided in this letter, the Facility Agreements remain and shall continue in full force and effect. The consents given under this letter shall not be (nor deemed to be) a waiver of any other provision or condition of any Finance Document.

11.  As the Obligors' Agent pursuant to clause 31 (*Appointment of Obligors' Agent*) of the Intercreditor Agreement, we consent to the terms set out in this letter and confirm that the guarantee contained in clause 23 (*Guarantee and Indemnity*) of each Facility Agreement remains and will continue in full force and effect notwithstanding the consents requested herein.

12.  This letter may be executed in any number of counterparts, and has the same effect as if the signatures on the counterparts were on a single copy of this letter.


Yours faithfully


.........................................        ...............................................

for and on behalf of
**Actavis Equity S.à.r.l.**
on behalf of itself and in its capacity as the Obligors' Agent


.......................................

for and on behalf of
**LLC "Actavis"**
on its own behalf


.......................................

for and on behalf of
**Actavis İlaçlari A.Ş.**
on its own behalf


120

**Confirmation of Consent**

We hereby confirm that we have received the Majority Lenders' consent to and we agree to the consents set out in Part B of this letter.


……………………………………   …………………………………………

**Deutsche Bank AG, London Branch**   Notification Date
in its capacity as Agent under the
Senior Facilities Agreement



……………………………………   …………………………………………

**Deutsche Bank AG, London Branch**   Notification Date
in its capacity as PIK Facility Agent
under the PIK Facility Agreement



……………………………………   …………………………………………

**Deutsche Bank AG, London Branch**   Notification Date
in its capacity as Subordinated Facility Agent
under the Subordinated Facility Agreement

**APPENDIX 1: SETTLEMENT AGREEMENT**

**APPENDIX 2: AWP SETTLEMENT GUARANTY**

EXHIBIT 12

SCHEDULE OF ACTAVIS AFFILIATES

Alpharma Inc.
Actavis (China) Holding Limited
Actavis (Cyprus) Limited
Actavis (Foshan) Pharmaceuticals Co., Limited
Actavis (MEEA) FZE
Actavis A/S
Actavis A/S Branch Office Portugal
Actavis AB
Actavis Acquisition Debt S.à r.l.
Actavis Acquisition S.à r.l.
Actavis Asia Pacific Private Limited
Actavis ASKA K.K.
Actavis Australia Pty Limited
Actavis B.V.
Actavis CZ a.s.
Actavis d.o.o. Belgrade
Actavis Deutschland GmbH & Co. KG
Actavis Dutch Holding B.V.
Actavis EAD
Actavis EAD Representative Office Azerbaijan
Actavis EAD Representative Office Belarus
Actavis EAD Representative Office Georgia
Actavis EAD Representative Office Kazakhstan
Actavis EAD Representative Office Moldova
Actavis EAD Representative Office Ukraine
Actavis Eignarhaldsfelag ehf.
Actavis Elizabeth LLC
Actavis Equity ehf.
Actavis Equity S.à r.l.
Actavis Export International Limited
Actavis Finco S.ár.l. (in liquidation)
Actavis France SAS
Actavis GmbH
Actavis Group hf.
Actavis Group PTC ehf.
Actavis hf.
Actavis Hold S.à r.l.

Actavis Holding AB
Actavis Holding Asia B.V.
Actavis Holding B.V.
Actavis Holding CEE B.V.
Actavis Holding Germany GmbH
Actavis Holding NWE B.V.
Actavis Holdings UK II Limited
Actavis Holdings UK Limited
Actavis Hungary Kft.
Actavis HY ehf.
Actavis İlaclari Anonim Şirketi
Actavis Inc.
Actavis International Limited
Actavis International Limited Representative Office Albania
Actavis International Limited Representative Office Azerbaijan
Actavis International Limited Representative Office Belarus
Actavis International Limited Representative Office Bosnia and Herzegovina
Actavis International Limited Representative Office Kazakhstan
Actavis International Limited Representative Office Kosovo
Actavis International Limited Representative Office Macedonia
Actavis International Limited Representative Office Moldova
Actavis International Limited Representative Office Mongolia
Actavis International Limited Representative Office Russian Federation
Actavis International Limited Representative Office Serbia
Actavis International Limited Representative Office Vietnam
Actavis Ireland Limited
ACTAVIS ISTANBUL ILAC SANAYI VE TICARET LIMITED SIRKETI
Actavis Italy S.p.A. A Socio Unico
Actavis K.K.
Actavis Kadian LLC
Actavis Limited
Actavis Malta Ltd
Actavis Management GmbH
Actavis Mid Atlantic LLC
Actavis New S.á r.l.
Actavis Nordic A/S
Actavis Norway AS
Actavis Operations EOOD
Actavis OY
Actavis Pharma Development Centre Private Limited

Actavis Pharma Holding 4 ehf.

Actavis Pharma Holding 5 ehf.

Actavis Pharma Manufacturing Pvt.Ltd

Actavis Pharma Private Limited

Actavis PIK S.à r.l.

Actavis Polska Sp. z o.o.

Actavis S.à r.l.

Actavis S.àr.l., Luxembourg, Zweigniederlassung Steinhausen branch

Actavis s.r.o.

Actavis SD ehf.

Actavis South Atlantic LLC

Actavis Spain S.A.

Actavis Srl

Actavis Switzerland AG

Actavis Totowa LLC

Actavis UK Limited

Alpharma International GmbH

Alpharma US Pharmaceutical LLC

Alpharma USPD Inc.

Amide Pharmaceuticals, Inc.

AP5 S.ár.l. (in liquidation)

Balkanpharma Dupnitza AD

Balkanpharma Healthcare International (Cyprus) Limited

Balkanpharma Security EOOD

Balkanpharma Troyan AD

Biovena Pharma Sp. z o.o.

Purepac Pharmaceutical Co.

Colotech A/S

Fondation d'Entreprise Actavis France

GM Invest BV

Lotus Laboratories Pvt. Limited

Lyfjaþróun ehf.

Medis ehf.

Medis Limited

Medis Pharma France SAS

Medis Pharma GmbH

Medis-Danmark A/S (in liquidation)

NM Pharma ehf.

Oncopharma AG

OOO Actavis Russia

OPENING PHARMA BULGARIA EOOD
Opening Pharma France SAS
PT Actavis Indonesia
Sindan AG
Sindan Foundation
Sindan Pharma Srl
UAB Actavis Baltics
UAB Actavis Baltics Branch Office Estonia
Zdravlje AD
Zdravlje AD Representative office Russia
Zdravlje Trade d.o.o.
ZIO Zdorovie CJSC

**EXHIBIT B TO
CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S
DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO
31 U.S.C. § 3730 (b) (1)
(Texas Settlement Agreement)**

## SETTLEMENT AGREEMENT AND RELEASE

### I. PARTIES AND GUARANTORS

This Settlement Agreement and Release ("Agreement") is entered into as of the Effective Date, as defined in ¶ III(34) below, by and among the following parties to the Agreement: Ven-A-Care of the Florida Keys, Inc. (the "Relator"), the State of Texas ("Texas"); Thomas Suehs ("Suehs"), in his official capacity as Executive Director of the Texas Health and Human Services Commission ("HHSC"); Alpharma USPD Inc., now known as Actavis Mid Atlantic LLC ("Actavis Mid Atlantic"), and Purepac Pharmaceutical Co., now known as Actavis Elizabeth LLC ("Actavis Elizabeth"), and Actavis Inc. The Relator and the State of Texas are collectively referred to as "Plaintiffs." Actavis Mid Atlantic and Actavis Elizabeth are collectively referred to as "Actavis Defendants." Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., are collectively referred to as "Actavis." Plaintiffs, Actavis, Suehs, and HHSC are referred to collectively as the "Parties" and individually as a "Party." Actavis Group hf. and Actavis Group PTC ehf., which are not parties to this Agreement, are collectively to referred to as the "Actavis Guarantors."

### II. PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A.      Actavis Elizabeth is a Delaware limited liability corporation with its principal place of business in Elizabeth, New Jersey. Actavis Mid Atlantic is a Delaware limited liability corporation with its principal place of business in Lincolnton, North Carolina.

B.      Actavis Inc. is a Delaware corporation with its principal place of business in Morristown, New Jersey. Actavis Inc. is the parent corporation of Actavis Mid Atlantic and Actavis Elizabeth.

C.        Actavis Group hf. is an Icelandic corporation with its principal place of business in Zug, Switzerland.  Actavis Group hf. is the indirect parent of Actavis Inc.  Actavis Group PTC ehf. is an Icelandic corporation with its principal place of business in Reykjavik, Iceland. Actavis Group PTC ehf. is the direct parent of Actavis Inc.

D.        The pharmaceutical products manufactured, marketed, distributed, and/or sold by Actavis and/or any of the entities identified in the Schedule of Actavis Affiliates attached as Exhibit 1 ("Actavis Entities") , including all drug products with the Labeler Code 00472, 00228, 67767, 46987, 45963, 52152, 23317, and 50962 are referred to as the "Covered Drugs."

E.        On or about July 9, 2008, Plaintiffs filed a state court action styled *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma USPD f/k/a Barre-National, Inc., Purepac Pharmaceutical Co., Actavis Mid Atlantic LLC et al.*, Cause No. D-1-GV-08-001566, in the District Court of Travis County, Texas, 419th Judicial District ("Texas Action").  In the Texas Action, Plaintiffs claimed that from January 1, 1991 to the present, the Actavis Defendants knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of the Covered Drugs, including prices the Actavis Defendants reported to Texas, which were used by the Texas Vendor Drug Program ("VDP") to establish reimbursement rates, and that the Actavis Defendants submitted or caused to be submitted, false claims to VDP based on the reported prices, and thereby committed multiple unlawful acts under the Texas Medicaid Fraud Prevention Act ("TMFPA"), TEX. HUM. RES. CODE ANN. Chapter 36.  The allegations asserted or that could have been asserted in the Texas Action relating to the pricing and price reporting practices of the Actavis Entities with respect to the Covered Drugs, are referred to as the "Covered Conduct."  The case went to trial on or about

2

January 10, 2011, and resulted in a verdict for Plaintiffs on or about February 1, 2011. Judgment on the verdict was entered on or about March 21, 2011 ("Texas Judgment").

F.       The Actavis Defendants have perfected an appeal of the Texas Judgment, which is pending in the 7th Court of Appeals in Amarillo ("Actavis Appeal"). To suspend execution on the Texas Judgment pending the appeal, Actavis Mid Atlantic has made two deposits in the total amount of $25 million dollars with the Travis County District Clerk in lieu of a supersedeas bond and Actavis Elizabeth has deposited the sum of $25,000 with the Travis County District Clerk in lieu of a supersedeas bond (collectively, the "Cash Deposits"). Contemporaneously with Actavis Elizabeth's deposit and Actavis Mid Atlantic's initial deposit, the Actavis Defendants each filed a net worth affidavit pursuant to Rule 24.2, Texas Rules of Appellate Procedure. Plaintiffs have filed a contest to the Actavis Defendants' claimed net worth pursuant to TRAP 24.2(c), which is pending in the trial court ("Net Worth Contest").

G.       On April 12, 2011, the Actavis Defendants filed a verified original petition and application for declaratory relief, temporary restraining order, and temporary injunction in Cause No. D-1-GN-11-001082, styled *Alpharma USPD now known as Actavis Mid Atlantic LLC; and Purepac Pharmaceutical Co., now known as Actavis Elizabeth LLC v. Thomas Suehs, in his official capacity as Executive Director of the Texas Health and Human Services Commission*, in the 353rd District Court of Travis County, Texas, seeking a judgment (i) declaring that the Texas Judgment, while on or subject to appeal, does not constitute a "final" determination within the meaning of § 36.005 of the TMFPA; and (ii) enjoining Suehs and HHSC from treating the Actavis Defendants as ineligible to supply or sell products under the Texas Medicaid Program pursuant to § 36.005(b) ("Actavis Declaratory Judgment Action"). On June 15, 2011 the Travis County district court granted the Actavis Defendants' application for a Temporary Injunction,

3

enjoining Suehs and HHSC from treating the Actavis Defendants as ineligible to supply or sell products under the Texas Medicaid Program pursuant to § 36.005(b) until the earlier of (a) the date on which the Actavis Defendants exhaust their appellate remedies with respect to the Texas Judgment; or (b) further order of the court ("Temporary Injunction").  Suehs and HHSC have perfected an appeal of the Temporary Injunction, which is pending in the 3rd Court of Appeals in Austin ("Texas Appeal").

       H.      On or about April 10, 2000, the Relator filed a *qui tam* action in the United States District Court for the District of Massachusetts captioned *United States ex rel Ven-A-Care of the Florida Keys, Inc. v. Dey et al.*, Civil Action No. 00-10698 (D. Mass.).  That complaint was amended under seal on February 15, 2001, and again on February 1, 2002.  The complaint was amended a third time under seal on February 15, 2005, to, among other things, add claims against certain of the Actavis Defendants seeking recovery under the Federal False Claims Act, 31 U.S.C. § 3728, *et seq.*, based upon, among other things, the Covered Conduct.  That complaint was further amended and unsealed on May 21, 2008.  These claims and proceedings are referred to collectively as the "Federal *Qui Tam* Proceedings."  It is the intent of the Parties that this settlement release all claims related to the Covered Conduct, including such claims currently included in the Federal *Qui Tam* Proceedings, and that the Relator not share twice in the same recovery.  Therefore, the Relator is hereby releasing its claims against the Actavis Defendants arising from the Covered Conduct, including any claims for attorneys' fees, expenses, or a Relator's share, and will not pursue such claims in any forum, including in the Federal *Qui Tam* Proceedings.

       I.      This Agreement is a compromise by the Parties of all matters in dispute between them arising from the Covered Conduct, Texas Action, Texas Judgment, Actavis Appeal, Net

4

Worth Contest, Actavis Declaratory Judgment Action, Temporary Injunction, and Texas Appeal (collectively, the "Litigation"). Actavis denies any and all wrongdoing, and denies that it has any liability relating to the Texas Judgment. This Agreement does not constitute an admission of fault or liability by the Actavis Defendants, nor does it constitute evidence of any liability or unlawful conduct on the part of the Actavis Defendants.

      J.      In order to avoid the delay, uncertainty, inconvenience and expense of continuing the Litigation, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement as set forth in this Agreement.

      K.      This Agreement is intended to fully and finally resolve any and all claims by and against the Actavis Defendants in the Litigation, including, without limitation, all of the claims that were brought or could have been brought by, or on behalf of Plaintiffs arising out of the Covered Conduct from September 1, 1991 through the Effective Date of this Agreement relating to the Covered Drugs ("Released Claims").

      L.      The Plaintiffs have concluded that this Agreement is in the public interest.

      M.      This Agreement is the result of a compromise of disputed issues of law and fact, and the Actavis Releasees, as defined below, do not admit to any violation of any statute, regulation, or law, or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in the Texas Action, or waive any defenses thereto. The Plaintiffs agree that they will not urge or seek to admit this Agreement as evidence of any fault or liability of the Actavis Releasees in any investigation, administrative claim, action, suit, or proceeding, or federal or state court or arbitration proceeding unless ordered to do so by a state court, federal court, or arbitration panel.

5

N.      Notwithstanding the preceding Paragraph, this Agreement may be used by any Party and pleaded as a defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted by any Party to this Agreement against any other Party to this Agreement (including any released party as set out in ¶¶ III(15-17) below), and may be filed, offered, and received into evidence, and otherwise used for such defense.

O.      The Plaintiffs understand, acknowledge and agree that (i) they have performed an independent investigation of the allegations of fact and law made in connection with the Texas Action and (ii) they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Litigation and the Covered Conduct. Nevertheless, it is the Parties' intention to resolve their disputes pursuant to the terms of this Agreement and, thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and the Agreement shall not be subject to rescission or modification by reason of any change or difference in the facts or law with respect to the subject matter of the Litigation and the Covered Conduct.

## III. TERMS AND CONDITIONS

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      The foregoing Preamble is incorporated herein.

2.      While the United States is not a signatory to this Agreement, this settlement is conditioned upon the Actavis Defendants' receipt of the United States' written consent to the

Relator's partial dismissal with prejudice of claims against the Actavis Defendants for the Covered Conduct in the Federal *Qui Tam* Proceedings relating to the Texas Medicaid program, referenced in ¶ III(7) below. While the Actavis Guarantors are not signatories to this Agreement, this settlement is conditioned upon the Plaintiffs' receipt of the Actavis Guarantors' Unconditional Guaranty referenced in ¶ III(12) below.

3.     In full and final settlement of the Litigation and as consideration for the Released Claims, Actavis shall pay, or shall cause to be paid on their behalf, the sum of eighty-four million ($84,000,000) dollars (the "Settlement Amount") for the benefit of the Plaintiffs and the United States on the terms, and subject to, the conditions set forth in this Agreement.  The Settlement Amount shall be paid in four installments as and during the time frame described below (the "Payment Period").  During the Payment Period, no interest is to accrue on the unpaid portion of the Settlement Amount except in the event of default by Actavis and failure to timely cure as more particularly described below.

