UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |
| This Document Relates to:<br>ALL ACTIONS | |

MEMORANDUM OF LAW
IN SUPPOUT OF
CO-LEAD COUNSEL, HOFFMAN & EDELSON, LLC'S EX PARTE MOTION
PURSUANT TO FED. R. CIV. PROC. 23(h) TO STAY CO-LEAD COUNSEL'S
DISTRIBUTION OF FEES WITH REGARD TO THE CLASS SETTLEMENTS

**Introduction:**

The four Co-Lead Counsel in this case, Hagens Berman Sobol Shapiro LLP, Hoffman & Edelson, LLC, Wexler Wallace LLP and Spector Roseman Kodroff & Willis, P.C. have been ordered by this Court to be responsible for allocating attorney's fees and expense awards in the above-captioned litigation. The prior distribution of attorney's fees, that in relation to the fee awarded to class plaintiffs as a result of the GSK settlement, resulted in objections by co-counsel, Kenneth M. Williams, who disputed his allocation of fees. Upon resolution of his dispute, and the subsequent Notice of Withdrawal (Docket No. 5751) and Withdrawal of Supplemental Motion for Attorney's Fees and Court Review of Lead Counsel's Allocation of GSK Fee Award (Docket No. 5644), the Court Ordered "Williams shall inform the Court whether it receives additional attorney's fees and expenses and how much. It is important that the award of attorney's fees by lead counsel be transparent and fair."

1

The Court further ordered that future fee allocations would be reviewed for abuse of discretion.

In response to the Court's Order, on January 9, 2009, Hagens Berman filed with the Court "Class Counsel's Proposed Future Fee Allocations Guidelines" by which the firm represented to the Court that it would implement "fair and transparent" guidelines with regard to future fee allocations.

However, on December 28, 2011, without first consulting with this firm, Hoffman & Edelson, LLC learned that a fee distribution was planned for today, December 29, 2011. Given Hagens Berman's prior representations, the proposed plan of distribution is unacceptable. In fact as more fully discussed in The Declaration of Marc H. Edelson filed concurrently, most Tier 3 Firms are receiving upwards of 50% of their outstanding lodestar (as is Hagens Berman), yet Hoffman & Edelson, LLC is only receiving 28%. In fact, that is the lowest payment percentage of ANY firm. The amount of the fee allocated to Hoffman & Edelson, LLC is disproportionately and significantly smaller than the amount allocated to the other Co-Lead firms. Additionally, even though Hoffman & Edelson, LLC is one of the Co-Lead firms designated by the Court to determine division of fees, and is the sole firm responsible for maintaining lodestar and expense records for each of the firms in this litigation, there was no prior consultation with this firm regarding the amounts that should be paid to any of the firms. Until December 28, 2011, there was not a single discussion by any of the remaining Co-Lead firms that any fee allocation was planned for 2011. Clearly, the fee allocation process here is not "fair and transparent." Nor has it been approved or accepted by all of the firms required to be involved in the process.

The proposed distribution allocates far less to Hoffman & Edelson, LLC both in terms of percentage of lodestar and real dollars, than it does to other firms whose investment in time, firm resources and dollars have been far less significant than that of Hoffman & Edelson, LLC.

**Factual Background:**

Hoffman & Edelson, LLC is one of the original co-lead counsel appointed by this Court and has made significant and material contributions to this case from the outset.

During the past several months as this case has wound down, Hoffman & Edelson, LLC, which has been tasked with time keeping, has been in continuous contact with the other co-lead firms with regard to time and expense keeping matters. At no time was there ever a discussion of allocation of fees other than that firms would receive their lodestar (some Tier III firms had their time adjusted for time that was deemed extraneous) and that there would be a slight multiple for Co-Lead counsel. No specific numbers were ever discussed.

Yesterday, for the first time, Hoffman & Edelson, LLC learned, as a result of an email from Gary Beisheim, CPA, controller for the Hagens Berman firm, that an attorney's fee distribution was planned. Immediately, this firm contacted Mr. Beisheim to learn what the distribution amount was and how it was calculated. Mr. Beisheim only offered that Sean Matt calculated the methodology for distribution. Three emails were sent to Mr. Matt, the last of which copied the other Co-Leads as well. No response was forthcoming until this morning. As detailed further in the Declaration of Marc H. Edeslon filed herewith, it is clear that the allocation is not transparent and fair, it is in fact worse than the allocation paid as part of the GSK settlement, and which this Court

3

previously determined was unacceptable. Further, it is not made in accordance with the "Class Counsel's Proposed Future Fee Allocations Guidelines." Based on the amount allocated to Hoffman & Edelson, LLC, it is apparent that it is disproportionately less than the other Co-Leads are receiving. See Declaration of Marc H. Edelson, at ¶¶ 8 – 9. In order to ensure that fees are transparent and fair, the allocation must be stayed pending a review and discussion to ensure that each co-lead and each non-lead firm is receiving its fair share.

**Facts:**

Hoffman & Edelson, LLC has contributed to every phase of the AWP litigation, from the initial investigations and filings, through consolidation, motion practice and discovery, through the Track I trial, and beyond. Hoffman & Edelson, LLC has shouldered its fair share of the burden of representing the plaintiffs' class and faced the same risks as have other Co-Lead counsel. Hoffman & Edelson, LLC continued to vigorously litigate and fund the case long after other co-lead counsel firms limited or terminated entirely their participation.

Hoffman & Edelson, LLC was one of the very early firms to challenge the pharmaceutical industry's pricing practices. In 2001, Hoffman & Edelson filed its first complaint, alleging that pharmaceutical manufacturers fraudulently inflated AWP prices, and that the practice constituted violations of Sherman Act, RICO, and consumer fraud statutes. In all, Hoffman & Edelson, LLC filed eleven complaints in state and federal courts against twelve manufacturers.

After consolidation, this firm dedicated its staff to litigating the AWP issues. The firm's participation included preparing substantive motions and briefings, participating in

4

discovery and case management conferences, drafting the discovery plan, and conducting third party discovery. See Declaration of Marc H. Edelson, at ¶¶20 - 25.

Hoffman & Edelson, LLC completed discovery of multiple Track 1 and 2 defendants, including Bayer, J&J, Watson, BMS, Apothecon, OTN, Dey, Sicor, and Genesia. Id. at ¶¶20, 24, 25. Hoffman & Edelson, LLC filed and defended motions for summary judgment, and assisted in the Track 1 trial preparation. Id. at ¶22. Hoffman & Edelson, LLC actively participated in the mediations with multiple defendants. Id. at ¶18. Hoffman & Edelson, LLC contributed to the litigation fund as requested and has shared equally in all assessments.

In fact, Hoffman & Edelson, LLC ranks third among all class plaintiffs firms, in terms of hours expended and lodestar. Id. at ¶¶ 8, 9. Hoffman & Edelson, LLC continued to participate, and contribute, when other, larger firms, such as Heins Mills & Olson, Kline & Spector, Millberg, Lieff Cabraser and Cohen Millstein and other firms limited or curtailed their participation or dropped out of the case altogether.

**Argument:**

Pursuant to Fed. R. Civ. Proc. 23(h), the court has the authority to award reasonable attorney's fees in class action litigations. Additionally, the court has an independent duty to ensure that attorneys' fees are reasonable and divided up fairly among plaintiffs' counsel. Manual for Complex Litigation § 14.211 (4th ed. 2004). *See also, High Sulphur Content Gasoline Prods. Litig.*, 517 F.3d 220, 227 – 230 (5th Cir. 2008). "Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process." Fed.R.Civ.P. 23(h) Advisory Committee Note.

In considering fee awards, this Court examines "a number of factors to determine whether an award of attorneys' fees and costs is reasonable." *Professional Services Group, Inc. v. Town of Rockland*, 2008 WL 1924996, *1 (D. Mass., 2008) (citations omitted).

> Specifically, the Court should consider: (1) the nature of the case and the issues presented; (2) the time and labor required; (3) the amount of damages involved; (4) the result obtained; (5) the experience, reputation, and ability of the attorney; (6) the usual price charged for similar services by other attorneys in the same area; and (7) the amount of awards in similar cases.

*Id.* (citations omitted).

This Court has previously noted that "as *In re Thirteen Appeals* makes clear, any determination [the Court] make[s] as to [fee] allocation must have some basis. *Government Employees Hosp. Ass'n v. Serono Intern., S.A.*, 246 F.R.D. 93, 98 (D.Mass. 2007).

As evidenced by the Declaration of Marc H. Edelson, it is clear that there is no reasonable basis for the fee allocations here.

**Conclusion:**

For all the foregoing reasons, Hoffman & Edelson, LLC requests that the Court grant its Motion in its entirety.

Respectfully submitted,

/s/ Marc H. Edelson
Marc H. Edelson
Hoffman & Edelson, LLC
45 West Court Street
Doylestown, PA 18901
(215) 230-8043
(215) 230-8735 (fax)
medelson@edelson-law.com