UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File: 1:01-CV-12257-PBS<br>Sub-Category: 1:06-CV-11883-PBS |
| THIS DOCUMENT RELATES TO: | Hon. Patti B. Saris |
| *State of South Carolina v. Abbott Laboratories, Inc.*<br> *– State Medicaid Case* | |

**MOTION ON BEHALF OF THE STATE OF SOUTH CAROLINA FOR A SUGGESTION TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF REMAND OF THIS ACTION TO THE DISTRICT OF SOUTH CAROLINA**

Plaintiff State of South Carolina hereby moves this Court pursuant to 28 U.S.C. § 1407(a) and Rule 7.6 of the Judicial Panel on Multidistrict Litigation (the "Judicial Panel") for a recommendation that this action be remanded to the District Court of South Carolina, Columbia Division, the originating transferor court. Plaintiffs submit that remand is appropriate at this time because substantial discovery in this action has been completed, the case will derive no additional benefit from continued coordination in the MDL 1456, and the few remaining pretrial matters are South Carolina law or case specific and best addressed by the trial court.

## PROCEDURAL HISTORY

The State of South Carolina originally filed its complaint in the Richland County Court of Common Pleas of the State of South Carolina against Abbott Laboratories, Inc., in 2006. After the Defendant filed a Notice of Removal on September 6, 2006, the case was transferred to the United States District Court for the District of South Carolina. From there, the case was

transferred as part of the Multi District Litigation (MDL) before the Honorable Patti B. Saris on October 20, 2006.

## LEGAL ARGUMENT

Plaintiff believes the most expeditious path for resolution of this case is for it to be remanded to the transferor court for the conclusion of the few remaining pretrial proceedings and trial. This case has benefited greatly from the efficiencies of coordinated proceedings in MDL 1456, but there are few, if any, benefits from continued, coordinated proceedings, and the time has come for this case to proceed on its own course to trial in the transferor court.

As noted above, this case was transferred from South Carolina district court by the JPML to this Court for coordinated pretrial proceedings as part of MDL 1456. For coordinated cases like this one, the statutory provision governing multi-district transfers directs the JPML to remand such cases "at or before conclusion of such pretrial proceedings." See 28 U.S.C. § 1407 (a)(emphasis added). The determination of precisely when a case should be remanded, however, depends on the circumstances of the particular litigation and rests with the discretion of the JPML. In determining whether to remand a particular case, the primary consideration for the JPML is whether the "case will benfit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone Inc.,* 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001)(citing *In re Air Crash Disaster,* 461 F. Supp. 671, 672-73 (J.P.M.L. 1978)); *see also In re Meerscorp Inc.,* MDL No. 1810, 2007 WL 1827096. at *1 (S.D. Tex. June 22, 2007) (finding that "remand is appropriate unless continued and coordinated trial proceedings will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" (quoting *In re Heritage Bonds Litig.,* 217 F.Supp. 2d 1369, 1370 (J.P.M.L. 2002)).

As part of the analysis, the JPML considers the views of the MDL court: "the [JPML] looks to the transferee court to suggest when it should order remand….[t]he transferee court should consider when remand will best serve the expeditious disposition of the litigation." Federal Judicial Center, Manual for Complex Litigation, § 20.133 (4th Ed. 2004); *see also* Judicial Panel Rule 7.6(c) (directing that the JPML shall consider remand "at or before the conclusion of coordinated or consolidated pretrial proceedings… at the suggestion of the transferee district court.")

A review of the proceedings in this case and the remaining pretrial issues shows that remand is the best course of action at this stage to bring this case to an expeditious resolution. There is only one (1) defendant in this case. Substantial discovery has been completed. No motions are pending before the Court. The case brought by the South Carolina State Health Plan (SHP) against Abbott is currently pending in the South Carolina state court, along with the SHP and Medicaid cases against the six (6) remaining defendants. All discovery motions by Abbott have been filed in the state court proceeding.

The only legal issues that remain in this case are summary judgment and trial-specific motion practice. These motions are best addressed by the transferor (trial) court. This Court previously remanded the Montana and Nevada cases at the same stage, leaving to the transferor (trial) courts the adjudication of summary judgment and trial-specific motions. This course makes eminent sense in this case as well, because it leaves to the transferor court the motions that will shape and define the trial. *See In re: Patenaude,* 210 F.3d 135, 144-45 (3d Cir. 2000) (stating that the Panel "has the discretion to remand a case when everything that remains is case-specific"); *In re Merscope Inc.,* 2007 WL 1827096 at *1 (recommending a remand to the transferor court the motions that will shape and define the trial. *See In re Patenaude,* 210 F.3d

135, 144-45 (3d Cir. 2000) (stating that the Panel "has the discretion to remand a case when everything that remains is case-specific"); *In re Mercorp Inc.,* 2007 WL 1827096 at *1 (recommending a remand to the transferor court "for the convenience of the parties and to promote the just and efficient conduct of the case"); *In re Silica Products Liability Litig.,* 398 F. Supp.2d 563, 668 (S.D. Tex.2005) (recommending remand and reserving pending motions for consideration by the transferor court).

In addition, this case is unlike the other drug pricing cases pending before this Court that have progressed beyond the discovery phase. Unlike the consolidated class action cases that dealt with a number of private, third-party payor health plans, the sole payor in this case is the State of South Carolina's Medicaid program.  Also unlike the actions brought by the United States against Dey, Roxane, and Abbott, this action does not deal with the Medicare program at all and instead focuses on a single state Medicaid program and that state's understanding and expectations concerning the level of drug pricing which would be consistent with efficiency, economy, quality care, and access. Finally, unlike the action by Massachusetts, this action will focus primarily on AWP, not WAC. Therefore the trial court should be permitted to resolve and shape the very specific issues that remain in the case. In short, there are no further efficiencies from continued coordination, and this case should be remanded.

A. **Statute of Limitations Issues.**

Abbott, and the other defendants in the State proceedings, have asserted throughout the litigation the State's claims are barred by the Statute of Limitations, which is 3 years.  Abbott asserts defenses grounded in the limitations period defined under S.C. Code Ann. §39-5-150.  Its arguments rest on claims as to the timing and contact of relator Ven-A-Care's disclosures to

South Carolina, as well as other alleged sources of information supposedly sufficient to put the State on notice for time-bar purposes.

As this Court has previously held, statute of limitations defenses raise fact intensive issues, such that "[t]he Court will have to address the statute of limitations – what the government should have known, and when it should have know it – *drug-by-drug*." *Massachusetts*, 608 F. Supp. 2d at 160 (emphasis added).

**B. Settlement Coordination**

This Court has repeatedly stated its concern that all parties in MDL 1456 (as well as those in related non-MDL litigation make every appropriate effort to pursue a mediated settlement.

South Carolina has reached a negotiated settlement with named Defendants Schering Plough Corporation, Warrick Pharmaceuticals Corporation, Baxter Healthcare, Actavis, Boehringer, Par and Bristol-Myers Squibb. Each of these cases have been settled outside of the instant MDL.

At the hearing held in the State Court on December 14, 2011, the Court instructed the parties to confer and try to reach an agreement on a Mediation of the remaining cases. The Court also indicated it would be inclined to order Mediation if the parties cannot reach an agreement. This lone case should not be excluded from such mediation due to its current placement in the MDL.

In light of the importance which this Court has attached to defining a process toward reaching a mediated resolution of AWP litigation, and in light of the efforts made to date by the parties to the instance case, it would be manifestly productive – and in furtherance of the current momentum toward a mediated settlement – to remand this case to the court of origin.

**CONCLUSION**

For each of the foregoing reasons, Plaintiffs respectfully request that the Court suggest to the Judicial Panel that this case be remanded to the United States District Court of South Carolina.

/s/ William E. Hopkins, Jr.
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, PC**
William E. Hopkins, Jr.
W. Daniel Miles, III
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

HENRY D. McMASTER
Attorney General
JOHN W. McINTOSH
Chief Deputy Attorney General
C. HAVIRD JONES, JR.
Senior Assistant Attorney General
Post Office Box 11549
Columbia, South Carolina  29211
(803) 734-3970

**STROM LAW FIRM, LLC**
J. Preston Strom, Jr.
Mario A. Pacella
2110 Beltline Blvd., Suite A
Columbia, South Carolina 29204
(803) 252-4800

**MIKE KELLY LAW GROUP, LLC**
D. Michael Kelly
Post Office Box 8113
Columbia, South Carolina 29202
(803) 726-0123

**SCHMUTZ & SCHMUTZ**
Joseph Stephen Schumtz
24 Broad Street
Charleston, South Carolina 29401
(843) 577-5530

OF COUNSEL:
**MINER, BARNHILL &GALLAND, PC**
Charles Barnhill
44 East Mifflin Street, Suite 803
Madison, Wisconsin 53703
(608) 255-5200

P. Jeffrey Archibald
1914 Monroe Street
Madison, Wisconsin 53711
(608) 661-8855

## CERTIFICATE OF SERVICE

I, the undersigned employee of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., do hereby certify that on the 3rd day of January, 2012, a true and complete copy of the foregoing was served via electronic service pursuant to the Case Management Order by sending a copy to LexisNexis File & Serve for posting and notification to all counsel of record.

*/s/ William E. Hopkins, Jr.*
William E. Hopkins, Jr.