UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | ) ) ) | MDL No. 1456 |
| | ) | CIVIL ACTION:  01-CV-12257-PBS |
| | ) | Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO: | ) ) | |
| TRACK TWO SETTLEMENT | ) ) | |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF LEAD CLASS COUNSEL'S OPPOSITION TO ADAM LEVY'S MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES AND REIMBURSEMENT OF EXPENSES
TO INCLUDE UNCOUNTED TIME AND EXPENSE**

I, Steve W. Berman, duly declare as follows:

1.      I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington, office, and I am Co-Lead Class Counsel for the plaintiffs in the above-captioned matter.  I submit this declaration in support of Class Counsel's Opposition to Adam Levy's Motion for Modification of Lead Counsel's Allocation of Fees and Reimbursement of Expenses to Include Uncounted Time and Expense.

2.      Attached as Exhibit 1 is a true and correct copy of the April 12, 2010 Affidavit of Donald E. Haviland, Jr. in Support of Award of Attorney's Fees and Reimbursement of Expenses in Relation to Settlements on Behalf of Haviland Hughes, LLC and exhibits thereto that Mr. Haviland provided to Lead Class Counsel.  The reporting attached to Mr. Haviland's Affidavit lists Levy's hours and expenses and includes them in the total amount claimed by Mr. Haviland in the Affidavit.

- 1 -

3.      Adam Levy separately provided us with detailed hourly time records.  Those records appear identical to the records submitted with Mr. Haviland's fee affidavit in Exhibit 1, except that Levy applies a slightly lower rate than that claimed by Mr. Haviland.

4.      Attached as Exhibit 2 is a true and correct copy of the first and last page of Dkt. No. 4658, an August 24, 2007 filing by The Haviland Law Firm, LLC that shows Adam Levy in the signature block for the firm.

5.      Attached as Exhibit 3 is a true and correct copy of the AWP Settlement of Certain Track 2 Objectors' Claims (the "Agreement").  This is the Agreement with Don Haviland under which Lead Class Counsel recently paid Haviland Hughes $1.8 million to completely resolve the objections filed Haviland Hughes's and to satisfy Haviland Hughes's fee and expense claim. The $1.8 million payment was the result of a compromise and is materially less than Haviland Hughes's total MDL lodestar and expenses.  The overriding and guiding concept behind the Haviland Hughes fee settlement embodied in this Agreement was to ensure that Haviland Hughes's claims would be conclusively resolved and to allow the Track Two settlement to go forward.  That is why we insisted on the provision appearing in paragraph 3 that states that the agreement "resolves *all* of Don Haviland's, the Haviland Law Firm's and Haviland Hughes LLC's attorneys' fee and expense claims against all AWP MDL settlement funds, plaintiffs, the Classes and Class Counsel."

6.      The Agreement is silent as to Haviland Hughes employee Adam Levy.  This is because neither Lead Class Counsel nor Haviland Hughes expressly agreed to compensate Levy or to indemnify each other from any claims that Levy may make, even though the amount being negotiated did not include Levy's time.  Lead Class Counsel never agreed to compensate Levy, especially for work that Lead Class Counsel never authorized.  Furthermore, the Agreement

- 2 -

stipulates that Mr. Haviland and his firm may not "advocate for any fees to be paid to anyone else seeking fees, separate and apart from the $1,800,000 awardable to Haviland Hughes, LLC under this agreement." Agreement, ¶ 4. We included this provision in the Agreement so that Haviland Hughes would not later argue that Lead Class Counsel was obligated to compensate Levy out of fees awarded by the Court in the AWP MDL.

7. Levy has asserted that he "functioned on a contingent fee basis" with Haviland Hughes and that he "has not received any payment . . . for the time, expense and work performed in this MDL after August 2006." Dkt. No. 7942 at 4. The existence and/or terms of such an agreement were never disclosed to Lead Class Counsel except through the claims Levy is now making. And Levy knew that his time had previously been reported as part of Haviland Hughes's fee claim. For example, in an email to Sean Matt, a member of Lead Class Counsel Hagens Berman Sobol Shapiro, Levy confirmed that his "Of Counsel time and expense was included in Mr. Haviland's reports to Lead Counsel" and that he was aware of Haviland Hughes's fee reporting (which included Levy's time) in 2008 and 2010.

8. In reviewing Levy's time entries, it is clear that he over-billed the file. Approximately $40,000 of Levy's billed time is attributable to entries in which Levy claims to have "received and reviewed" routine court filings. We do not believe that "received and reviewed" time should be compensated unless specifically authorized by Lead Class Counsel, and Levy's time in this respect was not authorized. Nor have we authorized any non-Lead firm to be compensated for time spent reviewing pleadings. Moreover, a review of Levy's time entries reveals that he often recorded a quarter hour of "received and reviewed" time for voluminous pleadings that Levy could not possibly have read in the quarter hour billed, while other entries reflect billing for a separate quarter hour for each pleading, rather than reviewing

- 3 -

them all at once and charging just one quarter hour fee.  Specific examples are cited in our brief.

Not only is this not a proper way to record time, we do not see how any of these activities were

related to any specific task and added any value to the Classes.  Further, Levy's "received and

reviewed" time was not authorized by Lead Class Counsel.

       9.     There are other concerns with Levy's time entries that, in our considered opinion,

demonstrate that he "padded" his time.  For example, Levy billed nearly $20,000 to draft a

declaration for class member Rebecca Hopkins and assist in preparing her trial testimony.  *See*

Exhibit 1 (Levy time record portion), pp. 1-10.  Levy's work helping prepare Ms. Hopkins' trial

testimony was minor, consisting largely of a number of short telephone calls and emails.  As the

November 7, 2007 trial transcript reveals, Ms. Hopkins trial testimony lasted less than 30

minutes, and her direct examination was conducted by Mr. Haviland and not Levy.  Levy billed

$22,000 working on Joyce Howe's objection to the settlement and the subsequent appeal of the

Court's rejection of the objection.  The First Circuit denied the appeal.  And Levy billed 143.75

hours, at a cost of over $71,000, opposing Lead Class Counsel's motion to quash notices of

deposition that Haviland Hughes served on the class representatives.  Attached as Exhibits 4 and

5 are true and correct copies of the resulting briefs filed by Haviland Hughes.  As even a cursory

review of these briefs reveals, they were not lengthy filings, contain overlapping material and

could not have been difficult to prepare.  That an attorney of any experience level would expend

almost a month working on two simple and overlapping briefs is astounding.  This is "padding"

the bill and should not be compensated.  Apart from the "padding," Levy's "work" did not at all

benefit the Classes, and the Court granted the Motions to Quash.

      I certify under penalty of perjury that the foregoing is true and correct.

- 4 -

001534-16  495214 V1

Executed this 4th day of January, 2012.


           **/s/ Steve W. Berman**
           STEVE W. BERMAN

001534-16  495214 V1

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF LEAD CLASS COUNSEL'S OPPOSITION TO ADAM LEVY'S MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES AND REIMBURSEMENT OF EXPENSESTO INCLUDE UNCOUNTED TIME AND EXPENSE** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 4, 2012, a copy to LexisNexis File & Serve for posting and notification to all parties.


By_____ **/s/ Steve W. Berman**_____
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 8th Avenue, Suite 3300
Seattle, WA  98101
(206) 623-7292

001534-16  495214 V1