# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION:  01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**MEMORANDUM IN SUPPORT OF THE HAVILAND LAW FIRM, LLC'S MOTION FOR APPOINTMENT AS CLASS COUNSEL FOR THE TRACK 2 CONSUMER SUB-CLASSES PURSUANT TO FED.R.CIV.PROC. 23(g).**

**I.     INTRODUCTION**

As part of this Court's determination of the propriety of class certification of the Track 2 cases,[1] The Haviland Law Firm, LLC ("HLF"), hereby files this Memorandum in Support of its pending motion to be appointed Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Specifically, HLF seeks to be appointed Class Counsel for the consumer Sub-Classes in the Track 2 cases – *ie.*, the Class 1 Medicare Beneficiary Sub-Class, and the consumer Sub-Class of Class 3.[2]  To be clear, HLF does not seek to control the entire litigation or to supplant the existing

---

[1]  This Motion is filed as a supplement to the Plaintiff's Motion to Certify Claims with Respect to Track 2 filed on May 8, 2006 ("Motion to Certify Track 2 Claims"), and the following companion pleadings filed in support thereof: Plaintiff's Motion for Leave to Join Harold Bean as a Plaintiff and Proposed Class Representative, filed May 16, 2006 [Docket No. 2581]; Declaration of Donald E. Haviland, Jr. Esquire, in Support of Motion to Certify Class with respect to Track 2 Defendants, filed May 26, 2006 [Docket No. 2615]; Plaintiff's Reply Memo In Support of Motion to Certify Claims with Respect to Track 2 Defendants", filed July 19, 2006 [Docket No. 2889]; Declaration of Donald E. Haviland, Jr. Esquire in Support of Plaintiffs' Response to Track 2 Defendants' Memo re Harold Bean, filed September 5, 2006 [Docket No. 3065]; Class Plaintiffs' Submission of the "Generics Chart" Pursuant to the Oral Request of the Court During the Class Certification Hearing in Connection with Track 2, filed December 21, 2006 [Docket No. 3220].

[2]  As discussed more fully below, HLF respectfully submits that the consumers in Class 3 must be disaggregated from the TPPs in Class 3, and should separately sub-classed within the Class 3 structure.  This is because of the divergent factual circumstances and legal rights and interests of the two groups, made readily apparent by the Class 2/3 trial held last year.    The recent filing by AstraZeneca underscores this point.  *See* Defendant AstraZeneca

IV.   **CONCLUSION**

For the foregoing reasons, The Haviland Law Firm, LLC, respectfully requests that its Motion under Rule 23(g) to be appointed Class Counsel for the consumer Classes 1 and 3 of Track be granted.

Dated:   August 24, 2007                    /s/ Donald E. Haviland, Esquire
                                            Donald E. Haviland, Esquire
                                            Adam S. Levy, Esquire, Of Counsel
                                            Michael J. Lorusso, Esquire
                                            THE HAVILAND LAW FIRM, LLC
                                            740 South Third Street, Third Floor
                                            Philadelphia, PA 19147
                                            Telephone: (215) 609-4661
                                            Facsimile: (215) 392-4400
                                            haviland@havilandlaw.com