# Exhibit 3

**In re Pharmaceutical Industry Average Wholesale Price Litigation**

**AWP Settlement of Certain Track 2 Objectors' Claims**

The undersigned counsel for the parties hereby agree as follows:

1. The below-listed "consumer plaintiffs" (and/or their estates) and their counsel agree to withdraw all pending motions, submissions and/or their objections to the Track 2 settlement or any other order in MDL 1456 and to file a pleading accomplishing such withdrawals on or before August 25, 2011. Such pleading is limited to one page of text (excluding the caption and signature block).

2. Class Counsel agree to support the below-listed consumer plaintiffs' request for incentive awards, the actual amount of which is up to the court and will file such requests on or before September 2, 2011 (provided the consumer plaintiffs supply the necessary information to Class Counsel before September 2, 2011).

3. Class Counsel also agree that Haviland Hughes, LLC, which will be treated as a "Tier II firm" (as set forth in Class Counsel's filings of record), will be paid a total of $1,800,000 out of the attorneys' fee and expense awards in the AWP settlements, as the firm's reasonable lodestar and expenses incurred. This $1,800,000 resolves *all* of Don Haviland's, the Haviland Law Firm's and Haviland Hughes LLC's attorneys' fee and expense claims against all AWP MDL settlement funds, plaintiffs, the Classes and Class Counsel. (Nothing in this agreement is intended to apply to any claims that Don Haviland, the Haviland Law Firm, Haviland Hughes, LLC or Kline & Specter may have in litigation against each other.) The $1,800,000 will be paid on or before September 9, 2011.

4. Don Haviland, the Haviland Law Firm and Haviland Hughes, LLC will not (i) seek any additional fees or expenses in this AWP MDL or in any arbitration or other proceedings beyond the $1,800,000 payment stipulated herein; (ii) seek to delay final approval or the Effective Date of the AWP Track Two settlement; (iii) file any motions, submissions or objections in MDL 1456 including, without limitations, under Fed. R. Civ. P. 59 or 60 with the limited exception of pleadings set forth in paragraph 6 below; (iv) file any appeals of any order in MDL 1456 with the limited exception of pleadings set forth in paragraph 6 below; (v) institute, participate in, or provide assistance of any kind with respect to any appeal on behalf of any person or entity (including a state or any state instrumentality) of any judgment entered in MDL 1456 (with the limited exception of pleadings set forth in paragraph 6 below), and will not serve as counsel to any person or entity that may file an appeal from that judgment; or (vi) advocate for any fees to be paid to anyone else seeking fees, separate and apart from the $1,800,000 awardable to Haviland Hughes, LLC under this agreement.

08/25/2011 13:15 FAX                                                      ☑0003/0003

5.  Don Haviland, the Haviland Law Firm and Haviland Hughes, LLC or the consumer
    plaintiffs will not file any further pleadings in this AWP MDL 1456 (or have anyone file
    any pleadings on his, her or their behalf) except as necessary to withdraw the objections
    and to enforce this agreement and except as specified in paragraph 6 below.

6.  The *only* exception to paragraphs 1, 4 and 5 is as follows:  Haviland may seek
    reconsideration of and/or appeal the Court's January 3, 2008 order disqualifying him
    from serving as Class Counsel (Dkt. No. 4972) and the Court's June 22, 2010 electronic
    order stating that "Mr. Haviland may not serve as class counsel in any federal litigation
    involving challenges to AWP."  Class Counsel may continue to oppose those filings.
    Don Haviland, the Haviland Firm and Haviland Hughes, LLC agree that any such appeals
    will not affect the finality of any AWP MDL 1456 settlement, and that this agreement
    will not be made part of any record presented to the First Circuit or any other court in
    support of such appeals.  Nor will the outcome of any such appeals affect the finality of
    any AWP MDL settlements, the parties' obligations under this agreement or result in the
    payment of any additional compensation to Don Haviland, the Haviland Law Firm and
    Haviland Hughes, LLC.

7.  Any controversy or claim arising out of a breach of this agreement shall be settled by
    arbitration administered by retired Judge Nancy Gertner (if available), and two other
    arbitrators to be chosen later by the parties, in accordance with the Commercial
    Arbitration Rules of the American Arbitration Association, and judgment on the award
    rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.


Sean R. Matt, Esq.                          Donald E. Haviland, Jr. Esq.
Hagens Berman Sobol Shapiro LLP             Haviland Hughes, LLC
*For Class Counsel*                          *For Rev. David Aaronson, Katie Bean (for*
                                            *Harold Bean), Jimmie May Carter (for*
                                            *Harold Carter), Roger Clark, Rebecca*
                                            *Hopkins, Joyce Howe, Pat Drewett (for*
                                            *James Monk), Virginia Newell, Oral Roots,*
                                            *Mary Wright (for James Shepley), Beverly*
                                            *Thomson Shaw (for George Baker*
                                            *Thomson), Ethel Walters, Larry Young, the*
                                            *"Consumer Plaintiffs" and for the Haviland*
                                            *Law Firm and Haviland Hughes, LLC*


Dated: August 25, 2011