# Exhibit 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Pharmaceutical Industry Average Wholesale Price Litigation | MDL No. 1456<br>C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

## NAMED CONSUMER PLAINTIFFS' OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR PROTECTIVE ORDER WITH REGARD TO MURIEL TONACCHIO DEPOSITION

Named Consumer Plaintiffs[1], by and through their undersigned counsel, hereby respond to Class Plaintiffs' Motion for a Protective Order with Regard to Muriel Tonacchio Deposition, and state as follows:

1.        Denied as stated.  It is admitted that on March 24, 2009, Named Consumer Plaintiffs, by and through their undersigned counsel, served a Notice of Deposition for the deposition of Muriel Tonacchio in support of their pending objections to the proposed Track Two nationwide class certification and settlement, as expressed in their Revised Memorandum of Named Consumer Plaintiffs' Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement ("Opposition to Track Two Final Approval") filed with this Court on the same date.  Further, Ms. Tonacchio is the *only* proposed *individual* consumer

---

[1]        "Named Consumer Plaintiffs" consist of Rev. David Aaronson, individually and on behalf of the Estate of Susan Ruth Aaronson, M. Joyce Howe, individually and on behalf of the Estate of Robert Howe, Larry Young, individually and on behalf of the Estate of Patricia Young, Therese Shepley, individually and on behalf of the Estate of James Shepley, Harold Carter, Roger Clark, on behalf of the Estate of David Clark, Ethel Walters, individually and on behalf of the Estate of Hunter Walters, Katie Bean, individually and on behalf of the Estate of Harold Bean, James Monk, Virginia Newell, individually and on behalf of the Estate of William Newell, Oral Roots, Rebecca Hopkins and George Baker Thomson.

plaintiff proffered by Co-Lead Counsel and the Track Two Defendants to serve as the representative for the Class 1, Track Two class certification and settlement. Co-Lead Counsel's other proposed representatives for Class 1 of the Track 2 settlement are associations who, as this Court has ruled previously and pursuant to the law of this case, lack standing to serve in that capacity and are atypical and inadequate to represent consumer claims in this class action. Ms. Tonacchio has never been deposed concerning the substantial factual issues concerning her request to serve as a class representative pursuant to Fed.R.Civ.Proc. 23(a)(4).

2.      Denied as stated. It is admitted that Named Consumer Plaintiffs (who are both named parties in the case and class members), by and through the undersigned personal counsel, served the Notice of Deposition in support of Named Consumer Plaintiffs' objections to the proposed Track Two class certification and settlement. It is denied that the purpose of this discovery is to have Named Consumer Plaintiffs "replace" Ms. Tonacchio or to have their counsel "replace" proposed Class Counsel. The discovery seeks information relevant to this Court's determination of the adequacy of Ms. Tonacchio under Rule 23(a)(4) and the adequacy of proposed class counsel under Rules 23(a)(4) and 23(g). The discovery is relevant to the issues of the typicality and adequacy of Ms. Tonnachio, as the lone individual consumer Class 1 representative for the Track Two class certification and settlement and to Ms. Tonacchio's standing to sue, to represent and to settle on behalf of Class 1 Consumers. Such information is vital to safeguarding the due process rights of Named Consumer Plaintiffs and the Class, and will ensure that this Court's final decisions regarding class certification and approval of the proposed settlement are based on an adequate and sufficient record.

3.      The averments contained in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Named Consumer Plaintiffs adopt the legal recitation and analysis contained in Named Consumer Plaintiffs' Memorandum in

Opposition to Class Plaintiffs' Motion for Protective Order with Regard to Muriel Tonacchio

Deposition and in their Opposition to Track Two Final Approval.

4.     Denied.  Named Consumer Plaintiffs specifically deny that they cannot establish

(and have not established already) that the discovery sought will aid the Court in its requisite

determinations for class certification and final approval of the proposed Track Two settlement.

While it is admitted that the Court has granted Co-Lead Counsel's motion to add Ms. Tonacchio

as a Class 1 representative and *preliminarily* approved her as a Class 1 consumer representative,

it is denied that the Court is without the power or authority to amend or alter its preliminary

determinations as part of the final approval process.   To the contrary, "[a]n order that grants or

denies class certification may be altered or amended before final judgment."  Fed. R.Civ. P.

23(c)(1)(C).  Further, as a fiduciary of the proposed settlement class, this Court has a duty to

ensure that the requisites of Article III standing and Rule 23 (which require "heightened

attention" in the settlement context) are satisfied and that the record adequately supports the

appointment of Ms. Tonacchio as the Class 1 consumer representative.  On the record that

currently exists, the proponents of the settlement class certification have not met their burden of

demonstrating that these requisites have been met.  To the contrary, the current record

demonstrates that Ms. Tonacchio lacks standing and does not meet the requisites of typicality

and adequacy under Rule 23.  *See* Opposition to Track Two Final Approval.

5.     The averments contained in this paragraph are conclusions of law to which no

response is required.  To the extent that a response is required, Named Consumer Plaintiffs adopt

the legal recitation and analysis contained in Named Consumer Plaintiffs' Memorandum in

Opposition to Class Plaintiffs' Motion for Protective Order with Regard to Muriel Tonacchio

Deposition and in their Opposition to Track Two Final Approval.  It is further specifically denied

that good cause exists for Co-Lead Counsel's Motion, and that Named Consumer Plaintiffs

cannot establish that the discovery sought will aid the Court in making the requisite

determinations for class certification and settlement approval.  It also is denied that Named

Consumer Plaintiffs have objected to the settlement and raised concerns about the adequacy of

Ms. Tonnachio as part of some purported "vendetta against Class Counsel" or "at the expense of

the Class."  To the contrary, the discovery of Ms. Tonacchio is necessary to test whether she

fulfills the typicality and adequacy requirements of Rule 23 and to determine whether she has

standing to sue or settle on behalf of consumers in Class 1, all of which are required to safeguard

the due process rights of Named Consumer Plaintiffs and absent class members.  Whether or not

Named Consumer Plaintiffs raised these issues, this Court would be required to do so in

fulfillment of its fiduciary duty to the Class.

WHEREFORE, for all the reasons set forth in this Response, in Named Consumer

Plaintiffs' Memorandum in Opposition to Class Plaintiffs' Motion for Protective Order with

Regard to Muriel Tonacchio Deposition, and in their Opposition to Track Two Final Approval,

Named Consumer Plaintiffs respectfully request that this Court deny Class Plaintiffs' Motion for

Protective Order with Regard to Muriel Tonacchio Deposition, permit the discovery to go

forward, and permit Named Consumer Plaintiffs to present evidence and conduct examinations

at the final approval hearing.

Dated: April 23, 2009                                    Respectfully submitted,

                                                         /s/ Donald E. Haviland, Jr.
                                                         Donald E. Haviland, Jr., Esquire
                                                         Michael P. Donohue, Esquire
                                                         Michael J.  Lorusso, Esquire
                                                         THE HAVILAND LAW FIRM, LLC
                                                         111 S. Independence Mall East, Suite 1000
                                                         Philadelphia, PA 19106
                                                         Telephone: (215) 609-4661

4

Case 1:01-cv-12257-PBS  Document 6019  Filed 04/13/09  Page 5 of 20

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 C.A. No. 01-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**NAMED CONSUMER PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR PROTECTIVE ORDER WITH REGARD TO MURIEL TONACCHIO DEPOSITION**

## I.   INTRODUCTION AND BACKGROUND

With utter contempt for the very Named Consumer Plaintiffs whom Co-Lead Counsel once claimed to faithfully represent, Co-Lead Counsel now seek to perfect their abandonment of these Plaintiffs by closing the door on their legitimate request for discovery into the typicality, adequacy and standing of the lone individual consumer upon whose shoulders now rest the interests of the proposed Track Two Class 1. But by placing a higher priority on vitriolic expressions and on denigrating the Named Consumer Plaintiffs – former clients whom Co-Lead Counsel were happy to ride to the litigation's this settlement's finish line – than on safeguarding the rights of absent class members, Co-Lead Counsel is doing a grave disservice to this Court by attempting to divert its attention away from the well-grounded, significant and fundamental issues raised by these Plaintiffs.

Co-Lead Counsel would have this Court believe that the Named Consumer Plaintiffs' request for the deposition Muriel Tonacchio is only about the Named Consumer Plaintiffs and their counsel. Beyond ignoring the fact that at least one of these Named Consumer Plaintiffs' has previously presented objections in connection with another settlement in this case which this Court

1

found not to be without merit,[1] the specific issues raised here stand on their own as they are fundamental to protecting the due process rights not only of the Named Consumer Plaintiffs, but of the *entire Class*. Compliance with the Rule 23 requirements must exist throughout all stages of the litigation. This is what lies at the heart of the request for Ms. Tonacchio's deposition. Respectfully, even though Co-Lead Counsel's primary interest is in protecting their proposed settlement, this Court's fiduciary obligation to the Class requires it to look to protect the rights of all Class members by ensuring that Ms. Tonacchio, as the purported representative of the Estate of Wilma Mort and the sole consumer Class 1 representative with arguable standing,[2] is properly appointed class representative. In this regard, the concerns raised in the Revised Memorandum of Named Consumer Plaintiffs in Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement ("Opposition to Track Two Final Approval") should warrant that the deposition of Ms. Tonacchio go forward to assist the Court in making its determination based on a complete factual record, which currently is lacking.

On March 24, 2009, Named Consumer Plaintiffs filed their Opposition to Track Two Final Approval,[3] which is incorporated by reference herein. On the same day, and in support thereof, Named Consumer Plaintiffs served on all counsel a Notice of Deposition for Ms. Tonacchio. *See* Notice of Deposition attached as Exhibit A to Declaration of Jennifer Fountain Connolly. In

---

[1] Specifically, with respect to the objections of Named Consumer Plaintiff Howe in connection with the prior AstraZeneca settlement, the Court acknowledged that some of her objections "aren't crazy" in ordering Co-Lead Counsel to reconsider the proposed settlement terms. May 1, 2008 Hrg. Tr. 4:24.

[2] As discussed in the Revised Memorandum of Named Consumer Plaintiffs in Opposition to Approval of the Proposed Track Two Nationwide Class Certification and Settlement, the law of this case is that the associations seeking to represent Class 1 lack legal standing. Issues pertaining to the associations are covered in that pleading and in Named Consumer Plaintiffs' Memorandum in Opposition to Motion by Prescription Access Litigation, Community Catalyst and Health Care for All to Quash Subpoenas Duces Tecum, which is being filed contemporaneously herewith.

[3] The revised opposition was filed pursuant to this Court's Order dated March 24, 2009. The original pleading was filed March 16, 2009.

*preliminarily* approving[4] the Track Two class settlement and certifying the proposed settlement classes, the Court designated Muriel Tonacchio, as representative of the Estate of Wilma Mort, as the lone class representative for the consumer Class 1 Sub-Classes. As part of the request for this Court's approval of the settlements and the class certification, Co-Lead Counsel reversed course on their prior request to have this Court appoint Named Consumer Plaintiffs as the Track II consumer class representatives, despite having named them as representative plaintiffs in their current Revised Fifth Amended Master Consolidated Complaint ("RFAMCC") filed in February 2009. Indeed, these named parties in the action, at the request of Co-Lead Counsel, had reviewed, collected and produced numerous documents, endured painstaking discovery, including several lengthy depositions, and participated in the litigation since October 2005 when Co-Lead Counsel invited them into the litigation to bolster the consumer representation that was lacking. Ultimately, they were offered as consumer class representatives in the motion for Track Two class certification filed in May of 2006.[5]

After the proposed settlement was reached and presented to this Court in March of 2008, and long after the adversarial relationship between the Track Two Defendants and Co-Lead Counsel had disappeared, Co-Lead Counsel sought to substitute Ms. Tonacchio as the lone consumer Class 1 representative. Ms. Tonacchio was not subjected to any of the painstaking discovery process or aggressive attack that Defendants waged upon the Named Consumer Plaintiffs in response to their

---

[4]     "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R.Civ. P. 23(c)(1)(C).

[5]     This Court never ruled on the Motion to Certify Claims with Respect to Track Two Defendants. However, it is clear from that motion, and the detailed supporting material filed therewith, that the Named Consumer Plaintiffs easily fit within the definition of the settlement classes for which final approval is sought here. Indeed, as discussed below in the Opposition to Track Two Final Approval, some of the Named Consumer Plaintiffs were previously appointed representatives with respect to the Track 1 Defendants, including the settlement with GlaxoSmithKline (Aaronson), for which this Court granted final approval in August of 2007 (*see* Docket No. 4619) as well as the settlement with AstraZeneca (Howe) and Memorandum of Understanding signed with BMS (Aaronson).

3

motion for class certification. Instead, the request for certification of the Class 1 settlement class is

supported by the bare-bones Affidavit of Ms. Tonacchio and an incomplete attachment thereto.

Ms. Tonacchio's typicality, adequacy and standing have never been tested through cross-

examination, "the greatest legal engine ever invented for the discovery of truth." *California v.

Green*, 399 U.S. 149, 158 (1970). The current record proffered by Ms. Tonacchio and Co-Lead

Counsel tends to demonstrate that she does *not* meet these requisites, each of which deserves

"heightened attention" in the settlement context.

## II.  ARGUMENT

### A.  The Lone Individual Consumer Class 1 Representative Should be Subjected to the Same Discovery as any Proposed Class Representative, Including the Scrutiny Defendants Conducted of Named Consumer Plaintiffs.

As discussed in Named Consumer Plaintiffs' Opposition to Track Two Final Approval:

> One of the most important aspects of [the Rule 23 requirements] is that the
> representative party fairly and adequately represent the interests of the class. This
> requirement is particularly important because the due process rights of absentee class
> members may be implicated if they are bound by a final judgment in a suit where
> they were inadequately represented by the named plaintiff.

*Key v. Gillette Co.*, 782 F.2d 5, 7 (1st Cir. 1986) (citations omitted). Thus, it is not surprising that

"'[b]asic consideration of fairness require that a court undertake a stringent and continuing

examination of the adequacy of representation by the named class representatives at all stages of the

litigation where absent members will be bound by the court's judgment.'" *Susman v. Lincoln Am.

Corp.*, 561 F.2d 86, 89-90 (7th Cir. 1977) (quoting *National Assoc. of Regional Med. Programs v.

Matthews*, 551 F.2d 340, 344-45 (D.C. Cir. 1976). It is through the prism of these tenets that this

Court should view the decision whether to permit the deposition of Ms. Tonacchio to test her

adequacy to serve as a representative of a nationwide class of consumers.

A district court is the guardian of the rights of absent class members, and when it approves a

settlement on an inadequate record, it fails to live up to its fiduciary responsibility. *Girsh v. Jepson*,

4

521 F.2d 153, 157 (3d Cir 1975); *see also Duhaime v. John Hancock life Ins. Co.*, 177 F.R.D. 54, 67 (D. Mass. 1997) (in approving a settlement, "a district court is not an umpire as in a typical adversary litigation but rather 'a guardian for class members who have not received notice or who lack intellectual or financial resources to press objections.'") (*quoting Weinberger v. Kendrick,* 698 F.2d 61, 69 (2d Cir.1982), *cert. denied,* 464 U.S. 818).

A district court is vested with discretion in determining whether, and to what degree, to permit discovery in the context of a settlement class certification. Thus, certain criteria have been developed to guide such a determination. Generally speaking, the criteria are (1) the nature and amount of previous discovery, (2) reasonable basis for the evidentiary requests, and (3) the number and interests of objectors. 4 *Newberg on Class Actions* §11:57 (4th ed., updated Dec. 2008); *In re Community Bank of N. Virginia*, 418 F.3d 277, 316 (3d Cir. 2005) (quoting 2 *Newberg on Class Actions* §11:56 (2d ed. 1985)). Co-Lead Counsel agree that these are relevant criteria. *See* Class Plaintiffs' Motion for Protective Order with Regard to Muriel Tonacchio Deposition ("Class Plaintiffs' Motion") at ¶3. "Irrespective of the nature and amount of previous discovery, the objector's request for discovery ***should be granted*** if he or she can demonstrate to the court that the previous discovery undertaken by the proponents was ***not adversarial in nature*.**" 4 Newberg on Class Actions §11:57 (4th ed.) (citing *Saylor v. Lindsley*, 456 F.2d 896 (2d Cir 1972)) (emphasis added); *see also In re Community Bank of N. Virginia*, 418 F.3d at 316 (3d Cir. 2005) (explaining that an objector may be permitted to take discovery where discovery in the case is inadequate).

Such principles have been extended to requests for discovery concerning adequacy issues under Rule 23(a)(4), including depositions of class representatives. *See, e.g., Malchman v. Davis*, 761 F.2d 893, 898 (2d Cir. 1985) (appeal of district court's approval of class action settlement resulted in reversal and remand for findings on whether named plaintiffs were fair and adequate representatives of the classes; on remand, district court denied request for discovery of named

plaintiffs to test adequacy of representation and again approved settlement; on second appeal, court of appeals ruled that although district court's denial of discovery into adequacy of representation appeared in conflict with the spirit of the remand – given district judge's obligation to consider whether interests of the class are adequately represented – such discovery was not required in that instance because prior to any settlement negotiations, defendants conducted arm's-length, strenuous and searching depositions of named plaintiffs that covered issues pertaining to the adequacy objections raised).

The factors for permitting discovery tilt decidedly in favor of permitting Ms. Tonacchio's deposition. First, the proponents of this settlement have not subjected Ms. Tonacchio to *any* discovery, much less *non-adversarial* discovery, which, as the authority above shows, alone would be legitimate grounds for the discovery sought here. Thus, the instant circumstances provide even greater support for her deposition. Although the case itself has seen its share of discovery, including aggressive discovery of the Named Consumer Plaintiffs, Ms. Tonacchio has escaped the reach of Defendants' discovery efforts. Instead, her status as class representative rests on a bare-bones Affidavit, which raises far more questions than it answers. The Affidavit and the sparse supporting material are devoid of the evidentiary substance required to demonstrate standing to sue, typicality or adequacy. To the contrary, on their face, they tend to demonstrate that she does not pass muster on any of these issues. Nor have the Defendants done anything to help frame the issues or to uncover facts to assist this Court's or any objector's assessment of Ms. Tonacchio's qualifications to serve as the nationwide class representative, since her substitution came *after* settlement was reached when there ceased to be an adversarial relationship. As a result, no one has tested her adequacy, typicality or standing, and the record has not been sufficiently developed to ensure protection of absent class members' due process rights. Based on this first factor alone, Ms. Tonacchio's deposition should be permitted.

6

The other two factors also favor taking the deposition. The Opposition to Track Two Final

Approval sets forth several "cogent factual objections the settlement," *Malchman*, 761 F.2d at 897

(case citations omitted), which facts fulfill the second criterion calling for "reasonable bases" for the

deposition request. The interests of objectors, here the Named Consumer Plaintiffs who are named

parties and class members, and who faithfully served the Class before they became inconvenient to

Co-Lead Counsel, are genuine and aligned with the Class.[6] They have responded to extensive

discovery and appeared at depositions in fulfillment of their commitment to this litigation and to

_____

[6]     Co-Lead Counsel, without citing any support, state that "Haviland therefore seeks to replace Ms. Tonnachio with his own clients – *who have claims that this Court has already found to post-date the litigation class time period* – and to displace Class Counsel as a representative for consumers in the Track Two settlement." Class Plaintiffs' Mem. at p.3 (emphasis added). As a threshold matter, it is Co-Lead Counsel – via Ms. Tonaccio – that seek to "replace" the Named Consumer Plaintiffs who long ago moved this Court to serve as the Track Two class representatives. Moreover, the undersigned counsel long ago withdrew his application to be lead counsel for any class in this case. Co-Lead Counsel's disingenuous statement implying that Named Consumer Plaintiffs' claims are not viable, without evidentiary support call into question their adequacy. *See* Co-Lead Counsel's Memorandum of Prescription Access Litigation, Community Catalyst and Health Care for All in Support of Their Motion to Quash Subpoenas Duces Tecum at p.7 (citing 1/3/08 Order at 10 n.5, Docket No. 4972, in which the Court wrote: "Actually, in light of certain of my rulings, many (if not all) of these claims arose after the cut-off for class membership under the class definition."). Despite Class Counsel's citation, this Court has never *expressly ruled* on the viability of the claims of the Named Consumer Plaintiffs and a one-sentence footnote would be an extremely odd way to render such an important ruling affecting, specifically, consumer Class 1 members given the importance of the issue and the way the Court addressed the issue in the past. Indeed, as to Class 1 consumers specifically, this Court *expressly refused* to address or rule on the applicability of prior rulings regarding a claim cut-off date at a hearing conducted on June 6, 2007 regarding BMS's allegation that Class 1 lacked a plaintiff for what at the time was a scheduled BMS trial. Rather, this Court stated that both sides (BMS and the undersigned (in conjunction with Co-Lead Counsel who were representing Named Consumers Plaintiffs' interests at the time) had a "good point," that it was a "really good debate," and that the Court had to "think about it." 6/6/2007 Hrg Tr. 6:10-7:3. At various points of the hearing, the parties raised the issue and related issues concerning the viability of Ms. Aaronson's claim specifically and the fact that she was appointed as class representative for the GSK class settlement, but each time, the Court refused to entertain the issues pertaining to her claim, choosing instead to take those issues, including the Class 1 claim cut-off date, under "advisement." *Id.* at 6:10-7:19; 41:16-44:19.
        More importantly, there can be no debate that Named Consumer Plaintiffs' claims fall within the class period for the proposed settlement class. "Consistent with the Court's January 30, 2006 *Order Re: Motion for Class Certification* [certifying litigation classes] regarding Track One defendants" (reported at 233 F.R.D. 229), the July 2, 2008 preliminary approval order for the Track 2 class settlement defined the classes, and set forth the periods of January 1, 1991 through January 1, 2005 for Classes 1 and 2 and January 1, 1991 through March 1, 2008 for Class 3. *See* Track Two preliminary approval Order, Docket No. 5426, at p. 2. The Track One January 30, 2006 Order to which the Track Two preliminary approval Order refers covers the same class periods for Classes 1 and 2, and covers "January 1, 1991 to the present" for Class 3. 233 F.R.D. at 232. The January 30, 2006 Order pertaining to the Track One Defendants certified Named Consumer Plaintiffs Aaronson, Howe, Shepley and Young as representatives of Class 1 for the Track One Defendants. Further, the Court granted final approval for the GSK settlement on August 7, 2007, incorporating into its Order the findings of its January 30, 2006 Order (and its August 16, 2005 Order (reported at 230 F.R.D to which the January 30, 2006 Order relates). *See* Docket No. 4619 at p.2. The settlement class periods for Classes 1 and 2 (without being so titled) again were January 1, 1991 through January 1, 2005, and for Class 3 (without being so titled) was January 1, 1991 through August 10, 2005. *See id.* at 3. Named Consumer Plaintiff Aaronson was certified as the GSK settlement Class 1 representative.

protecting the rights of absent class members. Indeed, if anyone's interests could be called into question, it is Co-Lead Counsel's interest in settling without any named class representative and then seeking to substitute in a new, unproven, and facially inadequate plaintiff to serve as the lone individual Class 1 representative in the stead of those who were tested during the litigation and who for years faithfully served the Class.[7]

Co-Lead Counsel repeatedly point to this Court's grant of their motion to add Ms. Tonacchio as a plaintiff and the Court's *preliminarily* appointment of her as a class representative. *See* Class Plaintiffs' Motion, at p.2, ¶4, and Memorandum at pp. 3, 11. Apparently, they believe these preliminarily determinations should be finally dispositive without any testing whatsoever. It is elementary, however, that until a final judgment is rendered, a court may amend or alter an order granting or denying class certification. Fed. R.Civ. P. 23(c)(1)(C). The legal authority discussed above and in the Opposition to Track Two Class Certification suggest that the Rule 23 requisites must be met throughout all stages of the litigation, which of course includes the final stage at which this case now finds itself. To date, Ms. Tonacchio's qualifications have not been tested, and on the face of Class Counsel's proffer, she appears not to be a proper Class representative. This is the only opportunity to test Ms. Tonacchio's qualifications prior to final approval and a final judgment being entered that would forever extinguish the rights of all Class members. To ensure proper safeguarding of absent Class members' due process rights, this Court should permit that test to take place.

---

[7]    This factor also addresses the "number" of objectors. As a threshold matter, even though the number of objectors may be relatively small here, the fact that objectors here are named plaintiffs in the action is significant. *See Mandujano v. Basic Vegetable Prods., Inc.* 541 F.2d 832, 837 (C.A.Cal. 1976) ("Of even greater significance is the fact that that of the nine representative plaintiffs, five oppose the settlement."). Moreover, as discussed in Named Consumer Plaintiffs' Opposition to Track Two Final Approval, that no consumer had opted out, and only two objections had been filed by March 2, 2009 – the date of filing of their motion for final approval of the Track 2 settlement – is a function of the fact that the consumer notice plan had not been fully accomplished, by the admission of Co-Lead Counsel's own experts. Indeed, that all of the named class representatives for Track 2 in the Third Amended Master Consolidated Complaint and subsequent amended versions of the complaint have objected to the proposed settlement should be an important consideration by this Court. In short, given these peculiar circumstances, the relatively small number of objectors should carry no weight in the decision whether to grant the requested discovery.

8

**B.** **The Authorities upon which Co-Lead Counsel Rely do not Support Prohibiting the Requested Deposition.**

Co-Lead Counsel rely on several cases in support of their contention that "the vast majority of courts have prohibited class action objectors from seeking broad and expansive discovery such as the discovery Haviland seeks here." Class Plaintiffs' Memorandum in Support of Motion for Protective Order with Regard to Muriel Tonacchio Deposition ("Class Plaintiff's Memorandum") at p.4. As an initial matter, the discovery sought is not "broad or expansive." Named Consumer Plaintiffs seek a single deposition of the lone proffered representative limited to issues pertaining to her typicality, adequacy and standing, all of which are at issue and of great import for one who seeks to appointment as a nationwide class representative under Rule 23. In any event, each case is easily distinguished.

In *Duhaime,* the request was for post-judgment discovery into an appellate side settlement, not for discovery regarding the prior class action settlement. The class settlement itself was not at issue, as that settlement was unaffected by the side settlement. 183 F.3d 1, 3-4 (1st Cir. 1999). Indeed, as the court explained, there is "no unconditional right to have a court review and approve as fair the terms of such a side settlement." *Id.* at 4. Thus, *Duhaime* is inapposite.

In *Jaffe*, when the court reached the discovery issues, the case was at the preliminary approval stage, not the final approval stage, as here. 2008 WL 346417 (N.D.Cal. Feb. 7., 2008) (preliminarily approving class action settlement); *see also id.* at *6 ("Accordingly, *at this juncture*, the Court finds [the named plaintiff] is an adequate representative.") (emphasis added). Beyond the different procedural status, *Jaffe* actually supports the Named Consumer Plaintiffs' position. In *Jaffe*, the court addressed the concerns raised regarding the adequacy of the named plaintiff, and had invited "additional briefing and *submissions of evidence* relating to how it should judge [the plaintiff's] adequacy as a representative[,]" which provided information ... by which the Court can judge [her] adequacy." *Id.* at *4 (emphasis added). The court further acknowledged the Supreme

9

Court's guidance that a court cannot simply look at the settlement itself to determine whether the Rule 23 requirements have been met, *i.e.* "'whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives.'" *Id.* at *5 (quoting *Amchem Prods, Inc. v. Windsor*, 521 U.S. 591, 619-622 (1997)). Significantly, unlike the instant matter, the information provided to the *Jaffe* court demonstrated that the plaintiff was adequate and that the plaintiff was not presented with the settlement "as a *fait accompli* before joining the suit[,]" but rather that she expressed interest in becoming a plaintiff, became a plaintiff, and then evaluated the proposed settlement, and further "[s]he suggested substantive changes which were ultimately incorporated into the settlement agreement." *Id.* Unlike *Jaffe*, the bare-bones Affidavit and sparse supporting materials offered to this Court by Ms. Tonacchio fail to demonstrate adequacy. Further, the settlement here was indeed a *fait accompli* since it was reached before Ms. Tonacchio became involved in the litigation. There is no evidence that she suggested any changes to the settlement agreement, much less ones that were ultimately incorporated into the agreement. Again, the settlement agreement was prepared before she came into this litigation. Thus, if anything, *Jaffe* supports the Named Consumer Plaintiffs' request for Ms. Tonacchio's deposition, rather than Co-Lead Counsel's attempt to block it.

*Epstein* involved a broad request for depositions, including lead counsel's, and documents that the court regarded as discovery of settlement negotiations. As that court explained, "[t]he burden [for obtaining discovery] is higher when a party seeks discovery of settlement negotiations[,]" which requires the proponent of the discovery to "lay[] a foundation by adducing from other sources evidence indicating that the settlement may be collusive." 2005 WL 3276390 at *6-7 (D.Kan. Dec. 2, 2005) (citations and internal quotations omitted). Here, Named Consumer Plaintiffs are not seeking to depose Ms. Tonacchio regarding negotiations over the settlement which had been reached before she became involved in this case. Moreover, the *Epstein* court refused to

10

permit the discovery because (1) the request for discovery was made after the objection time had run and after the settlement was approved, (2) objector had the opportunity to review discovery obtained by plaintiffs' counsel, and had ample time to request additional discovery beyond that, and (3) the objector focused primarily on the legal issue of subject matter jurisdiction for which discovery would not be of assistance. *Id*. at *7. Here, the request for discovery is not untimely; rather, it has been requested prior to, and to assist with, the upcoming fairness hearing and the decision whether to certify the class and to approve the settlement; the parties have not performed any discovery of Ms. Tonacchio and there is no other source of the information that Named Consumer Plaintiffs can access pertaining to her adequacy, typicality or standing; and, as set forth in the Opposition to Track Two Final Approval, the deposition is required to obtain facts necessary for the proper determination of whether she may appropriately serve as the class representative.

*Hemphill* also involved broad requests for information, primarily involving discovery of settlement negotiations. *See Hemphill*, 225 F.R.D. 616, 621-24 (S.D.Cal 2005). As discussed above, there is a higher burden when seeking discovery of settlement negotiations, and, in any event, Named Consumer Plaintiffs do not seek such discovery from Ms. Tonacchio. The objectors in *Hemphil* also sought broad discovery ostensibly to "test" the adequacy of class counsel and the named plaintiff, and to show that the settlement was collusive. *Id.* at 622-24. In this regard, objectors sought "virtually everything contained in class counsel's files, including informal information on which the settlement agreement was based, expert reports and communications between class counsel and the experts, class counsel's retainer agreement, class counsel's time sheets, documents reflecting [the named plaintiff's] time spent on the case and how he came to be represented by class counsel," and numerous other filings and discovery in the case and in another case. *Id.* at 622. The court ruled that this information was neither necessary for determining whether class counsel were adequate nor for determining whether the settlement was fair,

11

reasonable or adequate. *Id.* at 623. Named Consumer Plaintiffs are not seeking these types of information. Rather the information sought from Ms. Tonacchio is basic and necessary factual information actually bearing on her typicality and adequacy as a class representative, and her standing to sue, given her insufficient Affidavit and the sparse supporting material.[8]

*Lorazepam*, in part, like *Epstein* and *Hemphill*, involved an objector's written requests for discovery of settlement negotiations, which the court **granted.** 205 F.R.D. 24, 28 (D.D.C. 2001). Thus, *Lorazepam* is counter to Co-Lead Counsel's position. Regardless, as already noted, Named Consumer Plaintiffs do not seek to depose Ms. Tonacchio regarding settlement negotiations. Moreover, the objector in *Lorazepam* requested damages analyses conducted by class counsel, because the record was devoid of any such information. The court denied this request based on class counsel's representation that it would furnish damages expert reports to the court. Accordingly, the court ruled that the requested discovery of damages analyses were unnecessary at that time. *Id.* at 27-28.

Co-Lead Counsel also refer liberally to Judge Stearns' March 16, 2005 Memorandum and Order in the *Lupron* litigation. *See* 2005 WL 613492 (D.Mass. Mar. 16, 2005). As indicated, the undersigned represented intervenors in that litigation who sought discovery of settlement negotiations. Like the other opinions cited, however, this particular opinion of Judge Stearns is inapposite, since Named Consumer Plaintiffs are not seeking such discovery of Ms. Tonacchio.[9]

In sum, the cases upon which Co-Lead Counsel rely are distinguishable, inapposite or actually support Named Class Plaintiffs' request for the Tonacchio deposition.

---

[8] In *Hempill*, the objectors sought additional information as well, including defendants' financial information, information pertaining to the settlement notice to the class, and subscription numbers for purposes of calculating attrition rate. 225 F.R.D. at 624-25. The court granted some of these requests. *Id.* at 626. However, Named Consumer Plaintiffs are not asking for any such information in this case.

[9] Co-Lead Counsel also point to *In re Bridgeport Fire*, another case involving the undersigned. As demonstrated by their own recitation of the case, it is clear that the opinion pertains to issues different from those involving the instant request for Ms. Tonacchio's deposition. In fact, the case is riddled with error, and is currently the subject of an appeal.

**C.    "Good Cause" for Prohibiting the Deposition Does Not Exist Under Rule 26.**

Legal authority exists for permitting a deposition to test the typicality, adequacy and/or

standing of a proposed class representative.  Moreover, the authorities offered by Co-Lead Counsel,

as discussed above, do not support their bid to prohibit completely the requested deposition.

Additionally, Co-Lead Counsel have failed to demonstrate "good cause" for their motion for a

protective order.  *See* Fed. R.Civ. P. 26(c).

The information sought via the requested deposition has not been provided in this litigation,

was never the subject of discovery during the course of the litigation, and cannot be obtained from

any other source.  *See* Fed. R.Civ. P. 26(b)(2)(c)(i).  Named Consumer Plaintiffs have not had

ample opportunity to obtain this information via discovery in the case.  *See* Fed. R.Civ. P.

26(b)(2)(c)(ii).  Furthermore, there is little burden or expense involved in taking a proposed class

representative's deposition.  *See* Fed. R.Civ. P. 26(b)(2)(c)(iii).  Indeed, the Named Consumer

Plaintiffs were subjected to thorough discovery, including depositions, when the Defendants were

adversarial.  The only reason that this late substituted class representative has not already been

deposed is because there is no longer an adversary seeking to depose her.  Under ordinary

circumstances, a proposed class representative would expect to be deposed as to her Rule 23

qualifications, and failure to comply fully with such discovery might cause a court to regard the

proposed representative as unsuited to undertake the fiduciary obligation entrusted to a class

representative, resulting in a denial of class certification.  *See, e.g., Norman v. Arcs Equities Corp.*,

72 F.R.D. 502, 506 (S.D.N.Y. 1976); *Darvin v. Int'l Harvester Co.*, 610 F.Supp. 255, 257 (S.D.N.Y.

1985); *Hochberg v. Howlett*, 1994 WL 9677, at *2 (S.D.N.Y. Jan 10, 1994).  Any "burden or

expense" that may be incurred in conjunction with this lone deposition is outweighed by the

potential benefit to absent class members and this Court in ensuring that its determinations as to the

due process rights of absent class members are based on an adequate factual record.  The benefits,

13

considering the needs of the case, the large amount in controversy, the parties' considerable

resources, the great importance of the issues at stake and the great importance of the discovery in

resolving the issues, all weigh decidedly in favor of the permitting the requested deposition and

against a finding of "good cause" to prohibit it. *See id.*

Co-Lead Counsel's only argument for the assertion that the "burden for the proposed

discovery heavily outweighs its benefit" is a meritless accusation that the deposition is sought

"solely to support [the undersigned counsel's] own clients' errant bid as class representatives, as

well as his bid for Class Counsel." Class Plaintiffs' Memorandum at p.7. But this accusation is

belied by the proffer in this brief and in the Opposition to Track Two Final Approval, as well as

Named Consumer Plaintiffs' track record of raising settlement objections in this case that have

merit. *See* footnote 1 *supra.* Additionally, as already demonstrated above, the *Hemphill* and *Jaffe*

decisions, which Co-Lead Counsel cited before (and now shoehorn into the their discussion of Rule

26), are distinguishable and are not apposite.

### D. This Court Should Allow Named Consumer Plaintiffs to Examine Ms. Tonacchio at the Final Fairness Hearing, in Addition to Allowing Them to Submit Evidence and to Make a Presentation at the Final Fairness Hearing.

Although Named Consumer Plaintiffs continue to maintain that they are entitled to take the

deposition of Ms. Tonacchio, minimally, this Court should permit them to examine her at the final

fairness hearing, in addition to permitting them to submit evidence and to make a presentation at the

hearing. *In re Community Bank of N. Virginia*, 418 F.3d at 316 ("objectors are 'entitled to an

opportunity to develop a record in support of [their] contentions by means of cross examination and

argument to the court'") (quoting *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir.

1973)); *Scardelletti v. DeBarr*, 265 F.3d 195, 204 n.10 (4th Cir. 2001) (court "should extend to any

objector leave to be heard, to examine witnesses and to submit evidence," though it may "limit its

proceedings to whatever is necessary to aid it in reaching an informed, just and reasoned decision")

(quoting *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975), *rev'd on other grounds*, 536 U.S. 122 (2002)); *Glicken v. Bradford*, 35 F.R.D. 144, 148 (S.D.N.Y. 1964) (to same effect as *Scardelletti*) (citing *Cohen v. Young*, 127 F.2d 721 (6th Cir. 1942)); *see also In re Lupron Marketing & Sales Practices Litig.*, Civ. Action No. 01-10896-RGS, MDL No. 1440 (D.Mass. Mar. 17, 2005) (permitting the undersigned attorney, as counsel for objecting intervenors therein, to examine witnesses and to make summary presentation at fairness hearing).

Named Consumer Plaintiffs hereby notify all parties of their intent to examine Ms. Tonacchio at the fairness hearing and otherwise to be heard, to submit evidence and make a presentation at the hearing.  In furtherance thereof, Named Consumer Plaintiffs respectfully request this Court to permit the same.

## III.    CONCLUSION

For all the foregoing reasons, and those expressed in their Opposition to Track Two Final Approval, Named Consumer Plaintiffs respectfully request that this Court deny Class Plaintiffs' Motion for Protective Order with Regard to Muriel Tonacchio Deposition.


Dated: April 23, 2009                               Respectfully submitted,

                                                    /s/ Donald E. Haviland, Jr.
                                                    Donald E. Haviland, Jr., Esquire
                                                    Michael J.  Lorusso, Esquire
                                                    THE HAVILAND LAW FIRM, LLC
                                                    111 S. Independence Mall East, Suite 1000
                                                    Philadelphia, PA 19106
                                                    Telephone: (215) 609-4661
                                                    Facsimile:  (215) 392-4400

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr., Esquire, hereby certify that on April 23, 2009, I filed the foregoing Named Consumer Plaintiff's Opposition to Class Plaintiffs` Motion for Protective Order with Regard to Muriel Tonacchio Deposition and Named Consumer Plaintiffs` Memorandum in Opposition to Class Plaintiffs` Motion for Protective Order with Regard to Muriel Tonacchio Deposition, with the Clerk of this Court and used the CM/ECF system to send notification of such filing to all registered person(s).

/s/ Donald E. Haviland, Jr.