```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                      )
IN RE PHARMACEUTICAL INDUSTRY         )
AVERAGE WHOLESALE PRICE               )
LITIGATION                            )   M.D.L. No. 1456
                                      )
                                      )   CIVIL ACTION NO. 01-12257-PBS
THIS DOCUMENT RELATES TO:             )
                                      )
TRACK 2 SETTLEMENT                    )
                                      )
```

**MEMORANDUM AND ORDER**

January 4, 2012

Saris, U.S.D.J.

### I. Introduction

Corinna Connick, who is not a class member, has filed a motion to intervene in the class action settlement pursuant to Fed. R. Civ. P. 24 on behalf of other similarly-situated consumers. Her apparent goal is to object to the proposed Track 2 class settlement of claims pending in the average wholesale pricing ("AWP") multi-district litigation. The Court denied the motion, and Connick filed a notice of appeal. Plaintiffs have filed a motion for the imposition of an appeal bond in the amount of $241,500 against Connick, pursuant to Fed. R. App. P. 7. Connick has filed an opposition. After a review of the submissions, the Court **ALLOWS** plaintiffs' Motion for an Appeal Bond in the amount of $5,000.

## II. Background

On March 4, 2009, Corinna Connick filed a motion to intervene in the Track 2 settlement proceedings, seeking a court order to appoint her as representative of the plaintiff class. Connick then filed an objection to the proposed settlement on March 9, 2009, claiming that the settlement allocation to consumers was insufficient. On May 16, 2011, Connick filed another objection asserting that she had taken a drug implicated by the settlement. On August 29, 2011, the Court denied Connick's motion to intervene, finding that she was not a member of the class because the drug Climara, which she claimed to have purchased, was not on the Class drug list. On September 27, 2011, Ms. Connick filed a *pro se* notice of appeal of the denial of her motion to intervene.

On November 22, 2011, the Court held the final fairness hearing for the Track 2 settlement. Under the settlement, the drug manufacturers have agreed to pay $125 million to satisfy the claims of hundreds of Third-Party Payors and thousands of consumers, many of whom are old and sick. At the final fairness hearing, Plaintiffs' and Defendants' counsel all agreed that Connick's pending appeal of my order denying intervention affects the finality of the settlement agreement, and will delay distribution of settlement proceeds to the class. On December 8, 2011, the Court issued an order approving the class settlement.

### III. Discussion

Plaintiffs seek an appeal bond of $241,500 against Connick, which includes $45,000 for attorneys' fees, and administrative costs of $196,500 associated with the delay of distributing the settlement funds.

In civil cases, "a district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Whether an appeal bond should be imposed and at what amount "is a matter best left to the sound discretion of the district court." Skolnick v. Harlow, 820 F.3d 13, 15 (1st Cir. 1987). When a district court finds that an appeal may be frivolous, the district court may require security for costs. Id. Plaintiffs argue that for Rule 7 purposes, "costs" include administrative costs caused by the delay associated with an appeal, as well as "just damages" and double costs under Fed. R. App. P. 38 as penalty for a frivolous appeal, and any additional costs under Rule 39.

In my view, Connick's appeal is frivolous. Her only ground for intervening in the settlement is that she allegedly purchased Climara, a brand name drug. While purchases of estradiol, a generic form of Climara, are covered by the class definition, Climara is not on the Class drug list. The evidence submitted during the decade long history of this MDL demonstrates that

prices for generic and brand name drugs are usually determined based on very different formulas.  Thus allegations of fraudulent markups for a generic do not necessarily indicate fraudulent markups for the brand name drug.  As such, Connick's argument that she should be allowed to be a member of the class because of the chemical similarity of the drugs is based on a false premise.

Connick's appeal of the denial of her motion to intervene could delay the distribution of settlement funds.  The class settlement agreement defines "Final" and "Final Approval" to mean "that the time has run for any appeals from a final approval order of the MDL Court, or any such appeals have been resolved in favor of this Agreement."  Relying on this language, defendants' counsel have stated that because the pendency of Connick's appeal leaves the door open for her to appeal or collaterally attack the settlement agreement, they will not release the settlement funds until her pending appeal is resolved.  Assuming, without deciding, that this interpretation is correct, the appeal is holding up distribution of the funds.

Some courts have held that Rule 7 costs may include administrative costs to the class caused by the delay or disruption of the settlement administration.  See Barnes v. Fleet-Boston Fin. Corp., U.S. Dist. LEXIS 71072, at *8-9 (D. Mass. 2006) (imposing interest on the settlement for one year as costs); In re Compact Disc Minimum Advertised Price Antitrust

Litig., 2003 WL 22417252 (D. Me. 2003) (imposing an appeal bond in the amount of $35,000 to cover bank fees from administering the class settlement).[1] As such in some circumstances, administrative costs are appropriate where there are significant expenses required to manage the class settlement, delay from appeal will cause additional costs, and the underlying statute permits the award of damages or fee shifting.  See In re Cardizem C.D. Antitrust Litigation, 391 F.2d 812, 817-818 (6th Cir. 2004) (upholding a bond in the amount of $123,429 in incremental administration costs in appeal of class settlement caused by six-month delay where state statute permitted it).

    Plaintiffs submitted the affidavits of Daniel Coggeshall and Steve W. Berman to document that the plaintiff class will suffer approximately $196,500 in administrative costs, assuming the appeal can be resolved in twelve months, and $45,000 in attorneys' fees and costs on appeal.  Class counsel Steve W. Berman estimates $5,000 in out of pocket expenses.  Plaintiffs seek administrative costs to maintain a post office box and toll-free number, to manage telephone calls and correspondence with claimants, and to store data.  Plaintiffs estimate administration costs of $7,500 to $10,500 per month.  While there is no evidence that a bond would pose an undue hardship on the objector, there

---

[1] See generally 16A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3953 (3d ed. 2006).

are public policy reasons to minimize the hurdles to a litigant's right to appeal imposed by an appeal bond.

Connick opposes a bond because she says that the settlement will not be delayed because Connick's claim for benefits is $20. This is a bit disingenuous because she seeks to represent others and to challenge the settlement more broadly.  Still, this is an appeal of an order denying an individual's inclusion in the class, not a challenge to the settlement terms.  In this unusual situation, imposition of administration costs for a delay is inappropriate.

The Court will impose an appeal bond of $5,000 pursuant to Fed. R. App. P. 7 and 38.  The plaintiffs would have had administrative costs for the first few months in any event while distributing the money.  Moreover, there is no applicable fee shifting statute that would apply to an objecting putative class member.  Cf. Int'l Floor Craft Inc. v. Dziemir, 420 Fed. Appx. 6 (1st Cir. 2011) (permitting inclusion of attorneys fees in Rule 7 bond where RICO allowed for attorneys fees as part of the costs of the settlement).

### IV. Order

Plaintiffs' Motion for Imposition of Appeal Bond Under Federal Rule of Appellate Procedure 7 (Docket No. 7887) is **ALLOWED** and the appeal bond is imposed in the amount of $5,000.

        /s/ PATTI B. SARIS
        PATTI B. SARIS
        United States District Judge