UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>AZ & BMS SETTLEMENTS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**LEAD CLASS COUNSEL'S OPPOSITION TO MARC EDELSON'S MOTION TO STAY CO-LEAD COUNSEL'S DISTRIBUTION OF FEES WITH REGARD <u>TO THE CLASS SETTLEMENTS</u>**

- 1 -

## I. INTRODUCTION

Marc Edelson has filed a motion seeking a stay of the Fee Allocation and distribution made relating to the Court's award of fees in the AstraZeneca and BMS Settlements. The motion is moot and should be denied. As Mr. Edelson was well aware at the time he filed his motion, the Fee Allocation had already been made and monies distributed to 26 participating Plaintiffs' firms. Moreover, and contrary to Mr. Edelson's contention, the Fee Allocation was done fairly and transparently. Lead Counsel detailed in writing for each firm the manner in which their payment was calculated and disclosed the amount that each firm, including Lead Counsel, received in the allocation.

To the extent there is any actual grievance at the end of this litigation after Lead Counsel confers and makes a recommendation for the Track Two fee distribution, Mr. Edelson can then, if needed, proffer any grievance he has to the Court. In fact, before Mr. Edelson filed his motion, we wrote to him and specifically stated: "Please note that we recognize that the payments made today to the co-leads are without prejudice to anyone arguing for an adjustment and/or different result when the T2 distribution is ultimately made next month or in early February. Nothing is set in stone."

Therefore, Mr. Edelson's arguments are not only incorrect, they are premature.

## II. FACTUAL BACKGROUND

In the wake of the AstraZeneca and BMS Settlements at long last reaching finality, Lead Class Counsel transparently allocated to all AWP Plaintiffs' Counsel the fees awarded by the

Court in those settlements (the "Fee Allocation").  The Fee Allocation was done, and wires placed and checks mailed, on December 28, 2011, the day before Mr. Edelson filed his motion.[1]

In addition to the payment, each eligible firm received a memorandum clearly explaining and disclosing two salient points:  (i) how the payment amount was determined, and (ii) the amount of money received by each and every firm in the allocation.[2]  More specifically, we paid each non-Lead firm roughly half of their eligible lodestar not previously paid in prior fee distributions.  The full text of our memorandum is as follows:

> As we reported to you in October, settlements against AstraZeneca and BMS have reached finality.  Although the Court has granted final approval to the "Track 2" settlement, that settlement has not reached finality, and there is the prospect of appeals.
>
> Rather than wait for Track 2 finality and, at that time, make a single, final allocation of remaining fees that the Court has awarded in the AWP MDL, we have decided to allocate fees associated with the AstraZeneca and BMS settlements this year.
>
> Enclosed is your check.  It represents approximately half of your firm's eligible and remaining lodestar associated with the AWP MDL.
>
> Also enclosed is a spreadsheet identifying each eligible firm and the payment that they are receiving out of this fee allocation. . . .
>
> Please let us know if you have any questions.  Happy New Year.[3]

In a footnote, Lead Counsel explained that the allocation to the four Lead Counsel firms was not lodestar-based, and that, as a group, the four co-lead firms were collectively receiving approximately 56.4% of their eligible and remaining AWP MDL lodestar in this distribution.[4]

---

[1] Declaration of Steve W. Berman in Support of Lead Class Counsel's Memorandum in Opposition to Marc Edelson's Motion to Stay Co-Lead Counsel's Distribution of Fees with Regard to the Class Settlements (the "Berman Decl."), ¶ 2.

[2] *See* Berman Decl., Ex. 1.

[3] *Id.* (footnote omitted).

Although Marc Edelson is unhappy with the Fee Allocation, it was made with the support of a majority of Lead Counsel, which is how Lead Counsel have made decisions throughout the litigation.  The amount that Mr. Edelson is entitled to receive in the Fee Allocation is $2,848,274.09, which represents 13.40% of the monies distributed to Lead Counsel in the Fee Allocation.  Most importantly, the percentage Mr. Edelson received from the current AstraZeneca and BMS fee distribution is the same percentage allocation that was made to Mr. Edelson out of the distribution of the fees awarded by the Court in association with the GSK Settlement.  Moreover, it was made clear to Mr. Edelson that this distribution does not prejudice arguing for a different allocation for the Track Two fee distribution.[5]  Unlike all other counsel, Mr. Edelson has still not received his money because he has refused to provide us with wiring instructions.[6]

Lead Counsel provided a spreadsheet to Mr. Edelson explaining the foregoing.[7]  For each participating Plaintiff's firm, the spreadsheet shows eligible lodestar and expenses, the amount of money paid out of the GSK fee allocation, the amount of expenses paid on October 21, 2011 out of the AstraZeneca Class 1 and BMS fee awards and the amount of the Fee Allocation made from the remaining BMS fee award and the AstraZeneca Class 2 and Class 3 fee awards.[8]

### III.  ARGUMENT

It has been this Court's consistent practice and frequently stated determination to delegate to Lead Class Counsel the discretion and responsibility to allocate attorneys' fees among participating Plaintiffs' counsel.  This delegated authority is subject to the Court's review for

---

[4] *Id.*

[5] Berman Decl., ¶ 5.

[6] *Id.*, ¶ 4.

[7] *Id.* & Ex. 2.

[8] *Id.*

- 3 -

abuse of discretion.[9] Lead Class Counsel's decision to divide monies to Lead Class Counsel was a valid exercise of this discretion and was fair and transparent.  Furthermore, Mr. Edelson's request for relief is both moot and premature.

### A.     Lead Class Counsel's Fee Allocation Was Fair And Transparent

Mr. Edelson claims that the Fee Allocation was not fair and transparent.  This is demonstrably false.  We explained in writing to each firm the basis for their share of the fee and disclosed what each firm was receiving.  Thus, although Mr. Edelson is disappointed with his allocation, it was done transparently, as was the allocation to every other firm.  Nothing is hidden.  And no other participating Plaintiff's counsel, apart from Mr. Edelson, has objected.[10]

Nor is it necessary for fee allocations to be made by unanimous consensus of all Lead Counsel firms, as Mr. Edelson suggests.  Rather, fee allocation decisions are made just like other decisions that Lead Counsel have regularly been called upon to make – by majority consensus – including the earlier decision that Mr. Edelson be allocated 13.4% of Lead Counsel' fee from the GSK Settlement.  And that is how the Fee Allocation was made here, notwithstanding Mr. Edelson's objection.

---

[9] *See* Dkt. No. 7979 (Track 2 Settlement ) ("The attorneys' fees and expenses awarded by the court shall be allocated among Class Counsel by Lead Class Counsel at their discretion subject to review by the Court."); Dkt. No. 7674 at 9 (BMS Settlement) ("The attorneys' fees and expenses awarded by the Court shall be allocated among present and former Class Counsel by Lead Class Counsel at their discretion."); Dkt. No. 7432 at 9 and Dkt. No. 7433 at 9-10 (AstraZeneca National Settlements) ("The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel pursuant to the Agreement and shall, upon petition, be reviewed on an abuse of discretion standard."); Dkt. No. 5802 at 7 (AstraZeneca Class 1 Settlement) ("The attorneys' fees and expenses awarded by the Court shall be allocated among Class Counsel by Lead Class Counsel at their discretion subject to review by the Court if there is an objection."); Dkt. No. 4619 at 9 (GSK Settlement) ("Co-Lead Settlement Class Counsel shall allocate fees to themselves and other Plaintiffs Class Counsel in their sole discretion as appropriate."); *see also* Dec. 10, 2008 Electronic Order (Court will review any objections to Lead Class Counsel Fee allocations on an abuse of discretion standard.).

[10] Kline & Specter, Kent Williams and Adam Levy inquired to confirm that accepting payment would not constitute a waiver of their pending motion relating to non-MDL lodestar, and we advised that it would not. Jennings Haug, which is also seeking compensation for non-MDL time, asked why it did not receive an allocation. We are unable to determine whether *any* of that firm's lodestar submission was for work done in the MDL, as opposed to non-MDL cases, and we have asked them for clarification.

Further, although Mr. Edelson was not consulted ahead of time, he cannot feign surprise about the amount he was allocated. His percentage share of the overall amount allocated to Lead Counsel – 13.4 percent – is the same percentage of Lead Counsel's allocation that he received in the GSK fee distribution. Tellingly, and although he expressed displeasure with the GSK allocation, Mr. Edelson did not seek the Court's review of Lead Counsel's prior majority consensus as to his allocation percentage, as was his (and any other firm's) right. And Mr. Edelson obviously expected that he would be disappointed with the instant Fee Allocation given that he had a six page motion and ten page declaration "in the can" and ready to go – which may constitute his only independent brief filing in the 10 year history of this MDL. Again, he may be disappointed, but Mr. Edelson cannot demonstrate that the Fee Allocation was not done transparently.

**B.     Edelson's Motion Is Moot And His Alleged Grievance Should Be Resolved Later**

The Fee Allocation was done and payments made before Mr. Edelson filed his motion. Thus, the relief Mr. Edelson seeks – a stay of the Fee Allocation – is moot. In fact, he knew this even before he filed his motion.[11]

And Lead Counsel's decision to allocate Mr. Edelson 13.4% of the monies allocated to Lead Counsel was done for good reason, reflected Lead Counsel's well-supported concerns with Mr. Edelson's performance and contributions, and was well within Lead Counsel's discretion. However, we do not believe that this is the appropriate time or place to submit for Court and public review all of the substantial evidence supporting our allocation decision with respect to Mr. Edelson, although we reserve the right to do so later if the parties are unable to work out a resolution at the time of the Track Two fee distribution. Submitting this evidence now will only

---

[11] Berman Decl., ¶ 5.

serve to further aggravate Mr. Edelson and make it more difficult to attempt to reach an agreement with him.

And time is certainly not of the essence. As the Court is aware, the substantial fee award approved by the Court as part of the Track Two Settlement has not been distributed given that the Track Two Settlement has not reached finality under the terms of the Settlement Agreement. Indeed, we made quite clear to Mr. Edelson – *before he filed his motion seeking to stay a distribution that he already knew had been made* – that the allocation was being made without prejudice to anyone arguing for an adjustment and/or different result when the Track Two fee distribution is ultimately made.[12]

## IV.   CONCLUSION

The Court should deny Marc Edelson's motion. The relief he seeks – a stay of a Fee Allocation that has already been made and distributed – is moot. In any event, a meet and confer process with Mr. Edelson still needs to play out with any adjustments made, if needed, at the time of the Track Two fee distribution, which is likely to happen in the near future.

DATED: January 12, 2012                By   /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

---

[12] *Id.*

- 6 -

001534-16 496729 V1

- 7 -

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, DC  20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

**LEAD CLASS COUNSEL**

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **LEAD CLASS COUNSEL'S OPPOSITION TO MARC EDELSON'S MOTION TO STAY CO-LEAD COUNSEL'S DISTRIBUTION OF FEES WITH REGARD TO THE CLASS SETTLEMENTS**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 12, 2012, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                                                             /s/ Steve W. Berman
                                                                                             Steve W. Berman