UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ALL CLASS ACTIONS | Judge Patti B. Saris |

**LEVY'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR MODIFICATION OF LEAD COUNSEL'S
ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE
<u>INCURRED IN RELATED STATE COURT ACTIONS</u>**

The Movants' motion papers demonstrate that Lead Counsel adopted a unified strategy of using the companion state court cases to pressure the defendants in the MDL, and urged Movants, including Levy,[1] to continue to pursue their existing state court cases. Levy requests payment of the lodestar it accrued and expenses it incurred implementing Lead Counsel's strategy in state court until the overlapping state court claims, as directed by this Court, were dismissed in favor of this forum. *See* Declaration of Adam S. Levy in Support of Motion for Modification of Lead Counsel's Allocation of Fees to Include Time and Expense Incurred in Related State Court Actions, filed herewith.

As the motion papers and Movant Kline & Specter's reply papers show, Lead Counsel previously made judicial admissions in this Court that the state court cases involved relevant work that benefitted the Classes in the MDL. Now, as the final settlements in the MDL wind down, and after reaping the admitted benefits of Movants' work in the state court cases, Lead

---

[1] Adam S. Levy and Law Office of Adam S. Levy, LLC (formerly Law Office of Adam S. Levy) joined in the Motion. *See* Amended Notice of Joinder in Motion for Modification of Lead Counsel's Allocation of Fees to Include Time and Expense Incurred in Related State Court Actions, Dkt. No. 7939.

Counsel are taking the opposite position and have refused to pay any of the Movants for any of their time and expense relating to their work in the state court cases.

Lead Counsel's refusal to pay Movants for their state court time and expense is based primarily on the assertion that discovery and other work product from the state court cases was not used in the MDL and that no direct monetary benefit to the MDL Classes can be shown.[2] *See* Opp. at 9-11. However, this could also be said about much, if not most, of the work performed in the MDL, the majority of which was performed by Lead Counsel themselves. *See* (proposed) Reply Memorandum in Support of Levy's Motion for Modification of Lead Counsel's Allocation of Fees and Reimbursement of Expenses to Include Uncounted Time and Expense Incurred Directly in this MDL ("Levy Reply re: MDL Time and Expense") (Dkt. No. 8032-1 for which a request for leave to file was filed on January 15, 2012 (*see* Motion for Leave, Dkt. No. 8032)), at 10 *et seq.*; *see also* Movant Williams' (proposed) Reply Memorandum regarding state court time (Dkt. No. 8031-1 for which a request for leave to file was filed on January 13, 2012 (*see* Williams' Unopposed Motion seeking leave to file, Dkt. No. 8031)), at 2-4. Nevertheless, Lead Counsel have maintained an "all-in" approach to fee allocation by which they have held fast to compensating themselves and the other reporting plaintiff firms for unsuccessful and non-beneficial efforts as "recogni[tion] [of] the contribution of everyone's work to the benefits achieved on a class-wide basis in settlements." *See* Lead Counsel's Response to Williams' Motion for Court Review of Lead Counsel's Allocation of GSK Fee Award, Dkt. No. 5685, at 21-22 (Nov. 14, 2008).

---

[2] Lead Counsel's additional assertion that they had no agreement with Levy (or Williams or the Jennings firm) to pay for state court time is unavailing. *See* Opp. at 17-18. No agreement was necessary. As Kline & Specter's Reply argues, if it is reasonable to compensate Kline & Specter for its state court time and expense (which has always been Lead Counsel's contention, until now), then it is also reasonable to compensate Levy for its state court time and expense, since Levy was co-counsel in those cases. *See* Kline & Specter's Reply, Dkt. No. 8024 at 10-11 nn."E" and "F".

Levy's and the other Movants' significant efforts in pursuing overlapping claims in companion state court cases are no different.[3]  The record shows that the state court cases were pursued at Lead Counsel's direction.  At no point did Lead Counsel instruct Levy or the other Movants to discontinue the state court litigation.  These efforts only ended when this Court ordered them to end, in favor of this forum.  Lead Counsel do not dispute these facts, other than to engage in meaningless nuance (such as characterizing the relationship among the cases as "potential coordination" rather than "actual coordination").  Most significantly, Lead Counsel look past their prior judicial admission in this Court that the state court cases involved "relevant work … all of which benefited the class in this case."  *See* Movants' opening Memorandum in Support of Motion (with citations to the record), Dkt. No. 7909, at 4.  As such, the time and expense incurred in litigating these claims should be paid, along with the other time and expense incurred in connection with the MDL.[4]

Levy also joins in the January 5, 2012 Reply Memorandum of Kline & Specter, Dkt. No. 8024.

---

[3] For example, Movants" opening papers included a series of 2007 emails discussing a deposition taken in the state court cases to be used in trying the MDL Class 1 claims against AstraZeneca.  *See* Declaration of Kent M. Williams, Dkt. No. 7910, Exh. E.  Ultimately, the deposition was not used because the Class 1 claims were settled before trial.  The same is true for all MDL discovery that was to be used in the AstraZeneca Class 1 trial.

[4] The other assertions directed specifically to Levy, *see* Opp. at 17 n.39, have been addressed in – and therefore the Court is referred to – Levy's motion papers (including its (proposed) reply papers) concerning Levy's claim for payment for its uncounted and uncompensated time and expense for work Levy performed directly in the MDL after August 2006.  *See* Dkt. Nos. 7941, 7942, 7943 and 8032 (motion for leave to file reply and accompanying proposed pleadings and exhibits).  Additionally, as the Declaration of Steve Berman in Support of Lead Counsel's opposition to the motion for state court time points out, some of Levy's time in the state court actions was generated before he was Of Counsel to the Haviland firm.  *See* Berman Declaration in opposition to motion for state court time, Dkt. 7958, at 10-11 ¶ 30.

For all of these reasons, Adam S. Levy and Law Office of Adam S. Levy, LLC request that their motion to be fully paid for their state court time and expense be granted in its entirety.

Dated: January 16, 2012

/s/Adam S. Levy_____
Adam S. Levy, Esquire
    AND
Law Office of Adam S. Levy, LLC

P.O. Box 88
Oreland, PA 19075
(267) 994-6952 (Telephone)
(215) 233-2992 (Facsimile)

CERTAIN OF THE REPORTING
COUNSEL FOR PLAINTIFFS