UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris  Leave to file granted 1/18/12 |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
MODIFICATION OF LEAD COUNSEL'S ALLOCATION
OF FEES TO INCLUDE TIME AND EXPENSE INCURRED
IN RELATED STATE COURT ACTIONS**

As shown in Movants' opening memorandum, Lead Counsel adopted a "coordinated strategy" of "pressuring" the defendants with companion state court litigation. As part of that strategy, they exhorted Movants to continue prosecuting their existing state court cases. Movant Williams dutifully did so, until at this Court's direction, the overlapping state court claims were dismissed in favor of this forum.

Williams requests payment of the lodestar he accrued implementing Lead Counsel's strategy in state court. *See generally* Affidavit of Kent M. Williams in Support of Motion for Modification of Lead Counsel's Allocation of Fees, filed herewith. Although Lead Counsel previously declared that the state court cases involved "relevant work, all of which benefited the class in this case," they now accuse Williams of being a "greedy, opportunistic interloper" for requesting payment for his work. *See* Opp. Memo. at 3, 18.

As the Court may recall, this is not the first time Williams has had to bring a motion to prevent Lead Counsel from shortchanging him and other counsel in this case.

*See* October 24, 2008 Motion for Court Review of Lead Counsel's Allocation of GSK Fee Award, Dkt.# 5644. In that instance, Lead Counsel paid themselves a massive share of the GSK fee compared to the tiny fractional share they paid Williams and other counsel. After initially opposing Williams' motion, Lead Counsel ultimately agreed to pay Williams' lodestar in full, if fees were awarded sufficient to pay everyone else's lodestar in full. Lead Counsel later extended this promise as an "aspirational goal" to all class counsel in the case. *See* Class Counsel's Proposed Future Fee Allocation Guidelines, Dkt. # 5836, at 6.

Lead Counsel's current opposition has no more merit than their opposition to Williams' previous motion. Lead Counsel's principal reason for not compensating state court time and expense is their assertion that the discovery and other work product from those cases was not used in the MDL, and that no direct monetary benefit to the MDL classes can be shown.[1] *See* Opp. Memo at 9-11. But the same can be said for most of the work product generated in the MDL, including that of Lead Counsel. Lead and other counsel spent thousands of hours taking discovery of defendants like Johnson & Johnson & Schering – discovery which was never used, and which ultimately yielded no monetary benefit to class members. Thousands more hours were spent fruitlessly pursuing RICO claims and other legal theories, unsuccessfully seeking class representative status for various persons and entities, trying claims that were ultimately lost, and conducting other tasks that yielded no tangible benefit. Yet, in defending their self-described "all-in"

---

[1] Lead Counsel also contend that they had no agreement with Williams to compensate his state court time. Opp. Memo. at 17-18. But no agreement was necessary. As Kline & Specter points out in its Reply Memorandum, if it is reasonable to compensate Kline & Specter for its state court time and expense (which has always been Lead Counsel's contention, until now), then it is reasonable to compensate Williams for his state court time and expense, since Williams was co-counsel in those cases. As for Lead Counsel's February 14, 2011 comments regarding Williams' state time submissions, Williams hoped the issue could be worked out without filing another motion. Unfortunately, this has turned out not to be the case.

2

approach to allocating fees, Lead Counsel have steadfastly maintained that these and other unsuccessful or non-beneficial efforts – most of which was conducted by Lead Counsel – should be fully compensated, because this properly "recognize[s] the contribution of everyone's work to the benefits achieved on a class-wide basis in all settlements." *See* Lead Counsel's Response to Williams' Motion for Court Review of Lead Counsel's Allocation of GSK Fee Award, Dkt. #5685, at 21-22.

The significant effort by Williams and the other Movants in pursuing overlapping state court claims is no different.[2] The record shows that the state court cases were pursued at Lead Counsel's direction, and discovery in these cases was coordinated with the MDL. At no point did Lead Counsel instruct Williams or the other Movants to discontinue the state court litigation.  These efforts only ended when this Court ordered them to end, in favor of this forum. Other than split hairs (e.g. characterize the relationship among the cases as "potential" rather than "actual" coordination") Lead Counsel do not dispute these facts.  Most significantly, Lead Counsel **ignore** their prior declaration to this Court that the state court cases involved "relevant work, all of which benefited the class in this case."  As such, the time and expense incurred in litigating these claims should be paid, along with the other time and expense incurred in connection with the MDL.[3]

---

[2] For example, Movant's opening papers included a series of 2007 emails discussing a deposition taken in the state court cases to be used in trying the MDL Class 1 claims against AstraZeneca. *See* Declaration of Kent M. Williams, Dkt. # 7910, Ex. E.  Ultimately, the deposition wasn't used because the Class 1 claims were settled before trial.  The same is true for all MDL discovery that was to be used in the AstraZeneca Class 1 trial.

[3] Williams also joins in the January 5, 2012 Reply Memorandum of Kline & Specter, Dkt. # 8024.

3

## **CONCLUSION**

For the foregoing reasons, Kent Williams requests that his motion to be fully compensated paid for his state court time and expense be granted in its entirety.

Dated:  January 13, 2012                    /s/ Kent M. Williams
                                            Kent M. Williams
                                            WILLIAMS LAW FIRM
                                            1632 Homestead Trail
                                            Long Lake, MN  55356
                                            (763) 473-0314
                                            ONE OF THE CLASS COUNSEL FOR
                                            PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE INCURRED IN RELATED STATE COURT ACTIONS and AFFIDAVIT OF KENT M. WILLIAMS ESQ. IN SUPPORT OF MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

Dated:  January 18, 2011                    /s/ Kent M. Williams
                                            Kent M. Williams, Esq.