UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**AFFIDAVIT OF KENT M. WILLIAMS, ESQ. IN SUPPORT OF MOTION FOR MODIFICATION OF LEAD COUNSEL'S ALLOCATION OF FEES**

Kent M. Williams, being duly sworn, deposes and says:

1. I am the owner of Williams Law Firm, one of the Class Counsel in the above-captioned matter. I submit this Declaration in support of the motion by Kline & Specter, P.C., Williams Law Firm, and Jennings Haug & Cunningham, LLP (collectively, "Movants") for modification of Lead Counsel's allocation of fees to include time and expense incurred in related state court actions.

2. I am an attorney in good standing and duly licensed and admitted to the Bar of Minnesota, as well as the United States District Court for the District of Minnesota. I have also been admitted *pro hac vice* to represent parties in numerous state and federal courts around the country, including the District of Massachusetts. The testimony set forth herein is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so.

3. As one of the counsel for plaintiffs and class members in the New Jersey state court case, *International Union of Operating Engineers, Local No. 68 Welfare Fund*

*v. AstraZeneca PLC et al.*, Case No. MON-L-3136-06, my firm performed services as follows: researching, briefing and/or arguing motions to dismiss, for remand, to stay, and for class certification; attending hearings, status conferences, and other court proceedings; conducting factual investigations and other discovery of potential class representatives; drafting, reviewing and revising certain pleadings; drafting and editing discovery requests to certain Defendants; reviewing documents and other discovery produced by Defendants; negotiating discovery and other issues with certain defense counsel, and attending strategy meetings with co-counsel. From inception through November 1, 2007, my firm expended 306.25 hours. My total lodestar was $177,218.75, and my expenses were $6,474.70.

    4.    As one of the counsel for plaintiffs and class members in the New Jersey state court case, *Swanston v. TAP Pharmaceutical Products Inc. et al.*, Case No. CV2002-004988, my firm performed services as follows: researching, briefing and/or arguing motions to dismiss, for remand, to stay, for class certification, and for summary judgment; attending hearings, status conferences, and other court proceedings; conducting factual investigations and other discovery of potential class representatives and third parties; reviewing and revising certain pleadings; reviewing documents and other discovery produced by Defendants; and attending strategy meetings with co-counsel. From inception through March 4, 2009, I expended 953.75 hours. My total lodestar was $532,627.50, and my expenses were $14,266.13.

    5.    I performed all tasks diligently and competently. The above figures reflect historical rates that my firm charged, and collected from, hourly clients paying for services on a non-contingent basis, or on which my firm has petitioned for fee awards

from other courts. Moreover, the above expenses were recorded as they were incurred, and are reflected in my firm's records which were created from invoices, receipts, and other proofs of charges and payments.

6. Thus, for the New Jersey and Arizona state court cases, from inception through the dates the overlapping claims were dismissed in those actions, my firm's total lodestar is $709,846.25, and my firm's total expense is $20,092.96.

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the foregoing is true and correct.

Executed this 21st day of November, 2011.

_____
Kent M. Williams