UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

**DECLARATION OF ADAM S. LEVY IN SUPPORT OF
MOTION FOR MODIFICATION OF LEAD COUNSEL'S
ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE
INCURRED IN RELATED STATE COURT ACTIONS**

I, Adam S. Levy, declare and state as follows:

1. I am the sole owner of the Law Office of Adam S. Levy, LLC.[1] My firm and/or I (collectively "Levy") have performed work on behalf of plaintiffs and the Classes, and that otherwise benefitted the Classes, in this action. I submit this Declaration in support of the Motion for Modification of Lead Counsel's Allocation of Fees to Include Time and Expense Incurred in Related State Court Actions, and Levy's Joinder in that Motion.[2]

2. I am an attorney in good standing and duly licensed and admitted to the Bars of the Commonwealth of Pennsylvania and the State of New Jersey, the United States District Courts for the Eastern District of Pennsylvania, the Middle District of Pennsylvania, and the District of New Jersey, and the United States Courts of Appeals for the Third and Sixth Circuits. The information set forth in this Declaration is based on first-hand knowledge about which I could and would testify competently in open court if called upon to do so.

---

[1] Formerly Law Office of Adam S. Levy.

[2] *See* Amended Notice of Joinder in Motion for Modification of Lead Counsel's Allocation of Fees to Include Time and Expense Incurred in Related State Court Actions, Dkt. No. 7939.

3.	Levy requests that its time and expense incurred in the companion state court actions in New Jersey (*International Union of Operating Engineers, Local No. 68 Welfare Fund v. AstraZeneca et al.*, Case No. MON-L-3136-06) and Arizona (*Swanston v. Tap Pharmaceutical Products et al.*, Case No. CV 2002-004988) ("companion state court actions") over the "relevant period" (described below) be included in any allocation of attorney fees undertaken by Lead Counsel in this case.

4.	Levy served as one of the counsel for plaintiffs and putative classes in the companion state court actions. Levy's request with respect to the time and expense incurred in the companion state court actions includes all of Levy's time and expense incurred in any capacity in which Levy served as counsel for and performed work on behalf of plaintiffs and putative classes in the companion state court actions at any time from the inception of Levy's work (*i.e.* April 14, 2006 in the New Jersey action and December 4, 2007 in the Arizona action) through the dates that the overlapping claims in the companion state court actions were dismissed ("relevant period"). The overlapping claims were dismissed from the New Jersey action on November 5, 2007 and from the Arizona action on March 3, 2009. *See* Memorandum in Support of Motion for Modification, Dkt. No. 7909, at 4.

5.	As one of the counsel for plaintiffs and putative classes in the companion state court actions, I performed services over the relevant period including, but not necessarily limited to, the following: factual research, investigation and review of pleadings, documents and client records to assist with projects; conducting and analyzing legal research and preparing motions, legal memoranda and briefs (and oppositions to defendants' motions, memoranda and briefs), including, but not limited to, motions to dismiss on substantive and jurisdictional issues, discovery disputes, and class certification; drafting stipulations; researching issues relating to,

drafting, and briefing disputed issues regarding, a consent protective order; drafting case management orders and responding to and assisting in resolution of disputed issues regarding same; conducting negotiations, conferences, meetings, and corresponding with defense counsel on various matters, issues and disputes; drafting correspondence to or agendas for the Court or special master; preparing for or assisting in preparation for, and attending, hearings and proceedings; preparing detailed analyses of important legal and factual issues and strategizing with co-counsel; handling matters relating to certain defendants that were my responsibility; and conducting research and assisting with issues regarding dismissal of overlapping defendant claims.

6. In the companion state court actions, over the relevant period, I worked a total of 871.75 hours (consisting of 803.25 hours in the New Jersey action and 68.50 hours in the Arizona action) on behalf of plaintiffs and putative classes. The total lodestar amount for these hours based on my firm's historical hourly billing rates (*i.e.*, the rates my firm – absent any other affiliation – ordinarily charged or would ordinarily have charged a client for my services in effect when this work was performed) is $398,455.00 (consisting of $364,856.25 in the New Jersey action and $33,598.75 in the Arizona action). Levy has not received payment for any this lodestar. These historical hourly billing rates are the same or similar rates that my firm ordinarily charged or would ordinarily have charged in any other class action or to an hourly client paying for my firm's services on a non-contingent basis over the same period and are or ordinarily would have been the basis for my firm's fee requests from other courts (absent any other affiliation). These figures were derived from computerized records that were contemporaneously generated and kept by Levy in the ordinary course of business. Time

expended on preparing this application for fees and reimbursement of expenses has not been included in these hours and lodestar.

7. In addition, in the companion state court actions, over the relevant period, Levy incurred a total of $13,354.83 in expenses (consisting of $13,179.55, including case assessments, in the New Jersey action and $175.28 in the Arizona action) in connection with the prosecution of these litigations. None of these expenses have been reimbursed to Levy.

8. Levy recorded these expenses as they were incurred, and they are reflected in its computerized bookkeeping records which were created from invoices, receipts and other proofs of the charges and payments.

9. Thus, for these companion state court actions, over the relevant period, Levy's total historical lodestar is $398,455.00 and total expenses incurred are $13,354.83. This lodestar and these expenses are in addition to Levy's lodestar and expenses arising from Levy's work performed directly in this MDL.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th Day of January, 2012.

*[signature]*
Adam S. Levy