UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>TRACK TWO SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

### DECLARATION OF STEVE W. BERMAN IN SUPPORT OF LEAD CLASS COUNSEL'S SUPPLEMENTAL OPPOSITION TO THE WILLIAMS MOTION TO MODIFY LEAD COUNSEL'S ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE INCURRED IN STATE COURT ACTIONS

I, Steven W. Berman, duly declare under penalty of perjury as follows:

1. I am a partner of Hagens Berman Sobol Shapiro LLP, resident in its Seattle, Washington office, and I am co-lead counsel for Plaintiffs. I submit this Declaration in support of Plaintiffs' Supplemental Opposition to the Williams Motion to Modify Lead Counsel's Allocation of Fees to Include Time and Expense Incurred in State Court Actions.

2. A review of the Pennsylvania Commonwealth Court file in the Pennsylvania Attorney General *AWP* case ("Pennsylvania AG case") indicates that, among the J&J trial witnesses identified by plaintiff were the following nine persons, all of whom were deposed in the *AWP* MDL litigation:

   * John Hoffman (Centocor's designee)
   * Julie McHugh
   * Michael Ziskind

      *   Joseph Scodari
      *   Thomas Hirjak
      *   Diane Ortiz
      *   William Parks
      *   Gary Reidy
      *   Catherine Piech

3.  A review of the Pennsylvania Commonwealth Court file could find no evidence that any of these J&J employees were deposed in the Pennsylvania AG case. As detailed in Exhibit "B" below, Plaintiffs in the Pennsylvania AG case could only take depositions of persons previously deposed in the *AWP* MDL for good cause shown.

4.  A review of the Commonwealth Court file also reveals that many of the Plaintiff's trial exhibits in the Pennsylvania AG case were documents used originally at *AWP* MDL depositions. For J&J alone these include:

      *   Centocor Exhibits 3, 4 and 5
      *   McHugh Exhibit 3
      *   Ziskind Exhibit 8
      *   L. Glassco Exhibits 1 and 9
      *   Ortiz Exhibits 4, 5, 8 and 15
      *   Dooley Exhibit 3A

5.  Attached hereto as Exhibit "A" are true and correct copies of three Pennsylvania AG case trial exhibits against J&J *which still have the original deposition exhibit stickers from their MDL depositions*.

6.  Attached as Exhibit "B" is a true and correct copy of a BMS Memorandum of July 30, 2010, which details the history of discovery disputes in the Pennsylvania AG case, the prior ruling of the Court concerning re-deposing employees of defendants and stating that Plaintiffs never offered good cause to re-depose any employees of defendants, at pp. 3-5, 7.

7. Attached hereto as Exhibit "C" is a true and correct copy of the Second Amended Complaint in the Arizona *Lupron* case (*Swanston v. Tap Pharmaceutical Products, Inc.*).

8. Attached hereto as Exhibit "D" is a true and correct copy of June 8, 2009 Ruling in the Arizona *Lupron* case.

9. Attached as Exhibit "E" is a true and correct copy of Judge Stearns January 26, 2005 Order in the *Lupron* MDL.

10. Attached hereto as Exhibit "F" is a true and correct copy of Implementation Agreement that resolved all claims with K&S and Mr. Swanston in the *Lupron* MDL litigation.

11. Attached hereto as Exhibit "G" is a true and correct copy of Objection to Fee Petition dated April 11, 2005 filed in the *Lupron* MDL litigation.

12. Attached hereto as Exhibit "H" is a true and correct copy of the July 21, 2011 Order of the Commonwealth Court in the Pennsylvania AG case relating to settlements with Aventis, Bayer, Schering and Pfizer and awarding fees.

13. Attached hereto as Exhibit "I" is a true and correct copy of the Arbitration Decision and Award dated May 18, 2010 between K&S and Don Haviland.

14. Attached hereto as Exhibit "J" is a true and correct copy of the Pennsylvania Commonwealth's July 22, 2001 Brief – seeking to pay fees to Kent Williams based on *Quantum Meruit*. Note that the underlining in this Exhibit was made by counsel, and does not appear in the original version.

15. Lead counsel reviewed the detailed time records provided by K&S in the Arizona *Lupron* case and were unable to identify entries related to drugs at issue in the

MDL. A number of the entries relate to time devoted to filing and serving the complaint, routine issues like extensions of time and the filing of applications for *pro hac vice*, internal status meetings, legal research, internet research and the review of publicly filed documents. Specific drugs are rarely mentioned in the time entries and, because it is unclear which drugs at issue in the Arizona *Lupron* case were also at issue in the *AWP* MDL, one cannot assume that every entry mentioning an MDL defendant relates to drugs also at issue in the MDL. We can advise the Court, however, that no work in the Arizona *Lupron* case was ever used in the MDL.

16. Attached hereto as Exhibit "K" is a true and correct copy of an excerpt of the December 1, 2006 hearing transcript in the *Bridgeport Fire Litigation*. Mr. Haviland testified that, in December of 2005, he and Shanin Specter discussed the possibility of Mr. Haviland's departure and of the entire class action practice going with Mr. Haviland.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of January, 2012.

                                                      /s/ Steve W. Berman
                                                    STEVE W. BERMAN

5

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF LEAD CLASS COUNSEL'S SUPPLEMENTAL OPPOSITION TO THE WILLIAMS MOTION TO MODIFY LEAD COUNSEL'S ALLOCATION OF FEES TO INCLUDE TIME AND EXPENSE INCURRED IN STATE COURT ACTIONS,** to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on January 17, 2012, a copy to LexisNexis File & Serve for posting and notification to all parties.

                              By      **/s/ Steve W. Berman**
                                     Steve W. Berman
                                     **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                     1918 8th Avenue, Suite 3300
                                     Seattle, WA  98101
                                     (206) 623-7292