# Exhibit D

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
06/10/2009 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                        06/08/2009


                                          CLERK OF THE COURT
HONORABLE JOHN A. BUTTRICK              K. Sinclair/C. Castro
                                                Deputy



ROBERT J SWANSTON                    HARRY J MILLER III

v.

TAP PHARMACEUTICAL PRODUCTS INC, et
al.


                              ANDREW ABRAHAM
                              JOSEPH G ADAMS
                              MARTIN A ARONSON
                              DONALD W BIVENS
                              GEORGE I BRANDON
                              ELISSA F BURGESS
                              OBER KALER PC
                              120 E BALTIMORE STREET, 11TH
                              FLOOR
                              BALTIMORE MD  21202-1634
                              TIMOTHY BURKE
                              PATRICK G BYRNE
                              BRIAN A CABIANCA
                              ROBERT M CASALE
                              250 WEST MAIN STREET
                              BRANFORD CT  06405
                              DALE SAMUEL COFFMAN
                              CURTIS COLEMAN
                              916 SOUTH EVANS STREET
                              PO BOX 588
                              GREENEVILLE NC  27835-0588
                              CHRISTOPHER COLEMAN
                              PO BOX 588
                              GREENVILLE NC  27835-0588
                              PAUL J COVAL

Docket Code 019                Form V000A                        Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                    06/08/2009

52 EAST GAY STREET
PO BOX 1008
COLUMBUS OH  43216-1008
DAWN L DAUPHINE
JOHN E DEWULF
EDWARD C DUCKERS
HOGAN AND HARTSON
555 13TH ST, NW - SUITE 13-W
WASHINGTON DC  20004
KIMBERLY A DUNNE
SIDLEY AUSTIN BROWN & WOOD
555 W. 5TH STREET 40TH FLOOR
LOS ANGELES CA  90013
STEVEN EDWARDS
HOGAN AND HARTSON
875 THIRD AVENUE
NEW YORK NY  10022
ANDREW S GORDON
ANDREW F HALABY
BARRY D HALPERN
S CRAIG HOLDEN
OBER KALER GRIME AND SHRIVER
120 EAST BALTIMORE STREET
BALTIMORE MD  21202
CURTIS A JENNINGS
LYDIA A JONES
MICHAEL K KENNEDY
JEFFREY S LEONARD
WILLIAM J MALEDON
KATHLEEN H MCGUAN
1301 K STREET NW
SUITE 1100  EAST TOWER
WASHINGTON DC  20005
VINCENT J MONTELL
CHANDLER M MULLER
1150 LOUISIANA AVE, SUITE 2
PO BOX 2128
WINTER PARK FL  32789
MICHAEL J O'CONNOR
BRIEN T O'CONNOR

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                          06/08/2009

ROPES AND GRAY
ONE INTERNATIONAL PLACE
BOSTON MA  02110
JOHN M O'NEAL
RODNEY W OTT
PAMELA M OVERTON
RANDALL S PAPETTI
ETHAN M POSNER
COVINGTON AND BURLING
1201 PENNSYLVANIA AVE. NW
WASHINGTON DC  20044-7566
MARY G PRYOR
JANIS POSNER RAYNAK
JOHN RILEY
VAIRA & RILEY
1600 MARKET ST. - SUITE 2650
PHILADELPHIA PA  19103-7226
PHILLIP ROBBIN
KELLEY DRYE AND WARREN
101 PARK AVENUE
NEW YORK NY  10178
CHARLENE ROBERTSON
MICHAEL T SCOTT
25 ONE LIBERTY PLACE
1650 MARKET STREET
PHILADELPHIA PA  19103-7301
SCOTT SEMPLE
MORGAN LEWIS AND BOCKUIS
1111 PENNSYLVANIA AVE. NW
WASHINGTON DC  20004
JONATHAN SHUB
SHELLER LUNDWIG AND BADEY
1528 WALNUT ST, 3RD FLOOR
PHILADELPHIA PA  19102
ROBERT R STAUFFER
JENNER AND BLOCK
ONE IBM PLACE, 45TH FLOOR
CHICAGO IL  60611
JAY TODD STEWART
PAUL L STOLLER

Docket Code 019                    Form V000A                    Page 3

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                              06/08/2009

PHILIP C TOWER
LAUREN J WEINZWEIG
JOHN C WEST
D SCOTT WISE
DAVID POL WARDWELL
450 LEXINGTON AVE
NEW YORK NY  10017
JOSEPH H YOUNG
HOGAN AND HARTSON
111 S CALVERT ST, SUITE 1600
BALTIMORE MD  21202


RULING

Defendants' Motion for Summary Judgment, filed August 6, 2008, was fully briefed and argued orally on May 29, 2009.  The Motion was taken under advisement at that time.

The Plaintiff in this putative class action, Robert J. Swanston ("Swanston"), seeks damages for alleged overpayments made for Lupron and other prescription drugs.  The Second Amended Complaint ("SAC"), filed December 20, 2002, alleges that Swanston purchased only Lupron at the Average Wholesale Price ("AWP"), the price Swanston maintains was fraudulently inflated.  SAC at para. 44.

Defendants' Motion asserts that Swanston lacks standing to bring this claim on behalf of himself or the putative class.

Of course "persons seeking redress in Arizona courts must first establish standing to sue." Bennett v. Brownlow, 211 Ariz. 193, 195 (2005).  To achieve standing it is required that Plaintiffs "show a particularized injury to themselves." Id. at 196.

These precepts apply in putative class actions.  "A putative class representative who does not have standing cannot maintain a class action on behalf of others who could allege standing." Karbal v. Arizona Dep't of Revenue, 215 Ariz 114, 116 (App. 2007) (affirming dismissal of class action for lack of subject matter jurisdiction).  Key to a showing of standing is the existence of "injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversy's outcome." Id.

Docket Code 019                         Form V000A                              Page 4

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                                    06/08/2009


Here the injury requirement could be met by Swanston if there is evidence supporting the allegations of paragraph 44 of the SAC.  More specifically, Swanston would have standing if he could show injury through his purchase of Lupron at the AWP as alleged.  However, the evidence adduced to date fails to establish such a purchase.  In fact, as set forth in detail in Defendants' Statement of Facts supporting the instant motion, Swanston's Lupron purchases fall into two categories, those for which the price charged was not AWP and those for which the cost of Lupron was paid for completely by a combination of Medicare and secondary insurance.  As to that second category, Swanston never paid any AWP amounts out of pocket which were not reimbursed to him in their entirety.[1]

Since he did not suffer any "distinct and palpable injury" (or any injury at all), Swanston does not have standing to bring this suit as class representative or otherwise.

Defendants' Motion is granted.

On May 28, 2009, the day before the scheduled oral argument on this Motion, Swanston filed Plaintiff's Motion to File an Amended Controverting Statement of Facts and to Supplement the Record, or in the Alternative, for Rule 56 (f) Continuance ("Swanston Motion").  That Motion seeks to change Swanston's position on the key issue of what relevant drugs he purchased.  Both the SAC and Swanston's Statement of Facts submitted in response to Defendants' Motion for Summary Judgment take the position that only Lupron was purchased by Swanston during the defined putative class period.  Swanston asserts that since the group of drugs at issue in the case have recently narrowed, he should be permitted to change positions and recant his prior admission despite the fact that the documents he relies upon to support this assertion were admittedly in his possession years ago and were disclosed in this action.  This argument is unpersuasive.  If the range of drugs at issue had unexpectedly expanded or if the SAC had been amended to include other drugs then his position might have merit, but neither of those events occurred.

Similarly, the Swanston Motion's alternative request, that Defendants' Motion should remain undecided while additional discovery is conducted, is not well taken.  To obtain relief under Ariz. R. Civ. P. 56 (f) a party must present an affidavit informing the Court of "the particular evidence beyond the party's control."  Magellan S. Mountain Ltd. P'ship v. Maricopa County, 192 Ariz. 499, 502 (App. 1998) (citing Lewis v. Oliver, 178 Ariz. 330, 338 (App. 1993) (emphasis added).  Here no serious showing has been made that Swanston was unaware of which medications he was taking and purchasing.  Instead, counsel candidly admit they began to "re-

---

[1] Swanston attempts to argue that the collateral source rule bars consideration of the insurance payments.  But his expansive interpretation of that rule is unsupported by citation to any authority applicable to this set of facts.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2002-004988                                          06/08/2009

examine" the issue of what drugs Swanston purportedly took only during the pendency of Defendants' Motion for Summary Judgment when the number of drugs at issue decreased due to other rulings.  [Swanston Motion at para. 11]

     Swanston's Motion is denied.

     Plaintiff's Motion for Determination that Action May Proceed as Class Action, filed December 20, 2009, and taken under advisement May 7, 2009, is now denied as moot in light of the above ruling.

     Defendants shall prepare and submit a form of judgment on or before June 30, 2009.

     This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp