# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 1430
MASTER FILE NO. 01-CV-10861-RGS

IN RE: LUPRON® MARKETING AND
SALES PRACTICES LITIGATION

ORDER ON MDL PLAINTIFFS' MOTION
TO ENJOIN SPECIFIC CONDUCT

January 26, 2005

STEARNS, D.J.

On Friday, January 21, 2005, the court heard, among others,[1] the Multi-District Litigation (MDL) Plaintiffs' Motion to Enjoin Specific Conduct. By way of background, on December 21, 2004, the court, in response to complaints from the MDL parties that the law firm of Kline and Specter (K&S) had posted on its Lupron®-related websites false and misleading information concerning both the MDL settlement and the status of the Lupron® state court litigation, and had improperly solicited opt-outs from the MDL settlement, issued the following injunctive order.

> K&S is to remove forthwith the "Register for the Lupron Class Action" field from its Lupron websites (including but not limited to www.lupronlaw.com and www.lupronclass.com.). K&S will produce within five business days to the court a complete list of any "registrations" that occurred prior to the issuance of this injunction. The list may be submitted under seal pending further orders of the court. K&S will immediately place information in a prominent location on its Lupron®-related websites clearly explaining that the content of these sites has not been approved by the MDL court and that the sites are not affiliated with the MDL plaintiffs' counsel.

---

[1] The court also heard Intervenor's Motion to Modify Order of December 21, 2004, and Defendants' Supplemental Emergency Motion for Hearing. The first of these motions will be addressed separately. The second is moot.

K&S complied with the court's order regarding the websites. Believing that the matter had been addressed by K&S's compliance, the court cancelled the hearing it had scheduled for January 6, 2005, to consider the additional relief requested by the MDL parties.

Unbeknownst to the court, on December 29, 2004, K&S, through Donald E. Haviland, Jr., Esq., a member of the firm, had by first class mail addressed a letter to each of the Lupron® purchasers who had registered on the K&S websites.[2] The letter begins by pointing out that the previously certified North Carolina national class action had been decertified "recently" (in fact, it was decertified by the North Carolina Court of Appeals on July 6, 2004) and that nonresidents of North Carolina "are no longer included in and being protected by the North Carolina case." The letter further states that previous registrants "may have to affirmatively protect their rights going forward" by opting out of the MDL settlement and by completing a K&S Retainer Agreement.[3] The letter then presents a thoroughly misleading description of the MDL proposed settlement stating that MDL claimants will receive only 3 cents on each dollar of their actual damages. Finally, the letter is signed by Haviland as "Co-Lead Counsel for State Court Plaintiffs and the State Court Classes," a phrasing that would lead a reader to believe that a class action paralleling the MDL national action is pending in his or her own state.

---

[2] According to the list submitted under seal by K&S, some 7,000 prospective clients had registered with K&S, of whom some 600 are residents of New Jersey and North Carolina, the states in which K&S has obtained certification of state class actions.

[3] How K&S proposes to represent residents of states in which it neither has an action pending nor is licensed to practice law is not revealed, although at the hearing a lawyer appearing for K&S suggested that the judge presiding in the North Carolina state class action might permit non-residents to intervene individually in that case.

2

After hearing and consideration of the parties' arguments and pleadings, the court agrees with the MDL parties that the K&S December 29, 2004 "Dear Client" letter is misleading and inaccurate. In order to protect the integrity of MDL settlement process, the court will order the sending of curative notice to all recipients of the December 29, 2005 letter. See Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."). A curative notice should address, among other matters, the actual terms of the MDL settlement, the fact that at present K&S can represent only residents of North Carolina and New Jersey who properly opt out of the MDL action, that a hearing on the fairness of the MDL settlement to Lupron® purchasers will be held in Boston on April 13, 2005, and that depending on the version adopted by Congress, the Class Action Fairness Act may extinguish any right to a state class recovery altogether. MDL counsel will submit a proposed form of curative notice to the court and to K&S by the close of business on Monday, January 31, 2005. K&S will have until the close of business on Thursday, February 3, 2005, to submit comments regarding the final version of the court-approved notice. K&S will also provide the court with authority supporting its position that the identities and addresses of the Lupron® purchasers who have registered on its websites are protected by attorney-client privilege. The court notes in this regard that such information is not ordinarily deemed privileged even in the harsher context of the criminal law. See In re Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1488 (10th Cir.1990) ("It is well recognized in every circuit, . . . that the identity of an attorney's client and the

3

source of payment for legal fees are not normally protected by the attorney-client privilege."); United States. v. Saccoccia, 898 F. Supp. 53, 59 (D.R.I. 1995) (absent special circumstances, the disclosure of fee information and client identity is not privileged even though it might incriminate the client); United States v. Gertner, 873 F. Supp. 729, 734-735 (D. Mass. 1995), aff'd 65 F.3d 963 (1st Cir. 1995) (same). Absent countervailing authority it is the court's intention to release the list now held under seal to the MDL parties with the direction that the curative notice be mailed as part of the MDL notice process.

                        SO ORDERED.

                        /s/ Richard G. Stearns

                        _____
                        UNITED STATES DISTRICT JUDGE

.