# Exhibit F


06/10/05
03:55 PM ET

# IMPLEMENTATION AGREEMENT BETWEEN AND AMONG MDL PLAINTIFFS, MDL CLASS COUNSEL, DEFENDANTS AND K&S GROUP

This agreement (the "Implementation Agreement") is entered into between and among (i) MDL Plaintiffs; (ii) MDL Class Counsel; (iii) TAP Pharmaceutical Products Inc. ("TAP"), Abbott Laboratories, and Takeda Pharmaceutical Company Limited (f/k/a Takeda Chemical Industries, Ltd.) (collectively, the "Defendants"); (iv) the Kline & Specter Group (as defined in Paragraph 1 below); and (v) Milton Greene, Steve Rowan, Valerie Samsell (for herself and on behalf of her two minor children, Alexandra and Ariel) and Robert Swanston, in order to resolve various pending issues relating to implementation of the Settlement Agreement and Release dated November 15, 2004 in conjunction with the matter of *In re: Lupron® Marketing and Sales Practices Litigation*, MDL 1430 (D. Mass) (the "Class Agreement"). Unless otherwise defined herein, all capitalized terms used in this Implementation Agreement have the meaning ascribed to them in the Class Agreement.

1. **K&S Group.** The K&S Group is defined to include Kline & Specter, P.C. and all other law firms listed in the affidavit of Donald E. Haviland, Jr. that was submitted by Mr. Haviland to Jeff Kodroff on or about May 6, 2005.

2. **Effective Date.** This Implementation Agreement becomes effective when Judge Stearns agrees by Order or otherwise (i) to allow the former Consumer Opt-Outs to participate and file claims in the MDL settlement; and (ii) to increase the award to each Authorized Consumer Claimant from 30% to 50% of his or her out of pocket payments for Lupron® or $100, whichever is greater.

3. **Withdrawal of Pending Motions.** In exchange for the execution of this Implementation Agreement, the K&S Group, MDL Plaintiffs, and Defendants will withdraw all pending motions and related submissions that have been filed in MDL 1430 relating to (i) the payment of fees and costs to the K&S Group; or (ii) the requests for exclusion from the Lupron® Purchaser Class submitted by the K&S Group on behalf of certain class members. These filings will be withdrawn within 3 business days after this Implementation Agreement becomes effective, as described in paragraph 2 above.

4. **Implementation Motions.** The K&S Group agrees that, regardless of Judge Stearns' rulings on the implementation motions (specifically identified in paragraphs 9 and 11 below), the K&S Group will file no objection to or appeal from such rulings.

5. **Increased Award to Authorized Consumer Claimants.** The MDL Plaintiffs and Defendants will make a joint request (which will be supported by the K&S Group) that Judge Stearns increase the award to each Authorized Consumer Claimant from 30% to 50% of his or her out-of-pocket payments for Lupron® or $100, whichever is greater. This request is consistent with Judge Stearns' May 12, 2005 Order and with the statements made by counsel at the fairness hearing.

6. **K&S Opt-Outs.** The K&S Group agrees that, if the award to consumers is increased to 50% of their out-of-pocket payments for Lupron treatments, then the MDL settlement will be, in the opinion of the K&S Group, fair, reasonable and adequate to consumers.



Accordingly, the K&S Group, at its sole expense, will use its best efforts to contact each of its clients (other than the named plaintiffs in the *Walker* and *Stetser* actions, who will be settling separately with Defendants) and to secure those clients' agreement to rescind their opt-out requests and to participate as class members and file claims in the MDL settlement. The parties may also request that Judge Stearns issue a notice to Consumer Opt-Outs to assist in the process of inviting them to participate and file claims in the MDL settlement. The K&S Group represents that it is receiving no fee or other remuneration for its work on behalf of consumers in Lupron® Pricing Litigation other than pursuant to this Implementation Agreement and the separate agreement between the K&S Group and Defendants.

7. Opportunity for Former Consumer Opt-Outs to Participate in MDL Settlement. MDL Plaintiffs will support a request made by the K&S Group and Defendants that Judge Stearns permit all of the persons on whose behalf the K&S Group has submitted a request for exclusion from the Lupron® Purchaser Class, or whom the K&S Group otherwise represents (including the 59 people that are the subject of the K&S Group's pending *Motion for Leave to Be Excluded from the Proposed Settlement Class in MDL 1430*), to rescind those requests for exclusion, and to participate and file claims in the MDL settlement as class members. As part of this request, the K&S Group and Defendants (with the support of the MDL Plaintiffs) will ask Judge Stearns to extend the period for filing claims until 30 days after execution of this Implementation Agreement, to allow any former Consumer Opt-Outs to submit proofs of claim to the Claims Administrator. MDL Class Counsel may seek similar accommodations for any Consumer Opt Outs that are not represented by the K&S Group, such that all Consumer Opt Outs have the opportunity to participate in the MDL settlement. All former Consumer Opt-Outs who agree to rescind their notices of exclusion and to participate in the MDL settlement as class members will be subject to the release in the Class Agreement.

8. Cooperation by Claims Administrator. The parties will seek cooperation from the Claims Administrator in providing information about the status of Consumer Opt-Outs (including providing an alphabetical list of all Consumer Opt-Outs) and about which of the consumers represented by the K&S Group has filed a proof of claim.

9. Incentive Awards to Intervenors/Objectors. MDL Plaintiffs, the K&S Group and Defendants will jointly request that Judge Stearns award incentive payments of $2,500 each from the settlement fund to both of Valerie Samsell's daughters (Alexandra and Ariel), Milton Greene, Robert Swanston, and Steve Rowan (for a total of no more than $12,500) to acknowledge their efforts as intervenors and/or objectors who testified or otherwise participated in the fairness hearing. This request is deemed an implementation motion. Accordingly, if Judge Stearns concludes that these proposed incentive payments would be beyond the terms of the Class Agreement or the Notice Plan or otherwise should not be awarded, the refusal to award these amounts from the settlement fund will have no effect on the parties' obligations under this Implementation Agreement.

10. Steve Rowan. After hearing the testimony of Mr. Rowan at the fairness hearing, counsel for the H. Lee Moffitt Cancer Center (where Mr. Rowan received his Lupron® treatments) was contacted, and he advised that the Moffitt Center will forgive Mr. Rowan's remaining balance for his Lupron® treatments, subject to any payments that are still due from Mr. Rowan's insurance carrier. To date, Mr. Rowan has filed two proofs of claim with the

-2-

Case 1:01-cv-12257-RBS   Document 8042-8   Filed 04/17/12   Page 4 of 16



SERVED
06/10/05
03:55 PM ET
Lupron

Claims Administrator. Pursuant to this Implementation Agreement, he will participate in the MDL settlement as a class member and will submit to the Claims Administrator one amended proof of claim that sets forth the amount he has actually paid out of pocket for his Lupron® treatments. Mr. Rowan's payment from the Consumer Settlement Pool will be based upon that amended proof of claim.

11. <u>Award of Attorneys' Fees</u>. The MDL Plaintiffs, MDL Class Counsel, Defendants and the K&S Group will jointly request that Judge Stearns permit the K&S Group to submit a petition for its reasonable fees and costs relating to its efforts in Lupron® Pricing Litigation. The K&S Group petition for fees and costs will be submitted to Judge Stearns no later than June 10, 2005. In conjunction with the K&S Group petition, and pursuant to the provisions of the Class Agreement relating to payment of attorneys' fees, MDL Plaintiffs, MDL Class Counsel, Defendants and the K&S Group will jointly request that Judge Stearns increase the overall fee award from 25% to 30% of the Class Settlement Fund and award the additional fees (the "5% Increase") to the K&S Group (subject to paragraph 12.3 below). Moreover, MDL Plaintiffs and MDL Class Counsel are content to have the Court decide, in its discretion, what amount, if any, of costs should be awarded to the K&S Group for its efforts in Lupron® Pricing Litigation; they will neither endorse, nor oppose, this request for costs. These requests regarding the payment of fees and costs to the K&S Group from the settlement fund shall be deemed implementation motions. Accordingly, if Judge Stearns declines these requests in whole or in part, that decision will have no effect on the parties' obligations under this Implementation Agreement.

12. <u>Payment to the K&S Group</u>. The parties have agreed that payments will be made to the K&S Group on the following terms:

1. The payments to the K&S Group will be comprised of the following elements: (a) subject to the provisions in paragraph 12.2 and 12.3 below, an amount equal to the 5% Increase (estimated to be approximately $4.3 million); (b) a cash payment of $3 million from MDL Class Counsel; and (c) a cash payment from TAP pursuant to a separate agreement between Defendants and the K&S Group that will be provided to Judge Stearns.

2. The K&S Group, TAP and the MDL Class Counsel have agreed to share as follows the risk that Judge Stearns declines to award to the K&S Group an amount equal to the full value of the 5% Increase pursuant to paragraph 11 above: 1/3 (estimated to be $1.43 million) for each party, with the MDL Class Counsel sharing only the bottom third of the risk. That is, if Judge Stearns awards some but not all of the 5% Increase amount, the K&S Group and TAP will share the first 2/3's of the shortfall equally and MDL Class Counsel's risk sharing obligation will not kick in unless Judge Stearns awards less than 1/3 of the 5% Increase pursuant to paragraph 11 above; and

3. If Judge Stearns awards an amount of fees to the Miller Faucher firm, such fees shall be paid in their entirety from the 5% Increase, if awarded in whole or in part by Judge Stearns.

Case 1:01-cv-12257-RBS Document 8042 Filed 06/24/2005 Page 5 of 16



E-SERVED 06/10/05 03:55 PM ET Lupron

13. <u>MDL Class Counsel's Contribution</u>. MDL Class Counsel shall pay their portion of the K&S fee amount described in paragraph 12.1(b) and 12.2 above on the later of (i) the date on which TAP makes its payment to the K&S Group as described in paragraph 12.1(c) above; or (ii) 10 business days from the distribution to MDL Class Counsel from the Class Settlement Fund of the fees awarded to them by Judge Stearns. If the K&S Group and Miller Faucher are awarded an amount of fees by Judge Stearns from the MDL settlement that would result in the K&S Group and Miller Faucher receiving more than two-thirds of the 5% Increase, then the $3 million contribution from MDL Class Counsel to the K&S Group as set forth in paragraph 12.1(b) above shall be reduced in an amount equal to 1/2 of the difference between two-thirds of the 5% Increase and the total amount of the 5% Increase actually awarded. The provisions of this paragraph remain in effect regardless of whether or not fees are paid to the Miller Faucher firm pursuant to paragraph 12.3 above.

14. <u>Payment Obligations to be Formalized in Court Order</u>. MDL Plaintiffs, MDL Class Counsel, Defendants, and the K&S Group agree that their payment and other obligations pursuant to this Implementation Agreement will be made part of a court order entered by Judge Stearns.

15. <u>No Appeal from Final Judgment in MDL 1430</u>. The intervenors and objectors represented by the K&S Group will not appeal the final judgment entered in MDL 1430. Further, the K&S Group acknowledges that it would be a conflict of interest for any member of that group to represent any other party in any appeal from a final judgment entered in MDL 1430. Intervenors/Objectors Valerie Samsell, Milton Greene, Steve Rowan and Robert Swanston do not, and pursuant to this Implementation Agreement will not, waive this conflict of interest of the K&S Group. Accordingly, the K&S Group will not institute, participate in, or provide assistance of any kind with respect to any appeal on behalf of any person or entity (including a state or any state instrumentality) of the final judgment entered in MDL 1430, and will not serve as counsel to any person or entity that may file an appeal from that judgment, provided that Judge Stearns approves the proposed settlement with the States of Pennsylvania and Minnesota, which filed, by and through their respective Attorneys General, requests for exclusion from the Lupron® Purchaser Class. (The terms of the settlement with Pennsylvania and Minnesota will be set forth in a separate agreement). Additionally, the Attorneys General of Pennsylvania and Minnesota will rescind their opt outs and will not file an appeal from the final judgment entered in MDL 1430. This Implementation Agreement is contingent upon there being no appeal filed from any aspect of Judge Stearns' final judgment entered in MDL 1430 by the K&S Group, any of its present, former, or future attorneys or clients, or the Attorneys General of Pennsylvania or Minnesota, or their representatives or agents. If any of these persons files any appeal of any type such that the Effective Date set forth in the Class Agreement is postponed for a time period longer than 30 days after the entry of a final judgment in MDL 1430, MDL Class Counsel shall have the sole discretion as to whether to declare this Implementation Agreement null and void and to petition Judge Stearns to rescind any orders that he has made relating to this Implementation Agreement. If this Implementation Agreement becomes effective pursuant to paragraph 2 above, and an appeal is nevertheless filed from the final judgment entered in MDL 1430, the parties agree as follows: if the appeal relates solely to the award of attorneys' fees and/or costs made by Judge Stearns (a "fee-only appeal"), then the Effective Date of the Class Agreement (as described in paragraph 7 of the Class Agreement) shall be the date on which the time for filing an appeal from the final judgment entered in MDL 1430 expires, provided that an

Case 1:01-cv-12257-PBS Document 4942-8 Filed 03/24/2006 Page 6 of 16



E-SERVED
06/10/05
03:55 PM ET
Lupron

amount of money equal to the total disputed amount sought in any such fee-only appeal(s) is held back by the Escrow Agent and is not distributed pursuant to the Class Agreement. If the appellant in any such fee-only appeal is successful, these funds shall be used to pay the amount of fees and costs as directed by the appellate court, or by Judge Stearns on remand. If the appellant is unsuccessful, then the monies held back by the Escrow Agent relating to that fee-only appeal can be disbursed pursuant to the Class Agreement after the time for further appeal from the adverse appellate ruling has expired.

16. <u>Contingent Upon Settlement With Pennsylvania and Minnesota</u>. This Implementation Agreement is also contingent upon successful completion of the settlement with the States of Pennsylvania and Minnesota, the details of which are set forth in a separate agreement.

17. <u>First Circuit Appeal</u>. Upon execution of this Implementation Agreement, the K&S Group, MDL Plaintiffs, and Defendants will notify the United States Court of Appeals for the First Circuit about the settlement embodied in this Implementation Agreement, and will ask the First Circuit to stay all proceedings in the pending appeals instituted by the K&S Group from the November 24, 2004 Preliminary Approval Order. The K&S Group will move to dismiss those appeals before the First Circuit within 3 business days after this Implementation Agreement becomes effective pursuant to paragraph 2 above.

18. <u>Release of Claims for Attorneys' Fees and Costs by K&S Group</u>. In exchange for the payments and other consideration provided pursuant to this Implementation Agreement and the separate agreement between Defendants and the K&S Group, and upon this Implementation Agreement becoming effective pursuant to paragraph 2 above, the K&S Group release and forever discharge the MDL Class Plaintiffs (and their counsel) and Releasees (and their counsel) from any and all claims, demands, actions, suits, causes of action, or liabilities of any nature, known or unknown, in law or equity, that they ever had, now have, or hereafter shall, can or may have, directly, representatively, derivatively or in any capacity, arising out of or relating to Lupron® Pricing Litigation, including but not limited to claims for attorneys' fees and/or costs. The K&S Group acknowledges that no attorney-client relationship exists among MDL Class Counsel and any of the persons on whose behalf the K&S Group has submitted a request for exclusion from the Lupron® Purchaser Class (the "K&S Opt-Outs"). If any of the K&S Opt-Outs assert a claim against MDL Class Counsel relating to (i) any statements or other conduct by the K&S Group in connection with Lupron® Pricing Litigation; or (ii) MDL Class Counsel's participation in this Implementation Agreement, then the K&S Group agrees that it will indemnify and hold harmless MDL Class Counsel with respect to any such claim, including payment of any attorneys' fees and costs incurred in defending against any such claim.

19. <u>Release of Claims for Attorneys' Fees and Costs by MDL Plaintiffs and MDL Class Counsel</u>. In exchange for the consideration provided pursuant to this Implementation Agreement (including the release from the K&S Group described above) and the Class Agreement, and upon this Implementation Agreement becoming effective pursuant to paragraph 2 above, the MDL Plaintiffs and MDL Class Counsel release and forever discharge the K&S Group and Releasees (and their counsel) from any and all claims, demands, actions, suits, causes of action, or liabilities of any nature, known or unknown, in law or equity, that they ever had, now have, or hereafter shall, can or may have, directly, representatively, derivatively or in any



capacity, arising out of or relating to Lupron® Pricing Litigation, including but not limited to claims for attorneys' fees and/or costs. Notwithstanding the foregoing, nothing in this paragraph shall affect the rights of MDL Class Counsel pursuant to paragraph 18 of this Implementation Agreement or pursuant to paragraph 11 of the Class Agreement (relating to any settlement reached with a TPP Opt-Out).

20. <u>Submissions to the Court</u>. Prior to making any written submission to the Court pursuant to this Implementation Agreement, the drafter(s) of any such submission will circulate a draft to all of the other parties to this Implementation Agreement and will provide a reasonable period of time for review and comment.

21. <u>Good Faith Efforts</u>. The parties to this Implementation Agreement agree to do everything reasonable to accomplish the elements and purposes of this Implementation Agreement and to do nothing, directly or indirectly, to frustrate the accomplishment of those elements and purposes.

22. <u>Authorization to Enter Implementation Agreement</u>. Undersigned counsel represent that they are fully authorized to execute this Implementation Agreement.

23. <u>No Party Is the Drafter</u>. None of the parties to this Implementation Agreement shall be considered the drafter of this Implementation Agreement or any portion thereof for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter.

24. <u>Execution in Counterparts</u>. This Implementation Agreement may be executed in counterparts. Facsimile signatures shall be considered as valid signatures as of the date thereof.

25. <u>Compromise</u>. This Implementation Agreement and all of the terms herein constitute compromises and offers to compromise covered by F.R.E. 408 and analogous state provisions, and nothing in this Implementation Agreement or its negotiations may be used as evidence in any action between the parties hereto.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Implementation Agreement, which shall be effective as of the date set forth below.

Dated: June 10, 2005



Assented and agreed by and among:

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _Thomas Sobol_ (HAR)
    Thomas M. Sobol

One Main Street, 4th Floor
Cambridge, MA 02142
*Class Plaintiffs' Liaison Counsel*



SPECTOR ROSEMAN & KODROFF

By: _Jeffrey Kodroff_ (HAR) /BY PERMISSION
Jeffrey L. Kodroff

1818 Market Street, Suite 2500
Philadelphia, PA 19103
*Class Co-Lead Counsel*



COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.

By: _____ (HAR) /BY PERMISSION
     Lisa Mezzetti

1100 New York Avenue, N.W., Suite 500, West Tower
Washington, DC 20005
*Class Co-Lead Counsel*



LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _Joseph Saveri_ HAE/BY PERMISSION
Joseph Saveri

275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
*Class Co-Lead Counsel*



FOOTE MEYERS MIELKE AND FLOWERS

By: _Robert Foote (HFL) /BY PERMISSION_
     Robert Foote

416 South Second Street
Geneva, IL 60134

*Counsel for Goetting*
*Liaison Counsel for Coordinated Cases*



JONES DAY

By: _____
Daniel E. Reidy
James R. Daly

77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692

*Counsel for TAP Pharmaceutical Products Inc.*



WINSTON & STRAWN LLP

By: _____
George C. Lombardi
Erik W. Snapp

35 West Wacker Drive
Chicago, IL 60601-9703

*Counsel for Abbott Laboratories*



E-SERVED
06/10/05
03:55 PM ET
Lupron

JENNER & BLOCK LLP

By: _____
Thomas P. Sullivan
Jeffrey D. Colman

One IBM Plaza
41st Floor
Chicago, IL 60611

*Counsel for Takeda Pharmaceutical Company Limited*



KLINE & SPECTER, P.C.

By: /s/ _____ 6/10/05
Shanin Specter

1525 Locust St., 19th Fl.
Philadelphia, PA 19102

*For Kline & Specter, P.C. and on behalf of the K&S Group, and on behalf of Valerie Samsell, Alexandra Samsell, Ariel Samsell, Milton Greene, Steve Rowan, and Robert Swanston*