## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| | THIS DOCUMENT RELATES TO: ALL ACTIONS |
| This Document Relates to: ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS |
| | Judge Patti B. Saris |
| | **Leave to file granted on January 19, 2012** |

### SUPPLEMENTAL DECLARATION OF MARC H. EDELSON IN SUPPORT OF HOFFMAN & EDELSON, LLC'S MOTION FOR A STAY OF CO-LEAD COUNSEL'S DISTRIBUTION OF FEES

1.  I am the co-founder and managing partner of the firm Hoffman & Edelson, LLC.

2.  I submit this Supplemental Declaration in support of this firm's Motion Pursuant to Fed. R. Civ. Proc. 23(h) for Allocation of Fees with regard to the Class Settlements and Recoveries entered into with the AWP Defendants.

3.  The facts set forth in this Declaration are based upon my personal knowledge and documents prepared during the AWP litigations.

4.  Attached at Exhibit 1 (filed under seal) is a true and correct copy of an email to the Co-Leads dated December 29, 2011 which for the first time provides Hoffman & Edelson, LLC with information pertaining to the distribution.

5.  Attached at Exhibit 2 (filed under seal) is a true and correct copy of an email to the Co-Leads dated December 29, 2011, wherein Mr. Berman acknowledges that Hoffman & Edelson, LLC will be filing papers with the court seeking a fair allocation of fees.

6.      Attached at Exhibit 3 (filed under seal) is a true and correct copy of the AWP

Lodestar report indicating each firm's total payments and percentage of lodestar paid to date.

7.      Attached at Exhibit 4 (filed under seal) is a true and correct copy of the

Memorandum dated September 8, 2008 prepared by Hagens Berman regarding the GSK Fee

and Expense Award.  The allocations proffered by Mr. Berman were and continue to be

wholly subjective and designed to award his firm upwards of fifty percent (50%) of the fee

award allocated to Co-Lead Counsel at the expense of Hoffman & Edelson, LLC.  The

proposed allocation was done after nearly seven (7) years of litigation, and thousands of

hours of lodestar and millions of dollars of expenses incurred. It was also done after virtually

all of the risk in the case was resolved.

8.      While Hoffman & Edelson, LLC ultimately agreed to a slight modification of

the original GSK proposal it was done so reluctantly and without waiving any right to seek

court intervention in the future.  Attached at Exhibit 5 (filed under seal) is an email from

Marc H. Edelson to the other Co-Leads documenting this position.

9.      The GSK allocation is not transparent or fair and discounts Hoffman &

Edelson, LLC's contribution to this case.  The approximate reduction in lodestar of thirty-

four percent (34%) is equivalent to the nonpayment of nine thousand eight hundred seven

hours (9,807) of time worked based on the firm's current time of twenty eight thousand eight

hundred forty five hours (28,845).  There is no justification for any adjustment, let alone a

deduction of this magnitude.  It is being done solely to increase the return of the other Co-

Lead counsel.

10.     The allocation of the AZ and BMS fees was done without consultation with

Hoffman & Edelson, LLC.  The letter sent to all counsel attached as Exhibit 1 to the

Declaration of Steve W. Berman was never provided to Hoffman & Edelson, LLC prior to the court filing.

11.    Hoffman & Edelson, LLC deserves to be compensated at the same rate as the other Co-Lead counsel.

12.    While Mr. Berman in his Opposition references that the Co-Leads would attempt to resolve any grievances prior to the Track 2 distribution, we are highly dubious that such a resolution will be made.  The original GSK distribution was unfair and the recent distribution of the AZ and BMS fees based on the same subjective criteria was unfair as well. Co-Lead Counsel should be required to reallocate the prior distributions so that each Co-Lead counsel firm is receiving its proportionate share.  Further, the Track 2 fee award should be held in escrow and Lead Counsel should not be permitted to issue further fee awards without first filing the proposed allocation with the Court to permit firms an opportunity to respond to the fairness of the allocation.

I certify under penalty of perjury that the foregoing is true and correct.


Executed this 17th day of January, 2012

                                        /s/ Marc H. Edelson
                                        Marc H. Edelson
                                        Hoffman & Edelson, LLC

# Exhibit "1"

**FILED UNDER SEAL**

# Exhibit "2"

**FILED UNDER SEAL**

# Exhibit "3"

**FILED UNDER SEAL**

# Exhibit "4"

**FILED UNDER SEAL**

# Exhibit "5"

**FILED UNDER SEAL**