# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |
| In re: South Carolina Pharmaceutical Pricing Litigation | Master Caption Number: 2006-CP-40-4394 |
| This Documents Relates To: ALL ACTIONS | |
| Civil Action Number: 06-CP-40-4394<br>Civil Action Number: 06-CP-40-7152<br>Civil Action Number: 06-CP-40-7154<br>Civil Action Number: 06-CP-40-7155<br>Civil Action Number: 06-CP-40-7156<br>Civil Action Number: 06-CP-40-7157<br>Civil Action Number: 06-CP-40-7158<br>Civil Action Number: 07-CP-40-0280<br>Civil Action Number: 07-CP-40-0285<br>Civil Action Number: 07-CP-40-0286<br>Civil Action Number: 07-CP-40-0287<br>Civil Action Number: 07-CP-40-0591<br>Civil Action Number: 07-CP-40-0592 | **THIRD AMENDED<br>SCHEDULING ORDER** |

To establish and facilitate the orderly progression of these cases toward trials and final disposition, the Court deems it appropriate now to ORDER and DIRECT a first amended discovery and trial scheduling order as follows:

1.  **FACT DISCOVERY**.  All fact discovery shall be completed on or before **September 14, 2012**.

2. <u>DEFENDANTS' DISPOSITIVE MOTION(S) AS TO STATUTE OF LIMITATIONS/REPOSE ONLY</u>.

Motion(s) for summary judgment as to the statute of limitations/repose only, as well as all accompanying memoranda and affidavits in support must be filed and served on or before **October 2, 2012**, with all responses thereto, including all memoranda and affidavits, due on or before **November 5, 2012**, and replies due on or before **December 3, 2012**. The Court shall schedule a hearing on the motions as soon as practicable after the deadline for filing replies.

In the event that the Court's rulings on the dispositive motion(s) regarding the statute of limitations/repose issue necessitate further action in these cases, the following deadlines shall apply:

3. <u>EXPERT DISCLOSURES, IF NECESSARY</u>.

(1)   Pursuant to this Order, Plaintiff and Defendants shall each bear their own costs of responding to expert discovery requests within the scope of the S.C.R. Civ. P. and this Order.

(2)   For each witness that a party designates as an expert witness, the party shall submit an Expert Disclosure ("Expert Disclosure"). The Expert Disclosure shall include, but is not limited to:

> (a)   A statement setting forth the subject matter of the witness's expected testimony, the substance of the facts and opinions to which the witness is expected to testify and an explanation of the grounds for each opinion; and
>
> (b)   A current curriculum vitae, including, but not limited to, the witness's qualifications, a list of all publications authored by the witness within the last 5 years and a list (including the title of the case, the filing number, and the nature of the expert's participation, whether a report, a deposition, and/or trial testimony, and the court) that includes all matters in which the expert testified (at trial or in deposition) or submitted a report within the last 5 years.

The above information shall be due:

> From Plaintiff:  **<u>No later than three (3) months following the date of an order on the dispositive motions in Section 2</u>**.

2

From each Defendant: **No later than five (5) months following the date of an order on the dispositive motions in Section 2**.

(3)   For each witness for whom a party submits an Expert Disclosure, the disclosing party shall produce the following documents no later than 10 business days prior to the date on which the witness will be deposed, or 30 days after the expert is disclosed, whichever is earlier.

   (a)   Copies (or Bates-numbers) of all documents and a description of all information upon which the witness has relied in forming the opinions disclosed; and

   (b)   Documents and information sufficient to show the process, including all intermediate steps and queries, by which the witness has performed any calculations or data analysis in support of any of the opinions disclosed; the data used or relied upon in the witness's analysis; and the identity of any computer program or code used or necessary to show such process or perform such calculations or data analysis.

(4)   With respect to each witness for whom a party submits an Expert Disclosure, the parties shall not be required to produce: (a) documents considered, but not relied upon, by the witness; (b) communications between the witness (including support staff) and counsel for a party (other than those specifically required to be produced pursuant to Paragraph 3 above); or (c) draft expert disclosures or reports.

4.   <u>EXPERT DISCOVERY, IF NECESSARY</u>: After the expert disclosure deadline, the parties shall promptly make all their expert witnesses available for deposition at mutually convenient times at the expert witness's home state, principal place of business, or any other location agreed to by the parties.

All expert-related discovery, including depositions of disclosed experts, shall be completed:

   (a)   From Plaintiff's expert(s): **No later than three (3) months following the deadline for plaintiff's expert disclosures**.

NPCOL1:2684022.1-OD-(59) 026970-00005

(b) From Defendants' expert(s): **No later than three (3) months following the deadline for defendants' expert disclosures**.

5. OTHER DISPOSITIVE MOTIONS, IF NECESSARY. Motions for summary judgment other than those raised in Section 2 above, if necessary, and any other dispositive motions as well as all accompanying memoranda and affidavits in support, must be filed and served **no later than two (2) months after the deadline for discovery from defendants' experts closes**, with responses thereto, including all accompanying memoranda and affidavits, due **six (6) weeks after the filing of the initial motions and memoranda**, with replies due **six (6) weeks thereafter**.

6. MEDIATION, IF NECESSARY. The deadline for the parties to conduct individual mediations is **two (2) months following the deadline for the filing of any replies in Section 5 above**.

## PRE-TRIAL AND TRIAL SCHEDULES

In the event that the Court's rulings on dispositive motions necessitate the entry of a pre-trial and trial scheduling order, the Court will hold a status conference no later than **one (1) month following the deadline for mediation in Section 6 above**, to discuss the status of the cases which remain, if any, and will set a schedule that contemplates going forward with a pre-trial and trial schedule, if necessary, at that point.

SO ORDERED, this the 18 day of January, 2012.

_____
THE HONORABLE J. CORDELL MADDOX, JR.
PRESIDING CIRCUIT COURT JUDGE