# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO:<br>*United States ex rel. Linnette Sun and Greg Hamilton, Relators*<br> *v.*<br>*Baxter Healthcare Corporation* | |

## BAXTER HEALTHCARE CORPORATION'S OPPOSITION TO RELATORS' MOTION FOR RECONSIDERATION

Relators seek reconsideration of this Court's January 26, 2012 Memorandum Opinion and Order ("Order") granting summary judgment regarding Relators' remaining False Claims Act ("FCA") claims. Relators' February 16, 2012 Motion For Reconsideration ("Reconsid. Motion") fails to meet the standards of Rule 59(e) and is without merit. Even assuming Relators were correct that they were entitled to notice and an opportunity to object to the Ven-A-Care settlement, Relators were actually served with a copy of the settlement agreement on October 7, 2011, ten days prior to its approval by this Court. Relators might have objected then. They also had a second opportunity to object in their opposition to Baxter's Motion for Partial Summary Judgment, at which point they argued that the settlement agreement could not and did not cover their claims. Relators cannot now raise the issue lack of notice and hearing as a basis for reconsideration. The Motion for Reconsideration should be denied.

I.  **RELATORS WERE ON NOTICE OF THE VEN-A-CARE SETTLEMENT, AND COULD HAVE TRIED TO OBJECT PRIOR TO APPROVAL OF THE SETTLEMENT BY THIS COURT**

On October 7, 2011, James Breen, counsel for Ven-A-Care, filed the following documents on *both* this Court's ECF system and Lexis Nexis File and Serve, the designated filing and service vehicles for the MDL[1]:

- Stipulation of Dismissal With Prejudice of Certain Claims Against Baxter Parties and Motion for Order of Dismissal With Prejudice
    - Exhibit: Settlement Agreement
    - Exhibit: Proposed Order
- Joint Notice of Settlement of Ven-A-Care Claims as to the Baxter Parties and Request that Court Dismiss Settled Claims in Accordance with Stipulation of Dismissal With Prejudice of Baxter Parties and Motion for Order of Dismissal With Prejudice
    - Exhibit: Consent of the United States

*See* Declaration of Shamir Patel in Support of Baxter Healthcare Corporation's Opposition to Relators' Motion for Reconsideration ("Patel Decl.") Exhibit ("Ex.") A (ECF Daily Docket Sheet for October 7, 2011); Ex. B (Lexis Nexis Daily Docket sheet for October 7, 2011) .

Relators' counsel – Mr. Kleiman and Mr. Udden, among other counsel for Relators – are subscribers to the MDL ECF and Lexis Nexis File and Serve service lists for the MDL. On October 7, 2011, they received electronic copies of Ven-A-Care settlement pleadings. Patel Decl. Exs. C and D (excerpted service lists for October 7, 2011 ECF filings). Relators' counsel

---

[1] This Court made filing by ECF mandatory in the MDL effective February 23, 2004. *See* Saris Feb. 11, 2004 Order [MDL Docket No. 712]; *see also* D. Mass. Local Rule 5.4 (c). MDL Case Management Order No. 2 [MDL Docket No. 135] required the parties to effectuate service via Verilaw Technologies, a company that was subsequently purchased by Lexis Nexis File and Serve.

have filed papers on ECF and served Baxter via Lexis Nexis File and Serve many times during the course of this litigation. In fact, ECF and Lexis Nexis File and Serve are the only valid methods of filing and serving pleadings and other documents in this MDL.

Relators' counsel therefore had *actual notice* of Baxter's settlement with Ven-A-Care.[2] The settlement was not hidden – the requests for approval of the settlement and for dismissal appeared on the docket with the word "Baxter" in the title, and copies of the entire Settlement Agreement and the consent of the United States were attached as exhibits.[3] Saying repeatedly, as Relators do, that they had "no notice" of the settlement (Reconsider. Motion at 3, 4, 5, 9) is disingenuous yet it is the foundation of their Motion for Reconsideration

This Court did not approve the settlement until October 17, 2011. If Relators had an objection to the settlement, they had ten days to notify the Court. Instead, they remained silent. Relators now claim they were not aware of the settlement until Baxter filed its Motion for Partial Summary Judgment. *See* Reconsid. Motion at 4. If this were true, it is only due to Relators' counsels' failure to review the docket for the MDL. Lack of diligence and inattention are not bases upon which a motion for reconsideration can be granted.

---

[2] In their Motion, Relators repeatedly refer to the "Ven-A-Care Court" as though it were some other court in some unrelated matter. In truth, both the Ven-A-Care and the Sun matters are consolidated under MDL 1456, and there is only one global service list for this MDL.

[3] Despite the fact that Realtors were notified of Baxter's settlement through two separate filing systems, they claim that Baxter violated "a heightened duty to disclose all relevant aspects of the settlement" under the Massachusetts Rules of Professional Conduct because the Ven-A-Care case was somehow an *ex parte* proceeding. Reconsid. Motion at 6-7. The Ven-A-Care and Sun cases are both part of the broader MDL 1456, *In re Pharmaceutical Industry AWP Litigation*, before the same judge, and under the same master docket, and therefore cannot be considered *ex parte* proceedings. Relators accuse Baxter's counsel of failing to adhere to standards of professional conduct. This accusation is equally disingenuous since Relators received actual notice of the settlement. In as much as the ethical rules apply, they also require diligence and attention to one's clients' cases. *See* Mass. Rules Of Prof'l Conduct, R. 1.1 (Competence) and R. 1.3 (Diligence).

Non-parties have objected to Ven-A-Care settlements in other AWP cases.  For example, in *Schering AWP* case, the Commonwealth of Massachusetts, the New York Counties, and the State of Wisconsin all notified the Court of their objections and filed motions to intervene or provide input as *amicus curiae* prior to approval of the settlement.  *See* MDL Docket Nos. 6275, 6288, 6284.  These non-parties tracked pleadings in related AWP cases so they could notify the Court if a decision in a related case might adversely affect their own cases.  Relators, here, cannot expect to be treated with a different set of rules than the hundreds of other parties across the various AWP MDL litigations.

Relators also neglect to inform the Court that they were informed that Baxter was in settlement negotiations with Ven-A-Care.  *See, e.g.* MDL Docket Nos. 7372 and 7450 (Ven-A-Care Joint Scheduling Order requests citing ongoing settlement negotiations).

In short, Relators had actual notice of the proposed settlement before it was approved and could have invoked their alleged right to a hearing on the fairness of the settlement in October 2011.  Relators have no right to a "do-over" now.

## II.  RELATORS' REQUEST TO BE HEARD WITH RESPECT TO THE VEN-A-CARE SETTLEMENT COMES TOO LATE

Relators correctly identify the standard of review for a motion for reconsideration as requiring that the movant demonstrate "a manifest error of law or newly discovered evidence." Reconsid. Motion at 1, n.1, citing *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 82 (1st Cir. 2008).  Relators do not claim any newly discovered evidence.  The Motion for Reconsideration is premised entirely upon the idea that the Court's Order ignored the alleged rights of the Relators to challenge Baxter's settlement with Ven-A-Care and to have a share of the settlement proceeds.

However, Relators had an opportunity to object or request a hearing (a) in the Ven-A-Care case before approval of the settlement, and (b) in the Sun/Hamilton case in their Opposition

to Baxter's Motion for Partial Summary Judgment. "Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling." *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011) (citing *United States v. Allen*, 573 F.3d 42, 53 (1st Cir.2009)). At summary judgment, Relators had the opportunity to raise the issue of lack of notice and hearing yet failed to do so. A motion for reconsideration is not the proper method for Relators to now, for the very first time, raise the issue of notice. "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006), quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995). "[A] party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).

### III.  RELATORS HAVE NOT DEMONSTRATED A MANIFEST ERROR OF LAW SUFFICIENT TO OVERTURN THE COURT'S PRIOR ORDER

Because Relators were provided notice of the Ven-A-Care settlement, they have not and cannot demonstrate a manifest error of law. At the outset, Relators have not cited any authority demonstrating that they had the right to hearing as concerns the Ven-A-Care Settlement. Relators are entitled to notice of settlement of their *own* False Claims Act case. *See* 31 U.S.C. § 3730(c)(2)(B). But Relators cite no authority for the proposition that a relator in one FCA case has the right to notice and hearing about a *different* FCA case. Relators Sun and Hamilton were not the first to file an AWP case against Baxter.[4] Indeed, there may be other as

---

[4] Relators state that "Baxter acknowledges implicitly that Relators *were* first to file on the Advate claims." Reconsid. Motion at 3. As Baxter stated in its Reply in Support of Its Motion for Partial Summary Judgment, by filing a first-to-file motion only as to Recombinate, Baxter was not conceding that Relators have standing for their Advate claims. [MDL Docket No. 7936]

yet unsealed AWP cases against Baxter of which Baxter is unaware.  Baxter cannot be deemed responsible for notifying these parties when it chose to enter into negotiations that might impact these later filed cases.  As this Court noted in its summary judgment decision, "[i]n light of the complexity and expense of the litigation, it would have been quite predictable that Baxter would seek to cut off all future liability to the federal government."  Order at 12.  The Government approved this solution, with full knowledge that the Sun-Hamilton matter existed.

The cases cited by Relators do not demonstrate a manifest error of law by this Court. *United States ex rel. Smith v. Gilbert Realty* was essentially a fee dispute between the Government and relator over FCA proceeds.  9 F. Supp. 2d 800 (E.D. Mich. 1998).  There, the Government had declined to intervene and relators proceeded to a final judgment.  *Id.* at 800. After judgment was entered in favor of relators, the Government entered into a compromise settlement with defendant for substantially less than the final judgment, thereby reducing relator's share.  *Id.* at 801.  The relator filed a motion seeking the full amount it was due under the original judgment.  *Id.* at 802.  Significantly, the relator never requested to set aside the settlement and the court would "not consider or order such a measure."  *Id.*  Similarly, this Court should not entertain any request for reconsideration that would require it to set aside a binding (and fully paid) settlement.

In *United States ex rel. Lam v. Tenet*, the relator asked the court to retain jurisdiction over an overlapping claim where the Government entered into a global settlement before another district court.  Notably, in that case, the court had no opportunity to determine whether the settlement agreement was equitable and it was unclear whether the settlement agreement had fully and finally resolved all the issues related to the overlapping claim.  481 F. Supp. 2d 689, 699-700 (W.D. Tex. 2007).  Conversely, here, the settlement was filed before the same court that

---

at 9, n.8.  Such action does not constitute an implicit acknowledgment or judicial admission as to Relators' baseless claims.

has jurisdiction over the Sun/Hamilton matter, as part of the same MDL case. This Court has also concluded that the settlement was "fair, adequate, and reasonable" before approval and the Court has ruled that the plain language of the settlement covers all existing FCA claims.

Finally, Relators argue that the two federal false marking cases cited by the Court (*Simonian v. Irwin Indus. Tool Co.* and *San Francisco Tech. Inc., v. Graphic Packaging Int'l, Inc.*) are inapplicable. Reconsid. Motion at 5-6. It was *Relators* who initially directed the Court to the false marking cases. *See* Relators' Opposition to Baxter's Motion for Partial Summary Judgment [MDL Docket No. 7899] at 8 (citing *Promote Innovation, LLC v. Motorola, Inc.*, 2011 WL 3610049 (E.D. Tex., August 11, 2011)). In *Promote*, the United States *objected to* the terms of the release and specifically refrained from depositing the defendant's settlement check. *Id.* at *5. The Court correctly read the false marking line of cases as standing for the principle that where, as here, the Government has notice of and *consents to* the terms of a broad *qui tam* settlement, it is bound by those terms.[5] Order at 7-8.

## IV.     CONCLUSION

In sum, Relators have not demonstrated any "manifest error of law" by this Court. The Court properly found that the settlement between Baxter and Ven-A-Care, approved by the Government – with full knowledge of all other pending AWP claims, including those by Sun and Hamilton – disposed of Relators' FCA claims. Relators also have not demonstrated any reason why the settlement should not have been approved, and their plea for a right to a hearing on this matter comes too late. Relators' Motion for Reconsideration should be denied.

---

[5] Relators continue to misread false marking cases. The discussion in *San Francisco Tech., Inc. v. Graphic Packaging Int'l Inc.* cited by Relators (Reconsid. Motion at 6) relates to the FCA consent provision, under 31 U.S.C. §3730(b)(1), protecting the United States from overly broad settlements, not the notice provision under 31 U.S.C. § 3730(c)(2)(B).

DATED this 22nd day of FEBRUARY 2012.

    Respectfully submitted,

    /s/ Shamir Patel
    Shamir Patel
    Merle DeLancey
    J. Andrew Jackson
    Shamir Patel
    **DICKSTEIN SHAPIRO LLP**
    1825 Eye Street, NW
    Washington, DC  20006
    Telephone:  (202) 420-2200
    Facsimile:   (202) 420-2201

    Counsel for Defendant Baxter Healthcare Corporation

## CERTIFICATE OF SERVICE

        I hereby certify that I, Shamir Patel, an attorney, caused a true and correct copy of the foregoing, Baxter Healthcare Corporation's Opposition to Relators' Motion for Reconsideration, to be delivered to all counsel of record by electronic service via ECF and LexisNexis File & Serve, on February 22, 2012 for posting and notification to all parties.

    /s/ Shamir Patel
    Shamir Patel
    **DICKSTEIN SHAPIRO LLP**
    1825 Eye Street NW
    Washington, DC  20006
    Telephone:  (202) 420-2200
    Facsimile:   (202) 420-2201