UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ THIS DOCUMENT RELATES TO: *United States ex rel. Linnette Sun and Greg Hamilton, Relators* *v.* *Baxter Hemoglobin Therapeutics; Baxter International Inc.; Baxter Healthcare Corporation* _____ | ) ) MDL No. 1456 ) Master File No. 1:01-CV-12257-PBS ) Sub-Category Case No. 1:08-CV-11200 ) ) Judge Patti B. Saris ) ) ) ) **LEAVE TO FILE GRANTED ON** ) **FEBRUARY 28, 2012** ) ) |

### RELATORS' REPLY IN SUPPORT OF MOTION TO RECONSIDER

Relators Linnette Sun ("Sun") and Greg Hamilton ("Hamilton") (collectively "Relators"), by their undersigned counsel, hereby respectfully submit the following reply in support of Relators' Motion to Reconsider this Court's January 26, 2012 Memorandum Opinion and Order.

1. Once again Baxter seeks to circumvent the Relators' rights by failing to draw key facts to this Court's attention. On January 26, 2012, this Court granted Baxter's motion for partial summary judgment based on the premise that by settling another *qui tam* case (the "Ven-A-Care settlement") against Baxter, the Government and Baxter also settled this case. [Doc. 8063.] This finding effectively deprived Relators of their right to notice and a hearing on any settlement of their case as provided in 31 U.S.C. § 3730(c)(2)(B), and threatens Relators' right to their share of the settlement proceeds as provided in 31 U.S.C. § 3730(c)(5). Relators, therefore, seek reconsideration.

1

2. In opposition, Baxter sets forth the flawed and indefensible proposition that Relators have no right to complain about the dismissal of their claims because documents relating to the Ven-A-Care settlement were filed in connection with the multi-district litigation that encompasses both the Ven-A-Care claims and Relators' claims. What Baxter's opposition makes clear, however, is that Baxter *intended* to settle Relators' claims along with Ven-A-Care's claims, but intentionally did not file the appropriate settlement documents in connection with *this* case. This obvious sleight-of-hand is perfidious and impermissible.

3. Remarkably, Baxter does not deny that it intended to "settle" *this case* on October 7, 2011 (when the Ven-A-Care settlement documents were filed). [Doc. 8075.] Nor does Baxter deny that it never filed a notice as to the purported settlement by filing any documents *in this case* providing notice of that intention. [Id. at 2.] Instead, Baxter claims that Relators had adequate notice because the Ven-A-Care settlement documents were filed in connection with the MDL at large. Baxter, however, omits important facts relating to the Ven-A-Care settlement.

4. Whether or not Baxter's purported "notice" was filed under the MDL umbrella, Baxter fails to advise that the documents relating to the settlement were clearly – and only – marked: "THIS DOCUMENT RELATES TO: *United States of America ex rel. Ven-A-Care of the Florida Keys, Inc. v. Baxter Healthcare Corporation and Baxter International, Inc.*, Case No. 10-cv-11186." [Docs. 7831-2.] Baxter also fails to acknowledge that those documents were marked "Subcategory No. 06-111377-PBS," signifying the documents' relation to the Ven-A-Care claims, *not* Relators' claims. Id. And Baxter does not advise the Court that those documents were filed not only under the MDL, but *also* on the Ven-A-Care docket. [Case 1:06-cv-11337-PBS Doc. 892-3.]

5. If Baxter wished to effectuate notice of the Ven-A-Care settlement on Relators in *this* case, Baxter was required to file those documents in this case and needed to appropriately denote the relation of those documents to this case. This requirement is not wishful thinking on the part of the Relators here. RULE OF JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 6.1(b)(ii)(A) squarely provides: "All motions shall briefly describe the action or relief sought and *shall include . . . the complete name of each action involved*, listing the full name of each party included as such on the district court's docket sheet . . ."). (Emphasis added).[1] Baxter is obviously aware of this rule as it has routinely followed it in myriad instances, as when – for example – it moved to dismiss Relators' claims. [Doc. 6371.]

6. Thus, the question remains, if Baxter intended to settle *this case* why didn't it also file its purported notice *in this case*? The obvious answer is that Baxter wished to circumvent timely opposition to its impermissibly-broad release language. Had Baxter followed the required procedures to notify Relators and the Government of its intention to also settle this case, the settlement likely would not have been approved at all; but it *certainly* would not have been approved without the notice and opportunity to be heard provided in the False Claims Act and implicit in the MDL Rules. Indeed, the Government has articulated a standard policy not to give releases beyond the claims in the settled case:

> Our releases are narrow. A relator may only negotiate to release
> False Claims Act claims. The relator has no authority with respect

---

[1] The purpose of the MDL vehicle is to save time for the Court and the parties – not to subject counsel to reviewing the dockets of dozens of cases in which counsel otherwise would not receive notice. If Baxter wanted Relators to have adequate notice here, it could have, and should have, followed the appropriate filing procedures with respect to Relators' specific claims. Baxter argues that other non-parties have tracked pleadings and "objected to Ven-A-Care settlements in other AWP cases." [Doc. 8075 at 4.] The fact that non-parties have objected is irrelevant to the Relators' right to receive the notice to which they are entitled under the MDL rules and the False Claims Act.

3

> to any other causes of action the United States might have against the defendant.  We will release the defendant only for civil monetary liability *for the specific allegations of the complaint*.

Exhibit A, p. 3 (emphasis added).  These principles rise to the level of due process:  Relators here, as the statutory assignees of the Unites States with respect to certain claims, have the statutory right to be heard with respect to the disposition of their claims.

7. Baxter easily could have let the Court, the Government, and the Relators know of Baxter's intent to settle this case, thereby ensuring that the appropriate statutory requirements were fulfilled.  It chose not to – and apparently did so with knowledge and purpose.  Now, Baxter wants to put the burden on Relators to dig through pleadings in a separate and distinct matter to determine whether the Government varied from its standard policy and to otherwise protect Relators' rights.  That is preposterous.  It would be a travesty to reward Baxter's conduct by allowing it to settle two cases for the price of one.

WHEREFORE, Relators Sun and Hamilton respectfully request that the Court enter an order vacating its January 26, 2012 decision and enter a new order denying Baxter's motion for summary judgment, or in the alternative, enter an order entitling Relators Sun and Hamilton to their relator's share of the settlement funds.

Dated:  February 28, 2012

                                                  Respectfully submitted,

                                                  LINNETTE SUN and GREG HAMILTON

                                                  By   /s/ David J. Chizewer
                                                       One of Their Attorneys

Terry F. Moritz

David J. Chizewer
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

Mark Allen Kleiman
LAW OFFICES OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, California 90292
(310) 306-8094

Lauren John Udden
15 West Carrillo Street
Santa Barbara, California 93101
(805) 879-7544

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 28, 2012, he caused a true and correct copy of the foregoing **RELATORS' REPLY IN SUPPORT OF MOTION TO RECONSIDER** to be served via the Court's ECF/electronic mailing system and LexisNexis File & Serve upon all parties of record.

/s/ David J. Chizewer