# Exhibit A



**U.S. Department of Justice**

Civil Division

JRB:JR:ACendali
46-58-1365

_Allison Cendali_
_(202) 616-4232 phone_
_(202) 514-0280 fax_

601 D Street, NW
Room 9146
Washington, DC 20004

P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(PHB 9146)

November 8, 2011

<u>**Via Electronic Mail**</u>

REDACTED

Re:

Dear Counsel:

As you should be aware, the United States has declined to intervene in this case. I thought it would be helpful to remind you of certain provisions in the False Claims Act and to advise you of certain policy considerations that may assist you in litigating or settling this case. While the United States is not a litigant to the underlying action, the United States remains the real party in interest, entitled to the majority of any damages and penalties recovered on its behalf. 31 U.S.C. § 3730(d). Therefore, please note the following:

1. <u>Decision to decline intervention</u>

Our decision to decline should not be construed as a statement about the merits of the case. Indeed, the United States retains the right to intervene at a later date upon a showing of good cause. 31 U.S.C. § 3730(c)(3).

- 2 -

2. Discovery

In most cases, if you wish to obtain discovery from the United States, you will need to issue a formal discovery request. The United States is a third party for discovery purposes, and thus any request for documents or deposition testimony should comply with the applicable rules for serving third party discovery requests on the United States, including any appropriate agency's "Touhy regulations." *See, e.g.,* 45 C.F.R., Part 2 (Health and Human Services). The United States will object to requests for admissions or answers to interrogatories. The United States also may assert any appropriate privileges in response to any discovery request.

3. Service of pleadings

When the United States submitted its notice of declination, it invoked its statutory right, 31 U.S.C. § 3730(c)(3), to receive copies of all pleadings filed by the litigants. Accordingly, please be sure to send a copy of all documents filed with the Court to me.

4. Notices of Appeal

If a notice of appeal is filed with the district court, please be sure to send a copy of the notice to me.

5. Amended Complaint

If an amended complaint is filed that differs substantively from the original complaint, it should be filed under seal and should not be served upon the defendant, pursuant to the False Claims Act's provisions on initiating actions, 31 U.S.C. § 3730(b)(2). Such an amended complaint would initiate a new sixty-day seal period as to the new matters raised in the amended complaint, subject to extensions, during which the United States would conduct an investigation and elect whether to intervene in and proceed with the action. Substantive amendments to an original complaint that would trigger a new sixty-day investigatory period include any new allegations of fraud or the addition of defendants not named in the complaint.

6. Settlement

The parties can dismiss this action only with the consent of the Department of Justice. 31 U.S.C. § 3730(b)(1). Thus, a settlement of this case requires the consent of this office. Accordingly, we recommend that once the subject of settlement is raised, the parties should notify me and keep me informed as discussions progress.

With regard to settlement, we have the following comments:

a. The United States will not agree to dismissal with prejudice of False Claims Act liability (or other potential Government actions) unless the United States is receiving a recovery.

- 3 -

b. The United States will review the reasonableness of all proposed settlement amounts. Many false claims actions include a count for wrongful employment discrimination pursuant to 31 U.S.C. § 3730(h). Where a settlement addresses both damages to the United States and to the relator, we are careful to ensure that the United States is receiving its fair share of the total settlement amount.

c. 31 U.S.C. § 3730(d)(2) provides that, if False Claims Act liability is found, the defendant shall be directly liable to the relator for reasonable expenses and attorney fees and costs. If a settlement is to address this issue, the defendant and relator should agree on the amount and provide for payment directly from the defendant to the relator. The United States will review this amount to ensure that it is reasonable.

d. The False Claims Act provides that in a declined <u>qui</u> <u>tam</u> case, the relator shall receive 25 to 30 percent of the proceeds of the action. 31 U.S.C. § 3730(d)(2). Under certain circumstances, the award may be less than 25 percent. 31 U.S.C. § 3730(d)(3). The agreement on a percentage is a matter to be addressed by the United States and the relator - or the court if agreement cannot be reached. Agreement with the United States on the relator's share can be part of the settlement agreement with the defendant or the United States and the relator can deal with this issue separately. When we agree on the proper relator's share of any settlement proceeds, the relator must agree to release all claims against the United States arising from the filing of the <u>qui</u> <u>tam</u>. Payment of damages must be made to the United States. If defendant's payments to the United States are to be over time, payment of the relator's share also will have to be over time.

e. The United States has several strict requirements regarding the contents of its False Claims Act settlement agreements. We can send you sample copies of settlement agreements if you request. Generally, note the following:

1. Our releases are narrow. A relator may only negotiate to release False Claims Act claims. The relator has no authority with respect to any other causes of action the United States might have against the defendant. We will release the defendant only for civil monetary liability for the specific allegations of the complaint.

2. The agreement must contain language that (1) the settlement does not release the defendant from claims arising from the Internal Revenue Code; (2) the settlement does not release the defendant from suspension or debarment action; (3) the defendant may not charge back to the Government directly or indirectly any of the costs or expenses of the litigation. Depending on the type of case, other mandatory language may be required.

- 4 -

I hope that providing you with these guidelines will facilitate any negotiations and help avoid an agreement between the parties that the United States cannot support. If you have any questions, you may call me at (202) 616-4232.

Sincerely,

Allison Cendali

cc: AUSA Adam Wright