UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ASTRAZENECA SETTLEMENT | Judge Patti B. Saris |

**LEAD CLASS COUNSEL'S REPONSE TO THE COURT'S ELECTRONIC ORDER OF MARCH 16, 2012 REGARDING MR. LANSING**

In its electronic Order dated March 16, 2012, the Court directed Class Counsel to file a response to the letter submitted to the Court by Alan Lansing (Dkt. No. 8065), who has submitted claims in this case. This constitutes Class Counsel's report.

In December of 2010, Mr. Lansing filed three claims in the AstraZeneca Class 2 and Class 3 settlements with the Claims Administrator, Rust Consulting ("Rust"): (i) for himself (Claim 512); (ii) for his mother, Mary Lesniewski (Claim 513); and (iii) for his father, Edward Lesniewski (Claim 514). Declaration of Daniel Coggeshall Re: Request for Reissuance of Distribution Check ("Coggeshall Decl."), ¶ 3. In response, Rust issued three checks on December 16, 2011 as follows: (i) Claim 512, $400; (ii) Claim 513, $11,096; and (iii) Claim 514, $5,996. *Id.*, ¶ 4.

The checks for Claims 512 and 513 were cashed. Mr. Lansing sent a letter to Rust requesting that his father's check be reissued in his name because the check for Claim 514 could not be cashed since the payee was deceased. As is standard operating practice in such instances, Rust asked Mr. Lansing to provide a copy of the decedent's death certificate. *Id.*, ¶ 5. Mr. Lansing complied and provided the certificate. However, the certificate revealed that Mr. Lesniewski had passed away in 1990, which is prior to the settlement's class period of January 1,

1991 through June 11, 2010. Rust contacted Mr. Lansing and advised him that since his father had passed away prior to the start of the class period, his father was not a member of the class and not entitled to any proceeds from the settlement, and therefore, the check for Claim 514 could not be reissued. *Id.*, ¶ 6.

Mr. Lansing then sent a second letter to Rust, explaining that he had made a mistake in filing the claim for his father, when, in fact, the purchases listed on Claim 514 were additional purchases for his mother and should be added to her Claim 513. Rust contacted Mr. Lansing and advised him that, before a check could reissue to Mary Lesniewski for the claim, additional supporting documentation would be required, such as a pharmacy print-out or Explanation of Benefits indicating that the additional purchases were hers. The documentation requested is consistent with supporting documentation requests made to other class members. *Id.*, ¶¶ 7-8.

Mr. Lansing subsequently provided to Class Counsel a "Good Faith Estimate for Mary Lesniewski," which is a handwritten summary of purported Zoladex administrations for Mary Lesniewski but signed by Mr. Lansing. *See id.*, Ex. B. Here are the details of the purported Zoladex administrations:

```
GOOD FAITH ESTIMATE FOR MARY LESNIEWSKI

ZOLADEX 10.8MG FOR 13 MONTHS @ 1274 =        $16562
ZOLADEX 3.6 ML FOR 1 MONTH @ 530 =              530
                                    TOTAL    $17092
PREVIOUSLY PAID TO MARY                      - $11096
REMAINDER OF ORIGINAL CLAIM DUE MARY            $5996
```

We forwarded the "Good Faith Estimate for Mary Lesniewski" to Rust and then, on February 22, 2012, Ed Notargiacomo called Mr. Lansing, discussed the claim and requested that Mr. Lansing provide additional evidence backing his mother's administration of the drug – after all, Mr. Lansing would have needed to consult underlying documents in order to provide the purported details behind the administrations, including precise milligram formulations of Zoladex and the number of months of administration.  Although Mr. Lansing stated that he would gather additional information, he has not provided any additional evidence.  Declaration of Edward Notargiacomo Regarding Lansing Claim, ¶ 2; Coggeshall Decl., ¶ 11.

Thus, given the circumstances, it is possible – even likely – that Mr. Lansing's "Good Faith Estimate for Mary Lesniewski" is not truthful.  First, Mr. Lansing filed a claim for payments made during the class period for purported administrations for his father, Edward Lesniewski, who – as we discovered – died *before* the class period even began.  When advised of his father's ineligibility to participate in the settlement, Mr. Lansing then changed tact and advised that Claim 514 was errant and should have instead been submitted on behalf of his mother.  When asked for factual documentation backing the assertion, Mr. Lansing provided the "Good Faith Estimate for Mary Lesniewski" with purported details, yet – when asked for the backup – has been unwilling or unable to provide anything.  Although our general practice is to give claiming class members the benefit of the doubt, and we have tried to make it easy for class members to file claims, this claim has too many "red flags" associated with it.  It is Class Counsel's position that another check should not be issued on Claim 514 unless Mr. Lansing provides adequate documentation demonstrating that the claimed Zoladex administrations were in fact made to Mary Lesniewski.

| | |
|---|---|
| DATED:  March 22, 2012 | By    /s/ Steve W. Berman    |

    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing **LEAD CLASS COUNSEL'S REPONSE TO THE COURT'S ELECTRONIC ORDER OF MARCH 16, 2012 REGARDING MR. LANSING** be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on March 22, 2012, a copy to LexisNexis File and Serve for Posting and notification to all parties

      By  /s/ **Steve W. Berman**
Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 8th Avenue, Suite 3300
Seattle, WA  98101
(206) 623-7292