UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO: | CIVIL ACTION: 01-CV-12257-PBS |
| ASTRAZENECA MASSACHUSETTS AND NON-MASSACHUSETTS CLASS 2 AND CLASS 3 SETTLEMENTS | Judge Patti B. Saris |

**DECLARATION OF DANIEL COGGESHALL**

**RE:  REQUEST FOR REISSUANCE OF DISTRIBUTION CHECK**

The undersigned, Daniel Coggeshall, hereby states that:

1. I am a Senior Project Administrator at Rust Consulting, Inc. ("Rust"), the Claims Administrator in the above-titled action.

2. I respectfully submit this declaration in order to provide the Court and the parties in this action with information regarding the reissue request submitted to this Court by Alan Lansing.

3. In December of 2010, Mr. Lansing filed three claims in the Astra Zeneca Class 2 and Class 3 settlements; one for himself (Claim 512), one for his mother, Mary Lesniewski (Claim 513), and one for his father, Edward Lesniewski (Claim 514).  All of which were accepted for payment.

4. On December 16, 2011, checks were issued for the following: Claim 512, $400.00; Claim 513, $11,096.00, and Claim 514, $5,996.00.

5.     The checks for Claims 512 and 513 were cashed. However, the check for Claim 514 could not be cashed since the payee was deceased. Mr. Lansing sent a letter to Rust requesting that his father's check be reissued in his name. In cases such as this, Rust's standard procedure is to request a copy of the decedent's death certificate. Accordingly, Rust contacted Mr. Lansing and advised him that a copy of Mr. Lesniewski's death certificate would be required prior to issuing the check in Mr. Lansing's name.

6.     Upon receipt of Mr. Lesniewski's death certificate, attached hereto as Exhibit A, it was discovered that Mr. Lesniewski had passed away in 1990, which is prior to the settlement's class period of January 1, 1991 through June 11, 2010. Rust contacted Mr. Lansing and advised him that since his father had passed away prior to the start of the class period, his father was not a member of the class and not entitled to any proceeds from the settlement, and therefore, the check for Claim 514 could not be reissued. Mr. Lansing's response was that he would look into it.

7.     Subsequently, Mr. Lansing sent a second letter indicating that he had made a mistake in filing the claim for his father, when, in fact, the purchases listed on Claim 514 were additional purchases for his mother and should be added to her Claim 513.

8.     Rust contacted Mr. Lansing and advised him that supporting documentation would be required, prior to reissuing the check to Mary Lesniewski, indicating that the additional purchases were hers; such as a pharmacy print-out or Explanation of Benefits. The documentation requested is consistent with supporting documentation requests made to other class members.

9. On February 24, 2012, Class Counsel forwarded Mr. Lansing's Good Faith Estimate For Mary Lesniewski to Rust for review, attached hereto as Exhibit B.  Rust's response to Class Counsel was consistent with previous Requests for Additional Information sent to other Class Members, requiring proof that supports at least 3 purchases of Zoladex.

10. On February 27, 2012, Class Counsel notified Rust that they had subsequently contacted Mr. Lansing.

11. To date, Mr. Lansing has not adequately responded to the request for supporting documentation which would verify that the purchases were, in fact, his mother's and should be added to her Claim 513.  Under the circumstances, Rust cannot reissue the check for Claim 514 in the amount of $5,996.00 to Mary Lesniewski.

12. I declare and state under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of March, 2012 in Palm Beach Gardens, Florida.

                                                               /s/ Daniel Coggeshall
                                                                 Daniel Coggeshall

# EXHIBIT A



STATE OF NEW JERSEY
OFFICE OF REGISTRAR OF VITAL STATISTICS
TOWNSHIP OF PARSIPPANY-TROY HILLS, MORRIS COUNTY, NEW JERSEY

*This is to certify* that the following is correctly copied from a record of Death in my office.



Norma Sales
Deputy Registrar of Vital Statistics
MUNICIPAL BUILDING, 1001 PARSIPPANY BLVD.
PARSIPPANY, NEW JERSEY 07054

12-11-90
Date of Issue

DO NOT ACCEPT THIS CERTIFICATE UNLESS THE RAISED SEAL OF REGISTRAR OF VITAL STATISTICS IS AFFIXED HEREON.

---

REG-18 Aug 88 *H3885

**New Jersey State Department of Health**
**CERTIFICATE OF DEATH**

STATE USE ONLY

1. NAME OF DECEASED: Edward (First) Lesniewski (Last)
2. DATE OF DEATH: 12-9-90
3. SEX: M
4. DATE OF BIRTH: REDACTED
5a. AGE - Last Birthday (yrs.): REDACTED
5b. UNDER 1 YEAR: — Months — Days
5c. UNDER 1 DAY: — Hours — Minutes
6. SOCIAL SEC. NO.: REDACTED
7a. PLACE OF DEATH: ☒ DOA
7b. FACILITY NAME: St Clare Riverside M.C.
7c. CITY/TOWN OR LOCATION: Denville
7d. COUNTY: Morris
8a. RESIDENCE - (State): NJ
8b. COUNTY: Morris
8c. CITY OR TOWN: REDACTED
8d. STREET AND NUMBER: REDACTED
8e. INSIDE CITY LIMITS?: ☒ YES ☐ NO
8f. ZIP CODE:
9. BIRTHPLACE: Kearny
10a. DECEDENT EVER IN U.S. ARMED FORCES?: ☒ YES ☐ NO
10b. IF YES, WAR / DATES: WWII 11-9-43 / 12-25-45
11. MARITAL STATUS: ☐ NEVER MARRIED ☒ MARRIED ☐ WIDOWED ☐ DIVORCED
12. SURVIVING SPOUSE (If Wife, Maiden Name): Mary Seybuck
13. USUAL OCCUPATION: Retired Checker
14. KIND OF BUSINESS OR INDUSTRY:
15. NAME AND ADDRESS OF LAST EMPLOYER: Reisen Lumber Co, Union NJ
16. RACE: ☒ WHITE
17. OF HISPANIC ORIGIN?: ☐ YES ☒ NO
18. DECEDENT'S EDUCATION, Highest Grade Completed: 8 yrs
19. NAME OF FATHER: Anthony Lesniewski
20. MAIDEN NAME OF MOTHER: Tillie Olenowski
21a. NAME OF INFORMANT: Mary Lesniewski
21b. RELATIONSHIP: Wife
22a. DISPOSITION: ☒ BURIAL ☐ CREMATION ☐ ENTOMBMENT
22b. NAME OF CEMETERY OR CREMATORY: Holy Cross Cemetery
22c. CITY OR TOWN: North Arlington
22d. STATE: NJ
23a. NAME AND ADDRESS OF FUNERAL HOME: Par-Troy Funeral Home 95 Parsippany Rd Parsippany, NJ
23b. SIGNATURE OF FUNERAL DIRECTOR: Ronald Di Maggio
23c. N.J. LICENSE NO.: 2989
24a. SIGNATURE OF LOCAL REGISTRAR: Norma Sales Deputy
24b. DATE RECEIVED: 12-11-90
25a. TIME OF DEATH: 3:21 PM
25b. DATE AND HOUR PRONOUNCED DEAD: 12-9-90 HOUR: 3:21 PM

26. PART I:
a. IMMEDIATE CAUSE: GUNSHOT WOUND OF HEAD — INTERVAL: IMMEDIATE

TIME OF DEATH: 1521
DATE OF DEATH: 12-9-90
NAME OF DECEDENT AS KNOWN BY ATTENDING PHYSICIAN: LESNIEWSKI, EDWARD

27. IF FEMALE, WAS SHE PREGNANT AT DEATH...: ☐ YES ☐ NO
28. WAS AUTOPSY PERFORMED?: ☒ YES ☐ NO
29. DEATH DUE TO: ☐ NATURAL ☐ ACCIDENT ☐ SUICIDE ☐ HOMICIDE ☐ PENDING INVESTIGATION ☐ COULD NOT BE DETERMINED
30a. DATE OF INJURY: 12-9-90
30b. TIME OF INJURY: 1500 M
30c. INJURY AT WORK?: ☐ YES ☒ NO
30d. DESCRIBE HOW INJURY OCCURRED: REDACTED
30e. PLACE: ☒ HOME
30f. LOCATION OF INJURY:
30g. CITY AND COUNTY:
30h. STATE: N.J.
31a. NAME AND ADDRESS OF CERTIFIER: ERNEST E. TUCKER, M.D. 106 MADISON AVE MORRISTOWN, NJ
☒ MEDICAL EXAMINER
31b. SIGNATURE OF CERTIFIER: Ernest E. Tucker MD
31c. DATE SIGNED: 12-9-90

STATE USE ONLY
IND/OCC
CAUSE
PLACE OF ACC.
CROSS CLASS.

# EXHIBIT B

TO: ED NOTARGIACOMO    FAX: 1-617-482-3003

FROM: A. E. LANSING

RE: GOOD FAITH ESTIMATE FOR MARY LESNIEWSKI

|  |  | $ |
|---|---|---|
| ZOLADEX 10.8MG FOR 13 MONTHS @ 1274 = | | 16562 |
| ZOLADEX 3.6 MG FOR 1 MONTH @ 530 = | | 530 |
| | TOTAL | $17092 |
| PREVIOUSLY PAID TO MARY | | -$11096 |
| REMAINDER OF ORIGINAL CLAIM DUE MARY | | $5996 |

TO THE BEST OF MY ABILITY THIS IS THE PRO-FORMA OBLIGATION THAT SHOULD HAVE BEEN SUBMITTED IN ORIGINAL CONTENT.

2/23/2012            *Alan Lansing*

*[signature]*

Sworn to and Subscribed before me this 23rd day of Feb - 12 - 2012