UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 1:01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 08-11200 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States ex rel. Linnette Sun* | ) | |
| *and Greg Hamilton v.* | ) | Judge Patti B. Saris |
| *Baxter Healthcare Corporation*. | ) | |
| | ) | |

**SUPPLEMENTAL STATEMENT BY THE UNITED STATES
IN REPLY TO BAXTER HEALTHCARE CORPORATION'S
RESPONSE TO THE GOVERNMENT'S STATEMENT
<u>PURSUANT TO THE ELECTRONIC ORDER OF FEB. 24, 2012</u>**

In connection with the summary judgement ruling for defendants, on February 24, 2012, the Court issued an electronic order directing that the "Government shall inform the Court in two weeks whether it seeks to take a position on the statutory claim that the relators had a statutory right to notice of settlement of its claim and a right to be heard." The United States filed a Statement in response to the Court's Order on March 3, 2008. Baxter Healthcare Corporation ("Baxter") responded to the Government's Statement on March 23, 2012. This brief is a further statement pursuant to the Court's order of February 24 and addresses certain points and authorities contained in the Response filed by Baxter.

In its Response, Baxter cited to the Government's appellate brief in *United States ex rel. Schweizer v. Oce N.V.* (D. D. C.) ("U.S. App. Brf.") (Exhibit "A" to Declaration of S. Patel in Support of Baxter's Response to Statement of United States (Dkt. 8107-1)). Baxter cites the *Schweizer* brief, and other cases, in support of the undisputed proposition that the Government has the ability under the False Claims Act (FCA) to move to dismiss *qui tam* actions and that its right to obtain dismissal is virtually unfettered. What Baxter selectively ignores is the fact that in that

case the Government *intervened and moved to dismiss* the *Schweizer* action.[1]  No such events occurred in the Sun and Hamilton matter.  Baxter, citing neither statute nor case law,[2] erroneously suggests that there is no distinction between cases in which the Government intervenes and conducts the action and those in which it declines intervention.  In *Schweizer*, the United States followed one of the three paths identified in the Government's Statement to the Court in this action – it intervened and explicitly settled claims pled by that relator.  Because that never happened here, the only other vehicle available for settlement of the Sun and Hamilton claims were for these relators to propose settlement of those claims and for the United States to consent to such a proposal.  That also never happened here.

It appears that Baxter, with full knowledge of the claims pled by Sun and Hamilton, elected to settle with Ven-A-Care with the hope that the settlement would be dispositive of claims pled by other relators in a case in which the United States had declined intervention.  Absent operation of the FCA's first-to-file bar, this expectation was not legally supportable.  If Baxter wanted to resolve Sun and Hamilton's Advate claims, it should have tried the front door – either settlement of the claims pled by these relators or a motion to dismiss on first-to-file grounds.  The United States respectfully submits that the back door Baxter attempted is barred by the FCA provisions cited in the Government's previous Statement to the Court.

---

[1]  Baxter's Response mentions only selected develpments in the *Schweizer* matter: the Government's initial declination in the case, a negotiated settlement with defendant, and the motion to dismiss Schweizer's complaint.  Dkt. 8106 at 5-6.  The critical development omitted by Baxter is the Government's subsequent intervention in the case after its initial declination.  U.S. App. Brf. at 6.

[2]  Baxter's attempted reliance on *United States ex rel. Lusby v. Rolls-Royce Corp.* is just as misplaced as its reliance on *Schweizer*.  Indeed, the *Lusby* decision supports a point in the Government's previous Statement --  that if the United States has any interest in claims pled in a *qui tam* action, the Government "must protect its interest by intervening in a *qui tam* action…" 570 F.3d 849, 853 (7th Cir. 2009).

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

 /s/ Justin Draycott                      .
Joyce R. Branda
Daniel R. Anderson
Justin Draycott
Laurie A. Oberembt
U.S. Department of Justice,
Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Dated:  April 3, 2012              (202) 305-9300

I hereby certify that I have this day caused an electronic copy of the above **SUPPLEMENTAL STATEMENT BY THE UNITED STATES IN REPLY TO BAXTER HEALTHCARE CORPORATON'S RESPONSE TO THE GOVERNMENT'S STATEMENT PURSUANT TO TO THE ELECTRONIC ORDER OF FERUARY 24, 2012** to be served via the Court's CM/ECF system and I also caused it to be served on all counsel of record by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

Dated: April 3, 2012

/s/ Justin Draycott
Justin Draycott