```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


CITIZENS FOR CONSUME, et al    . CIVIL ACTION NO. 01-12257-PBS
      Plaintiffs               .
            V.                 . BOSTON, MASSACHUSETTS
                               . April 18, 2012
ABBOTT LABORATORIES, et al     .
      Defendants               .
. . . . . . . . . . . . . . . .

                  TRANSCRIPT OF STATUS CONFERENCE
              BEFORE THE HONORABLE MARIANNE B. BOWLER
                  UNITED STATES MAGISTRATE JUDGE

         APPEARANCES:

               Jennifer Fountain Connolly, Esq.
               HAGENS BERMAN SOBOL SHAPIRO LLP
               1629 K St. NW, Suite 300
               Washington, D.C. 20006
               (202) 355-6435

               Kent M. Williams, Esq.
               1300 Godward Street NE Suite 6200
               Minneapolis, MN 55356
               651-633-9000
               classcert@aol.com













         Court Reporter:

         Proceedings recorded by electronic sound recording,
         transcript produced by transcription service.


                         MARYANN V. YOUNG
                      Certified Court Transcriber
                         Wrentham, MA  02093
                           (508) 384-2003
```

2

1  CASE CALLED INTO SESSION

2  (2:30:41 p.m.)

3         THE COURT:  The Honorable Marianne B. Bowler

4  presiding.  Today is Wednesday April 18, 2012.  The case of

5  Citizen for Consumers, et al v. Abbott Laboratories, et al,

6  Civil Action No. 01-12257 will now be heard.  Will counsel

7  please identify themselves for the record?

8         MS. CONNOLLY:  Good afternoon, Your Honor, Jennifer

9  Connolly from Hagens Berman on behalf of co-lead counsel.

10         THE COURT:  Thank you.

11         MR. WILLIAMS:  And Kent Williams on behalf of Kent

12  Williams and the Williams law firm, Your Honor.

13         THE COURT:  Thank you very much.

14         Well tell me why you're here.  It's not exactly clear

15  to me from the docket.

16         MS. CONNOLLY:  That's understandable, Your Honor.

17  This has been referred to you for non-binding arbitration by

18  Judge Saris and this is Docket No. 7908 which is a motion that

19  was filed by three separate parties, one of which is Mr.

20  Williams, asking co-lead counsel to modify our allocation of

21  attorney's fees in this case.  So what has happened is that

22  there were three parties who filed Docket No. 7908.  It was

23  Kline Inspector.  Kline Inspector was referred to binding

24  arbitration before Judge Gertner.

25         THE COURT:  Gertner.

3

1    MS. CONNOLLY: Then it was filed by Jennings & Hoag,
2 another law firm. That has been resolved by mediation with
3 Eric Greene. And then the remainder is Mr. Williams' claim
4 which has been referred to you for non-binding arbitration.
5    THE COURT: Which I consider mediation.
6    MS. CONNOLLY: Could be mediation. We haven't been
7 given much direction what she meant by that.
8    THE COURT: Yeah.
9    MS. CONNOLLY: One thing we had considered
10 suggesting, Your Honor, was that as you've observed from
11 looking at the docket there is voluminous briefing about this
12 topic and we think it might be useful for you for the parties
13 to submit under the local rules, you know, page limitations, a
14 single brief for you to review which you could rule on the
15 papers subject I assume to review by Judge Saris which is what
16 she means by non-binding arbitration.
17    THE COURT: Well I'm not sure that that's what she
18 means. I mean she knows that I do a lot of mediation and that
19 we have a court sponsored mediation program and so in reading
20 it my thought was to get you both in the same room and have a
21 mediation and see whether or not we could agree on something.
22    MS. CONNOLLY: I think agreement is unlikely but
23 we're certainly willing to proceed with mediation, Your Honor,
24 if that's the way you'd like to handle it.
25    THE COURT: Well I'm willing to do whatever - if you

1  can agree that that is the way you would like it done, you
2  would like to submit on the papers and then have me make a
3  ruling, I'm not going to write I can tell you that, you know, I
4  mean it's the kind of thing I don't feel like it's necessary to
5  spend a lot of time writing an opinion on this kind of thing.
6          MS. CONNOLLY:  That's understandable, Your Honor, and
7  we weren't suggesting that you have a written opinion.
8          THE COURT:  Yeah.
9          MS. CONNOLLY:  But I think that this can be decided
10 on the papers, namely Mr. Williams is asking to be paid for non
11 MDL time.  Judge Saris has already said that she will not pay
12 anyone for non MDL time because it didn't benefit the class.
13 So we viewed this issue as being cut and dry, straightforward,
14 something that you can decide on the papers and then mediation
15 isn't necessary.
16         THE COURT:  Mr. Williams?
17         MR. WILLIAMS:  Thank you, Your Honor.  I wasn't aware
18 that we were going to be arguing the issue today but--
19         THE COURT:  Well I tell the students always be
20 prepared.
21         MR. WILLIAMS:  I am, Your Honor, and we can certainly
22 do that but I just want the record to reflect that I--
23         THE COURT:  Well we're not arguing.  We're talking
24 about how we're going to proceed.
25         MR. WILLIAMS:  I understand, Your Honor.  And--

1        THE COURT: What mode we're going to pursue in terms
2  of attempting to resolve this.
3        MR. WILLIAMS: Sure. I just want the record to
4  reflect that I don't agree with the characterizations of the
5  issue or the motions that were just made. But this is the
6  first I've heard of submitting a brief and having you rule on
7  the papers and I frankly think that there's probably enough
8  paper on this already. I am open to mediation. That's how I
9  interpreted Judge Saris' referral, the issue to you for non-
10 binding arbitration was mediation and so I'm willing to do that
11 and see if we can work it out. I--
12       THE COURT: How far apart are you on a number?
13       MR. WILLIAMS: Extremely far apart, Your Honor. We
14 view this if it is to be resolved at all as something that we
15 would resolve for nuisance value only. We really believe there
16 is absolutely no merit to his claim for payment. Mr. Williams
17 has a total claimed lodestar of $2.1 million in this case.
18 He's already been paid in excess of $1.2 million for his work
19 on the MDL part if the case. He will likely be paid most of
20 that when there is a final assessment for the Track II part of
21 the case where no counsel have been paid yet. He has been paid
22 substantially. There are no grounds to pay him for non-MDL
23 time. His time that he is seeking payment for did not benefit
24 the class and indeed he was not interested in being paid for
25 this time and did not report this time to us until it came to

6

1  his that other parties were attempting to collect for this
2  time.  So it's our view that we're worlds apart and that this
3  is a nuisance value at best matter.
4          MR. WILLIAMS:  If I could respond, Your Honor.  First
5  of all what I'm being paid for federal time has no bearing on
6  whether or not I'm entitled to payment for the time that's in
7  dispute.  The fact of the matter is Hagens Berman and other
8  firms are being paid an extraordinary amount of money and the
9  fact that they're willing to pay me for a part of my lodestar
10 has no bearing at all on whether or not I'm entitled to payment
11 on the part, that's at issue.
12          As far as when I became aware of anything, Your
13 Honor, I became aware that they were paying state time when
14 Hagens Berman and other lead counsel submitted a sworn
15 declaration to Judge Saris attesting to the benefit that was
16 conferred upon the class with respect to other state time that
17 had been submitted and had been submitted to Judge Saris in the
18 very cases that are at issue here.  Now subsequently lead
19 counsel tried to retract that declaration and I'm not really
20 sure why, that hasn't really been explained.  We raised that
21 issue in the papers but the fact is what they say about the
22 state court time, which by the way Judge Saris took
23 jurisdiction over, these were parallel cases, Your Honor, that
24 were being litigated in state court on the AWP issue.  These
25 were cases that lead counsel and the Kline Inspector Group,

7

1  which I was a member of, agreed we would litigate in a
2  coordinated fashion in order to open up multiple fronts against
3  the defendants.  And if you've reviewed the papers at all,
4  reviewed what I've submitted, there's email evidence of that
5  where that's discussed quite openly.  In 2007, Your Honor, the
6  defendants had finally had enough.
7        THE COURT:  Okay, I don't want to get into the merits
8  right now because what I'm trying to figure out is how I'm
9  going to conduct this and how I'm going to reach a decision.
10 Each give me a number right now on a piece of paper, bottom
11 line number.
12    PAUSE
13        THE CLERK:  Do you want to go off the record?
14        THE COURT:  No.  No.
15    PAUSE
16        THE COURT:  All right, I think what I'm going to do –
17 obviously I see there's great space here between you.  I'm
18 going to talk to Judge Saris and see exactly – if she wants it
19 to be in the format of mediation then we'll set it up as a
20 mediation and the procedure that I usually follow will be
21 iterated in the order which is basically a very short brief,
22 five pages or so, summary of your position not to be exchanged,
23 filed two days before the mediation.  If she says that she
24 wants it in the format of non-binding arbitration, then I would
25 ask you to submit briefs a little bit more detailed and I would

8

1  rule on the papers I think probably.  But let me check with
2  her.  I'm inclined to think that mediation is a more effective
3  way but let's see.  All right, so I'll get back to you, all
4  right?
5          MS. CONNOLLY:  Thank you, Your Honor.
6          MR. WILLIAMS:  Thank you, Your Honor.
7          THE COURT:  You're welcome.  And if it is mediation
8  then Mr. Garvin will get in touch with you about mutually
9  convenient dates, all right.
10         MS. CONNOLLY:  Okay.  Thank you.
11         MR. WILLIAMS:  Thank you.
12         THE COURT:  I start at 10.  I go from 10 to four
13 usually, that's the way it works and I try not, I try sometimes
14 to do some other things in the afternoon as you're stepping in
15 and out but basically I give it a day, all right?
16         MR. WILLIAMS:  Thank you, Your Honor.
17         MS. CONNOLLY:  Thank you very much.
18         THE COURT:  Very good.
19         THE CLERK:  We stand in recess.
20 (Court is adjourned at 2:40:51 p.m.)
21
22
23
24
25

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**

9

1       CERTIFICATION

2       I, Maryann V. Young, court approved transcriber, certify

3  that the foregoing is a correct transcript from the official

4  digital sound recording of the proceedings in the

5  above-entitled matter.

6

7  /s/ Maryann V. Young                April 25, 2012

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**