IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ THIS DOCUMENT RELATES TO: *United States ex rel. Linnette Sun and Greg Hamilton, Relators* *v.* *Baxter Hemoglobin Therapeutics; Baxter International Inc.; Baxter Healthcare Corporation* _____ | ) ) ) MDL No. 1456 ) Master File No. 1:01-CV-12257-PBS ) Sub-Category Case No. 1:08-CV-11200 ) ) Judge Patti B. Saris ) ) ) ) ) ) ) |

## **DECLARATION OF DAVID J. CHIZEWER**

I, David J. Chizewer, under penalties as provided in 28 U.S.C. § 1746, hereby certify that the following statements are true and correct:

1. I am a principal in the law firm of Goldberg Kohn Ltd. On December 2, 2011, I, along with my partner, Terry F. Moritz, were admitted to practice before this Court *pro hac vice* in order to serve as additional counsel to Relators, Linnette Sun and Greg Hamilton. We had been following this case since August 2011, and I attended a hearing in this matter on November 8, 2011, in which the Court set a briefing schedule on Baxter's summary judgment motion.

2. At the April 25, 2012 hearing on Relators' motion to reconsider the Court's summary judgment order in favor of Baxter, I informed the Court that I had no notice that Baxter was taking the position that its settlement with Ven-A-Care covered Advate, and that I had no notice that Baxter was taking the position that its settlement agreement with

Ven-A-Care operated to release Relators' claims in this lawsuit, until Baxter filed its summary judgment motion on October 19, 2011. (See Transcript of April 25, 2012 Hearing (4:18-5:6)). That statement is and remains true. I have consulted with the team of lawyers representing Relators' counsel, and none of us had any constructive or actual notice that Baxter intended its Ven-A-Care settlement to release the claims in this lawsuit. I also went back and checked the status reports that Baxter's counsel referenced at the hearing (Transcript of April 25, 2012 Hearing, 14:9-12). On October 4, 2011, after Ven-A-Care and the State of Florida had already executed their settlement agreement with Baxter (which Baxter then executed on October 5, 2011), Baxter authored and filed a status report in *this* case (D.E. 132). In the October 4, 2011 status report, Baxter does not mention that it settled the Ven-A-Care case and does not state that it had or expected to receive a release relating to *this* case or would be seeking a dismissal of this case based on the Ven-A-Care settlement. To the contrary, the only mention of settlement is as follows:

- Ven-A-Care and Baxter have made substantial progress and, if an agreement in principle is reached with Ven-A-Care by March 7, we would then turn our attention to resolving the Sun/Hamilton case.

3. As noted by my co-counsel, Mark Kleiman, at the hearing, he did have notice that a settlement was in the works. In addition, on April 27, 2012, after reading a transcript of the April 25, 2012 hearing, Jim Breen, counsel for Ven-A-Care, sent me and Mr. Kleiman an email, reminding us of an earlier email from Mr. Kleiman, and copying me and my partner, Mr. Moritz (and our co-counsel Rick Morgan). In that email, which was dated October 7, 2011, Mr. Kleiman was congratulating Mr. Breen on his settlement with Baxter, and asking Mr. Breen what drugs his settlement covered. Mr. Breen has

acknowledged that he never responded to Mr. Kleiman's inquiry. I understand from Mr. Kleiman that reviewing the October 7, 2011 email reminded Mr. Kleiman that on October 7, 2011, Mr. Kleiman had obtained the Baxter-Ven-A-Care settlement documents off the docket—not from any of the parties. That same day—October 7, 2011—Mr. Kleiman posted the motion for dismissal in Ven-A-Care and the settlement documents onto a protected shared internet site to which I and my partner, Mr. Moritz, had access. That posting was 11 days prior to when Baxter filed its summary judgment motion in this case based on the Ven-A-Care settlement. A copy of Mr. Kleiman's October 7, 2011 email is attached hereto as Exhibit A.

4. In reviewing the transcript of the April 25, 2012 hearing, it appears that in addition to making it clear to the Court that Relators and their counsel had no actual or constructive notice of Baxter's intent to have the Ven-A-Care settlement cover this case (all of which is true), we also left the impression that we had no actual notice of the settlement documents until Baxter filed its summary judgment motion. In fact, we had access to them 11 days earlier. When I appeared before this Court on April 25, 2012, I did not recall that back on October 7, 2011, I had been copied on Mr. Kleiman's email congratulating Mr. Breen on the settlement and asking him about the covered drugs. Because of the close proximity (11 days) between the time I had actual notice of the settlement agreement, and the time Baxter filed its motion for summary judgment claiming that the settlement released this case, I cannot recall if I actually reviewed the settlement agreement and the related papers before or after reviewing the summary judgment motion. I do recall the surprise when I saw Baxter's summary judgment motion and seeing that Baxter was taking the position that Ven-A-Care had released Relators' claims. I recall that the entire counsel team expressed

similar surprise to me after reviewing that motion. Prior to Baxter's summary judgment motion, no one from Baxter, Ven-A-Care, or the United States ever told me that they believed their settlement covered Relators' claims in this lawsuit. While we do not believe that access to the settlement documents just 11 days prior to Baxter's summary judgment motion, without any notice that the documents were intended to affect the claims in this case, has any impact on Relators' motion to reconsider, we wanted the record to be perfectly clear about the timing and course of events.

5. On, February 16, 2012, Relators filed their motion to reconsider the order granting summary judgment to Baxter. I was the lawyer principally responsible for that motion and brief, as well as the motion to file a reply brief (on February 27, 2012) and the actual reply brief (on February 28, 2012). My colleague, Beata Brewster, at my direction, emailed Mr. Breen directly attaching all briefs relating to Relators' motion to reconsider; the opening combined motion and brief, and Baxter's response were emailed to Mr. Breen on February 23, 2012, and Relators' reply was emailed on February 27, 2012. Until April 27, 2012, I never received any communication from Mr. Breen about the Relators' motion to reconsider or about any other matter.

6. Relators' motion to reconsider contains a statement that is incorrect. It says that "Despite the fact that Relators had pending *qui tam* claims, Relators Sun and Hamilton had no notice of the settlement agreement, were not given the opportunity to participate in any meaningful hearing, and therefore had no opportunity to address the adequacy of the settlement or claim a share of the settlement proceeds." Almost all of that remains true. I should have written that Sun and Hamilton had no notice that Baxter *intended the settlement agreement to cover the Sun/Hamilton claims*. It is now clear that

Relators did have actual notice of the settlement agreement 11 days before Baxter filed its summary judgment motion, though that notice did not come from Baxter or Ven-A-Care. Nevertheless, prior to the filing of Baxter's motion for summary judgment in this case, I am aware of no actual or constructive notice that either Baxter or Ven-A-Care believed that the Ven-A-Care settlement released Relators' claims in this lawsuit.  As mentioned at the April 25, 2012 hearing, the nature of the releases in the Ven-A-Care settlement documents do not suggest that the United States had given a release to Baxter of the Sun/Hamilton claims. Even the United States, after reviewing the Ven-A-Care settlement documents, did not view them as release of the Sun/Hamilton claims.

    FURTHER AFFIANT SAYETH NOT.


Dated:  April 30, 2012

                /s/ David J. Chizewer
                David J. Chizewer

Terry F. Moritz
David J. Chizewer
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

# EXHIBIT A

| | |
|---|---|
| **From:** | Mark Kleiman <mkleiman@quitam.org> |
| **Sent:** | Friday, October 07, 2011 6:04 PM |
| **To:** | Jim Breen |
| **Cc:** | Rick Morgan; Chizewer, David; Jennifer Verkamp; psavoie@quitam.org; Moritz, Terry; ludden@ljulaw.com |
| **Subject:** | Congratulations |

Jim,

Nice to see your settlement finalized. I'm trying to do some calculations of my own and have looked in vain for the list of "Baxter Covered Drugs" referred to in the settlement documents.

Any hints?

Thanks,

Mark

**Mark Kleiman | Law Office of Mark Allen Kleiman**
2907 Stanford Avenue |Venice, California 90292

T: 310.306-8094 | mkleiman@quitam.org  / www.quitamspecialist.com

WARNING!!

This email is protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is only for use by the individual or entity named above. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, any dissemination, distribution or copying of this message is strictly prohibited. If you have received this message in error, please immediately call us collect at (310) 306-8094 and destroy the original message. Thank you.