UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456<br>Master File No. 1:01-CV-12257-PBS<br>Sub-Category Case No. 1:08-CV-11200<br><br>Judge Patti B. Saris |
| THIS DOCUMENT RELATES TO<br>United States ex rel. Linnette Sun and Greg Hamilton, Relators<br>v.<br>Baxter Healthcare Corporation | |

### DECLARATION OF MARK KLEIMAN

I, Mark Kleiman, under penalties as provided for in 28 U.S.C. § 1746, hereby certify that the following is true and correct:

1. I am an attorney duly licensed to practice before all courts in the state of California and am one of the attorneys of record for relators herein. As such I am admitted to practice before this court *pro hac vice*.

2. At the April 25, 2012 hearing on Relator's motion to reconsider the Court's order granting Baxter's motion for summary judgment, I advised the Court that, due to the crush of filings in these combined cases, I had no knowledge, formal or informal, that Baxter intended to assert that the Ven-A-Care settlement resolved the allegations in this case.

3. After reviewing the April 25 transcript, James Breen, counsel for Ven-A-Care, forwarded me an electronic mail message which I sent to him on October 7, 2011, the date that

1

the Ven-A-Care settlement documents and motion for dismissal were filed with this Court.  In that e-mail, I congratulated Mr. Breen on his settlement success and asked him to provide me the list of drugs covered by the Ven-A-Care settlement.  Mr. Breen never responded to my inquiry, and in fact he and I had no communication until more than two weeks after Baxter had filed its motion for summary judgment.

4. My e-mail to Mr. Breen occurred in the context of conversations I had with him in which he had indicated that once the Ven-A-Care case was resolved, he believed that Baxter would be prepared to begin settlement discussions with our clients.  Despite these discussions, last held more than six months before the Ven-A-Care settlement, I learned of the settlement only via an email from my colleague, Lauren Udden. Who had caught the notice on PACER on October 7, and who informed me that day.

5. I was never advised by any attorney representing Baxter that it believed that it was negotiating resolution of the allegations in the Sun/Hamilton case with Ven-A-Care counsel.

6. At the April 25 hearing, I also advised the Court that I did not have knowledge of the Ven-A-Care settlement documents themselves.  Upon reviewing the file, I must respectfully withdraw and correct this statement.  I did know that the settlement was submitted to the Court.  What I had no knowledge, notice, or understanding of was that the settlement was believed by any party thereto to relate to the Baxter biological products around which the allegations in this case revolve. This is especially true in light of the October, 2011 Sun / Hamilton status report.  (Docket No. 7829).  The Report, which was drafted by Baxter's counsel and was filed with this Court on October 4, 2011, is attached hereto as Exhibit A.

//

I hereby swear that the foregoing statements are true to the best of my knowledge, information, and belief.

Executed this 30th day of April, 2012 at Venice, California.


/s/ Mark Kleiman
Mark  Kleiman

## CERTIFICATION OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DECLARATION OF MARK KLEIMAN** to be delivered by electronic service via the Court's ECF/electronic mailing system and LexisNexis File & Serve on all counsel of record on April 30, 2012.

/s/ Mark Kleiman
Mark Kleiman