UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 1:01-12257-PBS |
| | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 08-11200 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States ex rel. Linnette Sun* | ) | |
| *and Greg Hamilton v.* | ) | Judge Patti B. Saris |
| *Baxter Healthcare Corporation.* | ) | |
| | ) | |

**MOTION BY THE UNITED STATES FOR LEAVE TO FILE POST-HEARING
BRIEF FOLLOWING THE MOTION HEARING ON APRIL 25, 2012**

The United States respectfully moves pursuant to Local Rule 7.1(b)(3) for leave to file a brief relating to an issue that arose during oral argument on relators Sun and Hamilton's request that the Court reconsider its Order of January 26, 2012, granting Baxter Healthcare Corporation's ("Baxter's") motion for partial summary judgment.

**REQUEST FOR LEAVE TO FILE POST-HEARING BRIEF**

The Government submits this brief to address an issue raised during the hearing on April 25, 2012: whether the release given to Baxter by relator Ven-A-Care of the Florida Keys ("Ven-A-Care") and the subsequent dismissal of that action have any bearing on the claims brought by Sun and Hamilton.

In the event the Court grants the United States leave to submit additional briefing, the Government submits the points set out below. If the Court elects not to grant such leave, the Court may disregard the remainder of this filing.

**POST-HEARING BRIEF**

The motion for reconsideration by relator involves the interpretation of two documents: the Settlement Agreement executed by Baxter, relator Ven-A-Care, and the State of Florida, and the separate Consent to Dismissal executed by the United States. (Both documents were submitted to the Court with a Notice of Settlement in *United States ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, et al.*, C.A. 95-1354 (S.D. Fla) (MDL 1456, Case No. 10-cv-11186) at Dkt. 26, attached hereto as Exhibit One.)

The key provision in the Settlement Agreement is the release paragraph by relator, which provides as follows:

> In consideration of the obligations of the Baxter Parties in this Agreement,
>
> \*     \*     \*     \*     \*
>
> each Plaintiff, on behalf of itself (including, with respect to the Relator, to the extent it is capable under the law *all qui tam claims brought on behalf of the United States in the Federal Qui Tam Proceedings*) . . . fully and finally releases . . . each of the Baxter Parties . . . from any and all civil . . . claim . . . arising from the Covered Conduct.

Settlement Agreement at ¶ III. 7 (emphasis supplied). Thus, by its own terms, relator's release under the *qui tam* provisions of the False Claims Act applies only to claims actually brought by Ven-A-Care in its action against Baxter.

Consistent with this conclusion, the term "Plaintiff[s]" is not defined to include the United States, and the Settlement Agreement further specifies that the "United States is not a party to [the] Agreement." *Id.* at ¶ I. In addition, the "Federal *Qui Tam* Proceedings" are specifically identified in the Settlement Agreement as the *Ven-A-Care* case, C.A. 95-1354 (S.D. Fla) (MDL No. 1456, Case No. 10-cv-11186). *Id*. at ¶ II.B. Finally, the Settlement Agreement makes clear that Ven-A-Care was acting "for its own behalf and with respect to such *qui tam*

2

claims as *the relator has pled on their behalf,* the United States of America..." *Id*. at ¶ I (emphasis supplied).

As noted during the April 25th hearing, the release given to Baxter by the State of Florida differs from that provided by relator.  Florida was a signatory to the Settlement Agreement and in that capacity issued a broad release on its own behalf for the Covered Conduct.  *Id*. at ¶ III.6.

The second key document is the Consent to Dismissal executed by the United States in the Ven-A-Care *qui tam*.  In that document, the Government consented to "the dismissal with prejudice of *claims in the [Ven-A-Care] action* with respect to [Baxter] pursuant to and as limited by the Settlement and Release between Baxter and the Relator, Ven-A-Care . . . and the State of Florida..." (emphasis supplied).

Accordingly, the release by relator in the Settlement Agreement is expressly limited to *qui tam* claims brought on behalf of the United States by Ven-A-Care in its federal *qui tam* proceeding – a case in which the Government had declined to intervene.  The consent to dismissal executed by the Government in the Ven-A-Care *qui tam* is also expressly limited to the claims pled in that action.

Based on the foregoing, with respect to any claim by Sun and Hamilton that was not already covered by Ven-A-Care's prior *qui tam*, such claim cannot be considered included within the Ven-A-Care settlement agreement based on the express limitations in that agreement and in light of the specificity of the consent to dismissal filed by the United States.  In this situation, Sun and Hamilton have no statutory right to a hearing on the reasonableness of the settlement in the Ven-A-Care action because that settlement compromised only those claims that Ven-A-Care had the exclusive legal right to settle – subject to the consent of the United States – in light of the Government's declination in that matter and the False Claim Act's first-to-file bar.

                      Respectfully submitted,

                      STUART F. DELERY
                      Acting Assistant Attorney General
                      Civil Division

                      CARMEN M. ORTIZ
                      United States Attorney
                      District of Massachusetts

                      Jeffrey Fauci
                      Assistant U.S. Attorney
                      United States Courthouse
                      1 Courthouse Way, Suite 9200
                      Boston, MA 02210
                      (617) 748-3272


                      /s/ Justin Draycott
                      Joyce R. Branda
                      Daniel R. Anderson
                      Justin Draycott
                      Laurie A. Oberembt
                      U.S. Department of Justice,
                      Civil Division
                      P.O. Box 261, Ben Franklin Station
                      Washington, D.C. 20044
Dated: May 1, 2012          (202) 305-9300

      I hereby certify that I have this day caused an electronic copy of the above **POST-HEARING BRIEF OF THE UNITED STATES FOLLOWING THE MOTIONS HEARING ON APRIL 25, 2012** to be served via the Court's CM/ECF system and I also caused it to be served on all counsel of record by sending a copy to LexisNexis File & Serve for posting and notification to all parties.

|  |  |
|---|---|
| Dated: May 1, 2012 | /s/ Justin Draycott<br>Justin Draycott |