**Exhibit 6**

HIGHLY CONFIDENTIAL DEPOSITION OF GREG HAMILTON
CONDUCTED ON THURSDAY, JANUARY 21, 2010

1 (Pages 1 to 4)

---

**Page 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: PHARMACEUTICAL           )
INDUSTRY AVERAGE WHOLESALE      )
PRICE LITIGATION                ) MDL No. 1456
_____ )
                                ) Master File No.
THIS DOCUMENT RELATES TO:       ) 1:01-CV-12257-PBS
                                )
United States ex rel.           ) Sub-Category Case
Linnette Sun and Greg           ) No. 1:08-CV-11200
Hamilton, Relators              )
                                )
       v.                       )
                                )
Baxter Hemoglobin               )
Therapeutics and Baxter         )
International Inc.              )

HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Deposition of GREG HAMILTON, taken before MARGARET A. BACHNER, CSR, RMR, CRR, and Notary Public, pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions for the purpose of discovery, at Suite 600, 300 North LaSalle Street, Chicago, Illinois, on the 21st day of January, A.D. 2010, at 10:32 a.m.

---

**Page 2**

There were present at the taking of this deposition the following counsel:

on behalf of the Relators;
BY: MARK ALLEN KLEIMAN, ESQUIRE
2907 Stanford Avenue
Venice, California  90292
310-306-8094

on behalf of Baxter Hemoglobin Therapeutics and Baxter International Inc.;
DICKSTEIN SHAPIRO LLP
BY: J. ANDREW JACKSON, ESQUIRE
    RUCHI JAIN, ESQUIRE
1825 Eye Street, N.W.
Washington, DC  20006-5403
202-420-2200

on behalf of Bayer Corporation.
SIDLEY AUSTIN LLP
BY: ENJAMIN KEITH, ESQUIRE
One South Dearborn Street
Chicago, Illinois  60603
312-853-7814

ALSO PRESENT:
MR. MICHAEL BOLTON,
In-House Counsel, Baxter International Inc.

---

**Page 3**

INDEX

| WITNESS | EXAMINATION |
|---|---|
| GREG HAMILTON | |
| By Mr. Jackson | 5 |

EXHIBITS

| DEPOSITION EXHIBIT | FOR IDENTIFICATION |
|---|---|
| Number 1 - Notice of Deposition of Relator Greg Hamilton | 5 |
| Number 2 - Pages from drugfraudsettlement.com re: Attorneys | 16 |
| Number 3 - Page from drugfraudsettlement.com re: Drug Expert Greg Hamilton, Sr. | 16 |
| Number 4 - Greg Hamilton curriculum vitae | 29 |
| Number 5 - Document entitled Baxter Products W/AWP History, GH000001-000009 | 30 |
| Number 6 - Declaration of Greg Hamilton | 35 |
| Number 7 - Amended Complaint for Damages | 37 |
| Number 8 - Document entitled Hemophilia Resources of America, Inc., GH000010-000022 | 46 |
| Number 9 - Document entitled Express Scripts, Inc. First DataBank File Inquiry, GH000023-000046 | 47 |
| Number 10 - Document entitled Baxter BioScience, Customer: Curascript, GH000047 | 49 |
| Number 11 - RBC Capital Markets Document entitled "A Changing Paradigm In Hemophilia," GH000048-000071 | 54 |

---

**Page 4**

EXHIBITS

| DEPOSITION EXHIBIT | FOR IDENTIFICATION |
|---|---|
| Number 12 - U.S. News article entitled "Court: HMOs Can Be Made to Open Networks," Gh000072-000074 | 56 |
| Number 13 - Deposition of Patricia Kay Morgan, GH000126-000290 | 57 |
| Number 14 - State of Texas Notice of Intention to Take Oral Depositions, GH000089-000125 | 58 |
| Number 15 - Deposition Summary of Patricia Kay Morgan, GH000291-000320 | 59 |
| Number 16 - Document entitled Global Market Research Hemophilia, GH000321-001495 | 61 |
| Number 17 - Document entitled The Plasma Fractions Market in the United States, GH001527-001744 | 69 |
| Number 18 - Summary of First DataBank Information on Selected Drugs, GH001526 | 72 |
| Number 19 - Appointment Book excerpts, GH001497-001523 | 77 |
| Number 20 - 4/22/05 letter from Kleiman to Gonzales and Theis, GH001525 | 86 |
| Number 21 - Memorandum in Opposition to Baxter's Motion to Dismiss | 98 |

5

1  (The witness was duly sworn.)
2          GREG HAMILTON,
3  called as a witness herein, having been first duly
4  sworn, was examined and testified as follows:
5              EXAMINATION
6  BY MR. JACKSON:
7      Q.   Mr. Hamilton, my name is Andy Jackson. To
8  my left is Ruchi Jain. We represent Baxter in this
9  case.
10         (Deposition Exhibit Number 1 was
11          marked for identification.)
12         (Document tendered to the
13          witness.)
14 BY MR. JACKSON:
15     Q.   Let me show you what's been marked as
16 Deposition Exhibit 1. Deposition Exhibit 1 is a
17 Notice of Deposition regarding you and this matter.
18         Have you seen that document before?
19     A.   I believe so.
20     Q.   You're appearing today pursuant to that
21 Deposition Notice?
22     A.   Yes.
23     Q.   Mr. Hamilton, I'm going to be asking a
24 series of questions today. I need you to answer
25 aloud, no shaking head up or down or left to right so

6

1  we can make sure we get a full record. Is that okay
2  with you?
3      A.   Yes.
4      Q.   And I presume you're not on any medication
5  or under any other kinds of drugs that would impair
6  your ability to understand my questions or your
7  ability to testify today.
8      MR. KLEIMAN: There's no question pending.
9  BY MR. JACKSON:
10     Q.   You can answer the question.
11     A.   I understand. I was waiting -- if you'd
12 like me to affirm your statement, yes, you're correct.
13     Q.   That's fine. And you understand that there
14 may be times today when your counsel objects to my
15 question. Unless you're instructed by your counsel to
16 answer, you go ahead and answer the question.
17         Do you understand that?
18     A.   Yes, I do.
19     Q.   Mr. Hamilton, did you review any documents
20 in preparation for your deposition?
21     A.   Yes, I did.
22     Q.   What documents did you review?
23     A.   I reviewed a rough version of Linnette
24 Sun's recent deposition. I reviewed my Declaration.
25 And I quickly scanned our counsel's response to -- I

7

1  think it was like a response to a motion of yours.
2      Q.   So, the Relators' Opposition to our Motion
3  to Dismiss, you think that's what it was?
4      A.   I think that's what it was.
5      Q.   Okay. Any other documents you reviewed in
6  preparation for your deposition?
7      A.   Not that I recall.
8      Q.   Did you speak with Miss Sun?
9      A.   No, I did not.
10     Q.   Sir, have you been deposed before?
11     A.   Yes, I have.
12     Q.   How many times?
13     A.   I believe three.
14     Q.   Can you briefly describe each of those
15 depositions, what case it was and what the subject
16 matter of the deposition was?
17     A.   Okay. One was a civil fraud case involving
18 Vioxx.
19         The second was the Kentucky AWP case.
20         And the third was -- I believe it's a civil
21 case on product liability involving a hepatitis C
22 outbreak in Las Vegas.
23     Q.   When was the deposition regarding the Vioxx
24 matter?
25     A.   About a year and a half ago.

8

1      Q.   What was your role in that case?
2      A.   I was an expert witness.
3      Q.   For whom?
4      A.   For the plaintiff.
5      Q.   Who was the plaintiff?
6      A.   Henry Chapin -- or Channon. Sorry.
7      Q.   And did your testimony in that case concern
8  AWP in any way; that is, average wholesale price?
9      A.   No, it did not.
10     Q.   How about average manufacturer price?
11     A.   No, it did not.
12     Q.   Best price?
13     A.   No, it did not.
14     Q.   And what was the gravamen? What was the
15 principal matter at issue in the Vioxx case?
16     A.   I'm not sure -- are you talking about the
17 principal matter for the plaintiffs, his lawyers or my
18 role as the expert witness?
19     Q.   The plaintiff in the first instance.
20     A.   The plaintiff had damages as a result of
21 being infected with hepatitis C from -- at least they
22 were alleging that at this particular center.
23     Q.   And what was your role as the expert in
24 that case?
25     A.   My role was to describe and discuss the

Page 9

```
 1  methods and operations of pharmaceutical marketing.
 2      Q.   And in the Kentucky AWP matter, I believe
 3  you testified that your role there was as an expert?
 4      A.   Yes.
 5      Q.   What topic areas were you identified as a
 6  potential expert for?
 7      A.   I'd have to go back and get -- if you want
 8  exact details, but in general --
 9      Q.   In general.
10      A.   In general it was pharmaceutical marketing,
11  pricing and specifically AWP.
12      Q.   And when we use the phrase or the word
13  "AWP" or the letters "AWP," we'll understand it to
14  mean average wholesale price?
15      A.   That is correct.
16      Q.   And who were your retained by in that
17  matter?
18      A.   Chuck Barnhill.
19      Q.   You were an expert for the plaintiffs in
20  that case?
21      A.   That's correct.
22      Q.   And was that a qui tam case, a False Claims
23  Act case?
24      A.   No, I don't believe it was.  It was the
25  State of Kentucky versus several defendants.
```

Page 10

```
 1      Q.   And then the civil case, the product
 2  liability matter regarding hepatitis C, what was your
 3  role in that case?
 4      A.   My role was as a -- an expert in
 5  pharmaceutical marketing.
 6      Q.   Did that case have anything to do with AWP,
 7  AMP or BP?
 8      A.   No, it did not.
 9      Q.   Have you ever testified at trial before?
10      A.   No, I have not.
11      Q.   Have you ever been accepted by a Court as
12  an expert witness?
13      A.   I'm not sure.
14      Q.   Have you ever testified during a trial?
15      A.   No, I have not.
16      Q.   Mr. Hamilton, were you aware that today's
17  deposition is limited to matters related to
18  jurisdictional issues, and that if the Motion to
19  Dismiss is denied in this case, there will be a
20  subsequent time when we will depose you regarding
21  substantive matters?  Were you aware of that?
22      A.   I am aware to the extent that I understand
23  the legal jargon.
24      Q.   Okay.  That's fine.  Have you ever been --
25  I'm sorry.
```

Page 11

```
 1           So, those are the only three cases you've
 2  testified in; Vioxx, Kentucky AWP and the hepatitis C
 3  case?
 4      A.   When you say "testified," if you're
 5  referring to in court, I've already answered that I
 6  have not testified in court.
 7      Q.   In deposition.
 8      A.   In deposition, yes.
 9      Q.   All right.  Are there any other court
10  matters that you have been retained as a testimonial
11  or consulting expert?
12           MR. KLEIMAN:  Objection.  Compound.
13  BY MR. JACKSON:
14      Q.   You can answer the question.
15      A.   Okay.  But let me break it down.  You want
16  to know if there are any other cases ever in my entire
17  career that I've been retained in the capacity either
18  as an expert witness or as a consultant?
19      Q.   Yes.
20           MR. KLEIMAN:  To the extent to which Mr. Hamilton
21  has been retained as an expert on cases that are under
22  seal, I'm going to instruct him not to answer.  As to
23  all other matters he can.
24  BY THE WITNESS:
25      A.   In light of counsel's objection, much of my
```

Page 12

```
 1  work is in qui tam work.  And some of my cases I know
 2  for certain are under federal seal.  These things come
 3  in and out from under seal, so I just don't know if
 4  some of them are still under seal or not under seal.
 5  So, I think I'd have to err on the side of caution and
 6  just say I can't give you that list.
 7  BY MR. JACKSON:
 8      Q.   In how many cases total have you been
 9  retained?
10      A.   I don't have an exact number, but if you'd
11  like -- would you like a range, an estimate?
12      Q.   That would be fine.
13      A.   How about somewhere between 10 and 25?
14      Q.   And you can't tell me which of those 10 to
15  25 cases are presently under seal or not?
16      A.   Not at this moment.
17      Q.   How many of those 10 to 25 cases relate to
18  the pharmaceutical industry?
19      A.   All of them.
20      Q.   How many of those cases are False Claims
21  Act cases, whether federal False Claims Act or state
22  False Claims Act?
23      A.   Off the top of my head, and this is an
24  estimate, to the best of my recollection all but the
25  three that we discussed that I've given depositions
```