IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ THIS DOCUMENT RELATES TO: *United States ex rel. Linnette Sun and Greg Hamilton, Relators* v. *Baxter Hemoglobin Therapeutics; Baxter International Inc.; Baxter Healthcare Corporation* _____ | MDL No. 1456 Master File No. 1:01-CV-12257-PBS Sub-Category Case No. 1:08-CV-11200 Judge Patti B. Saris |

## RELATORS' VERY SHORT RESPONSE TO POST-HEARING MOTIONS AND FILINGS BY BAXTER AND THE UNITED STATES

Relators have reviewed Baxter's Response to the Court's April 25, 2012 Order Regarding Notice, filed on May 2, 2012 (D.E. 179), as well as the Motion by the United States for Leave to File Post-Hearing Brief Following the Motion Hearing on April 25, filed May 1, 2012 (D.E. 178). Relators agree with the United State's position with respect to the scope of the Ven-A-Care release. As the United States said, "[W]ith respect to any claim by Sun and Hamilton that was not already covered by Ven-A-Care's prior *qui tam*, such claim cannot be considered included within the Ven-A-Care settlement agreement based on the express limitations in that agreement and in light of the specificity of the consent to dismissal filed by the United States." U.S. Motion at p. 3.

Relators stand by their declarations, which corrected the record on a mistake not relevant to the outcome. Indeed, Baxter has now admitted in its DeLancey Declaration that it never told the Government or Relators that it intended to release Sun's/Hamilton's

claims in this case. Baxter now exaggerates and mischaracterizes an error by Relators' counsel in an attempt to misdirect the Court away from the central issue. Ven-A-Care could not and did not release claims that it did not plead and did not have. Baxter understood that (or should have) when it agreed to the settlement, and decided not to share with Relators in advance the position it now takes about its scope.

Put in context, it simply makes little sense to suggest that Relators should have (1) reviewed the Ven-A-Care releases, which on their face come only from Ven-A-Care and not the United States; (2) then presumed that those releases affected Sun's/Hamilton's rights; (3) then moved to intervene in the Ven-A-Care case, to which Sun/Hamilton are not a party; and (4) done all of that in the 10 days between the time the settlement agreement was filed and the time the Court dismissed the Ven-A-Care case, all without any notice or indication from Baxter or Ven-A-Care that the settlement was intended to affect Sun's/Hamilton's case.

With respect to Baxter's attempt to file a declaration under seal in support of its position, it has made such filing not only under seal, but *ex parte*. Substantial portions of the declaration have been redacted and not disclosed to Relators. To the extent the declaration contains confidential information, a protective order is more than sufficient protection for Baxter to provide the declaration in full to Relators.

Dated: May 4, 2012

                                    Respectfully submitted,

                                    LINNETTE SUN and GREG HAMILTON

                                    By  /s/ David J. Chizewer
                                        One of Their Attorneys

Terry F. Moritz
David J. Chizewer
GOLDBERG KOHN LTD.
55 East Monroe Street – Suite 3300
Chicago, Illinois  60603
(312) 201-4000

Mark Allen Kleiman
LAW OFFICE OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, California  90292
(310) 306-8094

Lauren John Udden
15 West Carrillo Street – Suite 101B
Santa Barbara, California  93101
(805) 879-7544

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 4, 2012, he caused a true and correct copy of the foregoing **RELATORS' VERY SHORT RESPONSE TO POST-HEARING MOTIONS AND FILINGS BY BAXTER AND THE UNITED STATES** to be served via the Court's ECF/electronic mailing system and LexisNexis File & Serve upon all parties of record.

    /s/ David J. Chizewer
David J. Chizewer