IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ THIS DOCUMENT RELATES TO: *United States ex rel. Linnette Sun and Greg Hamilton, Relators* *v.* *Baxter Healthcare Corporation* _____ | MDL No. 1456 Master File No. 1:01-CV-12257-PBS Sub-Category Case No. 1:08-CV-11200 Judge Patti B. Saris |

## RELATORS' RESPONSE TO NON-PARTY VEN-A-CARE OF THE FLORIDA KEYS, INC.'S MOTION FOR LEAVE TO FILE STATEMENT OF INTEREST

Relators have reviewed Non-Party Ven-A-Care's Motion for Leave to File Statement of Interest (Master File No. 1:01-cv-12257-PBS, D.E. #8150). Ven-A-Care has now made it clear that it agrees with Relators and the United States on the issue currently before this Court: the Ven-A-Care settlement cannot bar any claim by Sun/Hamilton absent a finding that Ven-A-Care was the first-to-file that claim. Ven-A-Care's exposition of the first-to-file issues is a helpful addition to understanding the effect of the release Baxter received.

Ven-A-Care did not stop there, however. Although it was not invited, and has no standing to do so, Ven-A-Care has now offered its position that *it* was first-to-file on the Recombinate and Advate claims. This position is ironic, considering that Ven-A-Care was informed of the Sun/Hamilton complaint by the United States Department of Justice more than *six* years ago, for the purpose of determining whether there was any overlap between the Ven-A-Care case and the Sun/Hamilton case. Until now, Ven-A-Care has never taken the position with this Court that it was first- to-file on *any* of the Sun/Hamilton claims. Even Baxter

has not taken the position that Ven-A-Care was first-to-file on the Advate claims.  To the contrary, Baxter filed its own first-to-file motion in this case claiming that Ven-A-Care was first-to-file only with respect to Recombinate.  This Court never ruled on Baxter's motion.  Even the versions of Ven-A-Care's Complaint filed *after* the Sun/Hamilton claims do not include Advate among the dozens of drugs expressly mentioned.  Moreover, unlike the Sun/Hamilton complaints, the preceding Ven-A-Care complaints do not contain any detail as to the unique fraudulent scheme Baxter used to market and price Recombinate and Advate, which scheme was different from the marketing and pricing for other infusion drugs.

To the extent this Court decides to question whether Sun/Hamilton is first-to-file on Advate—an issue even Baxter has not raised—that issue can be briefed in due course.  (The same issue with respect to Recombinate has already been briefed.)  The first step, however, is for the Court to vacate its summary judgment ruling against Sun/Hamilton based on a release in the Ven-A-Care settlement that, on its face, does not and could not cover the Sun/Hamilton claims.

Dated:  May 14, 2012

                                        Respectfully submitted,

                                        LINNETTE SUN and GREG HAMILTON

                                        By  /s/ David J. Chizewer
                                            One of Their Attorneys

Terry F. Moritz
David J. Chizewer
GOLDBERG KOHN LTD.
55 East Monroe Street – Suite 3300
Chicago, Illinois  60603
(312) 201-4000

-3-

Mark Allen Kleiman
LAW OFFICE OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, California  90292
(310) 306-8094

Lauren John Udden
15 West Carrillo Street – Suite 101B
Santa Barbara, California  93101
(805) 879-7544

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on May 14, 2012, he caused a true and correct copy of the foregoing **RELATORS' RESPONSE TO NON-PARTY VEN-A-CARE OF THE FLORIDA KEYS, INC.'S MOTION FOR LEAVE TO FILE STATEMENT OF INTEREST** to be served via the Court's ECF/electronic mailing system and LexisNexis File & Serve upon all parties of record.

/s/ David J. Chizewer
David J. Chizewer