## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: PHARMACEUTICAL | ) | |
| INDUSTRY AVERAGE | ) | |
| WHOLESALE PRICE LITIGATION | ) | MDL No. 1456 |
| _____ | ) | Master File No. 1:01-CV-12257-PBS |
| | ) | Sub-Category Case No. 01:08-CV-11200 |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel.* | ) | Judge Patti B. Saris |
| *Ven-A-Care of the Florida Keys, Inc. v.* | ) | |
| *Baxter Healthcare Corporation and* | ) | |
| *Baxter International, Inc.* | ) | |
| | ) | |
| *Case No. 10-CV-11186-PBS* | ) | |
| _____ | | |

## MOTION OF LINNETTE SUN AND GREG HAMILTON
## TO REOPEN THE JUDGMENT AND FOR A HEARING

### MOTION

Linnette Sun and Greg Hamilton, *qui tam* relators in *United States ex rel. Sun and Hamilton v. Baxter*, No. 08-CV-11200 (the "*Sun/Hamilton* case"), respectfully ask this Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate the October 17, 2011 judgment which dismissed this case (the "*Ven-A-Care* case") with prejudice (*Ven-A-Care*, D.E. 28). The basis for this Motion is that the settlement which gave rise to the *Ven-A-Care* dismissal purported to resolve the *qui tam* claims pending in the *Sun/Hamilton* case, and this Court has determined that the *Ven-A-Care* settlement constituted an alternate remedy of the claims in the *Sun/Hamilton* case. The alternate remedy provision of the False Claims Act, 31 U.S.C. § 3730(c)(5), provides that Relators in the *Sun/Hamilton* case are entitled to the same rights in this *Ven-A-Care* case as they had in their own case, including a determination, under 31 U.S.C. § 3730(c)(2)(B), as to whether such a remedy,

resolving the *Sun/Hamilton* claims, is fair, adequate, and reasonable.  That determination did not occur in this *Ven-A-Care* case before it was dismissed.

## MEMORANDUM IN SUPPORT

### I.    Introduction

In an August 7, 2012 Order, the Court denied, without prejudice, Relator's Combined Motion to Reconsider (*Sun/Hamilton* D.E. 159).[1]   That Motion sought reconsideration of an order which granted partial summary judgment to Baxter based on the settlement agreement in this *Ven-A-Care* case.  The Court in *Sun/Hamilton* also found that the settlement entered into by Baxter and Ven-A-Care in this case in late 2011 constitutes an "alternate remedy" of the claims asserted by Relators Sun and Hamilton, as that phrase is used in 31 U.S.C. § 3730(c)(5).  The Court then left open the prospect of a motion pursuant to Rule 60(b)(6), Fed. R. Civ. P., to reopen the judgment here, which resulted from the settlement of the *Ven-A-Care* claims against Baxter.  (*Sun/Hamilton* D.E. 193).

By this Motion, and following this Court's guidance, Relators ask that this Court reopen the judgment in this *Ven-A-Care* case  to conduct a hearing on the fairness, adequacy, and reasonableness of the *Ven-A-Care* settlement (*Sun/Hamilton* D.E. 193, p. 13), and to set a date for that hearing.

### II.    Argument

#### A.    Rule 60(b)(6) Permits the Unwinding of the Settlement Agreement In Order to Facilitate the Statutory Mandate of the False Claims Act.

Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final . . . order . . . for . . . (6) any other reason justifying

---

[1]    *United States ex rel. Sun, et al. v. Baxter Healthcare Corp.*, 2012 WL 3263922 at *5 (D. Mass., August 7, 2012) (*Sun/Hamilton* D.E. 193).

relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  This Court noted that

the Fourth Circuit, in *U.S. ex rel. LaCorte v. Wagner*, 185 F.3d 188, 191 (4th Cir. 1999),

allowed that Rule 60(b)(6) was the appropriate vehicle by which a *qui tam* relator who

"believes that the government acted improperly in procuring a settlement . . . may return to

the court which had jurisdiction over the settlement" and "move to reopen the judgment[.]"

That Rule 60(b)(6) is the appropriate vehicle and is consistent with its scope and purpose as a

"'grand reservoir of equitable power . . . which, in a proper case, is to be liberally applied.'"

*United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977), *quoting* 7 *Moore's Federal Practice*

¶ 60.27(2) at 352, 375 (2d ed. 1975).  The Supreme Court has noted that Rule 60(b)(6)

provides courts with authority "adequate to enable them to vacate judgments whenever such

action is appropriate to accomplish justice."  *Klapprott v. United States*, 335 U.S. 601,

614-615 (1949).  Indeed, because the right of Relators to a hearing (and, thus, the proper

notice which is the *sine qua non* of legal process) is statutory, use of Rule 60(b)(6) is

particularly appropriate—and is certainly consistent with simple justice.

   Relators are cautiously optimistic that, in light of the clarity with which this

Court spoke of using Rule (60)(b)(6) in its Order (*Sun/Hamilton* D.E. 193, p. 13), the parties

will not dispute the point.  Thus, Relators will not belabor it unless Ven-A-Care, Baxter, or

the United States advances a different position in response to this Motion.

### B.  The *Sun/Hamilton* Relators Filed the First Complaint Relating to Advate.

   Although this Court has already determined that the settlement in this case

constituted an alternate remedy of the *Sun/Hamilton* claims against Baxter (*Sun/Hamilton*

D.E. 193, p. 10), we briefly address the status of Ms. Sun and Mr. Hamilton under the

first-to-file provision of the False Claims Act, 31 U.S.C. § 3730(b)(5).  All parties involved

in this matter are aware that the provision states that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."  This Court addressed the first-to-file provision several years ago in *United States ex rel. Ven-A-Care v. Abbott Labs, Inc*., 2008 WL 2778808 at *3 (D. Mass., July 15, 2008) (attached hereto):

> Notice of fraud in one drug's pricing is not notice of fraud in another drug's pricing, as Abbott well knows.  This is because drugs are often marketed, reimbursed, sold, and priced in different ways.  *See In re Pharm. Indus. Average Wholesale Price Litig*., No. 01-12257, 2007 U.S. Dist. LEXIS 89835, 2007 WL 4287572, at *3 (D. Mass. Dec. 6, 2007) ('The conclusory allegation of one 'broad scheme' is inadequate particularly in light of the evidence in this MDL demonstrating that each drug must be analyzed differently.').  For this reason, this Court has required plaintiffs to plead the allegedly fraudulent average wholesale price of each drug with specificity under Rule 9(b).  *See In re Pharm. Indus. Average Wholesale Price Litig*., 263 F. Supp. 2d 172, 194 (D. Mass. 2003).

Here, the Ven-A-Care complaint which was settled with Baxter made no mention of the drug Advate by name, NDC number, or other designation.  Advate is one of the two drugs on which the *Sun/Hamilton* claims are based.  So far as Relators Sun and Hamilton know, Advate has *never* been mentioned in this *Ven-A-Care* case.  It does not appear in the list of Baxter drugs identified in Ven-A-Care's Second Amended Complaint, or any prior version of that Complaint.  The Advate claims came to be wrapped up in the settlement between Baxter and Ven-A-Care only from the inclusion of a "Labeler Code" number in the settlement agreement, which encompassed Advate.  Indeed, although Baxter filed a motion to dismiss Sun's and Hamilton's Recombinate claims on first-to-file grounds, Baxter's motion never mentioned the Advate claims and acknowledged that "[a]t best, Sun

remains a viable relator regarding Advate, which will be the sole Baxter therapy remaining in this litigation." *Sun/Hamilton*, D.E. 126, p. 11.

Given the clarity of this Court's first-to-file jurisprudence and Baxter's tacit recognition of the principle that a drug must at least be mentioned in the complaint to be at issue in a case, there is no meaningful first-to-file issue. This Court is empowered to reach the merits of the settlement's reasonableness, adequacy, and fairness with respect to the *Sun/Hamilton* claims.

 C. **Once the Judgment is Reopened, and If Ven-A-Care, Baxter, or the United States Contends That the Settlement in This Case Was Fair, Adequate, and Reasonable as to Sun and Hamilton, a Hearing is Appropriate.**

Because this Court has determined that the settlement between Ven-A-Care and Baxter was an alternate remedy of the allegations in the case brought by Ms. Sun and Mr. Hamilton, the latter "have the same rights in such proceeding as such person would have had if the action had continued under this section." 31 U.S.C. § 3730(c)(5).

When the government intervenes in a case, it may settle over the objection of a relator only if the court determines that the settlement is "fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B). Here, of course, the government did not intervene, leaving Ven-A-Care with "the right to conduct the action" under 31 U.S.C. § 3730(c)(3). Nonetheless, this Court has already determined that "to encourage private citizens to file qui tam suits, the False Claims Act provides relators with the right to claim a share of the proceeds, and a hearing regarding the fairness, of the government's settlement of their claims." *Sun/Hamilton* D.E. 193, pp. 7-8.

Relators Sun and Hamilton respectfully submit that the alternate remedy was unfair (and inadequate and unreasonable) as a matter of law.  The United States has already advised this Court that it was unaware that the settlement between Ven-A-Care and Baxter had been drafted in such a manner as to provide Baxter with an argument that it settled Sun's and Hamilton's Advate claims.  The United States has also taken the position that it did not knowingly regard the *Ven-A-Care* settlement as an alternative remedy to the *Sun/Hamilton* claims.   The parties to the settlement—Ven-A-Care and Baxter—have never asserted whether and/or how they took the value of the *Sun/Hamilton* claims into account in arriving at their $25 million settlement.  At a fairness hearing, Sun and Hamilton will demonstrate that single damages in their case, based solely on the federal share of Medicare and Medicaid expenditures for Advate, approach $100 million, and after accounting for the stated share of Advate expenditures, the damages approach $200 million.

Given this Court's determination as a matter of fact and law that the *Ven-A-Care* settlement constitutes an alternate remedy of the *Sun/Hamilton* allegations, it may be that no party will contend that the settlement was fair, reasonable, and adequate with respect to Relators Sun and Hamilton.  If so, then the appropriate remedy, for purposes of this case, will be the vacating of the settlement and determining that Advate is not included. If anyone *does* contend that the *Ven-A-Care* settlement was fair, adequate, and reasonable as to the stealthily-settled *Sun/Hamilton* case, then, given the current, dismissed status of the *Sun/Hamilton* claims, the *Sun/Hamilton* Relators understand that such a claim of reasonableness, adequacy, and fairness will be the focus of this Court's hearing.

**III.**     **Conclusion**

        Relators Sun and Hamilton ask that this Court vacate its judgment of dismissal of the *Ven-A-Care* case and the settlement between Ven-A-Care and Baxter which gave rise to that dismissal, and provide a choice to the parties of either (a) agreeing that the settlement did not encompass the *Sun/Hamilton* Advate claim; or (b) submitting to a hearing as to whether the settlement of the *Sun/Hamilton* Advate claims was fair, adequate, and reasonable.

Dated:  September 7, 2012                 Respectfully submitted,

                                          LINNETTE SUN and GREG HAMILTON


                                          By  /s/ David J. Chizewer
                                                One of Their Attorneys

Terry F. Moritz                           Lauren John Udden
David J. Chizewer                         15 West Carrillo Street – Suite 101B
GOLDBERG KOHN LTD.                        Santa Barbara, California  93101
55 East Monroe Street – Suite 3300        (805) 879-7544
Chicago, Illinois  60603
(312) 201-4000

Mark Allen Kleiman
LAW OFFICE OF MARK ALLEN KLEIMAN
2907 Stanford Avenue
Venice, California  90292
(310) 306-8094

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on September 7, 2012, he caused a true and correct copy of the foregoing **MOTION OF LINNETTE SUN AND GREG HAMILTON TO REOPEN THE JUDGMENT AND FOR A HEARING** to be served via the Court's ECF/electronic mailing system and LexisNexis File & Serve upon all parties of record.


/s/ David J. Chizewer
David J. Chizewer