

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

June 18, 2012

ANTITRUST SECTION
14th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-4530 (Tel.)
717-705-7110 (Fax No.)

Edward Notargiacomo, Partner
Hagens Berman
55 Cambridge Parkway
Suite 301
Cambridge, MA 02142

Re: Average Wholesale Price Drug Litigation – Glaxo Smith Kline Settlement

Dear Mr. Notargiacomo:

Three years ago this Office participated in mediation before Eric Green regarding the disbursement of the remainder of the funds from the Glaxo Smith Kline Average Wholesale Price Settlement. At that time, Dr. Green issued a proposed Order which the Court adopted which provided that the remainder of any funds after a new round of distribution to consumer would be divided among the states. As more than three years have passed, I am interested in an update when we can expect distribution of the remaining funds.

Thank you for your cooperation.

Very truly yours,

James A. Donahue, III
Chief Deputy Attorney General

JADIII/dmh/EdNotargiacimo.ltr

cc:   Don Haviland, Esquire

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>GSK SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**NOTICE OF FILING OF PLAN OF ALLOCATION OF UNCLAIMED CONSUMER FUNDS IN THE GSK SETTLEMENT ON BEHALF OF CERTAIN PARTICIPATING STATES**

On June 22, 2009, as part of the MDL Mediator Eric Green's decision on the disposition of remaining funds in the GSK consumer fund, Professor Green instructed the five participating states in that mediation (Arizona, Connecticut, Montana, Nevada and Pennsylvania) to file with the Court a joint agreement or proposal as to how any funds allocated to these states would be divided among them [Docket No. 6171]. This proposal was to be filed with the Court and the MDL Mediator on July 24, 2009. On August 3, 2009 the Court granted an extension of that filing deadline.

The five participating states involved have now come to an agreed-upon allocation of any residual consumer funds allocated to them in accordance with the MDL Mediator's decision. The states have agreed to divide any funds in accordance with the following schedule:

| State | Percentage |
|---|---|
| Pennsylvania | 40.44% |
| Connecticut | 17.92% |

| | |
|---|---|
| Nevada | 15.55% |
| Montana | 13.73% |
| Arizona | 12.36% |

These amounts reflect consideration of both the amount each state received in the original GSK Settlement as well as the relative populations of each state.

NOW THEREFORE, on behalf of these participating states, Class Counsel respectfully submit this proposed plan of allocation in accordance with the MDL Mediator's decision.

DATED: August 10, 2009          By___ /s/ **Steve W. Berman**_____
                                            Thomas M. Sobol (BBO#471770)
                                            Edward Notargiacomo (BBO#567636)
                                            Hagens Berman Sobol Shapiro LLP
                                            55 Cambridge Parkway, Suite 301
                                            Cambridge, MA  02142
                                            Telephone: (617) 482-3700
                                            Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

001534-16 321109 V1

- 2 -

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **NOTICE OF FILING OF PLAN OF ALLOCATION OF UNCLAIMED CONSUMER FUNDS IN THE GSK SETTLEMENT ON BEHALF OF CERTAIN PARTICIPATING STATES**, to be delivered to all counsel of record by electronic August 10, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

/s/ Steve W. Berman
Steve W. Berman

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO: GSK SETTLEMENT | CIVIL ACTION: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' NOTICE OF FILING DECISION OF MDL MEDIATOR REGARDING DISPOSITION OF UNCLAIMED CONSUMER FUNDS IN THE GSK SETTLEMENT**

Pursuant to Section 22(b)(vii)(b) of the Settlement Agreement and Release of the GlaxoSmithKline Defendants dated August 10, 2006 (the "GSK Settlement") [Docket No. 2972], the parties met on June 22, 2009 with the MDL Mediator, Eric Green of Resolutions, LLC, to discuss the disposition of the remaining unclaimed consumer funds in the GSK Settlement. Attached as **Exhibit A** hereto is a copy of the GSK AWP Allocation Binding Mediation Decision, dated June 22, 2009. Pursuant to the GSK Settlement the mediator's decision is submitted to the Court for review and approval.

DATED: June 25, 2009                By___/s/ Steve W. Berman_____
                                    Thomas M. Sobol (BBO#471770)
                                    Edward Notargiacomo (BBO#567636)
                                    Hagens Berman Sobol Shapiro LLP
                                    55 Cambridge Parkway, Suite 301
                                    Cambridge, MA  02142
                                    Telephone: (617) 482-3700
                                    Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jeffrey Kodroff
John A. Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Jennifer Fountain Connolly
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CO-LEAD COUNSEL FOR PLAINTIFFS**

001534-16 311154 V1                    - 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **CLASS PLAINTIFFS' NOTICE OF FILING DECISION OF MEDIATOR REGARDING DISPOSITION OF UNCLAIMED CONSUMER FUNDS IN THE GSK SETTLEMENT**, to be delivered to all counsel of record by electronic June 25, 2009, a copy to LexisNexis File & Serve for posting and notification to all parties.

                                                 /s/ Steve W. Berman
                                               Steve W. Berman

# EXHIBIT A

## GSK AWP Allocation Binding Mediation Decision

### June 22, 2009

After reviewing the underlying settlement documentation and the submissions of the parties to the GSK AWP allocation binding mediation, and hearing the oral presentations and discussion among the representatives of the consumer class, the TPP's and ISHP's, and the states of Pennsylvania, Connecticut, Arizona, and Nevada (Montana not participating), I have determined, subject to Court review and approval, that the remaining approximately $11.6m (the "Remaining Amount") originally allocated to the consumer class should be re-allocated as follows:

1. First priority should be to ensure that as much of the Remaining Amount that was initially allocated to consumers of GSK subject drugs be disbursed to eligible consumers. Accordingly, the formulas and amounts initially selected for compensation, when the number of consumers who would come forward was unknown, should be adjusted in light of the now known facts, in a way that is reasonably consistent with compensation of consumers in other AWP settlements. In addition, an additional effort should be made to perfect consumer claims that are incomplete and to compensate consumers with incomplete claims if eligibility can be reasonably established in alternative ways, even if the compensation for claims that are imperfect or incomplete is minimal. Thus, the Remaining Amount first should be reallocated among the consumers as follows, in the order listed:

    a. Increasing total payments to valid claims to three times the out-of-pocket expenses for GSK Class A drugs (netting out amounts already paid).
    b. Increasing total payments to valid claims to three times the recognized claim amount for GSK Class B drugs (netting out amounts already paid).
    c. Making further reasonable efforts to obtain additional information from claimants themselves, from CMS, or from other sources on existing claims for which there was inadequate information or little or no information to be able to pay such claims. It is recognized that this will entail expense, time and effort, but the priority that should be given to allocating the Remaining Amount to injured consumers of GSK subject drugs is sufficiently high to justify reasonable expenditure for this purpose. Payment of the minimum

amount of $100 to these claimants based on their existing claims may be made as part of this effort to stimulate and obtain additional information that will result in a valid larger payment, or, in the discretion of the Claims Administrator, as compensation to these claimants as an end in itself. Payment of the approximately 42 otherwise valid claims submitted without signatures may be made in the discretion of the Claims Administrator only if the Claims Administrator determines through reasonable follow-up efforts, that there is a good reason why no signature was affixed, that the claim is otherwise valid, and that the recipient of the payment is legally entitled to receive the payment. By July 24, 2009, Class Counsel, with the assistance of the claims administrator, shall propose a plan, budget, schedule, and specific criteria for implementing this part of the re-allocation process, and file it with the Mediator and the Court.

2. Second priority in the re-allocation of the Remaining Amount should go to programs administered by the five participating states that are designed to and will provide compensation directly to needy consumers of drugs without additional administrative costs and expenses paid by the GSK settlement fund, such as the PACE program described by Pennsylvania. By July 24, 2009, the representatives of the five participating states shall jointly agree on how any such funds shall be divided among them, and file it with the Mediator and the Court.

3. Any remaining funds, such as funds resulting from claim checks that are uncashed, shall go to the TPP/ISHPs.

4. There should not be any remaining funds after this redistribution. If for any reason there are any remaining funds, they shall go to a cancer-directed medical cy pres fund.

Counsel are requested to seek review and approval by the Court of this Decision.

Eric D. Green
Mediator