| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge Patti B. Saris |

## MOTION TO COMPEL DISCLOSURE OF FEE AGREEMENT

Kent Williams and Williams Law Firm ("Williams") respectfully move to compel disclosure of Lead' Counsel's agreement with Kline & Specter regarding payment of related state court time and expense.

In the fall of 2011, Williams and Kline & Specter[1] moved for modification of Lead Counsel's fee allocation, seeking payment for time and expense spent litigating overlapping state court claims that were ultimately dismissed in favor of this MDL. Lead Counsel recently reached an agreement with Kline & Specter to resolve its request for payment. *See* Dkt. No. 8246. Williams, the sole remaining movant still seeking payment for related state court time and expense, requested a copy of the fee agreement. Lead Counsel refused.

This Court has ordered that "allocation of fees and expenses must be fair and transparent" in this MDL. *See* Electronic Order (Saris, J., Dec. 10, 2008); *see also* Class Counsel's Proposed Future Fee Allocation Guidelines, Dkt. No. 5836, at 7 ("The process has been and will remain fair and transparent, as the Court has directed.").

Lead Counsel's refusal to disclose the agreement violates the Court's 2008 directive. Payment for state court time and expense contradicts the notion that such time

---

[1] Jennings, Haug and Cunningham, LLP also moved for payment of related state court time and expense, along with other fees. Its claims were resolved by agreement with Lead Counsel in the spring of 2012.

did not benefit the class, and supports Williams' contention:  time and expense incurred in related state court actions <u>did</u> benefit the class, and should be paid.[2] As such, the fee agreement is relevant to Williams' motion, and should be disclosed.

Accordingly, Williams respectfully moves to compel Lead Counsel to disclose their fee agreement with Kline & Specter regarding payment of related state court time and expense.

## RULE 7.1 CERTIFICATION

The undersigned certifies pursuant to Local Rule 7.1 that he has conferred with Lead Counsel on the issues raised in this motion, and has been unable to resolve the issues without Court intervention.

Dated:  January 28, 2013                     /s/ Kent M. Williams
                                             Kent M. Williams
                                             WILLIAMS LAW FIRM
                                             1632 Homestead Trail
                                             Long Lake, MN  55356
                                             (763) 473-0314
                                             ONE OF THE CLASS COUNSEL FOR
                                             PLAINTIFFS

---

[2]This was also Lead Counsel's contention. *See* Class Plaintiffs' January 6, 2010 Opposition to Don Haviland's Motion to Stay Distribution of AstraZeneca Fee Award and for Court Review of Lead Counsel's Allocation of Fees and Reimbursement of Costs, Dkt. No. 6820, at 6 and Exhibit 3 thereto.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused an electronic copy of the above **MOTION TO COMPEL DISCLOSURE OF FEE AGREEMENT** to be served on all counsel of record via electronic service pursuant to Paragraph 11 of Case Management Order No. 2 by sending a copy to LexisNexis File and Serve for posting and notification to all parties.

Dated:  January 28, 2013                            /s/ Kent M. Williams
                                                                    Kent M. Williams, Esq.