UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL NO. 1456 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**LEAD CLASS COUNSEL'S OPPOSITION TO THE
WILLIAMS MOTION TO COMPEL DISCLOSURE OF FEE SETTLEMENT
AGREEMENT WITH KLINE & SPECTER**

Kent Williams and the Williams Law Firm ("Williams"), the only counsel who continue to contend they should be paid for non-MDL time, seeks the production of an agreement between Lead Counsel and Kline & Specter, P.C. ("K&S") that resolves Lead Counsel's attorneys' fee dispute with K&S (the "Agreement").  Because there is no support for Williams' demand, the Motion should be denied.

As this Court will recall, K&S, Jennings Haug & Cunningham, LLP ("Jennings Haug") and Williams filed a motion to modify Lead Counsel's attorneys' fee allocation to allow those firms to be paid for non-MDL time.[1]  Adam Levy later joined the motion.  Specifically, those parties demanded to be paid for time spent in:  (a) a New Jersey state court AWP case brought by a union health and welfare fund and (b) a Lupron case filed in Arizona state court.  Neither case was part of the MDL.

After their motion was filed, in a hearing regarding Class Plaintiffs' settlement with the Track Two Defendants, this Court made clear that it would not allow attorneys' fees to be paid for non-MDL time that did not benefit the Class.  Specifically, the Court told an attorney from K&S (speaking on behalf of the group seeking payment for non-MDL time) that "I wouldn't pay you a penny, let me just say this, out of class money unless it involves the drugs involved in this case and there was some value added."[2]  A few minutes later the Court further explained:

> THE COURT:  That may be, but on this class that I fought so hard to get just right, I am not going to be providing attorneys' fees for drugs that were not involved in this litigation.[3]

---

[1] *See* Dkt. No. 7908.

[2] Ex. A (Nov. 11, 2011 hearing transcript), at 28:5-7.  This Exhibit is attached to the Declaration of Steve W. Berman filed in support of this Opposition.

[3] *Id.* at 31:8-11.

-1-

After that hearing, Lead Counsel resolved their dispute with Jennings Haug and Adam Levy in mediation. Recently, Lead Counsel also resolved their dispute with K&S. The Notice K&S filed regarding this resolution apparently motivated Williams to file his Motion.[4] However, there is an important difference between Lead Counsel's dispute with K&S and the fee grab attempted by Williams. Namely, while there was an e-mail agreement between Lead Counsel and K&S under which K&S argued we had purportedly agreed to pay for non-MDL time, Williams was not, and has *admitted* that he was not, a party to that agreement.[5] Williams has likewise admitted that until February 2010, when he learned that K&S was requesting to be paid for non-MDL time, he "was unaware that all of this [non-MDL] time could be counted."[6]

Williams knows that he has no basis to claim that Lead Counsel owe him one cent for his non-MDL time, but Williams apparently has no qualms about holding his hand out in whatever forum will hear him. Don Haviland, a former attorney at K&S, brought Williams into this case as well as the New Jersey state court AWP case. While Williams and Haviland were once friendly, they have subsequently parted ways. Indeed, in an AWP case filed by the Commonwealth of Pennsylvania, Haviland assisted the Commonwealth in establishing that Williams was not entitled to the full $1.6 million he requested in that case because Williams had billed substantially more than other counsel for the same tasks and had billed for paralegal-level work.[7] As such, Williams knows that Haviland will not pay him for his non-MDL time. For whatever reason, Williams has not sought these fees from K&S. Williams can likewise seek no

---

[4] *See* Dkt. No. 8246 (K&S withdrawal of fee-related dispute motions).

[5] *See* Williams' response to referral of dispute to binding arbitration, Dkt. No. 8111 ("Kent Williams was not a party to the written agreement between Lead Counsel and Kline & Specter.").

[6] *See* Ex. 9 to Declaration of Steve W. Berman, Dkt. No. 7958.

[7] *See* Ex. J to Declaration of Steve W. Berman, Dkt. No. 8042-12.

relief from the New Jersey state court itself, because that case has not yet yielded any settlements from which Williams can make a claim.[8]  So Williams wants Lead Counsel, who received no benefit from Williams' "work" in uncoordinated state cases, to pay him for his non-MDL time from their rightfully-earned fees in this MDL.

As an initial matter, there is no reason Williams' Motion must be resolved now.  After mediation with Williams was unsuccessful, this Court referred Williams' Motion to Magistrate Judge Bowler to resolve via binding arbitration or mediation.[9]  On April 18, 2012, Judge Bowler held a status conference regarding this Court's referral.  Afterwards, she advised the parties that she would follow-up once the matter of whether this dispute will be resolved via binding arbitration or mediation was clarified.[10]  The Motion should be resolved in the proceedings before Judge Bowler.

Even if this Court decides Williams' Motion, it is baseless.  The sole support Williams cites for his alleged entitlement to the Agreement is that this Court ordered that the "allocation of fees and expenses must be fair and transparent."[11]  However, Williams' claim ignores that the order he quotes related to "allocating fees *in this MDL*."[12]  Williams' current dispute, however, relates to his demand that he be paid for *non-MDL* time.  In light of this Court's clear statements that no one would be paid for non-MDL time that did not benefit the Class, it would be unfair for Williams to receive payment for non-MDL work.

---

[8] *See* Dkt. No. 7909, at 7 (Williams' admission that he has "no other forum other than this one in which to seek payment for the work … in state court prosecuting overlapping claims against the settling Defendants.").

[9] *See* Dkt. No. 8050.

[10] *See* Docket Entry dated Apr. 18, 2012.

[11] *See* Dec. 10, 2008 Electronic Order (Saris, J.).

[12] Emphasis added.

Moreover, Williams claims the Agreement may support his argument that time and expenses incurred in state court cases benefitted the Class.  But the Agreement has no impact on Williams' claim because he was not a party to the earlier agreement between Lead Counsel and K&S and there is no similar agreement between Lead Counsel and Williams.  In short, since the Court's order regarding fee distributions only applied to MDL time, Williams has no right to a confidential settlement agreement resolving a dispute about an agreement to which Williams admits he was not a party.

This Court's order regarding the disclosure of MDL fee distributions does not support Williams' Motion, especially when this Court has held it will not pay for non-MDL time that did not benefit the Class.  Nor can Williams claim that there is any relationship between Lead Counsel's resolution of its dispute with K&S and Lead Counsel's remaining dispute with Williams.  His Motion should be referred to Judge Bowler or, in the alternative, denied.

DATED:  February 1, 2013   By   /s/ Steve W. Berman
    Thomas M. Sobol (BBO#471770)
    Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

**LIAISON COUNSEL**

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K St. NW, Suite 300
Washington, D.C.  20006
Telephone: (202) 355-6435
Facsimile: (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**LEAD CLASS COUNSEL**

## CERTIFICATE OF SERVICE

      I hereby certify that I, Steve W. Berman, an attorney, caused a true and correct copy of the foregoing, **LEAD CLASS COUNSEL'S OPPOSITION TO THE WILLIAMS MOTION TO COMPEL FEE SETTLEMENT AGREEMENT WITH KLINE & SPECTER**, to be delivered to all counsel of record by electronic service pursuant to Paragraph 11 of the Case Management Order No. 2, by sending on February 1, 2013, a copy to LEXISNexis File & Serve for posting and notification to all parties.

                                     **/s/ Steve W. Berman**
                                       Steve W. Berman