# Exhibit 1

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY<br>AVERAGE WHOLESALE PRICE LITIGATION | MDL No.  1456 |
| | Civil Action: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Judge Patti B. Saris |

**REPLY IN SUPPORT OF MOTION
TO COMPEL DISCLOSURE OF FEE AGREEMENT**

Williams brought a straightforward motion to compel disclosure of Lead Counsel's agreement to pay for Kline & Specter (K&S)'s related state court time (or what Lead Counsel call "non-MDL time") ("the Agreement"). In their response, Lead Counsel identify no burden in disclosing the Agreement. In fact, they all but ignore the motion to compel, in favor of regurgitating their opposition to the underlying request for payment.

After recounting that Williams seeks payment for time incurred in two related state court cases, Lead Counsel flatly assert, "Neither case was part of the MDL."  This is untrue. Both cases spent considerable time in this MDL before they were remanded to state court, where they continued to be coordinated with the MDL as part of a "unified strategy." Dkt. 7909 at 2.  Moreover, this Court took jurisdiction over most of the claims in those cases, when it ordered that all state court claims that overlapped with this MDL be dismissed. Williams seeks to be paid for the time and expense litigating those claims – just as his co-movants K&S, Jennings Haug, and Adam Levy did.

Lead Counsel claim that the Agreement is irrelevant to Williams' motion for payment, because Lead Counsel had a prior agreement with K&S to pay for "non-MDL time." The Agreement, which evidently purports to pay for "non-MDL time," is relevant because it confirms Lead Counsel's earlier representation to this Court that "non-MDL time" benefited the class. *See* Dkt. 6820 at 6.  Otherwise, the Agreement would violate

1

this Court's admonition that "it would not allow attorneys' fees to be paid for non-MDL time that did not benefit the class." Opp. Memo. at 2.

Lead Counsel seem to believe that separate proceedings in the Pennsylvania Commonwealth Court are somehow relevant to either the motion to compel disclosure or the underlying motion for payment. The Pennsylvania proceedings are not relevant. This Court never took jurisdiction over any of the Commonwealth's claims, nor does Williams seek payment for any time or expense incurred in the Commonwealth case. Moreover, Lead Counsel's assertions about those proceedings (which none of them attended) are untrue. The Pennsylvania Court never said Williams billed more than other counsel for the same tasks, and that Court expressly found that Williams had <u>not</u> "billed for paralegal-level work," as Lead Counsel allege.[1]

Finally, Lead Counsel attempt to avoid this Court's admonition that all fee allocations be "transparent" by claiming (for the first time) that the fee dispute with Williams, which has been pending in this MDL for over a year, is somehow not part of the MDL. But the issue is whether the thing to be disclosed (i.e., the Agreement) is part of this MDL. Clearly, it is: the Agreement resolves K&S's motion to reallocate MDL fees, by paying K&S with MDL fees. Therefore, the Agreement should be disclosed.

Dated: February 4, 2013           /s/ Kent M. Williams
                                  Kent M. Williams
                                  WILLIAMS LAW FIRM
                                  1632 Homestead Trail
                                  Long Lake, MN  55356
                                  (763) 473-0314

                                  ONE OF THE CLASS COUNSEL FOR
                                  PLAINTIFFS

---

[1] Lead Counsel's only source is an accusation by an adverse party -- not anything the Pennsylvania Court said.

2