# EXHIBIT "5" TO

RELATOR VEN-A-CARE'S PRE-HEARING BRIEF
AND PRESENTATION OF FACTS

**(Texas Settlement Agreement dated June 6, 2006)**

**CAUSE NO. GV401286**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ABBOTT LABORATORIES INC., | § | |
| ABBOTT LABORATORIES, | § | |
| HOSPIRA, INC., | § | |
| B. BRAUN MEDICAL INC., AND | § | |
| BAXTER HEALTHCARE | § | |
| CORPORATION | § | 201st JUDICIAL DISTRICT |
| *Defendants.* | | |

## SETTLEMENT AGREEMENT AND RELEASE

### Part I: Parties

This Settlement Agreement (the "Agreement") is entered into by and between the STATE of TEXAS ("STATE"), Ven-A-Care of the Florida Keys, Inc. ("Relator"), (collectively referred to as "Plaintiffs"); and Baxter Healthcare Corporation, (referred to as "Baxter") (the Plaintiffs and Baxter shall be collectively referred to as the "Parties"), through their authorized representatives.

### Part II: Preamble

As a preamble to this Agreement, the Parties agree to the following:

A.  BAXTER HEALTHCARE CORPORATION ("BAXTER"), is a corporation organized under the laws of Delaware with its principal offices in Deerfield, Illinois, and is

1

a wholly-owned subsidiary of Baxter International Inc. BAXTER has been served and has answered this suit.

B.  Plaintiffs contend that the STATE has civil claims against BAXTER under the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE ANN. chapter 36, and under common law for unlawful actions taken by BAXTER through the date this Agreement is executed, pertaining to the inclusion of certain of BAXTER's drugs on the Texas Drug Code Index ("TDCI"). BAXTER's drugs that are the subject of the captioned lawsuit are collectively referred to hereafter as the Covered Drugs, and are listed on **Exhibit A**, attached hereto and incorporated herein for all purposes.  Specifically, Plaintiffs contend that BAXTER has committed unlawful acts, as defined by Tex. Hum. Res. Code Ann. § 36.002, in connection with the submission of pricing information to the Texas Vendor Drug Program ("VDP") for the purpose of including certain of BAXTER's Covered Drugs on the TDCI. The acts and omissions sued upon and which are subject to the release language in this Agreement are set forth in Cause No. GV401286, *State of Texas, ex. rel. Ven-A-Care of the Florida Keys, Inc., vs. Abbott Laboratories, Inc., et.al.*, (the "Lawsuit"), and are alleged in the petitions filed in the Lawsuit, including the FIFTH AMENDED PETITION filed on or about October 3, 2005.

C.  BAXTER's alleged conduct and transactions referenced in Paragraph II(B) are hereinafter referred to as the "Covered Conduct." The Covered Conduct is expressly limited to: conduct, which has occurred prior to the date of the execution of this Agreement; with respect to reimbursement by the STATE's Medicaid program and/or the VDP on a National

2

Drug Code (NDC) basis as expressly alleged against Baxter: 1) in the FIFTH AMENDED PETITION and in any preceding petition in the Lawsuit; 2) as described by Plaintiffs in Plaintiffs' Responses to Defendant Abbott Laboratories, Inc.'s Requests for Disclosure; 3) Plaintiffs' First Amended Responses to Defendant Abbott Laboratories, Inc.'s Requests for Disclosure; 4) Plaintiffs' Second Amended Responses to Defendant Abbott Laboratories, Inc.'s Requests for Disclosure; 5) Plaintiffs' Responses and Objections to the First Set of Interrogatories of Defendants Abbott Laboratories, Inc., Abbott Laboratories, and Hospira, Inc.; and 6) Plaintiffs' 1st Amended Responses, Objections and Claims of Privilege to the First Set of Interrogatories of Defendants Abbott Laboratories, Inc., Abbott Laboratories, and Hospira, Inc. as though such conduct had been alleged and/or described with respect to all of the Covered Drugs.

D. BAXTER denies all of the Plaintiffs' claims and allegations and denies that it has any liability relating to such claims and allegations. In the majority of the quarters between 1991 and 2002, BAXTER provided the STATE's Vendor Drug Program with reports showing Average Manufacturer Price ("AMP") and Best Price ("BP") for its blood factor therapies. Since 2002, BAXTER has provided VDP with quarterly reports showing the AMP and BP for all BAXTER products reimbursed through the VDP. Furthermore, BAXTER contends that it has provided accurate pricing information to the VDP whenever requested by the VDP. Thus, BAXTER has asserted various defenses to the Plaintiffs' claims.

3

E.     In order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of these claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement as set forth in this Agreement.

F.     This Agreement does not constitute an admission of fault or liability by BAXTER, nor does it constitute evidence of any liability or unlawful conduct on the part of BAXTER, and the Plaintiffs will not urge or seek to admit this Agreement as evidence of any fault or liability of the BAXTER Released Parties in any investigation, administrative proceeding, or federal or state court or arbitration proceeding.

G.     Plaintiffs represent to BAXTER, subject only to the Relator's rights as a *qui tam* plaintiff under applicable state and federal law to participate in this Agreement and to receive a percentage of the Settlement Amount, and to the rights possessed by the United States, that no interest in any claim herein released has been assigned by them to any third party.

H.     The STATE has concluded that this settlement is in the public interest.

## Part III: Terms and Conditions

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

4

**Incorporation of Representations**

1)    The foregoing Preamble is incorporated herein.

**The Settlement Payment**

2)    (a) BAXTER agrees to pay the STATE and the Relator, the collective sum of **EIGHT MILLION FIVE HUNDRED THOUSAND DOLLARS ($8,500,000)** (the "Settlement Amount") in full settlement of all claims for restitution, compensatory or other damages, and all other requests for relief in the Fifth Amended Petition, or any preceding petition in the Lawsuit, for the Covered Conduct, and in consideration of the releases in paragraphs 3 and 4 below. BAXTER shall make payment of the Settlement Amount by check or wire transfer in accordance with instructions from Patrick J. O'Connell, Chief of the Civil Medicaid Fraud Section, Office of the Attorney General of Texas. The parties agree that by paying and promising to pay the Settlement Amount, the BAXTER Released Parties are a "settling person" as that term is defined in chapter 33 of the Texas Civil Practice and Remedies Code.

(b) Upon BAXTER'S payment of the Settlement Amount to the STATE, the STATE agrees to pay the United States the amount of THREE MILLION SEVEN HUNDRED NINETY TWO THOUSAND DOLLARS ($3,792,000), as the United States' portion of alleged damages for the Covered Conduct.

(c) **THIS PARAGRAPH CONTAINS AN INDEMNITY AND HAS BEEN READ CAREFULLY BY RELATOR.** In the event payments are made by wire transfer the Parties will cooperate to exchange wiring and routing instructions so that such payments can be promptly made. **The Relator expressly INDEMNIFIES and holds the BAXTER**

5

**Released Parties (as defined below) harmless from and against any claims by persons or entities who have represented the Relator in connection with the claims released herein for: (1) attorneys fees, costs, and expenses; or (2) any portion of the Settlement Amount.**

(c) BAXTER shall make payment to Plaintiffs in accordance with paragraph 2(b) above, not later than 5:00 p.m. (Central Daylight Time) of the second business day after this Agreement is signed by all parties.

### Plaintiffs: Release of Baxter

3) Subject to the exceptions in Paragraph III(7) below, in consideration of the obligations of BAXTER set forth in this Agreement, and conditioned upon BAXTER's payment in full of the Settlement Amount specified herein, the STATE (on behalf of itself, its officers, agents, agencies and departments), and the Relator (on behalf of itself, its officers, agents, employees, servants, and its attorneys) fully and finally release BAXTER, and its parent corporation Baxter International Inc., subsidiaries, predecessors, successors and assigns as well as their respective current and former directors, officers, employees, agents, shareholders and attorneys (collectively, "BAXTER Released Parties") from any civil or administrative claim, action, suit or proceeding (including attorneys fees, penalties, punitive damages, costs, and expenses of every kind and however denominated) the STATE and Relator have or may have or could assert in the future under any source of law for the Covered Conduct. The payment of this Settlement Amount fully discharges BAXTER from any civil or administrative obligation to the STATE for the Covered Conduct. The Office

6

of the Attorney General of Texas shall not initiate or prosecute litigation against BAXTER on behalf of the United States based on the Covered Conduct.

4)      In consideration of the obligations of BAXTER set forth in this Agreement, conditioned upon BAXTER's payment in full of the Settlement Amount specified herein, the STATE agrees to release and refrain from instituting, directing or maintaining any action seeking exclusion from the VDP or any other Texas Medicaid program against the BAXTER Released Parties for the Covered Conduct as it relates to the Texas Medicaid program, or seeking to impose a Corporate Integrity Agreement on BAXTER as a result of the Covered Conduct, except as reserved in Paragraph III(7), below.

**The BAXTER Released Parties: Release of the STATE and the Relator**

5)      The BAXTER Released Parties fully and finally release the STATE, its agencies, employees, servants, attorneys and agents from any claims based on events occurring prior to the date of this Agreement (including attorneys fees, costs, and expenses of every kind and however denominated) which the BAXTER Released Parties have asserted, could have asserted, or may assert in the future against the STATE, its agencies, employees, servants, attorneys and agents, related to the Covered Conduct and the Plaintiffs' investigation and prosecution thereof. This release shall not release any accounts receivable unrelated to the Covered Conduct due from the STATE, or any agency or instrumentality of the STATE.

6)      The BAXTER Released Parties fully and finally release the Relator, its employees, officers, servants, attorneys and agents from any claims based on events occurring prior to the date of this Agreement (including attorneys fees, costs, and expenses of every kind and

7

however denominated) which the BAXTER Released Parties have asserted, could have asserted, or may assert in the future against the Relator, its employees, officers, servants, attorneys and agents, related to the Covered Conduct and the Plaintiffs' investigation and prosecution thereof. This provision is not intended to release claims unrelated to conduct in Texas.

**Limitations on Release**

7)      Notwithstanding any other terms of this Agreement, including the release provisions in paragraphs III(3), (4), (5), and (6) above, specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including BAXTER), are any and all of the following:

(a)      Any claims based upon the obligations that are created by this Agreement;

(b)      Any express or implied product or service warranty claims or other claims for defective or deficient products or services, including quality of goods and services, provided by BAXTER;

(c)      The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant in the Medicaid program of any of the Covered Drugs;

(d)      Any claims based on a failure to deliver products or services due;

(e)      Any claims arising from BAXTER's obligations to report and/or to pay rebates to the STATE under any law or contract, including, but not limited to under the provisions of the Omnibus Budget Reconciliation Act of 1990;

8

(f)     Any claims that the Relator may have under any provision of 31 U.S.C.A. §§ 3729-3733 (the federal False Claims Act) for conduct other than Covered Conduct;

(g)     Any claims that the Relator may have under the *qui tam* provisions of the laws of any state other than Texas for conduct other than Covered Conduct; or

(h)     Any J-Code Claims, as that term is defined below in paragraph 8.

**Claims for Physician Services, Medicare, and other Baxter Drugs**

8)      The STATE and the Relator covenant not to sue or take any other civil or administrative action against BAXTER: for claims relating to reimbursements, occurring prior to the date of this Agreement, by Texas Medicaid, or administered by the Texas VDP, for all Drugs manufactured or sold by BAXTER, including the Covered Drugs and any BAXTER Drugs (i) administered by physicians or incident to physicians' services based upon any conduct, including the reporting of average wholesale price ("AWP") to national data reporting services; or (ii) for co-payments made under Medicare Part B, occurring prior to the date of this Agreement.  Notwithstanding anything stated in this Agreement to the contrary, the following exceptions shall apply to the covenant not to sue or take any other civil or administrative action provided by this paragraph: (1) the State and the Relator shall not be precluded from participating in a recovery in any federal action or national settlement that results in a Texas recovery of any damages (including single and  multiple damages, penalties, costs and attorneys' fees) to Texas Medicaid resulting from BAXTER's price or cost representations used for determining reimbursement paid by the Texas Medicaid

9

Program on the basis of a reimbursement request under a J-Code (as opposed to reimbursement on the basis of an NDC) for any drugs, including but not limited to the Covered Drubs ("J-Code Claims");and (2) The Relator shall not be precluded from bringing or maintaining any claim, or from participating or recovering in any action, brought in the courts of the United States or a court of a  state other than Texas, under or pursuant to the federal False Claims Act or a similar state statute (of a state other than Texas); however, in such an action the Relator shall not claim damages (including single and multiple damages, penalties, costs and attorneys' fees) for the Covered Conduct for claims for the Covered Drugs or, except as permitted in (1), for the State portion of Texas Medicaid's share of J Code claims, or for the State portion of Texas Medicaid's share of Medicare Part B co-payments, or Medicare Part B co-payments made by or on behalf of Texas Medicare beneficiaries.

**Corporate Integrity Agreement**

9)      Should BAXTER enter into a Corporate Integrity Agreement with the Office of the Inspector General of the United States Department of Health and Human Services ("OIG"), relating to the Covered Conduct, BAXTER acknowledges that the OIG may share information provided under the Corporate Integrity Agreement with the STATE.

**No Waiver or Release of Claims Against Other Persons**

10)     This Agreement is intended to be solely for the benefit of the Parties and persons and entities released and except as stated herein, the Parties do not by this instrument release any claims against any other person or entity, including any individual or entity that purchased

drugs or pharmaceutical products from BAXTER. No word, term, phrase or definition in this Agreement is or may be used for the benefit of any person, entity or litigant who is not a signatory to, or released by this Agreement.

## Dismissal of Action

11)     Simultaneously with the execution of this Agreement and payment of the Settlement Amount, the STATE and the Relator will execute agreed motion(s) to dismiss and agreed order(s) (in the forms collectively attached hereto as **Exhibit B**) dismissing with prejudice any lawsuit (including the Lawsuit) against BAXTER based on the Covered Conduct, but only as to BAXTER. The dismissal order in the Lawsuit shall provide that the Amended Protective Order entered in the Lawsuit shall remain enforceable in accordance with its terms. The dismissal order shall further expressly provide that it shall be without prejudice to any claim that is excepted from the covenant not to sue provided for in Paragraph 8 and to any claim falling under the Paragraph 7 limitations on the release of Baxter.

## No Impairment or Creation of Rights

12)     Nothing in this Agreement shall be construed to abrogate or alter any future obligation of BAXTER pursuant to the law of the STATE.

## No Waiver of Sovereign Immunity

13)     Nothing in this Agreement shall be construed to create a waiver of the STATE's Sovereign Immunity.

11

**Exclusive Venue for Enforcement of Agreement**

14)     Any party shall be entitled to enforce the terms of this Agreement in the District

Courts of Travis County, Texas, which shall have exclusive jurisdiction and venue over any

such action.

**Complete Agreement**

15)     This Agreement, including all exhibits, constitutes the complete agreement between

the Parties and may not be amended except by written consent of the Parties.

**Costs**

16)     Except as otherwise provided herein, each Party to this Agreement will bear its own

legal and other costs incurred in connection with this matter, including the preparation and

performance of this Agreement.

**Choice of Law**

17)     This Agreement is governed by the laws of the State of Texas, except to the extent

otherwise governed by federal law.

**Notification**

18)     Unless otherwise stated in writing subsequent to the Effective Date of this Agreement,

all notifications and communications made pursuant to this Agreement shall be submitted to

the entities listed below:

12

(a)     STATE for all purposes:

> OFFICE OF THE ATTORNEY GENERAL
> Civil Medicaid Fraud Section
> Antitrust and Civil Medicaid Fraud Division
> P O Box 12548
> Austin, Texas  78711-2548

(b)     RELATOR for all purposes:

> James J. Breen, Esq.
> The Breen Law Firm, P.A.
> 5755 North Point Parkway, Suite 39
> Alpharetta, GA 30022

(c)     BAXTER, for all purposes:

> Merle M. DeLancey, Esq.
> Dickstein Shapiro Morin & Oshinsky LLP
> 2101 L Street N.W.
> Washington DC 20037-1526

**Baxter: No Duress**

19)     BAXTER represents that it enters into this Agreement freely and voluntarily without any degree of duress or compulsion whatsoever.

**Relator: Agreement Reasonable**

20)     The Relator agrees that this Agreement is fair, adequate, and reasonable.

**Authorization**

21)     The Parties have read the foregoing Agreement and accept and agree to the provisions contained herein and hereby have caused this Agreement to be signed as of the day and date adjacent to their respective signatures. The undersigned individuals signing this Agreement

on behalf of BAXTER represent and warrant that they are authorized by BAXTER to execute this Agreement. The undersigned STATE signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement. The Relator's attorney, James J. Breen, and its president, T. Mark Jones represent that they are duly authorized to sign this Agreement on behalf of the Relator.

**No Other Representations or Promises**

22)     The Parties represent and acknowledge that in entering into this Agreement they are not relying on any promises or representations other than those expressly set forth in this Agreement and its exhibits.

**Counterparts**

23)     This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall be deemed to constitute one and the same Agreement.

**Acts Necessary to Effectuate Agreement**

24)     Each Party agrees to perform such further acts and to execute and to deliver such further documents as may reasonably be necessary to carry out this Agreement.

**Captions Are for Convenience Only**

25)     The bold-face paragraph captions in this Agreement are for convenience only and do not add to, detract from or change the substantive language or terms of this Agreement.

14

**Effective Date**

26)     The Effective Date of this Agreement shall be the date upon which all of the Parties

below have executed this Agreement:

**STATE of TEXAS**
**Office of the Attorney General**

By: _____

Date: _____

Edward D. Burbach, Esq.
Deputy Attorney General for Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

**Texas Health & Human Services**
**Commission**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant BAXTER HEALTHCARE**
**CORPORATION**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Relator, Ven-A-Care of the Florida Keys,**
**Inc.**

By: _____

Date: _____

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 39
Alpharetta, GA 30022

15

## Effective Date

26)    The Effective Date of this Agreement shall be the date upon which all of the Parties

below have executed this Agreement:

**STATE of TEXAS**
**Office of the Attorney General**

By: _____

Date: _____

Edward D. Burbach, Esq.
Deputy Attorney General for Litigation
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
**Texas Health & Human Services**
**Commission**

By: _____

Date: _____

Printed Name: _____

Title: _____

**Defendant BAXTER HEALTHCARE**
**CORPORATION**

By: _Mill J. Bl__

Date: _June 9, 2006_

Printed Name: _Michael J. Beup-_

Title: _Senior Counsel_

**Relator, Ven-A-Care of the Florida Keys,**
**Inc.**

By: _____

Date: _6/9/06_

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 39
Alpharetta, GA 30022

15

PAGE 2/2 * RCVD AT 6/9/2006 4:41:42 PM [Central Daylight Time] * SVR:RIGHTFAX/6 * DNIS:9477 * CSID:7707409109 * DURATION (mm-ss):01-06

**Effective Date**

26)     The Effective Date of this Agreement shall be the date upon which all of the Parties

below have executed this Agreement:

**STATE of TEXAS**                                   **Defendant BAXTER HEALTHCARE**
**Office of the Attorney General**                   **CORPORATION**

By: _____                         By: _____

Date: _____                         Date: _____

Edward D. Burbach, Esq.                              Printed Name: _____
Deputy Attorney General for Litigation
Office of the Attorney General of Texas              Title: _____
P.O. Box 12548
Austin, Texas 78711-2548
**Texas Health & Human Services**                    **Relator, Ven-A-Care of the Florida Keys,**
**Commission**                                       **Inc.**

By: _____                         By: _____

Date: _____                         Date: _____

Printed Name: _____                        James J. Breen, Esq.
                                                     The Breen Law Firm, P.A.
Title: _____                           5755 North Point Parkway, Suite 39
                                                     Alpharetta, GA 30022

**Relator, Ven-A-Care of the Florida Keys,
Inc.**

By: _____

Date: _____06 / 08 / 06_____

T. Mark Jones
Title:  President

# Comparison of NDCs Proposed for Settlement

|   | A |
|---|---|
| 1 | **NDCs Included in Texas VDP Claims Reimbursement Analysis** |
| 2 | 00338000344 |
| 3 | 00338000346 |
| 4 | 00338000347 |
| 5 | 00338000349 |
| 6 | 00338000402 |
| 7 | 00338000403 |
| 8 | 00338000404 |
| 9 | 00338000405 |
| 10 | 00338001304 |
| 11 | 00338001306 |
| 12 | 00338001602 |
| 13 | 00338001603 |
| 14 | 00338001701 |
| 15 | 00338001702 |
| 16 | 00338001703 |
| 17 | 00338001704 |
| 18 | 00338001710 |
| 19 | 00338001711 |
| 20 | 00338001718 |
| 21 | 00338001731 |
| 22 | 00338001738 |
| 23 | 00338001741 |
| 24 | 00338001748 |
| 25 | 00338002302 |
| 26 | 00338002303 |
| 27 | 00338002304 |
| 28 | 00338002334 |
| 29 | 00338003003 |
| 30 | 00338003106 |
| 31 | 00338003603 |
| 32 | 00338003804 |
| 33 | 00338004146 |
| 34 | 00338004303 |
| 35 | 00338004304 |
| 36 | 00338004402 |
| 37 | 00338004703 |
| 38 | 00338004724 |
| 39 | 00338004727 |
| 40 | 00338004729 |
| 41 | 00338004744 |
| 42 | 00338004746 |
| 43 | 00338004747 |
| 44 | 00338004802 |
| 45 | 00338004803 |
| 46 | 00338004804 |
| 47 | 00338004805 |
| 48 | 00338004901 |
| 49 | 00338004902 |
| 50 | 00338004903 |
| 51 | 00338004904 |


EXHIBIT
A

## Comparison of NDCs Proposed for Settlement

| | A |
|---|---|
| 52 | 00338004910 |
| 53 | 00338004911 |
| 54 | 00338004918 |
| 55 | 00338004931 |
| 56 | 00338004936 |
| 57 | 00338004938 |
| 58 | 003380049404 |
| 59 | 00338004941 |
| 60 | 00338004948 |
| 61 | 00338005047 |
| 62 | 00338005144 |
| 63 | 00338005403 |
| 64 | 00338005603 |
| 65 | 00338007304 |
| 66 | 00338007702 |
| 67 | 00338007703 |
| 68 | 00338007704 |
| 69 | 00338008103 |
| 70 | 00338008104 |
| 71 | 00338008502 |
| 72 | 00338008503 |
| 73 | 00338008504 |
| 74 | 00338008902 |
| 75 | 00338008903 |
| 76 | 00338008904 |
| 77 | 00338009503 |
| 78 | 00338009504 |
| 79 | 00338010404 |
| 80 | 00338010504 |
| 81 | 00338011104 |
| 82 | 00338011404 |
| 83 | 00338011702 |
| 84 | 00338011703 |
| 85 | 00338011704 |
| 86 | 00338012503 |
| 87 | 00338012504 |
| 88 | 00338012903 |
| 89 | 00338014303 |
| 90 | 00338014304 |
| 91 | 00338014704 |
| 92 | 00338016804 |
| 93 | 00338022104 |
| 94 | 00338025004 |
| 95 | 00338027003 |
| 96 | 00338028604 |
| 97 | 00338028947 |
| 98 | 00338029547 |
| 99 | 00338029549 |
| 100 | 00338037403 |
| 101 | 00338040902 |
| 102 | 00338040903 |

# Comparison of NDCs Proposed for Settlement

|     | A |
| --- | --- |
| 103 | 00338041103 |
| 104 | 00338043103 |
| 105 | 00338044548 |
| 106 | 00338045003 |
| 107 | 00338045903 |
| 108 | 00338049503 |
| 109 | 00338050148 |
| 110 | 00338050348 |
| 111 | 00338050548 |
| 112 | 00338050748 |
| 113 | 00338050741 |
| 114 | 00338050748 |
| 115 | 00338050941 |
| 116 | 00338051141 |
| 117 | 00338052541 |
| 118 | 00338055111 |
| 119 | 00338055118 |
| 120 | 00338055311 |
| 121 | 00338055318 |
| 122 | 00338060304 |
| 123 | 00338060704 |
| 124 | 00338065604 |
| 125 | 00338066104 |
| 126 | 00338066303 |
| 127 | 00338066304 |
| 128 | 00338066504 |
| 129 | 00338066704 |
| 130 | 00338066904 |
| 131 | 00338067103 |
| 132 | 00338067104 |
| 133 | 00338067304 |
| 134 | 00338067504 |
| 135 | 00338068104 |
| 136 | 00338068304 |
| 137 | 00338068504 |
| 138 | 00338068704 |
| 139 | 00338069104 |
| 140 | 00338070341 |
| 141 | 00338070348 |
| 142 | 00338070548 |
| 143 | 00338070748 |
| 144 | 00338070948 |
| 145 | 00338071906 |
| 146 | 00338080304 |
| 147 | 00338080704 |
| 148 | 00338081104 |
| 149 | 00338101741 |
| 150 | 00338101948 |
| 151 | 00338102141 |
| 152 | 00338102341 |
| 153 | 00338102541 |

# Comparison of NDCs Proposed for Settlement

| | A |
|---|---|
| 154 | 00338105548 |
| 155 | 00338350341 |
| 156 | 00338355248 |
| 157 | 00338519741 |
| 158 | 00338601048 |
| 159 | 00338601137 |
| 160 | 00944045001 |
| 161 | 00944045002 |
| 162 | 00944049001 |
| 163 | 00944049002 |
| 164 | 00944049003 |
| 165 | 00944049101 |
| 166 | 00944049102 |
| 167 | 00944058101 |
| 168 | 00944065001 |
| 169 | 00944099601 |
| 170 | 00944193801 |
| 171 | 00944262001 |
| 172 | 00944262002 |
| 173 | 00944262003 |
| 174 | 00944262004 |
| 175 | 00944280701 |
| 176 | 00944280702 |
| 177 | 00944280703 |
| 178 | 00944280704 |
| 179 | 00944293501 |
| 180 | 00944293801 |
| 181 | 00944293802 |
| 182 | 00944293803 |
| 183 | 00944294001 |
| 184 | 00944294002 |
| 185 | 00944294003 |
| 186 | 00944294004 |
| 187 | 10019001756 |
| 188 | 10019001956 |
| 189 | 10019004501 |
| 190 | 10019015668 |
| 191 | 10019017963 |
| 192 | 10019025020 |
| 193 | 49669160201 |
| 194 | 49669160301 |
| 195 | 49669160401 |
| 196 | 49669161201 |
| 197 | 49669161301 |
| 198 | 49669161401 |
| 199 | 49669162201 |
| 200 | 49669162301 |
| 201 | 49669162401 |
| 202 | 49669320003 |
| 203 | 49669360002 |
| 204 | 49669380001 |

## Comparison of NDCs Proposed for Settlement

| | A |
|---|---|
| 205 | 49669390001 |
| 206 | 49669450001 |
| 207 | 49669460001 |
| 208 | 49669460002 |
| 209 | 49669580001 |
| 210 | 49669580002 |
| 211 | 54129021802 |
| 212 | 54129021805 |
| 213 | 54129021825 |
| 214 | 54129021850 |
| 215 | 54129022204 |
| 216 | 54129022802 |
| 217 | 54129022805 |
| 218 | 54129022810 |
| 219 | 54129023310 |
| 220 | 54129023325 |
| 221 | 54129023350 |
| 222 | 54129024402 |
| 223 | 64193021805 |
| 224 | 64193021825 |
| 225 | 64193022204 |
| 226 | 64193022802 |
| 227 | 64193022805 |
| 228 | 64193022810 |
| 229 | 64193024402 |
| 230 | 64193025050 |

## CAUSE NO. GV401286

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ABBOTT LABORATORIES INC., | § | |
| ABBOTT LABORATORIES, | § | |
| HOSPIRA, INC., | § | |
| B. BRAUN MEDICAL INC., AND | § | |
| BAXTER HEALTHCARE | § | |
| CORPORATION | § | 201st JUDICIAL DISTRICT |
| *Defendants.* | | |

## <u>JOINT MOTION TO DISMISS WITH PREJUDICE</u>

TO THE HONORABLE JUDGE JENKINS:

Plaintiffs the State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs")

and Defendant Baxter Healthcare Corporation, having settled all matters in dispute between

them in this cause, jointly move this Court to dismiss with prejudice all of the Plaintiffs'

claims asserted herein against Baxter Healthcare Corporation, provided that the dismissal

shall not affect the rights and duties of such parties as expressed in their Settlement

Agreement.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

MARK TOBEY
Assistant Attorney General
Chief, Antitrust & Civil Medicaid Fraud Division

PATRICK J. O'CONNELL
Assistant Attorney General
Section Chief, Civil Medicaid Fraud
State Bar No. 15179900
RAYMOND C. WINTER
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 475-4193
(512) 499-0712 [Fax]


ATTORNEYS FOR THE STATE OF TEXAS


_____

JAMES J. BREEN
The Breen Law Firm, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-7470
Florida Bar No. 297178
(954) 854-1635
(954) 854-1705 [Fax]

ATTORNEYS FOR VEN-A-CARE OF THE
FLORIDA KEYS, INC.

-2-

_____

MERLE M. DELANCEY
JASON D. WALLACH
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street N.W.
Washington DC 20037-1526
(202) 828-2282
(202) 887-0689

ATTORNEYS FOR BAXTER HEALTHCARE
CORPORATION

## CAUSE NO. GV401286

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ABBOTT LABORATORIES INC., | § | |
| ABBOTT LABORATORIES, | § | |
| HOSPIRA, INC., | § | |
| B. BRAUN MEDICAL INC., AND | § | |
| BAXTER HEALTHCARE | § | |
| CORPORATION | § | 201st JUDICIAL DISTRICT |
| *Defendants.* | | |

## ORDER OF DISMISSAL

Before the Court for consideration is the Joint Motion to Dismiss filed by Plaintiffs The State of Texas and Ven-A-Care of the Florida Keys, Inc. ("Plaintiffs") and Defendant Baxter Healthcare Corporation ("Baxter"). The Court finds that the motion is well taken. It is, therefore,

ORDERED, ADJUDGED and DECREED that all claims asserted in the above-styled and numbered cause against Baxter be, and the same hereby are, dismissed with prejudice, only as to Baxter, and that Plaintiffs take nothing against Baxter, provided that this dismissal shall be without prejudice as to any claim that is excepted from the covenant not to sue in ¶ 8 of the Settlement Agreement, and as to any claim falling under the ¶ 7 limitations to the release of Baxter in the Settlement Agreement, and this dismissal shall not affect the rights and duties of such parties as expressed in their Settlement Agreement. All costs are hereby taxed against the party incurring same.

-1-

It is further ORDERED, that the Court's First Amended Protective Order remain in effect as to all parties identified herein in accordance with its terms.

SIGNED this _____ day of _____, 2006.

_____
HONORABLE SCOTT H. JENKINS
JUDGE PRESIDING

AGREED AS TO FORM:

_____
PATRICK J. O'CONNELL
RAYMOND C. WINTER

ATTORNEYS FOR THE STATE OF TEXAS

_____
JAMES J. BREEN
C. JARRETT ANDERSON

ATTORNEYS FOR VEN-A-CARE OF THE
FLORIDA KEYS, INC.

_____
JEFFREY R. JURY
MERLE M. DELANCEY
JASON D. WALLACH

ATTORNEYS FOR BAXTER HEALTHCARE CORPORATION

-2-