# EXHIBIT "6" TO

RELATOR VEN-A-CARE'S PRE-HEARING BRIEF
AND PRESENTATION OF FACTS

**(California Settlement Agreement dated December 9, 2008)**

# SETTLEMENT AGREEMENT AND RELEASE

## Part I:  Parties

This Settlement Agreement (the "Agreement") is entered into by and between (i) the State of California (the "State") and Ven-A-Care of the Florida Keys, Inc. (the "Qui Tam Plaintiff" or "Relator") (together, the "Plaintiffs"), and  (ii) Abbott Laboratories Inc.; B. Braun Medical Inc.; Baxter Healthcare Corporation; Roxane Laboratories, Inc.; Boehringer Ingelheim Roxane, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim Pharmaceuticals Inc.; and ZLB Behring, L.L.C. (collectively, the "Settling Defendants").  Plaintiffs and the Settling Defendants are hereinafter referred to as the "Parties."

## Part II:  Preamble

As a preamble to this Agreement, the Parties agree to the following:

A.      Plaintiffs are pursuing relief in an action styled *State of California, ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories Inc., et al.*, Case No. 722855, Filed In Camera Under Seal, Superior Court of the State of California, removed to the United States District Court for the Central District of California, Case No. 03-CV-2238 and transferred to the United States District Court for the District of Massachusetts, MDL 1456, Master File No. 01-12257-PBS. The First Amended Complaint in Intervention alleges various violations of law with respect to drug reimbursement and price reporting (the "Litigation").

B.      To the extent that Plaintiffs may have civil claims against the Settling Defendants under the State of California False Claims Act, Cal. Gov. Code §§ 12651(a) and 12652(c)(l) *et seq.* ("CFCA"), or other statutory or common law provisions, whether sealed or unsealed, for conduct alleged in the Litigation pertaining to drug price reporting and to the reimbursement price paid by the State for drugs, from January 1, 1994, through the date this Agreement is executed by all Parties (such period is referred to as the "Relevant Period"), this Agreement applies to any and all such claims.  Drugs that were manufactured or sold by the Settling Defendants during the Relevant Period and which are the subject of this Agreement are those marketed under the 17 Labeler Codes depicted in the attached Exhibit A. The 15 National Drug

Codes (NDCs) depicted in Exhibit A are also the subject of this agreement. These drugs are collectively referred to herein as the "Subject Drugs."

  C.  Specifically, the Litigation charges that the Settling Defendants engaged in conduct that allegedly resulted in the reporting of inflated and false claims in connection with drugs, which caused excessive reimbursement by Medi-Cal for those drugs.  This reporting, the Litigation further charges, included the publication of Average Wholesale Price, Wholesale Acquisition Cost and/or Direct Price by national data reporting services, upon which the Medi-Cal program allegedly relied for determining drug reimbursement rates.  In addition, the Qui Tam Plaintiff alleges in its underseal complaint that certain defendants improperly classified their drugs for Medicaid rebate purposes thereby causing Medi-Cal to receive less in Medicaid rebates than it otherwise would have received.  Any such conduct that could have been alleged as to the Settling Defendants with respect to the Subject Drugs in the Litigation is referred to herein as the "Covered Conduct." "Covered Conduct" is expressly limited to conduct that occurred during the Relevant Period and that: (i) is alleged in the Litigation under the CFCA with respect to all of the Subject Drugs or (ii) relates to any claim regarding the reimbursement price paid by Medi-Cal for the Subject Drugs that could have been asserted under other statutory or common law theories of liability; or (iii) relates to any claim regarding the Medicaid rebates paid by the Settling Defendants to the State for the NDCs listed in the attached Exhibit B based on the classification of such drugs that could have been asserted under other statutory, contractual, or common law theories of liability.  Alleged claims regarding Medicaid rebates paid by B. Braun Medical Inc. are the subject of a separate Covenant Not to Sue between B. Braun Medical Inc. and Ven-A-Care of the Florida Keys, Inc.

    The Qui Tam Plaintiff is the relator in sealed or unsealed federal actions(s) against one or more of the Settling Defendants under the Federal False Claims Act, 31 U.S.C. § 3279 et seq. (the "FCA actions") in which the same or similar price reporting conduct of the Settling Defendants is at issue.  It is the intent of the parties that the Qui Tam Plaintiff not be able to share twice in the same recovery.  The Qui Tam Plaintiff is hereby releasing its claims, if any, including any claims for attorney's fees, expenses or a Relator's share, against the Settling Defendants for the Covered Conduct in the FCA actions, relating to the Medi-Cal program.

D.     The Settling Defendants deny all of the Plaintiffs' claims and allegations and deny any wrongdoing or that they have any liability relating to the Covered Conduct.

E.     In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of these disputed claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement as set forth in this Agreement.

F.     This Agreement is the result of a compromise of disputed issues of law and fact, and the execution and delivery of this Agreement shall not constitute or be construed as an admission of fault, liability, or wrongdoing by any of the Released Parties (as hereinafter defined), nor does it constitute evidence of any liability or unlawful conduct on the part of the Released Parties, and the Plaintiffs will not urge or seek to admit this Agreement as evidence of any fault or liability of the Released Parties in any investigation, administrative claim, action, suit, or proceeding, or federal or state court or arbitration proceeding.

G.     The State has concluded that this Agreement is in the public interest.

H.     At the time of the execution of this Agreement, the Office of the Attorney General of California and the Qui Tam Plaintiff each represent to the Settling Defendants that (i) it is not aware of any other filed or threatened *qui tam* lawsuit against the Settling Defendants under the CFCA, in connection with the Covered Conduct, and (ii) no interest in any Claim (as hereinafter defined) or allegation herein released has been assigned by it, in whole or in part, to any third party.

### Part III:  Terms and Conditions

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for other good and valuable consideration as stated herein, the Parties agree as follows:

### Incorporation of Representations

1)     The foregoing Preamble is incorporated herein.

NYI-4096691v9

**Settlement Amount/Confidentiality**

2)      In full and final settlement of the Plaintiffs' claims, Settling Defendants shall pay, in the aggregate, the sum of $23,000,000 (twenty-three million dollars) (the "Settlement Amount").  Of the Settlement Amount, $22,500,000 (twenty two million five hundred thousand dollars) shall be paid to the State of California and $500,000 (five hundred thousand dollars) shall be paid to the Qui Tam Plaintiff for attorneys' fees.  The Settlement Amount is intended to fully resolve all of the Plaintiffs' claims in the Litigation as further explained in the section governing Releases below.

3)      The Qui Tam Plaintiff is entitled under California Government Code Section 12652 *et seq.* to a statutory percentage of the Settlement Amount.  The statutory percentage payment for the Qui Tam Plaintiff's share is to be handled separately at a later time between the State and the Qui Tam Plaintiff and its attorney. The Qui Tam Plaintiff expressly agrees to indemnify and hold the Released Parties harmless from and against any Claims by persons or entities who have represented (or claim to have represented) the Qui Tam Plaintiff in connection with the Claims released herein for: (1) attorneys' fees, costs, and expenses; and (2) any portion of the Settlement Amount.

4)      The United States is entitled to a portion of the Settlement Amount, and that allocation is to be handled separately at a later time between the State and the United States.  If the State fails to remit the federal portion of the Settlement Amount to the United States, the State expressly agrees to indemnify and hold the Released Parties harmless for any Claim by the United States for the federal portion of the Settlement Amount. If the United States claims that the State has failed to pay in full the federal portion of the Settlement Amount, the Released Parties will promptly advise the State in writing, and the State agrees to take whatever steps may be necessary to obtain the written agreement of an appropriate officer of the United States that the State has paid in full the federal portion of the Settlement Amount.

5)      The precise amount of each Settling Defendant's required contribution to the Settlement Amount shall be set forth in the confidential Final Settling Defendants' Document held by Toni-Ann Citera at Jones Day.  The Settling Defendants agreed to the contribution amounts on the

condition of their remaining confidential. Plaintiffs agree to cooperate with the Settling Defendants to seek appropriate Court orders protecting this confidentiality.

6)      Notwithstanding the above provision regarding confidentiality, in the event that a Settling Defendant defaults on its obligations to make monetary payments pursuant to this Agreement, the Parties may make reference to the precise amount of that Settling Defendant's required contribution in any sealed court filing or other sealed proceedings necessary to enforce the provisions of this Agreement. In addition, nothing herein is intended to prevent any individual Settling Defendant from disclosing or referring to its individual contribution as it deems necessary.

**Settlement Amount/Escrow Account**

7)      In full and final settlement of the State's claims, within ten (10) business days from the Effective Date of this Agreement, the Settling Defendants shall pay their respective, confidential shares of the Settlement Amount into an escrow account at the Frontier Bank (the "Escrow Agent").

> Wire Instructions:
>
> Frontier Bank Everett
> ABA #125107626
>
> Frontier Bank Trust Department Account # 3226000226
> FFC: State of California Settlement Escrow Fund # 62-1245

8)      The Escrow Agent shall keep the precise amount of each Settling Defendant's required contribution to the Settlement Amount confidential. Within fifteen (15) business days from the Effective Date of this Agreement, the Escrow Agent shall pay the State and the Qui Tam Plaintiff their respective portions of the Settlement Amount by electronic funds transfer pursuant to written instructions to be provided to the Escrow Agent at the time this Agreement is executed by the State.

9)      The Settling Defendants are severally – not jointly – liable for their respective shares of the Settlement Amount. If any Settling Defendant defaults on its obligations under this Agreement, only that individual Settling Defendant is in default and such default implicates no

other Released Party. Each Settling Defendant is liable solely for its respective obligations under this Agreement.

### Releases by Plaintiffs

10)     Subject to the exceptions in Paragraph III(15) below, in consideration of the obligations of the Settling Defendants set forth in this Agreement, including payment of the Settlement Amount in accordance with Paragraph III(2) and (7) above, the State (on behalf of itself, its officers, agents, agencies, political subdivisions, departments, boards, and commissions) fully and finally releases, acquits, and forever discharges the Settling Defendants, as well as each of their predecessors, successors, parents, subsidiaries, assigns, and affiliates and any shareholders, current or former directors, officers, employees, agents, and attorneys (collectively, the "Released Parties") from any claim, action, suit, or proceeding, whether sealed or unsealed, whether civil or administrative (including attorneys' fees, penalties, punitive damages, costs, liabilities, obligations, and expenses of every kind and however denominated) (collectively referred to as "Claims") the State has for the Covered Conduct related to the Subject Drugs. Payment of the Settlement Amount fully discharges the Released Parties from any Claims the State has asserted, may have asserted, or could have asserted for the Covered Conduct.

11)     Subject to the exceptions in Paragraph III(15) below, in consideration of the obligations of the Settling Defendants set forth in this Agreement, and conditioned upon payment of the Settlement Amount in accordance with Paragraph III(2) and (7) above, the Qui Tam Plaintiff (on behalf of itself, its predecessors, successors, subsidiaries, parents, assigns, and affiliates and any shareholders, current or former directors, officers, agents, employees, servants, and attorneys) fully and finally releases, acquits, and forever discharges the Released Parties from any Claims the Qui Tam Plaintiff has asserted, may have asserted, or could have asserted, whether sealed or unsealed, for the Covered Conduct related to the Subject Drugs. Payment of the Settlement Amount fully discharges the Released Parties from any such civil obligation to the Qui Tam Plaintiff, including any fees and costs it was entitled to pursuant to California Government Code Section 12652 *et seq.* that were associated with the Litigation.

12)     In consideration of the obligations of the Settling Defendants set forth in this Agreement, conditioned upon payment of the Settlement Amount in accordance with Paragraph III(2), (7)

and (8) above, the State agrees to release and refrain from instituting, directing, or maintaining any action or other proceeding seeking permissive suspension from the California Medical Assistance Program ("Medi-Cal program") against the Released Parties for the Covered Conduct except as reserved in Paragraph III(15) below.

**Dismissal of Litigation**

13)    In consideration of the obligations of the Settling Defendants set forth in this Agreement, the State and the Qui Tam Plaintiff agree that, upon execution of this Agreement by all Parties, they shall cause the Litigation to be dismissed with prejudice as to the Settling Defendants.

**Release by the Settling Defendants**

14)    The Settling Defendants fully and finally release the State, as well as its officers, agents, agencies, political subdivisions, departments, boards, commissions, employees, servants, and attorneys and the Qui Tam Plaintiff, as well as its predecessors, successors, subsidiaries, assigns, and affiliates and any shareholders, current or former directors, officers, agents, employees, servants, and attorneys from any claims relating to the Covered Conduct, or the investigation or litigation of claims relating to the Covered Conduct for the Relevant Period as it relates to the Medi-Cal program through the Effective Date of this Agreement, which the Settling Defendants could have asserted.  This release shall not, however, release any accounts receivable related to the Covered Conduct due from the State, or any agency or instrumentality of the State, and is not intended to release claims unrelated to conduct in the State.

**Limitations on Release**

15)    Notwithstanding any other terms of this Agreement, including the release provisions in Paragraphs III(10), (11), (12), and (14) above, specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including the Released Parties), are any and all of the following:

    (a)    Any claims based upon such obligations as are created by this Agreement;

    (b)    The subrogation rights to claims for personal injury or injury to real or personal property arising from usage by a participant in the Medicaid program of any of the Subject Drugs covered thereunder;

(c)    Any claims based on a failure to deliver products or services due;

(d)    Any claims that the Qui Tam Plaintiff may have asserted on behalf of any state other than the State of California under the *qui tam* provisions of the laws of such state for any conduct other than the Covered Conduct;

(e)    Any civil, criminal, or administrative liability arising under Title 26, U.S. Code [Internal Revenue Code] or its California equivalent;

(f)    Any liability to the State of California for any conduct other than the Covered Conduct;

(g)    Any criminal liability not specifically released by this Agreement;

(h)    Any civil or administrative liability that Settling Defendants have or may have under any state statute, regulation, or rule not covered by this release;

(i)    Except as explicitly stated in this Agreement, any administrative liability which would result in mandatory suspension from the State's Medi-Cal program based on the Covered Conduct;

(j)    Any express or implied warranty claims or other claims for defective or deficient products and services provided by Settling Defendants;

(k)    Any claims arising from the Settling Defendants' obligations to report and/or pay rebates to the State under any law or contract, including but not limited to, under the provisions of the Omnibus Budget Reconciliation Act of 1990, for any conduct other than the Covered Conduct; or

(l)    Any claims that the Qui Tam Plaintiff may have asserted on behalf of the United States under the federal False Claims Act, 31 U.S.C § 3729 *et seq.*, for conduct other than the Covered Conduct.

**AMP Reporting**

16)     In the event that at any time during a period of five years following the Effective Date of this Agreement the State is unable to obtain the Settling Defendants' Average Manufacturer Prices ("AMPs") as reported by the Settling Defendants to the federal Centers for Medicare and Medicaid Services ("CMS"), the Settling Defendants will, upon request, provide their AMPs to the State under the same terms of confidentiality as it was previously provided to CMS.

**No Waiver or Release of Claims Against Other Persons**

17)     Except as stated herein, the Parties do not by this Agreement release any claims against any other person or entity, including any individual or entity that purchased drugs or pharmaceutical products from the Settling Defendants.  No word, term, phrase, or definition in this Agreement is or may be used for the benefit of any person, entity, or litigant who is not a signatory to, or released by, this Agreement.

**No Impairment or Creation of Rights**

18)     Nothing in this Agreement shall be construed to abrogate or alter any future obligation of the Settling Defendants pursuant to the law of the State.

**Exclusive Venue for Enforcement of Agreement**

19)     The exclusive venue to enforce the terms of this Agreement shall be in the United States District Court for the Central District of California or, should that Court decline jurisdiction for any reason, in any court of competent jurisdiction.

**Costs**

20)     Except as otherwise provided herein, each Party will bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

**Choice of Law**

21)     This Agreement is governed by the laws of the State of California, except to the extent otherwise governed by federal law.

NYI-4096691v9

## Qui Tam Plaintiff: Agreement Reasonable

22)     The Qui Tam Plaintiff agrees that this Agreement is fair, adequate, and reasonable and will not take any action to challenge this Agreement, or any provision hereof, in any court.

## Authorization

23)     The Parties have read the foregoing Agreement and accept and agree to the provisions and representations contained herein, and hereby make those representations and have caused this Agreement to be signed as of the day and date adjacent to their respective signatures.  The undersigned individual(s) signing this Agreement on behalf of the Settling Defendants represent and warrant that they are authorized by the Settling Defendants to execute this Agreement.  The undersigned State signatories represent and warrant that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement on behalf of the State. The Qui Tam Plaintiff's attorney, James J. Breen, and its president, T. Mark Jones, each represents and warrants that he is duly authorized to execute this Agreement on behalf of the Qui Tam Plaintiff.

## Counterparts

24)     This Agreement may be executed in multiple original or facsimile counterparts, or both, each of which is equally admissible in evidence and shall constitute an original, and all of which shall be deemed to constitute one and the same agreement.

## Acts Necessary to Effectuate Agreement

25)     Each Party agrees to provide such cooperation, to perform such further acts, and to execute and deliver such further documents as may reasonably be necessary to carry out the purpose and intent of this Agreement or to evidence anything contained herein.

## Notices/Dispute Resolution

26)     The Parties each agree that, in the event of any dispute regarding the interpretation of or performance by the Parties under this Agreement, each Party shall give notice to the other Parties at the addresses below of such dispute as soon as practicable, and in no event less than twenty (20) business days prior to the commencement of legal or administrative proceedings with respect to the dispute.

NYI-4096691v9

**Amendments**

27)     Neither this Agreement nor any term set forth herein may be changed, waived, discharged, or terminated except by a writing signed by all affected Parties.

**Interpretation**

28)     This Agreement has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Agreement.  In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties. Accordingly, none of the Parties shall be presumptively entitled to have any provisions of the Agreement construed against any of the other Parties in accordance with any rule of law, legal decision, or doctrine.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purposes of the Parties and this Agreement.

**Entire and Integrated Agreement**

29)     This Agreement is intended by the Parties as a final expression of their agreement and is intended to be a complete and exclusive statement of the agreement and understanding of the Parties with respect to the subject matters contained herein.  This Agreement supersedes any and all prior promises, representations, warranties, and agreements, including, but not limited to the agreements set forth in the Mediators' Note, understandings, and undertakings between or among the Parties with respect to such subject matters, and there are no promises, representations, warranties, agreements, understandings, or undertakings with respect to such subject matters other than those set forth or referred to herein.

**Severability**

30)     If any provision of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provision to other circumstances, shall remain in effect and be interpreted so as best to reasonably effect the intent of the Parties. Notwithstanding the foregoing, if either the payment or any of the release provisions hereof are found to be unenforceable or invalid by a court of competent jurisdiction, then such invalidity or unenforceability shall be cause for voiding the entire Agreement at the election of the Party whose interests are injured by the finding of invalidity or unenforceability, with the exception of

Paragraphs II (F), above, and this Paragraph III(30), which shall remain intact and which shall not be voided.

**Effective Date**

31)    The Effective Date of this Agreement shall be the date upon which all of the Parties below have executed this Agreement.

**State of California**
**Office of the Attorney General**

By: _____

Date: 12 / 9 / 08

Nicholas Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, CA  92108

**Abbott Laboratories Inc.**

By: _____

Date: 12/9/08

Toni-Ann Citera
Jones Day
222 East 41st Street
New York, NY  10017

Counsel for Abbott Laboratories Inc.

**Qui Tam Plaintiff Ven-A-Care of the**
**Florida Keys, Inc.**

By: _____

Date: 11/17/08

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 39
Alpharetta, GA  30022

**B. Braun Medical Inc.**

By: _____

Date: _____

John P. McDonald
Locke Lord Bissell & Liddell
2200 Ross Avenue
Suite 2200
Dallas, TX 75201

Counsel for B. Braun Medical Inc.

- 12 -

Paragraphs II (F), above, and this Paragraph III(30), which shall remain intact and which shall not be voided.

**Effective Date**

31)     The Effective Date of this Agreement shall be the date upon which all of the Parties below have executed this Agreement.


**State of California**
**Office of the Attorney General**

By:_____

Date:_____

Nicholas Paul
Supervising Deputy Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
Office of the Attorney General
1455 Frazee Road, Suite 315
San Diego, CA  92108


**Qui Tam Plaintiff Ven-A-Care of the**
**Florida Keys, Inc.**


By:_____

Date:_____

James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 39
Alpharetta, GA  30022


**Abbott Laboratories Inc.**

By:_____

Date:_____

Toni-Ann Citera
Jones Day
 222 East 41st Street
New York, NY  10017

Counsel for Abbott Laboratories Inc.


**B.  Braun Medical Inc.**

By: *Cathy Codrea*

By: *B A L*

Date: 11/26/08

John P. McDonald
Locke Lord Bissell & Liddell
2200 Ross Avenue
Suite 2200
Dallas, TX 75201

Counsel for B. Braun Medical Inc.

**Qui Tam Plaintiff Ven-A-Care of the Florida Keys, Inc.**

By: _____

Date: _11/17/08_

T. Mark Jones
President
Ven-A-Care of the Florida Keys, Inc.
c/o James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA  30022


**State of California
Department of Health Services**

By: _____

Date: _____

Stanley L. Rosenstein
Chief Deputy Director
California Department of Health Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA  95814


**Baxter Healthcare Corporation**

By: _____

Date: _____

Peter W. Morgan
Merle M. DeLancey
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006

Counsel for Baxter Healthcare Corporation


**Roxane Laboratories, Inc.; Boehringer
Ingelheim Roxane, Inc.; Boehringer
Ingelheim Corporation; Boehringer
Ingelheim Pharmaceuticals Inc.**

By: _____

Date: _____

Brian P. Kavanaugh
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Counsel for Roxane Laboratories, Inc.;
Boehringer Ingelheim Roxane, Inc.;
Boehringer Ingelheim Corp.; Boehringer
Ingelheim Pharmaceuticals Inc.

NYI-4096691v9

**Qui Tam Plaintiff Ven-A-Care of the**
**Florida Keys, Inc.**


By:_____

Date:_____

T. Mark Jones
President
Ven-A-Care of the Florida Keys, Inc.
c/o James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA  30022


**State of California**
**Department of Health Services**

By:_____

Date:___11/25/08_____

Stanley L. Rosenstein
Chief Deputy Director
California Department of Health Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA  95814


**Baxter Healthcare Corporation**


By:_____

Date:_____

Peter W. Morgan
Merle M. DeLancey
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006

Counsel for Baxter Healthcare Corporation


**Roxane Laboratories, Inc.; Boehringer**
**Ingelheim Roxane, Inc.; Boehringer**
**Ingelheim Corporation; Boehringer**
**Ingelheim Pharmaceuticals Inc.**


By:_____

Date:_____

Brian P. Kavanaugh
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Counsel for Roxane Laboratories, Inc.;
Boehringer Ingelheim Roxane, Inc.;
Boehringer Ingelheim Corp.; Boehringer
Ingelheim Pharmaceuticals Inc.

- 13 -

**Qui Tam Plaintiff Ven-A-Care of the Florida Keys, Inc.**

By:_____

Date:_____

T. Mark Jones
President
Ven-A-Care of the Florida Keys, Inc.
c/o James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA  30022


**State of California
Department of Health Services**

By:_____

Date:_____

Stanley L. Rosenstein
Chief Deputy Director
California Department of Health Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA  95814


**Baxter Healthcare Corporation**

By: _____

Date: ___11/19/08_____

Peter W. Morgan
Merle M. DeLancey
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006

Counsel for Baxter Healthcare Corporation


**Roxane Laboratories, Inc.; Boehringer Ingelheim Roxane, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim Pharmaceuticals Inc.**

By:_____

Date:_____

Brian P. Kavanaugh
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Counsel for Roxane Laboratories, Inc.;
Boehringer Ingelheim Roxane, Inc.;
Boehringer Ingelheim Corp.; Boehringer
Ingelheim Pharmaceuticals Inc.


- 13 -

NYI-4096691v9

**Qui Tam Plaintiff Ven-A-Care of the
Florida Keys, Inc.**


By:_____

Date:_____

T. Mark Jones
President
Ven-A-Care of the Florida Keys, Inc.
c/o James J. Breen, Esq.
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA  30022


**State of California
Department of Health Services**


By:_____

Date:_____

Stanley L. Rosenstein
Chief Deputy Director
California Department of Health Services
1501 Capitol Avenue, Suite 71.6001
MS 0003
Sacramento, CA  95814


**Baxter Healthcare Corporation**


By:_____

Date:_____

Peter W. Morgan
Merle M. DeLancey
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006

Counsel for Baxter Healthcare Corporation


**Roxane Laboratories, Inc.; Boehringer
Ingelheim Roxane, Inc.; Boehringer
Ingelheim Corporation; Boehringer
Ingelheim Pharmaceuticals Inc.**

By:_____

Date: November 21, 2008

Brian P. Kavanaugh
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Counsel for Roxane Laboratories, Inc.;
Boehringer Ingelheim Roxane, Inc.;
Boehringer Ingelheim Corp.; Boehringer
Ingelheim Pharmaceuticals Inc.

- 13 -

ZLB Behring, L.L.C.

By: _____

Date: _____

Michael L. Koon
Shook Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO  64108

Counsel for ZLB Behring

- 14 -

NYI-4096691v9

**EXHIBIT A**

| DEFENDANT | LABELER CODE or NDC |
|---|---|
| Abbott | 00044 |
| Abbott | 00048 |
| Abbott | 00074 |
| Abbott | 00524 |
| Abbott | 00703-3524-01 |
| Abbott | 00703-5032-03 |
| Abbott | 00703-5040-01 |
| Abbott | 00703-5043-03 |
| Abbott | 00703-5046-01 |
| Abbott | 00703-5075-03 |
| Abbott | 00703-5140-01 |
| Abbott | 00703-5145-01 |
| Abbott | 00703-5643-01 |
| Abbott | 00703-5646-01 |
| Abbott | 00703-5653-01 |
| Abbott | 00703-5656-01 |
| Abbott | 00703-5657-01 |
| Abbott | 00703-5667-01 |
| Abbott | 00703-9785-01 |
| B Braun | 00264 |
| Baxter | 00338 |
| Baxter | 00944 |
| Baxter | 00641 |
| Baxter | 10019 |
| Baxter | 54129 |
| Baxter | 54643 |
| Baxter | 60977 |
| Baxter | 64193 |
| Baxter | 67108 |
| Roxane | 00054 |
| ZLB Behring | 00053 |
| ZLB Behring | 44206 |

**EXHIBIT B**

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|---|---|---|
| Abbott | 00074115112 | HEPARIN LOCK FLUSH |
| Abbott | 00074115114 | HEPARIN LOCK FLUSH |
| Abbott | 00074115170 | HEPARIN LOCK FLUSH |
| Abbott | 00074115171 | HEPARIN LOCK FLUSH |
| Abbott | 00074115173 | HEPARIN LOCK FLUSH |
| Abbott | 00074115178 | HEPARIN LOCK FLUSH |
| Abbott | 00074115212 | HEPARIN LOCK FLUSH |
| Abbott | 00074115214 | HEPARIN LOCK FLUSH |
| Abbott | 00074115270 | HEPARIN LOCK FLUSH |
| Abbott | 00074115271 | HEPARIN LOCK FLUSH |
| Abbott | 00074115273 | HEPARIN LOCK FLUSH |
| Abbott | 00074115278 | HEPARIN LOCK FLUSH |
| Abbott | 00074116501 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074116502 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074150503 | 6% DEXTRAN AND 0.9% NACL INJECTION |
| Abbott | 00074150504 | 6% DEXTRAN AND 0.9% NACL INJECTION |
| Abbott | 00074150703 | 6% DEXTRAN 75 AND 5% DEXTROSE INJECTION |
| Abbott | 00074150704 | 6% DEXTRAN 75 AND 5% DEXTROSE INJECTION |
| Abbott | 00074151805 | DEXTROSE INJECTION |
| Abbott | 00074152201 | DEXTROSE INJECTION |
| Abbott | 00074152202 | DEXTROSE INJECTION |
| Abbott | 00074152203 | DEXTROSE INJECTION |
| Abbott | 00074153503 | DEXTROSE INJECTION |
| Abbott | 00074159202 | UREAPHIL |
| Abbott | 00074159304 | THAM SOLUTION |
| Abbott | 00074163110 | CALCIUM CHLORIDE INJECTION |
| Abbott | 00074169810 | BRETYLIUM TOSYLATE SOLUTION INJECTION |
| Abbott | 00074177510 | INFANT DEXTROSE SOLUTION INJECTION USP |
| Abbott | 00074196604 | BACTERIOSTATIC NACL INJECTION |
| Abbott | 00074196605 | BACTERIOSTATIC NACL INJECTION |
| Abbott | 00074196607 | BACTERIOSTATIC NACL INJECTION |
| Abbott | 00074196612 | BACTERIOSTATIC NACL INJECTION |
| Abbott | 00074196614 | BACTERIOSTATIC NACL INJECTION |
| Abbott | 00074202801 | MORPHINE SULFATE INJECTION |
| Abbott | 00074202802 | MORPHINE SULFATE INJECTION |
| Abbott | 00074202901 | MORPHINE SULFATE INJECTION |
| Abbott | 00074202902 | MORPHINE SULFATE INJECTION |
| Abbott | 00074234534 | DOBUTAMINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074234632 | DOBUTAMINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074234634 | DOBUTAMINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074234732 | DOBUTAMINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074258102 | HEPARIN SODIUM INJECTION USP UNITS/ML |
| Abbott | 00074258402 | HEPARIN SODIUM INJECTION UNITS/ML |
| Abbott | 00074329405 | POTASSIUM ACETATE INJECTION |
| Abbott | 00074329406 | POTASSIUM ACETATE INJECTION |
| Abbott | 00074329451 | POTASSIUM ACETATE INJECTION |
| Abbott | 00074329505 | SODIUM PHOSPATES INJECTION |
| Abbott | 00074329551 | SODIUM PHOSPATES INJECTION |
| Abbott | 00074329606 | TPN ELECTROLYTES FOR INJECTION |
| Abbott | 00074329905 | SODIUM ACETATE INJECTION |

**EXHIBIT B**

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|---|---|---|
| Abbott | 00074329906 | SODIUM ACETATE INJECTION |
| Abbott | 00074338603 | TUBOCURARINE CHLORIDE INJ. |
| Abbott | 00074338604 | TUBOCURARINE CHLORIDE INJ. |
| Abbott | 00074345405 | HEPARIN LOCK FLUSH SOLUTION |
| Abbott | 00074372432 | DOBUTAMINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074397701 | BACTERIOSTATIC WATER FOR INJECTION |
| Abbott | 00074397703 | BACTERIOSTATIC WATER FOR INJECTION |
| Abbott | 00074403101 | MANNITOL INJECTION |
| Abbott | 00074409001 | ZINC INJECTION |
| Abbott | 00074409101 | MANGANESE INJECTION |
| Abbott | 00074409201 | COPPER INJECTION |
| Abbott | 00074409301 | CHROMIUM INJECTION |
| Abbott | 00074410401 | NITROGLYCERIN INJECTION |
| Abbott | 00074410701 | NITROGLYCERINE INJECTION |
| Abbott | 00074414103 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE |
| Abbott | 00074414202 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074414203 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074415502 | DOPAMINE HCL IN 5% DEXTROSE INJECTION |
| Abbott | 00074426501 | DOPAMINE HYDROCHLORIDE INJECTION |
| Abbott | 00074426601 | DOPAMINE HCL INJECTION |
| Abbott | 00074426618 | DOPAMINE HCL INJECTION |
| Abbott | 00074427201 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074427301 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074427401 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074452605 | ZINC FOR INJECTION |
| Abbott | 00074482201 | HEPARIN LOCK FLUSH SOLUTION |
| Abbott | 00074488710 | STERILE WATER FOR INJECTION |
| Abbott | 00074488712 | STERILE WATER FOR INJECTION |
| Abbott | 00074488720 | STERILE WATER FOR INJECTION |
| Abbott | 00074488725 | STERILE WATER FOR INJECTION |
| Abbott | 00074488750 | STERILE WATER FOR INJECTION |
| Abbott | 00074488755 | STERILE WATER FOR INJECTION |
| Abbott | 00074488768 | STERILE WATER FOR INJECTION |
| Abbott | 00074488799 | STERILE WATER FOR INJECTION |
| Abbott | 00074488810 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074488812 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074488820 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074488825 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074488850 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074488870 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074488899 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074574801 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074574821 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074574901 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074574922 | BUPIVACAINE HYDROCHLORIDE INJECTION |
| Abbott | 00074577901 | TPN ELECTROLYTES |
| Abbott | 00074581901 | DOPAMINE HCL INJECTION |
| Abbott | 00074581916 | DOPAMINE HCL INJECTION |
| Abbott | 00074582001 | DOPAMINE HYDROCHLORIDE INJECTION |
| Abbott | 00074582010 | DOPAMINE HYDROCHLORIDE INJECTION |

**EXHIBIT B**

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|---|---|---|
| Abbott | 00074588101 | TPN ELECTROLYTES INJECTION |
| Abbott | 00074605402 | FUROSEMIDE INJECTION |
| Abbott | 00074605504 | FUROSEMIDE INJECTION |
| Abbott | 00074605514 | FUROSEMIDE INJECTION |
| Abbott | 00074605610 | FUROSEMIDE INJECTION |
| Abbott | 00074605617 | FUROSEMIDE INJECTION |
| Abbott | 00074605618 | FUROSEMIDE INJECTION |
| Abbott | 00074605620 | FUROSEMIDE INJECTION |
| Abbott | 00074610102 | FUROSEMIDE INJECTION |
| Abbott | 00074610104 | FUROSEMIDE INJECTION |
| Abbott | 00074610110 | FUROSEMIDE INJECTION |
| Abbott | 00074610202 | FUROSEMIDE INJECTION |
| Abbott | 00074610204 | FUROSEMIDE INJECTION |
| Abbott | 00074610210 | FUROSEMIDE INJECTION |
| Abbott | 00074610211 | FUROSEMIDE INJECTION |
| Abbott | 00074613802 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074613803 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074613822 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074613902 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074613903 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074613922 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074614009 | RINGER'S IRRIGATION |
| Abbott | 00074614102 | PHYSIOLOL IRRIGATION SOLUTION |
| Abbott | 00074614103 | PHYSIOLOL IRRIGATION SOLUTION |
| Abbott | 00074614109 | PHYSIOLOL IRRIGATION SOLUTION |
| Abbott | 00074614122 | PHYSIOLOL IRRIGATION SOLUTION |
| Abbott | 00074614206 | GLYCINE IRRIGATION |
| Abbott | 00074614236 | GLYCINE IRRIGATION |
| Abbott | 00074614302 | ACETIC ACID IRRIGATION |
| Abbott | 00074614309 | ACETIC ACID IRRIGATION |
| Abbott | 00074614322 | ACETIC ACID IRRIGATION |
| Abbott | 00074614406 | SORBITOL MANNITOL IRRIGATION |
| Abbott | 00074614436 | SORBITOL MANNITOL IRRIGATION |
| Abbott | 00074614706 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074614736 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074665702 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074665773 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074666002 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074666075 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074666402 | SODIUM LACTATE INJECTION |
| Abbott | 00074672903 | MAGNESIUM SULFATE IN WATER FOR INJECTION |
| Abbott | 00074672909 | MAGNESIUM SULFATE IN WATER FOR INJECTION |
| Abbott | 00074672923 | MAGNESIUM SULFATE IN WATER FOR INJECTION |
| Abbott | 00074694003 | ENDRATE INJECTION |
| Abbott | 00074697801 | ORETIC TABLETS |
| Abbott | 00074701205 | PHYSIOLOL IRRIGATION |
| Abbott | 00074707514 | POTASSIUM CHLORIDE INJECTION |
| Abbott | 00074707526 | POTASSIUM CHLORIDE INJECTION |
| Abbott | 00074707537 | POTASSIUM CHLORIDE INJECTION |
| Abbott | 00074707626 | POTASSIUM CHLORIDE SOLUTION INJECTION |

## EXHIBIT B

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|---|---|---|
| Abbott | 00074707714 | POTASSIUM CHLORIDE SOLUTION INJECTION |
| Abbott | 00074707726 | POTASSIUM CHLORIDE SOLUTION INJECTION |
| Abbott | 00074710002 | DEXTROSE INJECTION |
| Abbott | 00074710013 | DEXTROSE INJECTION |
| Abbott | 00074710023 | DEXTROSE INJECTION |
| Abbott | 00074710066 | DEXTROSE INJECTION |
| Abbott | 00074710067 | DEXTROSE INJECTION |
| Abbott | 00074710102 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074710113 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074710123 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074710166 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074710167 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074710509 | POTASSIUM CHLORIDE IN 5% DEXTROSE AND 0.3% SODIUM C |
| Abbott | 00074710709 | POTASSIUM CHLORIDE IN 5% DEXTROSE AND 0.9% SODIUM C |
| Abbott | 00074710909 | POTASSIUM CHLORIDE IN 5% DEXTROSE AND 0.9% SODIUM C |
| Abbott | 00074711109 | POTASSIUM CHLORIDE IN LACTATED RINGERS AND 5% DEXTR |
| Abbott | 00074711309 | POTASSIUM CHLORIDE IN LACTATED RINGERS AND 5% DEXTR |
| Abbott | 00074711509 | POTASSIUM CHLORIDE IN 0.9% SODIUM CHLORIDE INJECTION |
| Abbott | 00074711609 | POTASSIUM CHLORIDE IN 0.9% SODIUM CHLORIDE INJECTION |
| Abbott | 00074711807 | STERILE WATER FOR INJECTION |
| Abbott | 00074711907 | DEXTROSE INJECTION |
| Abbott | 00074712007 | DEXTROSE INJECTION |
| Abbott | 00074713202 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074713213 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074713223 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074713266 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074713267 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074713806 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074713809 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074713836 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074713906 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074713909 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074713936 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074716809 | UROLOGIC G IRRIGATION |
| Abbott | 00074729901 | SODIUM ACETATE INJECTION |
| Abbott | 00074737103 | IONOSOL B AND 5% DEXTROSE |
| Abbott | 00074737109 | IONOSOL B AND 5% DEXTROSE |
| Abbott | 00074737202 | IONOSOL MB AND 5% DEXTROSE |
| Abbott | 00074737203 | IONOSOL MB AND 5% DEXTROSE |
| Abbott | 00074737209 | IONOSOL MB AND 5% DEXTROSE |
| Abbott | 00074737262 | IONOSOL MB AND 5% DEXTROSE |
| Abbott | 00074737302 | IONOSOL T AND DEXTROSE INJECTIONS |
| Abbott | 00074737303 | IONOSOL T AND DEXTROSE INJECTIONS |
| Abbott | 00074737309 | IONOSOL T AND DEXTROSE INJECTIONS |
| Abbott | 00074737362 | IONOSOL T AND DEXTROSE INJECTIONS |
| Abbott | 00074739101 | SODIUM PHOSPATE INJECTION |
| Abbott | 00074739172 | SODIUM PHOSPATE INJECTION |
| Abbott | 00074751715 | DEXTROSE HYDROCHLORIDE SOLUTION INJECTION USP |
| Abbott | 00074751716 | DEXTROSE HYDROCHLORIDE SOLUTION INJECTION USP |
| Abbott | 00074762003 | HEPARIN SODIUM IN 0.9% SODIUM CHLORIDE INJECTION |

## EXHIBIT B

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|-----------|-----|--------------------|
| Abbott | 00074762059 | HEPARIN SODIUM IN 0.9% SODIUM CHLORIDE INJECTION |
| Abbott | 00074765002 | HEPARIN SODIUM IN 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074765062 | HEPARIN SODIUM IN 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074765102 | HEPARIN SODIUM IN 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074765103 | HEPARIN SODIUM IN 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074765162 | HEPARIN SODIUM IN 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074766209 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074766503 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074766509 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074766603 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074766662 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074766823 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074767003 | NORMOSOL-R PH 7.4 INJECTION |
| Abbott | 00074767009 | NORMOSOL-R PH 7.4 INJECTION |
| Abbott | 00074767713 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074767723 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074770562 | THEOPHYLLINE IN 5% DEXTROSE INJECTION |
| Abbott | 00074771209 | MANNITOL I.V. FLEXIBLE PLASTIC CONTAINER |
| Abbott | 00074771309 | MANNITOL I.V. FLEXIBLE PLASTIC CONTAINER |
| Abbott | 00074771403 | MANNITOL I.V. SOLUTION INJECTION |
| Abbott | 00074771502 | MANNITOL I.V. SOLUTION INJECTION |
| Abbott | 00074771503 | MANNITOL I.V. SOLUTION INJECTION |
| Abbott | 00074773013 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074773020 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074773036 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074773037 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074776003 | HEPARIN SODIUM IN 5% DEXTROSE INJECTION |
| Abbott | 00074776103 | HEPARIN SODIUM IN 5% DEXTROSE INJECTION |
| Abbott | 00074779312 | HEPARIN SODIUM IN 5% DEXTROSE INJECTION |
| Abbott | 00074779323 | HEPARIN SODIUM IN 5% DEXTROSE INJECTION |
| Abbott | 00074779362 | HEPARIN SODIUM IN 5% DEXTROSE INJECTION |
| Abbott | 00074779412 | HEPARIN SODIUM IN DEXTROSE |
| Abbott | 00074779462 | HEPARIN SODIUM IN DEXTROSE |
| Abbott | 00074780411 | K TAB TABLETS |
| Abbott | 00074780413 | K TAB TABLETS |
| Abbott | 00074780419 | K TAB TABLETS |
| Abbott | 00074780425 | K TAB TABLETS |
| Abbott | 00074780802 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780803 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780822 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780824 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780902 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780903 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780922 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074780924 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074781002 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074781022 | DOPAMINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074781123 | METRONIDAZOLE INJECTION |
| Abbott | 00074781124 | METRONIDAZOLE INJECTION |
| Abbott | 00074781137 | METRONIDAZOLE INJECTION |

EXHIBIT B

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|---|---|---|
| Abbott | 00074782808 | LACTATED RINGERS |
| Abbott | 00074790103 | 5% DEXTROSE AND 0.225% NACL WITH 0.15% KCL |
| Abbott | 00074790109 | 5% DEXTROSE AND 0.225% NACL WITH 0.15% KCL |
| Abbott | 00074790203 | 5% DEXTROSE AND 0.45% NACL WITH 0.15% KCL |
| Abbott | 00074790209 | 5% DEXTROSE AND 0.45% NACL WITH 0.15% KCL |
| Abbott | 00074790309 | 5% DEXTROSE AND 0.45% NACL WITH 0.224% KCL |
| Abbott | 00074790409 | 5% DEXTROSE AND 0.45% NACL WITH 0.3% KCL |
| Abbott | 00074790509 | 5% DEXTROSE WITH 0.15% POTASSIUM CHLORIDE |
| Abbott | 00074790609 | 5% DEXTROSE WITH 0.3% POTASSIUM CHLORIDE |
| Abbott | 00074791624 | LIDOCAINE HYDROCHLORIDE IN 5% DEXTROSE |
| Abbott | 00074791819 | DEXTROSE INJECTION |
| Abbott | 00074792201 | DEXTROSE INJECTION |
| Abbott | 00074792202 | DEXTROSE INJECTION |
| Abbott | 00074792203 | DEXTROSE INJECTION |
| Abbott | 00074792209 | DEXTROSE INJECTION |
| Abbott | 00074792253 | DEXTROSE INJECTION |
| Abbott | 00074792261 | DEXTROSE INJECTION |
| Abbott | 00074792313 | DEXTROSE INJECTION |
| Abbott | 00074792320 | DEXTROSE INJECTION |
| Abbott | 00074792323 | DEXTROSE INJECTION |
| Abbott | 00074792336 | DEXTROSE INJECTION |
| Abbott | 00074792337 | DEXTROSE INJECTION |
| Abbott | 00074792402 | 5% DEXTROSE AND 0.225% NACL INJECTION |
| Abbott | 00074792403 | 5% DEXTROSE AND 0.225% NACL INJECTION |
| Abbott | 00074792409 | 5% DEXTROSE AND 0.225% NACL INJECTION |
| Abbott | 00074792502 | 5% DEXTROSE AND 0.3% NACL INJECTION |
| Abbott | 00074792503 | 5% DEXTROSE AND 0.3% NACL INJECTION |
| Abbott | 00074792509 | 5% DEXTROSE AND 0.3% NACL INJECTION |
| Abbott | 00074792602 | 5% DEXTROSE AND 0.45% NACL INJECTION |
| Abbott | 00074792603 | 5% DEXTROSE AND 0.45% NACL INJECTION |
| Abbott | 00074792609 | 5% DEXTROSE AND 0.45% NACL INJECTION |
| Abbott | 00074792903 | DEXTROSE AND LACTATED RINGERS INJECTION |
| Abbott | 00074792909 | DEXTROSE AND LACTATED RINGERS INJECTION |
| Abbott | 00074793002 | DEXTROSE INJECTION |
| Abbott | 00074793003 | DEXTROSE INJECTION |
| Abbott | 00074793009 | DEXTROSE INJECTION |
| Abbott | 00074793124 | LIDOCAINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074793132 | LIDOCAINE HYDROCHLORIDE IN 5% DEXTROSE INJECTION |
| Abbott | 00074793303 | DEXTROSE IN RINGER'S INJECTION |
| Abbott | 00074793309 | DEXTROSE IN RINGER'S INJECTION |
| Abbott | 00074793519 | DEXTROSE INJECTION |
| Abbott | 00074793617 | DEXTROSE INJECTION |
| Abbott | 00074793619 | DEXTROSE INJECTION |
| Abbott | 00074793719 | DEXTROSE INJECTION |
| Abbott | 00074793819 | DEXTROSE INJECTION |
| Abbott | 00074793932 | LIDOCAINE HCL IN 5% DEXTROSE INJECTION |
| Abbott | 00074794003 | 2.5% DEXTROSE AND 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074794009 | 2.5% DEXTROSE AND 0.45% SODIUM CHLORIDE INJECTION |
| Abbott | 00074794102 | 5% DEXTROSE AND 0.9% NACL INJECTION |
| Abbott | 00074794103 | 5% DEXTROSE AND 0.9% NACL INJECTION |

## EXHIBIT B

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|---|---|---|
| Abbott | 00074794109 | 5% DEXTROSE AND 0.9% NACL INJECTION |
| Abbott | 00074795302 | LACTATED RINGERS INJECTION |
| Abbott | 00074795303 | LACTATED RINGERS INJECTION |
| Abbott | 00074795309 | LACTATED RINGERS INJECTION |
| Abbott | 00074796503 | NORMOSOL-M AND 5% DEXTROSE INJECTION |
| Abbott | 00074796509 | NORMOSOL-M AND 5% DEXTROSE INJECTION |
| Abbott | 00074796703 | NORMOSAL-R INJECTION |
| Abbott | 00074796709 | NORMOSAL-R INJECTION |
| Abbott | 00074796809 | NORMOSAL-R AND 5% DEXTROSE INJECTION |
| Abbott | 00074796905 | PLEGISOL |
| Abbott | 00074797205 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074797207 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074797208 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074797305 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074797307 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074797308 | STERILE WATER FOR IRRIGATION |
| Abbott | 00074797408 | GLYCINE IRRIGATION |
| Abbott | 00074797507 | SODIUM CHLORIDE IRRIGATION |
| Abbott | 00074798108 | SORBITOL MANNITOL IRRIGATION |
| Abbott | 00074798209 | RINGER'S INJECTION |
| Abbott | 00074798224 | RINGER'S INJECTION |
| Abbott | 00074798301 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798302 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798303 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798309 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798353 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798354 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798355 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798361 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798413 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798420 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798423 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798436 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798437 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798502 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798503 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798509 | SODIUM CHLORIDE INJECTION |
| Abbott | 00074798703 | SODIUM LACTATE 1/6 M INJECTION |
| Abbott | 00074799009 | STERILE WATER FOR INJECTION |
| Abbott | 00074799109 | 5% DEXTROSE AND 0.225% NACL WITH 0.224% KCL |
| Abbott | 00074799209 | 5% DEXTROSE AND 0.225% NACL WITH 0.3% KCL |
| Abbott | 00074799309 | 5% DEXTROSE AND 0.45% NACL WITH 0.075% KCL |
| Abbott | 00074799609 | 5% DEXTROSE AND 0.224% POTASSIUM CHLORIDE |
| Abbott | 00074799709 | 5% DEXTROSE AND 0.225% NACL WITH 0.075% KCL |
| Abbott | 00074799803 | KCL IN 5% DEXTROSE AND 0.3% SODIUM CHLORIDE INJECTION |
| Abbott | 00074799809 | KCL IN 5% DEXTROSE AND 0.3% SODIUM CHLORIDE INJECTION |
| Abbott | 00074800415 | DEXTROSE INJECTION |
| Abbott | 00074806601 | TUBOCURARINE CHLORIDE INJECTION |
| Abbott | 00074806615 | TUBOCURARINE CHLORIDE INJECTION |
| Abbott | 00074818301 | POTASSIUM ACETATE INJECTION |

## EXHIBIT B

| DEFENDANT | NDC | PRODUCT LABEL NAME |
|-----------|-----|-------------------|
| Abbott | 00074909302 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909320 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909322 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909325 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909326 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909328 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909332 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909335 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909336 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909338 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909410 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909412 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909415 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909418 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909420 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909421 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909422 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909425 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909428 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909431 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909450 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909451 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909461 | FENTANYL CITRATE INJECTION |
| Abbott | 00074909916 | OCL SOLUTION |
| Abbott | 00074910401 | DOPAMINE HYDROCHLORIDE INJECTION |
| Abbott | 00074910420 | DOPAMINE HYDROCHLORIDE INJECTION |
| Abbott | 00074910501 | DOPAMINE HCL INJECTION |
| Abbott | 00074910518 | DOPAMINE HCL INJECTION |