UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION _____ <br><br> THIS DOCUMENT RELATES TO: <br> *United States ex rel. Linnette Sun and Greg Hamilton, Relators* <br> *v.* <br> *Baxter Hemoglobin Therapeutics; Baxter International Inc.; Baxter Healthcare Corporation* <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1456 <br> Master File No. 1:01-CV-12257-PBS <br> Sub-Category Case No. 1:08-CV-11200 <br><br> Judge Patti B. Saris |

## MOTION FOR ENTRY OF PARTIAL FINAL JUDGEMENT

Relators Linnette Sun ("Sun") and Greg Hamilton ("Hamilton") (collectively "Relators Sun and Hamilton"), by their undersigned counsel, hereby respectfully move, pursuant to Federal Rule of Civil Procedure 54(b), for entry of a partial final judgment.

1. Relators Sun and Hamilton filed their Second Amended Complaint against Defendants Baxter Hemoglobin Therapeutics, Baxter International Inc., and Baxter Healthcare Corporation (collectively "Baxter") on August 13, 2010 [Dckt. # 102]. In Counts I through III, and VII through XXI, Relators Sun and Hamilton sought relief under the Federal False Claims Act and various states' False Claim Acts. (Relators Sun's and Hamilton's collective claims are hereinafter referred to as the "FCA claims"). In Counts IV through VI, Relator Sun sought relief for retaliation in violation of 31 U.S.C. § 3730(h), California Government Code § 12653, and California Public Policy. In Counts XXII through XXIII, Relator Sun sought relief for discrimination and harassment under the California Fair

Employment and Housing Act. (Relator Sun's individual claims, set forth in Counts IV through VI and XXII through XXIII, are hereinafter referred to as the "Employment Claims").

2. On January 26, 2012, this Court granted Baxter's motion for summary judgment with respect to the FCA Claims and noted that Relator Sun's Employment Claims were still pending [Dckt. # 158]. Relators Sun and Hamilton moved to reconsider the grant of summary judgment on February 16, 2012 [Dckt. # 159].

3. On August 7, 2012, this Court denied Relators Sun's and Hamilton's motion to reconsider, but held that Relators had certain rights with respect to the settlement of claims in the litigation captioned <u>United States of America *ex. rel.* Ven-A-Care of the Florida Keys, Inc. v. Baxter Healthcare Corporation and Baxter International, Inc.</u>, Civil Action No. 01-cv-12257-PBS, Subcategory No. 06-11337 [Dckt. # 193] (hereinafter referred to as the "Ven-A-Care litigation"). Pursuant to the August 7, 2012 Order, the Court invited Relators Sun and Hamilton to file a motion under Federal Rule of Civil Procedure 60(b)(6) to pursue their rights under the False Claims Act with respect to the Ven-A-Care settlement.

4. Accordingly, Relators Sun and Hamilton filed a motion under Rule 60(b)(6) in the Ven-A-Care litigation on September 7, 2012. Thereafter, on May 31, 2013, this Court denied Relators Sun's and Hamilton's Rule 60(b)(6) motion, finding that this Court lacks jurisdiction because the first-to-file rule bars Relators Sun's and Hamilton's FCA claims [Dckt. # 228]. Relators filed a Notice of Appeal from the Court's May 31, 2013 Order in the Ven-A-Care litigation.

5. The May 31, 2013 Order finding that the Sun / Hamilton FCA claims were barred by the first-to-file doctrine was also entered in this case. However, that Order, as

entered in this case, is not final and appealable, because Relator Sun's Employment Claims remain pending.

6. Accordingly, Relators Sun and Hamilton ask this Court to enter an order pursuant to Federal Rule of Civil Procedure 54(b) directing entry of a final judgment as to Relators' FCA Claims.  "When contemplating Rule 54(b) certification, a trial court first must ensure that the ruling underlying the proposed judgment is final . . . [and must] make an express determination that there is 'no just reason for delay.' " Nystedt v. Nigro, 700 F.3d 25, 29-30 (1st Cir. 2012).  A judgment is final where it disposes "completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally." Id. at 29 (citation, quotation omitted).  In this case, the Court's May 31, 2013 Order is final where it disposed entirely of Relators' FCA Claims against Baxter.  Additionally, there is no just reason to delay, because the remaining Employment Claims are legally distinct from the FCA Claims, and because the issues set out in the May 31, 2013 Order are otherwise ripe for appeal given the posture of the Ven-A-Care litigation.  "The United States Court of Appeals for the First Circuit has recognized a non-exclusive list of factors that other courts have considered in issuing a partial final judgment under Rule 54(b):

> (1) the relationship between the adjudicated and non-adjudicated claims, (2) the possibility that the need for review might be mooted by future developments in the district court, (3) the possibility that the same issue might have to be considered again by the reviewing court, (4) the presence or absence of a claim or counterclaim which might result in a setoff against the judgment which is to be made final, (5) miscellaneous considerations such as delay, economic and solvency considerations, efficiency, frivolity of competing claims, and expense.

U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc., CA 06-12195-MLW, 2013 WL 3327317 at **6-7 (D. Mass. June 27, 2013) (citation, quotation omitted).  In Bristol-Myers Squibb, the

3

court certified a partial final judgment after granting defendants' motion to dismiss relator's FCA claims, where the only remaining claims were employment related.  Id. at *7.  The court reasoned that the factual basis for the FCA claims was somewhat related to, but distinct from, the basis for the employment claims, and that the claims were legally distinct.  Id.  The underpinnings for Sun's Employment Claims and Sun / Hamilton's FCA Claims are similarly distinct in this case, and there is no just reason to delay an appeal from the Sun / Hamilton litigation where the May 31, 2013 Order is already up on appeal from the Ven-A-Care litigation.  Indeed, if Relators are given the opportunity to seek an appeal from this litigation, they may consolidate both appeals, which serves the considerations of efficiency and expense.

WHEREFORE, Relators Sun and Hamilton respectfully request that the Court enter a partial final judgment with respect to Relators' FCA Claims.

Dated:  July 29, 2013

Respectfully submitted,

LINNETTE SUN and GREG HAMILTON

By  /s/ David J. Chizewer
      One of Their Attorneys

| | |
|---|---|
| Terry F. Moritz | Mark Allen Kleiman |
| David J. Chizewer | LAW OFFICE OF |
| GOLDBERG KOHN LTD. |   MARK ALLEN KLEIMAN |
| 55 East Monroe Street – Suite 3300 | 2907 Stanford Avenue |
| Chicago, Illinois  60603 | Venice, California  90292 |
| (312) 201-4000 | (310) 306-8094 |
| | |
| Lauren John Udden | Frederick M. Morgan, Jr. |
| LAW OFFICES OF | Jennifer M. Verkamp |
|   LAUREN JOHN UDDEN | MORGAN VERKAMP LLC |
| 15 West Carrillo Street – Suite 101B | 700 Walnut Street – Suite 400 |

Santa Barbara, California  93101  Cincinnati, Ohio  45202-2015
(805) 879-7544  (513) 651-4400

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 29, 2013, he caused a true and correct copy of the foregoing MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT to be served via the Court's ECF/electronic mailing system and LexisNexis File & Serve upon all parties of record.

/s/ David J. Chizewer