**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ———————————————— ) | |
| IN RE PHARMACEUTICAL INDUSTRY ) | |
| AVERAGE WHOLESALE PRICE ) | |
| LITIGATION ) | MDL NO. 1456 |
| ———————————————— ) | CIVIL ACTION NO. 01-12257-PBS |
| ) | SUBCATEGORY NO. 08-11200-PBS |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| UNITED STATES ex rel. LINNETTE ) | |
| SUN and GREG HAMILTON, RELATORS ) | |
| v. BAXTER HEALTHCARE ) | |
| CORPORATION ) | |
| ———————————————— ) | |

**ORDER**

August 16, 2013

SARIS, C.J.

Relators Linnette Sun and Greg Hamilton move the court, pursuant to Fed R. Civ. P. 54(b), for entry of partial final judgment as to the relators' claims under the False Claims Act. Defendant Baxter Healthcare Corporation does not oppose the motion.  On May 31, 2013, the Court held that the first-to-file rule barred relators' False Claims Act claims.  See In re Pharm. Indus. Average Wholesale Price Litig., 2013 WL 2420912 (D. Mass. May 31, 2013).  However, that order is not final and appealable, because Sun still has employment claims pending against Baxter under California law.

1

Rule 54(b) states: "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay."  "When contemplating Rule 54(b) certification, a trial court first must ensure that the ruling underlying the proposed judgment is final."  <u>Nystedt v. Nigro</u>, 700 F.3d 25, 29 (1st Cir. 2012).  "To qualify as final, a ruling must dispose . . . of some discrete substantive claim or set of claims against the defendants generally."  <u>Id.</u> (internal quotations omitted).

The Court's May 31, 2013 order is final because it disposed entirely of the False Claims Act claims against Baxter.  There is no just reason for delay because the remaining employment claims under California law are legally and factually distinct from the False Claims Act claims, and the issues underlying the Court's order are otherwise ripe for appeal.  <u>See</u> <u>U.S. ex rel. Wilson v. Bristol-Myers Squibb, Inc.</u>, 2013 WL 3327317, *7-8 (D. Mass. June 27, 2013) (allowing partial final judgment on False Claims Act claims under Rule 54(b) where remaining employment claims were

actually and legally distinct).  Relators' motion (Doc. No. 231, 1:08-cv-11200) is **ALLOWED** and the Court enters final judgment in favor of Baxter on the False Claims Act claims.


        /s/ PATTI B. SARIS
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE