**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
CITIZENS FOR CONSUME,et al .CIVIL ACTION NO. 01-12257-PBS
     Plaintiffs           .
          V.              .BOSTON, MASSACHUSETTS
                          .OCTOBER 10, 2013
ABBOTT LABORATORIES, et al .
     Defendants           .
. . . . . . . . . . . . . .
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

    Jennifer Fountain Connolly, Esq.
    Ed Notargiacomo
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1629 K St. NW, Suite 300
    Washington, D.C. 20006
    (202) 355-6435

    Kent M. Williams, Esq.
    1300 Godward Street NE Suite 6200
    Minneapolis, MN 55356
    651-633-9000
    classcert@aol.com

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

1  CASE CALLED INTO SESSION

2  (3:55:34 p.m.)

3              THE CLERK:  The Honorable Marianne B. Bowler

4  presding.  Today is Thursday October 10, 2013.  The case

5  of Citizens v. Abbott Lab, Civil Action 01-12257 will now

6  be heard.  Will counsel please identify themselves for

7  the record.

8              MR. WILLIAMS:  Kent Williams of Williams law

9  firm.

10             MS. CONNOLLY:  This is Jennifer Connolly from

11  Hagens, Berman, Sobol, Shapiro, for lead class counsel.

12             MR. NOTARGIACOMO:  Ed Notargiacomo from Hagens,

13  Berman, Sobol, Shapiro for lead class counsel.

14             THE COURT:  Well, counsel, first of all I

15  apologize again.  I've been the emergency judge and we

16  were really just besieged here in the last hour with

17  arrests and other matters that were brought in and I had

18  to deal with.  But I'm here because this matter still

19  remains unresolved and I will ask you for your

20  suggestions on how you want to proceed.

21             MR. WILLIAMS:  Your Honor, this is Kent

22  Williams.  If I could bring you up to speed on where

23  things are at very briefly.  The parties of this dispute

24  reached a settlement back in April of this year.  The

25  problem is that my understanding or the settlement was

1  based on a misunderstanding on my part as to what other
2  firms were being paid for their state time.  I was led to
3  believe that one of the firms, Kline & Specter, received
4  little or nothing for their state court time and it turns
5  out that that is not true, and so I am seeking relief
6  from the settlement agreement that we reached and if we
7  can't resolve the dispute amicably, I would ask some
8  guidance from the Court as to procedurally how I should
9  proceed.
10          MS. CONNOLLY:  Your Honor, may I respond to
11  that?
12          THE COURT:  Certainly.
13          MS. CONNOLLY:  This is Jennifer Connolly again
14  from Hagens Berman.  Mr. Williams is right that we signed
15  a settlement agreement on April 10th of this year.  The
16  expressed terms of that settlement agreement provided
17  that Mr. Williams would withdraw his motion challenging
18  the fee allocation which he did at Docket No. 8284 and
19  "cease any participation in any effort to obtain
20  additional attorney's fees and expense reimbursement from
21  lead class counsel in this AWP MDL."  In addition the
22  agreement said that it would serve as a total relief of
23  any claim that Williams had against lead class counsel or
24  any other counsel in the AWP MDL.  The agreement further
25  provides that any disputes under the agreement need to be

4

1  arbitrated before retired Judge Nancy Gertner.  So under
2  the plain language of the agreement Mr. Williams doesn't
3  have any claims and to the extent that he wants to
4  dispute the extent of the agreement it should be before
5  Judge Gertner.
6           Regardless, his claim that he is - that the
7  agreement was based on a misunderstanding is wrong and
8  borders on the absurd.  Before he entered into the
9  settlement agreement with class counsel he moved to
10 compel class counsel to produce our fee agreement with
11 Kline & Specter and even though we opposed that motion
12 Judge Saris granted it and the basis that Mr. Williams
13 had for filing that motion was that he thought that the
14 settlement agreement was relevant to his claim as to
15 whether he was entitled to be paid for his state court
16 time.
17          So Judge Saris ordered the production of that
18 settlement agreement.  We provided it to him.  So at the
19 time that he entered into his settlement agreement with
20 us he knew how much Kline & Specter had been paid under
21 the settlement agreement and he likewise knew how much
22 Kline & Specter was claiming it had spent in state court
23 time.  Indeed he himself reported those amounts to the
24 Court in his own motion.  So having those two types of
25 information, number one, the information that Kline &

5

1  Specter claimed it had spent on the MDL and the state
2  court time as well as the amount provided in the
3  settlement agreement, he could have figured out how much
4  Kline & Specter was paid for its state court time.  And
5  even if he couldn't do that simple math, Your Honor, he
6  certainly could have inquired further from class counsel
7  how much of that portion represented Kline & Specter's
8  state court time and he did not do so.  So there was no
9  deception of Mr. Williams.  And to the extent he didn't
10 have sufficient information to enter into a settlement
11 agreement with us it was of his own doing.
12        So his communications with this Court about
13 this agreement are in direct violation of his settlement
14 agreement with us and, quite frankly, if he intends to
15 pursue a challenge to the settlement agreement, we would
16 request that he deposit the substantial fee that he got
17 under the terms of the settlement into escrow pending the
18 resolution of the dispute before Judge Gertner, and we'd
19 likewise like to be compensated for our attorney's fees
20 spent in going through the files to get up to speed for
21 this hearing where he clearly has no grounds to seek
22 relief from the settlement agreement that he signed.
23        THE COURT:  Well I think if--
24        MR. WILLIAMS:  May I--
25        THE COURT:  I think if there's an issue here

6

1  you're not properly before me then.  You should be
2  before Judge Gertner.
3           MR. WILLIAMS:  Well, Your Honor, may I respond
4  to what Ms. Connolly just said?
5           THE COURT:  Certainly.
6           MR. WILLIAMS:  First of all, with respect to
7  this sort of jurisdictional issue, the agreement says any
8  controversy or claim arising out of a breach of this
9  agreement shall be settled by arbitration administered by
10 the retired Judge Nancy Gertner.  The issue that I'm
11 raising has to do with being induced to agree to
12 something based on a misrepresentation by lead counsel.
13 The fact of the matter is the information that I had
14 prior to reaching this agreement was a copy of the fee
15 agreement between lead counsel and Kline & Specter but
16 nowhere in that agreement does it say what fees are being
17 paid.  It has a number but it doesn't say if it's going
18 towards state court time or federal court time.  And
19 furthermore, I was aware at the time that or before this
20 that there had been an issue raised by Kline & Specter
21 with respect to the amount of federal court time that
22 they were owed.
23          So the picture was not anywhere as clear as Ms.
24 Connolly paints it, and the fact of the matter is I did
25 inquire as to how much of the time or how much of the

1  money that's set forth in the settlement agreement was
2  for state and federal court time and I was told that it
3  was all federal and that Kline & Specter didn't get
4  anything for their state court time.  So that's why I'm
5  here before Your Honor seeking some guidance as to how to
6  proceed because at the end of the day Kline & Specter got
7  92% of its state court time paid.  I got 3.4% of my state
8  court time paid.  It's an obvious inequity.  It's
9  something that I would not have agreed to had I known
10 what the facts were and I'm willing to arbitrate before
11 Judge Gertner if that's what Your Honor wishes us to do
12 on this.  I just wanted some guidance like I've said as
13 to how I should proceed given the sort of strange
14 procedural posture that we're in at this point.
15          THE COURT:  No, I think the proper place is
16 before Judge Gertner not before me.
17          MR. WILLIAMS:  All right, Your Honor.
18          THE COURT:  All right.  So I would direct you
19 to proceed with her.
20          MR. WILLIAMS:  Thank you, Your Honor.
21          THE COURT:  All right, counsel?
22          MS. CONNOLLY:  All right.  Thank you, Your
23 Honor.
24          THE COURT:  All right.
25 (Court adjourned at (4:04:04 p.m.)

8

1           CERTIFICATION

2     I, Maryann V. Young, court approved transcriber,

3  certify that the foregoing is a correct transcript from

4  the official digital sound recording of the proceedings

5  in the

6  above-entitled matter.

7

8  /s/ Maryann V. Young                    November 18, 2013

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**