UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| | CIVIL ACTION: 01-CV-12257-PBS |
| THIS DOCUMENT RELATES TO:<br>TRACK 2 SETTLEMENT | Judge Patti B. Saris |

**CLASS PLAINTIFFS' STATUS REPORT AND MOTION FOR SECOND DISTRIBUTION OF THE REMAINDER OF NET SETTLEMENT FUND TO CONSUMER CLAIMANTS AND THIRD-PARTY PAYORS IN THE TRACK TWO SETTLEMENT**

Class Plaintiffs seek to update the Court on the status of the administration of claims filed in the Track Two Settlement by consumer and Third Party Payor ("TPP") claimants. Claims administration is complete, with $15,685,548.93 distributed to 74,912 consumer claimants and $19,692,568.98 distributed to 941 TPP claimants. After distribution approximately $1,005,000.00 remains in the consumer settlement funds and $26,600.00 remains in the TPP settlement fund. These monies are almost all from consumer and TPP claimants that did not cash their original checks, despite repeated follow-up from the Administrator. In the interest of encouraging claimants to cash their settlement checks, counsel has kept the check cashing period open as long as possible. The claims administrator believes no further checks will be cashed and that it is now time to proceed with distribution of the residual funds.

Accordingly, Class Plaintiffs also hereby move for an Order to disburse the remaining consumer fund to all eligible consumer claimants and to disburse the remaining TPP funds via *cy pres* to The City of Hope, a leading cancer and medical research and treatment facility.

Class Counsel has attempted to confer with counsel for Track Two Defendants concerning this motion. Counsel for Defendant, Abbott Laboratories, has not been able to receive a position from their client, and counsel for Defendant, Sicor, Inc. and Watson Pharmaceuticals, Inc., have not responded. The remaining Defendants, including Astellas Pharma Inc., Aventis Pharmaceuticals Inc., Baxter Healthcare Corp., Baxter International Inc., Bayer Corporation, Dey, Inc., Amgen Inc./Immunex Corporation, and Pharmacia Corporation, do not oppose this motion.

**A.     Update on Processing of Claims**

1.     On December 8, 2011, the Court granted final approval to the class action settlement embodied in the parties' Settlement Agreement and Release of the Track Two Defendants. (Dkt. No. 7979). The Settlement Agreement became effective when the last potential appeal was dismissed on January 30, 2012 (Dkt. No. 8052).

2.     The Court appointed Rust Consulting, Inc. ("Rust") as the Claims Administrator with responsibilities for implementing the distribution of the settlement proceeds. Rust has been processing all claims of would-be Class members.

3.     The administration of the consumer claims in the Track Two Settlement took longer than the administration of consumer claims in the other AWP settlements. The changes to the Track Two Settlement approved by the Court resulted in a very high volume of inquiries from class members - both by phone and by letter – which required responses. Rust attempted, with Class Counsel's help, to assist consumers in curing deficiencies or otherwise providing additional documentation for their claims. In addition, Rust screened for fraudulent claims and investigated those that seemed suspicious. The Track Two settlement saw a number of high-dollar claims that looked suspicious, and it took longer than with other consumer AWP settlements to validate or reject these claims.

4. This Court approved the distribution of the Track Two settlement funds to consumers and TPPs in and Order of July 9, 2012 (Dkt. #8169)

5. Rust has now completed distribution of the net settlement proceeds to all approved consumer and TPP claimants. The results of Rust's efforts are summarized below. The details of Rust's administration activities and the results are also set forth in the Declarations of Rebecca Blake, attached hereto as Exhibits A and B ("Blake Consumer Decl." and "Blake TPP Decl.").

6. In spite of intensive efforts and follow-up by Rust and Plaintiffs' counsel, a small percentage of claimants did not cash their claim checks. Over 93% of consumer funds and over 99.8% of TPP funds have been claimed (Blake Consumer Decl. ¶9 and Blake TPP Decl. ¶8). This leaves $960,558.69 of consumer funds and $26,610.57 of TPP funds unclaimed. Plaintiffs' Counsel and Rust both consider this to be a very successful distribution.

7. Given the amount of funds remaining and the costs of an additional distribution, Plaintiffs' counsel believe the best course is to make an additional distribution to all consumer claimants who cashed their original checks, but to donate the small remaining TPP fund to charity via *cy pres*.

The Remaining Consumer Funds

8. Consumers in Class I consist of eligible Medicare Beneficiaries. Class III consumers are those who paid for Track II drugs outside of Medicare.

9. As detailed in Blake Consumer Decl. ¶9, $960,558.69 is available to distribute to consumer claimants, after the costs of distribution. A second distribution would be made *pro rata* to all consumer claimants who cashed their original claim checks, with a $20 minimum

payment to each claimant. The average payment would be over $70.00 (Blake Consumer Decl. ¶ 15).

10. Any uncashed checks from this 2nd consumer distribution will be used to pay additional expenses incurred by Rust. Rust has agreed to waive its fees and costs up front, and to seek reimbursement, capped at $200,000 solely from unclaimed consumer funds. Any funds remaining after payment to Rust would be donated to charity via *cy pres*.

The Remaining TPP Funds

11. There are only $26,610.00 of TPP funds remaining. This is because all but 29 TPP claimants cashed their checks. Substantial efforts were made to encourage all TPP class members to cash their checks (Blake TPP Decl. ¶ 6,7,9) The cost of a 2nd distribution to the 912 TPP claimants that cashed their original checks would be in excess of the remaining balance (Blake TPP Decl. ¶ 10). Thus a further distribution to TPP class members makes no sense. Rust also recommends a *cy pres* distribution (Blake TPP Decl. ¶10).

12. Therefore Plaintiffs ask the Court to approve a *cy pres* distribution of the remaining $26,610.00 in TPP funds to the City of Hope.

13. "In class actions, courts have approved creating *cy pres* funds, to be used for a charitable purpose related to the class plaintiffs' injury, when it is difficult for all class members to receive individual shares of the recovery and, as a result, some or all of the recovery remains." *Howe v. Townsend (In re Pharm. Indus. Average Wholesale Price Litig.*), 588 F.3d 24, 33 (1st circ. 2009) (citing 4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS §11:20 (4th ed. 2002)). "[C]ourts are not in disagreement that *cy pres* distributions are proper in connection with a class settlement, subject to court approval of the particular application of the funds." 4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, §11:20, at 28 (4th ed. 2002).

14. As detailed in City of Hope's Impacting Lives Everywhere, attached as Exhibit C, the City of Hope is a world renowned research and treatment hospital focusing on cancer, HIV and diabetes.  City of Hope has developed several break through medicines, including Herceptin, Rituxan and Avastin.  Many of the drugs involved in the Track II litigation are used for cancer or diabetes treatments.  Thus a research facility that fights these diseases is related to the claims and beneficial to class members.[1] More details on City of Hope's ongoing research efforts can be found at https://www.cityofhope.org/research.

15. For reference, the Court has previously approved *cy pres* distributions of $ 4.2 million from left over funds in the settlement with AstraZeneca, *see* Orders of 2/28/22 and 5/16/11 (Dkt. ## 7441 and 7544).

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion and order the distribution of funds to eligible consumer and TPP claimants as determined by the Claims Administrator.


DATED:  December 21, 2016	Respectfully submitted,

**/s/ Thomas M. Sobol**
Thomas M. Sobol (BBO#471770)
Edward Notargiacomo (BBO#567636)
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
ed@hbsslaw.com

**LIAISON COUNSEL**

---

[1] It must be noted that Lizabeth Macoretta, the wife of Plaintiffs' counsel John Macoretta of Spector Roseman Kodroff and Willis, is an employee of City of Hope.  Mrs. Macoretta is a salaried employee of City of Hope and would not receive any commission or direct benefit from a distribution to City of Hope.

Steve W. Berman
Sean R. Matt
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Jennifer Fountain Connolly
Hagens Berman Sobol Shapiro LLP
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Telephone:  (202) 355-6435
Facsimile:  (202) 355-6455

Jeffrey Kodroff
John Macoretta
Spector, Roseman Kodroff & Willis, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Hoffman & Edelson LLC
45 West Court Street
Doylestown, PA  18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

**CLASS COUNSEL**

- 7 -

## CERTIFICATE OF SERVICE

I, Thomas M. Sobol, hereby certify that I caused a copy of the foregoing Plaintiffs' Status Report and Motion for Distribution of the Net Settlement Fund to Consumer Claimants and Third-Party Payors in the Track 2 Settlement to be filed electronically via the Court's CM/ECF electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

Dated: December 21, 2016                    **/s/ Thomas M. Sobol**
                                            Thomas M. Sobol, BBO # 471770