# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION | MDL No. 1456 |
| THIS DOCUMENT RELATES TO:<br>TRACK 2 SETTLEMENT | Civil Action: 01-CV-12257-PBS<br>Judge Patti B. Saris |

**DECLARATION OF REBECCA A. BLAKE
IN SUPPORT OF A CY PRES AWARD OF THE NET CASH SETTLEMENT AMOUNT
TO CLASS 2 AND CLASS 3 THIRD-PARTY PAYOR SETTLEMENT CLASS
MEMBERS**

I, Rebecca A. Blake, declare as follows:

1. I am a Program Manager for Rust Consulting, Inc. ("Rust"). I am over 21 years of age and am not a party to the above-captioned action (the "Action"). I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify competently and to those facts.

2. I respectfully submit this Declaration in order to provide the Court and the parties with information regarding the distribution of the Net Cash Settlement Amount to date and in support of Class Counsel's Motion to award the remaining funds in the Class 2 and Class 3 Third-Party Payor distribution account to a cy pres recipient.

3. Complete Claim Solutions, LLC ("CCS") was appointed Administrator by Settlement Agreement, dated March 7, 2008. In February 2009, CCS began doing business as Rust.

4. Rust was retained to process, evaluate, and audit completed and submitted Claim Forms; calculate the *pro rata* share of the Net Settlement Fund Amount for each Settlement Class Member, and distribute the Net Settlement Fund to Settlement Class Members. (*See* Declaration of Daniel Coggeshall Regarding Allocation and Distribution of the Net Settlement Fund to Class 1 and Class 3 Consumers and Class 2 and Class 3 Third-Party Payors in the Track Two Settlement, dated July 3, 2012, previously filed with the Court.)

## DESCRIPTION OF INITIAL DISTRIBUTION ACTIVITY CLASS 2 THIRD-PARTY PAYORS

5. Pursuant to this Court's Order Granting Class Counsel's Motion for Distribution of Net Cash Settlement Amount, Rust caused US Bank to issue 941 checks to Class 2 and Class 3 Third-Party Payor Settlement Class Members.

6. Subsequently and through December 15, 2016, Rust has re-issued checks to Class Members who contacted Rust or Class Counsel requesting that their checks be re-issued due to updated addresses, account name changes and other operation of law issues, such as changes in a beneficiary due to death, etc.

7. Since the initial distribution, Rust has received and responded to numerous inquiries from Class 2 and Class 3 Third-Party Payor Settlement Class Members concerning the Settlement, Net Cash Settlement Amount, distributions from the Net Cash Settlement Amount and status of reissues.

8.  As of December 15, 2016, approximately 99.86% of the Class 2 and Class 3 Third-Party Payor Net Settlement Fund has been successfully distributed on a pro rata basis to Class 2 and Class 3 Third-Party Payor Settlement Class Members. This percentage calculation is based off of the original funding ($19,692,568.98) and the total amount of checks cashed ($19,665,958.41), dividing cashed by funded). The balance remaining in the Class 2 and Class 3 Third-Party Payor Net Settlement Fund distribution checking account, as of November 21, 2016, is $26,610.57 (the "Class 2 and Class 3 Net Settlement Fund Balance").

## RECOMMENDATIONS FOR A SECOND DISTRIBUTION

9.  Approximately 29 Class 2 and Class 3 Third-Party Payor checks remain uncashed and are now stale, were returned undeliverable with no further addresses found, or were returned as refused by the Claimant. Class Counsel is requesting that the value of these checks be awarded to a Cy Pres recipient.

10. In other settlements administered by Rust where the amount of unclaimed funds has been substantially higher than here, Counsel has requested the unclaimed funds to be redistributed to eligible class members. However, in regards to the Class 2 and Class 3 Third-Party Payor Class, the costs associated with such an undertaking would substantially dilute any distribution. In addition, because the cost for a second distribution is usually not anticipated, Rust's fees and expenses for performing such a task would typically be paid from the unclaimed funds, further reducing the amount to be redistributed. If a second distribution were to occur for the Class 2 and Class 3 Third-Party Payor Class, the costs associated with it would exceed the remaining balance. If the costs through project closure are taken into account, the costs would be closer to an approximate amount of $35,000. Therefore, Class Counsel and Rust recommend the remaining funds be awarded to a Cy Pres recipient.

## ADMINISTRATION FEES AND EXPENSES

11.     Rust has provided invoices for professional fees and expenses through November 2016 to, among other things, implement and administer the Settlement in the amount of $5,789,193.77 of which, $5,778,214.57 has been paid from the Settlement Fund and $10,979.20 remains outstanding. Current monthly expenses include the electronic storage of data, storage at an off-site storage facility of approximately $132.50 per month; telecommunications charges for live call center support, line maintenance, long distance, and IVR charges of approximately $200.00 per month, and banking charges including bank fees and FDIC charges of approximately $250.00 per month.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 20th day of December, 2016 in Minneapolis, Minnesota.

_____
Rebecca A. Blake