UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>TRACK 2 SETTLEMENT | MDL No. 1456<br><br>CIVIL ACTION: 01-CV-12257-PBS<br><br>Judge Patti B. Saris |

**CLASS PLAINTIFFS' STATUS REPORT AND MOTION FOR FINAL *CY PRES*
DISTRIBUTION IN THE TRACK TWO SETTLEMENT**

Class Plaintiffs provide this final update to the Court on the status of the administration of claims filed in the Track Two Settlement by consumer and Third Party Payor ("TPP") claimants. Claims administration and subsequent distributions are complete: $15,685,548.93 has been distributed to 74,912 consumer claimants and $19,692,568.98 distributed to 941 TPP claimants. After extensive distribution efforts approximately $291,212 remains in the consumer settlement fund, before paying additional fees of the Claims Administrator. This money is from consumer claimants that did not cash their original or second checks, despite repeated follow-up.

Accordingly, Class Plaintiffs hereby move for an Order to pay the Administrator's fees of $115,297.46 and disburse the remaining funds via *cy pres* to The City of Hope, a leading cancer and medical research and treatment facility. If the Court approves this Motion all settlement funds from this litigation will have been distributed.

The Track Two Defendants have no interest in the remaining consumer funds, having waived any interest in the Settlement Agreement. Class Counsel has attempted to confer with counsel for Track Two Defendants concerning this motion. Defendants, Abbott, Amgen,

Aventis (Sanofi) Baxter, Bayer, Immunex and Pfizer (Pharmacia) confirm that they do not oppose this motion.  None of the remaining Track Two Defendants have stated any objection.

**A.     Track Two Settlement History**

1. On December 8, 2011, the Court granted final approval to the class action settlement embodied in the parties' Settlement Agreement and Release of the Track Two Defendants. (Dkt. No. 7979).  The Settlement Agreement became effective when the last potential appeal was dismissed on January 30, 2012 (Dkt. No. 8052).

2. The Court appointed Rust Consulting, Inc. ("Rust") as the Claims Administrator with responsibilities for implementing the distribution of the settlement proceeds.  Rust has been processing all claims of would-be Class members.

3. The administration of the consumer claims in the Track Two Settlement took longer than the administration of consumer claims in the other AWP settlements.  The changes to the Track Two Settlement approved by the Court resulted in a very high volume of inquiries from class members - both by phone and by letter – which required responses.  Rust attempted, with Class Counsel's help, to assist consumers in curing deficiencies or otherwise providing additional documentation for their claims.  In addition, Rust screened for fraudulent claims and investigated those that seemed suspicious.  The Track Two settlement saw a number of high-dollar claims that looked suspicious, and it took longer than with other consumer AWP settlements to validate or reject these claims.

4. This Court approved the distribution of the Track Two settlement funds to consumers and TPPs in and Order of July 9, 2012 (Dkt. #8169).

5. This Court approved a supplemental distribution to consumer claimants and a *cy pres* payment of $26,610.57 to City of Hope (from remaining TPP funds) in an Order of December 22, 2016 (Dkt. # 8312).

6.  Rust send additional checks to consumer claimants on January 30, 2017.

7.  The remaining TPP fund was disbursed to City of Hope on February 15, 2017.

8.  Rust has now completed the supplemental distribution of the net settlement proceeds to all approved consumer claimants.  The results of Rust's efforts and the details of Rust's administration activities are set forth in the Declaration of Rebecca Blake, attached hereto as Exhibit A ("Blake Declaration").

The Remaining Consumer Funds

9.  Consumers in Class I consist of eligible Medicare Beneficiaries.  Class III consumers are those who paid for Track II drugs outside of Medicare.

10.  As detailed in Blake Declaration, a second distribution was made *pro rata* to all consumer claimants who cashed their original claim checks, with a $20 minimum payment to each claimant.  14,290 supplemental checks totaling $ 1,005,181 were mailed.  Of these, 9,716 checks, totaling $ 712,998.82, were cashed by consumer class members.  This left remaining funds of $ 291,212.02 (Blake Declaration ¶ 6).

11.  In addition, Rust has incurred additional administrative costs of $ 115,297.46 in connection with this second consumer distribution (Blake Declaration at ¶ 12).

*Cy Pres* is the Most Appropriate Remedy

12.  The costs of making a third distribution to consumers, combined with the dwindling number of consumers who are eligible and would likely cash their distribution checks, make such a further distribution impractical and inefficient.  After deducting the costs of the second distribution and the costs of a potential third distribution, less than $76,000 would be available to send to the 9,716 consumer class members who cashed their second distribution checks, or about $7.80 per check; a *de minimus* amount.  *See* Blake Declaration at ¶ 12.  Thus

Plaintiffs' Counsel proposes distribution to a leading cancer research facility and treatment center.

13. "In class actions, courts have approved creating *cy pres* funds, to be used for a charitable purpose related to the class plaintiffs' injury, when it is difficult for all class members to receive individual shares of the recovery and, as a result, some or all of the recovery remains." *Howe v. Townsend (In re Pharm. Indus. Average Wholesale Price Litig.*), 588 F.3d 24, 33 (1st circ. 2009) (citing 4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS §11:20 (4th ed. 2002)). "[C]ourts are not in disagreement that *cy pres* distributions are proper in connection with a class settlement, subject to court approval of the particular application of the funds."  4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, §11:20, at 28 (4th ed. 2002).

14. As detailed in City of Hope's Impacting Lives Everywhere, Diabetes Donor Impact report and CAR T cell Research News, attached as Exhibit B, the City of Hope is a world renowned research and treatment hospital focusing on cancer, diabetes and other life threatening diseases.  City of Hope has developed several breakthrough medicines, including Herceptin, Rituxan and Avastin.  Many of the drugs involved in the Track II litigation are used for cancer or diabetes treatments.  Thus a research facility that fights these diseases is related to the claims and beneficial to class members.[1] More details on City of Hope's ongoing research efforts can be found at https://www.cityofhope.org/research.

15. For reference, the Court has previously approved *cy pres* distributions of $ 4.2 million from left over funds in the settlement with AstraZeneca, *see* Orders of 3/22/11 and

---

[1] It must be noted that Lizabeth Macoretta, the wife of Plaintiffs' counsel John Macoretta of Spector Roseman & Kodroff, is an employee of City of Hope.  Mrs. Macoretta is a salaried employee of City of Hope and would not receive any commission or direct benefit from a distribution to City of Hope.

5/16/11 (Dkt. ## 7473 and 7544) and a prior $ 26,610.57 *cy pres* distribution to City of Hope in December 2016 ( Dkt. # 8312).

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion and order the payment of administration expenses to the Claims Administrator and the distribution of all remaining funds to the City of Hope .

DATED:  July 27, 2018         **/s/ Thomas M. Sobol**
                              Thomas M. Sobol (BBO#471770)
                              Hagens Berman Sobol Shapiro LLP
                              55 Cambridge Parkway, Suite 301
                              Cambridge, MA  02142
                              Telephone: (617) 482-3700
                              Facsimile: (617) 482-3003

                              **LIAISON COUNSEL**

                              Steve W. Berman
                              Sean R. Matt
                              Hagens Berman Sobol Shapiro LLP
                              1918 8th Avenue, Suite 3300
                              Seattle, WA  98101
                              Telephone: (206) 623-7292
                              Facsimile: (206) 623-0594

                              Jennifer Fountain Connolly
                              Hagens Berman Sobol Shapiro LLP
                              1629 K Street, NW
                              Suite 300
                              Washington, D.C. 20006
                              Telephone:  (202) 355-6435
                              Facsimile:  (202) 355-6455

                              Jeffrey Kodroff
                              John Macoretta
                              Spector, Roseman & Kodroff, P.C.
                              1818 Market Street, Suite 2500
                              Philadelphia, PA  19103
                              Telephone: (215) 496-0300
                              Facsimile: (215) 496-6611

Kenneth A. Wexler
Wexler Wallace LLP
55 W. Monroe, Suite 3300
Chicago, IL  60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Marc H. Edelson
Edelson & Associates LLC
3 Terry Drive
Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399

**CLASS COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that I, Thomas M. Sobol, an attorney, caused a true and correct copy of the foregoing **CLASS PLAINTIFFS' STATUS REPORT AND MOTION FOR FINAL *CY PRES* DISTRIBUTION IN THE TRACK TWO SETTLEMENT** be delivered to all counsel of record via the Court's ECF system on July 27th, 2018.

/s/ **Thomas M. Sobol**
Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: 617-482-3700