4.     Within three business days after the Effective Date, the parties to the Texas Action shall file in the trial court an agreed motion and order in the form attached as Exhibit 2, to enable the Actavis Defendants to recover the Cash Deposits with accrued interest.

5.     Within five business days following the later of the Effective Date or the release of the Cash Deposits to the Actavis Defendants, Actavis shall pay, or cause to be paid on their behalf, the initial settlement installment totaling thirty-eight million five hundred thousand dollars ($38,500,000.00) by wire transfers to each Plaintiff and the United States in the respective amounts set forth in the Settlement Installment Schedule attached as Exhibit 3 ("Initial Settlement Installment").  On or before the first anniversary of the Effective Date, Actavis shall pay, or cause to be paid on their behalf, the second settlement installment totaling nineteen

million dollars ($19,000,000.00) by wire transfers to each Plaintiff and the United States in the respective amounts set forth in the Settlement Installment Schedule.  On or before the second anniversary of the Effective Date, Actavis shall pay, or cause to be paid on their behalf, the third settlement installment totaling fifteen million dollars ($15,000,000.00) by wire transfers to each Plaintiff and the United States in the respective amounts set forth in the Settlement Installment Schedule.  On or before the third anniversary of the Effective Date, Actavis shall pay, or cause to be paid on their behalf, the fourth and final settlement installment totaling eleven million five hundred thousand dollars ($11,500,000.00) by wire transfers to each Plaintiff and the United States in the respective amounts set forth in the Settlement Installment Schedule.  All settlement installment payments shall be wired to the Plaintiffs and the United States in accordance with wiring instructions delivered to counsel for the Actavis Defendants by counsel for the Plaintiffs and the United States.  Actavis may, at its sole discretion, prepay any settlement installment payment without penalty.

6.      Within three business days following payment of the Initial Settlement Installment, the parties to the appeals shall:  (a) file in the Actavis Appeal an agreed motion in the form attached as Exhibit 4, advising the 7th Court of Appeals of the pending settlement and asking the court to abate all deadlines and proceedings for 90 days or until further order of the court, to enable the Parties to consummate the settlement; and (b) file in the Texas Appeal an agreed motion in the form attached as Exhibit 5, advising the 3rd Court of Appeals of the pending settlement and asking the court to abate all deadlines and proceedings for 90 days or until further order of the court, to enable the Parties to consummate the settlement.

7.      Within three business days following payment of the Initial Settlement Installment, the Relator shall file in the Federal *Qui Tam* Proceedings the Stipulation of Partial

Dismissal ("Stipulation") in the form attached as Exhibit 6, and the United States' Consent to Partial Dismissal ("Consent") with attached proposed agreed Order of Dismissal ("Order"), in the form attached as Exhibit 7, and provide copies of the Stipulation, Consent, and Order to counsel for the Actavis Defendants.

8.      Within five business days following the 90th day after payment of the Initial Settlement Installment, the parties to the appeals shall: (a) file in the Actavis Appeal an agreed motion in the form attached as Exhibit 8, asking the 7th Court of Appeals, pursuant to TRAP 42.1(2)(B), to set aside the Texas Judgment without regard to the merits and remand the case to the trial court for dismissal with prejudice in accordance with this Agreement; and (b) file in the Texas Appeal an agreed motion in the form attached as Exhibit 9, asking the 3rd Court of Appeals, pursuant to TRAP 42.1(2)(B), to set aside the Temporary Injunction without regard to the merits and remand the case to the trial court for dismissal with prejudice in accordance with this Agreement.

9.      Within three business days following the remand of the Actavis Declaratory Judgment action and issuance of mandate to the trial court, the parties to such proceeding shall file in the trial court an agreed motion and order in the form attached as Exhibit 10, dismissing the Actavis Declaratory Judgment Action with prejudice and assessing court costs against the party incurring same.

10.      Within three business days following the remand of the Texas Action and issuance of mandate to the trial court, the parties to such proceeding shall file in the trial court an agreed motion and order in the form attached as Exhibit 11, dismissing the Texas Action with prejudice and assessing court costs against the party incurring same.

11.     In the event of a default in the payment of any settlement installment and the failure by Actavis, the Actavis Guarantors, or any third party to timely cure the default within fifteen (15) days after receipt by Actavis or the Actavis Guarantors of notice of the default in accordance with the Notice provision set forth in ¶ III(26) below, the entire unpaid balance of the Settlement Amount shall immediately and without further notice to Actavis become due and payable. From and after the date of default, the unpaid balance shall bear interest at the rate of 10% per annum. If at any time any payment of all or any part of the Settlement Amount is rescinded or must otherwise be returned by the Plaintiffs and the United States upon the insolvency, bankruptcy or reorganization of Actavis or the Actavis Guarantors, or otherwise, the Settlement Amount shall be reinstated as though such payment had not been made.

12.     To secure payment of the Settlement Amount, Actavis Group hf. and Actavis Group PTC ehf., shall each execute and deliver to Plaintiffs an Unconditional Guaranty in the form attached as Exhibit 12, unconditionally guaranteeing payment of the Settlement Amount in accordance with the terms of this Agreement ("Guaranty").

13.     To further secure payment of the Settlement Amount, Actavis agrees to confess judgment, jointly and severally, in the amount of forty-five million five hundred thousand dollars ($45,500,000.00), plus post-judgment interest at the annual rate of 10%, compounded annually, from the date of judgment until paid (the "Confessed Judgment Amount"). Pursuant to this paragraph and in accordance with Texas Rule of Civil Procedure 314, on or before the Effective Date (a) Plaintiffs and Actavis, and their respective counsel shall execute and deliver to Plaintiffs a Verified Petition, in the form attached as Exhibit 13, attesting to the justness of the debt and Confessed Judgment Amount, with attached special power of attorney ("Power of Attorney") executed by Actavis, appointing Assistant Attorney General Raymond C. Winter, or his

10

designee, as their attorney-in-fact, to file with the Travis County District Clerk the Verified Petition and Power of Attorney, confess judgment on behalf of Actavis, and present the judgment to the District Court of Travis County for entry; and (b) Actavis and their counsel shall each sign and deliver to Plaintiffs a Final Judgment ("Final Judgment") in the form attached as Exhibit 14, confessing judgment jointly and severally as set forth above.  The rights and powers granted to Raymond C. Winter or his designee, as attorney-in-fact under the Power of Attorney, include full power of substitution and are granted for the purpose of enforcing the payment obligations of Actavis under this Settlement Agreement.  Such rights and powers are coupled with an interest, are irrevocable, and will not be affected by (i) the subsequent bankruptcy of Actavis Mid Atlantic, Actavis Elizabeth and/or Actavis Inc.; (ii) the lapse of time; or (iii) the subsequent disability of any principal.  The obligations of Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc. under the Verified Petition and the Power of Attorney will continue in effect until the Settlement Amount or the Confessed Judgment Amount, as applicable, has been fully paid in accordance with the terms of this Agreement, and will be fully binding upon each principal and its successors and assigns.  Plaintiffs shall have no obligation to undertake any of the foregoing actions, and if Plaintiffs should do so Plaintiffs shall have no liability to Actavis for the sufficiency, adequacy or effect of any such actions taken by Plaintiffs that are in conformance with this Agreement.  Plaintiffs agree that they will not file the Verified Petition confessing judgment and Power of Attorney, and will not submit the Final Judgment for entry, unless Actavis defaults in the payment of any installment provided for in ¶ III(5) above and Actavis or the Actavis Guarantors fail to timely cure the default by paying the entire unpaid balance of the Settlement Amount within fifteen (15) days after receipt of written notice of the default given in accordance with the Notice provision set forth in ¶ III(26) below.  If Actavis defaults in the

11

payment of any installment and Actavis or the Actavis Guarantors fail to timely cure the default as provided herein, Plaintiffs may immediately and without further notice file the Verified Petition and Power of Attorney, appear in the Travis County District Court and present the Final Judgment for entry, and take all lawful actions they deem appropriate to enforce and collect the Final Judgment.   Plaintiffs agree to credit against the Confessed Judgment Amount any installment payment made prior to an uncured default.

      14.    The Parties agree that:

          a)  timely payment of the Initial Settlement Amount, provided that it is not rescinded or must otherwise be returned by the Plaintiffs and the United States upon the insolvency, bankruptcy or reorganization of Actavis or the Actavis Guarantors, or otherwise;

          b)  the execution and delivery of the Guaranty by the Actavis Guarantors;

          c)  the execution and delivery of the Verified Petition and Power of Attorney and Final Judgment by Actavis; and

          d)  delivery of the fully executed Deutsche Bank Consent Letter (as hereinafter defined) (collectively, the "Release Conditions")

shall fully and finally resolve and satisfy the Litigation, all Released Claims, the Texas Judgment, and all claims for the Covered Conduct.   The Parties further agree that all amounts payable to any of the Relator's (or any other Plaintiff's) attorneys or other representatives or advisors shall be paid out of the Settlement Amount without further liability of Actavis.

      15.    In consideration of the obligations of Actavis in this Agreement, and conditioned on Actavis's satisfaction of the Release Conditions, Relator, for itself and each of its predecessors, successors and assigns, and its and their current and former direct and indirect

12

parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, agents, employees, managers, partners, servants, attorneys, advisors and other representatives, fully and finally, irrevocably and unconditionally releases, acquits and forever discharges Actavis and their respective predecessors, successors and assigns, and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and their current and former officers, directors, shareholders, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "Actavis Releasees") from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right against any of the Actavis Releasees based upon or arising out of the Covered Conduct or the Litigation, including the Released Claims.  Without limiting the generality of the foregoing, and to the fullest extent that the Relator is capable under applicable law, this release fully discharges and releases the Actavis Releasees from (i) any obligation to pay Medicaid-related damages, restitution, fines and/or penalties arising from the claims prosecuted in the Texas Action; and (ii) any civil obligation to the Relator or its attorneys, including any Relator's share, expenses, attorneys' fees, and costs associated with the Litigation.

16.     In consideration of the obligations of Actavis in this Agreement, and conditioned on Actavis's satisfaction of the Release Conditions, Texas, Suehs, and HHSC, for themselves as

well as their predecessors, successors and assigns, and their current and former direct and indirect affiliates, subsidiaries, political subdivisions (to the full extent of Texas' authority), agencies, departments, and their respective current and former trustees, officials, beneficiaries, officers, directors, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the "Texas Releasors"), fully and finally, irrevocably and unconditionally release, acquit and forever discharge the Actavis Releasees from any and all civil, regulatory and/or administrative claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right, against any of the Actavis Releasees based upon or arising out of the Covered Conduct or the Litigation, including the Released Claims. Without limiting the generality of the foregoing, and to the fullest extent that Texas is capable under applicable law, this release fully discharges and releases the Actavis Releasees from any obligation to pay Medicaid-related damages, restitution, fines and/or penalties arising from the Covered Conduct.

17.     In consideration of the obligations of the Plaintiffs set forth in this Agreement, Actavis, for themselves and each of their predecessors, successors and assigns, and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and their current and former officers, directors, shareholders, agents, employees, managers, partners, servants, attorneys, advisors and other representatives (collectively, the

"Actavis Releasors") fully and finally, irrevocably and unconditionally release, acquit and forever discharge the Texas Releasors and the Relator, as well as Relator's predecessors, successors, assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions and related business entities, its and their current and former officers, directors, shareholders, agents, employees, managers, partners, servants, attorneys, advisors and other representatives, from any and all claims, complaints, actions, suits, demands, grievances, controversies, allegations, accusations, rights, causes of action, liabilities, judgments, damages or proceedings of any kind or nature, as well as all forms of relief (including all remedies, losses, debts, attorneys' fees, penalties, punitive damages, costs, and expenses of every kind and however denominated), whether sealed or unsealed, known or unknown, foreseen or unforeseen, which have been asserted, could have been asserted or could be asserted in the future under any source of law, contract, in equity or other right against the Relator or the Texas Releasors for or arising from the Litigation, any of the Covered Conduct, or the investigation of Actavis, their predecessors or affiliates.

18.     The allocation of the Settlement Amount among Texas, the Relator, their respective counsel, and the United States was handled separately by and among the Relator, Texas, and the United States without any involvement of Actavis.  Actavis was not consulted about the allocation of the Settlement Amount among the Relator, Texas, and the United States, nor has Actavis had any input into the allocation.  For this reason, Actavis is not in a position to agree to the allocation and, as a part of the Agreement, will not contest such allocation, or be deemed to have endorsed or been responsible for, any such allocation or the use of the proceeds by any ultimate recipient.  Notwithstanding the foregoing, Plaintiffs agree that no portion of the Settlement Amount shall be allocated, attributed to, or characterized as, the payment of fines,

penalties, or punitive damages. The Settlement Amount shall only be allocated or attributed to, or characterized as, compensatory payments to the Plaintiffs and payments to make Plaintiffs whole for their investigatory costs and other reasonable costs of litigation, including attorneys' fees.

19. In connection with the provisions, covenants, conditions, and restrictions in Actavis's financing facilities and agreements with Deutsche Bank, Actavis represents that (a) Deutsche Bank has waived any provisions, covenants, conditions, and restrictions (i) relating to, prohibiting, or restricting Actavis from entering into and performing this Agreement or (ii) relating to, prohibiting, or restricting the Actavis Guarantors from entering into or performing the Guaranty, and Actavis agrees to provide Plaintiffs with a letter signed by Deutsche Bank, substantially in the form attached as Exhibit 15 ("Deutsche Bank Consent Letter"); and (b) other than the waived covenants, conditions, and restrictions, neither the execution nor performance of this Agreement or the Guaranty would constitute a breach of any provision, covenant, condition, or restriction contained in Actavis's financing facilities and agreements with Deutsche Bank. Actavis represents that the Deutsche Bank Consent Letter will be effective in accordance with its terms.

20. Other than the waived covenants, conditions, and restrictions referenced in Paragraph III(19), Actavis represents and warrants that there is no restriction on its entering into this Agreement.

21. Nothing in this Agreement shall be construed as a waiver of the Sovereign Immunity of Texas.

22. Notwithstanding any other provision of this Agreement, including the release provisions in ¶¶ III(15) through III(17) above, each of the following are specifically reserved and

16

excluded from the scope and terms of the releases, or are beyond the scope of and are not covered by this Agreement, as applicable:

    (a)    Any breach or default of this Agreement;

    (b)    Any claims based on or arising out of conduct occurring or circumstances existing after the Effective Date of this Agreement;

    (c)    Liability to Texas for any conduct other than the Covered Conduct;

    (d)    Any civil or administrative liability that Actavis has or may have under any state statute, regulation, or rule not covered by the release provisions in Paragraphs III(15) through III(17) above;

    (e)    Any claims arising from Actavis's or any Actavis affiliate's obligations to pay rebates to Texas under any law or contract, including, but not limited to, under the provisions of the Omnibus Budget Reconciliation Act of 1990 and all amendments thereto;

    (f)    The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant or beneficiary in the Medicaid Program of any of the Covered Drugs covered thereunder;

    (g)    Any claims based on a failure to deliver products or provide services due;

    (h)    Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or any state tax or revenue law;

    (i)    Any criminal liability;

    (j)    Any express or implied warranty claims or other claims for defective or deficient products and services provided by Actavis.

23.   The Parties each represent that this Agreement is freely and voluntarily entered into without any degree of duress whatsoever.

24.   All rights and remedies available to Plaintiffs under this Agreement shall be cumulative of and in addition to all other rights and remedies of Plaintiffs at law, in equity or otherwise, whether or not Plaintiffs shall have taken action to enter the Final Judgment pursuant to ¶ III(13) above.  The exercise of any remedy afforded to Plaintiffs under this Agreement shall neither be an election of remedies nor preclude the exercise of any other remedy.

25.   Except as set forth in ¶¶ III(3 & 5) above, each Party shall bear its own legal and other costs incurred in connection with the Litigation, including such costs incurred in the preparation and performance of this Agreement.

26.   Notice.   Any notice, request, demand or other communication required or permitted hereunder shall be given or made in writing and delivered by facsimile transmission, hand delivery, or by certified, registered or express mail, return receipt requested, and addressed as set forth below (or to such other person or address as the applicable Party may from time to time furnish to each other Party in accordance with the terms of this paragraph):

In the case of Actavis, to:

Scott L. Winkelman
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
Fax:  (202) 628-5116

With a copy not constituting notice to:

John Duff
Actavis
60 Columbia Rd., Bldg B
Morristown, NJ 07960
Fax:  (973) 993-4303

In the case of Texas, to:

18

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
Fax: (512) 499-0712

In the case of the Relator, to:

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Fax: (678) 252-5545

Such notices, requests, demands or other communications shall be deemed received upon personal delivery, on the first business day following the date of the facsimile transmission, or on the third business day following the date of mailing if sent by registered, certified or express mail.

27.     Governing Law; Venue; Jurisdiction.

a)      All issues between or among any of the Parties concerning the construction, validity, enforcement, or interpretation of this Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Texas or any other jurisdiction) that would impose or require the application of the laws of any jurisdiction other than the State of Texas.

b)      The exclusive jurisdiction and venue of any lawsuit concerning the construction, validity, enforcement, or interpretation of this Agreement shall lie in the state district courts of Travis County, Texas. Actavis agrees to submit to the jurisdiction of the state district courts of Travis County, Texas in any proceeding concerning the construction, validity,

19

enforcement, or interpretation of this Agreement. This paragraph does not apply to and shall not affect Plaintiffs' right to initiate proceedings in any jurisdiction or venue as may be appropriate for the enforcement and collection of the Final Judgment.

28.    This Agreement, together with all attachments and exhibits hereto, constitutes the complete agreement between and among the Parties with regard to the subject matter hereof. All exhibits referenced in this Agreement are incorporated herein and made a part hereof for all purposes. This Agreement may not be amended except by written consent of all the Parties. The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealings between the Parties, shall not be a waiver of such terms or conditions or of any Party's right thereafter to enforce each and every term and condition of this Agreement.

29.    The individuals signing this Agreement on behalf of a Party represent and warrant that they are authorized to execute this Agreement on behalf of such Party.

30.    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. Facsimiles or PDFs of signatures shall constitute acceptable binding signatures for purposes of this Agreement.

31.    This Agreement is binding and shall inure to the benefit of Actavis and their respective successors, transferees, and assigns.

32.    This Agreement is binding on and shall inure to the benefit of each of the Plaintiffs, their respective successors, transferees, and assigns.

33.    This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement. In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each

of the Parties.  Accordingly, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.  The provisions of this Agreement shall be interpreted in a reasonable manner to effectuate the purposes of the Parties and this Agreement.

34.   This Agreement is effective on the later of either the date fully signed copies of the Agreement are provided to each Party (along with fully executed originals of the pleadings and documents attached hereto as Exhibits 2, 4, 5, 8, 9, 10, 11, 12, 13, 14, and 15 delivered to Plaintiffs), or the date the Actavis Defendants receive the United States' written consent required pursuant to ¶ III(2) in the form attached hereto as Exhibit 7 (the "Effective Date").

IN WITNESS WHEREOF, the Parties have executed this Agreement:

**ACTAVIS:**

Actavis Mid Atlantic LLC

**BY:**

_____  Date: 12/8/2011

Title: Chief Legal Officer, VP

Actavis Elizabeth LLC

**BY:**

_____  Date: 12/8/2011

Title: VP, Chief Legal Officer

21

Actavis Inc.

BY:

_John V Weil_____ Date: _12/8/2011_____

Title: _VP, Chief Legal Officer_____

## RELATOR AND ITS ATTORNEY:

THE BREEN LAW FIRM, P.A.

By: _____ Date: _____
    James J. Breen
    The Breen Law Firm, P.A.
    *Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____ Date: _____
    T. Mark Jones, President

## TEXAS:

**State of Texas**
**Office of the Attorney General**

By: _____
    Raymond C. Winter
Title: Chief, Civil Medicaid Fraud Division
    Office of the Attorney General of Texas
Date: _____

Actavis Inc.

BY:

_____ Date: _____

Title: _____

**RELATOR AND ITS ATTORNEY:**

THE BREEN LAW FIRM, P.A.

By: _____ Date: 12/9/11
       James J. Breen
       The Breen Law Firm, P.A.
       *Counsel to Ven-A-Care of the Florida Keys, Inc.*

VEN-A-CARE OF THE FLORIDA KEYS, INC.

By: _____ Date: 12/6/2011
       T. Mark Jones, President

**TEXAS:**

State of Texas
Office of the Attorney General

By: _____

Raymond C. Winter

Title: Chief, Civil Medicaid Fraud Division
       Office of the Attorney General of Texas

Date: 12/9/11 _____

22

**State of Texas**
**Health and Human Services Commission**

By: _____

Title: _____

Date: _____


**Thomas Suehs, in his official capacity as**
**Executive Director of the Texas Health and**
**Human Services Commission**

Date: _____


| | |
|---|---|
| Exhibit 1 | Schedule of Actavis Affiliates |
| Exhibit 2 | Agreed Motion and Order for the Return of Cash Deposits |
| Exhibit 3 | Settlement Installment Schedule |
| Exhibit 4 | Agreed Motion to Abate (Actavis Appeal) |
| Exhibit 5 | Agreed Motion to Abate (Texas Appeal) |
| Exhibit 6 | Stipulation of Partial Dismissal (Federal *Qui Tam* Proceedings) |
| Exhibit 7 | United States' Consent to Partial Dismissal and Order of Dismissal |
| Exhibit 8 | Agreed Motion to Set Aside Judgment and Remand (Actavis Appeal) |
| Exhibit 9 | Agreed Motion to Set Aside Temporary Injunction and Remand (Texas Appeal) |
| Exhibit 10 | Agreed Motion and Order (Dismissing Actavis Declaratory Judgment Action) |
| Exhibit 11 | Agreed Motion and Order (Dismissing Texas Action) |
| Exhibit 12 | Unconditional Guaranty |
| Exhibit 13 | Verified Petition for Confession of Judgment and Special Power of Attorney |
| Exhibit 14 | Final Judgment |
| Exhibit 15 | Deutsche Bank Consent Letter |

23

## Schedule of Actavis Affiliates

Alpharma Inc.
Actavis (China) Holding Limited
Actavis (Cyprus) Limited
Actavis (Foshan) Pharmaceuticals Co., Limited
Actavis (MEEA) FZE
Actavis A/S
Actavis A/S Branch Office Portugal
Actavis AB
Actavis Acquisition Debt S.à r.l.
Actavis Acquisition S.à r.l.
Actavis Asia Pacific Private Limited
Actavis ASKA K.K.
Actavis Australia Pty Limited
Actavis B.V.
Actavis CZ a.s.
Actavis d.o.o. Belgrade
Actavis Deutschland GmbH & Co. KG
Actavis Dutch Holding B.V.
Actavis EAD
Actavis EAD Representative Office Azerbaijan
Actavis EAD Representative Office Belarus
Actavis EAD Representative Office Georgia
Actavis EAD Representative Office Kazakhstan
Actavis EAD Representative Office Moldova
Actavis EAD Representative Office Ukraine
Actavis Eignarhaldsfelag ehf.
Actavis Elizabeth LLC
Actavis Equity ehf.
Actavis Equity S.à r.l.
Actavis Export International Limited
Actavis Finco S.ár.l. (in liquidation)
Actavis France SAS
Actavis GmbH
Actavis Group hf.
Actavis Group PTC ehf.
Actavis hf.
Actavis Hold S.à r.l.
Actavis Holding AB
Actavis Holding Asia B.V.
Actavis Holding B.V.
Actavis Holding CEE B.V.
Actavis Holding Germany GmbH
Actavis Holding NWE B.V.
Actavis Holdings UK II Limited

Exhibit 1

Actavis Holdings UK Limited
Actavis Hungary Kft.
Actavis HY ehf.
Actavis İlaclari Anonim Şirketi
Actavis Inc.
Actavis International Limited
Actavis International Limited Representative Office Albania
Actavis International Limited Representative Office Azerbaijan
Actavis International Limited Representative Office Belarus
Actavis International Limited Representative Office Bosnia and Herzegovina
Actavis International Limited Representative Office Kazakhstan
Actavis International Limited Representative Office Kosovo
Actavis International Limited Representative Office Macedonia
Actavis International Limited Representative Office Moldova
Actavis International Limited Representative Office Mongolia
Actavis International Limited Representative Office Russian Federation
Actavis International Limited Representative Office Serbia
Actavis International Limited Representative Office Vietnam
Actavis Ireland Limited
ACTAVIS ISTANBUL ILAC SANAYI VE TICARET LIMITED SIRKETI
Actavis Italy S.p.A. A Socio Unico
Actavis K.K.
Actavis Kadian LLC
Actavis Limited
Actavis Malta Ltd
Actavis Management GmbH
Actavis Mid Atlantic LLC
Actavis New S.á r.l.
Actavis Nordic A/S
Actavis Norway AS
Actavis Operations EOOD
Actavis OY
Actavis Pharma Development Centre Private Limited
Actavis Pharma Holding 4 ehf.
Actavis Pharma Holding 5 ehf.
Actavis Pharma Manufacturing Pvt.Ltd
Actavis Pharma Private Limited
Actavis PIK S.à r.l.
Actavis Polska Sp. z o.o.
Actavis S.à r.l.
Actavis S.àr.l., Luxembourg, Zweigniederlassung Steinhausen branch
Actavis s.r.o.
Actavis SD ehf.
Actavis South Atlantic LLC
Actavis Spain S.A.
Actavis Srl

Actavis Switzerland AG
Actavis Totowa LLC
Actavis UK Limited
Alpharma International GmbH
Alpharma US Pharmaceutical LLC
Alpharma USPD Inc.
Amide Pharmaceuticals, Inc.
AP5 S.ár.l. (in liquidation)
Balkanpharma Dupnitza AD
Balkanpharma Healthcare International (Cyprus) Limited
Balkanpharma Security EOOD
Balkanpharma Troyan AD
Biovena Pharma Sp. z o.o.
Purepac Pharmaceutical Co.
Colotech A/S
Fondation d'Entreprise Actavis France
GM Invest BV
Lotus Laboratories Pvt. Limited
Lyfjaþróun ehf.
Medis ehf.
Medis Limited
Medis Pharma France SAS
Medis Pharma GmbH
Medis-Danmark A/S (in liquidation)
NM Pharma ehf.
Oncopharma AG
OOO Actavis Russia
OPENING PHARMA BULGARIA EOOD
Opening Pharma France SAS
PT Actavis Indonesia
Sindan AG
Sindan Foundation
Sindan Pharma Srl
UAB Actavis Baltics
UAB Actavis Baltics Branch Office Estonia
Zdravlje AD
Zdravlje AD Representative office Russia
Zdravlje Trade d.o.o.
ZIO Zdorovie CJSC

CAUSE NO. D-1-GV-08-001566

| | |
|---|---|
| THE STATE OF TEXAS<br><br>*ex rel.*<br><br>   VEN-A-CARE OF THE<br>   FLORIDA KEYS, INC.<br><br>   *Plaintiffs,*<br><br>v.<br><br>ALPHARMA USPD, now known as<br>ACTAVIS MID ATLANTIC LLC,<br>and PUREPAC PHARMACEUTICAL<br>CO., now known as ACTAVIS<br>ELIZABETH LLC<br><br><br>   *Defendants.* | IN THE DISTRICT COURT OF<br><br><br><br><br><br>TRAVIS COUNTY, TEXAS<br><br>Filed In The District Court<br>of Travis County, Texas<br><br>DEC 0 9 2011  BP<br><br>At_____3:1L_____PM.<br>Amalia Rodriguez-Mendoza, Clerk<br><br>419th JUDICIAL DISTRICT |

**AGREED MOTION FOR THE RETURN OF CASH DEPOSITS IN LIEU OF SUPERSEDEAS BONDS**

TO THE HONORABLE LORA J. LIVINGSTON:

Plaintiffs, The State of Texas and Ven-A-Care of the Florida Keys, Inc., and defendants Actavis Mid Atlantic LLC and Actavis Elizabeth LLC, submit this Agreed Motion for the Return of Cash Deposits in Lieu of Supersedeas Bonds, as follows:

The parties have agreed to settle this litigation. The settlement agreement provides, among other things, for the return to Actavis Mid Atlantic and Actavis Elizabeth of the cash deposits in lieu of supersedeas bonds they previously tendered to the District Clerk to suspend enforcement of the Judgment entered in this action pending the appeal. Accordingly, plaintiffs

Exhibit 2

and defendants request that the Court grant this Motion and enter an order directing the Travis

County District Clerk to return to Actavis Mid Atlantic and Actavis Elizabeth the cash deposits

in lieu of supersedeas bonds they made in the principal amounts of $25,000,000 and $25,000,

respectively, plus interest that has accrued on those amounts since the deposits were made.

Respectfully submitted,

RATLIFF LAW FIRM, PLLC
Shannon H. Ratliff (State Bar No. 16573000)
Michael L. Navarre (State Bar No. 00792711)
600 Congress Avenue, Suite 3100
Austin, Texas 78701
Tel: (512) 493-9600
Fax: (512) 493-9625

**BAKER BOTTS L.L.P.**
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

**Crowell & Moring LLP**
Keith J. Harrison (admitted *pro hac vice*)
George D. Ruttinger (admitted *pro hac vice*)
Aryeh S. Portnoy (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

**HYMAN PHELPS & McNAMARA, P.C.**
John R. Fleder (admitted *pro hac vice*)
Douglas P. Farquhar (admitted *pro hac vice*)
James P. Ellison (admitted *pro hac vice*)
700 13th St., NW
Suite 1200
Washington, DC 20005
Tel: (202) 737-5600

2

Fax: (202) 737-9329

Attorneys for Defendants, Actavis Mid Atlantic LLC and
Actavis Elizabeth LLC

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial
DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE B KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK G.ENFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial

Assistant Attorneys General
P.O. Box 12548

3

Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas

JOHN E. CLARK
State Bar No. 04287000
RAND J. RIKLIN
State Bar No. 16924275
Goode Casseb Jones
Riklin Choate & Watson
2122 North Main Avenue
P.O. Box 120480
San Antonio, Texas 78212-9680
(210) 733-6030
(210) 733-0330 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress, Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)

GARY M. GROSSENBACHER
State Bar No. 24008972
Attorney at Law
402 Vale St.
Rollingwood, Texas 78746
(512) 699-5436

GLENN MACTAGGART
State Bar No. 12787680
KEVIN M. YOUNG
State Bar No. 22199700

4

Prichard Hawkins McFarland & Young
10101 Reunion Pl, Suite 600
San Antonio, TX 78216
(210) 477-7419
(210) 477-7469 (FAX)

LARRY BLACK
State Bar No. 02384300
7039 Comanche Trail
Austin, Texas 78732
(512) 402-1745
(512) 857-0556 (FAX)

Attorneys for the Private Person Plaintiff,
Ven-A-Care of the Florida Keys, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via court electronic service and/or e-mail on this the *9* day of *Dec* 2011, to the following:

| | |
|---|---|
| David L. Orr<br>Kuperman, Orr & Albers<br>2801 Via Fortuna, Suite 530<br>Austin, Texas 78746<br>*Via CaseFileXpress* | John R. Fleder<br>James P. Ellison<br>Hyman, Phelps & McNamara, PC<br>700 Thirteenth St., NW Suite 1200<br>Washington, DC 20005<br>*Via CaseFileXpress* |
| Keith J. Harrison<br>George Ruttinger<br>Crowell Moring<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595<br>*Via CaseFileXpress* | Michael Navarre<br>Shannon Ratliff<br>Ratliff Law Firm<br>600 N. Congress<br>Austin, Texas 78701<br>*Via CaseFileXpress* |
| James J. Breen<br>The Breen Law Firm<br>P.O. Box 297470<br>Pembroke Pines, Florida 33029-7470<br>*Via CaseFileXpress* | John E. Clark<br>Rand J. Riklin<br>Goode Casseb Jones Riklin Choate & Watson<br>2122 North Main Avenue<br>P.O. Box 120480<br>San Antonio, Texas 78212-9680<br>*Via CaseFileXpress* |
| C. Jarrett Anderson<br>Anderson LLC<br>823 Congress Ave., Suite 800<br>Austin, TX 78701<br>*Via Electronic Service* | Glenn Grossenbacher<br>Law Office of Glenn Grossenbacher<br>24165 IH-10 W., Ste 217-766<br>San Antonio, Texas 78257-1160<br>*Via Electronic Service* |
| Gary M. Grossenbacher<br>Attorney at Law<br>402 Vale St.<br>Rollingwood, Texas 78746<br>*Via CaseFileXpress* | Kevin M. Young<br>Glenn MacTaggart<br>Prichard Hawkins McFarland & Young<br>10101 Reunion Pl, Suite 600<br>San Antonio, TX 78216<br>*Via CaseFileXpress* |

| Larry Black<br>7039 Comanche Trail<br>Austin, Texas 78732<br>*Via CaseFileXpress* | Joseph R. Knight<br>Baker Botts L.L.P.<br>98 San Jacinto Boulevard, Suite 1500<br>Austin, Texas 78701-4039<br>San Antonio, TX 78216<br>*Via CaseFileXpress* |

Mark G. Einfalt

7

CAUSE NO. D-1-GV-08-001566

| | |
|---|---|
| THE STATE OF TEXAS<br><br>*ex rel.*<br><br>VEN-A-CARE OF THE<br>FLORIDA KEYS, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>ALPHARMA USPD, now known as<br>ACTAVIS MID ATLANTIC LLC,<br>and PUREPAC PHARMACEUTICAL<br>CO., now known as ACTAVIS<br>ELIZABETH LLC<br><br>*Defendants.* | IN THE DISTRICT COURT OF<br><br>Filed in The District Court<br>of Travis County, Texas<br><br>DEC 0 9 2011  BP<br>2:46 P.M.<br>At_____<br>Amalia Rodriguez-Mendoza, Clerk<br><br>TRAVIS COUNTY, TEXAS<br><br><br><br>419th JUDICIAL DISTRICT |

## ORDER

On this date the parties to this action presented their Agreed Motion for the Return of Cash Deposits in Lieu of Supersedeas Bonds. After examining the pleadings and hearing the argument of counsel the Court is of the opinion that the Motion should be granted. Accordingly, the Court hereby grants the Motion and directs the District Clerk, upon presentation by an attorney of record for Actavis Elizabeth LLC and Actavis Mid Atlantic LLC (collectively, "Actavis") of a copy of this Order, to deliver to Actavis' attorney of record:

1.    a check payable to Actavis Elizabeth LLC for the amount of the cash deposit in lieu of supersedeas bond made by or on behalf of Actavis Elizabeth LLC on or about April 12, 2011, in the amount of $25,000, plus the interest that has accrued on that amount since the date of the deposit;

Exhibit 2

2.     a check payable to Actavis Mid Atlantic LLC for the amount of the cash deposit in lieu of supersedeas bond made by or on behalf of Actavis Mid Atlantic LLC on or about April 12, 2011, in the amount of $18,285,672, plus the interest that has accrued on that amount since the date of the deposit; and

3.     a check payable to Actavis Mid Atlantic LLC for the amount of the cash deposit in lieu of supersedeas bond made by or on behalf of Actavis Mid Atlantic LLC on or about May 17, 2011, in the amount of $6,714,328, plus the interest that has accrued on that amount since the date of the deposit.

Signed this ___ day of _____, 2011.

_____
Lora J. Livingston
Judge Presiding

APPROVED AS TO FORM AND SUBSTANCE:

_____
Shannon H. Ratliff
Michael L. Navarre
Attorneys of record for
Actavis Mid Atlantic LLC and
Actavis Elizabeth LLC

_____
Mark G. Einfalt
Attorney for the State of Texas

_____
C. Jarrett Anderson
Attorney for Ven-A-Care of the
Florida Keys, Inc.

2

**SETTLEMENT INSTALLMENT SCHEDULE**

| Payee | Total settlement amount payable to each Payee | Initial Installment | Second Installment | Third Installment | Fourth Installment |
|---|---|---|---|---|---|
| The State of Texas Pursuant to the wiring instructions of Assistant Attorney General Raymond Winter, Texas Office of Attorney General | $34,230,000.00 | $15,688,750.00 | $7,742,500.00 | $6,112,500.00 | $4,686,250.00 |
| The United States Pursuant to the wiring instructions of Senior Trial Attorney Laurie Oberembt, the U.S. Department of Justice | $37,000,000.00 | $16,958,333.33 | $8,369,047.62 | $6,607,142.86 | $5,065,476.19 |
| Ven-A-Care of the Florida Keys, Inc. Pursuant to the wiring instructions of James J. Breen, Counsel for Ven-A-Care | $12,770,000.00 | $5,852,916.67 | $2,888,452.38 | $2,280,357.14 | $1,748,273.81 |
| Total | $84,000,000.00 | $38,500,000.00 | $19,000,000.00 | $15,000,000.00 | $11,500,000.00 |

Exhibit 3

No. 07-11-0260-DV

---

IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

---

ACTAVIS MID ATLANTIC LLC
and ACTAVIS ELIZABETH LLC

Appellants

v.

STATE OF TEXAS
and VEN-A-CARE OF THE FLORIDA KEYS, INC.

Appellees

---

On Appeal from the 419th District Court of
Travis County, Texas

Trial Court Cause No. D-1-GV-08-001566

---

**AGREED MOTION TO ABATE PROCEEDINGS PENDING CONSUMMATION OF
SETTLEMENT**

---

TO THE HONORABLE SEVENTH COURT OF APPEALS:

Appellants, Actavis Mid Atlantic LLC and Actavis Elizabeth LLC (collectively, Actavis), and appellees, State of Texas and Ven-A-Care of the Florida Keys, Inc., have entered into a settlement agreement resolving all disputes between them, including resolution of this appeal and the underlying judgment ("agreement").  A true copy of the

Exhibit 4

agreement (without exhibits) is attached as Exhibit A.   The agreement provides, among other things, that after the expiration of 90 days following the initial settlement payment by Actavis, appellants and appellees will file an agreed motion asking this Court, pursuant to TRAP 42.1(2)(B), to set aside the judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement.   Actavis has made the initial settlement payment. Accordingly, appellants and appellees request that the Court abate all deadlines and proceedings in this matter for 90 days or until further order of the Court, to enable the parties to consummate the settlement.

Respectfully submitted,

*Joseph R Knight*

BAKER BOTTS L.L.P.
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

Attorneys for Appellants

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

2

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial
DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE B KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK G.EINFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial

Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas

GOODE CASSEB JONES
RIKLIN CHOATE & WATSON, P.C.
P.O. Box 120480
San Antonio, Texas 78212
(210) 733-6030
(210) 733-0330

3

By: _John E. Clark_  w/permission
  John E. Clark  by Rew
  State Bar No. 04287000
  Rand J. Riklin
  State Bar No. 16924275

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress, Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

Jim Hund
State Bar No. 10277800
HUND, KRIER, WILKERSON & WRIGHT, PC
P.O. Box 54390
Lubbock, Texas 79453
(806) 783-8700
(806) 783-8710 fax

Attorneys for Ven-A-Care of the Florida Keys, Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered by email on this _____ day of _____, 2011, to the following:

| | |
|---|---|
| Evan Young<br>Joseph R. Knight<br>Matt C. Wood<br>Thomas R. Phillips<br>BAKER BOTTS, LLP<br>95 San Jacinto Blvd., Suite 1500<br>Austin, Texas 78701 | Jim Hund<br>Hund, Krier, Wilkerson & Wright, PC<br>P.O. Box 54390<br>Lubbock, Texas 79453 |
| Raymond C. Winter<br>Margaret Moore<br>Drew Wright<br>Celeste Kemper<br>Mark Einfalt<br>Damon T. Ong<br>Matthew Miller<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711-2548 | C. Jarrett Anderson<br>Anderson LLC<br>823 Congress Ave., Suite 800<br>Austin, TX 78701 |
| Ms. Amalia Rodriguez-Mendoza<br>Travis County District Clerk<br>Travis County Courthouse<br>1000 Guadalupe Street, 3rd Floor<br>Austin, Texas 78701 | Ms. LaSonya L. Thomas, CSR<br>Official Court Reporter<br>261st District Court<br>P.O. Box 1748 – Rm. 327<br>Austin, Texas 78767 |

Rand J. Riklin

5

No. 03-11-00408-CV

---

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

---

THOMAS SUEHS,
in his Official Capacity as Executive Director of the Texas Health and Human Services
Commission,

Appellants

v.

ALPHARMA USPD now known as ACTAVIS MID ATLANTIC LLC and PUREPAC
PHARMACEUTICAL CO., now known as ACTAVIS ELIZABETH LLC,

Appellees

---

On Appeal from the 353rd District Court of
Travis County, Texas

Trial Court Cause No. D-1-GN-11-001082

---

**AGREED MOTION TO ABATE PROCEEDINGS PENDING CONSUMMATION OF
SETTLEMENT**

---

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant, Thomas Suehs, in his official capacity as Executive Director of the

Texas Health and Human Services Commission, and appellees, Actavis Mid Atlantic

LLC and Actavis Elizabeth LLC (collectively, Actavis), have entered into a settlement

agreement resolving all disputes between them, including resolution of this appeal, the

Exhibit 5

underlying Temporary Injunction, and a judgment in favor of the State of Texas and against Actavis, which is the subject of a separate appeal pending in the Seventh Court of Appeals ("agreement"). A true copy of the agreement (without exhibits) is attached as Exhibit A. The agreement provides, among other things, that after the expiration of 90 days following the initial settlement payment by Actavis, appellants and appellees will file an agreed motion asking this Court, pursuant to TRAP 42.1(2)(B), to set aside the Temporary Injunction without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement. Actavis has made the initial settlement payment. Accordingly, appellant and appellees request that the Court abate all deadlines and proceedings in this matter for 90 days or until further order of the Court, to enable the parties to consummate the settlement.

Respectfully submitted,

*Joseph R Knight*

BAKER BOTTS L.L.P.
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

Attorneys for Appellees

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General

2

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial
DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE B KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK G. EINFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial

Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been delivered by email on this _____ day of _____, 2011, to the following:

| | |
|---|---|
| Thomas R. Phillips<br>Joseph R. Knight<br>Matt C. Wood<br>BAKER BOTTS, LLP<br>95 San Jacinto Blvd., Suite 1500<br>Austin, Texas 78701 | Ms. Amalia Rodriguez-Mendoza<br>Travis County District Clerk<br>Travis County Courthouse<br>1000 Guadalupe Street, 3rd Floor<br>Austin, Texas 78701 |
| Ms. Chavela V. Crain, RMR, CRR<br>Official Court Reporter<br>53rd District Court<br>Travis County Courthouse<br>1000 Guadalupe Street<br>Austin, Texas 78701 | |

Raymond C. Winter

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY ) | MDL No. 1456 |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | Master File No. 01-cv-12257-PBS |
| ) | |
| ) | Subcategory No. 06-11337-PBS |
| ) | Civil Action No. 08-cv-10852 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| *United States of America ex rel. Ven-A-* ) | Judge Patti B. Saris |
| *Care of the Florida Keys, Inc., by and* ) | |
| *through its principal officers and directors,* ) | |
| *Zachary T. Bentley and T. Mark Jones v.* ) | |
| *Actavis Mid Atlantic LLC, et al.* ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE
## OF CERTAIN CLAIMS AGAINST ACTAVIS
## AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§3729-3733, by Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), against Defendants, Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and Actavis Mid Atlantic LLC (collectively, "Actavis"), (the Relator and Actavis collectively, "the Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b) (1), and in accordance with the terms and limitations of the Consent Of The United States Of America To The Relator's Dismissal With Prejudice Of Certain Claims Pursuant To 31 U.S.C. § 3730 (b) (1) (attached hereto as Exhibit A), and of the Settlement Agreement and Release (attached as Exhibit 1 to the Consent Of The United States ), the Parties hereby stipulate to the entry of an order dismissing certain claims in the Complaint against Actavis that are identified in, and are subject to the limitations, exceptions and exclusions, the Settlement Agreement and Release.

Exhibit 6

The Parties further stipulate that any claim the Relator or its counsel have, with respect to the dismissed Texas related claims, to a Relator's share or for expenses, attorneys' fees, and costs shall, except as set forth in the Settlement Agreement, not be the responsibility of Actavis.

WHEREFORE, to permit them to effectuate the terms of partial settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b)(1), the Parties respectfully request that the Court enter an order in the form attached to the Consent of the United States as Exhibit 2 and attached hereto as Exhibit B.

Respectfully submitted,

 /s/ James J. Breen
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
Telephone: (770) 740-0008
Fax: (678) 252-5545

Counsel for Relator

/s/ George D. Ruttinger

George D. Ruttinger (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Counsel for Actavis

Dated: _____ ___, 2011.

2

**EXHIBIT A**
**TO STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN**
**CLAIMS AGAINST ACTAVIS AND MOTION FOR ORDER OF**
**DISMISSAL WITH PREJUDICE**

**(CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS**
**PURSUANT TO 31 U.S.C. § 3730 (b) (1))**

# EXHIBIT B
# TO STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST ACTAVIS AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

# (PROPOSED ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST ACTAVIS)

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | )<br>)<br>)<br>) | MDL No. 1456<br><br>Master File No. 01-cv-12257-PBS |
| | ) | Subcategory No. 06-11337-PBS |
| | ) | Civil Action No. 08-cv-10852 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | )<br>)<br>)<br>)<br>)<br>)<br>) | Judge Patti B. Saris |

**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S
DISMISSAL, WITH PREJUDICE, OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C.
§ 3730 (b) (1)**

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of those portions, and only those portions, of claims in the Complaint against Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and Actavis Mid Atlantic LLC (collectively, "Actavis") relating to the federal share of overpayments by the Texas Medicaid Program, as set forth in and limited by, the Settlement Agreement and Release (attached hereto as Exhibit 1), and

(2)     The entry of the proposed Order of Dismissal of Certain Claims with Prejudice in the form provided for in the Settlement Agreement and Release and attached hereto as Exhibit 2.

The United States has concluded that the amount of $37,000,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Exhibit 7

Respectfully submitted,

TONY WEST
Assistant Attorney General


By: _____
      Laurie Oberembt
      Senior Trial Attorney
      U.S. Department of Justice, Civil Division
      P.O. Box 261, Ben Franklin Station
      Washington, D.C. 20044


Dated: _____ ___, 2011.

**EXHIBIT 1 TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C.**
**§ 3730 (b) (1)**

**(SETTLEMENT AGREEMENT AND RELEASE)**

**<u>EXHIBIT 2 TO</u>**
**<u>CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S</u>**
**<u>DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C.</u>**
**<u>§ 3730 (b) (1)</u>**


**<u>(CONSENTED TO FORM OF ORDER OF DISMISSAL WITH PREJUDICE OF</u>**
**<u>CERTAIN CLAIMS AGAINST ACTAVIS)</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) MDL No. 1456 )<br>) Master File No. 01-cv-12257-PBS )<br>) Subcategory No. 06-11337-PBS<br>) Civil Action No. 08-cv-10852 |
| THIS DOCUMENT RELATES TO:<br>*United States of America ex rel. Ven-A-Care of the Florida Keys, Inc., by and through its principal officers and directors, Zachary T. Bentley and T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) Judge Patti B. Saris )<br>)<br>)<br>)<br>) |

**ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST ACTAVIS**

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act (31 U.S.C. §§3729-3733), Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and Actavis Mid Atlantic LLC (collectively, "Actavis"), together with Relator collectively, the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims Against Actavis providing for the dismissal of claims, and only those claims, relating to the Texas Medicaid Program. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

5

1.     Consistent with the terms of the Settlement Agreement and Release (attached to the Consent of the United States as Exhibit 1), the above captioned Civil Action is dismissed, in part, with prejudice as to Actavis only as to the claims relating to the federal share of Medicaid overpayments by the Texas Medicaid Program.

2.     This Order resolves all claims against Actavis for the federal share of Medicaid program payments by the Texas Medicaid Program and brought in the above-captioned Civil Action. This Order shall in no way prejudice or limit any claims for a state's share or for the federal share of Medicaid overpayments relating to any state other than Texas.

3.     Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.     The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

No. 07-11-0260-DV

---

IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

---

ACTAVIS MID ATLANTIC LLC
and ACTAVIS ELIZABETH LLC

Appellants

v.

STATE OF TEXAS
and VEN-A-CARE OF THE FLORIDA KEYS, INC.

Appellees

---

On Appeal from the 419th District Court of
Travis County, Texas

Trial Court Cause No. D-1-GV-08-001566

---

**AGREED MOTION TO SET ASIDE THE JUDGMENT WITHOUT REGARD TO THE
MERITS AND REMAND THE CASE TO THE TRIAL COURT**

TO THE HONORABLE SEVENTH COURT OF APPEALS:

Appellants, Actavis Mid Atlantic LLC and Actavis Elizabeth LLC, and appellees,
State of Texas and Ven-A-Care of the Florida Keys, Inc., have reached a settlement of
all disputes between them, including resolution of this appeal and the underlying
judgment. Accordingly, pursuant to TRAP 42.1(2)(B), appellants and appellees
request that the Court set aside the judgment without regard to the merits and remand

Exhibit 8

the case to the trial court for dismissal with prejudice in accordance with the parties'
settlement agreement.

Respectfully submitted,

*Joseph R Knight*

BAKER BOTTS L.L.P.
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

Attorneys for Appellants

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial

2

DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE B KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK G.EINFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial

Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas


GOODE CASSEB JONES
RIKLIN CHOATE & WATSON, P.C.
P.O. Box 120480
San Antonio, Texas 78212
(210) 733-6030
(210) 733-0330


By: _____  w/ permission
        John E. Clark                    by rew
        State Bar No. 04287000
        Rand J. Riklin
        State Bar No. 16924275


C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress, Suite 800

3

Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

Jim Hund
State Bar No. 10277800
HUND, KRIER, WILKERSON & WRIGHT, PC
P.O. Box 54390
Lubbock, Texas 79453
(806) 783-8700
(806) 783-8710 fax

Attorneys for Ven-A-Care of the Florida Keys,
Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered by email on this _____ day of _____, 2012, to the following:

| | |
|---|---|
| Thomas R. Phillips<br>Joseph R. Knight<br>Matt C. Wood<br>Thomas R. Phillips<br>BAKER BOTTS, LLP<br>95 San Jacinto Blvd., Suite 1500<br>Austin, Texas 78701 | Jim Hund<br>Hund, Krier, Wilkerson & Wright, PC<br>P.O. Box 54390<br>Lubbock, Texas 79453 |
| Raymond C. Winter<br>Margaret Moore<br>Drew Wright<br>Celeste Kemper<br>Mark Einfalt<br>Damon T. Ong<br>Matthew Miller<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711-2548 | C. Jarrett Anderson<br>Anderson LLC<br>823 Congress Ave., Suite 800<br>Austin, TX 78701 |

_____
Rand J. Riklin

5

No. 03-11-00408-CV

---

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

---

THOMAS SUEHS,
in his Official Capacity as Executive Director of the Texas Health and Human Services
Commission,

Appellants

v.

ALPHARMA USPD now known as ACTAVIS MID ATLANTIC LLC and PUREPAC
PHARMACEUTICAL CO., now known as ACTAVIS ELIZABETH LLC,

Appellees

---

On Appeal from the 353rd District Court of
Travis County, Texas

Trial Court Cause No. D-1-GN-11-001082

---

**AGREED MOTION TO SET ASIDE THE TEMPORARY INJUNCTION WITHOUT
REGARD TO THE MERITS AND REMAND THE CASE TO THE TRIAL COURT**

---

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant, Thomas Suehs, in his official capacity as Executive Director of the

Texas Health and Human Services Commission, and appellees, Actavis Mid Atlantic

LLC and Actavis Elizabeth LLC, have reached a settlement of all disputes between

them, including resolution of this appeal and the underlying Temporary Injunction.

Accordingly, pursuant to TRAP 42.1(2)(B), appellant and appellees request that the

Court set aside the Temporary Injunction without regard to the merits and remand the

Exhibit 9

case to the trial court for dismissal with prejudice in accordance with the parties'
settlement agreement.

Respectfully submitted,

*Joseph R Knight*

BAKER BOTTS L.L.P.
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

Attorneys for Appellees

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial

2

DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE B KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK G. EINFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial

Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered by email on this _____ day of _____, 2012, to the following:

| Thomas R. Phillips Joseph R. Knight Matt C. Wood BAKER BOTTS, LLP 95 San Jacinto Blvd., Suite 1500 Austin, Texas 78701 | |

Raymond C. Winter

3

## CAUSE NO. D-1-GN-11-001082

| | | |
|---|---|---|
| ALPHARMA USPD, now known as ACTAVIS MID-ATLANTIC LLC, and PUREPAC PHARMACEUTICAL CO., now known as ACTAVIS ELIZABETH LLC, | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| v. | § § | |
| THOMAS SUEHS, in his official capacity as EXECUTIVE DIRECTOR OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § | TRAVIS COUNTY, TEXAS |
| *Defendant.* | § § § § § | |
| | § § | 353rd JUDICIAL DISTRICT |

## AGREED MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE COURT:

Plaintiffs, Actavis Mid Atlantic LLC and Actavis Elizabeth LLC, and defendant, Thomas Suehs, in his official capacity as Executive Director of the Texas Health and Human Services Commission, have settled the matters in controversy in this case, and in accordance with the terms of their settlement agreement jointly request that the Court dismiss this action, with prejudice, with all court costs to be taxed against the party incurring same.

Exhibit 10Page 1

Respectfully submitted,

*Joseph R Knight*

BAKER BOTTS L.L.P.
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

Attorneys for Plaintiffs, Actavis Mid Atlantic LLC
and Actavis Elizabeth LLC


GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via CaseFileXpress on this _____ day of _____, 2012, to the following:

Thomas R. Phillips
Joseph R. Knight
Matt C. Wood
Baker Botts L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039


_____
Raymond C. Winter

3

CAUSE NO. D-1-GN-11-001082

| | | |
|---|---|---|
| ALPHARMA USPD, now known as ACTAVIS MID-ATLANTIC LLC, and PUREPAC PHARMACEUTICAL CO., now known as ACTAVIS ELIZABETH LLC., | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § § | |
| v. | § § | |
| THOMAS SUEHS, in his official capacity as EXECUTIVE DIRECTOR OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § § § § | TRAVIS COUNTY, TEXAS |
| *Defendant.* | § § § § § § § § | 353rd JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE

On this date the Agreed Motion to Dismiss with Prejudice filed by plaintiffs, Actavis Mid Atlantic LLC and Actavis Elizabeth LLC, and defendant, Thomas Suehs, in his official capacity as Executive Director of the Texas Health and Human Services Commission, was presented to the Court. After due consideration the Court finds that the Motion has merit and should be granted. It is therefore ordered that this action is hereby dismissed with prejudice. It is further ordered that all court costs shall be taxed against the party incurring same.

Signed this ____ day of _____, 2012.

_____
JUDGE PRESIDING

Exhibit 10

APPROVED AS TO FORM AND SUBSTANCE:


Joseph R. Knight
Attorney for Plaintiffs


Raymond C. Winter, Assistant Attorney General
Attorney for Defendant

2

CAUSE NO. D-1-GV-08-001566

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALPHARMA USPD, INC., now | § | |
| known as ACTAVIS MID-ATLANTIC | § | |
| LLC, | § | |
| and | § | |
| PUREPAC PHARMACEUTICAL CO., | § | |
| now known as ACTAVIS ELIZABETH | § | |
| LLC. | § | 419TH   JUDICIAL DISTRICT |
| | § | |
| *Defendants.* | | |

## AGREED MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE COURT:

Plaintiffs, The State of Texas and Ven-A-Care of the Florida Keys, Inc., and defendants,
Actavis Mid Atlantic LLC and Actavis Elizabeth LLC, have settled the matters in controversy in
this case, and in accordance with the terms of their settlement agreement jointly request that the
Court dismiss this action, with prejudice, with all court costs to be taxed against the party
incurring same.

Exhibit 11

Respectfully submitted,

**RATLIFF LAW FIRM, PLLC**
Shannon H. Ratliff (State Bar No. 16573000)
Michael L. Navarre (State Bar No. 00792711)
600 Congress Avenue, Suite 3100
Austin, Texas 78701
Tel: (512) 493-9600
Fax: (512) 493-9625

**BAKER BOTTS L.L.P.**
Thomas R. Phillips (State Bar No. 00000102)
Joseph R. Knight (State Bar No. 11601275)
Matt C. Wood (State Bar No. 24066306)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4039
Tel.: (512) 322-2500
Fax: (512) 322-2501

**Crowell & Moring LLP**
Keith J. Harrison (admitted *pro hac vice*)
George D. Ruttinger (admitted *pro hac vice*)
Aryeh S. Portnoy (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

**HYMAN PHELPS & McNAMARA, P.C.**
John R. Fleder (admitted *pro hac vice*)
Douglas P. Farquhar (admitted *pro hac vice*)
James P. Ellison (admitted *pro hac vice*)
700 13th St., NW
Suite 1200
Washington, DC 20005
Tel: (202) 737-5600
Fax: (202) 737-9329

Attorneys for Defendants, Actavis Mid Atlantic
LLC and Actavis Elizabeth LLC

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial
MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial
DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK EINFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial

JOHN E. CLARK
State Bar No. 04287000
RAND J. RIKLIN
State Bar No. 16924275
Goode Casseb Jones
Riklin Choate & Watson
2122 North Main Avenue
P.O. Box 120480
San Antonio, Texas 78212-9680
(210) 733-6030
(210) 733-0330 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124
823 Congress Ave., Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)

GLENN GROSSENBACHER
State Bar No. 08541100
Law Office of Glenn Grossenbacher
24165 IH-10 W., Ste 217-766
San Antonio, Texas   78257-1160
(210) 271-3888
(210) 271-3980 (FAX)

GARY M. GROSSENBACHER
State Bar No. 24008972
Attorney at Law
402 Vale Street
Rollingwood, Texas 78746
(512) 699-5436

4

GLENN MACTAGGART
State Bar No. 12787680
KEVIN YOUNG
State Bar No. 22199700
Prichard Hawkins McFarland & Young
10101 Reunion Pl, Suite 600
San Antonio, TX 78216
(210) 477-7419
(210) 477-7469 (FAX)

LARRY BLACK
State Bar No. 02384300
7039 Comanche Trail
Austin, Texas 78732
(512) 402-1745
(512) 857-0556 (FAX)

Attorneys for Ven-A-Care of the Florida Keys, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on this _____ day of _____, 2012,  to the following:

| | |
|---|---|
| David L. Orr<br>Kuperman, Orr & Albers<br>2801 Via Fortuna, Suite 530<br>Austin, Texas 78746<br>COUNSEL FOR ACTAVIS MID<br>ATLANTIC LLC & ACTAVIS ELIZABETH<br>LLC<br>*Via CaseFile Express* | John R. Fleder<br>James P. Ellison<br>Hyman, Phelps & McNamara, PC<br>700 Thirteenth St., NW Suite 1200<br>Washington, DC 20005<br>COUNSEL FOR ACTAVIS MID<br>ATLANTIC LLC & ACTAVIS ELIZABETH<br>LLC<br>*Via CaseFile Express* |
| Keith J. Harrison<br>Crowell Moring<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595<br>COUNSEL FOR ACTAVIS MID<br>ATLANTIC LLC & ACTAVIS ELIZABETH<br>LLC<br>*Via CaseFileXpress* | Michael Navarre<br>Shannon Ratliff<br>Ratliff Law Firm, P.L.L.C.<br>600 N. Congress, Suite 3100<br>Austin, Texas 78701<br>COUNSEL FOR ACTAVIS MID<br>ATLANTIC LLC & ACTAVIS ELIZABETH<br>LLC<br>*Via CaseFileXpress* |

5

| | |
|---|---|
| James J. Breen<br>The Breen Law Firm<br>P.O. Box 297470<br>Pembroke Pines, Florida 33029-7470<br>COUNSEL FOR RELATOR<br>*Via CaseFile Express* | John E. Clark<br>Rand J. Riklin<br>Goode Casseb Jones Riklin Choate & Watson<br>2122 North Main Avenue<br>P.O. Box 120480<br>San Antonio, Texas 78212-9680<br>COUNSEL FOR RELATOR<br>*Via CaseFile Express* |
| C. Jarrett Anderson<br>Anderson LLC<br>823 Congress Ave., Suite 800<br>Austin, TX 78701<br>COUNSEL FOR RELATOR<br>*Via Electronic Service* | Glenn Grossenbacher<br>Law Office of Glenn Grossenbacher<br>24165 IH-10 W., Ste 217-766<br>San Antonio, Texas   78257-1160<br>COUNSEL FOR RELATOR<br>*Via Electronic Service* |
| Gary M. Grossenbacher<br>Attorney at Law<br>402 Vale Street<br>Rollingwood, Texas 78746<br>COUNSEL FOR RELATOR<br>*Via CaseFile Express* | Glenn MacTaggart<br>Kevin Young<br>Prichard Hawkins McFarland & Young<br>10101 Reunion Pl, Suite 600<br>San Antonio, TX 78216<br>COUNSEL FOR RELATOR<br>*Via CaseFile Express* |
| Larry Black<br>7039 Comanche Trail<br>Austin, Texas 78732<br>COUNSEL FOR RELATOR<br>*Via CaseFile Express* | |

Mark G. Einfalt

CAUSE NO. D-1-GV-08-001566

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ALPHARMA USPD, INC., now | § | |
| known as ACTAVIS MID-ATLANTIC | § | |
| LLC, | § | |
| and | § | |
| PUREPAC PHARMACEUTICAL CO., | § | |
| now known as ACTAVIS ELIZABETH | § | |
| LLC. | § | 419TH   JUDICIAL DISTRICT |
| | § | |
| *Defendants.* | | |

## ORDER OF DISMISSAL WITH PREJUDICE

On this date the Agreed Motion to Dismiss with Prejudice filed by plaintiffs, The State of Texas and Ven-A-Care of the Florida Keys, Inc., and defendants, Actavis Mid Atlantic LLC and Actavis Elizabeth LLC, was presented to the Court.   After due consideration the Court finds that the Motion has merit and should be granted.   It is therefore ordered that this action is hereby dismissed with prejudice.   It is further ordered that all court costs shall be taxed against the party incurring same.

Signed this ____ day of _____, 2012.

_____
JUDGE PRESIDING

Exhibit 11

APPROVED AS TO FORM AND SUBSTANCE:

Shannon H. Ratliff
Michael L. Navarre
Attorneys for Actavis Mid Atlantic LLC and
Actavis Elizabeth LLC

Mark G. Einfalt
Attorney for the State of Texas

J. Jarrett Anderson
Attorney for Ven-A-Care of the Florida Keys, Inc.

Page 2

**UNCONDITIONAL GUARANTY**

THIS UNCONDITIONAL GUARANTY ("Guaranty") is made as of the Effective Date of the Settlement Agreement (as hereinafter defined), for the benefit of Benefitted Parties (as hereinafter defined).

1.     Definitions.   As used in this Guaranty, the following terms have the meanings indicated below:

"Benefitted Parties" means the State of Texas and Ven-A-Care of the Florida Keys, Inc., its successors and assigns.

"Debtor Relief Laws" means Title 11 of the United States Code, as now or hereafter in effect, or any other applicable law, domestic or foreign, as now or hereafter in effect, relating to bankruptcy, insolvency, liquidation, receivership, reorganization, arrangement or composition, extension or adjustment of debts, or similar laws affecting the rights of creditors.

"Guaranteed Indebtedness" means (a) the Obligor's payment obligations contained in paragraphs III(5) and III(11) of the "Settlement Agreement" (as hereinafter defined), (b) the reasonable costs and reasonable expenses incurred by Benefitted Parties in connection with the collection of all or any part of the indebtedness and obligations described in (a) above, including without limitation, all reasonable attorneys' fees, and (c) all renewals, extensions, modifications and rearrangements of the indebtedness and obligations described in (a) and (b), all as reduced on a dollar for dollar basis by any payment made by the Obligor or any other party in settlement of those obligations.

"Guarantor" (whether one or more) means Actavis Group hf., an Iceland corporation, and its successors and assigns; and Actavis Group PTC ehf., an Iceland corporation, and its successors and assigns, jointly and severally.

"Obligor" (whether one or more) means Actavis Mid Atlantic LLC, a Delaware limited liability company, Actavis Elizabeth LLC, a Delaware limited liability company, and Actavis Inc., a Delaware corporation, and their successors and assigns.

"Person" means any individual, corporation, partnership, joint venture, limited liability company or partnership (general or limited) association, trust, unincorporated association, joint stock company, government, municipality, political subdivision or agency, or other entity.

"Settlement Agreement" means the Settlement Agreement and Release to be entered into by and among Ven-A-Care of the Florida Keys, Inc., the State of Texas, Thomas Suehs as Executive Director of the Texas Health and Human Services Commission, Actavis Mid Atlantic LLC, Actavis Elizabeth LLC and Actavis Inc., in the form attached to this Guaranty as Exhibit A and incorporated herein by such reference for all purposes.

2.     Benefit to Guarantor.   Actavis Group hf. is a shareholder in Actavis Group PTC ehf. Actavis Group PTC ehf. is the sole shareholder in Actavis Inc.   Actavis Inc. is the sole member in Actavis Mid Atlantic LLC and is the sole member in Actavis Elizabeth LLC.   The settlement and releases granted by the Benefitted Parties to the Obligor under the Settlement Agreement, in consideration of the Settlement Amount to be paid to the Benefitted Parties, is a substantial and direct or indirect benefit to each Guarantor.

3.      Guaranty.      As an inducement to Benefitted Parties to enter into the Settlement Agreement and to make the financial accommodations to Obligor therein set forth, Guarantor, for value received, jointly and severally, does hereby unconditionally and absolutely guarantee the prompt and full payment and performance of the Guaranteed Indebtedness when due or declared to be due and at all times thereafter.  Guarantor shall promptly pay the amount due thereon to Benefitted Parties following receipt of notice as provided in Paragraph 5, in lawful money of the United States of America.

4.      Character of Obligations.  This is an absolute, continuing and unconditional guaranty of payment and not of collection.  All Guaranteed Indebtedness shall be conclusively presumed to have been made in acceptance hereof.  Guarantor shall be liable, jointly and severally, with Obligor and any other guarantor of all or any part of the Guaranteed Indebtedness.  Notwithstanding the above, this Guaranty may not be invoked by the Benefitted Parties until the date falling 15 calendar days after the date on which the Guarantors received notice of the Obligor's failure to perform its obligations under the Settlement Agreement as described in paragraph 5 below.

5.      Notice of Default.  The Benefitted Parties shall provide notice to the Guarantor of any default by the Obligor in the payment of any settlement installment due under paragraph III(5) of the Settlement Agreement in accordance with the Notice provision set forth in paragraph 27 below.

6.      No Right of Revocation.  Guarantor understands and agrees that Guarantor may not revoke its future obligations under this Guaranty at any time as long as any Guaranteed Indebtedness is outstanding.

7.      Representations and Warranties.  Guarantor hereby represents and warrants the following to Benefitted Parties:

(a)      This Guaranty benefits Guarantor directly or indirectly, and the Guarantor has determined that this Guaranty may reasonably be expected to benefit, directly or indirectly, Guarantor;

(b)      Guarantor has adequate means to obtain from Obligor on a continuing basis information concerning the financial condition of Obligor, and Guarantor is not relying on Benefitted Parties to provide such information to Guarantor either now or in the future;

(c)      Guarantor has the power and authority to execute, deliver perform this Guaranty, and the execution, delivery and performance of this Guaranty does not and will not violate (i) any agreement or instrument to which Guarantor is a party, (ii) any law, rule, regulation or order of any governmental authority to which Guarantor is subject, or (iii) its organizational documents;

(d)      Except as may be set forth in the Settlement Agreement, Benefitted Parties have made no representation or warranty to Guarantor in order to induce Guarantor to execute this Guaranty; and

(e)      As of the date hereof, and after giving effect to this Guaranty and the obligations evidenced hereby, (i) Guarantor is solvent, (ii) Guarantor is able to pay its debts as they mature, and (iii) Guarantor has sufficient capital to carry on its business and all businesses in which it is about to engage.

8.    Consent and Waiver.

(a)    Guarantor waives any rights Guarantor has under, or any requirements imposed by, (i) Section 17.001 of the Texas Civil Practice and Remedies Code, as amended, (ii) Rule 31 of the Texas Rules of Civil Procedure, as amended, and (iii) any and all rights under Section 51.005 of the Texas Property Code, as amended.

(b)    Benefitted Parties may at any time, without the consent of or notice to Guarantor, without incurring responsibility to Guarantor and without impairing, releasing, reducing or affecting the obligations of Guarantor hereunder: (i) change the manner, place or terms of payment of all or any part of the Guaranteed Indebtedness, or renew, extend, modify, rearrange or alter all or any part of the Guaranteed Indebtedness; (ii) change the post-maturity interest rate accruing on any of the Guaranteed Indebtedness; (iii) neglect, delay, omit, fail or refuse to take or prosecute any action for the collection of all or any part of the Guaranteed Indebtedness or this Guaranty; (iv) exercise or refrain from exercising any rights against Obligor or others, or otherwise act or refrain from acting; (v) settle or compromise all or any part of the Guaranteed Indebtedness and subordinate the payment of all or any part of the Guaranteed Indebtedness to the payment of any obligations, indebtedness or liabilities which may be due or become due to Benefitted Parties or others; (vi) apply any deposit balance, fund, payment, collections through process of law or otherwise or other collateral of Obligor to the satisfaction and liquidation of the indebtedness or obligations of Obligor to Benefitted Parties, if any, not guaranteed under this Guaranty; and (vii) apply any sums paid to Benefitted Parties by Guarantor, Obligor or others to the Guaranteed Indebtedness in such order and manner as Benefitted Parties, in their sole discretion, may determine, provided that such payments will be credited to the reduction of the Guaranteed Indebtedness on a dollar for dollar basis.

(c)    Except as otherwise provided in the Settlement Agreement or this Guaranty, should Benefitted Parties seek to enforce the obligations of Guarantor hereunder by action in any court or otherwise, Guarantor waives any requirement, substantive or procedural, that Benefitted Parties first enforce any rights or remedies against Obligor or any other person or entity liable to Benefitted Parties for all or any part of the Guaranteed Indebtedness, including without limitation that a judgment first be rendered against Obligor or any other person or entity, or that Obligor or any other person or entity should be joined in such cause. Such waiver shall be without prejudice to Benefitted Parties' right, at their option, to proceed against Obligor or any other person or entity, whether by separate action or by joinder.

(d)    In addition to any other waivers, agreements and covenants of Guarantor set forth herein, Guarantor hereby further waives and releases all claims, causes of action, defenses and offsets for any act or omission of Benefitted Parties, their directors, officers, employees, representatives or agents in connection with Benefitted Parties' collection of the Guaranteed Indebtedness, except for Benefitted Parties', their directors', officers', employees', representatives' or agents' willful misconduct, gross negligence, or violation of this Guaranty or the Settlement Agreement.

9.    Obligations Not Impaired.

(a)    Guarantor agrees that its obligations under this Guaranty shall not be released, diminished, impaired, reduced or affected by the occurrence of any one or more of the following events: (i) the lack of corporate power of Obligor, Guarantor or any other guarantor of all or any part of the Guaranteed Indebtedness, (ii) any receivership, insolvency,

bankruptcy, disability or other proceedings affecting Obligor, Guarantor or any other guarantor of all or any part of the Guaranteed Indebtedness, or any of their respective property; (iii) the partial or total release or discharge of Obligor or any other guarantor of all or any part of the Guaranteed Indebtedness, or any other person or entity from the performance of any obligation contained in any instrument or agreement evidencing, governing or securing all or any part of the Guaranteed Indebtedness, whether occurring by reason of law or otherwise; (iv) the taking or accepting of any collateral for all or any part of the Guaranteed Indebtedness or this Guaranty; (v) the taking or accepting of any other guaranty for all or any part of the Guaranteed Indebtedness; (vi) any failure by Benefitted Parties to acquire, perfect or continue any lien or security interest on collateral securing all or any part of the Guaranteed Indebtedness or this Guaranty; (vii) the impairment of any collateral securing all or any part of the Guaranteed Indebtedness or this Guaranty; (viii) any failure by Benefitted Parties to sell any collateral securing all or any part of the Guaranteed Indebtedness or this Guaranty in a commercially reasonable manner or as otherwise required by law; (ix) any invalidity or unenforceability of or defect or deficiency in the Settlement Agreement or any of the documents referenced therein or executed or filed in accordance therewith; or (x) any other circumstance which might otherwise constitute a defense available to, or discharge of, Obligor, Guarantor or any other guarantor of all or any part of the Guaranteed Indebtedness other than the defense of payment in full.

(b)     This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of all or any part of the Guaranteed Indebtedness is rescinded or must otherwise be returned by Benefitted Parties upon the insolvency, bankruptcy or reorganization of Obligor or Guarantor, or otherwise, all as though such payment had not been made.

(c)     None of the following shall affect Guarantor's liability hereunder: (i) the unenforceability of all or any part of the Guaranteed Indebtedness against Obligor by reason of the fact that the Guaranteed Indebtedness exceeds the amount permitted by law; (ii) the act of creating all or any part of the Guaranteed Indebtedness is ultra vires; or (iii) the officers, directors or members creating all or any part of the Guaranteed Indebtedness acted in excess of their authority.  Guarantor hereby acknowledges that withdrawal from, or termination of, any ownership interest in Obligor now or hereafter owned or held by Guarantor shall not alter, affect or in any way limit the obligations of Guarantor hereunder.

10.     Subrogation.  Until the Guaranteed Indebtedness has been paid, in full, Guarantor hereby covenants and agrees that it shall not assert, enforce, or otherwise exercise (a) any right of subrogation to any of the rights or liens of Benefitted Parties against Obligor or any other guarantor of the Guaranteed Indebtedness, unless such rights are expressly made subordinate to the Guaranteed Indebtedness (in form and upon terms acceptable to Benefitted Parties) and the rights of Benefitted Parties under this Guaranty and the Settlement Agreement, or (b) any right of recourse, reimbursement, contribution, indemnification, or similar right against Obligor or any other guarantor of all or any part of the Guaranteed Indebtedness.

11.     Subordinated Debt.  All principal of and interest on all indebtedness, liabilities, and obligations of Obligor to Guarantor (the "Subordinated Debt") now or hereafter existing, due or to become due to Guarantor, or held or to be held by Guarantor, whether created directly or acquired by assignment or otherwise, and whether evidenced by written instrument or not, shall be expressly subordinated to the Guaranteed Indebtedness.  Until such time as the Guaranteed Indebtedness is paid and performed in full, Guarantor agrees not to receive or accept any payment from Obligor with respect to the Subordinated Debt at any time a default under the Settlement Agreement has

occurred and is continuing; and, in the event Guarantor receives any payment on the Subordinated Debt in violation of the foregoing, Guarantor will hold any such payment in trust for Benefitted Parties and forthwith turn it over to Benefitted Parties in the form received, to be applied to the Guaranteed Indebtedness.   If Guarantor has executed a separate subordination agreement ("Subordination Agreement") applicable to the Subordinated Debt, the Subordination Agreement shall control over any inconsistent provision in this paragraph.

12.   No Fraudulent Transfer.  It is the intention of Guarantor and Benefitted Parties that the amount of the Guaranteed Indebtedness guaranteed by Guarantor by this Guaranty shall be in, but not in excess of, the maximum amount permitted by fraudulent conveyance, fraudulent transfer, or similar laws applicable to Guarantor.  Accordingly, notwithstanding to the contrary contained in this Guaranty, the amount of the Guaranteed Indebtedness guaranteed by Guarantor by this Guaranty shall be limited to that amount which after giving effect thereto would not (a) render Guarantor insolvent, (b) result in the fair saleable value of the assets of Guarantor being less than the amount required to pay its debts and other liabilities (including contingent liabilities) as they mature, or (c) leave Guarantor with unreasonably small capital to carry out its business as now conducted and as proposed to be conducted, including its capital needs, as such concepts described in clauses (a), (b) and (c) of this paragraph are determined under applicable law, if the obligations of Guarantor hereunder would otherwise be set aside, terminated, annulled or avoided for such reason by a court of competent jurisdiction in a proceeding actually pending before such court. For purposes of this Guaranty, the term "applicable law" means as to Guarantor each statute, law, ordinance, regulation, order, judgment, injunction or decree of the United States or any state or commonwealth, any municipality, any foreign country, or any territory, possession or tribunal applicable to Guarantor.

13.   Actions against Guarantor.   In the event of an uncured default in the payment or performance of all or any part of the Guaranteed Indebtedness, Guarantor shall, upon demand, promptly pay the amount due thereon to Benefitted Parties, in lawful money of the United States, at Benefitted Parties' address in accordance with the Settlement Agreement.  One or more successive or concurrent actions may be brought against Guarantor, either in the same action in which Obligor issued or in separate actions, as often as Benefitted Parties deems advisable.  The exercise by Benefitted Parties of any right or remedy under this Guaranty or under any other agreement or instrument, at law, in equity or otherwise, shall not preclude concurrent or subsequent exercise of any other right or remedy.

14.   Waiver by Benefitted Parties.  No delay on the part of Benefitted Parties in exercising any right hereunder or failure to exercise the same shall operate as a waiver of such right.  In no event shall any waiver of the provisions of this Guaranty be effective unless the same be in writing and signed by an officer of Benefitted Parties, and then only in the specific instance and for the purpose given.

15.   Successors and Assigns.  This Guaranty is for the benefit of Benefitted Parties. The Benefitted Parties may not transfer or assign their rights under this Guaranty without the prior written consent of the Guarantors (such consent not to be unreasonably withheld). This Guaranty is binding upon Guarantor and Guarantor's successors, including without limitation any person or entity obligated by operation of law upon the reorganization, merger, consolidation or other change in the organizational structure of Guarantor.

16.   Costs and Expenses.  Guarantor shall pay on demand by Benefitted Parties all reasonable costs and reasonable expenses, including without limitation, all reasonable attorneys' fees incurred by Benefitted Parties in the enforcement and/or collection of this Guaranty.

Unconditional Guaranty                                                                            - 5 -

17.     Severability.  If any provision of this Guaranty is held by a court of competent jurisdiction to be illegal, invalid or unenforceable under present or future laws, such provision shall be fully severable, shall not impair or invalidate the remainder of this Guaranty and the effect thereof shall be confined to the provision held to be illegal, invalid or unenforceable.

18.     No Obligation.  Nothing contained herein shall be construed as an obligation on the part of Benefitted Parties to modify, amend, or extend the obligations of Obligor under the Settlement Agreement.

19.     Amendment.  No modification or amendment of any provision of this Guaranty, nor consent to any departure by Guarantor therefrom, shall be effective unless the same shall be in writing and signed by all parties to this Guaranty.

20.     Cumulative Rights.  All rights and remedies of Benefitted Parties hereunder are cumulative of each other and of every other right or remedy which Benefitted Parties may otherwise have at law or in equity or under any instrument or agreement, and the exercise of one or more of such rights or remedies shall not prejudice or impair the concurrent or subsequent exercise of any other rights or remedies.

21.     Compliance with Applicable Usury Laws.  Notwithstanding any other provision of this Guaranty or of any instrument or agreement evidencing, governing or securing all or any part of the Guaranteed Indebtedness, Guarantor and Benefitted Parties by their acceptance hereof agree that Guarantor shall never be required or obligated to pay interest in excess of the maximum nonusurious interest rate as may be authorized by applicable law for the written contract which constitutes the Guaranteed Indebtedness.  It is the intention of Guarantor and Benefitted Parties to conform strictly to the applicable laws which limit interest rates, and any of the aforesaid contract for interest, if and to the extent payable by Guarantor, shall be held to be subject to reduction to the maximum nonusurious interest rate allowed under said law.

22.     Descriptive Headings.  The headings in this Guaranty are for convenience only and shall not define or limit the provisions hereof.

23.     Gender.  Within this Guaranty, words of any gender shall be held and construed to include the other gender.

24.     Entire Agreement.  This Guaranty contains the entire agreement between Guarantor and Benefitted Parties regarding the subject matter hereof and supersedes all prior written and oral agreements and understandings, if any, regarding same; provided, however, this Guaranty is in addition to and does not replace, cancel, modify or affect the Settlement Agreement.

25.     GOVERNING LAW, JURISDICTION AND VENUE.

(a)     All issues between or among the Guarantor and the Benefitted Parties concerning the construction, validity, enforcement, or interpretation of this Guaranty shall be governed by, and construed in accordance with, the laws of the State of Texas, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Texas or any other jurisdiction) that would impose or require the application of the laws of any jurisdiction other than the State of Texas.

(b)     The exclusive jurisdiction and venue of any lawsuit concerning the construction, validity, enforcement, or interpretation of this Guaranty shall lie in the state district courts of Travis County, Texas.  Guarantor agrees to submit to the jurisdiction of the state district courts of Travis County, Texas in any proceeding concerning the construction, validity, enforcement, or interpretation of this Guaranty.

(c)     Guarantor further consents and agrees to service of any summons, citations, complaints or other legal process in any suit, action or proceeding by registered or certified U.S. Mail, return receipt requested, postage prepaid, to Crowell & Mooring, LLP, 1001 Pennsylvania Avenue NW, Washington, D.C.   20004-2595 (the "Process Agent").  Guarantor hereby irrevocably appoints the Process Agent as its true and lawful agent and attorney-in-fact in its name, place and stead to accept such service of any and all writs, processes and summonses.   Guarantor agrees to maintain at all times an agent in Washington, D.C. for the purpose of acting as such agent and attorney-in-fact.  Guarantor further agrees that such failure of the Process Agent to give any notice of such service of process to Guarantor shall not impair or affect the validity of such service or of any judgment based upon such service.  Guarantor consents and agrees that such service shall constitute in every respect valid and effective service upon Guarantor but nothing herein shall affect the availability, validity or effectiveness of process served in any other manner permitted by law.

(d)     Guarantor stipulates to the admissibility of this Guaranty in any proceeding concerning the construction, validity, enforcement, or interpretation of this Guaranty, and waives any objection thereto.

26.     NO ORAL AGREEMENTS.     THIS GUARANTY REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS BY THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

27.     Notice.  Any notice, request, demand or other communication required or permitted hereunder shall be given or made in writing and delivered by facsimile transmission, hand delivery, or by certified, registered or express mail, return receipt requested, and addressed as set forth below (or to such other person or address as the applicable party may from time to time furnish to each other party in accordance with the terms of this paragraph):

In the case of the Guarantor to:

Scott L. Winkelman
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
Fax:  (202) 628-5116

With a copy not constituting notice to:

General Counsel
Actavis Group hf.
Reykjavikurvegi 76-78
IS-220 Hafnarfjordur
Iceland

Unconditional Guaranty

In the case of the Benefitted Parties to:

Raymond C. Winter
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
Fax: (512) 499-0712

James J. Breen
The Breen Law Firm, P.A.
Suite 260
5755 North Point Parkway
Alpharetta, Georgia 30022
Fax: (678) 252-5545

Such notices, requests, demands or other communications shall be deemed received upon personal delivery, on the first business day following the date of the facsimile transmission, or on the third business day following the date of mailing if sent by registered, certified or express mail.

28.    Rate of Exchange.    All references in this Guaranty (including without limitation in the Settlement Agreement attached hereto) to sums denominated in dollars (or with the symbol "$") refer to lawful currency of the United States of America (the "Obligation Currency"). If, for the purposes of obtaining or enforcing judgment against Guarantor in any court in any jurisdiction in connection with this Guaranty, it becomes necessary to convert an amount due in the Obligation Currency into another currency (such other currency being referred to as the "Converted Currency"), the Guarantor shall pay such amount as may be necessary to ensure that the amount actually received in the Converted Currency, when converted at the rate of exchange prevailing on the date of payment, will produce the amount of the Obligation Currency stipulated in the judgment or judicial order. The term "rate of exchange" in this paragraph means the spot rate of exchange, on the relevant date at or about 12:00 noon, for the purchase of the Obligation Currency using the Converted Currency, in the New York foreign exchange market.

29.    Confirmation of Guarantor's Obligations Under Settlement Agreement.    Each Person comprising the Guarantor, by execution of this Guaranty:

(a)    Confirms to Benefitted Parties that any and all approvals or consents required of such Person, if any, to authorize the execution, delivery and performance of the Settlement Agreement by Actavis, Inc., Actavis Mid Atlantic LLC and Actavis Elizabeth LLC have been granted and given by such Person;

(b)    Consents to and grants the releases set out in ¶ III(17) of the Settlement Agreement; and

(c)    Agrees to deliver the executed Deutsche Bank Consent Letter as defined in ¶ III (19) of the Settlement Agreement, in substantially the form attached hereto as Exhibit B, or as otherwise agreed to by the Parties.

EXECUTED as of the date first above written.

Unconditional Guaranty

- 8 -

[Remainder intentionally blank; signatures and acknowledgments appear on following pages.]

**ACTAVIS GROUP hf.**

Actavis Group hf.

BY: _____

Name: Claudio Albrecht
Title: Director

Date: 7 December 2011

**ACTAVIS GROUP PTC ehf.**

Actavis Group PTC ehf.

BY: _____

Name: Peter Prock
Title: Director

Date: 7 December 2011

Attorney at law and Notary Public, Gubelstrasse 11, 6300 Zug,
hereby certifies that the signature of

CLAUDIO ALBRECHT

born on 5/5/1959 from Austria

residing at Quellenstrasse 2 of, CH-6318 Walchwil

is original.

He/she has been identified by his/her passport/identity card no.

F-1894-08

Zug, 7/12/2011   The Notary Public

Attorney at law and Notary Public, Gubelstrasse 11, 6300 Zug,
hereby certifies that the signature of

PETER PROCK

born on 1/6/1964 from Innsbruck / Austria

residing at Riedpark 19, CH-6300 Zug

is original.

F-1127-08

7/12/2011

Unconditional Guaranty

## Apostille

(Convention de la Haye du 5 octobre 1961)

1. Country: Swiss Confederation, Canton of Zug

   This public document

2. has been signed by     **Andreas Landtwing**

3. acting in the capacity of   **Notary Public**

4. bears the stamp of     **Notary Public**

                              **of the Canton of Zug**

                              Certified

   **Certified**

5. to 6300 Zug       6.   The **December 7, 2011**

7. by Chancery of State of the Canton of Zug

8. under Nr.        *14693/11*

9. Stamp

10. Signature



**Herbert Fischer**

CAUSE NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS and | § | IN THE DISTRICT COURT |
| VEN-A-CARE OF THE FLORIDA | § | |
| KEYS, INC., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| ACTAVIS MID ATLANTIC LLC, | § | |
| ACTAVIS ELIZABETH LLC, and | § | |
| ACTAVIS INC., | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

### VERIFIED PETITION FOR CONFESSION OF JUDGMENT

TO THE HONORABLE COURT:

Plaintiffs, The State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs"), and

defendants Actavis Mid Atlantic LLC ("Actavis Mid Atlantic"), Actavis Elizabeth LLC

("Actavis Elizabeth"), and Actavis Inc. (collectively, "Actavis"), submit this Verified Petition for

Confession of Judgment pursuant to Rule 314 ("Verified Petition"), Texas Rules of Civil

Procedure, as follows:

### Agreed Facts

1.     Plaintiffs and defendants, Actavis Mid Atlantic and Actavis Elizabeth, were parties in an

action styled *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma USPD, et*

*al.*, Cause No. D-1-GV-08-001566, in the 419th Judicial District Court, Travis County, Texas

("underlying litigation"). In the underlying litigation Plaintiffs alleged that Actavis Mid Atlantic

and Actavis Elizabeth knowingly set, reported and/or maintained, or caused to be set, reported

and/or maintained, false, fraudulent and/or inflated prices for certain of their generic drug

Exhibit 13

products, including prices Actavis Mid Atlantic and Actavis Elizabeth reported to Texas, which were used by the Texas Vendor Drug Program ("VDP") to establish reimbursement rates, and that they submitted or caused to be submitted false claims to VDP based on the reported prices, and thereby committed multiple unlawful acts under the Texas Medicaid Fraud Prevention Act.

2.     The underlying litigation went to trial on or about January 10, 2011, and resulted in a verdict for the Plaintiffs on or about February 1, 2011.   On March 21, 2011, the trial court signed a judgment against Actavis Mid Atlantic and Actavis Elizabeth for a total amount of more than $180 million ("underlying judgment").   Actavis Mid Atlantic and Actavis Elizabeth perfected an appeal of the underlying judgment.

3.     Actavis Mid Atlantic is a Delaware limited liability corporation with its principal place of business in Lincolnton, North Carolina.   Actavis Elizabeth is a Delaware limited liability corporation with its principal place of business in Elizabeth, New Jersey.   Actavis Inc. is a Delaware corporation with its principal place of business in Morristown, New Jersey.   Actavis Inc. is the parent corporation of Actavis Mid Atlantic and Actavis Elizabeth.

4.     Plaintiffs and Actavis have entered into a settlement agreement resolving all disputes between them, including resolution of the underlying judgment and appeal ("Agreement").   The Agreement provides that Actavis will pay Plaintiffs the total sum of $84 million ("Settlement Amount") in four installments consisting of an initial payment followed by three annual installment payments over a period of up to three years.

5.     To secure payment of the Settlement Amount, Actavis Group hf., the indirect parent of Actavis Inc., and Actavis Group PTC ehf., the direct parent of Actavis Inc. (collectively, the "Actavis Guarantors"), have unconditionally guaranteed payment of the Settlement Amount in

accordance with the terms of the Agreement.

6.      To further secure payment of the Settlement Amount, Actavis Mid Atlantic, Actavis

Elizabeth, and Actavis Inc., have agreed to confess judgment jointly and severally in the amount

of $45,500,000 (the settlement amount less the initial payment of $38.5 million) plus post-

judgment interest at the rate of 10% compounded annually from the date of judgment until paid

("debt" or "Confessed Judgment Amount").  Pursuant to the Agreement and in accordance with

Rule 314, Texas Rules of Civil Procedure, Plaintiffs and Actavis hereby attest to the justness of

the debt; Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., and their counsel have

signed and delivered to Plaintiffs a Final Judgment confessing judgment jointly and severally as

set forth above ("Final Judgment"); and Actavis has executed and delivered to Plaintiffs a special

power of attorney appointing Assistant Attorney General, Raymond C. Winter ("Winter"), or his

designee, as Actavis' attorney in fact to (a) file with the Travis County District Clerk the sworn

petition and power of attorney; (b) confess judgment on behalf of Actavis; and (c) appear in the

district court of Travis County and present the judgment for entry.  Attached as Exhibit A is the

Special Power of Attorney executed by Douglas Boothe, President and CEO of Actavis Mid

Atlantic, Actavis Elizabeth, and Actavis Inc., on behalf of said companies ("Power of Attorney").

7.      The Agreement further provides that Plaintiffs will not file the Verified Petition

confessing judgment and Power of Attorney, and will not submit the Final Judgment for entry,

unless Actavis defaults in the payment of any installment payment, and Actavis or the Actavis

Guarantors fail to timely cure the default by paying the entire unpaid balance of the Settlement

Amount within fifteen (15) days after receipt of written notice of the default.  If Actavis defaults

in the payment of any installment, and Actavis or the Actavis Guarantors fail to timely cure after

receiving written notice of the default Plaintiffs may immediately and without further notice file this Verified Petition and the Power of Attorney, appear in the Travis County district court and present the Final Judgment for entry, and take all lawful actions they deem appropriate to enforce and collect the Final Judgment.

8.     Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., each agree to submit to the jurisdiction of the Texas courts and any other state and federal courts in any proceeding to enforce the Final Judgment.

9.     Pursuant to the Agreement, Plaintiffs will credit against the Confessed Judgment Amount any installment payment made prior to an uncured default, and upon presentation of the Final Judgment to the court for entry will attest to the amount of the credit against the judgment amount, if any, to which Actavis is entitled, by affidavit of Winter or his designee attached to, and incorporated in, the Final Judgment.

10.     Pursuant to the Agreement, Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., confess judgment jointly and severally in the amount of $45,500,000 (less credit for any installment payment made by or on behalf of Actavis prior to any uncured default as attested to by Winter or his designee pursuant to the paragraph above), plus post-judgment interest at the rate of 10% compounded annually from the date of judgment until paid.

## Request for relief

11.     Plaintiffs and Actavis request that the Court enter judgment against Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., in accordance with the Agreement and the Final Judgment.

Respectfully submitted,

RATLIFF LAW FIRM, PLLC
Shannon H. Ratliff (State Bar No. 16573000)
Michael L. Navarre (State Bar No. 00792711)
600 Congress Avenue, Suite 3100
Austin, Texas 78701
Tel: (512) 493-9600
Fax: (512) 493-9625
**Crowell & Moring LLP**
Keith J. Harrison (admitted *pro hac vice*)
George D. Ruttinger (admitted *pro hac vice*)
Aryeh S. Portnoy (admitted *pro hac vice*)
1001 Pennsylvania Ave., NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Actavis Mid Atlantic, LLC,
Actavis Elizabeth LLC, and Actavis Inc.

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
State Bar No. 21791950
Chief, Civil Medicaid Fraud Division
(512) 936-1709 direct dial
CYNTHIA O'KEEFFE
State Bar No. 08505000
Deputy Chief, Civil Medicaid Fraud Division
(512) 936-1304 direct dial

MARGARET MOORE
State Bar No. 14360050
(512) 936-1319 direct dial
DREW WRIGHT
State Bar No. 00789965
(512) 936-1486 direct dial
CELESTE B KEMPER
State Bar No. 24060082
(512) 936-1410 direct dial
MARK G.EINFALT
State Bar No. 06502452
(512) 936-1703 direct dial
DAMON T. ONG
State Bar No. 24065846
(512) 936-6615 direct dial
MATTHEW MILLER
State Bar No. 24051959
(512) 936-1420 direct dial
Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 499-0712 fax

Attorneys for the State of Texas

JOHN E. CLARK
State Bar No. 04287000
RAND J. RIKLIN
State Bar No. 16924275
Goode Casseb Jones
Riklin Choate & Watson
2122 North Main Avenue
P.O. Box 120480
San Antonio, Texas 78212-9680
(210) 733-6030
(210) 733-0330 (FAX)

C. JARRETT ANDERSON
Anderson LLC
State Bar No. 00796124

823 Congress, Suite 800
Austin, Texas 78701
(512) 469-9191
(512) 532-0585 (FAX)

JAMES J. BREEN
Florida Bar No. 297178
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
(954) 874-1635
(954) 874-1705 (FAX)
GARY M. GROSSENBACHER
State Bar No. 24008972
Attorney at Law
402 Vale St.
Rollingwood, Texas 78746
(512) 699-5436

GLENN MACTAGGART
State Bar No. 12787680
KEVIN M. YOUNG
State Bar No. 22199700
Prichard Hawkins McFarland & Young
10101 Reunion Pl, Suite 600
San Antonio, TX 78216
(210) 477-7419
(210) 477-7469 (FAX)
LARRY BLACK
State Bar No. 02384300
7039 Comanche Trail
Austin, Texas 78732
(512) 402-1745
(512) 857-0556 (FAX)

Attorneys for Ven-A-Care of the Florida Keys, Inc.

## VERIFICATION

STATE OF TEXAS                              §
                                           §
                                           §
COUNTY OF TRAVIS                           §

Before me, the undersigned authority, on this day personally appeared Raymond C. Winter, who by me duly sworn, upon his oath stated that he is Chief, Civil Medicaid Fraud Division, Office of the Attorney General of Texas, and counsel for the State of Texas in this action; he has read the foregoing Verified Petition for Confession of Judgment, and that the statements of fact contained in paragraphs 1, 2, and 4 – 9 are within his personal knowledge and are true and correct.

_____
Raymond C. Winter

SUBSCRIBED AND SWORN before me on _____, 2011.

_____
Notary Public, State of Texas

**VERIFICATION**

STATE OF TEXAS                                  §
                                                §
                                                §
COUNTY OF TRAVIS                                §

   Before me, the undersigned authority, on this day personally appeared C. Jarrett

Anderson, who by me duly sworn, upon his oath stated that he is counsel for Ven-A-Care of the

Florida Keys, Inc. in this action; he has read the foregoing Verified Petition for Confession of

Judgment, and that the statements of fact contained in paragraphs 1, 2, and 4 – 9 are within his

personal knowledge and are true and correct.


        _____
        C. Jarrett Anderson


SUBSCRIBED AND SWORN before me on _____ _____, 2011.


        _____
        Notary Public, State of Texas

## VERIFICATION

STATE OF NEW JERSEY          §
                            §
                            §
COUNTY OF MORRIS            §

Before me, the undersigned authority, on this day personally appeared Douglas Boothe, who by me duly sworn, upon his oath stated that he is the President and CEO of Actavis Mid Atlantic LLC, Actavis Elizabeth LLC, and Actavis Inc.; he has read the foregoing Verified Petition for Confession of Judgment, and that the statements of fact contained in paragraphs 1 – 8 and 10 are within his personal knowledge and are true and correct.

_____
Douglas Boothe

SUBSCRIBED AND SWORN before me on __December   9__, 2011.

_____
Notary Public, State of New Jersey



CAUSE NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS and<br>VEN-A-CARE OF THE FLORIDA<br>KEYS, INC., | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| ACTAVIS MID ATLANTIC LLC,<br>ACTAVIS ELIZABETH LLC, and<br>ACTAVIS INC., | §<br>§<br>§ | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## SPECIAL POWER OF ATTORNEY

I, Douglas Boothe, as President and CEO of Actavis Mid Atlantic LLC, Actavis Elizabeth

LLC, and Actavis Inc., and on behalf of said companies, which are located in Morristown, Morris

County, New Jersey, appoint Raymond C. Winter, Chief, Civil Medicaid Fraud Division, Office

of the Attorney General of Texas, P.O. Box 12548, Austin, Travis County, Texas 78711-2548,

my true and lawful agent and attorney-in-fact.

The attorney-in-fact appointed by this document has the following powers only:

      1.      to file with the Travis County District Clerk the foregoing Verified Petition for

Confession of Judgment ("Verified Petition") and this Special Power of Attorney; and

      2.      to confess judgment on behalf of Actavis Mid Atlantic LLC, Actavis Elizabeth

LLC, and Actavis Inc., jointly and severally, in the amount of $45,500,000 (less credit for any

installment payment made by or on behalf of Actavis prior to an uncured default), plus post-

judgment interest at the rate of 10% compounded annually from the date of judgment until paid;

and

      3.     to appear in the district court of Travis County and present the judgment (with an attached affidavit attesting to the amount of the credit against the judgment amount, if any, to which Actavis is entitled) for entry.

      The attorney-in-fact appointed by this document has the power and authority to do and perform every act necessary and proper to be done in the exercise of any of the powers described above, as fully as I might or could do if personally present.

      The attorney-in-fact appointed by this document has full and complete power to delegate or substitute any Assistant Attorney General for the State of Texas for the performance of any act necessary and proper to be done or in the exercise of any of the powers described above.

      This power of attorney shall be effective upon execution and will continue in effect until the Settlement Amount or the Confessed Judgment Amount (as defined in the Verified Petition), as applicable, has been fully paid in accordance with the terms of the Agreement.

      I agree that any third party who receives a copy of this document may act under it. Revocation of this power of attorney is not effective as to a third party until the third party receives actual notice of the revocation.

      Signed on: December, 9, 2011.

Douglas Boothe, President, CEO, and authorized
representative of Actavis Mid Atlantic LLC,
Actavis Elizabeth LLC, and Actavis Inc.

**Acknowledgment**

STATE OF NEW JERSEY                    §
                                       §
COUNTY OF MORRIS                       §

    BEFORE ME, the undersigned authority, on this day personally appeared Douglas Boothe, in his capacity as President and CEO of Actavis Mid Atlantic LLC, Actavis Elizabeth LLC, and Actavis Inc., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

    Given under my hand and seal of office this 9 day of December 2011.

Notary Public, State of New Jersey




CAUSE NO. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS and | § | IN THE DISTRICT COURT |
| VEN-A-CARE OF THE FLORIDA | § | |
| KEYS, INC., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| ACTAVIS MID ATLANTIC LLC, | § | |
| ACTAVIS ELIZABETH LLC, and | § | |
| ACTAVIS INC., | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## FINAL JUDGMENT

On this date came on to be heard the Verified Petition for Confession of Judgment ("Verified Petition") filed by Plaintiffs and judgment creditors, The State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs"), and defendants and judgment debtors, Actavis Mid Atlantic LLC ("Actavis Mid Atlantic"), Actavis Elizabeth LLC ("Actavis Elizabeth"), and Actavis Inc. (collectively, "Actavis"), pursuant to Rule 314, Texas Rules of Civil Procedure. Plaintiffs appeared by and through their respective attorneys of record. Defendants appeared by and through their duly appointed attorney-in-fact, pursuant to the Special Power of Attorney ("Power of Attorney") filed with the Verified Petition. A record of the proceedings was made with the consent of the Court.

After examining the Verified Petition and Power of Attorney and hearing the evidence and argument of counsel, the Court finds as follows:

1.  Plaintiffs and defendants, Actavis Mid Atlantic and Actavis Elizabeth, were parties in an action styled *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Alpharma USPD, et al.*, Cause No. D-1-GV-08-001566, in the 419th

Exhibit 14

Judicial District Court, Travis County, Texas ("underlying litigation"). In the underlying litigation Plaintiffs alleged that Actavis Mid Atlantic and Actavis Elizabeth knowingly set, reported and/or maintained, or caused to be set, reported and/or maintained, false, fraudulent and/or inflated prices for certain of their generic drug products, including prices Actavis Mid Atlantic and Actavis Elizabeth reported to Texas, which were used by the Texas Vendor Drug Program ("VDP") to establish reimbursement rates, and that they submitted or caused to be submitted false claims to VDP based on the reported prices, and thereby committed multiple unlawful acts under the Texas Medicaid Fraud Prevention Act.

2.  The underlying litigation went to trial on or about January 10, 2011, and resulted in a verdict for the Plaintiffs on or about February 1, 2011. On March 21, 2011, the trial court signed a judgment against Actavis Mid Atlantic and Actavis Elizabeth for a total amount of more than $180 million ("underlying judgment").

3.  Actavis Inc. is the parent corporation of Actavis Mid Atlantic and Actavis Elizabeth.

4.  Plaintiffs and Actavis entered into a settlement agreement resolving all disputes between them, including resolution of the underlying judgment ("Agreement"). The settlement agreement provides that Actavis will pay Plaintiffs the total sum of $84 million ("Settlement Amount") in four installments consisting of an initial payment followed by three annual installment payments over a period of up to three years.

5.  To secure payment of the Settlement Amount, Actavis Group hf., the indirect parent of Actavis Inc., and Actavis Group PTC ehf., the direct parent of Actavis Inc. (collectively, the "Actavis Guarantors"), have unconditionally guaranteed payment of the Settlement Amount in accordance with the terms of the Agreement.

6.  To further secure payment of the Settlement Amount, Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., have agreed to confess judgment jointly and severally in the amount of $45,500,000 (the Settlement Amount less the initial payment of $38.5 million) plus post-judgment interest at the rate of 10% compounded annually from the date of judgment until paid ("debt" or "Confessed Judgment Amount").

7.  The Agreement further provides that in the event of a default in the payment of any settlement installment and the failure by Actavis or the Actavis Guarantors to timely cure the default within 15 days after receipt of notice of the default in accordance with the terms of the Agreement, the entire unpaid balance of the Settlement Amount shall immediately and without further notice to Actavis

become due with 10% annual interest accruing on the entire unpaid balance from the date of default.

8.  In accordance with the terms of the Agreement, Plaintiffs have agreed to credit against the Judgment Amount any installment payment made prior to an uncured default.

9.  The Verified Petition and Power of Attorney comply with the requirements of Rule 314, Texas Rules of Civil Procedure, entitled "Confession of Judgment."

10. The Power of Attorney duly appoints Assistant Attorney General Raymond C. Winter, or his designee, as the attorney-in-fact for defendants and judgment debtors, Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., and grants the attorney-in-fact the following powers:

    (a)  to file with the Travis County District Clerk the Verified Petition and Power of Attorney;

    (b)  to confess judgment on behalf of Actavis Mid Atlantic LLC, Actavis Elizabeth LLC, and Actavis Inc., jointly and severally, in the amount of $45,500,000 (less credit for any installment payment made by or on behalf of Actavis prior to an uncured default), plus post-judgment interest at the rate of 10% compounded annually from the date of judgment until paid; and

    (c)  to appear in the district court of Travis County and present the judgment (with attached affidavit attesting to the amount of the credit against the judgment amount, if any, to which Actavis is entitled) for entry.

11. Pursuant to the Verified Petition and Power of Attorney, Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., have confessed judgment as follows: in favor of Plaintiffs and against Actavis Mid Atlantic, Actavis Elizabeth, and Actavis Inc., jointly and severally in the amount of $45,500,000 million (less credit for any installment payment made by or on behalf of Actavis prior to any uncured default as set forth in the attached Affidavit of Raymond C. Winter or his designee), plus post-judgment interest at the rate of 10% compounded annually from the date of judgment until paid.

12. Plaintiffs and Actavis have attested to the justness of the debt.

It is therefore ordered that Plaintiffs have judgment against Actavis Mid Atlantic LLC,

Actavis Elizabeth LLC, and Actavis Inc., jointly and severally in the amount of $45,500,000 (less

credit for any installment payment made by or on behalf of Actavis prior to any uncured default as set forth in the attached Affidavit of Raymond C. Winter or his designee).

It is further ordered that the amount of the judgment will bear interest at the rate of 10% compounded annually from the date of judgment until paid.

It is further ordered that all writs and processes for the enforcement and collection of this judgment may issue as necessary.

It is further ordered that all relief requested in this case and not expressly granted is denied.  This judgment finally disposes of all parties and claims.

Signed this _____ day of _____, 201_.


_____
**JUDGE PRESIDING**

APPROVED AS TO FORM AND SUBSTANCE:

Mark G. Busfalt
Attorney for the State of Texas

C. Jarrett Anderson
Attorney for Ven-A-Care of the Florida Keys, Inc.

Shannon H. Ratliff
Attorney for Actavis Mid Atlantic LLC,
Actavis Elizabeth LLC, and Actavis Inc.

Douglas Boothe
President, CEO, and authorized representative of
Actavis Mid Atlantic LLC, Actavis Elizabeth LLC,
and Actavis Inc.

**Lender Consent Request Letter**

To:    Deutsche Bank AG, London Branch as agent under the Senior Facilities Agreement, the PIK Facility Agreement and the Subordinated Facility Agreement (each as defined below) (the "**Agent**")
Winchester House
1 Great Winchester Street
London EC2N 2DB

7 December 2011

Dear Sirs

**Actavis Equity S.à.r.l. (the "Obligors' Agent") — Consent Request relating to Texas AWP Litigation Settlement (herein defined)**

**PART A: INTRODUCTION**

1.    We refer to the senior facilities agreement dated 14 September 2007 (as amended, novated, supplemented, extended or restated from time to time (the "**Senior Facilities Agreement**")), the PIK facility agreement dated 20 July 2010 (as amended, novated, supplemented, extended or restated from time to time (the "**PIK Facility Agreement**")) and the original PIK loan credit agreement dated 14 September 2007 (as amended, novated, supplemented, extended or restated from time to time (the "**Subordinated Facility Agreement**" and together with the Senior Facilities Agreement and the PIK Facility Agreement, the "**Facility Agreements**")).

2.    We write to you in your capacity as Agent under each of the Facility Agreements and the other Finance Documents, in our role as agent to each Obligor (other than the Excluded Entities (as defined in the Intercreditor Agreement)) pursuant to clause 31 (*Appointment of Obligors' Agent*) of the Intercreditor Agreement.

3.    Each of LLC "Actavis" and Actavis İlaçlari A.Ş., as Excluded Entities, has executed this letter separately to confirm its agreement with the requests made by the Obligors' Agent and to confirm its agreement with the provisions set out in this letter.

**PART B: CONSENT REQUEST**

4.    We attach as Appendix 1 the proposed terms of a settlement and release agreement (the "**Settlement Agreement**") between certain members of the Group and each of the State of Texas, Ven-A-Care of the Florida Keys, Inc., and Thomas Suehs in his official capacity as Executive Director of the Texas Health and Human Services Commission relating to average wholesale pricing (the "**Texas AWP Litigation Settlement**"). Pursuant to the terms of the

1

mm

Settlement Agreement, Actavis Inc. is party to the Settlement Agreement and therefore obligor of the payment obligations of other members of the Group who are parties to the Settlement Agreement.   Finally, each of Actavis Group hf. and Actavis Group PTC ehf. is required to provide a guarantee for the performance of the payment obligations of other members of the Group in connection with the settlement payments due from time to time under the Texas AWP Litigation Settlement (the "Texas AWP Settlement Guaranty") and certain costs and expenses relating thereto.   The Texas AWP Settlement Guaranty is contained in a letter attached hereto as Appendix 2.

5.      Pursuant to Clause 27.19(a) (*No Guarantees or Indemnities*) of each of the Facility Agreements, no member of the Group is permitted to incur or allow to remain outstanding any guarantee in respect of any obligation of any person unless it is a Permitted Guarantee.   The Texas AWP Settlement Guaranty is not a Permitted Guaranty.

6.      Accordingly, the Obligors' Agent requests that the Majority Lenders under each of the Facility Agreements consent to the following arrangements in connection with the Texas AWP Litigation Settlement:

(a)     Actavis Inc. being party to the Settlement Agreement in the form attached hereto and making payments described in paragraphs III(5) and III(11) of the Settlement Agreement and the granting of the Texas AWP Settlement Guaranty by each of Actavis Group hf. and Actavis Group PTC ehf. on the terms set out in the Texas AWP Settlement Guaranty in the form attached hereto;

(b)     the drawing by any member of the Group of funds from any bank accounts which are secured pursuant to any Transaction Security Document for the purposes of funding the settlement payments in the amounts and on the terms described in paragraphs III(5) and III(11) of the Settlement Agreement in the form attached hereto; and

(c)     the disclosure of this letter signed on behalf of the Majority Lenders to each of the State of Texas, Ven-A-Care of the Florida Keys Inc., Thomas Suehs in his official capacity as Executive Director of the Texas Health and Human Services Commission, and the United States.

## PART C: MISCELLANEOUS

7.      The Obligors' Agent hereby undertakes to notify the Agent immediately if any notice of default by Actavis Inc. under the Texas AWP Litigation Settlement is received by the parties to the Texas AWP Settlement Guaranty.

8.      Each of the Agent and the Obligors' Agent designates this letter as a Finance Document for the purposes of the Facility Agreements.

9.      This letter and any non-contractual obligations arising out of or in connection with it shall be governed by and construed in accordance with English law.

10.   Save as expressly provided in this letter, the Facility Agreements remain and shall continue in full force and effect. The consents given under this letter shall not be (nor deemed to be) a waiver of any other provision or condition of any Finance Document.

11.   As the Obligors' Agent pursuant to clause 31 (*Appointment of Obligors' Agent*) of the Intercreditor Agreement, we consent to the terms set out in this letter and confirm that the guarantee contained in clause 23 (*Guarantee and Indemnity*) of each Facility Agreement remains and will continue in full force and effect notwithstanding the consents requested herein.

12.   This letter may be executed in any number of counterparts, and has the same effect as if the signatures on the counterparts were on a single copy of this letter.

Yours faithfully

......................................................          ......................................................

for and on behalf of
**Actavis Equity S.à.r.l.**
on behalf of itself and in its capacity as the Obligors' Agent


......................................................

for and on behalf of
**LLC "Actavis"**
on its own behalf


......................................................

for and on behalf of
**Actavis İlaçlari A.Ş.**
on its own behalf

10.  Save as expressly provided in this letter, the Facility Agreements remain and shall continue in full force and effect. The consents given under this letter shall not be (nor deemed to be) a waiver of any other provision or condition of any Finance Document.

11.  As the Obligors' Agent pursuant to clause 31 (*Appointment of Obligors' Agent*) of the Intercreditor Agreement, we consent to the terms set out in this letter and confirm that the guarantee contained in clause 23 (*Guarantee and Indemnity*) of each Facility Agreement remains and will continue in full force and effect notwithstanding the consents requested herein.

12.  This letter may be executed in any number of counterparts, and has the same effect as if the signatures on the counterparts were on a single copy of this letter.


Yours faithfully


.................................................

for and on behalf of
**Actavis Equity S.à.r.l.**
on behalf of itself and in its capacity as the Obligors' Agent



.................................................

for and on behalf of
**LLC "Actavis"**
on its own behalf



.................................................

for and on behalf of
**Actavis İlaçlari A.Ş.**
on its own behalf

10. Save as expressly provided in this letter, the Facility Agreements remain and shall continue in full force and effect. The consents given under this letter shall not be (nor deemed to be) a waiver of any other provision or condition of any Finance Document.

11. As the Obligors' Agent pursuant to clause 31 (*Appointment of Obligors' Agent*) of the Intercreditor Agreement, we consent to the terms set out in this letter and confirm that the guarantee contained in clause 23 (*Guarantee and Indemnity*) of each Facility Agreement remains and will continue in full force and effect notwithstanding the consents requested herein.

12. This letter may be executed in any number of counterparts, and has the same effect as if the signatures on the counterparts were on a single copy of this letter.

Yours faithfully

...............................................        .................................................

for and on behalf of
**Actavis Equity S.à.r.l.**
on behalf of itself and in its capacity as the Obligors' Agent

.......................... ( G. Chudakov )

for and on behalf of
**LLC "Actavis"**
on its own behalf

...............................................

for and on behalf of
**Actavis İlaçları A.Ş.**
on its own behalf

3

**Confirmation of Consent**

We hereby confirm that we have received the Majority Lenders' consent to and we agree to the consents set out in Part B of this letter.

**Deutsche Bank AG, London Branch**
in its capacity as Agent under the
Senior Facilities Agreement

7 /12/ 2011
Notification Date

**Deutsche Bank AG, London Branch**
in its capacity as PIK Facility Agent
under the PIK Facility Agreement

7 /12/ 2011
Notification Date

**Deutsche Bank AG, London Branch**
in its capacity as Subordinated Facility Agent
under the Subordinated Facility Agreement

7 /12/ 2011
Notification Date

**EXHIBIT C TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CLAIMS PURSUANT TO**
**31 U.S.C. § 3730 (b) (1)**
**(Proposed Order of Dismissal With Prejudice)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Master File No. 01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| ——————————————— | ) | Civil Action No. 08-cv-10852 |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF ACTION
## AGAINST ACTAVIS DEFENDANTS

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the federal False Claims Act, Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator")

and Alpharma Inc., Alpharma USPD Inc., f/k/a Barre-National, Inc., Barre Parent Corp., and

Actavis Mid Atlantic LLC (together referred to herein as the "Actavis Defendants") (Actavis

Defendants together with Relator, collectively the "Parties") filed with this Court, a Stipulation

of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims against

Actavis. The Parties have submitted, as **Exhibit 1** to their Stipulation, the Written Consent of

the United States pursuant to 31 U.S.C. § 3730 (b) (1) ("the U.S. Written Consent"), the

Settlement Agreement and Release between the Relator, the State of Florida, the State of Iowa,

the State of South Carolina, the New York Plaintiffs and the Actavis Defendants ("the Multi-

State Settlement Agreement") (attached to the U.S. Written Consent as **Exhibit A**) and the

Settlement Agreement and Release between the Relator, the State of Texas and the Actavis

Defendants ("the Texas Settlement Agreement") (attached to the U.S. Written Consent as

**Exhibit B**).  Upon due consideration of the Stipulation, the Multi-State Settlement Agreement and the Texas Settlement Agreement, the U.S. Written Consent, the lack of objection to the proposed Settlements, and the Court's determination that the Settlement Amounts appear to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlements.

WHEREFORE, IT IS ORDERED, that

1.       Consistent with the terms of, and as limited by, the Multi-State Settlement Agreement and the Texas Settlement Agreement, the above-captioned Civil Action is dismissed with prejudice as to the Actavis Defendants.

2.       This Order resolves all claims against the Actavis Defendants for the federal share of Medicaid program payments encompassed by the above-captioned Civil Action.  This Order shall in no way prejudice or limit any claims for a state's share and shall be without prejudice to the right of the United States to recover from the State of Kentucky or any of its agencies based on any prior settlement between Actavis and the State of Kentucky.

3.       Except as specified in the Multi-State Settlement Agreement and the Texas Settlement Agreement, each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.       The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.

_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE